IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JAN 1 4 2005

J. T. NOBLIN, CLERK
_____ DEPUTY

OLIVIA Y., By and                                                    PLAINTIFFS
Through Her Next Friend,
James D. Johnson, et al.

v.                                    CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, As Governor of the State                          DEFENDANTS
of Mississippi;  DONALD TAYLOR, as Executive
Director of the Department of Human Services; and
BILLY MANGOLD, as Director of the Division of Children's Services

## MOTION FOR EXTENSION OF TIME
## TO  RESPOND TO PLAINTIFFS'
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW,  Haley Barbour, as Governor of the State of Mississippi, Donald

Taylor as Executive Director of the Mississippi Department of Human Services and Billy

Mangold, as Director of the Division of Family and Children's Services ("the Defendants"),

by and through counsel, and for their Motion for Extension of Time to Respond to Plaintiffs'

First Request for Production of Documents present the following:

On or about December 17, 2004, the Plaintiffs propounded their First Request for

Production of Documents in this matter.  The Plaintiffs requested that the Defendants

produce massive and voluminous documents relating to the systematic operations of the

Mississippi Department of Human Services ("MDHS") Division of Family and Children

Services ("DFCS").  The request included the production of departmental assessments,

audits, policies, reports to federal agencies, correspondence, statistical data and other

documents that govern the operations of DFCS that have been in its possession, custody and

control between 2002 to the present date. (A true and correct copy of the Plaintiffs' First Request for Production of Documents is attached hereto as "Exhibit A").

The Defendants' response to the Request for Production of Documents is currently due on or about January 18, 2005. Given the scope of the Plaintiffs' request, the numerous volumes of documents that the Defendants are required to produce and the number of personnel hours that the Defendants are required to expend in compiling the requested documents, the Defendants need additional time to respond to the First Request for Production of Documents. (See, Affidavit of Billy Mangold, Director of DFCS is attached hereto as "Exhibit B.").

Counsel for Defendants sought the consent of the Plaintiffs' counsel for a 45-day extension of the response deadline; however, Plaintiffs' counsel does not consent to the requested 45-day extension sought herein. (See correspondence between counsel for Plaintiffs and Defendants attached hereto as "Exhibit C").

Defendants believe that, given the volume of documents that they are required to produce and given the limited personnel and resources available to DFCS to compile the documents within the normal response time, their request to extend the deadline to respond to the First Request for Production of Documents to March 4, 2005 is reasonable.

The requested extension of time will not prejudice the Plaintiffs and is not sought as a means of delay.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that this Court grant this Motion for Extension of Time to respond to Plaintiffs' First Request for Production of Documents.

Respectfully submitted,

HALEY BARBOUR, As Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and BILLY MANGOLD, as Director of the Division of Children's Services

By: _____
        Betty A. Mallett (MSB #8867)

OF COUNSEL:

Betty A. Mallett, MSB No. 8867
MCGLINCHEY STAFFORD, PLLC
200 South Lamar Street, Suite 1100
Post Office Box 22949
Jackson, Mississippi 39225
(601) 960-8400- Telephone
(601) 352-7757- Facsimile

3

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that a true and correct copy of the foregoing **Motion for Extension of Time to Respond to Plaintiffs' First Request for Production of Documents** has been served to counsel of record by mailing same by regular United States Mail with postage fully prepaid thereon to the following attorneys:

W. Wayne Drinkwater, Jr., Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS  39215

Marcia Robinson Lowry, Esq.
Eric E. Thompson, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS
404 Park Avenue
New York, New York  10016

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

John Lang, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York  10154

Harold E. Pizzetta,  III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS  39205

This the 13th day of January, 2005.

Betty A. Mallett

169651.1

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

OLIVIA Y., et al.                                                    PLAINTIFFS

V.                                          CIVIL ACTION NO.  3:04CV251LN

HALEY BARBOUR, et al.                                              DEFENDANTS

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs request that Defendants produce the requested documents at the offices of Plaintiffs' counsel, Children's Rights, 404 Park Ave. South, 11th Floor, New York, NY 10016, within 30 days as provided for by the Rules.

### DEFINITIONS

1.    Mississippi Department of Human Services ("DHS") includes all Divisions of the Department of Human Services, including all regional and county offices of the Division of Family and Children's Services ("DFCS").

2.    "Document" as used herein is to be construed in its broadest sense, and includes any original, reproduction, or copy of any kind of a written or documented material, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations from which information can be

obtained, or translated if necessary, by plaintiffs through detection devices into a reasonably usable form.

3.    The term "relating to" means having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical or causal connection.

4.    As used herein, the word "or" shall mean and/or.

5.    The term "MACWIS" means the Mississippi Automated Child Welfare Information System.

6.    The term "Self-Assessment" as used herein refers to the Mississippi Department of Human Services Division of Family and Children's Services Child and Family Service Review Statewide Self Assessment, issued in December 2003.

7.    The term "child welfare services" as used herein refers to any and all services provided by DHS, or by any public or private agency that contracts with DHS, to a child who is in the custody of DHS as a result of a report of maltreatment.

8.    The term "named plaintiffs" is limited to the named plaintiffs in DHS custody: Olivia Y., Jamison J., John A., Cody B., and Mary, Tom, Matthew and Dana W.

## INSTRUCTIONS

1.    Each document requested is to be produced in its original file folder, file jacket or cover (or Defendants may, in the alternative, designate in writing the titles of such folder, jacket or cover with respect to each such document) and the agency, department, government unit, and individual from whose files the document is

2

being produced are to be indicated.  If there are no documents responsive to any

particular request, Defendants shall so state in writing.

2.    If Defendants refuse to produce any requested document, or part of any requested

document, under a claim of attorney-client privilege, work product, or any other

privilege, Defendants shall submit, for each document, or part of a document,

withheld, a written statement justifying the claim of privilege.

3.    If Defendants redact part of any requested document under a claim of attorney-

client privilege, work product, or any other privilege, Defendants shall clearly

indicate each redaction and submit, for each redaction, a written statement

justifying the claim of privilege.

4.    This is a continuing request.  Any document obtained, identified or located after

the date of production that would have been produced had it been available or had

its existence been known at that time should be produced immediately, including

updates to the records described in this document request.

5.    Documents attached to other documents or materials shall not be separated unless

sufficient records are kept to permit reconstruction of the grouping or context in

which the document is maintained in the ordinary course of your business.

6.    If any document which DHS would have produced in response to any request

was, but is no longer, in DHS's present possession or subject to their control, or is

no longer in existence, please state whether any such document is:  (1) missing or

lost; (2) destroyed; (3) transferred to others; or (4) otherwise disposed of.  In any

such instance, set forth the surrounding circumstances and any authorization for

such disposition and state the approximate date of any such disposition, and, if

3

known, state the present location and custodian of such document.

7.     The applicable time period for all Document Requests is 2002 through the present, unless otherwise specifically noted.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Document Request No. 1:     Any and all documents in your possession, custody or control, relating to each of the named plaintiffs for the entire time that they have been known to DHS, including but not limited to, case files and other records created or maintained by DHS, and any public or private agencies that have contracted with DHS to provide child welfare services or that otherwise provide such services.

Document Request No. 2:     All written policies, procedures and directives in your possession, custody or control, issued by DFCS at the state and regional level and in effect as of March 30, 2004, or thereafter, that relate to protecting and providing services to children in DHS custody, including but not limited to such policies, procedures and directives regarding:

a.     Taking children into DHS custody.

b.     Assessing children taken into DHS custody.

c.     Selecting placements for children taken into DHS custody.

d.     Placing children in DHS custody with relatives.

e.     Placing children in DHS custody in settings that have not been licensed by DHS.

f.     Providing foster care and case management services.

g.     Reporting, receiving, memorializing, screening and processing reports of abuse or neglect of children in DHS custody.

h.     Investigating reports of abuse and neglect of children in DHS custody.

i.     Referring reports of abuse and neglect of children in DHS custody to the Youth Court.

4

j.  Evidencing or substantiating reports of abuse or neglect of children in DHS custody.

k.  Selecting a permanency goal (*e.g.* reunification, permanent relative placement, adoption, emancipation).

l.  Legally freeing children for adoption.

m.  Placing children in adoptive homes.

n.  Monitoring compliance with all state and federal laws, rules, regulations and policies governing the provision of child welfare services to children in DHS custody.

<u>Document Request No. 3</u>:    All current organizational charts for DHS and DFCS in your possession, custody or control, listing job titles and names of persons who hold those titles.

<u>Document Request No. 4</u>:    All documents in your possession, custody or control, reflecting or concerning the data elements currently capable of being input into MACWIS, and all documents reflecting all types of reports that MACWIS is currently capable of generating.

<u>Document Request No. 5</u>:    All documents in your possession, custody or control, regarding problems and/or inaccuracies in MACWIS data such as described on pages 22-23 of the Self-Assessment, and all documents regarding efforts to address those problems and/or inaccuracies.

<u>Document Request No. 6</u>:    All documents in your possession, custody or control regarding the progress in achieving full MACWIS integration into county casework such as described on page 22 of the Self-Assessment.

<u>Document Request No. 7</u>:    All regular or ad hoc management reports in your possession, custody or control, generated by MACWIS, including but not limited to:

a.  Aggregate reports detailing regional and state data totals, such as discussed on page 21 of the Self-Assessment.

b.  Reports provided to the Quality Improvement Unit, the Foster Care Review Staff and

Regional Directors.

   c.  Monthly and quarterly reports generated for purposes of corrective action and system evaluation, including but not limited to reports concerning monthly contacts by caseworkers with foster children and the provision of medical care to foster children, such as described on page 49 of the Self-Assessment.

   d.  Reports that identify children who have been in the custody of DHS 15 out of the last 22 months.

   e.  Reports reflecting the number of abuse and neglect investigations that have been undertaken, including any reports that identify the number of investigations on child victims while in DHS custody.

   f.  Custody Contact, Open Investigation and Permanency Reports.

     <u>Document Request No. 8</u>:    All internal and external assessments, audits, evaluations or reviews of DFCS operations and practice in your possession, custody or control, including but not limited to documents generated by the Quality Improvement Unit, 6-month reviews, Peer Reviews, Program Integrity Unit reviews, and all documents regarding any response, corrective action or "action plan" requested or undertaken in relation to those assessments audits, evaluations, and reviews.

     <u>Document Request No. 9</u>:    All reports in your possession, custody or control, of case planning non-compliance issues generated by the Foster Care Review Program Administrator such as discussed on page 27 of the Self-Assessment, and all responses to those reports, including but not limited to all responses from Regional Directors.

     <u>Document Request No. 10</u>:   All reports in your possession, custody or control, regarding the frequency of court reviews for children in DHS custody, including but not limited to Title IV-E Eligibility reviews.

     <u>Document Request No. 11</u>:    All reports in your possession, custody or control regarding the number of children in DHS custody who were not provided a periodic case review at least

once every six-months.

Document Request No. 12:    All "Quality Assurance reports" in your possession, custody or control, including but not limited to the reports that are "consistent with" the Child and Family Service Review, such as discussed on page 43 of the Self-Assessment.

Document Request No. 13:    The Mississippi State Advisory Board's Annual Assessment of DFCS provided outcome data for each year from 2000 to the present.

Document Request No. 14:    Every report of "foster care review deficiencies," such as described on page 47 of the Self-Assessment.

Document Request No. 15:    All documents in your possession, custody or control, prepared for, concerning, or generated by all Statewide Assessment focus groups convened in preparation for the Self-Assessment or thereafter.

Document Request No. 16:    All documents in your possession, custody or control, prepared for, concerning, or generated by any Service Array Assessment, such as described on page 69 of the Self-Assessment.

Document Request No. 17:    Any Annual Assessments conducted by the Homestead Peer Committee.

Document Request No. 18:    Any adoption disruption assessment, such as discussed on page 81 of the Self-Assessment.

Document Request No. 19:    Any Adoptive Families Recruitment Plan Assessment, such as discussed on pages 113-114 of the Self-Assessment.

Document Request No. 20:    The Foster Care Reviewers Monthly Activity Reports.

Document Request No. 21:    All documents in your possession, custody or control, reflecting the turnover and vacancy rates for DFCS caseworkers, managers and supervisors.

Document Request No. 22:   All documents in your possession, custody or control, concerning DFCS caseworker caseloads, staffing to census ratios, and adequate staffing estimates, such as discussed on pages 12-15 of the Self-Assessment.

Document Request No. 23:   All documents in your possession, custody or control regarding staffing cutbacks, hiring freezes or temporary assignments at DFCS.

Document Request No. 24:   All documents in your possession, custody or control, reflecting the number of children in DHS custody freed for adoption, including the numbers broken down by county.

Document Request No. 25:   All documents in your possession, custody or control, reflecting the number of adoptions of children in DHS custody that have been finalized, including the numbers broken down by county.

Document Request No. 26:   All documents in your possession, custody or control, reflecting the number of placement moves experienced by children in DHS custody, including the numbers broken down by county.

Document Request No. 27:   All documents in your possession, custody or control, reflecting the most current listing of licensed or approved placements for children in DHS custody, whether provided by DHS, other public agencies, or by private agencies with which Defendants contract, including the agency providing such placements, the level of care provided by such placements, the location of the placements, the date the placements were licensed or approved, the number of children approved to be placed in these placements, and the number and ages of foster children actually placed in these placements.

Document Request No. 28:   All documents in your possession, custody or control reflecting the placement of children in DHS custody in unlicensed homes or facilities.

Document Request No. 29:    All documents in your possession, custody or control concerning children in DHS custody who are awaiting new foster placements, certain specific placements, or certain types of placements, such as therapeutic foster home placements, including but not limited to logs and wait lists.

Document Request No. 30:    The current State Plan submitted pursuant to Title IV-B and Title IV-E of the federal Social Security Act, including but not limited to documents required by 42 U.S.C. §§ 622 (b); 629b, 671, 5106a(d), and 5106c.

Document Request No. 31:    All statistical reports required to be generated pursuant to 42 U.S.C. § 676.

Document Request No. 32:    All reports by Defendants to the Secretary of the federal Department of Health and Human Services pursuant to the Early and Periodic Screening, Diagnostic, and Treatment Services Act, 42 U.S.C. § 1396a(a)(43)(D).

Document Request No. 33:    Any and all correspondence received from or sent to the Department of Health and Human Services, Administration for Children and Families, from 2003 to the present, regarding the 2004 Child and Family Services Review of the State of Mississippi's child welfare program and any related Program Improvement Plan (PIP).

Document Request No. 34:    Any and all Program Improvement Plans (PIPs) submitted to the Department of Health and Human Services, Administration for Children and Families subsequent to the 2004 Child and Family Services Review of the State of Mississippi's child welfare program.

Document Request No. 35:    Any and all documents relating to child maltreatment reports, child abuse and neglect investigations, critical incident reports, child fatality reports, or special reviews regarding the abuse or neglect of children in DHS custody or of children in

homes or facilities where children in DHS custody reside, including facilities not licensed by DHS.

Dated:    New York, New York
          December 17, 2004

                              Respectfully Submitted,

                              By:

                              *Corene Kendrick*

                              W. Wayne Drinkwater, Jr. (MBN 6193)
                              Melody McAnally (MBN 101236)
                              BRADLEY ARANT ROSE & WHITE LLP
                              188 East Capital Street, Suite 450
                              Jackson, MS 39201
                              (601) 948-8000

                              Stephen H. Leech (MBN 1173)
                              850 East River Place, Suite 300
                              Jackson, MS 39202
                              (601) 355-4013

                              Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
                              Eric E. Thompson (MBN 43993 *pro hac vice*)
                              Shirim Nothenberg (MBN 43990 *pro hac vice*)
                              Corene Kendrick (MBN 43989 *pro hac vice*)
                              CHILDREN'S RIGHTS
                              404 Park Avenue South, 11th Floor
                              New York, NY 10016
                              (212) 683-2210

                              John Lang (MBN 43987 *pro hac vice*)
                              Christian Carbone (MBN 43986 *pro hac vice*)
                              Eric Manne (MBN 43988 *pro hac vice*)
                              LOEB & LOEB LLP
                              345 Park Ave.
                              New York, NY 10154
                              (212) 407-4000

                              PLAINTIFFS' COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., BY AND THROUGH HER NEXT
FRIEND, JAMES D. JOHNSON, ET AL        PLAINTIFFS

vs           CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, AS GOVERNOR OF THE
STATE OF MISSISSIPPI, ET AL        DEFENDANTS

## AFFIDAVIT OF NELSON V. (BILLY) MANGOLD

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally came and appeared before me, the undersigned authority in and for the said County and State, within my jurisdiction, the within named NELSON V. "BILLY" MANGOLD who, having been duly sworn by me, states on oath:

1. My name is NELSON V. "BILLY" MANGOLD. I am an adult resident citizen of the State of Mississippi, under no disabilities of law, and I am competent to state the facts set forth herein based on my own personal knowledge. This Affidavit is being provided in support of Defendants' Motion for Extension of Time to Respond to Plaintiffs' First Request for Production of Documents (the "Motion") in the federal action styled as *Olivia Y et al. v. Haley Barbour et al.*, pending in the United States District Court for the Southern District of Mississippi, Civil Action No. 3:04 CV251LN (the "Litigation").

2. I am the Director of the Division of Family and Children's Services ("DFCS") of the Mississippi Department of Human Services ("MDHS"), and I am also a named defendant in the instant Litigation.

3. I have reviewed the Plaintiffs' First Request for Production of Documents, and I am qualified to provide information as to the amount of time and personnel required to produce the documents requested by the Plaintiffs.



4.    The Plaintiffs' Request for Production of documents essentially requests that DFCS produce documents that reflect every aspect of the division's operations from 2002 to the present date. The request requires the production of reports containing system-wide statistical data, monitoring and assessment reports, periodic reports to federal agencies, numerous operations deficiency reports, numerous management reports, program assessments, audits, evaluations, staffing reports, reports on adoptions and foster care programs and many other documents.

5.    The request by the Plaintiffs will require DFCS to search its files over a three-year period and retrieve from various locations tens of thousands of document pages.

6.    DFCS has undertaken the effort to respond to the discovery request. DFCS does not employ any one person to handle document production, therefore the division has been forced to take some four employees away from their regular duties for at least two hours during their normal work day hours in addition to incurring compensatory time to assist in the discovery process. These same employees are still required to maintain their regular job duties.

7.    Given the extensive nature of the Plaintiffs' requests, the volume of documents that DFCS will be required to produce, and the number of personnel hours devoted to document retrieval, DFCS will need at least 45 days of additional time in which to comply with the Plaintiffs' request for documents.

FURTHER AFFIANT SAYETH NOT, this the 13th day of _____January_____, 2005.

_____
NELSON V. "BILLY" MANGOLD

SWORN TO AND SUBSCRIBED BEFORE ME, this the 13th day of January 2005.

_____
NOTARY PUBLIC

My Commission Expires:

Notary Public State of Mississippi At Large
My Commission Expires: September 20, 20__

_____

ATTORNEYS AT LAW

# McGLINCHEY STAFFORD PLLC

Betty A. Mallett
(601) 960-8424
Fax (601) 352-7757
bmallett@mcglinchey.com

JACKSON
NEW ORLEANS
HOUSTON
BATON ROUGE
CLEVELAND
MONROE
DALLAS
ALBANY

January 12, 2005

*VIA FAX & U.S. MAIL*
Eric Thompson
CHILDREN'S RIGHTS, INC.
404 Park Avenue South
New York, NY 10016

Re:    *Olivia Y., et al. v. Haley Barbour, et a;* In the United States District Court for the
Southern District of Mississippi, Jackson Division; Cause No. 3:04 CV 251LN

Dear Mr. Thompson:

I received your letter of today's date, which confirmed that the Plaintiffs are seeking three years of documentation (covering years 2002 to present) from the Defendants. After conferring with my clients today, it is apparent that we will need an extension beyond February 1, 2005 to respond to the Plaintiffs' First Request for Production of Documents. Accordingly, I intend to file a motion with the Court to request a 45-day extension.

As you are aware, the records that the Plaintiffs request are compiled by state employees who are, at the same time, maintaining full work schedules. Despite the hardship posed by the discovery requests, the Defendants will work diligently to respond to discovery requests within the timeframes required by the federal rules but will require reasonable cooperation from the Plaintiffs on those occasions that Defendants will need an extra day or two to get documents to you.

If you agree to a 45-day extension, please let me know immediately to avoid any unnecessary filing of the motion for extension of time.

Sincerely,

McGLINCHEY STAFFORD, PLLC

Betty A. Mallett





Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Harvey Keitel
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

January 13, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar St.
Jackson, MS 39201

     Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

     I write in response to your letter of yesterday.

     As we discussed this morning, in order for the parties to proceed efficiently with discovery in this matter, we will need to begin reviewing documents responsive to Plaintiffs' First Request for Production of Documents when they are due on January 18, 2005. Many of the requested documents should be readily accessible and their production should not be withheld pending a complete production. As to the balance of requested documents, we are willing to grant Defendants a 30-day extension for their production.

     I trust that this reasonable compromise will avoid the need to trouble the court with this matter. You indicated that I would hear from you by the end of the day whether we have an agreement.

     As to your opposition to class certification, which is to be filed pursuant to the Amended Case Management Order by January 17, 2005, a holiday, thank you for agreeing to fax us a copy of your filing as early in the day as possible on January 18, 2005.

                      Sincerely yours,

                      *Eric Thompson / AW*

                      Eric Thompson
                      Plaintiffs' counsel

cc:   Wayne Drinkwater & Melody McAnally, Bradley Arant
       Stephen Leech, Esq.
       John Lang, Loeb & Loeb

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 · Fax: 212-683-4015 · info@childrensrights.org · www.childrensrights.org