Westlaw.

FPP § 1572                                                                 Page 1
6A Fed. Prac. & Proc. Civ.2d § 1572
(WRIGHT & MILLER TREATISE)

C

Federal Practice & Procedure
Federal Rules Of Civil Procedure
Updated By The 2004 Pocket Part
Charles Alan Wright FNa , Arthur R. Miller FNb , Mary Kay Kane FNc ;
Pocket Part By The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane

Chapter 5. Parties
Rule 17. Parties Plaintiff And Defendant; Capacity
D. Infants And Incompetent Persons

§ 1572. Suit By A Next Friend Or Guardian Ad Litem

Link to Pocket Part

The second sentence of Rule 17(c) specifically provides that an infant or incompetent who does not have a general representative may sue by his next friend or a guardian ad litem. Prior to the adoption of Federal Rule 17(c), Equity Rule 70, which governed suits involving infants and incompetents, FN1 distinguished between a next friend and a guardian ad litem. The former was empowered to bring suit on behalf of an infant or incompetent, whereas the latter defended actions against the infant or incompetent. The Tenth Circuit took a slightly different view of the distinction between the two: "A guardian ad litem is a special guardian, appointed by the court to defend in behalf of an infant party. A next friend is one who, without being regularly-appointed guardian, represents an infant plaintiff." FN2

Whatever the precise difference may have been, it was only formal, and the functions of the two representatives were really much the same. Nor do the cases reveal that anything turned on whether the infant's or incompetent's representative was referred to as a next friend or a guardian ad litem. Thus the draftsmen of the rules eliminated this distinction and the second sentence of Rule 17(c) permits suit to be brought on behalf of an infant or incompetent by either. FN3

There are no special requirements for the person suing as next friend. FN4 Indeed, in one case the court permitted the action to proceed even though that individual had been found by the attorneys conducting the litigation and had not known the children prior to the suit. FN5  On the other hand, the Tenth Circuit has ruled that a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney. FN6

Finally, it should be noted that the second sentence of the rule does not cover a suit against an infant or incompetent who does not have "a duly appointed representative." That situation is covered by the authority given the court to appoint a representative in the final sentence of Rule 17(c).

Research References

Fed. R. Civ. P. 17

West's Federal Forms § § 2874 to 2888

© 2005 Thomson/West. N. Govt. Works.

Case 3:04-cv-00251-HSO-ASH    Document 73-6    Filed 01/31/05    Page 2 of 4

FPP § 1572                                                           Page 2
6A Fed. Prac. & Proc. Civ.2d § 1572
(WRIGHT & MILLER TREATISE)

FNa Charles Alan Wright Chair In Federal Courts, The University Of Texas.

FNb Bruce Bromley Professor Of Law, Harvard University.

FNc Chancellor And Dean, Distinguished Professor Of Law, University Of California, Hastings College Of The Law.

FN1 **Former equity practice**

   Franz v. Bruder, C.A.8th, 1930, 38 F.2d 605.

FN2 **Tenth Circuit view**
   Till v. Hartford Accident & Indem. Co., C.A.10th, 1941, 124 F.2d 405, 408.

FN3 **Practice under Rule 17(c)**
   Gardner by Gardner v. Parson, C.A.3d, 1989, 874 F.2d 131, 137 n. 10, **citing Wright & Miller.**
   Till v. Hartford Accident & Indem. Co., C.A.10th, 1941, 124 F.2d 405.
   von Bulow by Auersperg v. von Bulow, D.C.N.Y.1986, 634 F.Supp. 1284, 1293, **citing Wright & Miller.**
   In a class action by, among others, patients, for injunctive relief against a mental hospital, the court's concern about the named patients' actual ability to litigate, based upon medical reports, did not warrant dismissal or require the court to take measures under a certain rule, but, nevertheless, the patients had to have more assistance if they were to be allowed to represent the claims of absent class members, and thus the appointment of a guardian ad litem or next friend as under a certain rule was appropriate, especially when the parties agreed on this measure. Huebner v. Ochberg, D.C.Mich.1980, 87 F.R.D. 449.

   Rule 17(c) abolishes the traditional distinction between the functions of the two, and authorizes the practice of designating the representative of an infant plaintiff as a guardian ad litem. Blackwell v. Vance Trucking Co., D.C.S.C.1956, 139 F.Supp. 103.

**Pocket Part**

**Pocket Part FN: FN3 Practice under Rule 17(c)**
   Incompetent person may sue by next friend without necessity of appointment of general guardian. Bradley v. Harrelson, D.C.Ala.1993, 151 F.R.D. 422.

FN4 **No special requirements**
   Schuppin v. Unification Church, D.C.Vt.1977, 435 F.Supp. 603, affirmed without opinion C.A.2d, 1977, 573 F.2d 1295.
   Rule 17(c) is broad enough to include anyone who has an interest in the welfare of an infant who may have a grievance or a cause of action. Child v. Beame, D.C.N.Y.1976, 412 F.Supp. 593.
   The person with whom a minor resided had standing to sue as the next friend of the minor to contest the validity of a state welfare regulation under which the minor was disqualified from receiving benefits. Williams v. Wohlgemuth, D.C.Pa.1973, 366 F.Supp. 541, affirmed without opinion 1974, 94 S.Ct. 1604, 416 U.S. 901, 40 L.Ed.2d 106.

**Pocket Part FN: FN4 No special requirements**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:04-cv-00251-HSO-ASH   Document 73-6   Filed 01/31/05   Page 3 of 4

FPP § 1572                                                          Page 3
 6A Fed. Prac. & Proc. Civ.2d § 1572
 (WRIGHT & MILLER TREATISE)

District court was not required to consider whether to appoint a guardian ad litem for a minor daughter who brought a wrongful-death action by and through her mother as her next friend, solely due to the daughter's allegation that the mother did not give the daughter a share of the settlement proceeds; no inherent conflict of interest existed since the mother also was a party to the action and had similar interests to the daughter. Burke v. Smith, C.A.11th, 2001, 252 F.3d 1260.

When a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests. Gonzalez-Jimenez v. U.S., D.C.Fla.2002, 231 F.Supp.2d 1187.

The great uncle of a minor alien was a proper next friend for purposes of filing a suit challenging the decision of the Immigration and Naturalization Service (INS) and the Attorney General not to consider the alien's application for asylum without authorization of the alien's parent; the suit showed a potential conflict of interest between the alien's claim and the view of the alien's parent, and the uncle demonstrated his dedication to the alien's interests by embracing responsibility for the lawsuit, caring for the alien in his own home for two months, and showing such an interest in the alien that the INS placed the alien in his care. Gonzalez ex rel. Gonzalez v. Reno, D.C.Fla.2000, 86 F.Supp.2d 1167.

There are no special requirements for serving as a next friend; at its discretion, the district court may consider whether there is a significant relationship between the next friend and the incompetent party and whether there is a legitimate reason why the actual party cannot bring suit; the court also may consider evidence as to whether the incompetent party approves of the suit in question. Applying those criteria, a father was suitable to serve as the next friend of his son, an inmate incarcerated in county jail, in a suit against the sheriff and others for assault, when the son was intermittently unconscious due to a head injury which was the basis of the suit, and the son later submitted an affidavit stating that he wanted his father to act for him. Ingram, By & Through Ingram v. Ainsworth, D.C.Miss.1999, 184 F.R.D. 90.

Next friend need not be appointed by court and need not be lawyer but must provide adequate explanation why real parties in interest cannot bring suit, must be dedicated to the minor's best interests, and must have some significant relationship with the minor. T.W. v. Brophy, D.C.Wis.1996, 954 F.Supp. 1306, judgment affirmed as modified T.W. by Enk v. Brophy, C.A.7th, 1997, 124 F.3d 893.

### FN5 One case

In the absence of anything to impugn the good faith of the party who brought an action as next friend of various children residing with foster care agencies or to indicate that the children had not authorized him to act as their next friend, the person was not precluded from bringing the action as next friend even though it was argued that the real plaintiffs were he and his attorneys and even though the person bringing the action as next friend had not known the children until his aid was enlisted by the attorneys. Child v. Beame, D.C.N.Y.1976, 412 F.Supp. 593.

### But compare

A mother by filing a complaint on behalf of her minor daughter in federal court in West Virginia did not become the daughter's guardian under North Carolina law, when any authority to prosecute the daughter's suit in West Virginia was obtained by the mother solely by her self-designation as the daughter's next friend; thus the daughter's subsequent suit brought in federal district court in North Carolina for the same injuries was not barred by the North Carolina rule that does not suspend the running of the statute of limitations on an infant's cause of action

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:04-cv-00251-HSO-ASH   Document 73-6   Filed 01/31/05   Page 4 of 4

FPP § 1572                                                        Page 4
 6A Fed. Prac. & Proc. Civ.2d § 1572
 (WRIGHT & MILLER TREATISE)

during the period of infancy when the infant has a guardian charged with the duty of bringing the action on his behalf. Genesco, Inc. v. Cone Mills Corp., C.A.4th, 1979, 604 F.2d 281.

**FN6 Attorney required**
  Meeker v. Kercher, C.A.10th, 1986, 782 F.2d 153.

**Pocket Part FN: FN6 Attorney required**
  Fechter v. Shiroky, C.A.9th, 1995, 44 F.3d 834.

Copyright © 1990 By West Publishing Company; Pocket Part © 2004 by West, a

Thomson business

(1990)

FPP § 1572
END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.