

1993 WL 764518                                                                 Page 1
1993 WL 764518 (D.Utah)
(Cite as: 1993 WL 764518 (D.Utah))

**H**
Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, D. Utah, Central Division.

DAVID C., Nicholas N., Dora D., Martin B., Agnes W., and Kenny G., by their next friend Donna BROWN; Bella, Peter, Esther, and Mary F., by their next friend Carol T.; Jonas, Brenda, Mercy, and Cynthia A., and Caroline, Sarah, and Timothy P., by their next friend Shirley Z.; on their own behalf and on behalf of all others similarly situated, Plaintiff(s),
v.
Michael LEAVITT, in his official capacity as Governor of Utah, Michael Stewart in his official capacity as Director of the Department of Human Services, Ronald Stromberg in his official capacity as Director of the Office of Social Services, and Barbara Thompson, in her official capacity as Director of the Division of Family Services, Defendant(s).

93-C-206 W.

May 7, 1993.

James D. Morgan, Daniel A. Kaplan, Michael P O'Brien, Jones, Waldo, Holbrook & McDonough, Salt Lake City, UT, William L. Grimm, Elizabeth Steyer, Patrice McElroy, Martha Matthews, Nat. Center for Youth Law, San Francisco, CA, Richard M. Pearl, Law Offices of Richard M. Pearl, San Francisco, CA, for plaintiffs.

Lynn A. Jenkins, pro se.

L.A. Dever, Philip C. Pugsley, Utah Atty. General's Office, Craig L. Barlow, Linda Luinstra-Baldwin, Utah Atty. Gen., Salt Lake City, UT, for Michael Leavitt.

Craig L. Barlow, Linda Luinstra-Baldwin, Utah Atty. Gen., Salt Lake City, UT, for Michael Stewart, Ronald Stromberg, Barbara Thompson.

L.A. Dever, Philip C. Pugsley, Utah Atty. General's Office, Craig L. Barlow, Linda Luinstra-Baldwin, Utah Atty. Gen., Carol Clawson, Sol. Gen., Salt Lake City, UT, for Kerry Steadman, Mary Noonan.

Steven T. Waterman, Ray Quinney & Nebeker, Salt Lake City, UT, for Scott H. Clark.

ORDER

ALBA, United States Magistrate Judge.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



1993 WL 764518                                                              Page 2
1993 WL 764518 (D.Utah)
(Cite as: 1993 WL 764518 (D.Utah))

*1 This matter is before the court on plaintiffs' motion to certify class action. Hearing on this motion was held on April 30, 1993. Plaintiffs were represented by Martha Matthews and Michael Patrick O'Brien. Defendants were represented by Craig Barlow and Linda Luinstra. Before the hearing, the court considered carefully the memorand and other materials submitted by the parties. Since taking the matter under advisement the court has further considered the law and facts relating to the motion. Now, being fully advised, the court renders the following order.

Plaintiffs have moved to certify a class defined as:
(1) All children who are now, or who will be in the custody of DHS and who have been or will be placed by DHS in a shelter care facility, foster family home, group home or institutional care; and,
(2) All children who are or will be known to DHS by virtue of a report of abuse or neglect.

Plaintiffs' complaint further defines the second portion of the class as "Children who or will be reported to defendants as the victims of abuse or neglect and who, as a consequence of their report, are entitled to specific protective measures." Complaint ¶ 17.

The class is currently represented by 17 children. David C., Nicholas N., Dora D., Martin B., Agnes W., and Kenny G. are in custody of the Division of Family Services and reside in foster homes or special treatment homes. They are suing by their next friend, Donna Brown. Bella, Peter, Esther, and Mary F. have sued by their next friend, Carol T. The parties have represented that the remaining seven (7) children Jonas, Brenda, Mercy and Cynthia A. and Caroline, Sarah and Timothy P. live with their natural parents and are suing by their next friend, Shirley Z. The last seven (7) named individuals are not currently in the custody of the Division of Family Services, but have been subjects of reports of abuse or neglect in the past.

In their moving papers, defendants do not oppose class certification for the children currently in foster case with the exception of Agnes W. whose current treatment plan calls for eventual reunification with her mother. Defendants contend that it is anticipated that this reunification is to occur within 60 to 90 days. In the event that this occurs, Agnes W. would then be with her mother and therefore be included in the second classification of children.

Defendants do oppose class certification for representatives who have been subjects of abuse/neglect reports as well as Agnes W. Defendant's basic opposition is premised on the argument that the second classification of children who live with their natural parents do not meet the fourth criterion of Rule 23(a) because, "They cannot fairly and adequately protect the interest of the class." In support of their argument defendants have included sworn statements from the natural parents of these children stating that they do not want their children participating in this law suit.

DISCUSSION

*2 Rule 23(a)(4) of the Federal Rules Of Civil Procedure provides that, "the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1993 WL 764518                                                                    Page 3
1993 WL 764518 (D.Utah)
**(Cite as: 1993 WL 764518 (D.Utah))**

representative parties will fairly and adequately protect the interests of the class." Defendant's argument is that the A. and P. children's next friends might be, "unable to finish what they start." The Court, however, is satisfied that the purposes of Rule 17(c), in allowing next friends to sue on children's behalf, are fully satisfied with the next friends who have been named in this litigation.

The Court also finds that the children's interest in this litigation conflicts with that of their parents, therefore, Federal Rules of Procedure, Rule 17(c) applies and these minors can sue by next friends. The situation present in this case clearly encompasses a conflict when the allegations in the complaint include numerous child abuse reports; which in some instances include actions by the parents of such children. In deciding this motion for class certification this Court is only looking at the requirements of Rule 23 and not to the merits of the case. *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir.1982).

The Court further finds that the defendant's objections regarding Agnes W. as a named plaintiff are misplaced. Agnes W. is currently in State custody though defendants argue her custodial situation may change within the next 60 to 90 days.

Unless and until that event occurs, however, Agnes W. is still a member of the plaintiff class. In the event Agnes W. is returned to her mother she can still continue as a member of the plaintiff class by suing through a next friend. A review of the documents submitted establishes that Agnes W. is currently in state custody due to past abuse. Her mother's opposition to Agnes W.'s participation as a plaintiff is clearly in conflict with Agnes W.'s interest in pursuing the litigation through a next friend. It is clear that the interest of Agnes W. and her mother diverge. In this situation continued litigation through a next friend is appropriate. *Garrick v. Weaver*, 888 F.2d 687 (10th Cir.1989).

CONCLUSION

Plaintiffs' motion to certify the class defined as:
(1) All children who are now or who will be in the custody of DHS and who have been or who will be placed by DHS in a shelter care facility, foster-family home, group home or institutional care; and,
(2) All children who are or who will be known to DHS by virtue of a report of abuse or neglect;
IS HEREBY GRANTED.

1993 WL 764518 (D.Utah)

**Motions, Pleadings and Filings (Back to top)**
• 2:93CV00206 (Docket)

(Feb. 25, 1993)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.