to qualify for a Rule 23(b)(1)(B) class.[111] Such patent suits would usually also be eligible for Rule 23(b)(2) class certification because of the declaratory and injunctive relief sought.[112] As noted earlier,[113] the choice of certification under Rule 23(b)(1) or (b)(2) has no litigation significance under Rule 23 because postcertification requirements and exclusion rights would not be involved in either case, unless the court in its discretion determined otherwise.

## §4.11   Rule 23(b)(2) Class Actions

Rule 23(b)(2) allows class actions to be maintained when all the prerequisites of Rule 23(a) have been met and "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . . ."

Subdivision (b)(2) sets forth two basic requirements for the maintenance of class actions thereunder. First, the party opposing the class must have acted or refused to act or failed to perform a legal duty, on grounds generally applicable to all class members. Under this generally applicable language, the defendant's conduct described in the complaint need not be directed or damaging to every member of the class. Thus, for example, in a constitutional challenge to a sexually segregated public school, the policy is generally applicable to the entire excluded class, though it may be repugnant to a small part of the class and the vast majority of class members may be opposed to any change in policy.[114] Moreover, because of Rule 23(b)(2) language that "the party opposing the class" must have acted or refused to act on grounds

---

[111] *Technograph Printed Circuits, Ltd v Methode Elecs, Inc*, 285 F Supp 714, 723 (ND Ill 1968) (patent).

[112] *Research Corp v Pfister Associated Growers, Inc*, 301 F Supp 497 (ND Ill 1969), *appeal dismissed sub nom Research Corp v Asgrow Seed Co*, 425 F2d 1059 (7th Cir 1970) (patent).

*Technograph Printed Circuits, Ltd v Methode Elecs, Inc*, 285 F Supp 714 (ND Ill 1968) (patent) (certification appropriate under Rule 23(b)(1)(A) and (2)).

[113] See §4.08.

[114] *Newberg v Board of Pub Educ*, No 5822 (Philadelphia County Ct C P Aug 30, 1983) (education).

December, 1992


EXHIBIT
G

**4-38    CLASS CATEGORIES**

generally applicable to the class, some courts[115] and commentators[116] have concluded that Rule 23(b)(2) applies only to situations in which a class of plaintiffs seeks injunctive relief against a single defendant in contrast to relief against a defendant class. As the court in *Paxman v Campbell*[117] explained: "To proceed under 23(b)(2) against a class of defendants would constitute the plaintiffs as 'the party opposing the class' and would create the anomalous situation in which the plaintiff's own actions or inactions could make injunctive relief against the defendants appropriate."[118] This language and these decisions notwithstanding, these courts and others agree that there are circumstances in which a defendant class is properly certified under Rule 23(b)(2). Such circumstances include situations where the individual defendants are all acting to enforce a locally administered state statute or similar administrative policies,[119] and other similar circumstances.[120]

The second requirement for Rule 23(b)(2) classes is that "final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, [must be] appropriate."[121] There is considerable overlap between the requirements for class actions brought under subsection (b)(1) and those brought under (b)(2). From the conceptual standpoint, the

[115] *Thompson v Board of Educ of Romeo Community Schools*, 709 F2d 1200 (6th Cir 1983) (employment discrimination).
*Paxman v Campbell*, 612 F2d 848 (4th Cir 1980), *cert denied*, 449 US 1129 (1981) (employment discrimination).
[116] C. Wright & A. Miller, *Federal Practice and Procedure*, Civil §1775, at 21-22 (1972).
*Cf* Note, *Federal Rules of Civil Procedure 23: A Defendant Class With a Public Official as the Named Representative*, 9 Val UL Rev 357 (1975).
[117] 612 F2d 848 (4th Cir 1980), *cert denied*, 449 US 1129 (1981) (employment discrimination).
[118] 612 F2d at 854.
[119] *Institutionalized Juveniles v Secretary of Pub Welfare*, 78 FRD 413 (ED Pa 1978), *revd on other grounds*, 442 US 640 (1979) (mental health); *Redhail v Zablocki*, 418 F Supp 1061 (ED Wis 1976), *affd*, 434 US 374 (1978) (civil rights); *Doss v Long*, 93 FRD 112 (ND Ga 1981) (civil rights).
[120] *Marcera v Chinlund*, 91 FRD 579 (WDNY 1979) (criminal justice); *Hobson v Pow*, 434 F Supp 362 (ND Ala 1977) (civil rights); *Hopson v Schilling*, 418 F Supp 1223 (ND Ind 1976) (civil rights); *Kendall v True*, 391 F Supp 413 (WD Ky 1975) (civil rights).
[121] *Rules Advisory Committee Notes to 1966 Amendments to Rule 23*, 39 FRD 69, 102 (1966).

© McGraw-Hill, Inc.

requirements of Rule 23(b)(2) appear to be a special category of class actions that otherwise would likely qualify under Rule 23(b)(1)(A) or (B) or both sections. Subsection (b)(2) class actions, unlike those of other Rule 23(b) categories, are limited to those class actions seeking primarily injunctive or corresponding declaratory relief. Like classes that qualify under Rule 23(b)(1), Rule 23(b)(2) classes have no requirement that the common questions predominate over individual questions, or that the class action be superior to other available methods for the fair and efficient adjudication of the controversy. Such predominance and superiority tests are applicable only for Rule 23(b)(3) class actions.[122] Rule 23(b)(2) class actions were designed specifically for civil rights cases seeking broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons,[123] though this type is not the exclusive type of suit that qualifies under this category. Class actions under (b)(2) have been by the far most popular type of class actions under present federal Rule 23.[124] The substantive law chapters of this treatise contain myriad examples of the use of Rule 23(b)(2)-type class actions in civil rights, institutional, environmental, and law reform cases. Much of the popularization of the Rule 23(b)(2)-type class action was accomplished in the late 1960s and early 1970s by legal services and other government and foundation-subsidized public interest attorneys, who sought to utilize this type of action as an inexpensive and powerful tool to provide representation for large numbers of indigent and minority persons who previously could secure little effective redress under the legal system. More recently, private counsel have been filing Rule 23(b)(2) class actions

---

[122] Rule 23(b)(3) provides, in part:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: . . . (3) . . . the court finds that the questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) The interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

[123] *Rules Advisory Committee Notes, supra note* 119.

[124] See, e.g., chs 23-25.

December, 1992

with increasing frequency in employment,[125] antitrust,[126] environmental,[127] securities,[128] and other types of class litigation. The awards of attorneys' fees to counsel who act as *private attorneys general* in advancing important public policy[129] and the willingness of the federal courts to expand the concept of injunctive relief to encompass equitable or ancillary awards of monetary relief to class members[130] have significantly furthered the institution of Rule 23(b)(2) classes.

## §4.12  Rule 23(b)(2) Not Limited to Civil Rights Cases

The Advisory Committee Notes to Rule 23 emphasize that subdivision (b)(2) is not limited to civil rights cases.[131] They cite price discrimination by wholesalers against a class of retailers and tying violations by patentees as examples of situations in which Rule 23(b)(2) class

[125] *Carson v American Brands, Inc*, 450 US 79 (1981); *Albemarle Paper Co v Moody*, 422 US 405 (1975); *Smith v United Bhd of Carpenters & Joiners of Am*, 685 F2d 164 (6th Cir 1982); *Williams v New Orleans Steamship Assn*, 673 F2d 742 (5th Cir 1982); *Williams v Owens Illinois, Inc*, 665 F2d 918 (9th Cir), *cert denied*, 459 US 971 (1982); *Gibson v Local 40, Supercargoes & Checkers*, 543 F2d 1259 (9th Cir 1976); *Bishop v New York City Dept of Hous, Preser & Dev*, 141 FRD 229 (SDNY 1992); *Brown v Porcher*, 502 F Supp 946 (DSC 1980), *aff'd*, 660 F2d 1001 (4th Cir 1981), *cert denied*, 459 US 1150 (1983); *Bullick v City of Philadelphia*, 110 FRD 518 (ED Pa 1986) (employment/race). *Waldrip v Motorola, Inc*, 85 FRD 349 (ND Ga 1980).

[126] *Chmieleski v City Prods Corp*, 71 FRD 18 (WD Mo 1976) (antitrust); *Bowman v National Football League*, 402 F Supp 754 (D Minn 1975) (antitrust); *Stavrides v Mellon Bank, NA*, 69 FRD 424 (WD Pa 1975) (contract); *Research Corp v Pfister Associated Growers, Inc*, 301 F Supp 497 (ND Ill 1969), *appeal dismissed sub nom Research Corp v Asgrow Seed Co*, 425 F2d 1059 (7th Cir 1970) (patent).

[127] *In re Louisville Explosion Litig*, No C 81-0080-L(B) (WD Ky Nov 18, 1981) (mass tort); *Environmental Defense Fund, Inc v Corps of Engrs of United States Army*, 348 F Supp 916 (ND Miss 1972), *aff'd on other grounds*, 492 F2d 1123 (5th Cir 1974) (environmental).

[128] *Brandt v Owens-Illinois, Inc*, 62 FRD 160 (SDNY 1974); *Van Gemert v Boeing Corp*, 259 F Supp 125 (SDNY 1966).

[129] See ch 14.

[130] See §4.14.

[131] *Rules Advisory Committee Notes to 1966 Amendments to Rule 23*, 39 FRD 69, 102 (1966).

© McGraw-Hill, Inc.