

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Harvey Keitel
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

January 24, 2005

**VIA FAX – (601) 352-7757**
**and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar St.
Jackson, MS 39201

Re:  *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I write to follow up on our January 20, 2005 telephone conversation, and the voice mail I left for you on January 21, 2005.

As we discussed, Plaintiffs are concerned that Defendants' Exhibit 1, "Facts in Support of Defendants' Response to Plaintiffs' Motion for Class Certification," submitted to the Court on January 18, 2005, contains details and information that individually identify Named Plaintiffs. On January 20th, you told me you would need to review the document again because you thought that Defendants' counsel had taken efforts to redact identifying information. I have not heard back from you or anyone else in your office since then.

Throughout Exhibit 1 is detailed information concerning the Named Plaintiffs, including their current addresses or locations, their dates of birth, the names of their schools, the last names and addresses of current and former foster parents, and the last names of family members. As you know, the Confidentiality Order signed by the parties and filed with the Court on August 5, 2004 speaks to the confidential nature of this type of information. Specifically, Paragraph 2 of the Confidentiality Order states,

> Any individually-identifying information ... regarding any plaintiff child, such child's family members, foster family members, and persons included in any case files as the source of information concerning the child – including but not limited to these persons' names, addresses, telephone numbers, social security numbers, dates of birth, and other individual information likely to enable a reasonable member of the general public to ascertain their identities – is hereby designated to be confidential.

A copy of the Confidentiality Order of August 5, 2004, is enclosed for your convenience.

**EXHIBIT**
**C**
tabbies

Tel: 212

404 Park Avenue South, New York, NY 10016
· info@childrensrights.org · www.childrensrights.org

For example, below is a non-exhaustive list of information, publicly disclosed by virtue of its inclusion in Exhibit 1, that identifies Named Plaintiffs.

Page 1, the exact address of Olivia's current foster home, name of her school, and her date of birth are listed.

Page 3, the full last name of Olivia's temporary foster parent is listed.

Page 5, the full last name of Olivia's cousin is listed.

Pages 7-14, the full names of Jamison's former foster parents are listed. Similarly, the names of his group home placements and high school are listed.

Page 13, Jamison's sister, who is not a party to this action, is identifiable through the information regarding her relationship to Jamison's next friend.

Pages 15-19, the full names of Cody's foster parents are listed.

Page 15, Cody's date of birth is listed.

Page 17, Cody's younger sister's date of birth is listed.

Page 19, the street address of John's current foster parents is listed, as is his date of birth.

Pages 19-25, the full names of John's current and former foster parents are listed.

Page 22, the exact place and date of publication in the newspaper of legal notice for the termination of parental rights of John's biological parents is listed.

Page 25, the dates of birth of the W children are listed.

Page 34, the last name of the W children's aunt and uncle is listed.

Plaintiffs anticipate that Defendants will agree to place Exhibit 1 under seal, in order to protect the privacy of Named Plaintiffs, their biological families, and DHS foster families, and to ensure that Defendants' papers comport with the Confidentiality Order of August 5, 2004.

We hope this undoubtedly inadvertent oversight can be resolved quickly between the parties, with a joint motion to place Exhibit 1 under seal, and without the involvement of the Court. Please contact me or Eric Thompson to discuss this matter. Thank you for your time and attention.

Sincerely yours,

Corene Kendrick
Plaintiffs' counsel

Enclosure

cc:    Wayne Drinkwater & Melody McAnally, Bradley Arant
       Stephen Leech, Esq.
       John Lang, Loeb & Loeb
       Harold E. Pizzetta, III, Office of the Mississippi Attorney General

01/25/05  17:16 FAX 601 352 7757          MCGLINCHEY STAFFORD                    ☑002

**ATTORNEYS AT LAW**

# McGLINCHEY STAFFORD PLLC

Betty A. Mallett
(601) 960-8424
Fax (601) 352-7757
bmallett@mcglinchey.com

**JACKSON**
**NEW ORLEANS**
**HOUSTON**
**BATON ROUGE**
**CLEVELAND**
**MONROE**
**DALLAS**
**ALBANY**

January 25, 2005

*VIA FAX & U.S. MAIL*
Eric Thompson
Corene Kendrick
Children's Rights, Inc.
404 Park Avenue South
New York, NY  10016

Re:    *Olivia Y., et al. v. Haley Barbour, et a;* In the United States District Court for the Southern
District of Mississippi, Jackson Division; Cause No. 3:04 CV 251LN

Dear Mr. Thompson and Ms. Kendrick:

I received your letter of January 24, 2005 regarding the statements of facts submitted by the
Defendants in support of their response to Plaintiffs' Motion for Class Certification ("Exhibit 1"). We
do not agree that Exhibit 1 contains information that identifies the Named Plaintiffs to justify the
filing of the document under seal. The information contained in the Defendants' statements of facts is
no more revealing than the Plaintiffs listing the full name and address of Clara Lewis, former foster
mother of Jamison J, in the Amended Complaint.

However, in a good faith effort to address your concerns, we contacted the clerk of the court,
who advised that Exhibit 1 cannot be filed and dated retroactively. Accordingly, we cannot re-file
Exhibit 1.

I trust that you realize that no reasonable person can read Exhibit 1 and readily identify the
Plaintiffs any more than anyone can identify them from documents filed by the Plaintiffs. There is no
reason to have the court intervene in this matter.

Sincerely,

McGLINCHEY STAFFORD, PLLC

Betty A. Mallett

CITY CENTRE, SUITE 1100, 200 SOUTH LAMAR STREET  |  JACKSON, MS 39201  |  (601) 960-8400  |  FAX: (601) 960-8406  |  www.mcglinchey.com
MAILING ADDRESS:  POST OFFICE DRAWER 22949   JACKSON, MS 39225-2949