IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
FEB 14 2005
J. T. NOBLIN, CLERK
BY_____ DEPUTY

OLIVIA Y., ET AL     PLAINTIFFS

V.     CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, ET AL.     DEFENDANTS

## RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EXHIBIT 1 AND TO PLACE UNDER SEAL

**COME NOW**, Defendants, by counsel, and respond to Plaintiffs' Motion to Strike Defendants' Exhibit 1 and to Place Under Seal and would show unto the Court the following:

I.

1. When Defendants filed their response to the motion for class certification, they attached as Exhibit 1 a statement of facts compiled by Defendants' counsel from an examination of hundreds, if not thousands, of pages of DHS records which had been requested by Plaintiffs to be produced pursuant to Rule 34, F.R.Civ.P., and were produced by Defendants pursuant to a case management order. In reviewing said records and compiling the information contained therein, there was inadvertently inserted some information that might be covered by the confidentiality order.

2. The same thing is true of the Amended Complaint and the Plaintiffs' reply in further support of their motion for class certification. Certain information contained therein was obtained by Plaintiffs' counsel from DHS records and some of the allegations come directly from said records. Neither were filed under seal.

3. When Plaintiffs' counsel addressed concerns about Exhibit 1 to Defendants' counsel, Defendants promptly filed a motion to substitute an amended Exhibit 1 which addresses

171278.2

1

and is responsive to every issue raised by Plaintiffs' counsel. Allowing substitution of said Amended Exhibit 1 would render all matters in this motion moot.

4.  Amended Exhibit 1 is a statement of facts upon which Defendants rely in opposition to the motion for class certification and Defendants have the right to rely upon those facts just as Plaintiffs rely upon the Amended Complaint.

II.

Responding to the allegations of Plaintiffs' motion, Defendants would show:

1.  Responding to the first unnumbered paragraph of the Motion, Defendants would show that Exhibit 1 to the Response to Motion for Class Certification was prepared as stated in the Response by Defendants' counsel from DHS records, which have been produced to Plaintiffs. If the documents from which it is taken are inadmissible, irrelevant, and improper, Plaintiffs should not have sought their production.

2.  Exhibit 1 is not an unsigned document of unknown origin. It is incorporated into the Response just as with any pleading. The response is no more an attempt to argue merits than the Plaintiffs' Amended Complaint. There is no basis upon which to strike the Exhibit.

3.  There is no more reason for Exhibit 1 to be placed under seal than there was to file the Amended Complaint under seal. Unlike Plaintiffs, Defendants have addressed all concerns of confidentiality by their pending motion to substitute Amended Exhibit 1. Further, Plaintiffs' motion does not set forth grounds for sealing records as provided in Local Rule 83.6. The information contained in Exhibit 1 is contained in the approximately 8,000 documents already produced by Defendants to Plaintiffs. These records contain the information set forth in proposed Exhibit 1, which is easily ascertainable by a review of them. That Plaintiffs do not agree with Defendants' motion to substitute Amended Exhibit 1, which addresses every issue

171278.2

2

Plaintiffs raise about it, demonstrates that Plaintiffs do not want disclosed what is shown in DHS's records because it refutes Plaintiffs' claims for class certification.

4. The correspondence described in Exhibit C speaks for itself as evidence that Defendants attempted to address issues raised by Plaintiffs relating to Exhibit 1 without resorting to judicial intervention.

5. All other allegations in the motion are denied and Defendants deny that Plaintiffs are entitled to have Exhibit 1 stricken or placed under seal.

THIS, the 10th day of February, 2005.

> Respectfully submitted,
>
> **HALEY BARBOUR, as Governor of the State of MS; DONALD TAYLOR, as Exec. Dir. of the Dept. of Human Services; and BILLY MANGOLD as Director of the Div. of Family and Children's Services**
>
> */s/ Betty A. Mallett*
> By: Betty A. Mallett

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Amy Kebert Elder (MSB #99149)
Gretchen L. Zmitrovich (MSB #101470)
City Centre South, Suite 1100
200 South Lamar Street (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

171278.2

## CERTIFICATE OF SERVICE

I, Betty A. Mallett do hereby certify that I have this day served a copy of the foregoing on the following by United States Mail, postage prepaid:

W. Wayne Drinkwater, Jr., Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS 39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS
404 Park Avenue
New York, New York 10016

Marcia Robinson Lowry, Esq.
Corene Kendrick, Esq.
CHILDREN'S RIGHTS
404 Park Avenue
New York, New York 10016

John Lang, Esq.
Eric S. Manne, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

**SO CERTIFIED**, this the 10th day of February, 2005.

By: Betty A. Mallett