IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.  PLAINTIFFS

v.  CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.  DEFENDANTS

**PLAINTIFFS' MOTION FOR RULE 16 DISCOVERY STATUS CONFERENCE**

Plaintiffs respectfully move this Court for a Discovery Status Conference pursuant to Fed. R. Civ. P. 16(a) at the Court's earliest convenience. Without the Court's immediate assistance, Defendants' chronic unresponsiveness related to establishing a specific schedule and process for Plaintiffs' expert on-site review of a sample of DHS case records ("Case Record Review") will jeopardize Plaintiffs' ability to adhere to the current Amended Case Management Order ("CMO") discovery deadlines and prejudice Plaintiffs.

Document Production Since This Court's December 17, 2004 Amended Case Management Order

Plaintiffs issued their First Request for Production of Documents on December 17, 2004. Upon Defendants' motion, this Court granted Defendants a 45-day extension to respond (over Plaintiffs' objection). Defendants have since responded in part to Plaintiffs' First and Third Requests for Production of Documents.

Case Record Review

Plaintiffs' Second Request for Production of Documents, served on December 22, 2004, requested access to a statistically representative sample of DHS case records from which to compile data concerning violations of the rights of class members that is not otherwise available,

4/50571.1

and a computer-readable data tape identifying the class members from which the sample can be drawn.  *See* Second Request for Production of Documents, Request Nos. 1 & 2, attached as Ex. A.  Following this Court's March 11, 2005 Order certifying a plaintiff class of children in DHS custody, Defendants assented to this discovery.  *See* March 14 and 25, 2005 letters from Plaintiffs' counsel Eric Thompson to Defendants' counsel Betty Mallett, attached collectively as Ex. B.  Defendants, however, have failed to take any steps necessary so that this discovery can take place consistent with this Court's CMO discovery deadlines as requested.

Expert review of a statistically significant sample of case records is in fact a standard practice for independently assessing a child welfare system's performance and its impact on children because it is the most direct and efficient means of accessing system-wide evidence about how children have been treated without reviewing every single record.  Case record reviews have been routinely allowed in class actions alleging systemic deficiencies in child welfare systems.  See e.g. LaShawn v. Dixon, 762 F. Supp. 959, 965, 996 (D.D.C. 1991) (case record review of random sample of 675 case records served "as the basis for many of plaintiffs' allegations about widespread and systemic deficiencies in the District's foster care system" in violation of statutory and constitutional rights), aff'd, 990 F.2d 1319 (D.C. Cir. 1993), cert. denied, 510 U.S. 1044 (1994); Baby Neal v. Ridge, No. CIV. A. 90-2343, 1996 WL 4050, at *2-3 (E.D. Pa. Jan. 2, 1996) (granting request to review a sample of children's cases citing "ample precedent" for case reading) (attached at Ex. C); L.J. v. Massinga, 838 F.2d 118, 121 (4th Cir. 1988) (statistical study of random sample of foster children's case records properly afforded "substantial probative value" by district court), cert. denied, 488 U.S. 1018 (1989).  Collecting information from individual case records through a case review is a common discovery procedure in complex cases that assert systemic violations of federal rights.  See Doe v.

Meachum, 126 F.R.D. 444, 448-450 (D. Conn. 1989) (production of random sample of plaintiff class members' medical and mental health records by Department of Corrections ordered where the psychological and mental condition of the inmates was an element of class action and data sought was critical to plaintiffs' experts).

Despite repeated requests to Defendants over the past seven weeks as to how and when the requested records will be produced, Plaintiffs are still not able to begin their review. Defendants have yet to confirm, for example, that: (i) Defendants will produce by May 13, 2005 as requested, or any other date certain, a computer-readable list of class members from which the review sample can be randomly selected by Plaintiffs' expert; (ii) Defendants will identify an adequate site or sites for inspection and review of the requested records by Plaintiffs' expert team so that review arrangements can be made before the requested Case Record Review start date of June 1, 2005; and (iii) Defendants will designate a DHS liaison that can assure that the selected records are properly produced for review on a rolling basis beginning June 1, 2005. *See* Ex. B; April 14, April 27, May 3, May 4, May 5, and May 10, 2005 letters from Mr. Thompson to Ms. Mallett, attached collectively as Ex. D.

Plaintiffs' expert anticipates that her review team will take approximately six to ten weeks to review the 300-400 DHS case records necessary to form the basis for her expert report. Defendants' delay, thus, threatens to jeopardize Plaintiffs' ability to comply with the August 15, 2005 CMO deadline for Plaintiffs' expert reports. Further delay prejudices Plaintiffs who seek timely injunctive relief for ongoing Constitutional harms. The Court's assistance is needed to keep this case on track for trial.

Defendants' latest position reflected in Ms. Mallett's May 10, 2005 letter does nothing towards getting Plaintiffs' expert case record review started consistent with the CMO. *See* May

4/50571.1                                                          3

10, 2005 Letter from Ms. Mallett to Mr. Thompson, attached as Ex. E.  Defendants now refuse to produce a computer-readable data tape of class member identifying information that DHS already maintains in electronic form.  Defendants also now refuse to make the original files, necessary for such an expert review, available at any centralized location(s) where adequate review space, photocopying facilities, and supervision, can be timely arranged and coordinated, rather than having to make arrangements in up to 82 county offices.

Wherefore, Plaintiffs respectfully request this Court to set a Discovery Status Conference pursuant to Fed. R. Civ. P. 16(a) at the Court's earliest convenience to address these discovery scheduling matters.  A Good Faith Certificate endorsed by counsel for both parties is attached as Ex. F.

RESPECTFULLY SUBMITTED, this the 12th day of May, 2005.

s/ Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, Mississippi  39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
Corene Kendrick (MBN 43989 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South
New York, New York  10016
Telephone:  (212) 683-2210

>John Lang (MBN 43987 *pro hac vice*)
>Christian Carbone (MBN 43986 *pro hac vice*)
>Eric Manne (MBN 43988 *pro hac vice*)
>LOEB & LOEB LLP
>345 Park Ave.
>New York, New York  10154
>Telephone:  (212) 407-4000
>
>*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Betty A. Mallett, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

>s/ Melody McAnally

4/50571.1                                5