
CHILDREN'S RIGHTS

Marcia Robinson Lowry
President &
Executive Director

**Board of Directors**

Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Harvey Keitel
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

December 22, 2004

**VIA FAX – (601) 352-7757**
**and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar St.
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

Enclosed is Plaintiffs' Second Request for Production of Documents. Pursuant to the Federal Rules of Civil Procedure, please respond within 30 days.

If you have any questions, please contact me. Thank you.

Sincerely yours,

*Eric Thompson /ck*

Eric Thompson
Plaintiffs' counsel

Enclosure

cc:    Wayne Drinkwater & Melody McAnally, Bradley Arant
       Stephen Leech, Esq.
       John Lang, Loeb & Loeb

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 · Fax: 212-683-4015 · info@childrensrights.org · www.childrensrights.org

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

OLIVIA Y., et al.                                                                    PLAINTIFFS

V.                                                        CIVIL ACTION NO.  3:04CV251LN

HALEY BARBOUR, et al.                                                        DEFENDANTS

## PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs request that Defendants produce the requested documents at the offices of Plaintiffs' counsel, Children's Rights, 404 Park Ave. South, 11th Floor, New York, New York 10016, within 30 days as provided for by the Rules.

### DEFINITIONS

1.    Mississippi Department of Human Services ("DHS") includes all Divisions of the Department of Human Services, including all regional and county offices of the Division of Family and Children's Services ("DFCS").

2.    "Document" as used herein is to be construed in its broadest sense, and includes any original, reproduction, or copy of any kind of a written or documented material, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral

communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained, or translated if necessary, by plaintiffs through detection devices into a reasonably usable form.

3. The term "relating to" means having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical or causal connection.

4. As used herein, the word "or" shall mean and/or.

5. "Case record" means all DHS files kept as to an individual child, whether separately or by family, including all paper and electronic files. To the extent DHS has contracted out its principal foster care or adoptions case management functions for any child to a private agency, the case record for that child shall also include the corresponding files kept as to that child by the private agency.

## INSTRUCTIONS

1. Each document requested is to be produced in its original file folder, file jacket or cover (or Defendants may, in the alternative, designate in writing the titles of such folder, jacket or cover with respect to each such document) and the agency, department, government unit, and individual from whose files the document is being produced are to be indicated. If

there are no documents responsive to any particular request, Defendants shall so state in writing.

2.     If Defendants refuse to produce any requested document, or part of any requested document, under a claim of attorney-client privilege, work product, or any other privilege, Defendants shall submit, for each document, or part of a document, withheld, a written statement justifying the claim of privilege.

3.     If Defendants redact part of any requested document under a claim of attorney-client privilege, work product, or any other privilege, Defendants shall clearly indicate each redaction and submit, for each redaction, a written statement justifying the claim of privilege.

4.     This is a continuing request. Any document obtained, identified or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately, including updates to the records described in this document request.

5.     Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

6.     If any document which DHS would have produced in response to any request was, but is no longer in DHS's present possession or subject to their control, or is no longer in existence, please state whether any such

document is: (1) missing or lost; (2) destroyed; (3) transferred to others; or (4) otherwise disposed of. In any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, state the present location and custodian of such document.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Document Request No. 1</u>: Any and all DHS case records of all children currently in DHS custody, or in the alternative, the DHS case records of a statistically significant number of such children to be selected by Plaintiffs for the purposes of a case record review.

<u>Document Request No. 2</u>: A computer-readable data tape of all children currently in DHS custody, identifying the child's name, date of birth, case record identification number, the DFCS office(s) the child's case is assigned to, and all dates of entry into DHS custody.

Dated: December 22, 2004

Respectfully Submitted,

By:

Corene J. Kendrick

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
Corene Kendrick (MBN 43989 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South, 11th Floor
New York, NY 10016
(212) 683-2210

W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, MS 39201
(601) 948-8000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
(601) 355-4013

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
Eric Manne (MBN 43988 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, NY  10154
(212) 407-4000

PLAINTIFFS' COUNSEL