

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

March 14, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar St.
Jackson, MS 39201

    Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

    I write to follow up on my letter of January 27, 2005, regarding Defendants' Responses to Plaintiffs' Second Request for Production of Documents, to which you never responded.

    As you know, Defendants refused to produce <u>any</u> DHS case records (besides those for the named plaintiff children) in response to Plaintiffs' Second Request aimed at reviewing a statistically significant number of DHS case files. In light of today's decision by the Court to certify a class of all children in DHS custody, I hope you will now reconsider Defendants' objections as to relevancy and confidentiality.

    Deposition testimony has already established that relevant information, such as the provision of treatment and services (or lack thereof) to class members, is not available other than from a case-by-case review of DHS case records. *See, e.g.*, Deposition of Mechille Henry, 113:13-114:19. In addition, let me remind you that the Court's Amended Case Management Order specifically orders Defendants to produce in this litigation responsive DHS records otherwise protected by state and any other confidentiality laws.

    Finally, the Request is not overly broad or unduly burdensome. Plaintiffs' Request No. 1 proposes the option of limiting the requested case records to a statistically significant sample. Request No. 2 simply requests an easily-generated computer data tape of the universe of children currently in DHS custody from which such a sample could be drawn. Providing on-site access to the records for review could further limit any burden to the agency.

    Please let me hear from you by March 18, 2005, whether Defendants will reconsider and be producing the requested documents so that we may avoid invoking the assistance of the Court.

                                          Sincerely yours,

                                          Eric Thompson / AW
                                          Eric Thompson
                                          Plaintiffs' counsel

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

cc: Wayne Drinkwater & Melody McAnally, Bradley Arant
    Stephen Leech, Esq.
    John Lang, Loeb & Loeb



**CHILDREN'S RIGHTS**

Marcia Robinson Lowry
President &
Executive Director

**Board of Directors**
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

March 25, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201



Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

    This will confirm our telephone conversation of yesterday regarding pending discovery matters addressed in my letters of March 11 and March 14, 2005.

    You confirmed that Defendants, without waiving their objections, will now allow Plaintiffs access to DHS case records as requested in Plaintiffs' Second Request for Production of Documents. We discussed that Plaintiffs are assembling their expert review team, and that based on past experience, Plaintiffs will probably need access to between 300 and 400 randomly selected case records on a rolling basis. You advised that DHS would probably prefer to make the case records available in a central location in Jackson. We discussed Plaintiffs' need for a review area with sufficient desk space for at least six to ten reviewers for approximately a three-month period, probably not to begin before the second half of May. We also agreed that the parties would need to negotiate an acceptable protocol for the delivery of records to the review site, for the security and integrity of the records and for their confidentiality.

    As to the requested data tape of all children in custody necessary for Plaintiffs to pull their sample, you agreed to check how much lead time DHS will need to produce the requested data tape. Plaintiffs will need a current data run shortly before the record review is set to start. Having now reviewed some of the recently produced MACWIS information, I also informed you that Plaintiffs request that an additional data point be included in the data tape identifying the permanency plan for every child.

    As to Plaintiffs' First Request for Production of Documents, you promised to provide me Defendants' response to my March 11 letter in writing by early next week indicating what, if any, additional responsive documents will be produced and Defendants' basis for withholding any others.

    Finally, I did confirm that Plaintiffs are still missing the following pages identified as being produced in response to Plaintiffs' First Request, Document Request No. 16, but which we have not received: (4) DHS 027539; and (18) DHS 028316, as noted in my letter of March 15, 2005.

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 · Fax: 212-683-4015 · info@childrensrights.org · www.childrensrights.org

Thank you for your kind consideration.

                          Sincerely yours,

                          *Eric Thompson /sw*
                          Eric Thompson
                          Plaintiffs' counsel

cc:    Wayne Drinkwater & Melody McAnally, Bradley Arant
        Stephen Leech, Esq.
        John Lang, Loeb & Loeb