**Westlaw**

Not Reported in F.Supp. Page 1
1996 WL 4050 (E.D.Pa.)
**(Cite as: 1996 WL 4050 (E.D.Pa.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
BABY NEAL, et al., Plaintiffs,
v.
Thomas P. RIDGE, et al., Defendants.
**No. CIV. A. 90-2343.**

Jan. 2, 1996.

MEMORANDUM

KELLY, J.

**\*1** Plaintiffs, pursuant to FED. R. CIV. P. 37 and Local Rule 24, have filed the following discovery motions: (1) Motion to Overrule Commonwealth Objections to Plaintiffs' Request for Documents and to Compel the Production of Documents from Commonwealth Defendants, and (2) Motion to Compel the Production of Documents, Answers to Interrogatories, and Updated Responses to Requests for Admissions from City Defendants. Plaintiffs seek this information in order to pursue discovery of nonprivileged documents and information. For the following reasons, Plaintiffs' motions are granted in part and denied in part.

BACKGROUND

Plaintiffs, a putative class of children in the legal care and custody of Philadelphia's Department of Human Services ("DHS"), allege that DHS has systematically deprived them of legally-mandated child welfare services. Plaintiffs further allege that, as a result of these systemic deficiencies, their rights under the United States Constitution and under federal and state law have been violated. Plaintiffs, thus, seek declaratory and injunctive relief against the officials responsible for operation of the child welfare system.

On April 13, 1993, this Court granted partial summary judgment in favor of Defendants regarding Plaintiffs' federal statutory claims under the Adoption Assistance & Child Welfare Act, 42 U.S.C. § § 627(a)(2)(A), (B), (C), 627(b)(3) and 671(a)(10) ("AACWA") and the Child Abuse Prevention and Treatment Act, 42 U.S.C. § § 5101-5106 ("CAPTA"). Summary Judgment was also granted with respect to Plaintiffs' constitutional claims concerning their rights to permanent placements or placements in preadoptive homes, unwarranted government interference, and least restrictive placement. This Court found, however, that genuine issues of material fact existed with regard to Plaintiffs' constitutional right to be free from harm, including the right to adequate food, shelter, clothing, medical care and reasonable safety, as well as Plaintiffs' constitutional right to procedural due process guaranteed under the Fourteenth Amendment.

On March 25, 1994, Plaintiffs appealed this Court's grant of partial summary judgment along with this Court's denial of class certification. On December 15, 1994, the United States Court of Appeals for the Third Circuit reversed the denial of class certification and remanded the case to this Court. Subsequently, Plaintiffs' Motion, filed on May 4, 1995, for Reconsideration of this Court's dismissal of Plaintiffs' claims under the AACWA and CAPTA was denied by this Court on December 7, 1995.

DISCOVERY REQUESTS AND RESPONSES

On March 15, 1995, Plaintiffs served discovery demands on Defendants, seeking information about the following: the care rendered class members, Defendants' policies and procedures, Defendants' record keeping/information systems, the financing of Defendants' operations, and evaluations to which defendants have been subjected. Plaintiffs also seek the production of a random sample of case records to analyze Defendants' compliance with constitutional, federal and state mandates afforded children in custody in foster-care. Plaintiffs seek this information to prove that the violations alleged in the Complaint are occurring on a system-wide basis.

**\*2** Commonwealth and City Defendants stated objections to all requests seeking the production of documents pertaining to requirements under AACWA and CAPTA, maintaining that such documents are not relevant to Plaintiffs' remaining claims. In addition, Defendants made boiler plate objections to other items of Plaintiffs' discovery request based on the assertions that the information requested is not reasonably calculated to lead to the discovery of admissible evidence, or that the document requests are too vague or burdensome.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## GENERAL DISCOVERY STANDARDS

The Federal Rules of Civil Procedure allow for liberal discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." FED. R. CIV. P. 26(b)(1). "Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which 'appears reasonably calculated to lead to the discovery of admissible evidence.' " *Doe v. Mercy Health Corporation,* 1993 U.S. Dist. LEXIS 13347 *6 (E.D.Pa. September 13, 1993). Thus, "[r]elevancy is broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Stabilus v. Hynesworth, Baldwin, Johnson & Greaves,* 144 F.R.D. 258, 263 (E.D.Pa.1992).

> While the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without limits. The facts and circumstances of a case determine and limit the relevancy of information sought in discovery. However, where there is doubt over relevance, the rule indicates that the court should be permissive. Since the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, the determination of relevance is within the district court's discretion.

*Doe v. Mercy Health Corporation,* 1993 U.S. Dist. LEXIS 13347 at *7 (citations omitted).

## CASE READING

Plaintiffs' Document Request 1 asks for "[t]he complete case records of a statistically representative sample of: (a) children who were in the physical an/or legal custody of DHS between January 1 and December 31, 1994; and (b) children who were the subject of reports of Child abuse or neglect between January 1 and December 31, 1994." The term "statistically representative sample" is further defined as a "sample to be determined by agreement of the parties or by a neutral expert agreed upon by the parties." Plaintiffs' Request for Production of Documents, p. 5.

Plaintiffs argue that such a case reading can reveal certain basic information about a child's treatment within a child welfare system which even the most advanced computer systems do not generally report. [FN1] In addition, Plaintiffs assert that because this type of information is unavailable from any other source, Plaintiffs must examine a statistically representative sample of case records. Plaintiffs also submit that a case reading is a common discovery procedure in complex cases which, like this one, assert systematic violations of federal rights. *See, e.g., Doe v. Meachum,* 126 F.R.D. 444 (D.Conn.1989).

> FN1. Plaintiffs submit that computer systems generally cannot report whether each child's case plan contains the elements which are required by professional standards in the child welfare community. In addition, Plaintiffs predict that Defendants' computer system does not maintain information regarding how many and what kind of contacts a case worker has with a child in a particular period. Plaintiffs' Reply Brief, p. 5 n. 3.

*3 City Defendants respond that Plaintiffs' request for access to an unspecified number of case records in order to perform a case reading is impermissibly vague. Defendants also argue that Plaintiffs, by their motion, seek to compel City Defendants' stipulation to a sample size and the method of random selection, thus, foreclosing challenges to these two vital factors in Plaintiffs' case reading process. [FN2]

> FN2. Defendants also objected that Plaintiffs' request to review a number of case records is unduly burdensome. Defendants argue that "Plaintiffs do not seek to compel documents as much as the agreement of the City Defendants to share the cost of prosecuting the Plaintiffs case against them via a joint case reading." Defendants' Opposition Memorandum, p. 21. However, Plaintiffs have stated that their proposed case reading in no way requires Defendants to participate and finance its implementation. Plaintiffs' Reply Brief, p. 7. Defendants have, thus, failed to show how a more specific discovery request would otherwise be unduly burdensome. *Cf. Del A., et al. v. Roemer,* 1990 U.S. Dist. LEXIS 10639 *10-11 (E.D.La. August 9, 1990) (holding that the delay and expense of a case reading greatly outweighed the anticipated benefits).

Case readings have been used in cases dealing with similar allegations of systematic deficiencies. *See, e.g., LaShawn A. v. Dixon,* 762 F.Supp. 959, 965 (D.D.C.1991), *aff'd,* 990 F.2d 1319 (D.C.Cir.1993). Because such a discovery device could lead to admissible evidence regarding Plaintiffs' existing claims, and ample precedent exists for a case reading,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1996 WL 4050 (E.D.Pa.)  
**(Cite as: 1996 WL 4050 (E.D.Pa.))**

Page 3

I will grant Plaintiffs' request to review a sample of children's records maintained by City Defendants. However, a more specific discovery request, stating the actual number of case records requested for review is necessary so that Defendants may properly challenge, rather than stipulate to, the methodology used. The parties disagree, however, as to whether Defendants have supplied Plaintiffs with the information necessary to draft a more detailed case reading proposal. Thus, I will order Defendants, if they already have not done so, to supply Plaintiffs with information concerning the number of children who entered DHS custody in 1994, thus, providing the answer, in part, to Plaintiffs' Interrogatory No. 1. Defendants, subsequently, will allow Plaintiffs to review a specific number of case records to be determined by Plaintiffs.

PLAINTIFFS' DISMISSED CLAIMS

Plaintiffs' document requests 3-5 seeks documents containing fiscal information describing the manner in which DHS obtains funding and reimbursements from the Federal and State governments and how DHS budgets such funding. [FN3] Defendants objected that these requests only seek documents relevant to Plaintiffs' dismissed claims under the AACWA and CAPTA. However, Plaintiffs point out that "[i]n *Youngberg v. Romeo,* 457 U.S. 307 (1982), the Supreme Court of the United States held that when the state has custody of a person against his will, violations of the person's rights to reasonable safety and adequate food, shelter, clothing and medical care may be proven through evidence of the state's failure to exercise professional judgment in protecting those interests." Plaintiffs' Reply Brief, pp. 5-6. Plaintiffs further assert "that departures from professional judgment can be proven through violations of statutes or regulations." Plaintiffs' Reply Brief, p. 7, *citing, Estate of Bailey by Oare v. County of York,* 768 F.2d 503, 508 (3d Cir.1985) and *Doe v. New York City Dep't of Social Services,* 649 F.2d 134, 135 (2d Cir.1981).

> FN3. In Plaintiffs' Motion to Overrule Commonwealth Objections to Plaintiffs' Request for Documents and to Compel the Production of Documents from Commonwealth Defendants, Plaintiffs Requests Nos. 2 through 4 and 5 through 9 also seek documents specifically relating to DHS operations under the AACWA and CAPTA and will be dealt with similarly.

Defendants respond that AACWA and CAPTA do not codify reasonable professional standards for the care of children in DHS's custody and are concerned solely with imposing certain general conditions upon state programs as a predicate to receiving federal funding. *See* City Defendants' Sur-Reply Brief, p. 6, *citing* 42 U.S.C. § 671(a)(10); 42 U.S.C. § 5106a. Furthermore, Defendants argue that the language of the AACWA and CAPTA is not specific enough to be used to prove that violations of these statutes can amount to departures from professional judgment. *See Bailey,* 768 F.2d at 509 (county agency "could be held liable under section 1983 because the jury could infer deliberate indifference from the agency's failure to comply with specific and unequivocal statutory duties...."). Finally, Defendants argue that "the case on which *Bailey* relies holds that '[t]he more a statute or regulation clearly mandates a specific course of conduct, the more it furnishes a plausible basis for inferring deliberate indifference from a failure to act....' " Defendants' Opposition Memorandum, p. 8, *citing, Doe v. New York City Dep't of Social Servs.,* 649 F.2d 134, 146 (2d Cir.1981).

*\*4* I find Plaintiffs' position convincing in light of the case law interpreting what is discoverable. *See Stabilus,* 144 F.R.D. at 265 (if there is any possibility that the requested documents and information may be useful to the preparation of a case, then the materials are discoverable even though they may not be admissible at trial); *see also Corrigan v. Methodist Hosp.,* 158 F.R.D. 54, 57 (E.D.Pa.1994) ("When there is doubt about relevance, a court should tend toward permitting discovery."). Here, Plaintiffs submit that deviations from the standards set forth in the AACWA and CAPTA represent violations of the minimally acceptable professional standards. Plaintiffs also state that they intend to introduce expert testimony to support their contention. In addition, although the language of the AACWA and CAPTA may not be specific enough to infer deliberate indifference on the part of Defendants, the standard for proving Plaintiffs' claims of constitutional violations is not deliberate indifference, but the alleged lack of professional judgment of Defendants. Finally, many provisions of AACWA and CAPTA are analogous to those contained in the state statutes which form the basis of many of Plaintiffs' surviving claims. Thus, Plaintiffs' document request concerning DHS receipt of funding pursuant to, and compliance with, the AACWA and CAPTA is discoverable. *See Corrigan,* 158 F.R.D. at 57 (finding that despite the dismissal of plaintiff's conspiracy and punitive damages claims, defendant doctor's financial involvement in company that manufactured surgical screw system was still relevant based on plaintiff's conflict of interest

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
1996 WL 4050 (E.D.Pa.)
**(Cite as: 1996 WL 4050 (E.D.Pa.))**

assertion).

Likewise, Plaintiffs' fiscal document Request Nos. 4 and 5, not specifically relating to the AACWA and CAPTA are discoverable. These documents may also produce evidence relevant to demonstrating whether Defendants are providing Plaintiff with adequate food, shelter, clothing, medical care, and reasonable safety as required under the substantive due process clause of the Fourteenth Amendment.

The parties have made similar arguments regarding Document Request Nos. 6 and 22. Request No. 6 asks for "[a]ll documents from January 1992 to the present pertaining to the Commonwealth's provision, suspension or revocation of DHS' license to operate child welfare programs," and Request No. 22 concerns "efforts to revise, revamp or reprogram DHS' information systems." Defendants again argue that these requests are only relevant to Plaintiffs' claims under the AACWA and CAPTA. However, documents relating to Defendants' information systems and license to operate may lead to admissible evidence regarding Plaintiffs' state law claims and, thus, are discoverable. Likewise, Document Request No. 23, asking for "[a]ll documents pertaining to the development and implementation of any quality assurance mechanisms by DHS" may also lead to admissible evidence. Defendants have not convincingly shown that producing such documents would be unduly burdensome.

**\*5** Finally, the parties disagree as to whether certain items in Plaintiffs' Request for Admissions, concerning placement, visitation, and dispositional hearings, are relevant. Here, Plaintiffs, by Request Nos. 1 through 6, 11 and 12, seek information concerning whether DHS maintains data regarding the placement of foster children in the least restrictive (most family like) setting available. While this Court granted summary judgment in Defendants' favor on Plaintiffs' constitutional claims regarding least restrictive placement, such requested information is still relevant for discovery purposes due to Plaintiffs' existing state law claims. Similarly, Request Nos. 13 and 14, asking whether DHS compiles aggregate data concerning the times when each child in foster care receives a dispositional court hearing, may lead to admissible evidence as to whether Plaintiffs' rights to procedural due process under the Fourteenth Amendment were violated.

Based on the above, I will grant Plaintiffs' Motion to Compel Defendants to produce documents in Request Nos. 3, 4, 5, 6, 22 and 23. In addition, Plaintiffs' Request for Admissions Nos. 1 through 6 and 11 through 14 are discoverable in accordance with the analysis set forth below.

UPDATED RESPONSES TO REQUESTS FOR ADMISSIONS

Federal Rule of Civil Procedure 36 governs the propounding of requests for admissions. [FN4] "Because Rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is strong disincentive to finding an undue burden where the requested party can make the necessary inquiries without extraordinary expense or effort." *Doe v. Mercy Health Corporation, et al.,* 993 U.S. Dist. LEXIS 13347 \*31 (September 13, 1993) (quoting *Al-Jundi v. Rockefeller,* 91 F.R.D. 590, 594 (W.D.N.Y.1981)). Thus, "pursuant to FED. R. CIV. P. 26(c), a party claiming that inquiry into the facts behind a request for admission would be overburdensome must show that the burden would be undue in light of all the circumstances. *Id.*

> FN4. [A] reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process.... The revised rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal. Even when it is not, the information may be close enough at hand to be "readily obtainable." Rule 36 requires only that the party state that he has taken these steps.
> FED. R. CIV. P. 36(a) advisory committee's note.

Here, Plaintiffs correctly point out that their Requests for Admissions were previously answered by Defendants without any allegation of undue burden. Plaintiffs' Reply Memorandum, p. 21, *citing* City Defendants' Answers to Plaintiffs' Request for Admissions dated November 19, 1991. In response, Defendants argue that updating so many detailed requests would still require an excessively large commitment of resources by the City Defendants. Defendants' Opposition Memorandum, p. 13. However, because these disputed requests only attempt to ascertain whether DHS maintains and compiles certain aggregate data, and Defendants have already answered similar Requests for Admissions in the past, this Court will grant Plaintiffs' Motion to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.    Page 5
1996 WL 4050 (E.D.Pa.)
**(Cite as: 1996 WL 4050 (E.D.Pa.))**

Compel Defendants to provide updated responses "if ... the response[s are] in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process or in writing." FED. R. CIV. P. 26(e)(2). *See also* Stabilus, 144 F.R.D. at 262 ("Requiring a party to supplement responses in order to make them current is an approved feature of our civil procedure....")

OTHER DOCUMENT REQUESTS

**\*6** Plaintiffs' Document Request Nos. 18 and 19 seek information regarding placements for children in DHS custody or at risk of placement into DHS custody. Request No. 18 asks for "[a]ll documents pertaining to the quality and/or appropriateness" of such placements, while Request No. 19 asks for documents "pertaining to the availability or lack thereof of placements." Defendants object that these requests are irrelevant, unduly burdensome, broad, vague, and would cause the City Defendants to speculate as to the meaning intended by Plaintiffs; however, Defendants only detail the nature and extent of the ambiguities concerning Plaintiffs' requests. [FN5] Plaintiffs will suffer no great inconvenience in being required to resubmit these requests for documents, defining the terms for which Defendants seek clarification. Accordingly, I will order that if Plaintiffs still desire discovery of such information, they shall serve upon Defendants amended Documents Request Nos. 18, and 19, wherein they shall set forth definitions and information more specifically explaining their requests.

> FN5. City Defendants question how to evaluate "whether a document pertains to the quality and/or appropriateness of placements," and "what documents can be said to bear upon the availability or lack thereof of placements?" Defendants Opposition Memorandum, p. 18.

To the contrary, Plaintiffs Document Request No. 7--seeking all documents which assess or evaluate any aspect of DHS' Child Welfare programs, and Interrogatories 2--asking the number of children who exited foster care in DHS custody in 1994, and 3--asking the average length of time in care for children who were in foster care as of December 31, 1994, do no require any additional explanation of terms on the part of Plaintiffs. Accordingly, Plaintiffs Motion to Compel answers to these discovery requests is granted.

Finally, Defendants have informed this Court that certain documents, originally thought to be no longer generated by City Defendants, are in fact being generated and have been produced to Plaintiffs. They include: Document Request 24, subparts (j), (k), (t), and (x); Document Request 26, The DPW "Child Abuse Report;" Document Request 27, "CYD Monthly Performance Reports;" Document Request 28, "In-Home Contact Reports;" and Document Request 29, "CY-28" reports. Thus, Plaintiffs Motion to Compel is denied as moot with respect to these documents.

ORDER

AND NOW, this 2nd day of January, 1996, upon consideration of Plaintiffs' Motion to Compel City Defendants to Answer Plaintiffs' Interrogatories, Request for Production of Documents and Request for Admissions, and all responses thereto, it is hereby ORDERED that:

1. Plaintiffs' Document Request No. 1 is GRANTED. Plaintiffs may undertake a case reading of the children's records maintained by City Defendants. Defendants, if they already have not done so, will supply Plaintiffs with information concerning the number of children who entered DHS custody in 1994. Defendants, subsequently, will allow Plaintiffs to review a specified number of case records to be determined by Plaintiffs. Counsel for Plaintiffs and Counsel for Defendants shall, within ten (10) days of the entry of this Order, meet to work out the necessary details;

**\*7** 2. Plaintiffs' Motion to Compel Document Request Nos. 3, 4, 5, 6, 22 and 23 is GRANTED. Defendants are ORDERED to produce said documents within ten (10) days from the date of this Order;

3. Plaintiffs' Motion to Compel City Defendants to Update Responses to Plaintiffs' Request for Admissions is GRANTED, in accordance with FED. R. CIV. P. 26(e). Defendants are ORDERED to update their responses to said admissions within ten (10) days from the date of this Order;

4. Plaintiffs' Motion to Compel Document Requests 18 and 19 is DENIED, as stated. Plaintiffs will have ten (10) days from the date of this Order to amend these document requests, setting forth definitions and information more specifically explaining their requests;

5. Plaintiffs' Motion to Compel Document Request

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1996 WL 4050 (E.D.Pa.)  
**(Cite as: 1996 WL 4050 (E.D.Pa.))**

Page 6

No. 7 and Interrogatories 2 and 3 is GRANTED. Defendants are ORDERED to produce said documents and answer said interrogatories within ten (10) days from the date of this Order;

6. It appearing to this Court that Document Request 24, subparts (j), (k), (t), and (x); Document Request 26, The DPW "Child Abuse Report;" Document Request 27, "CYD Monthly Performance Reports;" Document Request 28, "In-Home Contact Reports;" and Document Request 29, "CY-28" reports, have been satisfied, the Motion to Compel their answers is DENIED as moot; and

7. With regard to all remaining discovery disputes, the parties are directed to review Plaintiffs' motions and all the discovery produced by Defendants to date to determine what, if any, discovery issues have resolved regarding these motions. Within ten (10) days of the entry of this Order, the parties will notify this Court of their respective positions regarding the status of Defendants' compliance with Plaintiffs' discovery requests and what specific issues remain.

ORDER

AND NOW, this 2nd day of January, 1996, upon consideration of Plaintiffs' Motion to Overrule Commonwealth Objections to Plaintiffs' Request for Documents and to Compel the Production of Documents from Commonwealth Defendants, and all responses thereto, it is hereby ORDERED that:

1. Plaintiffs' Document Request No. 1 requesting "[a]ll strategic planning documents pertaining to DHS ..." is DENIED, as stated. Plaintiffs will have ten (10) days from the date of this Order to amend this document request, setting forth definitions and information more specifically explaining their request;

2. Plaintiffs' Document Request Nos. 2 through 4, requesting fiscal information pertaining to the manner in which the Commonwealth defendants have requested, received and distributed federal funds obtained under the Adoption Assistance & Child Welfare Act, is GRANTED. Defendants are ORDERED to produce said documents within ten (10) days from the date of this Order;

3. Plaintiffs' Document Request Nos. 5 through 9, requesting information pertaining to Commonwealth Defendants' oversight of DHS operations as required under the Adoption Assistance & Child Welfare Act and the Child Abuse Prevention & Treatment Act, is GRANTED. Defendants are ORDERED to produce said documents within ten (10) days from the date of this Order;

*8 4. Plaintiffs' Document Request Nos. 13 and 14, requesting information pertaining to Commonwealth Defendants' reimbursement to DHS for the provision of approved services required under state law, and information pertaining to Commonwealth Defendants' plan for reducing the length of time in foster care required under state law, is GRANTED. Defendants are ORDERED to produce said documents within ten (10) days from the date of this Order;

5. Plaintiffs' Document Request Nos. 31 through 34, requesting protective services information pertaining to child abuse and neglect investigations of children in foster care, is GRANTED, substituting Department of Public Welfare ("DPW") for Department of Human Services ("DHS"). Defendants are ORDERED to produce said documents within ten (10) days from the date of this Order; and

6. It appearing to this Court that Plaintiffs' Document Request Nos. 17, 18, and 19 have been or soon will be satisfied, Plaintiffs' Motion to Compel the production of such documents is DENIED as MOOT.

**Motions, Pleadings and Filings (Back to top)**

• 2:90CV02343 (Docket) (Apr. 04, 1990)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.