

# CHILDREN'S RIGHTS

Marcia Robinson Lowry
President &
Executive Director

**Board of Directors**
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

April 14, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I write to follow up on my letter of March 25, 2005, regarding Plaintiffs' Second Request for Production of Documents and related review of several hundred randomly selected DHS case records.

Attached for your review is a draft Stipulation and Order regarding the case record review. It includes a draft Notice to DHS staff and case reviewers regarding the integrity and confidentiality of the records. Please advise whether this protocol is acceptable. Also, please let me know if a suitable review location has been identified. Plaintiffs currently contemplate a June 1, 2005 start date.

As to the requested data tape of all children in custody necessary for Plaintiffs to pull their sample, please advise whether DHS can do the requested run, with all the data points specified in the draft Stipulation, on or shortly before May 13, 2005, the date Plaintiffs would like for its production.

Thank you for your kind consideration.

Sincerely yours,

Eric Thompson /AW
Eric Thompson
Plaintiffs' counsel

Enclosures

cc:  Wayne Drinkwater & Melody McAnally, Bradley Arant
     Stephen Leech, Esq.
     John Lang, Loeb & Loeb

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                                       PLAINTIFFS

v.                                                                     CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.           DEFENDANTS

**STIPULATION AND ORDER**

Plaintiffs having served on December 22, 2004, a request for the production of a statistically significant number of DHS case records for children in DHS custody for the purposes of a case record review; the Court having certified a class of all children in DHS custody on March 11, 2005; and the parties agreeing that a protocol is necessary to safeguard the integrity and confidentiality of the DHS case records to be reviewed by Plaintiffs, it is hereby STIPULATED, AGREED and ORDERED as follows:

1. Defendants shall produce a computer-readable data tape of all children currently in DHS custody, identifying the child's name, date of birth, case record identification number, the DFCS office(s) the child's case is assigned to, the child's permanency plan, and all dates of entry into DHS custody by May 13, 2005.

2. Beginning June 1, 2005, Defendants will produce the original DHS case files of up to **[four hundred]** members of the plaintiff class as selected by Plaintiffs' expert. Defendants will deliver the selected files on a rolling basis for Plaintiffs' review at a case reading location to be selected by defendants in Jackson, Mississippi. Such location shall have adequate desk space for 10 reviewers and a review supervisor, sufficient electrical outlets and space for two upright

photocopiers, and at least two outside phone lines and a separate internet connection. [**NOTE: Access to MACWIS by the reviewers, if it can be arranged will help ensure that the entire case record is reviewed. If this is absolutely not feasible, then I suggest that the DHS liaison be specifically tasked with printing out the MACWIS documentation for all files as they are selected for review so that it is done in a complete and consistent manner.**]

    3. By the commencement of the case record review, the parties will each appoint a liaison or liaisons to coordinate the rolling production of the selected DHS case files. Each selected case file will be delivered in its entirety from the DFCS office in which it is regularly maintained to the case reading location by the Friday before the week it is scheduled to be reviewed. Plaintiffs will give Defendants at least 3 business days' notice for delivery of selected records for review.

    4. Plaintiffs will conduct the case record review and have access to the case record review location during business hours, and any other hours subject to agreement and reasonable accommodation by the parties.

    5. Once selected for production, the records shall not be altered or modified in any way either before or during the review. The parties will ensure that all persons who either (a) have direct responsibility for any case file to be produced; (b) are responsible for collecting and/or sending case files for review; or (c) are reviewing the case files, will - prior to learning the identity of any case to be reviewed - receive a copy of the attached Notice regarding the production, integrity and confidentiality of the records.

    6. This Stipulation is not a waiver of any right or objection not expressly waived herein.

**SO ORDERED:** _____    _____
                      Date                                  UNITED STATES MAGISTRATE JUDGE

# CASE RECORD REVIEW NOTICE

DHS Employees and Agents:

As you may be aware, DHS is a defendant in a lawsuit called *Olivia Y., et al. v. Barbour, et al.* We are now in the "discovery" phase of the case, during which information about DHS is being gathered by the plaintiffs. As part of the discovery process in the case, there will be a case record review in which up to 400 records will be read by the plaintiffs' experts. DHS and the other parties in the case need your cooperation in this effort. This memo highlights some of the ways you can help the process proceed efficiently and help DHS ensure its compliance with its legal obligations.

During the case reading process, you may be asked to retrieve case files for review. If you are asked to produce a case for the review, please furnish the <u>original</u> case files, making sure you provide the <u>entire</u> record as it <u>currently</u> exists. <u>IMPORTANT: No additions or changes to a selected record can be made once it has been requested for review.</u>

All case record review files are subject to a Court Order of confidentiality. <u>Because all individual identifying information will remain confidential, there is no reason to withhold any part of a case record.</u>

Between the time a case is requested for review and when it is returned to your office - usually no more than a week - you should continue to perform all needed casework. Maintain all documentation collected during this period and add that documentation to the record when it is returned to you after review.

Your cooperation will not only help ensure that DHS meets its obligations to the Court, but also that the results of the review are valid and useful to the parties. Thank you in advance for your help with this project. If you have any questions at any time, please contact DHS Liaison _____ at _____.


Case Record Reviewers:

The DHS records you are reviewing are the original agency files. They cannot be modified by you in any way.

All case record review files are also subject to a Court Order of confidentiality, with which you should be familiar before reviewing any records and by which you are bound.

Your cooperation will not only help ensure that the results of the review are valid and useful to the parties, but also that the DHS records and their content is protected. Thank you in advance for your help with this project. If you have any questions at any time, please contact your Case Record Review Supervisor _____ at _____.



# CHILDREN'S RIGHTS

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

April 27, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I write to follow up on Plaintiffs' multiple requests that the parties agree to a regular deposition schedule and a case record review protocol.

First, as you know, the two Rule 30(b)(6) depositions originally noticed by Plaintiffs for April 26 and 27, 2005, with almost a month's advance notice, have been recently postponed for three weeks to May 16 and 17, 2005, to accommodate your schedule. While Plaintiffs did agree to these particular postponements, it is clear that we will have great difficulty complying with the court's Case Management Order unless the parties agree to regular deposition dates for the next few months for which we can schedule individual witnesses in a way that accommodates their schedules. I thus proposed setting aside deposition dates for the months of June, July, and August in my April 8, 2005 letter, again by letter of April 15, 2005, and finally by email on April 25, 2005, with no response from you.

Second, the parties need to reach agreement on a stipulation governing the process for the production and review of plaintiff class members' DHS case records under the supervision of Plaintiffs' experts. I am still hopeful that the parties can agree on such a case record review process, but again I have yet to receive any response to my letters of March 25 and April 14, 2005, addressing these issues. Among the issues that need immediate resolution so that the review can begin as planned on June 1, 2005, are the provision of a data tape identifying all current class members from which a random sample can be selected, the availability of suitable office space for the review, and the designation of a DHS liaison who will coordinate the rolling production of DHS case files for review.

Please let me hear from you in response by May 2, 2005.

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

cc: Wayne Drinkwater & Melody McAnally, Bradley Arant
     Stephen Leech, Esq.
     John Lang, Loeb & Loeb




Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

May 3, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

Having not received any response to my letter of April 27, 2005, regarding Plaintiffs' multiple prior unanswered requests that the parties agree to a regular deposition schedule and a case record review protocol, Plaintiffs intend to file a Motion for a Rule 16 Discovery Status Conference to address these issues.

Please endorse the enclosed Good Faith Certificate indicating whether Defendants oppose this Motion by May 5, 2005.

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

Encl.
cc:  Wayne Drinkwater & Melody McAnally, Bradley Arant
     Stephen Leech, Esq.
     John Lang, Loeb & Loeb

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                                                    PLAINTIFFS

v.                                                                            CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.        DEFENDANTS

## GOOD FAITH CERTIFICATE

All counsel certify that they have conferred in good faith to resolve the issues in question and that it is necessary to file the following motion:

Plaintiffs' Motion for Rule 16 Discovery Status Conference

Counsel further certify that:

____1. The motion is unopposed by all parties.

____2. The motion is unopposed by:

____3. The motion is opposed by:

____4. The parties agree that replies and rebuttals to the motion shall be submitted to the magistrate judge in accordance with the time limitations stated in Uniform Local Rule 7.2

THIS, the ____ day of May, 2005.

ERIC THOMPSON (MBN # 43993 *pro hac vice*)
One of the Attorneys for Plaintiffs


BETTY A. MALLETT (MSB #8867)
One of the Attorneys for Defendants



# CHILDREN'S RIGHTS

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

May 4, 2005

**VIA FAX – (601) 352-7757**
**and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar St.
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I have belatedly received your letter dated May 2, 2005, which your office finally sent over by facsimile this afternoon.

Please reserve the 13 dates you list for deposition. I will provide you with a witness list shortly as requested so that you can determine the witnesses' availability for those dates. As you will see from our witness list, we will also need additional dates from you. Are you available June 3, any two consecutive days the weeks of June 6 and 27, and any two consecutive days the week of August 1, 22, and 29? Consecutive days will reduce additional travel costs.

Please note that I am also still awaiting confirmation from you as to the deponents Defendants are designating for the various aspects of Plaintiffs' Rule 30(b)(6) deposition notice regarding case recording and their availability on May 16 and 17, 2005, so that we can finalize the witness order for those two days.

Finally, while your response on deposition scheduling obviates the immediate need to address that issue with the Court, we have still not received any response regarding the process for Plaintiffs' case record review. Resolving the timing and manner of Plaintiffs' access to the requested data tape from which to draw the sample and to the DHS case records themselves is now critical in light of the Amended Case Management Order discovery deadlines, yet we do not have an agreement on those issues as repeatedly requested. As a result, please endorse and fax to me the Good Faith Certificate sent to you yesterday by tomorrow. We will be filing our Motion for Rule 16 Discovery Status Conference seeking the Court's assistance on this issue on Friday.

Sincerely yours,

Eric Thompson
Counsel for Plaintiffs

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

- 2 -

cc:  Wayne Drinkwater & Melody McAnally, Bradley Arant
     Stephen Leech, Esq.
     John Lang, Loeb & Loeb



**CHILDREN'S RIGHTS**

Marcia Robinson Lowry
President &
Executive Director

**Board of Directors**
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

May 5, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

COPY

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I write to memorialize the issues we discussed during our telephone conversation this morning regarding Plaintiffs' planned review of a sample of 400 DHS plaintiff case records.

Addressing Plaintiffs' proposed case record review Stipulation and Order, you indicated that there were unspecified timing and cost issues involved in producing a computer-readable data tape of the universe of current class members as requested, but that Defendants could produce a computer printout instead. I noted that this would not allow for the required computer generation of a random sample for the review, and that since the information was already in electronic form, the generation of the requested information should not be unduly burdensome. Plaintiffs need this tape by May 13, 2005. You agreed to get back to me today regarding whether a DHS data systems person is available to speak to our data expert to determine how DHS can produce the required data tape. Our data expert is confident that at the very least DHS has the capacity to convert a printout to an ASCII or Word document file that will meet our needs.

You also indicated that DHS may now prefer to have the records reviewed at the nine Regional offices instead of at a central location in Jackson, but you had no specific information on the availability of adequate office space for the reviewers at those locations despite Plaintiffs' planned June 1, 2005 start date. Such logistical details must be resolved immediately to allow for Plaintiffs' expert review team to make necessary staffing and travel arrangements. As I explained to you, the appointment of a DHS liaison will also be indispensable to coordinate and immediately resolve any problems with the complete and timely production of the selected records at the review site(s). A continuing concern we will also need to resolve is the reviewers' access to the complete MACWIS files in addition to the paper files for the cases selected for review. You were also unable to tell me whether Defendants agree to the proposed Case Record Review Notice that would alert DHS and case record review staff as to the need to secure the integrity and confidentiality of the records selected for review.

As I told you this morning, I am extremely concerned that these issues have yet to be resolved and that you had not addressed these issues with us since our initial conversation on March 24, 2005, despite repeated requests. Timing is now of the essence and any further delay

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

- 2 -

will prejudice Plaintiffs. I look forward to being able to resolve all these issues satisfactorily by next Tuesday when we have scheduled to speak again so that we can file an agreed-upon Stipulation and Order with the Court establishing the required process.

                                        Sincerely yours,

                                        Eric Thompson
                                        Plaintiffs' counsel

cc:    Wayne Drinkwater & Melody McAnally, Bradley Arant
        Stephen Leech, Esq.
        John Lang, Loeb & Loeb



Marcia Robinson Lowry
President &
Executive Director

**Board of Directors**
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

May 10, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I write pursuant to our telephone conversation this morning regarding Plaintiffs' review of a representative sample of DHS case records for the plaintiff class. Defendants assented to this review after this Court's class certification decision back in March 2005, but they have yet to provide Plaintiffs with the necessary information for timely access to the documents consistent with the Amended Case Management Order (CMO) discovery deadlines.

As you will recall from my letters of March 25, 2005, April 14 and 27, 2005, May 3, 4 and 5, 2005, Plaintiffs have repeatedly tried to reach an agreement with Defendants regarding the process necessary to ensure timely access to a representative sample of DHS case records. As of my letter of May 3, 2005, Plaintiffs had yet to receive <u>any</u> response from Defendants and requested that you sign a Good Faith Certificate as to Plaintiffs' planned motion for a Rule 16 discovery status conference to address these threshold scheduling issues.

We have now finally spoken on May 5, 2005 and today, but Defendants are still unwilling to give Plaintiffs any assurances that: (1) Defendants will produce a data tape from which a representative sample can be selected by May 13, 2005, or thereafter; (2) Defendants have an adequate review location or locations to accommodate Plaintiffs' review team; and (3) Defendants will designate a DHS liaison who can ensure the timely rolling production of DHS case files for review to commence on June 1, 2005.

As you are well aware, the CMO requires that Plaintiffs produce their expert reports by August 15, 2005. As we have discussed, Plaintiffs' expert review of between 300 and 400 DHS case records will require between six to ten weeks. Because of Defendants' inability to timely address the necessary steps required for Plaintiffs' review despite repeated requests, it is therefore now clear that Plaintiffs will require the Court's assistance in setting an acceptable schedule for the production of DHS case records and the data tape necessary to select the review sample in the first place. Please endorse and fax to me by tomorrow the enclosed Good Faith Certificate that was first sent to you on May 3, 2005, as we will be filing our motion for a Rule 16 discovery status conference immediately thereafter.

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

Finally, as to Defendants' failure to respond to Plaintiffs' letters of April 13 and 29, 2005 regarding deficiencies in Defendants' production of documents responsive to Plaintiffs' First Request for Production of Documents, you refused my request for a commitment to a response by the end of this week, May 13, 2005. As I stated to you today, the responsive documents Defendants have yet to produce are needed for depositions starting at the beginning of next week, May 16, 2005. Defendants' delay now requires Plaintiffs to seek the Court's assistance as to this matter as well. I have enclosed a second Good Faith Certificate regarding Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First Request for Production of Documents. Please endorse it and return to me by facsimile by May 13, 2005.

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

Encls.
cc:     Wayne Drinkwater & Melody McAnally, Bradley Arant
        Stephen Leech, Esq.
        John Lang, Loeb & Loeb

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                                                   PLAINTIFFS

v.                                                                               CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.           DEFENDANTS

## GOOD FAITH CERTIFICATE

All counsel certify that they have conferred in good faith to resolve the issues in question and that it is necessary to file the following motion:

<u>Plaintiffs' Motion for Rule 16 Discovery Status Conference</u>

Counsel further certify that:

____1. The motion is unopposed by all parties.

____2. The motion is unopposed by:

____3. The motion is opposed by:

____4. The parties agree that replies and rebuttals to the motion shall be submitted to the magistrate judge in accordance with the time limitations stated in Uniform Local Rule 7.2

THIS, the ____ day of May, 2005.

_____
ERIC THOMPSON (MBN #43993 *pro hac vice*)
One of the Attorneys for Plaintiffs


_____
BETTY A. MALLETT (MSB #8867)
One of the Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                      PLAINTIFFS

v.                      CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.      DEFENDANTS

## GOOD FAITH CERTIFICATE

All counsel certify that they have conferred in good faith to resolve the issues in question and that it is necessary to file the following motion:

Plaintiffs' Motion To Compel Documents Responsive To Plaintiffs' First Request For Production Of Documents

Counsel further certify that:

____ 1. The motion is unopposed by all parties.

____ 2. The motion is unopposed by:

__X__ 3. The motion is opposed by: Defendants

____ 4. The parties agree that replies and rebuttals to the motion shall be submitted to the magistrate judge in accordance with the time limitations stated in Uniform Local Rule 7.2

THIS, the ____ day of May, 2005.

_____
ERIC THOMPSON (MBN #43993 *pro hac vice*)
One of the Attorneys for Plaintiffs


_____
BETTY A. MALLETT (MSB #8867)
One of the Attorneys for Defendants