ATTORNEYS AT LAW

# McGLINCHEY STAFFORD PLLC

Betty A. Mallett
(601) 960-8424
Fax (601) 352-7757
bmallett@mcglinchey.com

JACKSON
NEW ORLEANS
HOUSTON
BATON ROUGE
CLEVELAND
MONROE
DALLAS
ALBANY

May 10, 2005

Eric Thompson
Children's Rights, Inc.
404 Park Avenue South
New York, NY 10016

Re:   *Olivia Y., et al. v. Haley Barbour, et a;* In the United States District Court for the Southern District of Mississippi, Jackson Division; Cause No. 3:04 CV 251LN

Dear Mr. Thompson:

This letter follows our telephonic conference this morning concerning Children's Rights request for a computer-readable data tape containing information regarding the approximate 3,000 children who are in the custody of the State of Mississippi and the production of case files for all children who are in the custody of the state.

At the outset, we have stated our position in response to the Plaintiff's Second Request for Production of Documents that CRI's requests for the data tape and the production of all files for the in-custody children in the manner proposed by CRI are overly-broad and unduly burdensome. As I have explained to you on previous occasions, the Defendants take the position that the Federal Rules of Civil Procedure require that we provide the Plaintiffs with documents in the manner in which they are maintained and utilized in the normal course of business.

Despite the objections, the Defendants have attempted to accommodate CRI's requests, but to no avail. As for the computer-readable data tape, CRI is requesting a data tape identifying each of the approximately 3,000 in-custody children by name, date of birth, case record identification number, the DFCS office the child's case is assigned to, the child's permanency plan and all dates of entry into DHS custody. I have advised you previously that MDHS can readily provide printouts of reports containing the data requested by CRI. To provide the information in the format requested by CRI, however, would require additional programming. The Federal Rules do not require us to create documents for you.

As for the case file review, CRI has requested that the Defendants produce the files of all children currently in DHS custody, or in the alternative, the DHS case records of a statistically significant number of such children to be selected by the Plaintiffs. You have stated that you would like to review up to 400 case files.

The case files of the approximately 3,000 in-custody children are maintained at 84 county offices throughout the state. To accommodate the request by CRI, MDHS has considered the possibilities of making the files available at a centralized location, such as the state office of MDHS in Jackson or to have the files moved to the nine MDHS regional offices. After considering the costs of

production, the potential interruption of MDHS operations and the logistics of moving multiple-volume files to Jackson or to MDHS regional offices, the Defendants are willing to accommodate CRI's request for a case file review in one of two ways: 1) the Defendants can make available the requested case files at each of the county offices beginning very soon or 2) the Defendants can hire a contractor to scan up to 400 case files and create a searchable database for each case file, which would require a two to three-month extension of the current case management order deadlines in this case.

We believe the latter option is reasonable, though quite expensive, since the rapid scanning of files and the creation of a searchable database will significantly reduce disruptions of MDHS operations, significantly reduce travel and research time for CRI, and provide an easily-accessible database relating to all of the children involved in the case record review.

You have advised me, however, that CRI is not interested in discussing the creation of the database as an option, and that you will only pursue the physical review of case files. Accordingly, you have advised that you will seek the assistance of the Court to establish a definite timetable for the physical review of some 400 case files. Please be advised that, given the offer of accommodations to CRI through the creation of the database, the Defendants will specifically ask the Court to assess all costs associated with the case file review to CRI and that, in the event that CRI subsequently seeks reimbursement of costs associated with the case file review, the Defendants will not be liable for such costs.

We believe that the Defendants have gone beyond what is required of them by the Federal Rules of Civil Procedure and have offered reasonable alternatives to accommodate CRI's requests for production. We trust that you will reconsider your position and agree to an extension of time to allow for the creation of the database and the scanning of case file records.

We also discussed this morning your letter of April 13, 2005 which discussed alleged deficiencies in the Defendants' First Request for Production of Documents. As I stated, we have provided MDHS with a list of the alleged deficiencies and will let you know in short order if MDHS has additional documents to produce.

We have agreed that the 30(b)(6) depositions of Billy Mangold, Gail Young, Robin Wilson and Nancy Meadors will proceed on May 16 and May 17, 2005. We have received the deposition schedule and will make the witnesses available at those times.

I have also received your letter of May 5, 2005 concerning additional deposition dates. As I advised you earlier, I have cleared my calendar for the deposition times you noted in your letter, but I will have to confirm the availability of potential witnesses on the specific dates. I will follow-up on these deposition dates in short order.

Sincerely,

McGLINCHEY STAFFORD, PLLC

Betty A. Mallett

BAM/dmf