IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., ET AL                                                                              PLAINTIFFS

V.                                            CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, ET AL.                                        DEFENDANTS

**RESPONSE TO PLAINTIFFS' MOTION
REQUESTING A SCHEDULING CONFERENCE**

**COME NOW**, Defendants, by counsel, and respond to Plaintiffs' Motion Requesting a Scheduling Conference (the "Motion") and would show unto the Court the following:

1. The Plaintiffs have filed a motion to compel disguised as a request for a discovery conference. The case on which Plaintiffs rely in asserting their Motion is governed by F.R.Civ.P. 37.

<u>Document Production By the Defendants</u>

2. Since the inception of this case, Defendants have produced over 40,000 pages of documents to Plaintiffs. In addition to the initial discovery disclosures filed on December 28, 2004, Defendants have filed their Responses to Plaintiffs' First Request for Production of Documents on March 4, 2005, with supplemental responses filed on March 23, 2005 and April 11, 2005; Response to Plaintiffs' Second Request for Production of Documents filed on January 24, 2005; and Response to Plaintiffs' Third Request for Production of Documents filed on April 3, 2005. Defendants have also filed quarterly updates of computerized documentation of Named Plaintiffs and Case Records with privilege logs on January 14, 2005 and April 11, 2005 (True and correct copies of the discovery responses are attached hereto as Exhibits A through K, respectively).

177008.2

3.   Since responding to the Plaintiffs' First Request for Production of Documents, Plaintiffs have continued to bombard Defendants with informal written requests for additional documents coined as "deficiency letters" rather than following the rules and filing appropriate requests under Rule 34.

### Case Record Review

4.   Central to the Plaintiffs' Motion regarding their requested case record review is their Second Request for Production of Documents propounded to the Defendants, which requests that the Defendants produce the following:

Document Request No. 1:   Any and all DHS case records of all children currently in DHS custody or, in the alternative, the DHS case records of a statistically significant number of such children to be selected by Plaintiffs for the purpose of case record review.

Document Request No. 2:   A computer-readable data tape of all children currently in DHS custody, identify the child's name, date of birth, case record identification number, the DFCS office(s) the child's case is assigned to, and all dates of entry into DHS custody.

5. As the documents requests demonstrate, Plaintiffs want not only access to all of the records of all foster children in Mississippi, estimated to be 3.3 million pages, they want Defendants to create a certain format to provide the records that goes beyond the requirements of Rule 34.

6.   After class certification, the number of Plaintiffs in this case increased from eight (8) to approximately 3,000, the number varying from week to week as some children leave and some enter the system. The most recent count was 2,961.

7.   Defendants have made a good faith effort to produce documents requested by the Plaintiffs and have, necessarily, sought extensions of time in which to respond to discovery, given the breadth of Plaintiffs' discovery requests.

177008.2

2

8. Defendants do not object to Plaintiffs' case record review and have discussed, through counsel, efforts to provide the children's records through different alternatives but the Motion makes demands upon Defendants that exceed the bounds of Rule 34.

9. Defendants have objected to the requests as being overly broad and unduly burdensome (*See* response to Second Request for Production of Documents attached hereto as Exhibit "E"). Nevertheless, Defendants have considered the options of making files available at a centralized location such as the Department of Human Services state offices or regional offices. After considering the costs of production and the interruption of MDHS operations and the logistics of moving multiple-volume files for thousands of children from all over the state to Jackson or to regional offices, Defendants - without knowing which of the files Plaintiffs will actually need to review - can only make the records available where they are as they are. (*See* correspondence of Defendants' counsel dated May 10, 2005, attached as an exhibit to Plaintiffs' Motion)

10. Rule 34 provides a party served with a document production request has two options: (1) to produce them as they are kept in the usual course of business; or, (2) to organize and label them to correspond with the categories in the request. *See, City of Wichita, Ks. v. Aero Holdings, Inc.* 2000 WL 1480499 (D.Kan. 2000) ("Rule 34 permits a party to produce the documents as they are kept in the 'usual course of business.'"); *Rowlin v. Alabama Dep't of Public Safety*, 200 F.R.D. 459, 462 (M.D.Ala. 2001) ("Thus, under Rule 34, it is up to the producing party to decide how it will produce its records, provided that the records have not been maintained in bad faith."); *Lenard v. Greenville Mun. Separate Sch. Dist.*, 75 F.R.D. 448, 451 (N.D.Miss.1977) ("The party complies with the rule if it affords opposing sides equal access to the information sought. In addition, the party making records available for inspection need not

177008.2

always make copies for the discovering party."); *In re G-I Holdings Inc.*, 218 F.R.D. 428, 439 (D. N.J. 2003) ("Debtors' production is appropriately responsive because the documents were produced as they are kept in the regular course of business."); *Hagemeyer North America, Inc. v. Gateway Data Sciences Corporation*, 222 F.R.D. 594, 598 (E.D.Wis. 2004) ("[A]ccording to the plain language of Rule 34, a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.").

11. Rule 34 does not require a responding party to create any documents such as summaries or indices or computer readable data tapes such as demanded by Plaintiffs. *See, Norman v. Young*, 422 F.2d 470 (10th Cir.1970) ("A party need not produce documents or tangible things that are not in existence or within its control.").

12. Plaintiffs are welcome to designate any statistically significant list they wish to select and to inspect those files. Until such designation is made, Defendants cannot identify in which office those records are located.

13. Rule 34 does not require Defendants to move 3.3 million pages of documents to "centralized locations" or for Defendants to designate "liaisons" for the convenience of Plaintiffs. *See, Border Collie Rescue, Inc. v. Ryan*, 2005 WL 307660 (M.D.Fla.) ("Under Rule 34, Federal Rules of Civil Procedure, the documents should be made available for inspection and copying at a reasonable place."). *See also, Rowlin Alabama Dep't of Public Safety*, 200 F.R.D. at 462 ("Plaintiff's counsel may either bring photocopying equipment or mark the pages that they would like copied and pay Defendants a mutually agreeable copying rate.").

14. Defendants have made efforts, including a discussion of actually creating an electronic database at a very significant cost to be borne by Defendants, but which would require additional time to create. Plaintiffs rebuffed all such efforts and persisted in their demand for

177008.2

4

document review. (*See* correspondence from Defendants' counsel to Plaintiffs' counsel dated May 10, 2005, attached to the Plaintiffs' Motion). Therefore, in accordance with Rule 34 Defendants have elected to produce the documents as kept in the ordinary course of business.

15. Plaintiffs characterize their motion as a request for a "Rule 16 Discovery Status Conference" pursuant to Fed.R.Civ.P. 16(a). However, Plaintiffs' motion does not fit any of the provisions of Rule 16(a). Plaintiffs have not filed a motion to compel as required by the Rules, because there is no basis for such a motion. Defendants have complied with the requirements of Rule 34, therefore a scheduling conference is neither appropriate nor necessary.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiffs' Motion for Rule 16 Discovery Status Conference be denied.

THIS, the 16th day of May, 2005.

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of MS; DONALD TAYLOR, as Exec. Dir. of the Dept. of Human Services; and BILLY MANGOLD as Director of the Div. of Family and Children's Services**

s/Betty A. Mallett

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Amy Kebert Elder (MSB #99149)
Gretchen L. Zmitrovich (MSB #101470)
City Centre South, Suite 1100
200 South Lamar Street (39201)

177008.2

Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr., Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS 39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS
404 Park Avenue
New York, New York 10016

Marcia Robinson Lowry, Esq.
Corene Kendrick, Esq.
CHILDREN'S RIGHTS
404 Park Avenue
New York, New York 10016

John Lang, Esq.
Eric S. Manne, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

**SO CERTIFIED**, this the 16th day of May, 2005.

s/Betty A. Mallett

177008.2