44

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

OLIVIA Y., et al                                         PLAINTIFFS

vs                                          CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, et al.                                    DEFENDANTS

### DEFENDANTS' RESPONSES TO PLAINTIFFS'
### THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW Haley Barbour, as Governor of the State of Mississippi, Donald Taylor as Executive Director of the Mississippi Department of Human Services and Billy Mangold, as Director of the Division of Family and Children's Services ("Defendants"), by and through their attorneys of record, and file their responses to Plaintiff's Third Requests for Production of Documents, as follows:

### <u>General Objections</u>

Defendants object to the Requests for Production of Documents propounded by the Plaintiffs to the extent that these discovery requests seek information or documents not in the possession, custody, or control of Defendants. Defendants further object to these discovery requests to the extent that such requests solicit documents related to the purported Protective Services Class identified in the Amended Complaint but dismissed from this action by order of the Court dated November 19, 2004, and documents related to claims of the In-Custody Class identified in the Amended Complaint but dismissed from this action by order of the Court dated November 19, 2004.

By producing documents in response to Plaintiffs' requests, Defendants do not admit to the relevance or admissibility of the same.

171410.2                                1



Without waiving objections, Defendants respond as follows:

Document Request No. 1:    All documents concerning Defendants' Eleventh Defense in this action including, but not limited to:  (a)  all documents concerning the "availability of funds" referred to therein including, without limitation, documents concerning the nature, extent and cause of any limitation on said availability;  and (b) all documents concerning "the funds necessary to effectively operate and manage the child welfare system of the State of Mississippi," including, without limitation, documents concerning the amount of funds necessary to prevent harm to foster children as well as the calculation thereof.

Response No. 1:    Defendants object to this request to the extent it seeks production of documents protected as attorney work product and to the extent it seeks to discover the thought process of defense counsel.

Without waiving objections, see Response to Request No. 3.

Document Request No. 2:    Full and complete copies of Mississippi State budgets for each year from 1994 through 2004.

Response No. 2:    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants state that Defendants do not maintain documents responsive to Document Request No. 2 and do not have custody or control of documents that may be in the possession of third parties.  Plaintiffs may obtain copies of the requested documents from the Mississippi Legislative Budget Office.  The requested documents are a matter of public record.

Document Request No. 3:    All documents concerning Mississippi State child welfare and foster care budgets, budget presentations, budget requests, denials of budget requests, budget negotiations, budgetary analysis, projections, expenditures, strategic plans, projections, allocations and spending, including, but not limited to:  (a) Mississippi State funding for purposes of Mississippi Department of Human Services' ("DHS") Division of Family and Children's Services ("DFCS") child welfare programs ("State Funding");  and (b) federal funding of any kind, including federal Title IV-E funding, Social Security Act funding (including the state's plan for implementing the Foster Care Independence Act of 1999 ("FCIA") or Chafee

Foster Care Independence Program), Social Services Block Grant ("SSBG" or Title XX) and/or TANF Block Grant, for purposes of DHS child welfare programs ("Federal Funding").

<u>Response No. 3:</u>     Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)     MDHS-DFCS FY 2000 Budget Request (Bates No. DHS 031111-031176);

2)     MDHS-DFCS FY 2001 Budget Request (Bates No. DHS 031177-031244);

3)     MDHS-DFCS FY 2002 Budget Request (Bates No. DHS 031245-031314);

4)     MDHS-DFCS FY 2003 Budget Request (Bates No. DHS 031315-031394);

5)     MDHS-DFCS FY 2004 Budget Request (Bates No. DHS 031395-031466);

6)     MDHS-DFCS FY 2005 Budget Request (Bates No. DHS 031467-031538);

7)     MDHS-DFCS FY 2006 Budget Request (Bates No. DHS 031539-031606);

8)     Memorandum from Teressa Jackson to Peter Boulette dated July 18, 2003 regarding FY 2005 Budget Request Package (Bates No. DHS 030657-030692);

9)     Memorandum from Billy Mangold to Peter Boulette dated June 21, 2004 regarding FY 2006 Budget Request Package (Bates No. DHS 030693-030751);

10)     Social Services Block Grant (SSBG) Proposal – Federal Fiscal Year 2005 (Bates No. DHS 030574-030643);

11)     MDHS 5-Year Strategic Plan for Fiscal Years 2004-2008 (Bates No. DHS 030848-030917); and

12)     State of Mississippi Plan for 2005-2009, Chafee Foster Care Independence and Educational and Training Vouchers Program (Bates No. DHS 031863-031874).

<u>Document Request No. 4:</u>   All   documents   concerning   comparisons   between Mississippi and other states in regard to foster care funding, budgets and/or expenditures.

<u>Response No. 4:</u>   Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    Foster Care Services, Fiscal Aspects of Foster Care, Foster Board Payment Breakdown (Bates No. DHS 031875);

2)    Copy of Miss. Code Ann. § 43-15-17 (Bates No. DHS 031876);

3)    Memorandum from Executive Director of Mississippi Association of Child Care Agencies, Inc. to MDHS dated April 25, 2000 regarding "Funding for Levels of Community Residential Care and *per diem* Operating Costs" (Bates No. DHS 031877-031881);

4)    Table 6 – Estimated annual expenditures on a child by husband-wife families, Rural areas, 2003 (Bates No. DHS 031882);

5)    Table 4 – Estimated annual expenditures on a child by husband-wife families, urban South, 2003 (Bates No. DHS 031883);

6)    Table 7 – Estimated annual expenditures on a child by single-parent families, overall United States, 2003 (Bates No. DHS 031884);

7)    Facts About Foster Care (Bates No. DHS 031885-031886);

8)    The Cost of Raising a Child Compared to Foster Care Maintenance Payments (Bates No. DHS 031887-031892);

9)    Table by State of Board Rates (Bates No. DHS 031893-031894); and

10)    National Center for Resource Family Support Table by State of Foster Care Reimbursement Rates (DHS 031895-031896).

Document Request No. 5:    Other than in connection with this action, all documents reflecting court and/or administrative proceedings concerning Mississippi foster care budgetary and/or fiscal matters.

Response No. 5:    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants state that Defendants do not maintain documents responsive to Document Request No. 5.

Document Request No. 6:    All documents of legislative hearings, proceedings, or testimony and/or legislative submissions concerning DHS and DFCS budgetary and/or fiscal matters in regard to child welfare and/or foster care.

Response No. 6:    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    House Bill No. 1747 (Bates No. DHS 032906-032913);

2)    House Bill No. 1551 (Bates No. DHS 032914-032920);

3)    Senate Bill No. 2905 (Bates No. DHS 032921-032923);

4)    House Bill No. 1795 (Bates No. DHS 032924-032939);

5)    House Bill No. 1625 (Bates No. DHS 032940-032955);

6)    House Bill No. 1634 (Bates No. DHS 032956-032971);

7)    Senate Bill No. 3182 (Bates No. DHS 032972-032975); and

8)    House Bill No. 1642 (Bates No. DHS 032976-032991).

Document Request No. 7:    All documents concerning federal Title IV-E penetration rates and reimbursements for administrative and training expenses for the fiscal years 2000 through the current fiscal year.

<u>Response No. 7:</u>    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated February 28, 2001 enclosing Revised IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending December 31, 1999 (Bates No. 030918-030924);

2)    Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated April 28, 2000 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending March 31, 2000 (Bates No. 030925-030933);

3)    Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated August 25, 2000 enclosing Revised IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending June 30, 2000 (Bates No. 030934-030943);

4)    Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated January 29, 2001 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending December 31, 2000 (Bates No. 030944-030951);

5)    Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated April 27, 2001 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending March 31, 2001 (Bates No. 030952-030960);

6)    Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated July 30, 2001 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending June 30, 2001 (Bates No. 030961-030969);

7)      Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated October 30, 2001 enclosing Revised IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending September 30, 2001 (Bates No. 030970-030978);

8)      Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated January 30, 2001 enclosing Revised IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending December 31, 2001 (Bates No. 030979-030986);

9)      Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated April 30, 2002 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending March 31, 2002 (Bates No. 030987-030991);

10)     Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated July 30, 2002 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending June 30, 2002 (Bates No. 030992-031000);

11)     Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated October 30, 2002 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending September 30, 2002 (Bates No. 031001-031010);

12)     Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated January 30, 2003 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending December 31, 2002 (Bates No. 031011-031020);

13)     Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated July 9, 2003 enclosing Revised IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending March 31, 2003 (Bates No. 031021-031038);

14)     Letter from Sandra Maddox, Director of Division of Budgets and Accounting to USDHHS dated July 30, 2003 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending June 30, 2003 (Bates No. 031039-031047);

15)     Letter from Linda Barnes, Acting Director of Division of Budgets and Accounting to USDHHS dated October 30, 2003 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending September 30, 2003 (Bates No. 031048-031057);

16)     Letter from Peter Boulette, Director of Division of Budgets and Accounting to USDHHS dated January 30, 2004 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending December 31, 2003 (Bates No. 031058-031076);

17)     Letter from Peter Boulette, Director of Division of Budgets and Accounting to USDHHS dated April 28, 2004 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending March 31, 2004 (Bates No. 031077-031086);

18)     Letter from Peter Boulette, Director of Division of Budgets and Accounting to USDHHS dated July 30, 2004 enclosing IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending June 30, 2004 (Bates No. 031087-031091);

19)     Letter from Peter Boulette, Director of Division of Budgets and Accounting to USDHHS dated October 29, 2004 regarding Revised IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending September 30, 2004 (Bates No. 031092-031102); and

20)     Letter from Peter Boulette, Director of Division of Budgets and Accounting to USDHHS dated January 27, 2005 regarding Revised IV-E Quarterly Report for Expenditures, ACF-IV-E-1 for the quarter ending December 31, 2004 (Bates No. 031103-031110).

Document Request No. 8:    All documents concerning Title IV-E funding increases, decreases or impairments for each and any of the fiscal years 2000 through the current fiscal year, including, but not limited to, instances in which Title IV-E funding was impaired, permanently or temporarily, for any reason, such as (a) the placement of otherwise Title IV-E

eligible children into foster care homes or facilities not meeting federal eligibility criteria; (b) lapsed legal custody orders; (c) untimely annual permanency hearings; (d) the failure by DHS to obtain an initial court order providing that removal was "in the best interests" of the foster child; (e) the failure to obtain a court order within 60 days of removal providing that "best efforts were used to avoid the need for removal" by DHS; and/or (f) failure to hold annual permanency hearings.

<u>Response No. 8:</u>    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    All such documents produced in Response to Document Request No. 7 above;

2)    Table of DFCS, Title IV-E Penetration Rate (data range from March 2001 through December 2004) (Bates No. DHS 030758);

3)    Foster Care Services, Fiscal Aspects of Foster Care, Foster Board Payment Breakdown (Bates No. DHS 030759);

4)    Table of DFCS, Children in Custody (data range from SFY 2000 through 2004) (Bates No. DHS 030760);

5)    DFCS report on permanency orders (from October 1, 2003 through June 30, 2004) (Bates No. DHS 030761);

6)    Table of DFCS IV-E changes as of September 30, 2002 (Bates No. DHS 030762);

7)    Table and Pie-chart of DFCS IV-E Status Report as of October 2004 (November 2004) (Bates No. DHS 030763); and

8)    Table and Pie-chart of DFCS IV-E Status Report as of October 2004 (December 2004) (Bates No. DHS 030764).

<u>Document Request No. 9:</u>    All reports and/or periodic reviews concerning Title IV-E foster care eligibility including, but not limited to: (a) the Mississippi Title IV-E Foster Care Eligibility Review for the period April 1, 2002 to September 30, 2002, as well as all supporting

eligible children into foster care homes or facilities not meeting federal eligibility criteria; (b) lapsed legal custody orders; (c) untimely annual permanency hearings; (d) the failure by DHS to obtain an initial court order providing that removal was "in the best interests" of the foster child; (e) the failure to obtain a court order within 60 days of removal providing that "best efforts were used to avoid the need for removal" by DHS; and/or (f) failure to hold annual permanency hearings.

Response No. 8:    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    All such documents produced in Response to Document Request No. 7 above;

2)    Table of DFCS, Title IV-E Penetration Rate (data range from March 2001 through December 2004) (Bates No. DHS 030758);

3)    Foster Care Services, Fiscal Aspects of Foster Care, Foster Board Payment Breakdown (Bates No. DHS 030759);

4)    Table of DFCS, Children in Custody (data range from SFY 2000 through 2004) (Bates No. DHS 030760);

5)    DFCS report on permanency orders (from October 1, 2003 through June 30, 2004) (Bates No. DHS 030761);

6)    Table of DFCS IV-E changes as of September 30, 2002 (Bates No. DHS 030762);

7)    Table and Pie-chart of DFCS IV-E Status Report as of October 2004 (November 2004) (Bates No. DHS 030763); and

8)    Table and Pie-chart of DFCS IV-E Status Report as of October 2004 (December 2004) (Bates No. DHS 030764).

Document Request No. 9:    All reports and/or periodic reviews concerning Title IV-E foster care eligibility including, but not limited to: (a) the Mississippi Title IV-E Foster Care Eligibility Review for the period April 1, 2002 to September 30, 2002, as well as all supporting

documents; and (b) Sue M. Perry's March 1, 2002 Eligibility Rate memorandum as well as all supporting documents.

Response No. 9:     Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)     Letter from USDHHS to MDHS dated January 14, 2004 regarding disallowance related to IV-E Eligibility Review of 2003 (Bates No. DHS 032892-032895);

2)     Mississippi Title IV-E Foster Care Eligibility Review for the Period April 1, 2002 to September 30, 2002 (printed from htt://www.acf.hhs.gov/programs/cb/cwrp/final/msfinal.htm on February 9, 2005) (Bates No. DHS 032896-032898); and

3)     Letter from USDHHS to MDHS dated October 31, 2003 regarding approval of mandated PIP (Bates No. DHS 032899-032905).

Document Request No. 10:   Documents stating, or otherwise sufficient to establish, the total number of foster care children taken into DHS custody for each of the fiscal years 2000 through the current fiscal year and, for each such year, the total number of foster children: (a) determined to be eligible for Title IV-E funds; and (b) designated and submitted as Title IV-E eligible to HHS for purposes of federal matching funds..

Response No. 10:     See Objections and Responses to Request No. 7.

Document Request No. 11:   Documents stating, or otherwise sufficient to establish, the amounts of State Automated Child Welfare Information Systems ("SACWIS") Title IV-E funds (and federal matching fund rate) secured by Mississippi for fiscal years 2000 through the current fiscal year.

Response No. 11:     See Objections and Responses to Request No. 7.

Document Request No. 12:   Documents stating, or otherwise sufficient to establish, for each of the fiscal years 2000 through the current fiscal year, State per diem rates paid to (a) family foster homes, (b) private foster care agencies, (c) kinship care homes and (d) group or institutional foster care providers and the applicable procedures for setting them for each foster child care providers and the applicable procedures for setting them for each foster child.

171410.2                                    10

<u>Response No. 12:</u>    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    Foster Care Services, Fiscal Aspects of Foster Care, Foster Board Payment Breakdown (Bates No. DHS 032883).

<u>Document Request No. 13:</u>    All documents reflecting DHS and/or state legislature methodologies to determine the amount of the current maintenance payment or per diem rates furnished by DHS under 42 U.S.C. §675(f)(A) to: (a) family foster homes; (b) private foster care agencies; (c) kinship care homes and (d) group or institutional foster care providers.

<u>Response No. 13:</u>    See Objections and Responses to Request No. 4.

<u>Document Request No. 14:</u>    Documents stating, or otherwise sufficient to establish, the State of Mississippi's TANF Block Grant in each of the state fiscal years 2000 through the current fiscal year and the total TANF "carryover fund" currently held by Mississippi with the federal government.

<u>Response No. 14:</u>    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    Letter from USDHHS to MDHS dated January 1, 2005 regarding notice of (TANF) grant award for FY 2005 (Bates No. DHS 030757);

2)    Letter from USDHHS to MDHS dated September 30, 2004 regarding notice of (TANF) grant award for FY 2004 (Bates No. DHS 030756);

3)    Letter from USDHHS to MDHS dated July 1, 2003 regarding notice of (TANF) grant award for FY 2003 (Bates No. DHS 030755);

171410.2                                         11

4)      Letter from USDHHS to MDHS dated July 1, 2002 regarding notice of (TANF) grant award for FY 2002 (Bates No. DHS 030754);

5)      Letter from USDHHS to MDHS dated July 1, 2001 regarding notice of (TANF) grant award for FY 2001 (Bates No. DHS 030753);

6)      Letter from USDHHS to MDHS dated July 1, 2000 regarding notice of (TANF) grant award for FY 2000 (Bates No. DHS 030752);

7)      TANF Financial Data For FY 1999 Federal Funds Spent in FY 2000 – Spending from Federal TANF Grant in FY 2000 through the Fourth Quarter (Bates No. DHS 032884-032885);

8)      TANF Financial Data for FY 2000 Federal Funds Spent in FY 2001 – Spending from Federal TANF Grant in FY 2001 through the Fourth Quarter (Bates No. DHS 032886-032887);

9)      TANF Financial Data for FY 2002 Federal Funds Spent in FY 2002 – Spending from Federal TANF Grant in FY 2002 through the Fourth Quarter (Bates No. DHS 032888-032889); and

10)     TANF Financial Data for Combined Federal Funds Spent in FY 2003 – Spending from Federal TANF Grant in FY 2003 through the Fourth Quarter (Bates No. DHS 032890-032891).

Document Request No. 15:    Documents stating, or otherwise sufficient to identify, by facility, the number of children in DHS custody in a juvenile detention facility placement for reasons other than a delinquency determination (i.e., DFCS has no available alternative placement) and for each such child the number of days in such a placement for each of the fiscal years 2000 through the current fiscal year).

<u>Response No. 15:</u>    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants state that Defendants do not maintain documents responsive to Document Request No. 15.

<u>Document Request No. 16:</u>    All documents concerning state and federal audits or reviews of DHS or DFCS fiscal practices related to the funding of DFCS programs including but not limited to documents prepared by independent third parties.

<u>Response No. 16:</u>    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    Letter from State Auditor to Executive Director, DHS dated December 20, 2004 regarding Financial Audit Management Report for Fiscal Year 2004 (Bates No. DHS 031859-031862);

2)    Letter from State Auditor to Executive Director, DHS dated December 9, 2003 regarding Financial Audit Management Report for Fiscal Year 2003 (Bates No. DHS 031828-031836);

3)    Letter from State Auditor to Executive Director, DHS dated December 9, 2003 regarding Single Audit Management Report for Fiscal Year 2003 (Bates No. DHS 031837-031858);

4)    Letter from State Auditor to Executive Director, DHS dated January 31, 2003 regarding Financial Audit Management Report for Fiscal Year 2002 (Bates No. DHS 031810-031814);

5)      Letter from State Auditor to Executive Director, DHS dated January 31, 2003 regarding Single Audit Management Report for Fiscal year 2002 (Bates No. DHS 031815-031827);

6)      Letter from State Auditor to Executive Director, DHS dated January 25, 2002 regarding Financial Audit Management Report for Fiscal Year 2001 (Bates No. DHS 031777-031785);

7)      Letter from State Auditor to Executive Director, DHS dated January 25, 2002 regarding Single Audit Management Report for Fiscal Year 2001 (Bates No. DHS 031786-031809);

8)      Letter from State Auditor to Executive Director, DHS dated January 24, 2001 regarding Financial Audit Management Report for Fiscal Year 2000 (Bates No. DHS 031753-031759);

9)      Letter from State Auditor to Executive Director, DHS dated January 24, 2001 regarding Single Audit Management Report for Fiscal Year 2000 (Bates No. DHS 031760-031776);

10)     Office of Inspector General – Review of Mississippi's Participation in Title IV-B dated September 2001 (Bates No. DHS 031747-031752);

11)     Agreement in the Matter of Mississippi Department of Human Services, USDHHS Appeals Board, Board Docket No. A-01-17 regarding disallowance of expenditures under Title IV-E (Bates No. DHS 031717-031719);

12)     Letter from USDHHS to Don Lewis, Esq. dated September 29, 2003 enclosing letter of same date from USDHHS to Executive Director, MDHS regarding request for a waiver of interest (Bates No. DHS 031720-031722);

171410.2                                14

13)    Letter from USDHHS to Executive Director, MDHS dated October 20, 2000 regarding "Review of Mississippi's Retroactive Claim for Foster Care Administrative and Training Costs and Maintenance Payments" (Bates No. DHS 031723-031734);

14)    Letter from USDHHS to Executive Director, MDHS dated January 10, 2005 regarding mandated PIP (Bates No. DHS 031656-031657);

15)    Letter from USDHHS to Executive Director, MDHS dated October 31, 2003 regarding mandated PIP (Bates No. DHS 031658-031664);

16)    Letter from MDHS to USDHHS dated May 14, 2003 regarding Title IV-E Foster Care Eligibility Review (Bates No. DHS 031665-031690);

17)    Letter from USDHHS to Mintz, et al. dated December 2, 2003 regarding appeals of disallowances for Maryland, New York and New Jersey (Bates No. DHS 031691-031695);

18)    Letter from USDHHS to Reines-Graubard dated November 3, 2003 regarding MDHS, Board Docket No. A-03-61 (enclosing Brief for the Administration for Children and Families) (Bates No. DHS 031696-031716); and

19)    "The Department of Human Services' Use of Revenue Maximization Contracts" - Joint Legislative Committee on Performance Evaluation and Expenditure Review (PEER) Report to the Mississippi Legislature dated December 6, 2000 (Bates No. DHS 031607-031655).

In addition, the State Auditor has drafted a performance audit dated July 15, 2002 (Bates No. DHS 031735-031746). To Defendants' knowledge, a final report has not issued. If such final report is issued, Defendants will forward the same to Plaintiffs.

Document Request No. 17:    All documents concerning the benefits of the DFCS Prevention Unit and/or other preventive services measure including, but not limited to, studies, projects and reports concerning the effectiveness of such measures in reducing the entry of children into DFCS foster care custody.

Response No. 17:    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    Stats for the State of Mississippi (Family Preservation Annual Reports) for Calendar Year 2000 (Bates No. DHS 030765);

2)    Stats for the State of Mississippi (Family Preservation Annual Reports) for Calendar Year 2001 (Bates No. DHS 030766);

3)    Stats for the State of Mississippi (Family Preservation Annual Reports) for Calendar Year 2002 (Bates No. DHS 030767);

4)    Stats for the State of Mississippi (Family Preservation Annual Reports) for Calendar Year 2003 (Bates No. DHS 030768); and

5)    Family Preservation Statistical Demographics – January through June 2004 (Bates No. DHS 030768A).

Document Request No. 18:    All documents reflecting DFCS's efforts to (a) maximize the availability of general funds;  and (b) maximize federal matching funds.

Response No. 18:    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    Memorandum of Understanding between MDHS and Partnership for a Healthy Mississippi (Bates No. DHS 031902-031903);

2)    Memorandum of Understanding between MDHS and Miss. Dept. of Mental Health (Bates No. DHS 031900-031901); and

3)    Memorandum of Understanding between MDHS and Jackson State University School of Social Work (Bates No. DHS 031898-031899).

Document Request No. 19:   All documents concerning DFCS cost-cutting measures.

Response No. 19:   Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants state that Defendants do not maintain documents responsive to Document Request No. 19.

Document Request No. 20:   All documents regarding services rendered to DHS, DFCS or the State of Mississippi by private entities or non-state employed individuals, such as consultants, outside professionals, or academics on a fee or volunteer basis, by contract or informally, on the subject areas listed in Nos. 2-19 above, including all work product, findings and reports generated.

Response No. 20:   Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

1)    Chart of Division of Family and Children's Services, Contractual Services, Fiscal Years 2002 (Bates No. DHS 030644-030646);

2)    Chart of Division of Family and Children's Services, Contractual Services, Fiscal Years 2003 (Bates No. DHS 030647-030649);

3)    Chart of Division of Family and Children's Services, Contractual Services, Fiscal Years 2004 (Bates No. DHS 030650-030653); and

4)    Chart of Division of Family and Children's Services, Contractual Services, Fiscal Years 2005 (as of February 2005) (Bates No. DHS 030654-030656).

171410.2              17

<u>Document Request No. 21:</u>    All DFCS Weekly Significant Activities Reports.

<u>Response No. 21:</u>    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

    1)    Weekly Significant Activity Reports from January 2004 through February 2005 (Bates No. DHS 031904-032622).

<u>Document Request No. 22:</u>    All DFCS and/or DHS Monthly Budget Status Reports.

<u>Response No. 22:</u>    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, Defendants will produce the following:

    1)    Monthly Budget Status Reports for Division of Family and Children's Services – Fiscal Year 2000 (July 1999 through June 2000) (Bates No. DHS 030769-030780);

    2)    Monthly Budget Status Reports for Division of Family and Children's Services – Fiscal Year 2001 (July 2000 through June 2001) (Bates No. DHS 030781-030802);

    3)    Monthly Budget Status Reports for Division of Family and Children's Services – Fiscal Year 2002 (July 2001 through June 2002) (Bates No. DHS 030803-030814);

    4)    Monthly Budget Status Reports for Division of Family and Children's Services – Fiscal Year 2003 (July 2002 through June 2003) (Bates No. DHS 030815-030826);

    5)    Monthly Budget Status Reports for Division of Family and Children's Services – Fiscal Year 2004 (July 2003 through June 2004) (Bates No. DHS 030827-030837); and

    6)    Monthly Budget Status Reports for Division of Family and Children's Services –

Fiscal Year 2005 (July 2004 through January 2005) (Bates No. DHS 030838-030847).

Document Request No. 23:    Organizational charts, staffing lists or other documents stating or sufficient to identify, by name and title, those individuals and/or departments responsible for child welfare and foster care budgets, allocations, expenditures and strategic planning in the Governor's Office, DHS and DFCS.

Response No. 23:    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving objections, in regards to documents maintained by DFCS, see Responses to Request No. 3 in Defendants' Response to Plaintiffs' First Request for Production of Documents.

Without waiving objections, in regards to documents maintained by DHS, Defendants will produce the following:  MDHS organizational chart dated July 1, 2004 (Bates No. DHS 031897).

Without waiving objections, Defendants state that the Office of the Governor does not maintain documents responsive to Request No. 23.

Document Request No. 24:    All computer readable data file reflecting all paid Title XIX Medicaid claims on behalf of enrolled foster children from January 1, 2002 through the present.

Response No. 24:    Defendants object to this Request in that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Document Request No. 25:    A computer readable data file reflecting all foster children currently enrolled for Title XIX Medicaid benefits.

Response No. 25:    Defendants object to this Request in that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,


**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and BILLY MANGOLD as Director of the Division of Family and Children's Services**

**McGlinchey Stafford, PLLC**


By:      Betty A. Mallett (MSB #8867)

OF COUNSEL:

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Amy Kebert Elder (MSB #99149)
Gretchen Zmitrovich (MSB #101470)
City Centré South, Suite 1100
200 South Lamar Street (39201)
Post Office Box 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., By and Through Her                                PLAINTIFFS
Next Friend, James D. Johnson, et al.

v.                                           CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, As Governor of the State of                  DEFENDANTS
Mississippi; DONALD TAYLOR, as Executive Director
of the Department of Human Services; and BILLY MANGOLD,
as Director of the Division of Children's Services

## NOTICE OF SERVICE

Notice is hereby given that Defendants, Haley Barbour, Donald Taylor and Billy

Mangold, have caused to be served in the above matter the following:

1.    Defendants' Responses to Plaintiffs' Third Request for Production of Documents.

This, the 4th day of April, 2005.

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of MS;
DONALD TAYLOR, as Exec. Dir. of the Dept. of
Human Services; and BILLY MANGOLD as Director
of the Div. of Family and Children's Services**

**McGlinchey Stafford, PLLC**

   /s/ Betty A. Mallett
By:    Betty A. Mallett (MSB #8867)

OF COUNSEL:

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

174628.1

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Amy Kebert Elder (MSB #99149)
Gretchen L. Zmitrovich (MSB #101470)
City Centré South, Suite 1100
200 South Lamar Street (39201)
Post Office Box 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS  39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York  10016

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS  39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Corene Kendrick, Esq.
Erik S. Pitchal, Esq.
CHILDREN'S RIGHTS, INC.

404 Park Avenue
New York, New York  10016

Eric S. Manne
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the 4th day of April, 2005.

/s/ Betty A. Mallett
Betty A. Mallett

## Discovery Documents

3:04-cv-00251-TSL-AGN Johnson, et al v. Barbour, et al

### U.S. District Court

### Southern District of Mississippi

Notice of Electronic Filing

The following transaction was received from Mallett, Betty entered on 4/4/2005 at 4:17 PM CDT and filed on 4/4/2005

**Case Name:** Johnson, et al v. Barbour, et al
**Case Number:** 3:04-cv-251
**Filer:** Haley Barbour
Donald Taylor
Billy Mangold
**Document Number:** 92

**Docket Text:**
NOTICE of Service of Response to Request for Production by Haley Barbour, Donald Taylor, Billy Mangold.(Mallett, Betty)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1081288797 [Date=4/4/2005] [FileNumber=99391-0] [ 5a973014e3f38b67617b7c50bdde8dd827bd18c8feb42ca1f78fe3cc72451594f2454f c48f58110c83b9ae27ab1b2b0b3ec0f252d83b83dc7e486ad20e57bcf5]]

**3:04-cv-251 Notice will be electronically mailed to:**

W. Wayne Drinkwater , Jr    wdrinkwater@bradleyarant.com, jaltobelli@bradleyarant.com

Stephen H. Leech , Jr    s.leech@sleech.com,

Betty A. Mallett    bmallett@mcglinchey.com, glong@mcglinchey.com

Melody McAnally    mmcanally@bradleyarant.com, kdurham@bradleyarant.com

Harold Edward Pizzetta , III    hpizz@ago.state.ms.us, fhell@ago.state.ms.us

Eric E. Thompson - PHV    ethompson@childrensrights.org, awong@childrensrights.org;snothenberg@childrensrights.org;ckendrick@childrensrights.org;epitchal@c

**3:04-cv-251 Notice will be delivered by other means to:**

Corene Kendrick(PHV)
CHILDREN'S RIGHTS, INC.
404 Park Avenue South, 11th Floor
New York, NY 10016

Marcia Robinson Lowry(PHV)
CHILDREN'S RIGHTS, INC.
404 Park Avenue South, 11th Floor
New York, NY 10016

Eric S. Manne(PHV)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

Erik S. Pitchal - PHV
CHILDREN'S RIGHTS, INC.
404 Park Avenue South, 11th Floor
New York, NY 10016