**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

OLIVIA Y., et al.                                                                              PLAINTIFFS


v.                                                                        CIVIL ACTION NO.  3:04CV251LN


HALEY BARBOUR, as Governor of the State of Mississippi, et al.            DEFENDANTS


**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION FOR A RULE 16 DISCOVERY STATUS CONFERENCE**

Defendants' Response in Opposition to Plaintiffs' Motion for a Rule 16 Discovery Conference ("Defendants' Response") mischaracterizes Plaintiffs' motion as "a motion to compel disguised as a request for a discovery conference."  (Defs' Resp. at ¶ 1.)  As Defendants' Response itself makes clear, however, "Defendants *do not object* to Plaintiffs' case record review."  (Defs' Resp. at ¶ 8 (emphasis added)).  Instead, Defendants have failed to commit to how the case records will be produced for Plaintiffs' expert review consistent with this Court's Amended Case Management Order ("CMO") deadlines, and in accordance with Uniform Local Rule 26.1(2).[1]

Defendants' attempt to conceal their delay tactics is as disingenuous as it is unpersuasive. Far from demanding a review of case records "for thousands of children" totaling an estimated "3.3 million pages," (Defs' Resp. at ¶¶ 5, 9, 13), Plaintiffs' request, to which Defendants have assented, is to review a statistically significant sample of no more than 400 plaintiff class members' case records.  (*See* Plaintiffs' Second Request for Production of Documents, at Ex. A to Plaintiffs' Motion; May 10, 2005 letter from Defendants' counsel Betty Mallett to Plaintiffs'

---

[1] *See Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999)("Discovery deadlines are intended to ensure the efficient progress of a lawsuit and counsel are expected to comply with them.")

counsel Eric Thompson, at Ex. C to Plaintiffs' Motion.)  Moreover, Plaintiffs do not disagree that the records should be produced "as they are kept in the usual course of business" at a reasonable place.  (Defs' Resp. at ¶ 13 (*citing Border Collie Rescue, Inc. v. Ryan*, 2005 WL 307660, slip op. at *1 (M.D. Fla. Jan. 13, 2005)("Under Rule 34, Federal Rules of Civil Procedure, the documents should be made available for inspection and copying at a reasonable place.")).

Defendants are now insisting, however, that the case records can only be reviewed on location at the 84 offices throughout the State where the records are maintained.  This is unreasonable, especially in light of the delay and expense of having Plaintiffs' expert review team travel to every local County office that houses case records that need to be reviewed. Defendants' previous indications that the case records could be reviewed at a central location in Jackson or in Regional offices were workable and a much more efficient manner of production. (*See* March 25 and April 27, 2005 letters from Plaintiffs' counsel to Defendants' counsel, at Ex. C to Plaintiffs' Motion; *see also, Resolution Trust Corp. v. North Bridge Assoc., Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994)(Rule 34 gives "the discovering party, not the discovery target, the option of specifying the time, place, and manner of production and inspection. … Absent a court order or an agreement among the litigants, a party from whom discovery is sought cannot unilaterally alter these directives to suit its fancy.")).

Finally, Plaintiffs cannot select a representative random sample of the plaintiff class' case records for review without a data tape identifying the class members by certain critical variables (e.g. length of time in custody and permanent placement goal).  As Defendants already maintain the necessary information electronically, Defendants' apparent refusal to produce the information in an electronic format is incomprehensible.  (*See* Defs' Resp. at ¶¶ 5, 11.)  It is all

the more indefensible given that in a recent Rule 30(b)(6) deposition as to DHS record-keeping taken Monday, May 16, 2005, Defendants' designee, Robin Wilson, whose main duty is retrieving data from the DHS information system MACWIS, confirmed that the information is available and easily produced electronically.  (*See* Rule 30(b)(6) deposition transcript at 4:9-22, 74:9-76:15, attached at Ex. A.)

A Discovery Status Conference pursuant to Fed. R. Civ. P. 16(a) will assist the parties in expediting necessary discovery consistent with the CMO and keep this case on track for trial.

RESPECTFULLY SUBMITTED, this the 19th day of May, 2005.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi  39201
(601) 948-8000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, Mississippi  39202
(601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Corene Kendrick (MBN 43989 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South
New York, New York  10016
(212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
Eric Manne (MBN 43988 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York  10154
(212) 407-4000

*PLAINTIFFS' COUNSEL*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Betty A. Mallett, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

s/ Melody McAnally