IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*          DEFENDANTS

---

## PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Plaintiffs respectfully request an Order compelling Defendants to produce responsive documents to Plaintiffs' First Request for Production of Documents (Ex. A) pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure and this Court's Amended Case Management Order ("CMO") of December 17, 2004 (Ex. B).

These responsive documents are needed immediately by Plaintiffs for use in ongoing depositions, and for review by Plaintiffs' experts before the CMO's August 15, 2005 expert report deadline. Defendants have either refused to produce the requested documents or failed to respond to repeated requests for their production. A Good Faith Certificate is attached at Ex. C.

Plaintiffs respectfully request that the Court waive the requirement for a Memorandum of Law and accept the following recitation in support of this Motion pursuant to Rule 37.1(B) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

### I.    Background

On December 17, 2004, Plaintiffs propounded their First Request for Production of Documents.  After this Court granted Defendants' motion for a 45-day extension over Plaintiffs' objections, Defendants responded to Plaintiffs' First Request on March 4, 2005.  (Ex. D.) Thereafter, Defendants have either refused to produce the responsive documents sought, or failed to even respond to repeated requests for them.

## II.    Defendants Should Be Compelled To Produce Missing Responsive Documents.

Rules 26 and 34 of the Federal Rules of Civil Procedure require Defendants to produce responsive documents to a proper request for production of documents and things.  As to each of the following document requests, Plaintiffs have identified and demanded responsive documents that Defendants have either refused to produce without legal justification or failed to produce without explanation.  The Court should now compel their production.  *See, e.g., Schwab v. Wyndham Int'l, Inc.*, No. 3-04-CV-1748-L, 2005 WL 697425 (N.D. Tex. Mar. 8, 2005) (granting motion to compel production of all documents responsive to nine document requests); *Alonso v. Agrigenetics, Inc.*, No. Civ.A.B.-04-005, 2004 WL 2668801, at *1 (S.D. Tex. Nov. 15, 2004) (motion to compel production is justified "[i]f the serving party fails to respond, or the responses are so evasive or incomplete as to render them failures to respond under Rule 37(a)(3))." (Attached collectively as Ex. E.)

**Document Request No. 1:** *"Any and all documents in your possession, custody or control, relating to each of the named plaintiffs for the entire time that they have been known to DHS, including but not limited to, case files and other records created or maintained by DHS, and any public or private agencies that have contracted with DHS to provide child welfare services or that otherwise provide such services."*

(a)    Unredacted Named Plaintiff case record document DHS Olivia Y. 00003.

Defendants have only produced a redacted version of Named Plaintiff case record document DHS Olivia Y. 00003 without justification.  Plaintiffs have repeatedly requested an

unredacted version of Named Plaintiff Olivia Y.'s case record entry at DHS Olivia Y. 00003 without any response from Defendants. (*See* letters from Plaintiffs' Counsel to Defendants' Counsel dated February 8, 2005 (Ex. F), February 17, 2005 (Ex. G), and February 23, 2005 (Ex. H).) Nor have Defendants submitted any corresponding privilege log as repeatedly requested by Plaintiffs and required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and this Court's CMO at 1.B. (*See id*; Ex. B.) This Named Plaintiff document should be compelled in unredacted form.

(b)     Unredacted Named Plaintiff case record entries DHS Jamison J. 00142-143, 00205-206, 00207-209.

Defendants submitted a privilege log for the redacted Named Plaintiff Jamison J.'s case record entries sought. (Ex. I.) Despite Plaintiffs' multiple inquiries, Defendants have maintained that the redacted entries at DHS Jamison 00142-143, 00205-206, 00207-209 relating to communications between the Attorney General's office and a third party, namely, the private group home where Jamison J. resides, are privileged attorney-client communications. (*See* letters from Plaintiffs' Counsel to Defendants' Counsel dated February 8, 2005 (Ex. F), February 17, 2005 (Ex. G), and February 23, 2005 (Ex. H); February 16, 2005 letter from Defendants' Counsel to Plaintiffs' Counsel (Ex. J.)) As is well-established, however, disclosure to a third party who is not a codefendant or a potential codefendant to "imminent" litigation vitiates any claim of attorney-client privilege. *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002). Because Defendants have not met their burden of proving that the documents are privileged, (*see id.* at 525,) the unredacted Named Plaintiff case record entries should be compelled.

(c)     Complete Named Plaintiff MACWIS screen documentation.

Defendants have failed to produce complete MACWIS screen documentation for the Named Plaintiffs without justification. That not all responsive MACWIS screens were produced,

and that those produced were inconsistently produced from one named plaintiff case to another

was brought to Defendants' attention by letters of February 8, 2005 (Ex. F), February 17, 2005

(Ex. G), and February 23, 2005 (Ex. H.)  For example, Defendants have yet to produce the

"Medical" MACWIS screens for named plaintiff Cody B., the "Placement" screens for the

named plaintiff W. children, and the "Case Planning" screens for either Jamison J. or the W.

children.  These responsive documents should have already been produced pursuant to this

Court's CMO requiring all MACWIS Named Plaintiff records to be produced by January 14,

2005.  (*See* Ex. B at ¶ 1.)  Defendants' counsel asserted in her letter of February 16, 2005 (Ex. J),

that these and other deficiencies would be cured by Defendants' next quarterly supplementation

of the Named Plaintiff records required pursuant to the CMO.  Defendants' quarterly Named

Plaintiff supplementation on April 14, 2005, however, failed to include these missing MACWIS

screens without explanation, and they have yet to be produced.  Moreover, previously produced

MACWIS screens were also missing from this latest supplementation.  For example, updated

"Medical" and "Placement" screens for Jamison J. and "Case Planning" screens for Olivia Y.

have not been produced.  Production of complete Named Plaintiff MACWIS screens should now

be compelled.

        (d)     Psychological evaluations by Dr. Matherne from Named Plaintiff Cody B.'s case
                record files.

        Defendants have failed to produce the Psychological evaluations by Dr. Matherne from

Named Plaintiff Cody B.'s case record files without justification.  Psychological Evaluations by

Dr. J. Donald Matherne are referenced in Named Plaintiff Cody B.'s case records produced on

July 9, 2004.  Cody B's caseworker Yutaska Simpson confirmed at deposition on October 26,

2004, that these documents should be part of Cody B's case record file.  (Ex. K.)  These Named

Plaintiff documents were specifically requested during the course of Ms. Simpson's deposition

(*id.*), and by letters of October 28, 2004 (Ex. L), and February 8, 2005. (Ex. F.) These responsive documents should have already been produced pursuant to this Court's CMO requiring full supplementation of the Named Plaintiff records by January 14, 2005. (*See* Ex. B at ¶ 2.) Defendants responded by letter of February 16, 2005 (Ex. J), that this and other deficiencies would be cured by Defendants' next quarterly supplementation of the Named Plaintiff records required pursuant to the CMO. Defendants' quarterly Named Plaintiff supplementation on April 14, 2005, failed to include these responsive documents without explanation, and they have yet to be produced. Production should now be compelled.

**Document Request No. 4**: *"All documents in your possession, custody or control, reflecting or concerning the data elements currently capable of being input into MACWIS, and all documents reflecting the types of reports that MACWIS is currently capable of generating."*

(a)    A list or representative MACWIS screen printouts of all MACWIS data fields.

Defendants produced a list reflecting the types of reports that MACWIS is currently capable of generating, but failed to produce without justification any documents "reflecting or concerning the data elements currently capable of being input into MACWIS" as requested. Plaintiffs' requested this missing documentation by letters of March 11, 2005 (Ex. M at 1), March 25, 2005 (Ex. N at 1), March 31, 2005 (Ex. O), and April 5, 2005 (Ex. P). Although Defendants finally responded by letter of April 6, 2005 that they would "attempt to provide [Plaintiffs] with representative MACWIS screen printouts that reflect all data fields" (Ex. Q), Defendants have yet to produce such printouts. The documents should be compelled.

**Document Request No. 7**: *"All regular or ad hoc management reports in your possession, custody, or control, generated by MACWIS, including but not limited to: (a) aggregate reports detailing regional and state data totals, such as discussed on page 21 of the Self-Assessment; (b) Reports provided to the Quality Improvement Unit, the Foster Care Review Staff and Regional Directors; (c) Monthly and quarterly reports generated for purposes of corrective action and system evaluation, including but not limited to reports concerning monthly contacts by caseworkers with foster children and the provision of medical care to foster children, such*

*as described on page 49 of the Self-Assessment; (d) Reports that identify children who have been in the custody of DHS 15 out of the last 22 months."*

(a)    Quarterly and Annual MACWIS "Medical, Dental and Psychological" Reports.

Defendants have failed to produce without explanation the quarterly and annual MACWIS "Medical, Dental and Psychological" reports listed in their document titled "MACWIS Reports".  (Ex. R at 7-8.)  Plaintiffs requested these responsive documents by letter of April 13, 2005 (Ex. S at 1), with no response by Defendants.

(b)    Quarterly MACWIS "Educational" Reports.

Defendants have failed to produce without explanation the quarterly MACWIS "Educational" Reports listed in their document titled "MACWIS Reports".  (Ex. R at 7.) Plaintiffs requested these responsive documents by letter of April 13, 2005 (Ex. S at 1), with no response by Defendants.

(c)    All MACWIS "Count of Placements in Each Facility Type" Reports.

Defendants have failed to produce without explanation the MACWIS "Count of Placements in Each Facility Type" Reports listed in their document titled "MACWIS Reports" (Ex. R at 9.)  Plaintiffs requested these responsive documents by letter of April 13, 2005 (Ex. S at 1), with no response by Defendants.

**Document Request No. 8**: *"All internal and external assessments, audits, evaluations or reviews of DFCS operations and practice in your possession, custody or control, including but not limited to documents generated by the Quality Improvement Unit, 6-month reviews, Peer Reviews, Program Integrity Unit reviews, and all documents regarding any response, corrective action or "action plan" requested or undertaken in relation to those assessments audits, evaluations, and reviews."*

(a)    DFCS December 2003 Self-Assessment.

Defendants have failed to produce without explanation the December 2003 Self-Assessment and any other documents related to the Self-Assessment.  This internal assessment of

- 6 -

DFCS programs cited in Plaintiffs' Amended Complaint is clearly responsive.  Plaintiffs requested this responsive document by letter of April 13, 2005 (Ex. S at 1), with no response from Defendants.  The requested document should be compelled.

(b)    May 2004 federal Child & Family Services Review (CFSR) report.

Defendants have failed to produce without explanation the May 2004 federal Child & Family Services Review (CFSR) report and any other related documents.  This external assessment of DFCS programs cited in Plaintiffs' Amended Complaint is clearly responsive. Plaintiffs requested these responsive documents by letter of April 13, 2005 (Ex. S at 1), with no response from Defendants.  The requested documents should be compelled.

(c)    Quality Improvement Unit "Placement Cases" record review reports.

Defendants have failed to produce without explanation the requested Quality Improvement Unit case record review reports as to "Placement Cases," as referred to in the State Quality Improvement Quarterly Report from 2003.  (Ex. T at DHS 009879.)  Plaintiffs requested these responsive documents by letter of April 13, 2005 (Ex. S at 1), with no response from Defendants.  The requested documents should be compelled.

(d)    DHS Program Integrity Unit Reviews of DFCS Programs, Staff, and Cases.

Defendants have failed to produce without explanation any documents concerning DHS Program Integrity Unit reviews as requested.  Plaintiffs requested these responsive documents by letter of April 13, 2005 (Ex. S at 1), with no response from Defendants.  The requested documents should be compelled.

(e)    State Level Child Fatality Review Board/Team Reviews of Child Deaths.

Defendants have failed to produce without explanation the State Level Child Fatality Review Board/Team reviews of the deaths of children in DHS custody, and annual Fatality

Review Board reports, referred to in the Child and Family Services Plan for 2003. (Ex. U at DHS 017301.) Plaintiffs requested these responsive documents by letter of April 13, 2005 (Ex. S at 1), with no response from Defendants. These reviews of child deaths in DFCS custody are clearly responsive. The requested documents should be compelled.

(f)     Corrective Action Plans or Responses to Audits/Reviews

Defendants have failed to produce without explanation any corrective action plans or responses to the various internal and external audits and reviews of DFCS as requested. These should include, for example, the corrective action plans developed by the Regional Quality Improvement Coordinators, referred to in the Child and Family Services Plan for 2003. (Ex. U at DHS 017322.) Plaintiffs requested these responsive documents by letter of April 13, 2005 (Ex. S at 1), with no response from Defendants. The requested documents should be compelled.

**Document Request No. 9**: *"All reports in your possession, custody or control, of case planning non-compliance issues generated by the Foster Care Review Program Administrator such as discussed on page 27 of the Self-Assessment, and all responses to those reports, including but not limited to all responses from Regional Directors."*

(a)     All 2002 and 2005 Foster Care Review Program Administrator non-compliance reports.

Plaintiffs' Request was for the period 2002 to the present, but Defendants only produced without explanation monthly Foster Care Review Program Administrator non-compliance reports for 2003 and 2004. Plaintiffs requested the missing documents for 2002 and 2005 by letter of April 13, 2005 (Ex. S at 1-2), with no response from Defendants. The requested reports for 2002 and 2005 should be compelled.

**Document Request No. 13**: *"The Mississippi State Advisory Board's Annual Assessment of DFCS provided outcome data for each year from 2000 to the present."*

(a)     Mississippi State Advisory Board's Annual Assessment reports for data years 2000, 2001 and 2004.

- 8 -

Defendants only produced the requested reports assessing DFCS data from years 2002 and 2003.[1]  Despite Defendants' assurance by letter of March 30, 2005 (Ex. V at 1) that "MDHS will determine if it has reports in addition to the [report] that was provided" Defendants have not provided any additional reports, nor responded to Plaintiffs' renewed requests for the missing reports by letters of April 5, 2005 (Ex. P) and April 29, 2005 (Ex. W at 1).  The missing reports should be compelled.

**Document Request No. 15:** *"All documents in your possession, custody or control, prepared for, concerning, or generated by all Statewide Assessment focus groups convened in preparation for the Self-Assessment or thereafter."*

(a)    All documents concerning Statewide Assessment focus groups.

Defendants only produced without explanation a grand total of six pages relating to one focus group in response to this request.  Given the Plaintiffs' independently obtained copy of the DFCS Self Assessment report refers to multiple focus groups (*see, e.g.,* Ex. X at P 001952, 001958, 001960, 001965, 001970), Plaintiffs questioned whether this was a full production of responsive documents by letter of April 29, 2005 (Ex. W at 2).  Defendants have failed to respond.  All remaining responsive documents should be compelled.

**Document Requests Nos. 21-23**
*No. 21: "All documents in your possession, custody or control, reflecting the turnover and vacancy rates for DFCS caseworkers, managers and supervisors."*
*No. 22: "All documents in your possession, custody or control, concerning DFCS caseworker caseloads, staffing to census ratios, and adequate staffing estimates, such as discussed on pages 12-15 of the Self-Assessment."*
*No. 23: "All documents in your possession, custody or control regarding staffing cutbacks, hiring freezes or temporary assignments at DFCS."*

(a)    All "Direct Service Primary Clients by Region" reports from 2002 to the present, other than the January 2004 report.

---

[1] The reports that were produced are dated June 2003 and May 2004, hence the references in Plaintiffs' deficiency letters to the 2003 and 2004 reports.

Defendants only produced without explanation the responsive "Direct Service Primary Clients by Region" report on caseloads for January 2004 (Ex. Y). Plaintiffs requested by letter of April 29, 2005 (Ex. W at 2), that any such other responsive reports dated between 2002 and the present be produced, but have received no response from Defendants. All such other responsive reports should be compelled.

        (b)      "Attached personnel actions (219s)" to December 8, 2003 Memorandum from Linda Barnes to Wanda Gillom and Gloria Salters.

Defendants produced a December 8, 2003 Memorandum from Linda Barnes to Wanda Gillom and Gloria Salters about "attached personnel actions (219s)" (Ex. Z), but failed to produce the attachments, without explanation. Rule 34(b) requires Defendants to produce responsive documents in their complete form. *See Collins v. Coastline Constr., Inc.,* Civ. A. No. 92-16, 1992 WL 125328, *3 (E.D. La. 1992) (concluding that defendant's response to request for production was "*incomplete*" where defendant had produced only release portion of settlement agreements, and requiring production of settlement agreements in their entirety) (attached at Exhibit AA.) Plaintiffs requested by letter of April 29, 2005 (Ex. W at 2) that the complete documents be produced, but have received no response from Defendants. The Memorandum attachments should be compelled.

        (c)      Documents Relating to the Temporary Detailing/Assignment of Staff at DFCS.

Defendants have failed to produce without explanation any responsive documents regarding the temporary detailing/assignment of staff at DFCS. By letter of April 13, 2005 (Ex. S at 2) and April 29, 2005 (Ex. W at 2), Plaintiffs' Counsel reiterated their request for these documents citing testimony of DFCS employee Kathy Triplett confirming the existence of such documents. (*See* Ex. BB, Triplett Dep. Tr. at 45:24-51:10.) Defendants have failed to respond to these requests. The requested documents should be produced.

- 10 -

**Document Request No. 29:** *"All documents in your possession, custody or control concerning children in DHS custody who are awaiting new foster placements, certain specific placements, or certain types of placements, such as therapeutic foster home placements, including but not limited to logs and wait lists."*

       (a)     All "Therapeutic Foster Care Placement Log & Pending Placements" from 2002 to the present, other than for January and February 2005.

The applicable time period for the First Request for Production of Documents is 2002 through the present, but Defendants only produced without explanation the responsive "Therapeutic Foster Care Placement Log & Pending Placements" documents for the period of January and February 2005. Plaintiffs requested all other such logs for the period 2002 to the present by letter of April 13, 2005 (Ex. S at 2), but Defendants have yet to respond. The missing logs should be compelled.

**Document Request No. 30:** *"The current State Plan submitted pursuant to Title IV-B and Title IV-E of the federal Social Security Act, including but not limited to documents required by 42 U.S.C. §§ 622 (b); 629b, 671, 5106a(d), and 5106c."*

       (a)     2004 Child and Family Service Plan Annual Progress and Service Report.

Defendants produced the 2003 Child and Families Service Plan Annual Progress and Service Report, which is a State Plan submitted pursuant to Title IV-B of the federal Social Security Act, but have failed to produce without explanation the 2004 Report. Plaintiffs requested this missing responsive document by letter of April 13, 2005 (Ex. S at 2), without any response by Defendants. The 2004 State Plan report should be compelled.

       (b)     Revised Strategic Plan for FY 2004, Attachment F to 2003 Child and Families Service Plan Annual Progress and Service Report.

Defendants produced the 2003 Child and Families Service Plan Annual Progress and Service Report with Attachments A-E, but failed to produce Attachment F, the Revised Strategic Plan for FY 2004. (*See* Ex. U at DHS 017235 (listing Attachments A-F to 2003 Report.)) The complete document with all attachments should be produced. *See Collins,* 1992 WL 125328 at

*3 (Ex. AA).  Plaintiffs requested this missing document by letter of April 13, 2005 (Ex. S at 2), without any response by Defendants.  The missing attachment should be compelled.

**Document Requests Nos. 33 and 34**
**No. 33:** *"Any and all correspondence received from or sent to the Department of Health and Human Services, Administration for Children and Families, from 2003 to the present, regarding the 2004 Child and Family Services Review of the State of Mississippi's child welfare program and any related Program Improvement Plan (PIP)."*

**No. 34:** *"Any and all Program Improvement Plans (PIPs) submitted to the Department of Health and Human Services, Administration for Children and Families subsequent to the 2004 Child and Family Services Review of the State of Mississippi's child welfare program."*

> (a)    All Program Improvement Plans (PIPs) submitted to the U. S. Department of Health and Human Services.

Defendants have refused to produce responsive PIPs submitted to the federal government on the grounds that these are "drafts" that were not ultimately approved by federal officials, responding that: "MDHS is in the process of finalizing its Program Improvement Plan and will produce such document when it is finalized and approved by USDHHS."  (*See* Ex D at 28; letters from Defendants' counsel to Plaintiffs' counsel dated March 30, 2005 (Ex. V) and April 6, 2005 (Ex. Q.))  Rules 26 and 34, however, in no way limit access to relevant documents simply because they are not the ultimately approved versions.  It is also notable that 45 C.F.R. § 1355.35 explicitly requires that "all" PIPs developed as a result of the CFSR should be made available for public review.  The failures in the Mississippi child welfare system that the PIPs are required to address are some of the very same failures cited by Plaintiffs in their injunctive Complaint.  Therefore, Defendants' ability (or inability) to adequately address these failures, as evidenced by the rejected PIPs, is highly relevant to the instant litigation.

Moreover, *no* PIP has been produced even though according to the U.S. DHHS web site at http://www.acf.hhs.gov/programs/cb/cwrp/key/findings04/ms.htm (Ex. CC), Defendants' PIP

4/53079.1

was approved on April 1, 2005, and Plaintiffs requested the approved PIP by letter of April 29, 2005 (Ex. W) without any response from Defendants.  All responsive PIPs should be compelled.

      (b)     All correspondence related to the PIPs.

Defendants have likewise failed to produce any correspondence related to their multiple PIP submissions despite repeated requests made by letters of March 11, 2005 (Ex. M at 2), March 25, 2005 (Ex. N at 1), March 31, 2005 (Ex. O), April 5, 2005 (Ex. P), and April 29, 2005 (Ex. W at 1).  The requested correspondence should be compelled.

**Document Request No. 35:** *"Any and all documents relating to child maltreatment reports, child abuse and neglect investigations, critical incident reports, child fatality reports, or special reviews regarding the abuse or neglect of children in DHS custody or of children in homes or facilities where children in DHS custody reside, including facilities not licensed by DHS."*

In response to Document Request No. 35, Defendants have only produced without explanation MACWIS summary printout reports on the number of children in DHS custody with maltreatment reports for the third and fourth quarter of 2004.  Plaintiffs requested a complete production by letter of April 13, 2005 (Ex. S at 2), but Defendants have failed to respond.

Defendants' failure to respond is all the more egregious as the requested documents missing from Defendants' production concern the critically important and highly relevant matters of abuse and neglect of children in Defendants' custody for the period from 2002 to the present.  This goes to the heart of Plaintiffs' Constitutional substantive due process claim that plaintiff class members are being harmed and are at risk of harm in Defendants' custody. Responsive documents should be compelled as listed below:

      (a)     All MACWIS "Count of Maltreated Children while in Custody in a Placement" and "Summary of Maltreated Children while in Custody in a Placement" reports from 2002 to the present, other than for the third and fourth quarter of 2004;

(b)     State Level Child Fatality Review Board/Team reviews of child deaths of children in DHS custody and annual reports;

(c)     Individual reports of child maltreatment in DHS custody and all related documents;

(d)     Individual investigations regarding child maltreatment in DHS custody and all related documents; and

(e)     Any special or critical incident reviews regarding individual children in DHS custody.

## III.     The Defendant Governor Should Be Compelled To Produce Responsive Documents

Defendant Governor Haley Barbour has failed to produce a single document responsive to Plaintiff's First Request for Production of Documents.  The following responsive documents should be compelled.

**Document Request No. 32:** *"All reports by Defendants to the Secretary of the federal Department of Health and Human Services pursuant to the Early and Periodic Screening, Diagnostic, and Treatment Services Act, 42 U.S.C. § 1396a(a)(43)(D)."*

(a)     State EPSDT reports to the U.S. Department of Health and Human Services.

Defendants' response states that: "Defendants do not maintain records compiled in the form requested in Document Request No. 32.  The Mississippi Department of Health may have such reports."  (*See* Ex. D at 28.)  Defendants have further asserted by letter of March 30, 2005, (Ex. V at 2) that "[t]he fact that the Governor is a named defendant does not mean that he has custody and control of the documents," and that Plaintiffs should subpoena the documents from the Mississippi Department of Health.  Although requested by Plaintiffs' letter of April 29, 2005 (Ex. W at 1), Defendants have not provided any legal basis for their position that the Defendant Governor as chief executive officer of the State cannot produce the requested State-generated documents.  These responsive reports relate to health services provided to, *inter alia,* children in DHS custody.  The reports should be compelled.

**Document Requests Nos. 21-23, 35**

> **No. 21:** *"All documents in your possession, custody or control, reflecting the turnover and vacancy rates for DFCS caseworkers, managers and supervisors."*
> **No. 22:** *"All documents in your possession, custody or control, concerning DFCS caseworker caseloads, staffing to census ratios, and adequate staffing estimates, such as discussed on pages 12-15 of the Self-Assessment."*
> **No. 23:** *"All documents in your possession, custody or control regarding staffing cutbacks, hiring freezes or temporary assignments at DFCS."*
>
> **No. 35:** *"Any and all documents relating to child maltreatment reports, child abuse and neglect investigations, critical incident reports, child fatality reports, or special reviews regarding the abuse or neglect of children in DHS custody or of children in homes or facilities where children in DHS custody reside, including facilities not licensed by DHS."*

Plaintiffs queried Defendants by letter of April 13, 2005 (Ex. S at 1) as to whether the Defendant Governor had *any* responsive documents to Requests Nos. 21-23 regarding DFCS staffing and caseloads, or any files on DHS and DFCS and their ability to care for and protect foster children such as those responsive to Request No. 35 regarding maltreatment of children in DHS custody. Defendants have offered no response or explanation for the complete lack of any production of responsive documents from the Defendant Governor. Responsive documents in the possession of the named Defendant Governor should be compelled.

**IV.    All Defendants Should Be Compelled To Produce Responsive Email or Other Digital Communications**

Defendants produced only two emails in response to the entire First Request for Production of Documents. Plaintiffs noted this absence of email or digital communications by letter of March 11, 2005 (Ex. M at 2), and asked Defendants to advise how they complied with Rule 26(a)(1) and Rule 34(a)'s requirements that they engage in a systematic, comprehensive search for relevant emails and digital communications. *See Zubulake v. UBS Warburg LLC*, No. 02-1243, 2004 WL 1620866, *10 (S.D.N.Y. July 20, 2004) (spelling out the steps Defense Counsel should take to ensure full production of electronic discovery); *Wiginton v. CB Richard*

*Ellis, Inc.* No. 02-6832, 2004 WL 1895122 (N.D. Ill. Aug. 10, 2004) (attached collectively at Ex. DD); *see also Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594 (E.D. Wis. 2004); *OpenTV v. Liberate Techs*, 219 F.R.D. 474 (N.D. Cal. 2003); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003); *Expedior Creditor Trust v. Credit Suisse First Boston (USA), Inc.* 309 F. Supp. 2d (S.D.N.Y. 2003). Defendants responded by letter of March 30, 2005 (Ex. V at 2), with the vague assertion that "documents that are responsive to Plaintiffs' Request for Production of Documents include consideration of electronic e-mail as well, if any." By letter of April 29, 2005 (Ex. W at 1), Plaintiffs again requested that Defendants specify the steps taken to systematically search for digital communications in order to comply with their discovery obligations to preserve and produce electronic documents, including but not limited to relevant emails. Defendants have not responded. Defendants should be compelled to produce all responsive email and digital communications and notify the parties and the Court as to what electronic searches have been made to comply with Rule 26(a)(1) and Rule 34(a).

## V.    Conclusion

For all of the reasons stated above, the requested documents should be produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's CMO. As Defendants have either refused to produce the responsive documents without legal justification or failed to respond to Plaintiffs' repeated attempts to secure their production, they should now be compelled by this Court to produce them within 14 days of this Court's Order pursuant to Rule 37.

Respectfully submitted, this the 27th day of May, 2005.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)

- 16 -

Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Corene Kendrick (MBN 43989 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South, 11th Floor
New York, NY 10016
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
Eric Manne (MBN 43988 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone:  (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2005, I electronically filed the foregoing and all enclosures with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Betty A. Mallett, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building

430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

<div align="center" style="margin-left:40%">

s/ Melody McAnally
_____

</div>

4/53079.1

4/53079.1