Westlaw.

Slip Copy                                                                                                         Page 1

2005 WL 697425 (N.D.Tex.)

(Cite as: 2005 WL 697425 (N.D.Tex.))

**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas, Dallas Division.
Garrett SCHWAB Plaintiff,
v.
WYNDHAM INTERNATIONAL, INC., et al. Defendants.
No. 3-04-CV-1748-L.

March 8, 2005.

Robert J. Wiley, Law Office of Rob Wiley, Dallas, TX, for Plaintiff.

Alicia Sienne Voltmer, Bryant S. McFall, Ogletree Deakins Nash Smoak & Stewart, Dallas, TX, for Defendants.

ORDER

KAPLAN, Magistrate J.

*1 Defendant WIPC Management, LLC has filed a motion to compel discovery and for attorney's fees in this gender discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. At issue is the sufficiency of plaintiff's answers to two interrogatories and 10 document requests. [FN1] The parties have briefed their respective arguments in support and opposition to the motion in a joint status report filed on March 7, 2005, and this matter is ripe for determination.

> FN1. Defendant originally sought an order compelling: (1) Rule 26 initial disclosures; (2) answers to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8 & 14; and (3) the production of documents responsive to Request Nos. 2, 7, 8, 9, 10, 24, 25, 26, 27, 28, 31 & 42. After the motion was filed, the parties reached agreement on the initial disclosures, Interrogatory Nos. 2, 4, 5, 6, 7 & 14, and Request Nos. 9 & 42. (See Jt. Stat. Rep. at 1-2, § B & App. at 30-31). Therefore, the only matters still in dispute are Interrogatory Nos. 3 & 8 and Request Nos. 2, 7, 8, 10, 24, 25, 26, 27, 28 & 31.

In two interrogatories, defendant seeks information about: (1) plaintiff's attempts to secure employment since September 1, 2003 (Interrogatory No. 7); and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                   Page 2

2005 WL 697425 (N.D.Tex.)

(Cite as: 2005 WL 697425 (N.D.Tex.))

(2) all sources of income or financial support received by plaintiff since September 1, 2003 (Interrogatory No. 8). Plaintiff has provided information regarding his formal job searches, but objects to producing a "laundry list" of his informal attempts to secure employment. Plaintiff also contends that any money he received from friends, family, or similar support is irrelevant. The court disagrees. Information relating to plaintiff's attempts to secure employment, whether formal or otherwise, is relevant to the affirmative defense of failure to mitigate of damages. Similarly, whether plaintiff has received support from outside sources may help establish a lack of incentive to find alternative employment. Such information also is relevant to plaintiff's claim for mental anguish caused by his unemployment. Accordingly, plaintiff's objections to Interrogatory Nos. 7 & 8 are overruled.

Plaintiff contends that nine requests for production propounded by defendant are "overly broad" and "vague." Notwithstanding these boilerplate objections, plaintiff has agreed to produce documents responsive to Request Nos. 2, 7, 8, 10 & 24. No such agreement has been made with respect to Request Nos. 25, 26, 27 & 28. The court determines that each of these requests describe the documents or category of documents "with reasonable particularity." See Fed.R.Civ.P. 34(b). Plaintiff has failed to establish that the requests are overly broad or vague. See St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 513 (N.D.Iowa 2000), citing McLeod, Alexander, Powell & Apfell, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir.1990) ("party resisting discovery must show specifically how ... each [discovery request] ... is overly broad, burdensome or oppressive"). Accordingly, plaintiff's objections to Request Nos. 2, 7, 8, 10, 24, 25, 26, 27 & 28 are overruled.

Request No. 31 seeks "[a]ny agreement between you and your attorney evidencing your obligation, if any, to pay attorney's fees pertaining to this matter." Plaintiff objects to this document request as irrelevant to the determination of attorney's fees under the Johnson test. [FN2] The issue of attorney's fees will be decided by the court in accordance with the procedures set forth in Fed.R.Civ.P. 54(d)(2). Therefore, any discovery regarding attorney's fees will be deferred until such time, if any, as the court enters a final judgment in favor of plaintiff.

   FN2. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974).

CONCLUSION

*2 Defendant's motion to compel discovery is granted in part and denied in part. The motion is granted with respect to Interrogatory Nos. 7 & 8 and Request Nos. 2, 7, 8, 10, 24, 25, 26, 27 & 28. Plaintiff shall make full and complete answers to these interrogatories and produce all documents responsive to these requests for production by March 23, 2005. The motion is denied with respect to Request No. 31 and defendant's request for attorney's fees. [FN3]

   FN3. Although defendant requested attorney's fees as part of its motion, this issue was not briefed or addressed by the parties in their joint status

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

2005 WL 697425 (N.D.Tex.)

(Cite as: 2005 WL 697425 (N.D.Tex.))

report. Consequently, the court declines to award attorney's fees to defendant.

SO ORDERED.

2005 WL 697425 (N.D.Tex.)

### Motions, Pleadings and Filings (Back to top)

- 2005 WL 195305 (Trial Motion, Memorandum and Affidavit) Motion to Compel Entry Upon Premises for Inspection and Photographing (Jan. 07, 2005)

- 2004 WL 2168436 (Trial Pleading) Defendant's Original Answer (Sep. 07, 2004)

- 2004 WL 2083818 (Trial Pleading) Plaintiff's Original Complaint (Aug. 11, 2004)

- 2004 WL 2168435 (Trial Pleading) Plaintiff's Original Complaint (Aug. 11, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1

2004 WL 2668801 (S.D.Tex.)

(Cite as: 2004 WL 2668801 (S.D.Tex.))

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
S.D. Texas, Brownsville Division.
Armando ALONSO, et al. Plaintiffs,
v.
AGRIGENETICS, INC. d/b/a Mycogen Seeds, et al. Defendants.
No. Civ.A.B-04-005.

Nov. 15, 2004.

Nathaniel Norton, Rodolfo D. Sanchez, Texas RioGrande Legal Aid, Inc. Weslaco, TX, for Plaintiffs.

Frank Hill, Thompson & Knight, Austin, TX, Kenneth Yerkes, Barnes & Thornburg, Indianapolis, IN, for Defendant Agrigenetics, Inc. d/b/a Mycogen Seeds.

*ORDER*

TAGLE, J.

*1 BE IT REMEMBERED that on November 15, 2004, the Court considered the following motions: (1) "Plaintiffs' Motion to Compel Discovery and an Amended Answer From Defendant Pablo Martinez" [Dkt. No. 23], and (2) "Plaintiffs' Motion to Compel Discovery From Defendant Eugene Martell" [Dkt. No. 24]. For the following reasons, the Motions are hereby GRANTED.

I. Standard of Review

The pleadings of a *pro se* litigant must be construed liberally. *Haines v. Kerner,* 104 U.S. 519, 520-21, 26 L.Ed. 815 (1972); *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir.1981). Nevertheless, the Court cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Wynder v. McMahon,* 360 F.3d 73, 79 (2d Cir.2004); *Murray v. City of Tahlequah, OK.,* 312 F.3d 1196, 1199 (10th Cir.2002). Consequently, this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir.2003); *see also Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 ("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2

2004 WL 2668801 (S.D.Tex.)

(Cite as: 2004 WL 2668801 (S.D.Tex.))

allegations or legal conclusions masquerading as factual conclusions will not suffice....").

II. Request for Amended Pleading

As an initial matter, pursuant to Federal Rules of Civil Procedure ("FRCP") 8(b), if a defendant "intends in good faith to controvert all the averments" of the plaintiffs' complaint, that defendant may make a general denial. Here, defendant Pablo Martinez ("Martinez") has made such a general denial. The plaintiffs contend, however, that the answer was not made in good faith and therefore inappropriate since Martinez, in his responses to requests for admission, has admitted to several of the contentions made in the plaintiffs' complaint. Martinez has not responded to the plaintiffs' assertion.

The Court agrees with the plaintiffs. The complaint asserts that Martinez is a farm labor contractor. Martinez's response to an interrogatory admits as much. Nonetheless, Martinez's answer to the plaintiffs' complaint consists of: "I deny any wrongdoing alleged by Plaintiffs in their lawsuit against me." This is unacceptable pursuant to FRCP 8(b). Martinez will be required to conform his answer to the plaintiffs' complaint pursuant to the FRCP 8(b) guidelines.

III. Request to Compel Discovery

In answering interrogatories, a party shall answer each "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." FRCP 33(b)(1). Objections to an interrogatory "shall be stated with specificity." Id. 33(b)(4).

A party may serve another party a request to produce "any designated documents" that are in its "possession, custody or control...." FRCP 34(a). "The response shall state ... that inspection ... will be permitted as requested, unless the request is objected to...." Id. at 34(b). Any such objections shall be specific and any portion of the document not objected to shall be permitted inspection. Id.

*2 If the served party fails to respond, or the responses are so evasive or incomplete as to render them failures to respond under Rule 37(a)(3), the serving party may, after reasonable notice, motion the court to compel a response or production. Id. at 37(a), (a)(2)(B). Additionally, the motioning party must include in its motion a certificate of good faith conferral with the served party demonstrating an attempt to obtain the sought after information without court action. Id. at 37(a)(2)(B).

On July 16, 2004, plaintiffs served their first request for production of documents and interrogatories on pro se defendants Martinez and Eugene Martell ("Martell") separately. On August 12, the defendants served their responses. The responses are identical except for a few minor differences. Furthermore, other than where the defendants object, the interrogatories have not been answered to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                              Page 3

2004 WL 2668801 (S.D.Tex.)

(Cite as: 2004 WL 2668801 (S.D.Tex.))

any degree of completeness or specificity.

The responses to requests for production minor that of the interrogatories. Besides the objections, the defendants respond to requests for documents with, "To the extent such documents exist and are in Defendant's possession, they are attached." Nonetheless, not a single document was produced.

On August 17 and 18, 2004, the plaintiffs sent a letter to Martinez and Martell, respectively, requesting that each amend their responses. Furthermore, the letters were very precise in addressing each interrogatory or request for production and the specific issue presented with each response. The defendants did not respond to these letters.

The defendants' objections to the interrogatories cite the party communication and joint defense privileges. The objections to production aver that the requests are irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of relevant evidence. A few of the production objections again assert the party communication and joint defense privileges.

The defendants' objections are improper. An objection to an interrogatory or request for production must be specific. Simply stating an objection theory is insufficient. *Wagner v. Dryvit sys., Inc.*, 208 F.R.D. 606, 610 (D.Neb.2001). Furthermore, objections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable. *Id.* This Court will not supply the defendant's pleadings and motions with factual allegations. *See Palmer v. U.S. West Comm'n, Inc.*, 36 Fed.Appx. 644, 648 (10th Cir.2002) (concluding that the Court would not "supply additional factual allegations to round out [the *pro se* plaintiff's] complaint").

Martinez responded [FN1] to the plaintiffs' motion [Dkt. No. 25] arguing that the requested documents have already been provided, that the requests for documents are irrelevant, and that such requests are overly burdensome on a *pro se* defendant. Again, Martinez provides no evidence to that effect. Therefore, the Court will not consider these arguments. *See id.*

> FN1. It appears Martell supplied the plaintiffs with a response to the motion to compel since the plaintiffs have filed a response [Dkt. No. 29]. However, the Court's record is devoid of such a pleading.

*3 In conclusion, the Court has examined the proposed interrogatories and requests for documents and finds that they are not irrelevant. *See* FRCP 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...."). Nor are the production requests, this Court concludes, unduly burdensome.

IV. Conclusion

The Court is mindful that the defendants are proceeding *pro se*. This Court is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 4
2004 WL 2668801 (S.D.Tex.)

(Cite as: 2004 WL 2668801 (S.D.Tex.))

also cognizant, however, that Martinez has been sued at least twice before in federal courts. Additionally, it appears that both defendants, as evidenced in their responsive pleadings, have at least a functional knowledge of the Federal Rules of Civil Procedure. Simply choosing to proceed pro se does not alleviate a party's obligation to produce or reveal discoverable information, or follow the Rules of Civil Procedure. See *Wynder*, 360 F.3d at 79; *Murray*, 312 F.3d at 1199. Hence, due to the aforementioned reasons, the plaintiffs' motions are hereby GRANTED [Dkt. Nos. 23 & 24].

Accordingly, the Court hereby ORDERS defendant Pablo Martinez to respond to the plaintiffs' complaint in accordance with the requirements of FRCP 8(b). The pleading shall be filed with this Court and served upon plaintiff within ten (10) days of the date of this Order.

The Court hereby ORDERS defendant Pablo Martinez to provide *complete* and *accurate* answers to plaintiffs' first set of interrogatories 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22.

The Court hereby ORDERS defendant Eugene Martell to provide *complete* and *accurate* answers to plaintiffs' first set of interrogatories 2, 3, 4, 5, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, and 21.

Additionally, Martinez *and* Martell are ORDERED to provide plaintiffs with *specific* responses to the requests for documents from plaintiffs' first request for production of documents.

Martinez *and* Martell are ORDERED to comply with the discovery requests no later than fifteen (15) days from the date of this Order.

Lastly, the plaintiffs' request for costs and fees in resolving this discovery dispute against Martell and Martinez is hereby GRANTED.

The defendants are admonished that if the discovery requests are not satisfied in the allotted time period, this Court may impose additional costs, sanctions, or take other actions in order to remedy the defendants' failures. See Fed.R.Civ.Pro. 37(d). Additionally, "[p]roviding false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party ... to sanctions." *Wagner*, 208 F.R.D. at 610.

2004 WL 2668801 (S.D.Tex.)

### Motions, Pleadings and Filings (Back to top)

• 2004 WL 2620092 (Trial Motion, Memorandum and Affidavit) Reply to Defendant Pablo Martinez's Response to Plaintiffs' Motion to Compel (Sep. 29, 2004)

• 2004 WL 2620093 (Trial Motion, Memorandum and Affidavit) Reply to Defendant Eugene Martell's Response to Plaintiffs' Motion to Compel (Sep. 29, 2004)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 5

2004 WL 2668801 (S.D.Tex.)

(Cite as: 2004 WL 2668801 (S.D.Tex.))

- 2004 WL 2620091 (Trial Motion, Memorandum and Affidavit) Defendant Pablo Martinez's Response to Plaintiffs' Motion to Compel (Sep. 22, 2004)

- 2004 WL 2620090 (Trial Pleading) Original Answer of Defendant Pablo Martinez (Aug. 13, 2004)

- 2004 WL 2620089 (Trial Motion, Memorandum and Affidavit) Defendant Agrigenetics, Inc.'s Reply to Plaintiffs' Response to Defendant's Motion to Transfer Venue (May. 24, 2004)

- 2004 WL 2620087 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Defendant Agrigenetics, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer Venue and Supporting Brief (May. 03, 2004)

- 2004 WL 2620086 (Trial Pleading) Defendants' Answer to Plaintiff's Original Complaint (Mar. 05, 2004)

- 2004 WL 2620085 (Trial Pleading) Plaintiffs' Original Complaint (Jan. 09, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.