


Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Graoer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

April 29, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I write as to pending and additional matters related to Defendants' incomplete production of documents in response to Plaintiffs' First Request for Production of Documents dated December 17, 2004.

First, I have yet to receive any response to my letter of April 13, 2005, noting additional specific deficiencies with Defendants' production.

Second, we also have yet to receive, as promised in your letter of April 6, 2005, further information regarding additional Mississippi State Advisory Board Annual Assessments (Request No. 13) and representative MACWIS screen printouts that reflect all data fields (Request No. 4); and the State's Program Improvement Plan (PIP) that has now been approved by USDHHS (Request Nos. 33-34). As to Request No. 32, you maintain in your letter of March 30, 2005, that Governor Barbour does not have custody and control of the requested documents presumably maintained by a State agency other than DHS (the Mississippi State Department of Health (MSDH)) and suggest Plaintiffs may subpoena the documents from MSDH. You have cited no legal or statutory grounds, however, to support your position that the Defendant Governor, as chief executive officer of the State, cannot produce the requested State-generated documents. Please state the legal basis for your position, or have your client produce these documents.

Your letter of March 30, 2005, also vaguely asserts that "documents that are responsive to Plaintiffs' Request for Production of Documents include consideration of electronic e-mail as well, if any." Again, in light of the almost complete absence of any responsive email (only two were produced) or any other digital communications pursuant to Rule 26(a)(1) and Rule 34(a), we request that you please advise in concrete detail <u>how</u> Defendants have complied with their discovery obligations to preserve and produce electronic documents, including but not limited to relevant emails.[1]

---

[1] See *Zubulake v. UBS Warburg LLC*, No. 02-1243, 2004 WL 1620866, *10 (S.D.N.Y. July 20, 2004) ("[C]ounsel should instruct all employees to produce electronic copies of their relevant active files. Counsel must also make sure that all backup media which the party is required to retain is identified and stored in a safe place. In cases



EXHIBIT W

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 · Fax: 212-683-4015 · info@childrensrights.org · www.childrensrights.org

Third, further review has revealed additional deficiencies in Defendants' production:

<u>Document Request No. 3</u>: Defendants produced the MACWIS chart "Direct Service Primary Clients by Region" (DHS 020023-24) for January 2004, but for no other time period. Please identify and produce all such responsive reports from 2002 to the present, as requested. Additionally, the December 8, 2003 memo from Linda Barnes to Wanda Gillom and Gloria Salters that was produced (DHS 020061) refers to "attached personnel actions (219s)," but the attachments were not included in Defendants' production. Please produce these attachments that were originally transmitted with the document.

<u>Document Request No. 15</u>: Defendants have produced only six pages (DHS 014770-75) in response to Plaintiffs' request for all documents prepared for, concerning, or generated by all Statewide Assessment focus groups convened in preparation for the Self-Assessment. Yet it is clear from the content of these six pages relating to only one foster care review focus group that additional Statewide Assessment focus groups were convened in preparation for the Self-Assessment. If there are no other such documents in relation to focus groups, as requested, please so state. If Defendants are unable to locate any other such focus group documents, please so state and detail the steps taken by Defendants to search for the requested documents. Otherwise, please identify and produce the additional responsive focus group documents.

<u>Document Requests Nos. 21-23</u>: Missing from Defendants' production of documents are any memos or other correspondence between county and regional officials regarding staffing requirements, such as those testified to by Mechille Henry at her deposition (117:2-10). These updates and similar correspondence to and from Regional Directors and county officials, as well as to and from Regional Directors and State Office personnel, whether by hard copy or email, should be produced as responsive.

Please let me hear from you in response no later than May 6, 2005. Plaintiffs reserve the right to bring additional deficiencies to your attention after further review of the documents produced.

Sincerely yours,

*Eric Thompson /aw*

Eric Thompson
Plaintiffs' counsel

cc:   Stephen Leech, Esq.
     Wayne Drinkwater & Melody McAnally, Bradley Arant
     John Lang, Loeb & Loeb

---

involving a small number of relevant backup tapes, counsel might be advised to take physical possession of backup tapes. In other cases, it might make sense for relevant backup tapes to be segregated and placed in storage. ... One of the primary reasons that electronic data is lost is ineffective communication with information technology personnel."). *See also Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003); *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.* 222 F.R.D. 594 (E.D. Wis. 2004); *OpenTV v. Liberate Techs.* 219 F.R.D. 474 (N.D. Cal. 2003); *Expedior Creditor Trust v. Credit Suisse First Boston (USA), Inc.* 309 F. Supp.2d (S.D.N.Y. 2003); *see also Wiginton v. CB Richard Ellis, Inc.*, No. 02-6832, 2004 WL 1895122 (N.D. Ill. Aug. 10, 2004).