Westlaw

Not Reported in F.Supp.

Page 1

1992 WL 125328 (E.D.La.)

(Cite as: 1992 WL 125328 (E.D.La.))

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
Robert Murray COLLINS, as Representative of Certain Underwriters At Lloyd's
v.
COASTLINE CONSTRUCTION, INC., Shell Offshore, Inc. and David E. Long.
Civ. A. No. 92-16.

May 25, 1992.

MINUTE ENTRY

CHARLES SCHWARTZ, Jr., District Judge.

\*1 Before the Court in the captioned matter is plaintiff's ("Lloyd's") motion to compel defendant Coastline Construction, Inc. ("Coastline") to provide complete answers/responses to discovery requests (i.e., interrogatories and requests for production of documents). The matter was set for oral hearing on May 27th, 1992. Coastline failed to file any formal opposition to Lloyd's Motion to Compel.

Underwriters filed this declaratory judgment action seeking a declaration of "no coverage" under a policy of Excess Maritime Employers Liability (EMEL) coverage issued to defendant Coastline (defendant David Long's Jones Act employer).

On February 13, 1991 Underwriters renewed EMEL Coverage to Coastline prior to the accident which is the subject of this suit. The renewal was based the submission of a duplicate of the questionnaire which had been submitted for the prior year's coverage--that is, the December 28, 1989 date was scratched through and changed to reflect the date of submission February 7, 1991.

Subsequent to both the renewal of Underwriters' policy in favor of Coastline and the accident in question, Underwriters was informed that via recorded statements of two Coastline employees that the vast majority of Coastline's employees performed most of their work on vessels, which was *contra* the representations on Coastline's applications for insurance coverage (i.e., the December 28th, 1989 application and the February 7th, 1991 application for renewal). Underwriters then issued a reservation of rights letter to Coastline and on January 7, 1992 filed this declaratory judgment action.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT AA

Not Reported in F.Supp.

Page 2

1992 WL 125328 (E.D.La.)

(Cite as: 1992 WL 125328 (E.D.La.))

Lloyds propounded Interrogatories (Lloyd's Exh. "B") and Requests for Production of Documents (Lloyd's Exh. "D"). Lloyd's contends Coastline's responses (Lloyd's Exhs. "C" and "E") to the aforesaid discovery requests are incomplete in certain particulars and thus, filed the instant motion to compel.

Lloyds initially propounded only two interrogatories to Coastline, the second of which is a subject of the instant Motion to Compel. Interrogatory No. 2 requests information as to the pertinent period of time (i.e., January 1989 to present) regarding the percentage of Coastline's payroll which was for work performed on land and the percentage which was for work performed "over water." Defendant responded by objecting on the basis that this interrogatory is "overbroad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." [FN1]

The Court is of the opinion that Coastline's objection is not well-taken. First of all, the targeted time period is accurate--that is the time-period when the alleged material misrepresentations were made. Secondly, the guts of Lloyd's declaratory judgment action is that Coastline allegedly misrepresented the percentage of work performed by its employees over water during the pertinent period via applications for insurance, falsely indicated that none of its payroll was for such work. Lloyd's request is not "overbroad" and it is patently aimed at the discovery of information relevant to its claims of material misrepresentation made via Coastline's December 1989 and February 1991 applications for EMEL coverage.

In its First Request for Production of Documents via Request No. 1, Lloyds requested production of documents reflecting the number of employees, characterization of the nature of employee's work (i.e., over water or land). In response to said request for production, Coastline indicated it had previously produced a list of names of employees on its payroll. Lloyds argues that the documents produced did not describe the nature and/or location of the work performed by Coastline's employees. Moreover, Lloyds contends that on a prior occasion Coastline's counsel informed Lloyds that it had "job tickets" or "work orders" reflecting the nature/location of the work performed by Coastline's employees, and that it [Lloyds] is entitled to production of such "job tickets" or "work orders" which were not produced.

*2 The Court is of the opinion that the documents sought (i.e., job tickets or work orders) are relevant to the central issues addressed in plaintiff's declaratory judgment action [i.e. alleged material misrepresentation of the risk] and thus, discoverable. If in fact such documents exist copies of same shall be produced to Lloyds.

By request for production no. 2, Lloyds requested work orders, time sheets, job descriptions or invoices or receipts of payments, which it contends is essential to a determination of what percentage of Coastline's payroll was considered Jones Act payroll and what percentage would be USL & H. The Court is of the opinion that such request is clearly calculated to exact documents which are relevant to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Page 3

1992 WL 125328 (E.D.La.)

(Cite as: 1992 WL 125328 (E.D.La.))

Lloyd's claims in the instant case.

By request for production No. 5, Lloyds requested copies of all contracts entered into by Coastline during the pertinent time period. In response, Coastline only produced copies of its contract with Shell and objected to the production of any contracts other than those actually in effect during the policy period, stating that plaintiff was calling for information not reasonably calculated to lead to the discovery of admissible evidence.

F.R.C.P. Rule 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action. [FN2] Considering that rule as broadly construed in *Hickman v. Taylor*, the Court is of the opinion that all contracts entered into by Coastline during the pertinent time period are discoverable, whether or not any such contracts were actually in effect at such time. The same is true with respect to the documents sought by Lloyd's requested for production nos. 6, 8, 9, 10 and 11.

Inasmuch as Coastline contends that certain documents which are responsive to Lloyd's requests for production nos. 10 and 11 may be privileged, such documents shall be produced to the Court for an *in camera* inspection within 5 days of the issuance of this minute entry order, the purpose of which is to determine whether the material is indeed privileged. Each such document which Coastline contends is privileged material shall be tabbed and further counsel for Coastline shall submit a memorandum briefly outlining the basis for its claim of privilege as to each such document.

As to request for production no. 13, the Court is of the opinion Coastline's response thereto is not responsive and confusing at best. Lloyds requested thereby production of all lawsuits against Coastline reflecting claims for damages and/or maintenance and cure by its employees during the pertinent timeframe. The Court notes Coastline's response (i.e., that it has provided Lloyds with all medical invoices and demands, *and all lawsuits*). Yet, Lloyds points out that Coastline produced no lawsuits, pleadings, or correspondence reflecting claims for damages. Certainly prior claims made against Coastline which would fall under Maritime Employers Liability coverage which is the subject of the instant suit are discoverable and should be produced in response to Lloyd's request.

*3 As to the second set of interrogatories (Lloyd's Exh. "I") and the second set of requests for production (Lloyd's Exh. "K"), plaintiff is entitled to discover the details/substance of any settlement agreements reached as between Coastline, Shell and the Longs with respect to the subject accident. In other words, production of only the releases executed in connection with the settlements effected with the Longs and Shell is responsive but incomplete. Certainly, the settlement agreements, any assignments of rights, covenants not to sue or not to execute, indemnity/hold harmless agreements, and/or counterletters are relevant to the rights and obligations of the parties and which rights and obligations are the subject of the instant lawsuit.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. <span style="float:right">Page 4</span>

1992 WL 125328 (E.D.La.)

(Cite as: 1992 WL 125328 (E.D.La.))

In summary, the Court is of the opinion that Coastline's responses to Interrogatory No. 4 (second set) and Requests for Production Nos. 7 [FN3], 9 [FN4], 10 [FN5], and 11 [FN6] are *incomplete*. Coastline shall supplement it answers and responses thereto in accordance with the spirit and intent of this order within 10 days of the issuance of this order. As previously mentioned, in the event that counsel for Coastline is of the opinion that any material sought to be discovered is the subject of some privilege, as directed with regard to the first set of discovery answers/responses, counsel shall produce same to the Court for an *in camera* inspection accompanied by a brief memorandum detailing the nature of the privilege and its applicability to the precise documents in question.

Accordingly, and for all of the above and foregoing reasons,

IT IS ORDERED that plaintiff's Motion to Compel is GRANTED and the defendant Coastline shall provide complete answers to the interrogatories discussed in detail above as soon as possible, and in no event later than 10 days from the date of the issuance of this order.

IT IS FURTHER ORDERED that defendant Coastline shall produce the documents responsive to plaintiff's requests discussed in detail above as soon as possible, and in no event later than 10 days from the date of the issuance of this order.

IT IS FURTHER ORDERED as to the materials which the defendant Coastline claims are privileged, such "privileged" material shall be produced to the Court for an *in camera* inspection as soon as possible, and in no event later than 5 days from the date of the issuance of this order, along with a memorandum briefly outlining defendant's basis for its claim of privilege as to each such "privileged" document.

    FN1. See, Coastline's Answer to Interrogatory No. 2 (Lloyd's Exh. "C").

    FN2. See, *Hickman v. Taylor*, 329 U.S. 495, 500-01, 67 S.Ct. 385 (1947), construing F.R.C.P. Rule 26(b)(1) broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. and stating that discovery is not limited to issues raised by the pleadings.

    FN3. Request no. 7 calls for production of settlement agreements, releases, assignments of rights, covenants not to sue/execute, indemnity/hold harmless agreements, and/or counterletters.

    FN4. Request no. 9 calls for production of agreements vis a vis Coastline and the Longs.

    FN5. Request no. 10 calls for production of settlement documents prepared in connection with the February 1991 accident which is the subject of this suit.

    FN6. Request no. 11 calls for production of copies of any and all settlement checks executed in connection with the February 1991 accident which is the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Page 5

1992 WL 125328 (E.D.La.)

(Cite as: 1992 WL 125328 (E.D.La.))

subject of this suit.

1992 WL 125328 (E.D.La.)

**Motions, Pleadings and Filings (Back to top)**

• 2:92CV00016 (Docket)

(Jan. 02, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.