**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI JACKSON DIVISION**

**OLIVIA Y., ET AL**                                                                                           **PLAINTIFFS**

**V.**                                                                    **CIVIL ACTION NO. 3:04CV251LN**

**HALEY BARBOUR, ET AL.**                                                                       **DEFENDANTS**

**MEMORANDUM AND RESPONSE OF DEFENDANTS TO PLAINTIFFS' MOTION TO COMPEL**

**COME NOW**, Defendants, by counsel, pursuant to Local Rule 7.2, and respond to Plaintiffs' Motion to Compel as follows:

1.
Movants Have Failed to Show That Any Responses are Evasive or Incomplete

The pending motion is brought pursuant to Rule 37 and seeks to compel responses by Defendants to Plaintiffs' First Request for Production of Documents filed December 17, 2004. The record shows that Defendants timely responded to this request on March 4, 2005, and supplemented that response on March 23, 2005 and again on April 11, 2005. In the response and supplements, Defendants produced 26,516 pages of documents in response to the First Request that Plaintiffs' claim is based upon, in addition to 7,789 pages produced before the First Request was filed, or a total of 34,305 pages.

Rule 37(a)(2)(B) provides that "if a party, in a response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling inspection in accordance with the request" (emphasis added). It further provides that an "evasive" or "incomplete" response is treated as a failure to respond. Rule 37(a)(3). The issue before the Court is whether the Defendants have provided evasive or incomplete responses in

179182.1

their initial response and two supplementations. Plaintiffs offer no authority to show that they are and did not even file a memorandum.

## 2.
### Plaintiffs' Discovery Tactics Are Vexatious

The 22 page Motion to Compel with its 184 pages of exhibits speaks volumes about Plaintiffs' methods of discovery and perpetual dissatisfaction. As Churchill once said, "this is one of those cases where the facts baffle the imagination." It is interesting to observe people explaining away reality, trying to convince others and themselves that what anyone can see is not there at all. Such is the Plaintiffs' claim of failure to respond.

Plaintiffs have filed five Requests for Production of Documents and Defendants have responded resolutely to every one. Included in the five requests are 69 separate requests, most of which seek unspecified documents, vaguely described as "any and all" "concerning or reflecting" or "regarding" certain subject matter. This language gives the Plaintiffs an open license to accuse Defendants of failing to respond. However, the responses filed by Defendants to these requests, when added to Defendants' initial disclosures consist of 43,554 pages as shown on Exhibit "A" attached hereto. Moreover, Defendants have tendered for examination an estimated 3.3 million pages of documents in a manner approved by this Court in its May 25, 2005 Order. The pending motion seeks to rehash the Plaintiffs' claims made in the motion for a discovery conference.

## 3.
### Defendants Have Not Failed To Respond To Any Discovery Requests

The record is manifestly clear that the Defendants have not failed to respond to any discovery request. In order to make the record complete, Defendants attach 3 Exhibits:

Exhibit "A"   Summary of documents produced in response to Plaintiffs' requests;

179182.1

Exhibit "B"   List of documents produced in response to all of Plaintiffs' Requests for Production of Documents; and,

Exhibit "C"   All requests and responses.

Though Exhibits "B" and "C" are long because of the extensive responses, to save the Court's time, we have condensed this into Exhibit "A," which demonstrates that Defendants have not been evasive or provided incomplete answers to any discovery.

To be sure, our responses have not been perfect and have been supplemented. The DFCS employees are not experts in discovery, but they have diligently sought to provide all documents requested and spent many, many hours doing so. This is in addition to the regular duties they must perform. The requests have become so voluminous that McGlinchey Stafford has installed an attorney in the offices of DFCS just to deal with discovery. Despite the Defendants' diligent efforts, Plaintiffs will probably file additional motions to compel because Plaintiffs are never satisfied with our responses. Our duty is to respond and not be evasive or incomplete and we have done our best and will continue to do so. It is for this Court, in its discretion, to determine whether Defendants have been evasive or provided incomplete responses.

4.
Plaintiffs' Letter Exhibits Mischaracterize The Responses

Without bothering to comply with Rule 34, Plaintiffs have inundated the Defendants with correspondence accusing Defendants of "failing" to produce documents as "requested." This correspondence is attached to the Plaintiffs' motion as "evidence" of Defendants' actions which Plaintiffs allege justifies Plaintiffs' motion. An examination of the Plaintiffs' correspondence reveals that the Defendants have not refused to produce documents – to the contrary, Plaintiffs are using correspondence to request additional documents that are mentioned in the documents that have been produced by the Defendants. Plaintiffs' position is that if a document produced refers to another document, then Defendants have a duty to produce it also. See "Document

179182.1

Request No. 7" in the Plaintiffs' Motion to Compel. If the Plaintiffs want these additional documents, they should file a Rule 34 request for production and the Defendants will respond. There is no obligation for Defendants to examine documents they produce in response to the discovery requests and then track down each and every other document mentioned therein and produce it in conjunction with the requested document. If Rule 34 requires Defendants to go to such lengths, document production will never end.

From January 5, 2005 to May 25, 2005, Defendants have received 28 or more of these accusatory letters and have responded to most in an effort to be cooperative. The exhibits to the motion to compel demonstrate what these letters really are: an effort to create a paper trail and to cast aspersions on the Defendants. This is nothing more than posturing in an attempt to disparage opponents.

5.
The Responses Are Neither Evasive Nor Incomplete

In order to fulfill discovery's purposes of providing both parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement," the discovery rules mandate a liberality in the scope of discoverable material. *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 507, 509 (S.D.Iowa 1992) (*citing In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D.Haw.1980)); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) ("Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."). But "[t]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Director, Office Of Worker's Compensation Programs v. Vessel Repair, Inc*. 168 F.3d 190, 196 (5th Cir. 1999).

179182.1

As long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed. *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D.Mass.1984).  However, denial of a motion to compel is proper where plaintiff's discovery requests are "burdensome and irrelevant." *Stuart v. General Motors Corp.*, 217 F.3d 621, 637 (8th Cir.2000).  *See, United States v. Yonkers Board of Education*, 946 F.2d 180, 185 (2d Cir.1991) (denial of motion to compel justified where defendant's request was duplicative).  A party moving to compel discovery must in good faith confer or attempt to confer with the nonresponsive party regarding the discovery dispute. "The first element of performance is 'good faith' in conferring. 'Good faith' under 37(a)(2)(B) contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action." *Shuffle Master, Inc., v. Progressive Games, Inc.*, 170 F.R.D. 166, (D. Nev. 1996). This is consistent with Fed.R.Civ.P. 1 that the Rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

Plaintiffs allege that "Defendants have either refused to produce the requested documents or failed to respond."  Pl. Motion to Compel, p. 1.  This is simply a denial of reality since anyone can see from Exhibit "B" the Defendants have in fact responded to the First Request, as well as others.

Defendants produced 26,516 pages of documents in response to the First Request and have and are continuing to supplement the responses.  In *Belcher v. Roche*, 72 Fed.Appx. 37, 2003 WL 21545927 *38-39 (5th Cir.(Tex.)), the Fifth Circuit upheld the district court's denial of the plaintiff's motion to compel, finding that the defendant's response to eleven separate

179182.1

production items, 450 pages of additional responsive documents, two separate searches for responsive documents, and consistently supplying the plaintiff with documentation throughout the litigation was sufficient.[1]

In *Gray v. Faulkner*, 148 F.R.D. 220 (N.D. Ind. 1992), the defendant responded to requests for production that the documents sought were non-existent, and to other requests the defendants provided only some documents; the plaintiff did not agree that there were only a few to no documents that satisfied the request. *Id*. at 222. The court denied the motion to compel and held that "[t]he fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect." *Id*.

Though Plaintiffs disbelieve and disagree with Defendants' responses to the First Request, this does not mean that the Defendants "have failed or refused to respond." Not only did they respond, they continue to supplement their responses. As the Rules require, Defendants' production is ongoing. DFCS has assigned staff members the additional responsibility of producing the multitude of requested documents and an additional attorney has been installed at DFCS to assist in continuing production and supplementations.

The Governor of the State of Mississippi, the Executive Director of its Department of Human Services, and the Director of its Division of Family and Children's Services have nothing to hide, which should be manifest from their responses to date. These responses, their

---

[1] "On April 17, 2001, Belcher submitted a document production request with *eleven* separate production items to the Air Force, to which the Air Force timely responded on June 4, 2001. Consistent with Belcher's request, the Air Force identified *450 pages* of responsive documents which had also been produced in response to similar discovery requests during administrative proceedings. The Air Force also certified that *two separate searches for responsive documents* (totaling over thirty hours of search time) had been made.… As the Air Force has consistently supplied Belcher with documentation throughout the long course of this litigation…, we are not persuaded by Belcher that the district court abused its discretion in denying his motions to compel here." *Id*. at *38-39 (emphasis supplied).

179182.1

supplementation and responding to future requests require massive efforts and significant time and costs. Discovery is not an end in itself, rather it is a means to an end – a fair trial.

Rule 34 requires the Defendants to permit the Plaintiffs to inspect and copy any designated documents and other data compilations from which information can be obtained, and which are in the possession, custody or control of the Defendants. To date, the Plaintiffs have not looked at the first piece of paper among the 3.3 million pages that have been tendered to them in the DFCS offices around the state. Would it not make sense for them to satisfy this Court that they have examined all responses before demanding more?

An excellent example of the nature of Plaintiffs' unreasonable demands is for drafts of DFCS's Program Improvement Plan. As a matter of law, they are not entitled to them.

The Fifth Circuit recognizes a common law version of the deliberative process privilege. *Branch v. Phillips Petroleum*, 638 F.2d 873, 881-82 (5th Cir. 1981). In this form, the privilege has often been applied to shield from disclosure those documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."

The policy underlying the privilege in any case is the desire to protect the integrity of the decision-making process by protecting and promoting "open, frank discussion" among the decision-makers. *See DCP Farms v. Espy*, 1995 WL 1945518, *1 (N.D.Miss.). The final Program Improvement Plan will be produced in a supplement to the First Request.

The responses are not evasive, nor are the responses incomplete though, of course, there is a continuing duty to supplement. Some dictionaries define "evasive" as "deceitful." Black's Law Dictionary (6th ed. 1990) defines an "evasive answer" as "one which consists in refusing either to admit or deny a matter in a direct, straight-forward manner."

179182.1

Plaintiffs have not alleged or proven evasion or incompleteness, nor have they provided the Court with any authority to justify an order compelling Defendants to do anything further.

6.
This Is No Ordinary Motion To Compel

The Court's ruling on this motion is very important both at present and for the future conduct of this action. Plaintiffs will continue their overbearing discovery strategy until this Court decides when enough is enough.

Most federal court cases could have been tried in the time we have spent on Plaintiffs' complaints about discovery. Not satisfied with the production of millions of pages of documents, which will probably never be read, Plaintiffs falsely portray the Defendants as being unresponsive to their never-ending requests and complaints. This is a tactic by Plaintiffs' counsel seeking to wear down their opponents and pile up the hours to increase their fees, which they intend to collect from the State. Even in the face of unrelenting pressure, criticism, and false accusations, Defendants have responded to each and every request. Plaintiffs bear the burden of demonstrating that Defendants have provided evasive or incomplete responses, and they have failed. That they do not like some of the responses is beside the point. The facts tell the story and the Rules provide the answer.

Rules 26, 34 and 37, the Court's sound discretion and common sense dictate that enough is enough and the motion to compel should be denied.

179182.1

      **THIS**, the 10th day of June, 2005.

                Respectfully submitted,

                **HALEY BARBOUR, as Governor of the State of MS; DONALD TAYLOR, as Exec. Dir. of the Dept. of Human Services; and BILLY MANGOLD as Director of the Div. of Family and Children's Services**

                s/Sam E. Scott_____

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Amy Kebert Elder (MSB #99149)
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
City Centre South, Suite 1100
200 South Lamar Street (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

## CERTIFICATE OF SERVICE

      I hereby certify that on June 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

                W. Wayne Drinkwater, Jr., Esq.
                Melody McAnally, Esq.
                BRADLEY ARANT ROSE & WHITE LLP
                Suite 450, One Jackson Place
                Post Office Box 1789
                Jackson, MS  39215

                Stephen H. Leech, Esq.
                850 East River Place, Suite 300
                Jackson, Mississippi 39215

179182.1

Eric E. Thompson, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS
404 Park Avenue
New York, New York 10016

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Eric S. Manne, Esq.
John Lang, Esq.
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154

Marcia Robinson Lowry, Esq.
Erik S. Pitchal, Esq.
Corene Kendrick, Esq.
Children's Rights, Inc.
404 Park Avenue
New York, New York 10016

**SO CERTIFIED**, this the 10th day of June, 2005.

s/Sam E. Scott_____

179182.1