IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                          PLAINTIFFS

v.                                                                      CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*      DEFENDANTS

**PLAINTIFFS' FURTHER REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL DOCUMENTS RESPONSIVE
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**I. INTRODUCTION**

In light of this Court's Order of June 15, 2005, requiring Defendants to respond to the specific document production deficiencies identified in Plaintiffs' motion to compel, Defendants have now produced some of the responsive documents sought by Plaintiffs and established that some others do not exist or cannot be found.[1]  (*See* Revised Response to Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First Request for Production of Documents ("Revised Resp.")).  An Order from this Court is still needed, though, as to other responsive documents that Defendants have yet to produce or refuse to produce.

**II. RESPONSIVE DOCUMENTS STILL SOUGHT BY PLAINTIFFS**

     **A. Responsive Documents Withheld Pursuant To The Attorney-Client Privilege**

Document Request No. 1

     (b)     Unredacted Named Plaintiff case record entries DHS Jamison J. 00142-143, 00205-206, 00207-209.

---

[1] Plaintiffs are no longer pursuing an Order as to the following documents cited in Plaintiffs' Motion:  Nos. 1 (a) & (d); 4 (a); 7 (a) – (c); 8 (c), (e) & (f); 13 (a); 15 (a); 21-23 (b); 29 (a); 30 (a) & (b); 35 (a) & (b).

Defendants inappropriately seek to extend the attorney-client privilege to cover communications between the Attorney General's office and a group home providing placement services to named plaintiff Jamison J. under contract with DHS. It is well established that disclosure to a third party who is not a codefendant or a potential codefendant to "imminent" litigation vitiates any claim of attorney client privilege. *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002). Moreover, the attorney-client privilege is "to be strictly confined within the narrowest possible limits consistent with the logic of its principle." *U.S. v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976) (citations omitted).

Defendants have failed to demonstrate that the group home is the "functional equivalent" of a DHS employee warranting the extension of attorney-client privilege to this third party contractor. *See Freeport-McMoran Sulphur, L.L.C. v. Mike Mullen Energy Equip. Res., Inc.*, No. 03-1496, 2004 U.S. Dist. LEXIS 10048, at * 13-16 (E.D. La. June 2, 2004) (a full-time contractor and former employee, essential to the operation of company, not deemed "functional equivalent" of company employee for purposes of attorney-client privilege) (citing *In re Bieter Co.*, 16 F.3d 929, 939-940 (8th Cir. 1994)) (attached at Ex. A). Nor is there any indication that the group home holds itself out as a DHS representative, *id.* at *15, or that it has the authority to make decisions on DHS's behalf. *See In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 216 (S.D.N.Y. 2001).[2] The unredacted Named Plaintiff case record entries should be compelled.

**B. Responsive Documents Claimed To Not Be Under The Control Of The Defendant Governor**

Document Request No. 32

(a)    State EPSDT reports to the U.S. Department of Health and Human Services.

---

[2] Defendants also cite to the work product privilege for the first time here (Revised Resp. at 4-5), but fail to explain how or why it applies to these case record entries.

Defendants simply assert without citing any authority that documents maintained by the Mississippi Department of Health are not in the custody, control or possession of the Defendants. (Revised Resp. at 11-12).  The Defendant Governor, however, as chief executive officer of the State, has control over these State documents.  The requested state EPSDT reports, which include information on the provision of health care to children in DHS custody, should be compelled.

### C. Responsive Documents Claimed To Only Be Maintained In Individual Child Files

Document Request No. 35

(c) Individual reports of child maltreatment in DHS custody and all related documents;

(d) Individual investigations regarding child maltreatment in DHS custody and all related documents; and

(e) Any special or critical incident reviews regarding individual children in DHS custody.

Defendants maintain that these documents are only available in each child's individual records and would require Plaintiffs to review all 3,150+ class member files (maintained in 84 DFCS County Offices statewide) to retrieve them.  (Revised Resp. at 10-11).  Deposition testimony by Defendants' Rule 30(b)(6) designee on the reporting and investigation of alleged maltreatment of children in DHS custody, however, has already conclusively established that these reports and investigations are separately forwarded to and maintained by the DFCS State Office Protection Unit.  (*See* Triplett Dep. Tr. at 27:21-32:21 (attached at Exhibit B)). Defendants should be compelled to produce them.

### D. Responsive Documents That Should Be Produced To Avoid Authenticity Objections To The Copies Independently Acquired By Plaintiffs

Document Request No. 8

      (a)     DFCS December 2003 Self-Assessment.

      (b)     May 2004 federal Child & Family Services Review (CFSR) report.

Defendants assert that they need not produce these responsive documents because Plaintiffs already possess a copy obtained outside of discovery and used at deposition. (Revised Resp. at 6-7). Defendants should be compelled to produce these documents, however, to avoid any disputes as to their authenticity. Alternatively, this Court can hold that Defendants' Revised Response constitutes a waiver of any right to contest authenticity as to these documents based on Defendants' reliance for non-production on the copy already in Plaintiffs' possession and disclosed to Defendants.

**E. Responsive Documents That Have Yet To Be Produced**

While Plaintiffs look forward to quarterly supplementation on July 14, 2005, as promised by Defendants (Revised Resp. at 1-2), the Plaintiffs' agreement to quarterly supplementation did not relieve Defendants from making a complete production of responsive documents to Plaintiffs' First Request for Production of Documents by March 4, 2005, as ordered by this Court, or curing identified deficiencies promptly thereafter, as suggested by Defendants. To the contrary, Plaintiffs' letter of January 12, 2005, cited by Defendants (Ex. A to Revised Resp.), explicitly contemplated quarterly supplementation with new documents only after Defendants had complied with the production requirements of the Federal Rules and "produce[d] all documents in response . . . [with] the balance of the production" to occur after "a brief extension" of two weeks. *Id*.

Document Request No. 1

      (c)     Complete Named Plaintiff MACWIS screen documentation.

Defendants assert that they will produce missing documents with their planned quarterly supplementation on July 14, 2005. (Revised Resp. at 5). An Order compelling complete production is still appropriate, however, especially in light of the undisputed fact that Defendants have failed to produce complete named plaintiff MACWIS screen documentation despite the Amended Case Management Order requirement to do so by January 14, 2005, and Defendants' subsequent assertion that these missing documents would be produced with the April 14, 2005 quarterly supplementation. (*See* February 16, 2005 letter from Betty Mallett at Ex. J. to Plaintiffs' Motion to Compel.)

Document Request No. 9

(a)    2005 Foster Care Review Program Administrator non-compliance reports.

These Foster Care Review non-compliance reports are generated monthly as testified to by the Program Administrator of the Foster Care Unit, Robert Hamrick. (*See* Hamrick Dep. Tr. at 50:4-13 (attached at Ex. C)). No monthly reports for 2005 have been produced. Defendants assert that they will produce missing reports with their planned quarterly supplementation on July 14, 2005. (Revised Resp. at 7). An Order compelling complete production is still appropriate.

Document Requests Nos. 21-23

(a)    All "Direct Service Primary Clients by Region" reports from 2002 to the present, other than the January 2004 report.

Document Request Nos. 33-34

(a)    All Program Improvement Plans (PIPs) submitted to the U. S. Department of Health and Human Services.

(b)    All correspondence related to the PIPs.

Defendants assert that they will produce the missing documents with their planned quarterly supplementation on July 14, 2005. (Revised Resp. at 10). An Order compelling complete production is still appropriate.

### F. Responsive Email And Other Digital Communications.

Defendants have yet to specify what searches have been undertaken for responsive email or other digital communications in compliance with their discovery obligations under Rules 26(a)(1) & 34(a).

### III. CONCLUSION

Plaintiffs respectfully request the Court enter an Order compelling production of the documents identified herein that Defendants have yet to produce or refuse to produce. Pursuant to Section 5(B) of the Administrative Procedures for Electronic Case Filing for the United States District Court for the Southern District of Mississippi, Plaintiffs' proposed order has been simultaneously submitted via email.

Respectfully submitted, this the 29th day of June, 2005.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Corene Kendrick (MBN 43989 *pro hac vice*)
Tara S. Crean (MBN 44447 *pro hac vice*)

        CHILDREN'S RIGHTS
        404 Park Avenue South, 11th Floor
        New York, NY 10016
        Telephone: (212) 683-2210

        John Lang (MBN 43987 *pro hac vice*)
        Christian Carbone (MBN 43986 *pro hac vice*)
        Eric Manne (MBN 43988 *pro hac vice*)
        LOEB & LOEB LLP
        345 Park Avenue
        New York, NY 10154
        Telephone: (212) 407-4000

        *PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Betty A. Mallett, Esq.
Dewitt L. Fortenberry, Jr, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

        s/ Melody McAnally