IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES D. JOHNSON,** *et al.*                                                                    **PLAINTIFFS**

**VS.**                                                         **CIVIL ACTION NO. 3:04cv251LN**

**HALEY BARBOUR,** *et al.*                                                                    **DEFENDANTS**


MOTION TO AMEND CASE MANAGEMENT ORDER
AND FOR CONTINUANCE OF TRIAL DATE


**COME NOW**, the Defendants, by and through counsel, and file this Motion to Amend Case Management Order and for Continuance of Trial Date, and would show unto the Court the following:

1.

An Amended Case Management Order was entered in this matter on December 17, 2004. That Order established deadlines as follows:

**Discovery:** All discovery shall be completed by October 13, 2005

**Experts:** The parties experts shall be designated by the following dates:

    a. Plaintiffs: August 15, 2005

    b. Defendants: September 15, 2005

**Trial Motions:** All motions other than motions *in limine* shall be filed by: October 28, 2005.

**Pretrial:** The Pretrial Discovery Conference is set for January 12, 2006

**Trial:** February 13, 2006.

180963.1

2.

On or about March 11, 2005, this Court entered its Memorandum Opinion and Order granting Plaintiffs' motion for class certification to the extent they sought certification of an "In-Custody Class" of children in the custody of the Mississippi Department of Human Services. Certification of this class increased the number of Plaintiffs from eight children to approximately 3000 children. This substantially increased discovery both in terms of reviewing and producing documents.

3.

By Order of the Court, the Defendants are required to produce individual case records of the Plaintiff children as they are maintained by county offices in the ordinary course of business throughout the State of Mississippi. It is anticipated that Plaintiffs' review of individual case files will extend through most of August, 2005, and include records in several counties throughout the state.

4.

On or about June 23, 2005, counsel for the Plaintiffs notified counsel for the Defendants that Plaintiffs anticipate that the parties will need to agree on extending the Case Management Order deadline for designating experts. This extension is the result of the volume of documents having to be produced by the Mississippi Department of Human Services and allowing Plaintiffs sufficient time to review the records of individual children in order to designate experts and prepare necessary reports. Extension of the Plaintiffs' deadline in which to designate experts impacts the remaining Case Management Order deadlines, including the trial date. After conferring by telephone and in writing, counsel have been unable to reach an agreement as to the terms of a proposed Joint Motion to Amend the present Case Management Order.

180963.1

5.

Plaintiffs' Responses to Defendants' First Set of Interrogatories indicate that a large part of Plaintiffs' case will be based on the testimony of expert witnesses. Plaintiffs objected to many interrogatories as being premature because expert reports are not yet due, reserving the right to supplement responses. As such, Defendants have been provided limited discovery. Because of the complexity and importance of this litigation, Defendants will need more than thirty days after Plaintiffs' designation of experts in which to retain defense expert(s) and more than sixty days after Plaintiffs' designation of expert(s) in which to complete discovery.

6.

Defendants propose that Plaintiffs' expert designation be extended sixty days to allow adequate time in which to complete discovery to the extent necessary for their experts to prepare reports and that Defendants' deadline to designate experts be extended ninety days to allow the Defendants adequate time in which to designate experts. In order to allow the parties sufficient time in which to complete discovery, Defendants propose that the discovery deadline be extended to thirty days after the Defendants' deadline to designate an expert. Defendants propose that the motion deadline also be extended. Defendants respectfully submit that extension of these deadlines will necessitate re-scheduling of the pretrial conference and trial date.

7.

It is in the interest of all parties to this lawsuit that trial of this cause now set for February 13, 2006, be re-scheduled to a date set by this Court and that the Case Management Order be amended as follows:

**Discovery:** All discovery shall be completed by January 15, 2006

**Experts:** The parties' experts shall be designated by the following dates:

180963.1

    a. Plaintiffs: October 15, 2005

    b. Defendants: December 15, 2005

**Trial Motions:** All motions other than motions in limine shall be filed by: February 15, 2006.

**Pretrial:** Pretrial Conference is set for _____ (Set by the Court)

**Trial:** Trial is set for _____ (Set by the Court).

8.

This motion is made in good faith and in an effort to allow the parties sufficient time to prepare for trial of this important and complex litigation, and not for unnecessary delay. The Defendants respectfully request the Court's permission to not file a Memorandum of Authorities as required by Local Rules because of the self explanatory nature of this Motion.

WHEREFORE, the Defendants respectfully request this Court to Amend the Case Management Order as requested and re-schedule trial to a date determined by the Court.

**THIS**, the **6th** day of **July**, **2005**.

                                                        Respectfully submitted,

                                                        **HALEY BARBOUR, as Governor of the State of MS; DONALD TAYLOR, as Exec. Dir. of the Dept. of Human Services; and BILLY MANGOLD as Director of the Div. of Family and Children's Services**

                                                        BY: \_\_\_/s/ Dewitt L. (Rusty) Fortenberry, Jr.\_\_\_\_\_

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

180963.1

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Amy Kebert Elder (MSB #99149)
Gretchen L. Zmitrovich (MSB #101470)
City Centre South, Suite 1100
200 South Lamar Street (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

180963.1

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS 39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
Corene Kendrick, Esq.
Tara Crean
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York 10016

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

      I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Erik S. Pitchal, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York 10016

Eric S. Manne
John Piskora
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

180963.1

Eric S. Manne<br>
John A. Piskora<br>
LOEB & LOEB, LLP<br>
345 Park Avenue<br>
New York, NY 10154

**SO CERTIFIED**, this the **6th** day of **July**, **2005**.

           ___/s/ Dewitt L. (Rusty) Fortenberry, Jr._____

180963.1