IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                                              PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.         DEFENDANTS

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND CASE
MANAGEMENT ORDER AND FOR CONTINUANCE OF TRIAL DATE
AND PLAINTIFFS' CROSS-MOTION TO AMEND CASE MANAGEMENT ORDER**

Although both parties agree that the current expert discovery deadlines will need to be extended, Defendants responded to Plaintiffs' proposals to jointly so move the Court by seeking the wholesale jettisoning of existing case timelines.[1] Having now been apprized of Defendants' proposed extensions for the first time via Defendants' Motion, Plaintiffs object to Defendants' Motion in part. Plaintiffs submit this Cross-Motion and more modest proposed amended Case Management Order extending both parties' expert deadlines eight weeks while retaining the current fact discovery deadline. Plaintiffs also propose setting a later expert discovery cut-off date and trial motions date (consistent with Uniform Local Rule 7.2(B)(3)) to accommodate these extensions, as follows:

> **Discovery:** All fact discovery shall be completed by October 13, 2005; all expert discovery shall be completed by December 8, 2005.
>
> **Experts:** The parties experts shall be designated by the following dates:
>
>   a.  Plaintiffs: October 13, 2005
>
>   b.  Defendants: November 14, 2005

---

[1] S*ee* July 5, 2005 letter to Mr. Fortenberry, and July 6, 2005 letter in response (attached collectively at Ex. A).

**Trial Motions:**  All motions other than motions in limine shall be filed by: December 22, 2005.

While an extension of the expert deadlines is now necessary because of Defendants' delay in complying with Plaintiffs' discovery requests, Defendants' Motion should be denied to the extent it seeks unnecessary additional delays in the preparation of this case for trial.  Instead, Plaintiffs' Motion seeking a limited eight-week extension for both parties' expert deadlines should be granted.  Plaintiffs defer to the Court's discretion and calendar as to any adjustment of the pretrial and trial dates, if necessary.

## I.  BACKGROUND

The current expert deadlines must be extended eight weeks because discovery in this complex class action litigation has been delayed by Defendants.

Plaintiffs' access to a representative sample of class members' DHS case records for an expert case record review, pursuant to Plaintiffs' Second Request for Production of Documents, was objected to by Defendants until after this Court certified the class of all children in DHS custody on March 11, 2005.  Thereafter, the parties' attempts to agree as to Defendants' provision of the necessary class information for sample selection and the logistical arrangements for on site review of the DHS records, while ultimately successful, resulted in Plaintiffs' expert case record review not beginning until June 27, 2005.  This expert review of a sample of approximately 300 DHS case records will need to proceed in various DHS County Offices across the State and will require approximately 10 weeks to collect the required information.  Additional time will also be necessary once the expert review of files is completed for data aggregation and analysis, and for the production of an expert report consistent with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

Further, Plaintiffs' Motion to Compel Defendants' responses to Plaintiffs' First Request for Production of Documents is pending, and related responsive documents needed for Plaintiffs' experts' review and for depositions have yet to be produced. Multiple depositions noticed for June and July have had to be postponed pending production of these records.

## II.  ARGUMENT

The wholesale revisions to the Case Management Order's scheduling deadlines sought by Defendants are unjustified and will unnecessarily delay trial in this matter, thereby prejudicing Plaintiffs. Defendants' own delays in complying with Plaintiffs' discovery requests should not allow Defendants to now seek arbitrary additional extensions on all their Case Management Order deadlines.

Defendants now seek - for the first time - an additional month for their expert reports *on top of* the eight-week extension of both parties' expert deadlines proposed by Plaintiffs. Defendants attempt to justify this by stating that they have belatedly realized that a large part of Plaintiffs' case will be based on the testimony of expert witnesses. However, Defendants have known of the central role of expert testimony to Plaintiffs' case at least since the parties' Rule 26(f) discovery conference and Plaintiffs' subsequent submission of their Proposed Case Management Order *over one year ago* on June 3, 2004. (*See* Ex. B). Plaintiffs' Proposed Case Management Order, at section 6.C, states in some detail Plaintiffs' plan to use case record review experts to present the evidentiary basis for Plaintiffs' claims of a systemic pattern and practice of legal violations. *Id.*

Defendants also propose a 90-day extension of the fact discovery cut-off that is unnecessary, as it is Defendants who are in possession of all the relevant facts regarding their treatment of class members. Under both the current Amended Case Management Order

3

("CMO") and Plaintiffs' proposed amended Case Management Order (attached as Ex. C), Defendants already have two months to complete expert discovery once Plaintiffs' experts are designated. Defendants also propose doubling the current trial motions deadline to 30 days after all discovery is completed, without any justification.

Defendants' proposed scheduling deadlines would unjustifiably and unnecessarily further delay trial in this matter. Defendants should not be allowed to take advantage of their delays in responding to Plaintiffs' discovery requests, which now require an extension of expert deadlines, to even further delays of the final adjudication of whether Plaintiffs are being subjected to unconstitutional conditions in Defendants' custody.

WHEREFORE, Plaintiffs respectfully request this Court to amend the Case Management Order only as necessary to extend the expert deadlines by eight weeks as requested by Plaintiffs. Plaintiffs respectfully request that the Court waive the requirement for a separate Memorandum of Authorities. A proposed Order is attached as Exhibit C. Pursuant to Section 5(B) of the Administrative Procedures for Electronic Case Filing for the United States District Court for the Southern District of Mississippi, Plaintiffs' proposed order has also been simultaneously submitted via email.

RESPECTFULLY SUBMITTED, this the 8th day of July, 2005.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, Mississippi  39202

Telephone: (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara S. Crean (MBN 44447 *pro hac vice*)
Corene Kendrick (MBN 43989 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South
New York, New York 10016
Telephone: (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
Eric Manne (MBN 43988 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Betty A. Mallett, Esq.
Dewitt L. Fortenberry, Jr, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

/s Melody McAnally