I.c.3



SUITE 450, ONE JACKSON PLACE
188 EAST CAPITOL STREET
PO BOX 1789
JACKSON, MS 39215-1789
601.948.8000  FAX 601.948.3000
WWW.BRADLEYARANT.COM

Melody McAnally

Direct Dial: 601-592-9944
Direct Fax: 601-592-9904
mmcanally@bradleyarant.com

June 3, 2004

*VIA HAND DELIVERY*
The Honorable Alfred G. Nicols, Jr.
Magistrate Judge
UNITED STATES DISTRICT COURT
Southern District of Mississippi
245 East Capitol Street, Suite 502
Jackson, MS 39201

    RE:    *Olivia Y., et al v. Haley Barbour, et al.*; In the United States District Court for the Southern District of Mississippi, Jackson Division; Civil Action No. 3:04cv251LN

Dear Judge Nicols:

    Enclosed please find *Plaintiffs' Proposed Case Management Order* in the above referenced matter for your review and consideration. By copy of this letter, I forward a copy of same to counsel opposite. Should you have any questions or concerns, please do not hesitate to contact me.

                             Very truly yours,

                             Melody McAnally

MIM/kld
Enclosures

cc:    Harold E. Pizzetta, III, Esq.


EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                           PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.        DEFENDANTS

## PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER

This Order, including the deadlines established herein, having been established with the participation of the parties, can be modified only by order of the court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. IT IS HEREBY ORDERED:

1. **Case Track:** Complex

2. **Alternative Dispute Resolution [ADR]:**

    B. At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3. **Consent to Trial by United States Magistrate Judge:**

    B. The parties do not consent to trial by a Magistrate judge.

4. **Disclosure:**

    A. The pre-discovery disclosure requirements of Uniform Local Rules 5.1(A) and 26.1(A) have been complied with fully by Plaintiffs.

    Defendants have indicated that they do not plan on complying with Uniform Local Rules 5.1(A) and 26.1(A), based on their filed Motion to Stay Discovery.

    B. The following additional disclosure is needed and is hereby ordered:

    An order directing Defendants to produce any and all DHS/DFCS case records related to each of the named plaintiffs pursuant to Uniform Local Rule 26.1(A)(1)(b) is needed.

5. **Motions; Issue Bifurcation**

    **A. Motions:**

    Defendants' filed Motion to Stay Discovery, if granted, will delay necessary discovery and prompt resolution of this action.

    **B.** Plaintiffs propose that the staged resolution of the liability and remedy issues at trial in accordance with FED. R. CIV. P. 42(b) will assist in the prompt resolution of this action.

6. **Discovery Provisions and Limitations**

    **A. Interrogatories, Requests for Production and Requests for Admissions**

    This is a class action on behalf of 13 named plaintiffs representing two classes of children each of which numbers in the thousands. Plaintiffs' proof will be derived principally from documents in Defendants' possession and by deposition testimony of Defendants' employees. In light of the scope of the case, and the nature of the systemic evidence that needs to be developed from Defendants' records, Plaintiffs propose that the written discovery limits for complex cases not be imposed at this time.

    Because Plaintiffs do not yet have the benefit of Defendants' initial disclosures, Plaintiffs are unable at this time to propose alternative discovery limits. Defendants propose a limit of 30 questions.

    **B. Depositions**

    Plaintiffs propose that the discovery limits for depositions in complex cases not be imposed at this time for the same reasons as articulated for written discovery above. Because Plaintiffs do not yet have the benefit of Defendants' initial disclosures identifying individuals who are likely to have discoverable information, Plaintiffs are unable at this time to propose alternative deposition limits. Defendants propose a limit of 10 depositions.

    **C. Further Discovery Provisions or Limitations**

    Because DHS/DFCS case record data necessary to prove Plaintiffs' systemic case is not available in aggregate form, Plaintiffs will be conducting case record reviews. Such reviews involve retaining experts who systematically examine the case records of a randomly selected, statistically significant, number of children from each class in accordance

4/024748.1

with a uniform protocol and consistent with social science research methodology. The review is to determine whether class members are receiving the services required by law and the needs of the child, and whether the state is complying with other requirements of federal law. The experts then aggregate that data and draw conclusions that are applicable to each class.

In order to undertake the necessary case record review for each class, Plaintiffs will need an order from the court directing that Defendants provide Plaintiffs with access to a randomly selected, statistically significant number of case records of (i) children in Defendants' custody, and (ii) children who have been the subject of an abuse or neglect report, but who have not entered Defendants' custody.

The cost and time required for these case record reviews would be dramatically reduced if the Court ordered joint reviews utilizing mutually acceptable teams of court-appointed experts pursuant to Rule 706 of the Rules of Evidence, rather than the parties each hiring their own expert teams to conduct separate reviews. Joint reviews pursuant to Rule 706 would establish class-wide facts efficiently and be less subject to protracted ancillary expert discovery and motion practice. Defendants oppose this proposal.

7. **Scheduling Deadlines:**

Plaintiffs will require 12 months of discovery, and can be ready for trial in 15 months.

4/024748.1