IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES D. JOHNSON, et al.**  **PLAINTIFFS**

**VS.**  **CIVIL ACTION NO. 3:04cv251LN**

**HALEY BARBOUR, et al.**  **DEFENDANTS**

**DEFENDANTS REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO AMEND CASE MANAGEMENT
ORDER AND FOR CONTINUANCE OF TRIAL DATE AND
PLAINTIFFS' CROSS-MOTION TO AMEND CASE MANAGEMENT ORDER**

**COME NOW**, the Defendants, by and through counsel, and file this their reply to Plaintiffs' Response to Defendants' Motion to Amend Case Management Order and for Continuance of Trial Date and in support thereof would show the following:

Plaintiffs do not disagree that a continuance of the trial date is necessary. The parties are in agreement that the expert discovery deadlines should be extended. There is no dispute that this is both factually and legally, a complex and intensive lawsuit that is important to foster children and the State of Mississippi.

Defendants' Motion is not a "wholesale jettisoning" of case management deadlines, but an effort to maintain a level playing field. Plaintiffs proposal to alter some, but not all deadlines, is an effort to prejudice the Defendants and gain an unfair tactical advantage. Stated very simply, extension of the expert discovery deadlines affects the remaining case management deadlines.

**I. BACKGROUND**

The Amended Case Management Order establishing the present deadlines was entered on December 17, 2004. The parties agreed to a timely process for supplementation of production of documents on a quarterly basis. See, letters attached hereto as Exhibit "A". On March 11, 2005,

181503.1

this Court certified the class of all children in DHS custody. On May 25, 2005, this Court ruled that there is no reason to deviate from the customary practice of permitting the production of documents as they are kept in the ordinary course of business. Thus, the Defendants are making available to the Plaintiffs individual child case files as they are maintained in county offices around the state. On June 10, 2005, the Plaintiffs gave notice that they would begin their expert case review of selected individual child case files on June 27, 2005, with those from Hinds county. See, letter attached hereto as Exhibit "B".

## II. ARGUMENT

Plaintiffs assertion that discovery has been delayed by the Defendants is not correct. The most recent quarterly supplemental production of documents by the Defendants occurred in a timely manner on July 14, 2005. In addition to making individual child case files available for Plaintiffs' review, the Defendants have thus far produced approximately 75,000 pages of documents in response to multiple Requests for Production of Documents.

Plaintiffs sought class certification in this lawsuit. Certification after deadlines had been established through the Amended Case Management Order dramatically altered discovery as well as the scope of the lawsuit. The certified class totals approximately 3000 foster children from around the state of Mississippi. The case management deadlines, including the trial date, are no longer practical and should be amended to allow all parties sufficient time to prepare for trial.

Extension of expert deadlines without extension of the remaining deadlines would be prejudicial to the Defendants. Such a limited amendment allows the Plaintiffs more time to develop their case without providing the Defendants adequate time in which to complete discovery, submit extensive motions, and prepare for trial.

Defendants proposal of a twelve week extension of their expert deadline is necessary as a result of Plaintiffs recent evasive interrogatory answers which primarily assert that expert reports are not yet due. The extension of Defendants expert deadline by twelve weeks, as opposed to eight weeks, is necessary to allow Defendants sufficient time to evaluate Plaintiffs expert designation(s), retain expert(s), complete necessary discovery, and properly designate defense expert(s). This is a necessary and proper issue to raise at this time because it is intertwined with the remaining case management dates presently before the Court.

Furthermore, it is not practical, nor efficient, to separate fact and expert discovery deadlines. Plaintiffs extensive reliance on experts make it necessary for Defendants to conduct fact and expert discovery at the same time and subsequent to Plaintiffs designation. To separate the discovery deadline in such a manner would be prejudicial to the Defendants and create unnecessary discovery disputes.

This unique litigation involves complex and important issues of law. Legal issues to be resolved by Motions before this Court will be extensive. The Motion deadline should be amended to allow the Defendants to develop legal issues just as the Plaintiffs need more time to develop their case through expert case reviews. Although Defendants attempt to take a reasonable look at the case schedule, the Plaintiffs refuse to agree to anything unless only they benefit.

Plaintiffs acknowledge that the proposed extension of deadlines may require adjustment of the pretrial and trial dates. See, letter attached hereto as Exhibit "C". Additionally, in their Response, Plaintiffs do not object to the pretrial and trial dates being re-scheduled. They simply refuse to join with the Defendants in requesting such an extension, with the apparent hope of

gaining more time for Plaintiffs experts to prepare their case, while limiting the Defendants opportunity to adequately prepare a defense.

**WHEREFORE**, Defendants respectfully request this Court to re-schedule the trial and extend the deadlines as requested by the Defendants.

**THIS**, the **15th** day of **July**, **2005**.

                                        Respectfully submitted,

                                        **HALEY BARBOUR, as Governor of the State of MS; DONALD TAYLOR, as Exec. Dir. of the Dept. of Human Services; and BILLY MANGOLD as Director of the Div. of Family and Children's Services**

                                        BY: /s/ Dewitt L. (Rusty) Fortenberry, Jr.

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Amy Kebert Elder (MSB #99149)
Gretchen L. Zmitrovich (MSB #101470)
City Centre South, Suite 1100
200 South Lamar Street (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS 39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York 10016

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Corene Kendrick, Esq.
Tara Crean, Esq.
Erik S. Pitchal, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York 10016

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

181503.1

**SO CERTIFIED**, this the **15th** day of **July**, **2005**.

/s/ Dewitt L. (Rusty) Fortenberry, Jr.

181503.1