ATTORNEYS AT LAW

# McGLINCHEY STAFFORD PLLC

Betty A. Mallett
(601) 960-8424
Fax (601) 352-7757
bmallett@mcglinchey.com

JACKSON
NEW ORLEANS
HOUSTON
BATON ROUGE
CLEVELAND
MONROE
DALLAS
ALBANY

January 10, 2005

*VIA FAX & U.S. MAIL*
Eric Thompson
CHILDREN'S RIGHTS, INC.
404 Park Avenue South
New York, NY 10016

Re: *Olivia Y., et al. v. Haley Barbour, et a;* In the United States District Court for the Southern District of Mississippi, Jackson Division; Cause No. 3:04 CV 251LN

Dear Mr. Thompson:

    This letter seeks an agreement with Plaintiffs' counsel to have the Defendants produce documents that have been in Defendants' possession, custody and control within the past 12 months and to supplement responses to the Plaintiffs' First and Second Requests for Production of Documents and all subsequent document requests ("Discovery") on a quarterly basis. Without an agreement, the Defendants will seek relief through a Motion for Protective Order to be filed with Magistrate Nicols.

    The Discovery propounded by Plaintiffs to date is overly broad and unduly burdensome to produce. Much of the Discovery propounded by the Plaintiffs requests the production of reports that may have been maintained by the Mississippi Department of Human Services for decades. (See, e.g., requests 8 through 12). To require the production of documents without regard of time limits is tantamount to discovery abuse. The Plaintiffs do not need decades-old material to maintain its lawsuit against the Defendants. If the Defendants were required to, first, determine whether they still possess such information and then actually produce each and every report, the operations of the Mississippi Department of Human Services ("MDHS") would be adversely impacted.

    We previously agreed to provided updated documents regarding each of the named Plaintiffs on a quarterly basis. We propose that, as we supplement information regarding the named Plaintiffs, we also supplement production requests on a quarterly basis. I do not anticipate that MDHS will be able to produce all documents in response to the Discovery by January 18, 2005; therefore, we suggest that the Defendants respond to the Discovery on a quarterly basis to avoid piecemeal production.

    Please let me hear from you regarding this matter before 5:00 p.m. on Tuesday, January 11, 2005. If we cannot reach an agreement, I would like to move forward with a Motion for Protective Order by Wednesday, January 12, 2005.

Sincerely,

McGLINCHEY STAFFORD, PLLC

Betty A. Mallett

CITY CENTRE, SUITE 1100, 200 SOUTH LAMAR STREET | JACKSON, MS 39201 | (601) 960-8400 | FAX: (601) 960-8406 | www.mcglinchey.com
MAILING ADDRESS: POST OFFICE DRAWER 22949 JACKSON, MS 39225-2949



Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Harvey Keitel
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

January 12, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar St.
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

Pursuant to our conversation of yesterday, I enclose the two pages of the Self-Assessment referenced in Plaintiffs' First Request for Production of Documents, Request Nos. 12 and 18. I trust this will clarify the types of documents we seek in response.

As to the issues discussed in your letter of January 10, 2005, I hope that we resolved those to your satisfaction. First, Plaintiffs only seek approximately three years of documentation as explicitly set out in Instruction No. 7 of Plaintiffs' First Request limiting the applicable time period to 2002 through the present.

Second, while Plaintiffs agree with your proposal to provide document production *supplementation* on a quarterly basis, we will need Defendants initially to comply with the response and production times set out in the Federal Rules in light of the tight discovery schedule set out in the Amended Case Management Order. As we discussed, though, if after consulting again with your clients you still require a brief extension beyond January 18, 2005 to produce all documents in response to select requests in Plaintiffs' First Request, Plaintiffs will agree to having the balance of the production occur by February 1, 2005.

Third, as to Plaintiffs' Second Request for Production of Documents, you indicated Defendants would most likely simply object to the requests. If in fact that is the case, you kindly offered to serve your responses before January 24, 2005, when they are due. As we discussed, this will help expedite our resolution of the parties' differences as to these requests, with the assistance of the court if necessary.

Finally, Plaintiffs still expect to receive named plaintiff records supplementation, including any previously missing MACWIS documentation, by January 14, 2005, as required by the Amended Case Management Order.

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 · Fax: 212-683-4015 · info@childrensrights.org · www.childrensrights.org

Let me know if you have any questions regarding the above. Thank you.

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

Enclosures

cc: Wayne Drinkwater & Melody McAnally, Bradley Arant
    Stephen Leech, Esq.
    John Lang, Loeb & Loeb

-2-

EXHIBIT "A"