

Marcia Robinson Lowry
President &
Executive Director

**Board of Directors**
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

June 10, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I write regarding your letter of yesterday and Plaintiffs' planned case record review.

First, I wish to confirm my understanding of your letter that Defendants refuse to produce the class member list reflected in the Custody Contact Report in any electronic format despite the fact that said 100+ page Report is generated electronically by DHS and Defendants' knowledge that Plaintiffs will have to manually re-enter the data from the paper printout into an electronic format in order to generate a random review sample of class member files. Let me know immediately if I have misunderstood you.

Second, I am not sure what you intend when stating that the Report will be produced "in short order," but Plaintiffs cannot select their review sample without the requested updated Report. I hope that it will be produced within the next couple of days.

Third, after further consultation with Plaintiffs' experts, I can confirm that Plaintiffs plan to start their review of DHS cases on June 27, 2005, with those from Hinds County. The identity and number of such files cannot be specified until after Plaintiffs receive the updated Custody Contact Report.

As we have discussed before, we will need (1) access to adequate review space for 10 reviewers, a supervisor, and two upright photocopiers, with access to at least two outside phone lines and an internet connection; (2) access to the selected class members' complete DHS case records, which consist of both the MACWIS and paper files (including any of the children's adoption files maintained by the adoption specialists as testified to by Linda Millsaps, *see* depo at 11:14-12:15); (3) a Stipulation and Order concerning the integrity and confidentiality of the case records selected for review; and (4) a DHS designee who can address any issues with the completeness of the produced records as they arise on site.

I hope that we can finalize these arrangements shortly and look forward to your prompt response.

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

Encl.
cc:    Wayne Drinkwater & Melody McAnally, Bradley Arant
       Stephen Leech, Esq.
       John Lang, Loeb & Loeb

Linda Millsaps.060205

11

1    them.

2        Q.   Is it fair to say that there's an

3    adoption specialist assigned to every county

4    caseload of children freed for adoption within

5    the Southern Region?

6        A.   Correct.

7        Q.   Is that assignment reflected in

8    MACWIS?

9        A.   It is.

10        Q.   And so the adoption specialists are

11    able to enter case information into the child's

12    case record on MACWIS?

13        A.   Yes.

14        Q.   Do the adoption specialists maintain

15    their own file on the children to whom they are

16    assigned to?

17        A.   Yes.

18        Q.   And where do they maintain those

19    files?

20        A.   In their office.

21        Q.   And that would be in whatever county

22    they're based out of?

23        A.   Exactly.

24        Q.   Just to be clear, those files -- are

25    their own files maintained outside of the

STATE-WIDE REPORTERS (601) 366-9676

12

Linda Millsaps.060205
1    child's DFCS paper case record?

2         A.    Can you repeat the --

3         Q.    Sure.

4         A.    -- restate it?

5         Q.    Besides the MACWIS case record for a

6    child, are you familiar with the requirement

7    that there be a paper case record kept in the

8    county of responsibility for each child?

9         A.    Yes.

10        Q.    Do the adoption specialists, the files

11   that they maintain on each child, are those part

12   of the county of responsibility case files, or

13   are those maintained separately by the adoption

14   specialist?

15        A.    Separately.

16        Q.    When is an adoption specialist

17   assigned to a child?

18        A.    As soon as the child is -- termination

19   of parental rights has been accomplished.

20        Q.    Are there any occasions or

21   circumstances that would warrant having an

22   adoption specialist assigned before a child is

23   freed for adoption?

24        A.    Yes.

25        Q.    And when does that occur?

STATE-WIDE REPORTERS (601) 366-9676

13

1         A.    An infant, for example.

2         Q.    Any other circumstances in general?

3         A.    Occasionally, we do have requests for

Page 11



EXHIBIT

"B"