**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JAMES D. JOHNSON, et al.                                                                                    PLAINTIFFS

VS.                                                                                      CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, et al.                                                                                   DEFENDANTS

**DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICE OF BILLY MANGOLD
AND FOR PROTECTIVE ORDER LIMITING NUMBER OF DEPOSITIONS**

COME NOW, Haley Barbour, as Governor of the State of Mississippi, et al. ("Defendants"), by and through counsel, pursuant to Fed. R. Civ. Pro. 26(c), and file this Motion for an Order Quashing the Notice of Deposition of Billy Mangold and for a Protective Order limiting the number of depositions that Plaintiffs may take.

**Due to the short period of time remaining before the deposition of Billy Mangold which is noticed for August 2, 2005, the Defendants respectfully request an expedited ruling on this Motion.**

Since this Motion is self explanatory, Defendants respectfully request that they be allowed to proceed without the required separate Memorandum of Authorities. A copy of Defendants good faith certificate evidencing attempts to resolve the issue of Billy Mangold being deposed multiple times is attached hereto as Exhibit "A".

**I.      THE DEPOSITION NOTICE OF BILLY MANGOLD SHOULD BE QUASHED**

1.      Under the Federal Rules of Civil Procedure, a party must obtain leave of the court if, without the written stipulation of the parties, "the person to be examined already has been deposed in the case." Fed. R. Civ. Pro. 30(a)(2)(B).  *See Ameristar Jet Charter, Inc. v. Signal*

178538.1

1

*Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (upholding trial court's decision to quash depositions of two employees on grounds that they had already been deposed in case).

2.  Plaintiffs previously deposed Billy Mangold on August 25, 2004 in his personal capacity for 3.5 hours and have noticed him for another deposition in his personal capacity on August 2, 2005. Mr. Mangold was also produced as a 30(b)(6) witness on May 17, 2005, for 2.5 hours and that deposition had to be concluded on June 2, 2005, after another 2.5 hours.

3.  Billy Mangold retired from his position with the State of Mississippi on June 30, 2005. Mr. Mangold's successor will be substituted as a party to this lawsuit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Mr. Mangold has already been subjected to approximately 8.5 hours of deposition testimony and objects to being deposed again. To do so would result in annoyance, oppression, undue burden, and undue expense.

4.  Because Plaintiffs have already conducted depositions of Billy Mangold, have not sought leave of this Court, or obtained a written stipulation from Defendants, the August 2, 2005, notice for another deposition of Billy Mangold should be quashed.

II.  **PLAINTIFFS SHOULD BE LIMITED TO A SPECIFIC NUMBER OF DEPOSITIONS AS CONTEMPLATED BY THE FEDERAL RULES OF CIVIL PROCEDURE**

5.  Under the Case Management Order entered by this Court on June 17, 2004, Plaintiffs were limited to ten depositions not to exceed three hours each, prior to a ruling on Defendants' Motion to Dismiss. Per the Case Management Order, after the Court's decision on the Motion to Dismiss, Plaintiffs were to apply to the Court for a further scheduling order concerning appropriate discovery on any remaining issues.

6.  The Court issued its decision on Defendants' Motion to Dismiss on November 19, 2004. Prior to this decision, Plaintiffs conducted six (6) depositions:

178538.1

  a)  Billy Mangold on August 25, 2004;

  b)  Mechille Henry on September 9, 2004;

  c)  Kathy Triplett as a 30(b)(6) representative on October 20, 2004;

  d)  Gail Young as a 30(b)(6) representative on October 20, 2004;

  e)  Yutaska Simpson on October 26, 2004; and

  f)  Deborah Stewart on October 27, 2004.

The cover pages for each of these depositions are attached and incorporated herein as Exhibit "B".

  7.  Notwithstanding the fact that Plaintiffs did not seek another scheduling order to continue past November 19, 2004, Plaintiffs have conducted an additional nine (9) depositions:

  a)  Nancy Meaders, Robin Wilson, and Gail Young as 30(b)(6) representatives on May 16, 2005;

  b)  Billy Mangold as a 30(b)(6) representative on May 17, 2005;

  c)  Linda Millsaps on June 2, 2005;

  d)  Kathy Triplett and Nancy Meaders as 30(b)(6) representatives on June 14, 2005;

  e)  Gail Young and Nancy Meaders as 30(b)(6) representatives on June 15, 2005;

  f)  Kathy Triplett on June 15, 2005;

  g)  Robert Hamrick on June 20, 2005;

  h)  Teresa Jackson on June 21, 2005; and,

  i)  Martha McDaniel on July 21, 2005.

The cover pages for each of these depositions are attached and incorporated herein as Exhibit "C".

8.	Plaintiffs noticed approximately fifteen (15) additional depositions for the months of July and August but cancelled those depositions by letter dated June 23, 2005.  Defendants anticipate those depositions being re-noticed.

9.	Under the Federal Rules of Civil Procedure, a party must obtain leave of the court if, without the written stipulation of the parties, "a proposed deposition would result in more than ten depositions being taken" by a party in a lawsuit.  Fed. R. Civ. Pro. 30(a)(2)(A).  *See Andrews v. Fowler*, 98 F.3d 1069, 1080 (8th Cir. 1996) (holding "Under Rule 30(a)(2)(A), a party is entitled to up to ten depositions without leave of court, and to obtain discovery depositions beyond ten, leave of court is required."); *Barrow v. Greenville Independent School Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001 ) ("Rule 30(a)(2)(A) prescribes a presumptive limit on the number of depositions that may reasonably be taken in a civil suit.").

10.	Because Plaintiffs have not sought leave of this Court, or obtained a written stipulation from Defendants, they should be limited to ten (10) depositions as set forth in Rule 30 of the Federal Rules of Civil Procedure, or to a limited number of depositions that this Court deems appropriate.

11.	Subjecting the Defendants to an unlimited number of depositions would result in annoyance, oppression, undue burden and undue expense.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court enter an order quashing the deposition notice of Billy Mangold for August 2, 2005.  Defendants further request that this Court enter a Protective Order limiting the Plaintiffs to ten (10) depositions as set forth in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure or some other number of depositions that this Court deems appropriate.

**THIS** the **25**[th] day of **July**, **2005**.

178538.1

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and BILLY MANGOLD as Director of the Division of Family and Children's Services**

BY: _____/s/ Dewitt L. (Rusty) Fortenberry, Jr._____

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Amy Kebert Elder (MSB #99149)
Gretchen L. Zmitrovich (MSB #101470)
City Centre South, Suite 1100
200 South Lamar Street (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS  39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

178538.1

5

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York  10016

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS  39205

    I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Corene Kendrick, Esq.
Tara Crean, Esq.
Erik S. Pitchal, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York  10016

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

    **SO CERTIFIED**, this the **25th** day of **July**, **2005**.

                                                      _____/s/  Dewitt L. (Rusty) Fortenberry, Jr._____

178538.1