IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**OLIVIA Y., et al.**                                                                            **PLAINTIFFS**

**v.**                                                                                        **CIVIL ACTION NO.  3:04CV251LN**

**HALEY BARBOUR, as Governor of the State of Mississippi, et al.**           **DEFENDANTS**

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICE OF BILLY MANGOLD AND FOR PROTECTIVE ORDER LIMITING NUMBER OF DEPOSITIONS

Defendants' Motion to Quash Deposition Notice of Billy Mangold and For Protective Order Limiting Number of Depositions is baseless and should be denied.  As Director of DHS's Division of Family and Children Services (DFCS) until last month, Mr. Mangold was only deposed in his individual capacity for three hours per the initial Case Management Order and before any allowable document discovery.  That *Defendants* subsequently chose to designate Mr. Mangold as a Rule 30(b)(6) witness on the limited issue of the Defendant Division of Family and Children's Services's (DFCS) organizational structure cannot somehow preclude Plaintiffs from now obtaining his testimony as a central fact witness in this case.[1]  Meanwhile, Defendants' motion for a protective order is an ill-disguised and untimely attempt, on an expedited basis, to have the Court amend its December 17, 2004 Amended Case Management Order.  With the parties to this complex track case over six months into discovery, Defendants belatedly seek an inappropriate limit on depositions that Defendants failed to propose at the December 14, 2004

---

[1] Plaintiffs adjourned both depositions noticed for Monday and Tuesday, August 1 & 2, 2005, to afford Plaintiffs' lead attorneys from out-of-state, who were scheduled to travel to Jackson on Sunday, July 31, 2005, the opportunity to respond to Defendants' unexpected attempt to modify on an expedited basis the Amended Case Management Order.  Plaintiffs plan to re-notice Mr. Mangold's deposition if and when the Court denies Defendants' motion.

scheduling conference. Defendants make no showing that such a limit is now necessary. Defendants' motion should be denied. Plaintiffs respectfully request that the Court waive the requirement for a separate Memorandum of Authorities.

## I.  RELEVANT FACTS

This Court's initial Case Management Order, dated June 17, 2004, stayed all discovery except for ten depositions a side, not to exceed three hours each, pending the Court's decision on Defendants' motion to dismiss. (Attached as Ex. A). Contrary to Defendants' assertion (Defs' Mot. at ¶ 7), Plaintiffs did seek a further scheduling order after the Court's November 19, 2004 decision on the motion to dismiss, specifically requesting that the stay of discovery be lifted. (*See* Pls' Nov. 23, 2004 letter to Judge Nicols, attached as Ex. B). This Court subsequently held a scheduling conference on December 14, 2005, in anticipation of which both parties submitted letters to the Court addressing outstanding discovery issues. (Defs' and Pls' Dec. 13, 2004 letters to Judge Nicols, attached collectively as Ex. C). Defendants' letter did not seek a limit on depositions. The parties subsequently submitted an agreed-upon proposed Amended Case Management Order reflecting the Court's rulings at the scheduling conference, at which Defendants did not argue for a limitation on depositions (attached as Ex. D). The Court then endorsed the proposed Amended Case Management Order on December 17, 2005, lifting the stay of discovery without any further limit on depositions (attached as Ex. E).

Plaintiffs issued their first document request that same day, but Defendants obtained a 45-day extension and did not begin producing documents until March 4, 2005. Complete production had to be compelled by this Court by Order of July 18, 2005. Numerous depositions originally noticed by Plaintiffs for June, July and August, 2005, had to be adjourned as a result. (*See* Pls' June 23 & 24, 2005 letters, attached collectively as Ex. F).

## II.  ARGUMENT

A. **The Deposition Notice of Billy Mangold Was Proper and His Deposition Should Be Allowed To Proceed at a Later Date**

Mr. Billy Mangold was properly noticed for deposition next Tuesday, August 2, 2005, pursuant to Rule 30.  The deposition should be allowed to go forward on a later date.[2]  The initial deposition of Billy Mangold taken on August 25, 2004, lasted three hours as limited by this Court's June 17, 2004 Case Management Order, and was taken without the benefit of any document discovery, which was stayed by the same Order, as Ms. Mallett acknowledged on the record at the conclusion of that deposition.  (*See* Mangold Dep. Tr. at 143:18-144:8, attached as Ex. G).  The limitations of Rule 30(a)(2)(B), cited by Defendants, do not apply here, where the initial deposition was limited in length without the benefit of document discovery by the Court's initial Case Management Order.

Mr. Mangold was Director of DFCS until June 30, 2005, and a named Defendant.  He was identified in Defendants' Initial Disclosures pursuant to Rule 26(a)(1)(A), and is a critical fact witness as to Plaintiffs' claims of unconstitutional custodial conditions for the plaintiff class of abused children DFCS is required to protect from harm while in state custody.  (*See* Defs' Initial Disclosures at 5, attached as Ex. H).  Defendants have also produced tens of thousands of pages of documents since this Court lifted the discovery stay, and Plaintiffs are now entitled to question Mr. Mangold about these documents, many of which were authored by Mr. Mangold or generated pursuant to his direction and supervision.

Moreover, Plaintiffs cannot be precluded from deposing Mr. Mangold in his individual capacity simply because *Defendants* subsequently chose to designate him as a Rule 30(b)(6) witness on the limited issue of DFCS organizational structure.  (*See* Defs' Response to 30(b)(6)

---

[2] *See* fn. 1.

Deposition Notice Concerning MDHS Organizational Structure, attached as Ex. I). Such an outcome would improperly allow Defendants to dictate by their Rule 30(b)(6) designations what fact witnesses they could shield from being deposed in their individual capacities. Defendants' Motion to Quash Mr. Mangold's deposition is meritless and should be denied.

**B.     This Court Should Not Reconsider Its December 17, 2004 Amended Case Management Order Declining To Impose Strict Deposition Limits Under The Case's Complex Track Designation**

This Court's initial June 17, 2004 Case Management Order appropriately designated this case for "complex" track under the Uniform Local Rules at the request of both parties. (*See* Ex. A). After this Court's ruling on Defendants' motion to dismiss, a further scheduling conference was held on December 14, 2005, at which the Court agreed to lift the prior stay of discovery. The parties subsequently submitted an agreed-upon Amended Case Management Order reflecting the Court's rulings at the scheduling conference, which the Court then endorsed on December 17, 2005, lifting the stay of discovery without any further limit on depositions.

Uniform Local Rule 26.1(D)(3) does not impose a presumptive limit on the number of depositions for "complex" track cases such as this one (as opposed to Uniform Local Rules 26.1(D)(1) & (2) that do impose presumptive deposition limits for "expedited" and "standard" track cases). This Court's December 17, 2004 Amended Case Management Order lifting the prior stay on discovery did not limit depositions, nor did Defendants seek any limits at that time. (*See* Ex's C, D & E).

Plaintiffs have appropriately been relying on the Court's Case Management Order as they notice and take depositions, and Defendants fail to make any showing that the depositions sought by Plaintiffs are unreasonable, unnecessary or excessive. Plaintiffs must establish unconstitutional custodial conditions for eight Named Plaintiffs and a state-wide class of over

4

3,000 children. Defendants are the custodians of these children and have all the relevant information about their care and placement conditions. Indeed, in a case of this scope and complexity, it is entirely reasonable to expect that Plaintiffs, who have the burden of proof, rely heavily on depositions.

Besides the three named Defendants, Defendants' DFCS staff and programs in 84 County Offices are supervised by nine Regional Directors and dozens of administrative staff in a central State Office in such units as the Protection Unit, the Placement Unit, the Licensure Unit, the Foster Care Review Unit, the Permanency Unit, the Adoption Unit, and the Training Unit, all with different responsibilities for the safety, permanency and well-being of plaintiff class members. There are also three Adoptions Regions, each with a Director overseeing additional state staff. Defendants' additional staff at DHS has ultimate responsibilities for the operation of DFCS. There are numerous third parties, as well, who provide services, placement and treatment for plaintiff class members.

In point of fact, Defendants' Initial Disclosures filed December 28, 2004, identify over 250 persons likely to have discoverable information that Defendants may use to support their defenses as to the eight Named Plaintiff children. (*See* Ex. H). Moreover, the current and former DHS personnel identified by Defendants in their Initial Disclosures are limited to those "who have been involved with" the Named Plaintiffs. (*Id.* at 2, 5, 12, 17, 22). Defendants have yet to amend their Initial Disclosures to add *additional* persons since this Court certified a plaintiff class of over 3,000 children. In any event, limiting Plaintiffs to fewer than 40 depositions at this late juncture would be prejudicial to Plaintiffs and not "consistent with the needs" of this complex track class action case.[3] *See* Uniform Local Rule 26.1(D)(3).

---

[3] Defendants have been on notice for over a year that Plaintiffs will need to take well beyond the 10 depositions to which they now seek to limit Plaintiffs. (*See* Pls' June 15, 2004 letter to Judge Nicols, attached as Ex. J).

Defendants' motion for a protective order limiting the number of depositions at this late juncture is, thus, an untimely and improper attempt to modify the Amended Case Management Order and curtail Plaintiffs' full and necessary discovery.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Quash Deposition Notice of Billy Mangold and for Protective Order Limiting Number of Depositions.

RESPECTFULLY SUBMITTED, this the 29th day of July, 2005.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, Mississippi  39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara S. Crean (MBN 44447 *pro hac vice*)
Corene Kendrick (MBN 43989 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South
New York, New York  10016
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
Eric Manne (MBN 43988 *pro hac vice*)

---

Defendants' motion itself acknowledges that Plaintiffs noticed a total of at least 24 depositions for the months of May through August.  (*See* Defs' Mot. at ¶¶ 7-8).  Although Defendants' delays in producing necessary documents required the adjournment (not "cancellation") of many of these depositions, Plaintiffs have been seeking to reschedule these since June 2005.  (*See* Ex. F; Pls' July 29, 2005 letter, attached as Ex. K).  Defendants gave no indication that they would seek a limit on depositions until the filing of their motion.

6

>John Piskora (MBN 44474 *pro hac vice*)
>LOEB & LOEB LLP
>345 Park Ave.
>New York, New York  10154
>(212) 407-4000
>
>*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2005, I electronically filed the foregoing and all enclosures with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Betty A. Mallett, Esq.
Dewitt L. Fortenberry, Jr, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

>/s Melody McAnally_____