# McGLINCHEY STAFFORD PLLC

ATTORNEYS AT LAW

Betty A. Mallett
(601) 960-8424
Fax (601) 960-8431
bmallett@mcglinchey.com

JACKSON
NEW ORLEANS
HOUSTON
BATON ROUGE
CLEVELAND
MONROE
DALLAS
ALBANY

December 13, 2004

Honorable Alfred G. Nicols, Jr.
Magistrate Judge
245 East Capitol Street, Rm. 502
Jackson, MS 39201

Re:  *Olivia Y., et al. v. Haley Barbour, et al;* In the United States District Court for the Southern District of Mississippi,; Jackson Division; Cause No. 3:04 CV 251LN

Dear Judge Nicols:

Please accept this letter in anticipation of a telephonic status conference in the above-styled matter, which is scheduled for 10:30 a.m. on December 14, 2004.

I believe the parties have reached an agreement on dates for an amended case management order, and I have been advised by Plaintiff's counsel that they will forward a note to you regarding the new proposed schedule later today.

There are, however, a few outstanding issues that we need to address at the conference. First, the parties have agreed to complete initial disclosures within 14 days of tomorrow's conference; however the Plaintiffs do not believe that they should produce documents that they consider to be "Mississippi Department of Human Services" documents. We believe that Rule 26.1(b) of the Uniform District Court Rules requires the Plaintiffs to disclose "a copy of all documents, data compilations, and tangible items in the possession, custody or control of the disclosing party . . ."

The Plaintiffs have indicated that, in support of their claims, they rely on certain memoranda and correspondence by and between former governors, former state employees, and by and between employees who are scattered among the eight (8) MDHS regions and the eighty-two (82) county offices. (See pages 92-108 of the Plaintiffs' initial disclosures attached as "Exhibit A" hereto). In that the Plaintiffs have these documents readily available, it is more expedient for them to produce them as part of their initial disclosures than for DHS to search all existing records in an attempt to locate documents that they have not relied upon themselves. The Defendants are certainly prepared to produce any documents upon which they rely in defense against the claims.

As I understand, the Court limited discovery by the Defendants after the Plaintiffs had already made their initial disclosures, pending the Motion to Dismiss filed by the Defendants. Now that we are moving forward with the case, we trust that the Court will order the parties to produce copies of documents as contemplated by the rules.

CITY CENTRE, SUITE 1100, 200 SOUTH LAMAR STREET | JACKSON, MS 39201 | (601) 960-8400 | FAX: (601) 960-8406 | www.mcglinchey.com
MAILING ADDRESS: POST OFFICE DRAWER 22949  JACKSON, MS 39225-2949
168201.2


EXHIBIT "C"

A second issue also concerns the production of documents. The Defendants previously produced the case files of the minor Plaintiffs that are maintained by the Mississippi Department of Human Services. However, Miss. Code Ann. §43-21-251 and §43-21-261 strictly prohibit the release of Department of Human Services case files, except to certain parties, with the Youth Court Judge's permission. The "Next Friends" of the minor Plaintiffs are not among the persons entitled to receive these records under state statute. The "Next Friends" have unilaterally declared themselves the next friends of the minor Plaintiffs. The minor Plaintiffs, the parents, guardians, or legal representatives of the minor Plaintiffs have not requested that the individuals claiming to be next friends act on behalf of the minor Plaintiffs, nor have the Next Friends been approved by any Youth Court having jurisdiction over each of the minor Plaintiffs.

We have enclosed for the Court's review a copy of the relevant state statute as Exhibit "B" and would appreciate the Court's consideration and direction regarding the extent of disclosure required by the Defendants. The case records include information of an extremely confidential nature, including physical and sexual abuse and neglect of the children prior to the State taking custody of the children, physical and mental health records, and information regarding the children and their family members, and certain educational records.

We appreciate the Court's consideration of these matters. Should you have any questions or comments, please do not hesitate to contact me.

           Sincerely yours,

           McGlinchey Stafford, PLLC

           Betty A. Mallett

BAM/gnl
Enclosure
cc: W. Wayne Drinkwater
   Melody McAnally
   Eric Thompson
   Marcia Robinson Lowry
   Harold Pizzetta, Special Assistant Attorney General

168201.2

 

Bradley Arant
BRADLEY ARANT ROSE & WHITE LLP

SUITE 450, ONE JACKSON PLACE
188 EAST CAPITOL STREET
PO BOX 1789
JACKSON, MS 39215-1789
601.948.8000   FAX 601.948.3000
WWW.BRADLEYARANT.COM

Melody McAnally

December 13, 2004

Direct Dial: 601-592-9944
Direct Fax: 601-592-1444
mmcanally@bradleyarant.com

*VIA HAND-DELIVERY*
The Honorable Alfred G. Nicols, Jr.
United States Magistrate Judge
245 E. Capitol Street, Room 502
Jackson, MS  39201

RE:    *Olivia Y., et al. v. Barbour, et al.*, Civ. Action No. 3:04CV251LN

Dear Judge Nicols:

The parties have conferred in anticipation of tomorrow's Scheduling Conference and have reached agreement on some of the matters to be addressed by the Court in a further scheduling order.

First, now that the Defendants' motion to dismiss has been decided, the parties propose the following agreed-upon modified scheduling deadlines, which have the effect of extending the current deadlines by three months:

- Plaintiffs' expert reports:  August 15, 2005.
- Defendants' expert reports:  September 15, 2005.
- Discovery complete:  October 13, 2005.
- Dispositive motions:  filed October 28, 2005.
- Pretrial Conference:  January 13, 2006.
- Trial:  February 2006.

Second, the parties agree to make or supplement mandatory disclosures pursuant to Local Rule 21.1 within 14 days of tomorrow's Scheduling Conference.

Third, the parties agree to the following class certification briefing schedule:

- Defendants' Opposition:  January 17, 2005.
- Plaintiffs' Reply:  January 31, 2005.

The remaining issues that Plaintiffs believe should also be addressed include the periodic supplementation of the named plaintiffs' case records, and the production of the named plaintiffs' computerized ("MACWIS") case records that have yet to be produced.

4/31888.1    BIRMINGHAM    HUNTSVILLE    JACKSON    MONTGOMERY    WASHINGTON, DC

The Honorable Alfred G. Nicols, Jr.
United States Magistrate Judge
December 13, 2004
Page 2

We look forward to discussing these issues with your Honor tomorrow.

Sincerely,

*Melody McAnally*
Melody McAnally

WWD/kld

cc:  Betty Mallett, Esq.
     Harold Pizzetta, Esq.

433888.1