

**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

SUITE 450, ONE JACKSON PLACE
188 EAST CAPITOL STREET
PO BOX 1789
JACKSON, MS 39215-1789
601.948.8000   FAX 601.948.3000
WWW.BRADLEYARANT.COM

W. Wayne Drinkwater, Jr.

Direct Dial: 601-592-9900
Direct Fax: 601-592-9901
wdrinkwater@bradleyarant.com

June 15, 2004

**BY HAND DELIVERY**
Honorable Alfred G. Nicols, Jr.
United States Magistrate Judge
245 East Capitol Street, Suite 502
Jackson, MS 39201

    RE:    *Olivia Y. v. Barbour*

Dear Judge Nicols:

The parties are scheduled to appear before Your Honor for a telephonic case management conference today, at 2 p.m.

As you know, one of the issues to be addressed by the Court is the scope and timing of discovery. Defendants have filed a Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, which Plaintiffs oppose. Defendants also have yet to produce to Plaintiffs their mandatory disclosures required by Uniform Local Rule 26.1(A)(1). Plaintiffs timely submitted their initial disclosures.

Plaintiffs are filing today their Opposition to Defendants' Motion to Dismiss and their Opposition to Defendants' Motions to Stay Discovery and Class Certification. As relevant to today's CMC, Plaintiffs ask that discovery proceed, at least as to the Named Plaintiffs' claims. I enclose a copy of Plaintiffs' Opposition to Defendants' Motions to Stay Discovery and Class Certification.

Plaintiffs have disclosed the names of the thirteen Named Plaintiffs to Defendants as of June 1, 2004. The Court should order that all the Named Plaintiffs' records be produced by July 1, 2004. Full Rule 26(A)(1) initial disclosures should also be ordered.

As this Court noted in its letter of June 7, 2004, Plaintiffs are entitled to Defendants' records regarding the Named Plaintiffs. As these records contain confidential information, a confidentiality order is appropriate. However, the parties have yet to agree on its proper scope. I also attach Plaintiffs' proposed Confidentiality Order, which includes a provision barring the parties from taking any "action that threatens, intimidates and/or has the intended effect of discouraging potential fact witnesses from cooperating with the parties . . . , including taking adverse action against fact witnesses who so cooperate." This provision is necessary because many fact witnesses, including Named Plaintiffs, next friends, foster parents, relatives, or current or former employees are likely to have an ongoing relationship with the Defendants that should not be jeopardized by their cooperation with the parties in this case.



BIRMINGHAM    HUNT[SVILLE]    [MONT]GOMERY    WASHINGTON, DC

Judge Nicols
June 15, 2004
Page 2

    Counsel for Defendants have characterized Plaintiffs' previous non-retaliation requests as impugning their professional integrity. Plaintiffs' concerns, however, are not at all related to the attorneys' conduct. Rather, Plaintiffs' counsel have serious concerns about actions Defendants' employees, caseworkers, supervisors, or other agents may take against the Named Plaintiffs, next friends, foster parents, or current or former employees. I understand that one Named Plaintiff has already been told he cannot call Plaintiffs' counsel.

    Plaintiffs should also be allowed to begin taking depositions as to the Named Plaintiffs in light of the likelihood that Plaintiffs' claims will survive Defendants' legal challenge, as detailed in Plaintiffs' Opposition to Defendants' Motion to Dismiss. With thirteen named plaintiffs who each have had multiple caseworkers and/or supervisors, it stands to reason that more than ten depositions are needed (as demonstrated by the attached list of potential Named Plaintiff deponents, which will be further refined once Plaintiffs' counsel has the benefit of the Named Plaintiffs' case records).

    We look forward to discussing these issues with Your Honor later today.

Very truly yours,

*/s/ Wayne*

W. Wayne Drinkwater, Jr.

WWD/rmn
Enclosures
cc:    Harold E. Pizzetta, III (via facsimile)

4/025263.1

## Persons to Depose re: Named Plaintiffs' Cases

Plaintiffs seek to depose the following individuals regarding the claims of named plaintiffs:

### I. Olivia Y.

A. All current and/or former DFCS caseworker(s), supervisor(s), and/or other DFCS personnel with direct supervision or knowledge of her case, including the following individuals and those yet to be identified:

1. Ramona Lockett, former Forrest County DFCS caseworker supervisor
2. Nicole Hollomon, Forrest County DFCS caseworker intern
3. Jennifer McLaurin, former Forrest County DFCS caseworker (See also III.A.1)
4. Marie Turnage, former Forrest County DFCS caseworker
5. Deborah Stewart, Forrest County DFCS caseworker supervisor

B. All current and/or former private agency personnel with direct supervision, care, or knowledge of her case, including the following individuals and those yet to be identified:

1. Terry Latham, Director, Hope Haven Shelter, Bay St. Louis, MS
2. Valerie Edenfield, Shelter Manager, Hope Haven Shelter

### II. Jamison J.

A. All current and/or former DFCS caseworker(s), supervisor(s), and/or other DFCS personnel with direct supervision or knowledge of his case, including the following individuals and those yet to be identified:

1. Queen Coleman, Bolivar County DFCS caseworker supervisor
2. Andy Smith, Bolivar County DFCS caseworker
3. Martha McDaniel, DFCS Region II Director
4. Billy Mangold, DFCS Director (see also VII.A.3)

B. All current and/or former private agency personnel with direct supervision, care, or knowledge of his case, including the following individuals and those yet to be identified:

1. Dr. Cindy Undesser, University of Mississippi Medical Center, Dept. of Psychiatry
2. Kelly Wilson, Catholic Charities

- 1 -

### III. P Children

    A. All current and/or former DFCS caseworker(s), supervisor(s), and/or other DFCS personnel with direct supervision or knowledge of their case, including the following individuals and those yet to be identified:

        1. Jennifer McLaurin, former Forrest County DFCS caseworker (see I.A.3.)

### IV. John A.

    A. All current and/or former DFCS caseworker(s), supervisor(s), and/or other DFCS personnel with direct supervision or knowledge of his case, including the following individuals and those yet to be identified:

        1. Josie Brown, Forrest County DFCS caseworker

### V. Cody B.

    A. All current and/or former DFCS caseworker(s), supervisor(s), and/or other DFCS personnel with direct supervision or knowledge of his case, including the following individuals and those yet to be identified:

        1. Utaskia Simpson, Jackson County DFCS caseworker
        2. Sharon Carter, Jackson County DFCS homemaker

    B. Other relevant witnesses:

        1. Bridget Thigpen, Cody's former babysitter
        2. Beverly Bolden, Cody's former foster mother

### VI. W Children

    A. All current and/or former DFCS caseworker(s), supervisor(s), and/or other DFCS personnel with direct supervision or knowledge of their case, including the following individuals and those yet to be identified:

        1. Patricia Fields, Pike County DFCS caseworker
        2. Jeanie Hall, former Hinds County DFCS caseworker
        3. Caroline Roberson, Hinds County DFCS caseworker supervisor
        4. Vannie White-Sturgis, DFCS Adoption Unit
        5. Terry Vaneta, DFCS Foster Care Licensing Unit
        6. Sue Perry, former DFCS Director
        7. Wanda Gillom, former interim DFCS co-Director

VII. **Sam H.**

    A. All current and/or former DFCS caseworker(s), supervisor(s), and/or other DFCS personnel with direct supervision or knowledge of his case, including the following individuals and those yet to be identified:

        1. Lily Cooks, Lauderdale County DFCS caseworker
        2. Sandra Brown, Lamar County DFCS caseworker
        3. Billy Mangold, DFCS Director (see also II.A.4)

    B. Other relevant witnesses:

        1. Debbie Bishop, Jackson Children's Advocacy Center

VIII. **Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs will request that DFCS designate one or more officers, directors, managing agents or other persons with knowledge with respect to the each of the subjects below:**

    A. Policies practices and procedures governing abuse and neglect report screening, investigation and referral to the youth court.

    B. Policies, practices and procedures governing the placement of children in unlicensed placements.

    C. Policies, practices and procedures governing the assessment and placement of children entering DFCS custody, including the identification of appropriate placements, the mental and physical assessment of the child, the reliance on shelter care, the reliance on institutional care, and the training and monitoring of foster care providers.

    D. Policies, practices and procedures concerning the provision of services to children in foster care, including the development of individualized case plans, the provision of necessary medical and psychological services, and the provision of case reviews and permanency services.

    E. DFCS management, including, caseloads, vacancies, training, supervision, quality assurance programs and the information systems used to track children.