IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES D. JOHNSON, et al.**     **PLAINTIFF**

**VS**     **CIVIL ACTION NO. 3:04cv251LN**

**HALEY BARBOUR, et al.**     **DEFENDANT**

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH DEPOSITION NOTICE OF BILLY MANGOLD AND FOR PROTECTIVE ORDER LIMITING NUMBER OF DEPOSITIONS

**COME NOW**, Defendants, by and through counsel and file this reply in support of their Motion to Quash Deposition Notice of Billy Mangold and for Protective Order Limiting the Number of Depositions.

If the Plaintiffs are correct in their characterizations that the present Motion is "baseless", "inappropriate" or "untimely and improper", the Federal Rules of Civil Procedure must be baseless and of no substance. Defendants request a Protective Order to prevent excessive, duplicative, burdensome, and oppressive discovery. The Plaintiffs should be directed to stay within the bounds of the Federal Rules of Civil Procedure. This Motion is supported by the clear language of those Rules.

The Plaintiffs are not correct in their assertion that the Defendants must make a showing that a limit on discovery is now necessary. They have it backwards. The Federal Rules of Civil Procedure establish limitations and the burden is on the party seeking to exceed those limitations. Rule 30(a) clearly sets forth that the Plaintiffs "…must obtain leave of court…" prior to a person being deposed more than once *or* if a proposed deposition would result in more than ten depositions being taken. Rule 30(a) squarely places the burden of seeking leave of court on the Plaintiffs. They failed to obtain leave of court to depose Billy Mangold a second time and should

182755.1

not be allowed to do so. Further, they failed to obtain leave of court to conduct more than ten depositions and should not be allowed to do so.

I.  **PLAINTIFFS SHOULD NOT BE ALLOWED TO DEPOSE BILLY MANGOLD FOR A SECOND TIME IN HIS PERSONAL CAPACITY**

Plaintiffs made a *strategic decision* to request this Court's permission to take depositions prior to documents being produced. Upon being granted approval to take up to ten depositions, Plaintiffs had knowledge of the following:

1. a three hour time limit had been imposed by the Court on those depositions;

2. documents had not been produced; and,

3. Rule 30(a) limits the number of times a person may be deposed.

The Plaintiffs nevertheless noticed Billy Mangold's deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure. See, Deposition Notice of Billy Mangold attached hereto as Exhibit "A". The Plaintiffs have also noticed Billy Mangold's deposition for a second time. See, Deposition Notice of Billy Mangold attached hereto as Exhibit "B".

Rule 30(a) sets forth a limitation on deposing individuals more than once. Courts have denied plaintiffs leave to take a second deposition under various circumstances. *See, e.g., Bonnie & Company Fashions, Inc. v. Bankers Trust Company*, 945 F.Supp. 693, 732-33 (S.D.N.Y.1996) (refusing to allow second deposition when plaintiffs had already "extensively interrogated" the party sought to be re-deposed); *Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51 (E.D.Pa.1995) (refusing to allow duplicative second deposition); *Mulvey v. Chrysler Corporation*, 106 F.R.D. 364, 366 (D. Rhode Island 1985) (holding that "Fed.R.Civ.P. 26 specifically gives the Court authority to limit discovery if it determines that the discovery sought is obtainable from other sources...."). See, also. *Lone Star Indus., Inc. v. River's Bend Red-E-Mix*, Inc., No. 90-2349-V, unpublished op. at 4 (D.Kan. Oct. 6, 1992) (Absent some showing of a

182755.1

need or good reason for doing so, "the court will generally not require a deponent to appear for a second deposition."); *In re Starcom, Inc. v. US Telecom, Inc.*, No. 87- 2540-O, unpublished op. at 1-2 (D.Kan. June 20, 1990); ("Courts generally disfavor repeat depositions.").

The Federal Rules make no distinction between individuals deposed prior to documents being produced and individuals deposed after documents being produced. The Plaintiffs made the *strategic decision* to depose Mr. Mangold prior to documents being produced. They cite no authority (other than that they do not like it) to establish that the Rule 30(a) limitation does not apply to Mr. Mangold or that there is an exception for good cause which allows him to be deposed more than once. Allowing the Plaintiffs to depose Mr. Mangold in his personal capacity a second time would not be fair and would also provide them with a tactical advantage. Furthermore, multiple personal depositions beyond the limitations set forth in the Federal Rules would be annoying, oppressive and an undue burden.

If the Plaintiffs are permitted to depose Billy Mangold a second time, they will also be allowed to circumvent Rule 30(d)(2) which limits depositions to one day of seven hours. That is improper and prejudicial to Mr. Mangold. Plaintiffs made the *strategic decision* to depose Mr. Mangold early in this lawsuit. They should have to live by that decision.

## II.    IT WOULD BE PREJUDICIAL AND CREATE UNDUE EXPENSE TO ALLOW THE PARTIES TO TAKE AN UNLIMITED NUMBER OF DEPOSITIONS

As set forth in Defendants Motion, the Plaintiffs conducted six three hour depositions prior to the Court ruling on the Motion to Dismiss. Plaintiffs subsequently conducted an additional nine depositions after the Courts ruling on the Motion to Dismiss. The next deposition will be the tenth since the ruling on the Motion to Dismiss and the sixteenth overall. Plaintiffs chose to proceed without seeking leave of Court to take more than ten depositions. They charted

a course of independently noticing depositions, arbitrarily withdrawing notices, and re-noticing depositions.

As set forth above, Rule 30(a) is not new. It clearly establishes that Plaintiffs "…must obtain leave of court…" if a proposed deposition would result in taking more than ten depositions. Fed.R.Civ.P. 30(a).

There is no dispute that Local Rule 26.1(D)(3) does not set forth a specific limit to the number of depositions to be taken in complex litigation. However, that does not equate with the parties being allowed to take an unlimited number of depositions. If this Court does not limit the number of depositions, as contemplated by the Federal Rules of Civil Procedure, the Plaintiffs will harass the Defendants with unnecessary and duplicative depositions. The Federal Rules of Civil Procedure set forth a framework which provides the parties opportunity to obtain relevant *discovery* regarding the matter being litigated. Depositions are not a means in which to try a lawsuit. The Federal Rules of Civil Procedure establish common sense limitations on the number of depositions and the extent of discovery that can be conducted. The Plaintiffs should only be permitted a specific number of depositions for the purposes established by the Rules of Civil Procedure. They should not be allowed to annoy, oppress or unduly burden the Defendants with unlimited depositions.

As a result of a failure to obtain leave of court to take more than ten depositions, the Plaintiffs should not be allowed to take additional depositions in this matter. Alternatively, this Court should limit the parties to a reasonable number of depositions based on its experience in complex litigation matters. In their Response to this Motion, the Plaintiffs arbitrarily suggest that forty depositions would be sufficient. They offer no specific reasons why that number of depositions is necessary. Plaintiffs have taken a total of sixteen depositions to date. Twice the

number of depositions contemplated by the Rules of Civil Procedure (twenty) would surely be sufficient to allow the parties to conduct reasonable discovery in order to proceed to trial.

### III. CONCLUSION

Defendants respectfully request that this Court enter an order denying Plaintiffs a second opportunity to personally examine Billy Mangold by deposition. Defendants further request that this Court enter a Protective Order limiting each side to ten depositions as set forth in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure, or to a specific number of depositions that this Court deems appropriate based on its experience in complex matters.

**THIS**, the **4**[th] day of **August**, **2005**.

                                                    Respectfully submitted,

                                                    **HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and BILLY MANGOLD as Director of the Division of Family and Children's Services**

                                                    BY: _____/s/ Dewitt L. (Rusty) Fortenberry, Jr._____

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Amy Kebert Elder (MSB #99149)
Gretchen L. Zmitrovich (MSB #101470)
John T. Rouse (MSB #101586)
City Centre South, Suite 1100
200 South Lamar Street (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS  39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York  10016

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS  39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

182755.1

Marcia Robinson Lowry, Esq.
Corene Kendrick, Esq.
Tara Crean, Esq.
Erik S. Pitchal, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York  10016

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the **4th** day of **August**, **2005**.


_____/s/  Dewitt L. (Rusty) Fortenberry, Jr._____