**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **JAMES D. JOHNSON, as next friend to Olivia Y.; CARLA LEWIS, as next friend to Jamison J. and SYLVIA FORSTER, as next friend to Desiree, Renee, Tyson and Monique P.** | **PLAINTIFFS** |
| VS. | **CIVIL ACTION NO. 3:04CV251LN** |
| **HALEY BARBOUR; DONALD TAYLOR, as Executive Director of the Department of Human Services and BILLY MANGOLD, as Director of the Division of Family and Children's Services** | **DEFENDANTS** |

**ORDER**

This matter came before the court on Defendants' submission to the court of documents withheld from production on grounds of privilege, and also on the Defendants' notifying the court that a pending Motion to Quash Deposition required expedited review of the included request that the number of depositions in this case be limited. With regard to the *in camera* inspection, the court notes that the contract between the Mississippi Department of Human Services and Southern Christian Services for Children and Youth, Inc. expressly limits the relationship of these parties. Specifically, Southern Christian Services is characterized as an Independent Contractor, and any other relationship, such as employer-employee or principal-agent, for example, is denied. For this reason, the undersigned is of the opinion that any communication between Southern Christian Services and the Office of the Attorney General is not given with the understanding that it is legal advice to a client. Therefore, no such communication is privileged. The Motion to Compel earlier filed by the Plaintiffs will be granted as to the responsive documents submitted for *in camera* review.

However, because the documents are ordered to be produced over a claim of privilege, the undersigned will require production by a date that will permit the Defendants to seek further review of this issue, if desired.

The undersigned has also reviewed the Motion to Quash Deposition Notice of Billy Mangold and for Protective Order Limiting Number of Depositions. The court finds that the Plaintiffs have established good cause for taking a second deposition of Mr. Mangold, as the first deposition was for a limited purpose and Mangold is a critical witness in this matter. Therefore, the second deposition will be permitted. The parties are also in disagreement as to the number of depositions that should be allowed in this case, which has been assigned to the complex track.

The Defendants argue that the parties should be limited to ten depositions per side, in accordance with the provisions of Fed. R. Civ. P. 30(a)(2)(A). However, that Rule recognizes that additional depositions may be permitted "with leave of court." A Case Management Plan Order setting the number of depositions would, therefore, supersede Rule 30. Initially, this court permitted ten depositions per side, pending a ruling on the Motion to Dismiss. The parties were instructed to apply to the court for additional discovery on any issues remaining after the disposition of that Motion. The parties ultimately submitted an agreed Amended Case Management Order that covered several discovery issues, but made no mention of a limitation on depositions.

The Plaintiffs argue that the failure to provide for such a limitation demonstrates the court's approval of unlimited depositions in this case. The Defendants appear to take the position that the failure to make a provision implies the court's belief that the initial ten depositions were adequate. Neither argument reflects the court's intention; the failure to include any provision on depositions

was merely an oversight by the parties that was not detected by the court, but which will be corrected by this Order.

The Plaintiffs, who have already noticed sixteen depositions, have argued that they should not be limited to "fewer than forty" depositions. The Defendants argue that twenty depositions per side is adequate. Given the nature of this case and the number of Plaintiffs, the court is of the opinion that thirty depositions should be permitted.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Compel is hereby **granted** as to the relevant documents submitted for *in camera* review. The Defendants shall serve those documents by September 6, 2005.

IT IS FURTHER ORDERED that the Motion to Quash Deposition Notice of Billy Mangold and for Protective Order Limiting Number of Depositions is hereby **denied** to the extent that the Plaintiffs may take a second deposition of Mangold, but **granted** to the extent that the number of depositions in this matter is limited to thirty per side.

IT IS SO ORDERED, this the 8th day of August, 2005.

                                                                         s/Alfred G. Nicols, Jr.
                                            UNITED STATES MAGISTRATE JUDGE