Westlaw.

2005 WL 1692685                                                           Page 1
--- F.R.D. ---
(Cite as: 2005 WL 1692685 (D.D.C.))

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
District of Columbia.
JOHN DOE, a Minor, Through Next Friend, Bob Doe, Plaintiff,
v.
THE DISTRICT OF COLUMBIA et al., Defendants.
No. CIV.A. 03-1789 (GK/J.

July 21, 2005.

**Background:** Minor child, via guardian, brought § 1983 Fifth Amendment action against District of Columbia, alleging that he had been physically and sexually abused while in District's care and control, resulting in physical, emotional and mental suffering. District moved to compel independent medical examination (IME), namely mental examination, after child's counsel refused request for production of child for that purpose.

**Holding:** The District Court, Facciola, United States Magistrate Judge, held that "good cause" existed for IME, since previous mental examinations were incomplete, available medical records and depositions were insufficient, and there was no showing of harm resulting from IME.
Motion granted.

**Federal Civil Procedure** 🗝1654

170Ak1654 Most Cited Cases
"Good cause" existed for compelled independent medical examination (IME), namely mental examination, in minor child's § 1983 action against District of Columbia, alleging that he had been physically and sexually abused while in District's care and control, resulting in physical, emotional and mental suffering; mental examinations already performed constituted incomplete "snapshots" of child's condition, new examination was to involve fresh round of tests by new doctor regarding continuing injury, available medical records and depositions were insufficient to ascertain current nature and extent of injuries, and there was no showing of harm resulting from IME. 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 35(a), 28 U.S.C.A.

Drew Harker, Courtney Eileen Ingraffia, Katherine R. Hendler, Matthew H. Solomson, Michael Elliott Ginsberg, Sara Palmer, Arnold & Porter, LLP, Washington, DC, for Plaintiff.

Lauren J. Birnbaum, Matthew W. Caspari, Office of the Attorney General, Leah Brownlee Taylor, Nadine Chandler Wilburn, Office of Corporation Counsel, D.C., Richard Glenn Wise, Greenstein, Delorme & Luchs, P.C., Paul A. Fitzsimmons, Terrence Mark Ranko Zic, Thomas S. Schaufelberger, Wright, Robinson, Osthimer & Tatum, Washington, DC, William J. Hickey, Godwin & Hickey, LLC, Rockville, MD, for Defendants.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works

Exhibit I

MEMORANDUM ORDER

FACCIOLA, United States Magistrate Judge.

*1 This case was referred to me by Judge Kessler to resolve all discovery disputes. Currently pending and ready for resolution is *Defendant's Motion to Order John Doe to Submit to an Independent Medical Examination* ("Def.'s Mot.") [# 173]. For the reasons stated herein, it is, hereby, **ORDERED** that the motion is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff John Doe, a minor child, alleges, through his next friend Bob Doe, that he was physically and sexually abused while in the care and control of the District of Columbia, in violation of defendant's duties under the United States Constitution, federal law, and District of Columbia law. In particular, plaintiff brings claims of negligence and of civil rights violations under the Fifth Amendment and 42 U.S.C. § 1983. Plaintiff claims that he suffered and continues to suffer physical, emotional, and mental pain, suffering, and anguish due to the negligence of the District of Columbia and its agents. *Complaint* at ¶ ¶ 115-123, 125-139, 183-194. In a separate cause of action related to the instant case, allegations that plaintiff's biological mother and father abused and neglected him are at issue. Def.'s Mot. at 1. Plaintiff has received evaluation and therapy for his emotional suffering allegedly resulting from the parental abuse and neglect incident as well as the incidents of alleged abuse central to this case. *Id.*

On April 27, 2005, defendant requested production of the minor child for the purposes of conducting a mental examination, to be performed on July 9 and July 22, 2005, by Nicole Alford, PhD, a licensed, clinical forensic psychologist at the Superior Court of the District of Columbia, 409 E Street, NW, Washington, D.C. 20001. *Id.* at 3. Plaintiff's counsel informed defendant on May 3, 2005 that she would not produce the minor child, necessitating defendant's filing of the instant motion for independent medical examination ("IME") on May 19, 2005. *Id.* Defendant asserted that plaintiff's complaint by itself placed the minor child's mental condition in controversy and established good cause to have him submitted for IME. *Id.* at 2. In response, on May 31, 2005, plaintiff filed his *Memorandum of Points and Authorities in Support of Plaintiff's Opposition to the District of Columbia's Motion to Order John Doe to Submit to an Independent Medical Examination* ("Pl.'s Opp'n"), in which he asserted that defendant failed to show good cause because the information defendant seeks is already available from other sources. Finally, on June 10, 2005, defendant filed *Defendant District of Columbia's Reply to Plaintiff's Opposition to Its Motion to Have John Doe to Submit to an Independent Medical Examination* ("Def.'s Reply"), in which it reasserted that John Doe's mental condition is in controversy and that good cause exists because the information defendant seeks, namely, the nature and extent of the injuries that resulted from the incidents alleged in this litigation, is not available from other sources.

## II. DISCUSSION

*2 Defendant filed this motion for an IME pursuant to Federal Rule of Civil Procedure ("Rule") 35(a).

### A. Legal Standard

When moving for an IME under Rule 35(a), the movant must establish that the "mental or physical condition ... is in controversy" and that there is "good cause" for the motion to be granted and the party to be submitted for an IME. Fed.R.Civ.P.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

35(a). "A plaintiff in a negligence action who asserts a mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder,* 379 U.S. 104, 119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) (citation omitted). In some situations, the pleadings alone may place the condition in controversy. *Id.*

The standard for "good cause" is not as clear because "what may be good cause for one type of examination may not be so for another." *Id.* The movant's ability to obtain the desired information by means other than an IME is also relevant to the "good cause" analysis. *Id.* When the submission of a party to an IME is contested, granting the order to submit to the examination is not a matter of right but is left to the sound discretion of the trial court. *Smith v. Koplan,* 215 F.R.D. 11, 12 (D.D.C.2003) (citations omitted).

In addition to the "in controversy" and "good cause" requirements, Rule 35(a) demands that the movant "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed.R.Civ.P. 35(a).

B. "In Controversy"

As the Supreme Court indicated in *Schlagenhauf,* the pleadings alone may meet the "in controversy" requirement. *Schlagenhauf,* 379 U.S. at 119, 85 S.Ct. 234. Plaintiff has not contested that his mental condition is in controversy. Indeed, throughout his complaint, plaintiff alleges defendant's and its agents' "negligent and/or reckless actions [were] direct and proximate causes of John Doe's past and continuing physical, emotional and mental pain, suffering and anguish." *Complaint* at ¶ ¶ 115-123, 125-139, 183-194. Because he alleges mental and emotional injury, plaintiff has placed that "injury clearly in controversy." *Schlagenhauf,* 379 U.S. at 119, 85 S.Ct. 234.

C. "Good Cause"

Defendant maintains that the existing record is insufficient to ascertain the nature and extent of the injuries that resulted from the incidents alleged in this litigation and that, therefore, good cause to perform the IME exists. Defendant expands on this position, noting three more particular reasons why an IME is necessary. First, defendant argues an IME is necessary to determine whether and to what extent the alleged abuse and neglect by plaintiff's parents or the alleged abuse by defendant caused plaintiff's injuries. Def.'s Mot. at 1. Second, it suggests that it needs an IME in order to defend against the various theories of liability asserted. Def.'s Reply at 5. Third, defendant suggests that it needs an IME to assess the allegedly continuing nature of plaintiff's condition. *Id.* at 6 (stating that, because three years have passed since plaintiff's assessment by the Psychiatric Institute of Washington, a full and complete assessment of his emotional condition is necessary and that even Dr. David Missar's updated evaluation "does not address the child's current condition").

*3 Plaintiff, however, contends that defendant has failed to show good cause because the information it seeks may be obtained by other means. Plaintiff bases his position on four grounds. First, plaintiff has already been subjected to multiple mental examinations, including examinations conducted while he was in defendant's custody. Second, plaintiff has produced substantial documentation from his past and current therapists and past psychological evaluations. Third, defendant has already deposed plaintiff and his family, and any further examination

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

would amount to harassment. Finally, plaintiff is a ten-year-old minor child who allegedly suffered severe abuse while in defendant's custody and should be spared examination that serves no therapeutic purpose. I find that none of these objections sufficiently meets defendant's showing of good cause and that they are, therefore, unavailing.

First, the mental examinations already performed, even though some were performed when plaintiff was in defendant's custody, are not sufficient for defendant to ascertain the nature and extent of the injuries that resulted from the incidents alleged in this litigation. Defendant states that the timing, sequence, and content of those examinations do not allow for the analysis necessary to defend against plaintiff's claims. *See id.* at 5-7. Plaintiff underwent three examinations by Dr. Herman Tolbert in 2002 (at the direction of defendant), two examinations plus an additional evaluation by Dr. David Missar in 2003, and one examination by Dr. Floyd Galler in December 2003. Pl.'s Opp'n at 4-5. In addition, defendant admitted plaintiff for five days of evaluation at the Psychiatric Institute of Washington in mid-2002, after the alleged sexual assault. *Id.* at 5.

Still, despite the seemingly exhaustive examination record, each examination appears to be an incomplete snapshot. For example, plaintiff's examination by clinical psychologist Dr. Herman Tolbert, which took place on April 24, 2002, just days after the alleged sexual abuse, focused on earlier physical abuse allegations and behavior problems, not the alleged sexual abuse. Def.'s Reply at 5-6. Such incomplete information can, according to Dr. Missar, cause a "forensic report [to] lack substance and detail." *Id.,* Ex. D, at ¶ 8. Defendant surely has a right to develop a complete record of the nature and extent of plaintiff's injuries that resulted from the incidents alleged in this litigation.

In addition, the cases plaintiff cites in support of his position that this motion should be denied because of previous examinations can be readily distinguished. In *Acosta v. Tenneco Oil Co.,* 913 F.2d 205 (5th Cir.1990), the court denied defendant's IME motion because, *inter alia,* defendant sought merely a repetitive examination of its own and thus failed to show good cause. In *Melhorn v. New Jersey Transit Rail Operations, Inc.,* 203 F.R.D. 176 (E.D.Pa.2001), the court found no good cause to order an IME because the same doctors were to perform the same type of exam without a change in circumstances. Finally, in *Stewart v. Burlington Northern Railroad Co.,* 162 F.R.D. 349 (D.Minn.1995), the court denied defendant's motion for IME because the proposed examination of plaintiff would have been no different from the previous examination, which was undertaken at defendant's direction. The proposed IMEs, therefore, would have added no new information. Because a new doctor is to perform a fresh round of tests regarding an alleged continuing injury, the instant case is distinguishable.

*4 Second, just as the records of plaintiff's previous medical examinations are insufficient, the medical records and depositions are also insufficient for defendant to ascertain the nature and extent of the injuries that resulted from the incidents alleged in this litigation. Although these documents do provide updated information as to plaintiff's therapy and treatment, plaintiff has not asserted they contain a thorough assessment of his current mental and emotional condition. *See* Pl.'s Opp'n at 6-7. Therefore, this information is just as much a snapshot as the medical examination information, and defendant is entitled to seek more information in its own defense.

Finally, this court will not unnecessarily subject this fragile plaintiff to further examination, nor will it countenance an examination conducted purely for harassment. But plaintiff has voluntarily brought this lawsuit and placed his

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

mental and emotional injury in controversy, and he has not made an independent showing that harm will result from submitting him to an IME. Therefore, because defendant has demonstrated good cause that an IME should be had, this court must order plaintiff to submit to the IME. The court expects that Dr. Alford, the physician selected by defendant, will be sensitive to plaintiff's situation and balance her need to conduct a complete examination against his need to continue healing from his alleged injuries.

### D. Specifications of the Exam

As required by Rule 35(a), defendant specified the time, place, and manner of the proposed IME in its motion, but it failed to state the conditions and scope of the examination. Plaintiff points out in a footnote in his opposition that defendant has failed to indicate what tests or assessments will be administered in the IME. *Id.* at 6 n. 3. Although the parties have clearly not come to an agreement as to how the examination will be administered, the court leaves the matter to the expertise and judgment of the professional charged with conducting the examination. Dr. Alford has the court's trust that she will perform only those tests necessary to ascertain what defendant has explained in its motion, namely, the extent of plaintiff's mental and emotional injury stemming from the incidents that are the basis for this lawsuit.

### III. CONCLUSION

Upon consideration of the motion, the memorandum in opposition, and reply thereto, it is, hereby, **ORDERED** that the motion is **GRANTED**. It is further, hereby, **ORDERED**, that plaintiff shall be examined by Dr. Alford at a mutually agreeable time and location within thirty (30) days of the issuance of this Order. It is noted that Dr. Alford is scheduled to see plaintiff on July 22, 2005, and plaintiff should make every effort to make himself available for this appointment. If plaintiff fails to make this appointment, or if an additional appointment is necessary, within ten (10) days of this Order, both parties shall agree to the time and location of such examination. It is further, hereby, **ORDERED**, that Dr. Alford's examination shall not exceed two (2) sessions, and each shall not exceed a duration deemed reasonable by Dr. Alford. It is further, hereby, **ORDERED**, that Dr. Alford's examination shall be limited to those tests necessary to ascertain the extent of plaintiff's mental and emotional injury stemming from the incidents that are the basis for this lawsuit.

*5 SO ORDERED.

2005 WL 1692685 (D.D.C.)

### Motions, Pleadings and Filings (Back to top)

• 2003 WL 23780751 (Trial Motion, Memorandum and Affidavit) District of Columbia's Response to Plaintiff's Motion to Compel Compliance with Subpoena (Dec. 22, 2003)

• 2003 WL 23780246 (Trial Pleading) Defendant District of Columbia, Sophia Micken, Maureen Williams-James, Darryl Turner, Judith Abunaw, and Dan Craddock's Answer to the Complaint and Cross -Claim Against Defendants Associates for Renewal in Education, PSI Family Services, Inc. Patgonz ales, Karen Clontz, Bonnie Rushing, Kenya Wiggins, Vashon Allen, Wanda Daniels, Antonio White, James Rice (2003)

• 2003 WL 23780247 (Trial Pleading) Defendant District of Columbia Sophia Mickens, Maureen Williams-James, Darryl Turner, Judith Abunaw, and Dan Craddock's Answer to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the Cross-Claim of Defendant Associates for Renewal in Education and Kenya Wiggins (2003)

• 2003 WL 23780248 (Trial Pleading) Defendant District of Columbia Sophia Mickens, Maureen Williams-James, Darryl Turner, Judith Abunaw, and Dan Craddock's Answer to the Cross-Claim of Defendant PSI Family Services, Inc., Pat Gonzales, Karen Clontz and Bonnie Rushing (2003)

• 2003 WL 23780802 (Trial Motion, Memorandum and Affidavit) Reply Memoradum of Points and Authorities in Support of, Maureen Williams-James, Sophia Mickens, Darryl Turner, Judith Abunaw, and Dan Craddock's Motion to Dismiss the Complaint (2003)

• 2003 WL 23780850 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion the Strike the Third Party Complaint (2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.