## AFFIDAVIT

**STATE OF MISSISSIPPI**

**COUNTY OF FORREST**

      Personally came and appeared before me, the undersigned authority in and for the said County and State, within my jurisdiction, the within named Ramona Lockett, who, having been duly sworn by me, states on oath:

1. My name is Ramona Lockett and I am over 21 years of age. I am of sound mind and I am competent to testify as to the matters set forth in this affidavit.

2. As Area Social Work Supervisor (ASWS) at the Forrest County office of the Mississippi Department of Human Services (MDHS), I am familiar with the minor, John A., who is a Plaintiff in the case styled *Olivia Y. et al. v. Haley Barbour, et al.* (United States District Court for the Southern District of Mississippi, Jackson Division; C/A No. 3:04cv251LN).

3. John has a history of mental illness and of being on psychotrophic medications to assist him with his behavioral and emotional problems.

4. On January 21, 2004, John was placed in a two-parent foster home in Forrest County. Since John's placement in this home with Mr. and Mrs. B, his grades have improved and there has been significant improvement in his behavior and mental health. John is now 15 years old and has maintained this placement for over a year and a half, which is the longest he has successfully maintained a placement.

5. I am very concerned that a mental examination of John by a doctor he is unfamiliar with and to be examined in an unfamiliar environment, may cause regression.

6. I contacted _____, where John is currently receiving treatment. The clinic advised that as a result of the treating physician and clinic director being out of town

183564.1A

1

**EXHIBIT A**

earlier this month, they have been unable to review and render a decision regarding the Plaintiffs' request for an independent examination of John. If the information provided by Plaintiffs' counsel regarding the proposed examination is sufficient, the clinic anticipates being able to render a decision during the week of August 21, 2004.

7. The matters set forth herein are based on my own personal knowledge of such matters and of my review of records kept in the ordinary course of business.

8. I declare under penalty of perjury that the forgoing is true and correct.

FURTHER AFFIANT SAYETH NOT, this the 18th day of August, 2005.

_____
RAMONA LOCKETT

SWORN TO AND SUBSCRIBED BEFORE ME, this the 18th day of August, 2005.

_____
NOTARY PUBLIC

My Commission Expires:
9/23/2006

[Notary Seal: PAUL C. RUFF, NOTARY PUBLIC, EXPIRES SEPTEMBER 23, 2006, MISSISSIPPI, LAMAR COUNTY, MS]

183564.1A

2

# CHILDREN'S RIGHTS

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

August 1, 2005

VIA FAX – (601) 352-7757
and REGULAR MAIL
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I am working with Eric Thompson on the above-named case and am writing to inform you that plaintiffs intend to arrange for our client John A. to be examined this month by Dr. Wood Hiatt. As John A. is in your clients' custody, I also write to arrange with you that he be transported and escorted to and from Dr. Hiatt's office in Jackson from where John is presently living in Hattiesburg.

To mimimize what is required to get this accomplished, Dr. Hiatt intends to conduct the entire evaluation in a one-day period that will in fact take the entire day. He has available the following dates: August 15, 24 and 31st.

As you know, time is of the essence and we will need to have your answer about this matter shortly. Please inform us by Thursday August 4th whether Defendants will cooperate in facilitating this transport or require us to seek the Court's assistance pursuant to Rule 35. I thank you in advance for your anticipated cooperation.

Very truly yours,

Susan Lambiase
Plaintiffs' counsel

cc: Wayne Drinkwater & Melody McAnally, Bradley Arant
    Stephen Leech, Esq.
    John Lang, Loeb & Loeb

EXHIBIT B

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

# McGLINCHEY STAFFORD PLLC

**BETTY A. MALLETT**
(601) 960-8424
Fax (601) 352-7757
bmallett@mcglinchey.com

ATTORNEYS AT LAW

JACKSON
NEW ORLEANS
HOUSTON
BATON ROUGE
CLEVELAND
MONROE
DALLAS
ALBANY

August 2, 2005

**VIA FACSIMILE and**
**UNITED STATES MAIL**
Susan Lambiase
Eric Thompson
Children's Rights Incorporated
404 Park Avenue South
New York, NY 10016

RE: *Olivia Y., et al. v. Haley Barbour, et al*; In the United States District Court for the Southern District of Mississippi, Jackson Division; Cause No. 3:04CV251LN

Dear Ms. Lambiase:

This letter follows yours of August 1, 2005 regarding a proposed examination of John A. by Dr. Wood Hiatt.

We have been advised by MDHS that John A. is doing quite well in his current foster home where he lives with his siblings. His condition is more stable today than it has been for quite some time. After discussing your examination request with MDHS, we are concerned about the impact that an examination by an unfamiliar doctor may have on John A. Therefore, we request that you provide additional information about the proposed examination so that we may discuss the matter with John A.'s case workers and his doctor. We trust that you agree that a determination of what is in the best interest of John A by his regular doctor is more important than immediately gathering information for a lawsuit. Please understand that we want to minimize any stress or anxiety for John A.

Please advise us immediately of the purpose of Dr. Hiatt's proposed examination and the details of what such an examination would entail. If you contend that any treatment that John A. has received or is receiving is somehow deficient, please advise us of the alleged deficiencies. We will also consider any suggested alternatives to an actual examination that may be helpful to the Plaintiffs' counsel.

It is our general impression that John A. is not aware that he is a party to this lawsuit. Please let us know whether a representative of the Plaintiffs, such as John A.'s legal representative, has spoken to John A. regarding this lawsuit so that his doctors and caseworkers may adequately prepare him for the prospect of an examination.

Sincerely,

McGLINCHEY STAFFORD, PLLC

Betty A. Mallett

BAM/dmf
cc: Melody McAnally (via facsimile)

**EXHIBIT C**



Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

August 3, 2005

VIA FAX – (601) 352-7757
and REGULAR MAIL
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: Olivia Y. et al. v. Barbour et al.

Dear Ms. Mallett:

This is in response to your letter of August 2, 2005 regarding our request that you make John A. available for examination by one of plaintiffs' experts, Dr. Wood Hiatt. As you know, we requested that DHS arrange transport and provide escort to Dr. Hiatt's office in Jackson from where John is presently living in Hattiesburg.

Dr. Hiatt is a medical doctor whose specialties are forensic psychiatry, pediatric/adolescent psychiatry, and general psychiatry. Dr Hiatt has been retained by plaintiffs to opine about the psychiatric harms, if any, associated with John A.'s experiences in DHS foster care. As part of his evaluation, Dr. Hiatt has informed us that he needs to examine John A.

A review of this type, including an examination, is a standard method of proof in establishing harm on behalf of a named plaintiff, and has gone forward in every one of our cases in which we have sought such an examination. It is entirely consistent with the types of exams anticipated by Fed. Rule of Civ. Pro. 35, and an examination to which we, as John A.'s attorneys, are entitled. Obviously, the only reason we need to go through your client is because he is in DHS' custody.

To answer your additional inquiry, Plaintiffs' attorneys have in fact spoken with John A. about his involvement in this lawsuit.

We certainly appreciate your concern for John's well-being and your need to go through the proper channels. However, given the time constraints under which we are operating concerning expert reports, please do what you need to do on your end concerning this examination, and let us know your position by Monday August 8th, 2005.


EXHIBIT D

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

Many thanks for your anticipated cooperation on this matter. Please contact me if you have any further questions.

Very truly yours,

Susan Lambiase
Plaintiffs' counsel

cc: Wayne Drinkwater & Melody McAnally, Bradley Arant
Stephen Leech, Esq.
John Lang, Loeb & Loeb

-2-

# M<small>c</small>GLINCHEY STAFFORD PLLC

**ATTORNEYS AT LAW**

**BETTY A. MALLETT**
(601) 960-8424
Fax (601) 352-7757
bmallett@mcglinchey.com

JACKSON
NEW ORLEANS
HOUSTON
BATON ROUGE
CLEVELAND
MONROE
DALLAS
ALBANY

August 9, 2005

**VIA FACSIMILE and**
**UNITED STATES MAIL**
Susan Lambiase
Eric Thompson
Children's Rights Incorporated
404 Park Avenue South
New York, NY 10016

RE: *Olivia Y., et al. v. Haley Barbour, et al*; In the United States District Court for the Southern District of Mississippi, Jackson Division; Cause No. 3:04CV251LN

Dear Ms. Lambiase:

This letter is a follow up to your request that the Mississippi Department of Human Services arrange transportation for Plaintiff John A. to visit Dr. Wood Hiatt.

One of your colleagues, Tara Crean, displayed to me today during the deposition of MDHS Regional Director Zadie Rogers, a Certificate of Good Faith for attachment to a proposed motion by the Plaintiffs regarding the examination. I advised Ms. Crean that I would follow-up with you regarding this matter.

We have forwarded your letters to MDHS regarding the proposed examination of John A. We have been advised that his caseworkers need to confirm with John A.'s physician that the information you sent to us regarding the proposed examination is sufficient for a determination of the potential impact of an examination by an unfamiliar doctor.

I trust that you will withhold any motions until we have received adequate instructions from John A.'s doctor. As I stated previously, we want to avoid any trauma to the child that may result from an examination.

Sincerely,

McGLINCHEY STAFFORD, PLLC

Betty A. Mallett

BAM/dmf
cc: Melody McAnally (via facsimile)

**EXHIBIT E**



**CHILDREN'S RIGHTS**

Marcia Robinson Lowry
President &
Executive Director

**Board of Directors**
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

August 10, 2005

**VIA FAX – (601) 352-7757
and FEDERAL EXPRESS**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y., et al. v. Barbour, et al.*

Dear Ms. Mallett:

I am in receipt of your letter sent last night regarding our request that you make John A. available for examination by one of plaintiffs' testifying experts, Dr. Wood Hiatt.

Your response indicates that you have forwarded my correspondence to DHS and that John A.'s caseworker needs to consult with his doctor about Dr. Hiatt's psychiatric examination. However, you offer no indication of when you would have a response from DHS. You have been aware of this request for ten days, and as we indicated in prior correspondence, time is of the essence given the court's deadlines for expert reports.

Please let me know by Friday, **August 12, 2005 at 12:00 noon Central Daylight Time** whether you will agree to give Plaintiffs' Counsel and their testifying expert access to our client without court intervention. A Good Faith Certificate is enclosed for your signature. Please sign and return if you will not or cannot agree to provide us access to our client by that date and time.

Feel free to contact me if you have any further questions.

Sincerely,

Susan Lambiase
Plaintiffs' counsel

Enclosure

cc:   Wayne Drinkwater & Melody McAnally, Bradley Arant
      Stephen Leech, Esq.
      John Lang, Loeb & Loeb

**EXHIBIT F**

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

# McGLINCHEY STAFFORD PLLC

**ATTORNEYS AT LAW**

**BETTY A. MALLETT**
(601) 960-8424
Fax (601) 352-7757
bmallett@mcglinchey.com

JACKSON
NEW ORLEANS
HOUSTON
BATON ROUGE
CLEVELAND
MONROE
DALLAS
ALBANY

August 12, 2005

**VIA FACSIMILE and**
**UNITED STATES MAIL**
Susan Lambiase
Eric Thompson
Children's Rights Incorporated
404 Park Avenue South
New York, NY 10016

RE: *Olivia Y., et al. v. Haley Barbour, et al*; In the United States District Court for the Southern District of Mississippi, Jackson Division; Cause No. 3:04CV251LN

Dear Ms. Lambiase:

This letter is a follow up to your letter dated August 10, 2005, regarding your request that the Mississippi Department of Human Services make Plaintiff John A. available for examination by Dr. Wood Hiatt.

In a previous letter to you, I advised you that I forwarded your correspondence to DHS, as John A.'s caseworker needs to consult with the child's physician about Dr. Hiatt's proposed exam. The clinic where John A. receives treatment has been contacted, but his physician has been out of town. MDHS will need until at least Aug 23, 2005, to receive a full and informed report from John A.'s physician on this matter.

We previously asked that you provide us with information regarding the type of exam Dr. Hiatt intends to conduct. Your letter of August 3, 2005, did not offer much detail regarding the scope of the examination and the parameters of such exam. Please provide us with sufficient information so that everyone can be better informed about the scope of the exam.

Sincerely,

McGLINCHEY STAFFORD, PLLC

Betty A. Mallett/kkr

Betty A. Mallett

BAM/kkr

cc: Melody McAnally (via facsimile)

**EXHIBIT G**



# CHILDREN'S RIGHTS

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

August 12, 2005

**VIA FAX – (601) 352-7757
and FEDERAL EXPRESS**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y., et al. v. Barbour, et al.*

Dear Ms. Mallett:

I am in receipt of your letter sent earlier today regarding our request that you make John A. available for examination by one of plaintiffs' testifying experts, Dr. Wood Hiatt.

Since you indicated that your client will not even be able to evaluate whether to produce John A. for the examination until August 23, 2005, we will be filing a motion today to have the court order DHS to produce our client for this routine examination. Dr. Hiatt intends to conduct a clinical interview of John A. for two three-hour sessions (one session in the morning and one session in the afternoon, to be conducted in one day) in his private Jackson-area office. It is Dr. Hiatt's professional opinion that there will be nothing harmful in allowing John A. to speak to a trained mental health professional about his experiences while in defendants' custody, especially given John A.'s multiple experiences with the mental health system over the course of his short life.

Sincerely,

Susan Lambiase
Plaintiffs' counsel

cc: Wayne Drinkwater & Melody McAnally, Bradley Arant
Stephen Leech, Esq.
John Lang, Loeb & Loeb

**EXHIBIT H**

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 · Fax: 212-683-4015 · info@childrensrights.org · www.childrensrights.org