IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES D. JOHNSON, et al.**                                                                                     **PLAINTIFFS**

**V.**                                                                                **CIVIL ACTION NO. 3:04cv251LN**

**HALEY BARBOUR, et al**                                                                                     **DEFENDANTS**

### APPLICATION FOR REVIEW OF MAGISTRATE'S ORDER DENYING DEFENDANTS' CLAIM OF PRIVILEGE WITH REGARD TO CERTAIN DOCUMENTS AND COMMUNICATIONS

**COME NOW**, Defendants, by counsel, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and file this their Application for Review of Magistrate's Order Denying Defendants' Claim of Privilege With Regard to Certain Documents and Communications and would show the Court the following:

I. INTRODUCTION

Defendants seek the Court's guidance with regard to the discovery of communications between the Office of the Attorney General and McGlinchey Stafford PLLC as defense counsel, and employees of group homes and residential facilities who provide foster care services to children who are in the custody of the Mississippi Department of Human Services ("MDHS").

On August 8, 2005, Magistrate Judge Alfred Nicols required Defendants to produce the written communication at issue.[1]  After an *in camera* review of the documents, the Court compelled production of the same, but advised that the Defendants would be required to produce the documents by a date that will permit them to seek further review of this issue.

---

[1] These documents were submitted under seal to Magistrate Judge Alfred Nicols on July 29, 2005.

In his Order, Magistrate Nicols determined that communication between the Office of the Attorney General and representatives of a group home is not privileged since the group home is characterized as an independent contractor and not an employee in its written contract with MDHS.

The Defendants take the position that, despite the contractual characterization, the group home is the functional equivalent of an employee in providing foster care to children who are in MDHS custody and that communication between a group home, the Attorney General's Office and/or McGlinchey Stafford regarding this litigation is privileged. (See e.g., *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994)(attorney-client privilege may extend to protect communications between company lawyers and its independent contractor). Given the current widespread practice of outsourcing essential services in the public and private sectors, it is critical that defense counsel in the instant litigation have the ability to engage in privileged communication with group home employees and other MDHS contractors who may seek counsel's advice regarding this litigation from time to time.

## II. FACTS

The Joe Rowland Boys' Home (the "Boys' Home"), is a group home owned and operated by Southern Christian Services for Children and Youth, Inc. ("Southern Christian Services"). Southern Christian Services is licensed by "MDHS" to provide foster care to children in MDHS custody and has a contract with MDHS in which it adopts all of the policies and procedures required by MDHS.

An employee of the Boys' Home sought the advice of MDHS concerning contacts being made between one of the named minor Plaintiffs, who is a resident of the home, and his counsel in this lawsuit. MDHS in turn contacted the Attorney General's office for advice. The Attorney General's office verbally instructed MDHS personnel of the proper conduct, drafted

correspondence instructing the group home in the proper course of action, and sent a copy of this correspondence to MDHS. This correspondence was placed in the named Plaintiff's MDHS case file. Defendants maintain that the communications are privileged because the group home is acting under the direction of MDHS, as a representative of MDHS, and the confidential communication concerns this litigation.

The Plaintiffs filed a Motion to Compel production of this correspondence and Defendants responded that the documents were protected by attorney client privilege. The documents were submitted to the magistrate for *in camera* inspection. In connection with the *in camera* inspection the magistrate requested copies of the contract between MDHS and Southern Christian Services. Accordingly, Defendants submitted the following:

> Contract between the Mississippi Department of Human Services and Southern Christian Services for Children and Youth, Inc. effective February 9, 2005.
>
> Renewal Application for License, Southern Christian Services for Children and Youth, Inc., dated July 26, 2004.
>
> License Renewal, Southern Christian Services for Children and Youth, Inc., dated July 26, 2004., issued October 8, 2004.
>
> License Renewal, Southern Christian Services for Children and Youth, Inc.-Joe Rowland Home for Boys, issued December 17, 2004.
>
> Licensing Standards for Residential Child Care Facilities Prescribed by State of Mississippi Department of Human Services.

On August 8, 2005 the magistrate issued an order compelling the production of the withheld documents based upon the contractual limitation in the agreement with MDHS that Southern Christian Services is an independent contractor.

III.  ARGUMENT

<u>The communications are protected by the attorney-client privilege because Southern Christian Services for Children and Youth, Inc. and other independent contractor providers of facilities for the children in the custody of MDHS (the "Providers") possess a significant relationship to MDHS and MDHS's involvement in the actions that are the subject of legal services and accordingly the Providers are the functional equivalent of employees.</u>

The Attorney General is the "chief legal officer and advisor for the State."  Miss.Code Ann. § 7-5-1 (1972).  Where an attorney is consulted for the purpose of obtaining advice on legal questions or matters, that activity gives rise to an attorney-client relationship. *Buford v. Holladay*, 133 F.R.D. 487, 492 (S.D. Miss. 1990) (*citing In re LTV Securities Litigation*, 89 F.R.D. 595, 602 (N.D.Tex.1981)).  Therefore, when MDHS consulted the Attorney General's office upon the service of the summons and complaint filed in this lawsuit and sought the Attorney General's advice, an attorney-client relationship was created.  *See Thill Securities Corp. v. New York Stock Exchange*, 57 F.R.D. 133, 138-39 (E.D.Wis.1972) (noting that, where communications are confidential and related to obtaining legal advice, attorney-client relationship may exist between two governmental agencies).  As such, any legal advice given to MDHS or MDHS personnel by the Attorney General's office in the context of the issues of this case are protected by the attorney-client privilege.

In denying the Defendants' claim that communications between Southern Christian Services and attorneys with the Office of the Attorney General were not privileged, the Magistrate found that that Southern Christian Services, as an independent contractor of MDHS, does not have the necessary relationship with MDHS such that communications between Southern Christian Services and Defendants' counsel are privileged.

Rule 502 of the Mississippi Rules of Evidence defines the scope of the attorney-client privilege:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made *for the purpose of facilitating the rendition of professional legal services to the client* (1) between himself *or his representative* and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him *or his representative* or his lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) **between representatives of the client or between the client or between the client and a representative of the client**, or (5) among lawyers and their representatives representing the same client. Miss.R.Evid. 502(b) (emphasis added).

A "representative of the client" is "one having authority to obtain professional legal services, or **to act on advice rendered** pursuant thereto, **on behalf of the client**, or an employee of the client **having information needed to enable the lawyer to render legal services to the client**." Miss.R.Evid. 502(a)(2).

Under this definition, MDHS is the client and Southern Christian Services is a "representative of the client." MDHS personnel have the authority to contact the Attorney General for legal advice and Southern Christian Services has the authority to act on the advice rendered by the Attorney General on behalf of MDHS. The subject communication was for the purpose of facilitating the rendition of professional legal services to the client, MDHS.

Additionally, because of their direct, day-to-day relationship with the class action plaintiffs, Southern Christian Services, the Boys' Home and all of the Providers under contract with MDHS have information needed to enable the Attorney General and McGlinchey Stafford to render legal services to MDHS, and communications between the Attorney General,

McGlinchey Stafford and Southern Christian Services, the Boys' Home and all of the Providers[2] should be protected by the attorney client privilege.

The court in *In re Bieter Co.*, 16 F.3d 929 (8th Cir.1994), held that the attorney-client privilege may extend to protect communications between the lawyers for a company and the company's independent contractor who is the "functional equivalent of an employee," reasoning:

> The [attorney-client] privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client.... 'The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out.' Such information will, in the vast majority of cases, be available from the client or the client's employees, but there undoubtedly are situations ... in which **too narrow a definition of "representative of the client" will lead to attorneys not being able to confer confidentially with nonemployees who, due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely.** "[I]t is only natural that," just as "[m]iddle-level-and indeed lower-level-employees ... would have the relevant information needed by corporate counsel if he is adequately to advise the client with respect to ... actual or potential difficulties," so too would **nonemployees who possess a "significant relationship to the [client] and the [client]'s involvement in the transaction that is the subject of legal services."**

*Id.* at pp. 937-38 (internal citations omitted); a*ccord In re Copper Market Antitrust Litigation*, 200 F.R.D. 213, 218-19 (S.D.N.Y.2001) (holding that a public relations firm hired as an independent contractor by one of the defendants to deal with public relations problems associated with claims asserted in the litigation could "fairly be equated with the [defendant] for purposes of analyzing the availability of the attorney-client privilege to protect communications to which [the public relations firm] was a party concerning its scandal-related duties").

---

[2] Hereafter, Southern Christian Services, the Boys' Home and all of the providers of residential care for the children in the custody of MDHS, i.e. the plaintiff class, shall be referred to as the "Providers."

Before application of the attorney-client privilege will be extended to non-employees, however, the party asserting the privilege must make a detailed factual showing that the non-employee is the functional equivalent of an employee and that the information sought from the non-employee would be subject to the attorney-client privilege if he were an employee of the party. *Energy Capital Corp. v. United States*, 45 Fed.Cl. 481, 488-94 (2000).

The Providers are the functional equivalent of employees of MDHS. Clearly, the Providers have a significant relationship to MDHS and MDHS's "involvement in the transaction that is the subject of legal services," that is, the claims that MDHS has violated the due process rights of the children in MDHS custody. The Providers "stand in the shoes" of MDHS with respect to the day-to-day care of the children who are in the custody of MDHS, the plaintiffs in this lawsuit. The Providers therefore have the relevant information with regard to the plaintiffs needed by the Attorney General's staff and McGlinchey Stafford if they are adequately to advise the client with respect to actual or potential difficulties that may arise in this litigation.

## IV. CONCLUSION

The Attorney General and McGlinchey Stafford will be severely impaired in their ability to provide a defense to the Defendants if unable to communicate in confidence with the Providers of services to the plaintiff class.

Defendants respectfully request that this Court enter an order denying Plaintiffs' motion to compel production of confidential communications with the Boys' Home. Defendants further request that this Court enter an Order stipulating that the attorney client privilege in this matter extends to confidential communications with Southern Christian Services and the providers of residential care for the named Plaintiffs and the plaintiff class and the Attorney General and McGlinchey Stafford that are related to obtaining legal advice.

**THIS**, the **22d** day of **August**, **2005**.

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and BILLY MANGOLD as Director of the Division of Family and Children's Services**


BY: _____/s/ Amy Kebert Elder_____


**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Amy Kebert Elder (MSB #99149)
City Centre South, Suite 1100
200 South Lamar Street (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following: W. Wayne Drinkwater, Jr. Esq., Melody McAnally, Esq., Stephen H. Leech, Esq., Eric E. Thompson, Esq., and Harold E. Pizzetta, III.

       I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Corene Kendrick, Esq.
Tara Crean, Esq.
Erik S. Pitchal, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York 10016

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the **22d** day of **August**, **2005**.

                                                                            /s/ Amy Kebert Elder.