IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                                   PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*             DEFENDANTS

**PLAINTIFFS' MOTION TO AMEND ORDER STAYING LITIGATION**

Hurricane Katrina has caused devastation of historic proportions to the State of Mississippi and elsewhere. The State and DHS have been burdened with additional demands that we can only imagine. The damage caused and the enormous recovery effort warrant a significant extension of the Case Management Order deadlines.

Plaintiffs are mindful of all these concerns. There are two issues, however, concerning the Order imposing a 45-day stay in this injunctive class action, that Plaintiffs respectfully request that the Court address to reduce the prejudice to the Plaintiff children - over 3,150 children in Defendants' custody - from a general stay of all litigation. Importantly, the two issues do not involve the expenditure of DHS staff time.

First, while staff at DHS are working tirelessly and selflessly to meet the demands created by the effects of the Hurricane, counsel for the parties and the Court should continue to address discovery disputes that pre-date Hurricane Katrina. Plaintiffs should be permitted to continue discovery motion practice with defendants' counsel related to documents that Defendants either have refused to produce or failed to produce well before Hurricane Katrina,

even when previously compelled by this Court. Permitting this limited scope of work would allow the lawyers' work to continue while the DHS staff does what it needs to do in the field. Any corresponding order could be tailored to require actual production of documents only once the stay was lifted, as necessary, so as not to impose immediate discovery-related tasks on DHS staff.

Second, any corresponding delay of trial, however necessary, nonetheless has the unfortunate effect of hurting the timeliness of data collected from the Plaintiff class members' case records. This data was collected through Plaintiffs' nine-week expert case record review of 288 DHS case records, performed throughout the State of Mississippi. In order to avoid requiring the Plaintiffs to incur the additional time and expense of conducting a supplemental review post-Katrina, and imposing the additional burden of such a review on the DHS offices and staff to provide space and records, Plaintiffs respectfully request that the Court (1) take judicial notice that the collected data was taken from a representative time period and (2) preclude any challenge to the timing of the data's collection and any potential defense of staleness.

Amending the Court's September 8, 2005 Order to allow limited discovery motion practice as to document deficiencies that predate Hurricane Katrina and to preclude a challenge to Plaintiffs' expert case record review data as to staleness would accommodate both parties' concerns related to the unforeseeable tragedy inflicted upon the State of Mississippi by Hurricane Katrina and the Hurricane's effects upon this important litigation. Whereas Plaintiffs have been unable to reach agreement with the Defendants as to these two issues, Plaintiffs respectfully request that the Court amend its September 8, 2005 Order as requested herein.

## I. BACKGROUND

Hurricane Katrina struck Mississippi on August 29, 2005, resulting in significant damage to and disruptions in the State. By letter of September 1, 2005, Defendants' counsel requested that Plaintiffs agree to a 90-day stay of litigation. (Attached at Ex. A). Plaintiffs responded by letter of September 7, 2005, proposing a 60-day continuance of the Case Management Order deadlines, but raised several related concerns that needed to be addressed in the interim. (Attached at Ex. B). That same day Defendants filed their motion for an indefinite stay. The Court granted Defendants a 45-day stay by Order of September 8, 2005, subject to revision as necessary upon request of the Plaintiffs, who did not have an opportunity to respond to Defendants' motion. In a subsequent telephone conference among counsel on September 16, 2005, Plaintiffs were unable to secure any agreement from Defendants as to limited discovery motion practice or any potential defense arguments regarding the timeliness of Plaintiffs' case record review. A revision of the stay Order is now requested and appropriate as proposed below.[1]

## II. ARGUMENT

### A. Discovery Motion Practice Through Counsel Should Be Allowed To Go Forward On Pre-Katrina Disputes.

Discovery motion practice should go forward on pre-Katrina disputes, as these disputes do not involve DHS staff but simply attorney time. There has been no suggestion that counsel and the Court are not available to address the legal justifications for Defendants' refusal or failure to produce responsive documents that predate Hurricane Katrina by many weeks or months. For example, Defendants, citing state law, refuse to produce relevant and responsive

---

[1] By letter of September 15, 2005, Defendants also suggested that an extension of the stay may be needed. (Attached at Ex. C). Plaintiffs suggest that in light of the extraordinary circumstances the Court schedule a status conference for shortly before the current stay expires to give the parties an opportunity to discuss the needs of the case at that time.

4/66693.1 3

personnel records without a court order. (*See* Defs' August 23, 2005 letter at 2, attached at Ex. D). Defendants have also failed to produce certain documents previously compelled by this Court by Order of July 18, 2005, including MACWIS reports of maltreatment in care and related investigations responsive to Plaintiffs' First Request For Production of Documents, No. 35. (*See* Pls' August 25, 2005 letter, attached at Ex. E). Defendants have provided no justification for their failure to produce these and other documents even pre-Katrina. Motion practice concerning the production of these documents need not be delayed and in fact should be permitted during the current stay period. Any corresponding order could easily compel actual production only once the stay is lifted, limiting any burden to Defendants.[2]

### B. Trial Delays Caused By Hurricane Katrina Should Not Prejudice Plaintiffs In The Presentation Of Their Case And The Court Should Preclude Challenges To The Timeliness Of Plaintiffs' Expert Case Record Review Data.

Plaintiffs' expert and a dozen trained case reviewers spent nine weeks, from June 27 through August 26, 2005, in DHS county offices across the State of Mississippi systematically reviewing a random sample of 288 DHS case records. A preliminary tally of the cost incurred by Plaintiffs for the expert review totals over $155,000. Plaintiffs' random sample was drawn from a June 10, 2005 DHS custody list, and thus relevant data was collected for all children in the sample through the end of May 2005. The review has just concluded and data is being compiled and analyzed. This is an essential element of Plaintiffs' proof in this case.

Now that a postponement of the current May 2006 trial date inevitable, Plaintiffs respectfully request this Court to (1) take judicial notice of the burden upon Plaintiffs and Defendants if the case record review had to be repeated to counter a defense of staleness, (2) recognize that Plaintiffs' case record review data was taken from a representative time period,

---

[2] Defendants' counsel should be reviewing and producing any responsive documents already in counsel's custody pre-Katrina.

and (3) preclude any defense challenge to this crucial evidence based on alleged staleness at a delayed trial.  Absent such an order, Plaintiffs may have to incur the additional time and expense of conducting a supplemental review post-Katrina, further delaying the case and further causing disruption to an already beleaguered DHS staff.

### III.  CONCLUSION

Notwithstanding the very real tragedy of Hurricane Katrina and its aftermath, Plaintiffs respectfully request that this Court amend its September 8, 2005 Order to allow discovery motion practice limited to pre-Katrina discovery disputes and to preclude any challenge to Plaintiffs' expert case record review data as to alleged staleness.

Respectfully submitted, this the 19th day of September, 2005.

/Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara S. Crean (MBN 44447 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South, 11th Floor
New York, NY 10016
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
Eric Manne (MBN 43988 *pro hac vice*)
LOEB & LOEB LLP

345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Betty A. Mallett, Esq.
Dewitt L. Fortenberry, Jr., Esq.
John T. Rouse, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

s/ Melody McAnally