IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES D. JOHNSON, *et al.*                    PLAINTIFFS

VS.                                            CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, *et al.*                       DEFENDANTS


AFFIDAVIT OF RICHARD A. BERRY

STATE OF MISSISSIPPI

COUNTY OF HINDS

 Personally came and appeared before me, the undersigned authority in and for the said County and State, within my jurisdiction, the within named Richard A. Berry who, having been duly sworn by me, states on oath:

 1. My name is Richard A. Berry, and I am over 21 years of age. I am of sound mind, and I am competent to testify as to the matters set forth in this affidavit.

 2. I am the Deputy Director of Programs for the Mississippi Department of Human Services, and I am familiar with the state of operations of the Mississippi Department of Human Services.

 3. On Monday, August 29, 2005, Hurricane Katrina crippled the Mississippi Department of Human Services (MDHS). Several offices were damaged. The Jackson county MDHS office was closed until the week of October 3, 2005. The Harrison county office is not expected to be fully operational for another six months. The Hancock county office was

186305.1                                1

EXHIBIT "C"

completely destroyed. The main Pearl River county office was damaged beyond repair and will not re-open.

4. MDHS has been occupied with locating and accounting for its county employees, accounting for foster home families, accounting for children in group homes and shelters, cataloguing lost buildings and the extent of damage to buildings still standing, and establishing and providing emergency disaster relief for victims.

5. One MDHS employee died as a result of the storm. Approximately sixty five MDHS employees lost their homes and for others, it has been necessary to work from home because of damage to offices. It has been necessary that most employees work seven days a week, without leave, during the recovery effort.

6. Disaster relief and recovery has been the focus of MDHS. Department of Human Services employees manned 97 shelters containing as many as 18,000 persons at any given time, as well as four shelters housing approximately 400 persons with special needs. The state office has been occupied with fielding phone calls for help and facilitating relief efforts, including opening up to 13 more shelters to handle more evacuees from New Orleans.

7. MDHS had to establish and maintain disaster food stamp program sites in twenty three counties and four regional centers for the purpose of taking and processing emergency food stamp applications. Disaster food stamp sites were manned through October 9, 2005. Approximately 182,842 applications were received resulting in over $65,000,000 being disbursed. Applications are still being processed.

8. It has been necessary that MDHS employees from every division be assigned to the recovery and relief effort. The Division of Family and Children Services (DFCS) is the primary division of MDHS responsible for the care of children in custody. With the exception of

one DFCS employee per county, all other DFCS employees were assigned to hurricane relief efforts and the disaster program. Those employees were not re-assigned to DFCS duties until the week of October 11, 2005.

9. In addition to the hurricane relief efforts, it has been necessary to establish contact with foster families and over 3,000 children in MDHS custody. That process was extensive and very time consuming because of the number of displaced families and unpredictable communications.

10. Although all children in MDHS custody have been accounted for, during the months of October and November, 2005, every available DFCS employee is needed to conduct face to face contacts and interviews with foster families and children; to evaluate extra or emergency benefits that may be needed; and, implement a means to take care of those needs by the end of this year.

11. A Child and Family Services Review was conducted in Mississippi during February, 2004. The findings of that review mandate the development of a Child Welfare Program Improvement Plan (PIP). The Department of Human Services approved the PIP effective April 1, 2005. Federal regulation requires that quarterly status reports be submitted on MDHS' progress in implementing the plan. The first quarterly report was due at the end of August, 2005, but could not be completed or submitted because of the hurricane. The Department of Human Services has agreed to stay the PIP review process through the end of this year to allow MDHS to complete the disaster recovery and relief effort and to allow employees to focus on re-establishing job responsibilities. Many of the issues addressed in the PIP are directly related to this lawsuit.

12. Given these dire circumstances and the hurricane recovery effort, MDHS employees and staff will not be available for the remainder of 2005 to participate in the pending litigation, *James D. Johnson, et al. v. Haley Barbour, et al*; In the United States District Court for the Southern District of Mississippi, Jackson Division; Cause No. 3:04CV251LN. MDHS employees will be unable to give depositions or participate in the production of documents or other discovery. Every available MDHS employee is needed to get the agency fully operational and complete the evaluation of clients by the end of the year.

13. I anticipate MDHS employees and staff being able to participate in this litigation after January 1, 2006.

14. The matters set forth herein are based on my own personal knowledge of such matters and of my review and observation of current operations at MDHS.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT, this the 14th day of October, 2005.

_____
RICHARD A. BERRY

SWORN TO AND SUBSCRIBED BEFORE ME, this the 14th day of September, 2005.

_____
NOTARY PUBLIC

My Commission Expires:

MY COMMISSION EXPIRES MARCH 26, 2008

186305.1

4