IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                               PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*      DEFENDANTS

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND STAY

### INTRODUCTION

There is no doubt that Defendants are addressing the extraordinary impact caused by Hurricane Katrina and that some accommodation in this case is appropriate. The Mississippi Department of Human Services (DHS), an agency that was already understaffed and in crisis pre-Katrina, has been understandably overwhelmed with the task of providing disaster relief of this magnitude. Although the Division of Family and Children's Services (DFCS) staff assigned to hurricane relief efforts have now been returned to their regular DFCS duties (s*ee* Dfs' Berry Aff. at ¶ 8), it is hard to imagine under the circumstances that DHS and DFCS will be back to "normal" before several years. It is important to note that in Defendants' motion seeking an extension of the stay until the end of this year, they do not rule out seeking further extensions.

In the meantime, however, over 3,150 plaintiff children's basic constitutional rights to safety and well-being while in Defendants' custody continue to be violated without legal recourse, making an indefinite or lengthy stay inappropriate. Plaintiffs, therefore, consent to an additional stay through January 1, 2006 (70 days), *but only* on the following conditions: (1) that

the stay be limited in scope to allow Plaintiffs to resume motion practice in the interim on pre-Katrina document discovery disputes and not subject to further extension, (2) that Defendants be precluded from challenging the timeliness of Plaintiffs' expert case record review data, *and* (3) that any further extensions of the stay beyond January 1, 2006 be barred.

Such a limited stay would permit the attorneys and the Court to address pre-Katrina discovery violations without further delay or imposition on DHS staff. Defendants, for example, (1) refuse to produce responsive personnel records without a court order, and (2) have yet to comply with this Court's July 18, 2005 Order compelling MACWIS abuse and neglect investigation reports that Plaintiffs have been requesting since December 2004. Addressing these discovery disputes now would be an efficient use of attorney and judicial resources pending resumption of full pre-trial preparations. Any corresponding order could be tailored, if necessary, to require actual production of documents only once the stay is lifted.

Consenting to a limited delay of trial can have the unfortunate consequence of prejudicing Plaintiffs by providing Defendants with the opportunity to call into question the timeliness of the data collected pre-Katrina from the class members' case records by Plaintiffs' expert review team. This data was collected during June, July and August, 2005 through Plaintiffs' nine-week expert review of 286 representative DHS case records located throughout the State of Mississippi. In order to avoid the prospect of Plaintiffs having to incur the additional time and expense of conducting a supplemental expert review post-Katrina, in addition to imposing the additional burden of providing review space and records on overwhelmed DHS offices and staff, Plaintiffs respectfully request that the Court (1) take judicial notice that the collected data was taken from a representative time period, and (2) preclude any challenge to the timeliness of the data.

4/69641.3                                  2

It is equally as important to protect the rights of the Plaintiffs from further delay. Therefore, Plaintiffs respectfully request the Court enter an amended Case Management Order now that sets the new scheduling deadlines (Plaintiffs attach as Exhibit G a proposed Order that correspondingly extends all deadlines a total of 115 days, which assumes the Court will enter a limited stay until January 1, 2006). Plaintiffs' proposed Order also precludes Defendants from challenging the timeliness of Plaintiffs' case record review data. Plaintiffs respectfully request that the Court waive the requirement for a separate Memorandum of Law and accept the following recitation in support of the Response pursuant to Uniform Local Rule 37.1(B). Should the Court wish to hear from the parties in person, Plaintiffs' counsel is available at the Court's convenience.

## ARGUMENT

### A. Any Further Stay Should Be Limited To Allow Discovery Motion Practice To Go Forward On Pre-Katrina Disputes And Bar Any Further Extensions.

There has been no suggestion that counsel and the Court are not available to address the discovery disputes arising from the Defendants' refusal or failure to produce responsive documents that predate Hurricane Katrina by many weeks or months. Defendants should not be allowed to use this natural disaster to excuse, or avoid the consequences of, discovery violations that occurred well before the Hurricane.

For example, Defendants, citing state law, refuse to produce relevant and responsive personnel records without a court order. (*See* Dfs' August 23, 2005 letter at 2, attached at Ex. A). But this Court has already ordered the production of responsive documents pursuant to the existing Confidentiality Order notwithstanding Mississippi State confidentiality statutes. (*See* December 17, 2004 Amended Case Management Order at ¶ 1.B., attached at Ex. B; Pls' June 30,

2005 letter at 2, attached at Ex. C).  Counsel simply need to brief this legal issue for the Court, which requires no additional burden on DHS or DFCS staff.

Defendants have also failed to produce certain documents previously compelled by this Court's July 18, 2005 Order, including MACWIS reports of maltreatment in care and related investigations responsive to Plaintiffs' First Request For Production Of Documents, No. 35.  (*See* Pls' August 25, 2005 letter, attached at Ex. D).  The Court, based on deposition testimony, previously rejected Defendants' contention that these documents could only be retrieved from individual case records and ordered their production.  (*See* July 18, 2005 Order at 3-4, attached at Ex. E).   Additional deposition testimony and documents produced since this Court's July 18, 2005 Order, which make clear that Defendants' compelled production to date continues to be incomplete, were brought to Defendants' attention without avail.  (*See*, *e.g.*, Ex. D at attached abuse and neglect logs documenting "Date State Office Received Investigative Report[s]").  The relevant facts, already documented in deposition testimony and related documents, simply need to be presented by counsel to the Court for resolution.  Again, this will place no additional burden on DHS or DFCS staff.

Similarly, Defendants pledged to produce by August 8, 2005, certain additional responsive documents identified at deposition, but never did, without any further explanation. (*See* Dfs' August 1, 2005 letter, attached at Ex. F).  Counsel simply need the opportunity to present this discovery dispute to the Court through a motion to compel.

Motion practice concerning Defendants' failures to produce these documents that predate Hurricane Katrina by many weeks and months need not be delayed and should be permitted during any further stay period.  Requiring the Defendants to respond to a motion to compel will only require the attorney time needed to legally justify the positions that Defendants have already

staked out in counsel's previous filings and correspondence.  Any corresponding order can easily be tailored to compel actual production only once the stay is lifted.[1]  Allowing this limited motion practice, which will need to be addressed at some point in any event, would be a sound use of attorney time while limiting any current burden to Defendants.

Further extensions of any stay should also be barred to ensure that plaintiff children's constitutional claims can be adjudicated without further delay.  Instead of waiting until January 1, 2006 to address the necessary changes to the Case Management Order scheduling deadlines, the Plaintiffs respectfully request the Court to enter an order now extending all deadlines a total of 115 days, which calculates an extension of the stay through January 1, 2006.

### B. The Court Should Preclude Challenges To The Timeliness Of Plaintiffs' Expert Case Record Review Data.

Plaintiffs' expert and a dozen trained case reviewers spent nine weeks full-time, from June 27 through August 26, 2005, in DHS county offices across the State of Mississippi, systematically reviewing a random sample of 286 DHS case records.  Plaintiffs' random sample was drawn from a June 10, 2005 DHS custody list, and thus relevant data was collected for all children in the sample through the end of May 2005.  Data is still being compiled and analyzed, but preliminary representative class data reveal that over one in five foster children statewide have at least some documentation of maltreatment in care, half have been subjected to four or more placements, and roughly a third, including infants and toddlers, have been subjected to over two-month stays in emergency shelters.  This expert case record review data is an essential element of Plaintiffs' class-wide claims of constitutional violations.  Plaintiffs' willingness to accommodate Defendants' request for a limited stay should not be allowed to later prejudice

---

[1] Defendants' counsel should be reviewing and producing any responsive documents already in counsel's possession pre-Katrina.

4/69641.3                           5

Plaintiffs by providing Defendants with the opportunity to challenge the timeliness of Plaintiffs' pre-Katrina case record review data.

A contemplated three-and-one-half-month postponement of the current May 2006 trial date warrants judicial notice of the burden upon both Plaintiffs and Defendants if the case record review must be supplemented due to a staleness argument by Defendants. A preliminary tally of the cost incurred by Plaintiffs for the expert review now totals over $180,000. Meanwhile, it is questionable whether DHS will be in a position to make class members' records available for another statewide review on site at any time in the foreseeable future. Approximately 624 class members alone previously resided in the three counties on the Coast that were hardest hit - Jackson, Harrison and Hancock.

While acknowledging the magnitude of the disruptions visited upon the Defendants by Hurricane Katrina, Plaintiffs cannot put off having their constitutional claims adjudicated until the State of Mississippi fully recovers. As class-wide evidence was collected pre-Katrina in over eight months of discovery, it stands to reason that this case will be tried principally as a pre-Katrina case. For all these reasons, Plaintiffs respectfully request that the Court take judicial notice that the data collected during the nine-week expert case record review in nine Mississippi Counties – including Forrest and Harrison – was taken from a representative time period, thus precluding any challenge of staleness by Defendants.

## CONCLUSION

Fully aware of the additional responsibilities Defendants assumed as a result of Hurricane Katrina and its aftermath, Plaintiffs respectfully request that the Court extend the stay only on a limited basis that allows discovery motion practice as to pre-Katrina discovery disputes and precludes any challenge to Plaintiffs' expert case record review data as to alleged staleness. In

addition, extensions of the stay beyond January 1, 2006 should be barred so that the Plaintiffs' constitutional claims can be addressed without further delay.

Respectfully submitted, this the 20th day of October, 2005.

/s Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara S. Crean (MBN 44447 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South, 11th Floor
New York, NY 10016
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
Eric Manne (MBN 43988 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone:  (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2005, I electronically filed the foregoing and all enclosures with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Betty A. Mallett, Esq.
Dewitt L. Fortenberry, Jr, Esq.
John T. Rouse, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

s/ Melody McAnally