

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

June 30, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

We are in receipt of Defendants' Responses to Plaintiffs' Fifth Request for Production of Documents and related documents and write to bring several deficiencies in Defendants' production to your attention.

First, in response to Document Request No. 3, which requests all current DFCS operations/administrative procedures manuals, Defendants state that they have "produced the current Mississippi Department of Human Services, Division of Family and Children's Services Policy and Procedures Manual," but do not state whether other DFCS operations/administrative procedures manuals exist. If there are no other current DFCS operations/administrative procedures manuals in your possession, please so state. Otherwise, please identify and produce the additional responsive manuals.

Second, Document Request No. 9 calls for the production of the provider and licensing files for all foster homes, therapeutic foster homes, group homes, shelters, treatment centers and any other home, institution or agency caring for foster children. In response to this request Defendants produced one document entitled "Placement Resources," bearing bates numbers DHS 035980 to 036100 that only reflects a list of placement providers. This response is wholly insufficient. According to former DFCS Director Billy Mangold, the requested files contain, *inter alia*, allegations of maltreatment of class members via "standard forms," as well as forms documenting investigative findings related to such allegations. [Mangold Dep. at 34:17-36:1]. These Placement Unit files also contain Reports on Dangerous Placements [Mangold Dep., at 48:5 – 49:20, 50:18 – 52:2], Incident Reports as to Group Homes and Critical or Unusual Incident Reports [Young Dep., at 45:15 – 47:15], and records on Closed Foster Homes [Young Dep., at 56:10 – 58:8]. These responsive documents need to be produced as they are directly relevant to Plaintiffs' main claim that Defendants are not adequately protecting children in DHS placements. I attach the deposition excerpts referenced herein for your convenience.

Third, Document Request No. 10 calls for the production of any documents maintained outside of the provider and licensing files concerning complaints, inspections and investigations related to child placements, and any state actions taken against child placements because of licensing violations, safety considerations, or other violations. Defendants have not responded,

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org



EXHIBIT "C"

but lodged an objection that the request is overly broad and unduly burdensome without providing Plaintiffs with any information as to whether the documents exist and if so, why the request is unduly burdensome to Defendants. If there are no such documents outside of the provider and licensing files, please so state. Otherwise, please identify and produce the files concerning such complaints regarding child placements.

Fourth, as to Document Request No. 12, Defendants assert that personnel file documents reflecting DFCS staff failures to abide by agency requirements are protected as confidential. This is not a valid objection as the December 17, 2004 Amended Case Management Order explicitly requires that responsive documents be produced under the protection of the Court's Confidentiality Order. Similarly, as to Document Request No. 13, Defendants assert personnel file documents of all DFCS staff that have been involved in the cases of the Named Plaintiffs are protected as confidential. This is not a valid objection in light of the Court's Amended Case Management Order and the August 5, 2004 Confidentiality Order referenced therein. In light of these Orders, please produce all responsive documents.

Please let me hear from you in response by July 8, 2005.

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

Encls.
cc:     Stephen Leech, Esq.
        Wayne Drinkwater & Melody McAnally, Bradley Arant
        John Lang, Loeb & Loeb