IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| JAMES D. JOHNSON, as next friend to Olivia Y.; CARLA LEWIS, as next friend to Jamison J. and SYLVIA FORSTER, as next friend to Desiree, Renee, Tyson and Monique P. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:04CV251LN |
| HALEY BARBOUR; DONALD TAYLOR, as Executive Director of the Department of Human Services and BILLY MANGOLD, as Director of the Division of Family and Children's Services | DEFENDANTS |

## ORDER

This matter came before the court on the Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First Request for Production of Documents. The court earlier deferred ruling on the Motion, pending a more complete response from the Defendants. That response has now been received, and the issues to be resolved with regard to production have been further narrowed. The court's ruling on the remaining issues is as follows:

**Document Request No. 1(b):** This Request seeks documents that reflect communications between the Mississippi Attorney General's office and a group home providing placement services to Plaintiff Jamison. The Defendants argue that these documents are privileged, both as attorney client communications and as attorney work product. The communications were made after the group home sought advice from the Department of Human Services, which, in turn, sought advice from the Attorney General's office.


EXHIBIT "E"

Citing Miss. R. Evid. 502, the Defendants argue that the group home, which operates under a contract between it and DHS, is a "representative of the client" covered by the provisions of the attorney/client privilege. The Plaintiffs argue that, in order to avail itself of that privilege, the home would have to be the "functional equivalent" of a DHS employee, citing *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994) and *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc.*, Nos. Civ. A. 03-1496, 1664, 2004 WL 1237450 (E.D. La. June 2, 2004). Relying on *Bieter*, the court in *Freeport-McMoran* held that, in order to apply the privilege in the context of an independent consultant, the following conditions must be met, " the consultant was the "'functional equivalent' of the client's employee, the communications in question fell within the scope of the consultant's duties, were made at the behest of his superior (who was an employee of the client), and were made for the purposes of seeking legal advice for the client." 2004 WL 1237450 at *4.

Without more information regarding the relationship between DHS and the home in question, the court cannot determine whether the attorney-client privilege should extend to advice sought by the group home. For that reason, the Defendants shall produce the contract between DHS and the group home for *in camera* review. The documents withheld on grounds of privilege shall also be produced. The Motion to Compel will be held in abeyance as to these documents.

**Document Request No. 1(c):** This request seeks complete named Plaintiff MACWIS screen documentation. The Defendants have agreed to provide these documents; however, the Plaintiffs request an Order requiring the production. Such an Order is appropriate, and the Motion to Compel will be granted as to these documents.

**Document Request No. 8(a) and (b):** The Defendants argued that they should not have to produce copies of these documents because the Plaintiffs had acquired them from other sources. The

2

Plaintiffs seek an Order requiring production from the Defendants so as to eliminate any arguments as to authenticity. The Motion to Compel will be granted as to these documents; however, the Defendants may satisfy their obligation to produce the documents by agreeing in writing to waive any objections as to authenticity with regard to the documents that are the subject of this Request.

**Document Request Nos. 9, 21-23, 33-34:** These Requests seek various documents that the Defendants have agreed to provide in their next supplementation; however, the Plaintiffs request an Order requiring the production. Such an Order is appropriate, and the Motion to Compel will be granted as to these documents.

**Document Request No. 32:** This Request seeks "All reports by Defendants to the Secretary of the federal Department of Health and Human Services pursuant to the Early and Periodic Screening, Diagnostic, and Treatment Services Act, 42 U.S.C. § 1396a(a)(43)(D)." The Defendants argued that they should not have to produce these documents because they are maintained "by the Department of Health which is a state agency not under the control of any Defendant." As the Governor of Mississippi is a Defendant in this matter, the court finds this argument to be without merit, and the Motion to Compel will be granted as to these documents.

**Document Request No. 35(c), (d) and (e):** This Request seeks various documents related to investigations or reports of the mistreatment of individual children in DHS custody. The Defendants argue that there is no single source for this information, but that it is only maintained in each child's individual file. The Plaintiffs disagree, arguing that the deposition testimony of Kathy Triplett, a 30(b)(6) designee of the Defendants, suggests otherwise.

A review of Triplett's testimony shows that she stated that her office keeps a manual log of reports of abuse and neglect that are generated by the counties. (Triplett depo., pp. 28-32) She also

testified that an electronic report could be requested through MACWIS. The Defendants will be required to produce the information, as testified about by Triplett, that is responsive to these Requests.

**Request for responsive email or "other digital" information:** The Defendants have responded to this Request by stating that DHS case workers do not have email, but some state office employees do. They have offered to produce any responsive emails or other digital communications, and the Motion to Compel will be granted to this Request.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First Request for Production of Documents is hereby **granted** as discussed above. With regard to Request No. 1, the Defendants shall produce for *in camera* review the contract between the group home in question and DHS, as well as the documents withheld on grounds of privilege, on or before July 29, 2005.

IT IS SO ORDERED, this the 18th day of July, 2005.

s/Alfred G. Nicols, Jr.<br>
UNITED STATES MAGISTRATE JUDGE