IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES D. JOHNSON, et al**                                                **PLAINTIFFS**

**V.**                                                **CIVIL ACTION NO. 3:04cv251LN**

**HALEY BARBOUR, et al**                                                **DEFENDANTS**

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND STAY

**COME NOW**, the Defendants, by and through counsel, and file this Reply to Plaintiffs' Response to Defendants' Motion to Extend Stay and would show the Court the following:

1.

The Plaintiffs do not dispute the extraordinary impact caused by Hurricane Katrina and that accommodation is appropriate. Instead, they make sweeping assertions assuming their allegations to be correct. The Defendants adamantly deny that the constitutional rights of foster children in Mississippi have been or continue to be violated. Those issues have yet to be developed, both factually and legally.

2.

Plaintiffs emphasize that Defendants do not rule out seeking another stay. The Defendants do not have the ability to predict the future. However, it is not disputed that the Defendants are charged with managing relief and recovery efforts resulting from a disaster of historic proportions. Paragraph 13 of the Affidavit of Richard A. Berry attached to Defendants' Motion to Extend Stay sets forth, in good faith, that it is anticipated that MDHS employees and staff will be able to participate in this litigation after January 1, 2006.

187471.1

3.

Acknowledging that an extension of the stay is appropriate, Plaintiffs attempt to condition the stay upon continuing discovery motion practice during the term of the stay. That argument is fundamentally inconsistent. Contrary to Plaintiffs' insistence that their assertions are correct, there are legitimate discovery disputes between the parties. The Defendants have the right to participate in discovery. Defense counsel must be allowed the right to work with their clients and employees in conducting and submitting motions and argument related to discovery. The Plaintiffs want this Court to ignore the fundamental right of a client and counsel to communicate and work together in the defense of a lawsuit.

4.

The Plaintiffs are wrong in their assertion that this lawsuit "…will be tried principally as a pre-Katrina case." The law is settled that facts and evidence which occurred subsequent to the filing of a complaint is admissible at trial. *Farmer v. Brennan*, 511 U.S. 825, 846 (1994) (Court holding when plaintiff seeks an injunction for alleged violations of constitutional rights, plaintiff must present evidence that the defendants were violating his rights at the time of the complaint and would continue to do so in the future, and defendants may rely "on developments that postdate the pleadings and pretrial motions . . . to establish that the [plaintiff] is not entitled to an injunction."). The facts of this lawsuit have yet to be developed. The Plaintiffs cannot use Hurricane Katrina as an excuse to preclude the Defendants from objecting to or challenging their case record review data. The Plaintiffs case record review *may* be representative of a certain point in time. However, to take judicial notice of that assertion and deprive the Defendants of legitimate objections at trial would be improper and highly prejudicial.

187471.1

5.

It is unfortunate that Hurricane Katrina did substantial damage to the State of Mississippi. However, in the interest of public safety, the Defendants should be allowed the remainder of this calendar year to focus on recovery and relief efforts. It is fair, equitable, and necessary for the citizens of the State of Mississippi. This is, indeed, a tragic event of historical proportions.

**WHEREFORE, PREMISES CONSIDERED,** the Defendants respectfully request that the stay of this action, including all discovery, be extended through the end of this year.

**THIS**, the **21st** day of **October**, **2005**.

                                            Respectfully submitted,

                                            **HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and BILLY MANGOLD as Director of the Division of Family and Children's Services**

                                            BY: _____/s/ Dewitt L. (Rusty) Fortenberry, Jr._____

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**McGLINCHEY STAFFORD, PLLC**
Sam E. Scott (MSB #6567)
Betty A. Mallett (MSB #8867)
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Amy Kebert Elder (MSB #99149)
Gretchen L. Zmitrovich (MSB #101470)
John T. Rouse (MSB #101586)
City Centre South, Suite 1100
200 South Lamar Street (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225
Telephone: (601) 960-8400
Facsimile: (601) 352-7757

187471.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS 39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York 10016

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Tara Crean, Esq.
Erik S. Pitchal, Esq.
CHILDREN'S RIGHTS, INC.
404 Park Avenue
New York, New York 10016

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the **21st** day of **October**, **2005**.

_____/s/  Dewitt L. (Rusty) Fortenberry, Jr._____

187471.1