IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                              PLAINTIFFS

v.                                                  CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*      DEFENDANTS

**PLAINTIFFS' MOTION FOR LEAVE TO RELEASE
THE REDACTED SOCIAL WORK EXPERT REPORT OF DR. LEWIS**

Plaintiffs seek leave of the Court to publicly release the redacted report of Dr. Marva L. Lewis, their social work expert, regarding her review of Named Plaintiffs Cody B.'s, Jamison J.'s, John A.'s, and Olivia Y.'s Mississippi Department of Human Services (DHS) case records. See Dr. Marva L. Lewis, Case Reviews of Four Individual Children ("Lewis Report") (attached hereto as Ex. A, filed UNDER SEAL).  Although the information presented in the Lewis Report, as redacted, falls squarely outside the scope of this Court's August 5, 2004 Confidentiality Order protection, as provided for at paragraph 6 of the Order ("parties and their counsel may disclose any information contained in DHS records provided that such information does not contain any individually-identifying information"), Plaintiffs nevertheless seek leave of the Court prior to release in an abundance of caution.  See August 5, 2004 Confidentiality Order, at ¶ 6 (a copy of which is attached hereto as Ex. B).  Defendants oppose the request.

Plaintiffs respectfully request that the Court waive the requirement for a separate Memorandum of Law and accept the following recitation in support of this Motion pursuant to

Rule 7.2(D) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

On February 7, 2006, Plaintiffs submitted to Defendants five expert reports, including the Lewis Report. Three of the reports focusing on aggregate DHS data have already been publicly released. The Lewis Report's in depth review of four of the Named Plaintiffs' experiences in DHS custody is a vivid presentation of how foster children are harmed when DHS does not meet basic professional standards of care. It is in Plaintiffs' best interests that the public has access to this information about the functioning of a public agency whose mission is to protect plaintiff children in its custody. The need for public accountability as to how DHS provides for plaintiff foster children is especially important because legitimate confidentiality concerns make it difficult for any individual to otherwise publicly obtain or disclose relevant information about the functioning of the agency as to individual children. The Lewis Report is a significant study of great public interest, various media have made requests concerning this Named Plaintiff information, and it is in Plaintiffs' best interests to disseminate the information. As explained below, release of the Lewis Report as redacted does not disclose any protected confidential information.

The Confidentiality Order entered in this case reflects a proper balance between the presumption of open discovery set out in FED. R. CIV. P. 26(b), and the legitimate confidentiality interests that should be protected under FED. R. CIV. P. 26(c). It protects:

> [a]ny individually-identifying information in any record maintained and produced by [DHS], regarding any plaintiff child, such child's family members, foster family members, and persons included in any case files as the source of information concerning the child—including but not limited to these persons' names, addresses, telephone numbers, social security numbers, dates of birth, and other individual information likely to enable a reasonable member of the general public to ascertain their identities . . . .

August 5, 2004 Confidentiality Order, at ¶ 2.  The Order goes on to explicitly allow disclosure of "*any information contained in DHS records provided that such information does not contain any individually-identifying information as defined in paragraph 2*."  August 5, 2004 Confidentiality Order, at ¶ 6 (emphasis added).

The Lewis Report as redacted does not reveal any detailed, identifying information of the sort expressly protected (e.g. individual names, addresses, telephone numbers, social security numbers, and dates of birth).  Any information of the nature enumerated in the Order is either already entirely excluded, protected through the use of pseudonyms or initials, or has been redacted (e.g. particular dates of birth, individual's names, and the names of Counties).  Absent such information, the Lewis Report as redacted does not otherwise identify or allow personal identification of protected individuals by a reasonable member of the general public.

Moreover, there is no "good cause" to protect information from the Named Plaintiffs' DHS records from public disclosure beyond the scope of the Confidentiality Order.  See FED. R. CIV. P. 26(c) (protective orders require "good cause"); In re. Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) ("the burden is upon the movant to show the necessity of [a protective order], which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements") (internal quotation marks omitted); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.") (internal quotation marks omitted).

Because the Lewis Report as redacted does not include any identifying information of the nature protected by the Confidentiality Order in this case, plaintiffs respectfully request that the Court grant leave to release the redacted Lewis Report.

    RESPECTFULLY SUBMITTED, this the 3rd day of March, 2006.

                                      s/ Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
Tara S. Crean (MBN 44447 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South, 11th Floor
New York, NY 10016
Telephone: (212) 683-2210

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone: (601) 355-4013

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, NY 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

    Dewitt L. Fortenberry, Jr, Esq.
    John T. Rouse, Esq.
    Kenya Key Rachal, Esq.
    Ashley Tullos Young, Esq.
    Gretchen L. Zmitrovich, Esq.
    McGlinchey Stafford, PLLC

200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*

                                        s/ Melody McAnally