IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                    PLAINTIFFS

v.                                                   CIVIL ACTION NUMBER 3:04CV251

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*      DEFENDANTS

**PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE
TO PLAINTIFFS' FIRST AND FIFTH REQUESTS FOR PRODUCTION OF
DOCUMENTS AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AS TO EXPERTS**

Plaintiffs respectfully request an Order compelling Defendants to produce documents responsive to Plaintiffs' First and Fifth Requests for Production of Documents and Plaintiffs' First Request for Production of Documents as to Experts, pursuant to Federal Rules of Civil Procedure 34 and 37.  A Good Faith Certificate endorsed by counsel for the parties is attached as Exhibit 1, as required by Rule 37.1(A) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi.

Plaintiffs respectfully request that this Court waive the requirement for a separate Memorandum of Law, as required under Local Rule 7.2(D), and accept the following in support of the Motion.

**I.     BACKGROUND**

On December 17, 2004, Plaintiffs propounded their First Request for Production of Documents.  (Ex. 2).  On April 20, 2005, Plaintiffs propounded their Fifth Request for

Production of Documents. (Ex. 3). Finally, on February 28, 2006, Plaintiffs propounded their First Request for Production of Documents as to Experts. (Ex. 4).

On May 27, 2005, Plaintiffs filed a Motion to Compel the Production of Documents responsive to Plaintiffs' First Request as to responsive documents Defendants refused to produce or failed to produce without legal justification. On July 18, 2005, this Court granted Plaintiffs' Motion. (Ex. 5). Defendants, however, have since failed to produce all of the compelled documents as ordered, as well as additional responsive documents subsequently identified. Documents responsive to Plaintiffs' Fifth Request for the Production of Documents and First Request for Production of Documents as to Experts now also must be compelled, as Defendants have refused to produce them or failed to do so without legal justification.

## II.     ARGUMENT

### A.     PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

On July 18, 2005, this Court ordered the production of outstanding documents responsive to Plaintiffs' First Request for Production of Documents. (*See* Ex. 5). Despite this Order and Plaintiffs' follow up requests, however, Defendants have still failed to produce a number of documents explicitly compelled by this Court. Defendants also have yet to produce other responsive documents without legal justification. The Court should compel their immediate production.

   1. **Defendants Must Produce all Documents Compelled by this Court's July 18, 2005 Order**

   - **Responsive e-mail or digital communications**

   *"Document" as used herein is to be construed in its broadest sense, and includes any original, reproduction, or copy of any kind of a written or documented material, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings,*

4/82607.1                                   2

> *invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained, or translated if necessary, by plaintiffs through detection devices into a reasonably usable form.*

This Court's July 18, 2005 Order compelled the production of responsive e-mails and other digital communications responsive to all Requests from Plaintiffs' First Request for Production of Documents, where Defendants had offered no explanation as to their utter failure to produce a single e-mail. (Ex. 5 at 4). In response to the Order, Defendants have produced no more than a handful of e-mails or other digital files in response to the Order and have not documented any systematic, comprehensive search, as required by Rules 26(a) (1) and 34(a) of the Federal Rules of Civil Procedure, which was repeatedly requested by Plaintiffs' counsel. (Ex. 6, Letters from March 11 and April 29, 2005; Ex. 7, December 21, 2005 Letter at 1). The failure of Defendants Governor Haley Barbour and DHS Executive Director Donald Taylor to produce *any* such documents is especially notable given the scope and importance of their responsibilities.

Even responsive documents specifically identified and requested by Plaintiffs have not been produced. For example, Plaintiffs have requested reports of abuse and neglect forwarded via e-mail to DFCS by the DHS MIS Department, as testified to by Protection Unit Director Kathy Triplett at her deposition. (Ex. 8, July 7, 2005 Letter with attached Triplett Dep. Tr. excerpts at 14:24-19:4). When Ms. Triplett was unable to locate these e-mails, no further search was documented. (Ex. 9, August 23, 2005 Letter; Ex. 7 at n.1). A systemic and comprehensive search for responsive emails pursuant to Rules 26(a) (1) and 34(a) of the Federal Rules of Civil Procedure, with documentation of same to the parties and the Court, should be compelled.

- **Reports and investigations of maltreatment in care**

> *Document Request No. 35:* "*Any and all documents relating to child maltreatment reports, child abuse and neglect investigations, critical incident reports, child fatality reports or special reviews regarding the abuse or neglect of children in DHS custody or of children in homes or facilities where children in DHS custody reside, including facilities not licensed by DHS.*"

Rejecting Defendants' objection of undue burden, by Order of July 18, 2005, this Court ordered Defendants to produce identified responsive documents. (Ex. 5 at 3-4). These were produced. Defendants have subsequently produced Foster Care Program Quarterly Regional Comparison Reports that identify additional cases of reported abuse and neglect in foster care placements; however, Defendants have not produced the corresponding reports and investigations that are responsive, as requested. (Ex. 10, Letters of April 4 and 12, 2006, w/ DHS documentation of at least 21 cases of reported maltreatment in placement). These additional responsive documents should be compelled.

### 2. **Defendants Should be Compelled to Produce in Supplementation all Responsive Documents Periodically Generated.**

Pursuant to this Court's Amended Case Management Order dated December 17, 2004 (Ex. 11, at 1), Rule 26(e) of the Federal Rules of Civil Procedure, and the agreement of the parties, Defendants have been producing quarterly supplementation responsive to all document requests. The latest quarterly supplementation occurred on January 18, 2006. However, Plaintiffs noted a number of deficiencies in this production and alerted Defendants to these deficiency issues by letters dated March 28 and April 12, 2006. (Ex. 10). Earlier deficiencies also continue. The following responsive documents periodically generated have still not been produced as required and now should to be compelled.

- "**MDHS-DFCS Organizational Charts – Tally Sheet**" for FY 2005 and thereafter.

*Document Request No. 3: "All current organizational charts for DHS and DFCS in your possession, custody or control, listing job titles and names of persons who hold those titles."*

Defendants have failed to produce in supplementation these responsive periodically generated reports, even though prior versions were previously produced and Defendants' boilerplate objections of over-breadth, undue burden, and relevancy are without legal merit. Plaintiffs brought this deficiency to Defendants' attention by letters of August 17 and December 21, 2005, without any response. (Ex. 12, at 3; Ex. 7, at 3).

- **"MACWIS Technical Workplans for Changes and Enhancements" issued after January 2005.**

*Document Request No. 6: "All documents in your possession, custody or control regarding the progress in achieving full MACWIS integration into county casework such as described on page 22 of the Self-Assessment."*

Defendants have failed to produce in supplementation these responsive reports periodically generated, even though prior versions were previously produced and Defendants' boilerplate objections of over-breadth, undue burden, and relevancy are without legal merit. Plaintiffs brought this deficiency to Defendants' attention by letters of August 17 and December 21, 2005, without any response. (Ex. 12, at 3; Ex. 7, at 3).

- **"Listing of Children with Eligibility CWS – Summary" MACWIS report for February 2005 and thereafter;**
- **"Listing of Children with Eligibility CWS – Detail" MACWIS report for February 2005 and thereafter;**
- **"Listing of Children with Eligibility Status – Detail" for February 2005 and thereafter;**
- **"Listing of Children with Eligibility IV-E – Detail" for November 2004 and thereafter;**
- **"Child Investigation Timeliness Reports – Statewide Summaries" for November 2004 and thereafter, and for July 2004 (missing from prior production);**
- **"Investigations with Narrative Errors – Detail" for January 2005 and thereafter; and**
- **"Number of Children Entering State Custody and their Permanency Plan" MACWIS report, for January 2005 and thereafter.**

> *Document Request No. 7:  "All regular or ad hoc management reports in your possession, custody or control, generated by MACWIS , including but not limited to:*
> *a. Aggregate reports detailing regional and state data totals, such as discussed on page 21 of the Self-Assessment.*
> *b. Reports provided to the Quality Improvement Unit, the Foster Care Review Staff and Regional Directors.*
> *c. Monthly and quarterly reports generated for purposes of corrective action and system evaluation, including but not limited to reports concerning monthly contacts by caseworkers with foster children and the provision of medical care to foster children, such as described on page 49 of the Self-Assessment.*
> *d. Reports that identify children who have been in the custody of DHS 15 out of the last 22 months.*
> *e. Reports reflecting the number of abuse and neglect investigations that have been undertaken, including any reports that identify the number of investigations on child victims while in DHS custody.*
> *f. Custody Contact, Open Investigation and Permanency Reports.*

Without stating any objection beyond their boilerplate and legally meritless assertions of over-breadth, undue burden, and relevancy, Defendants have failed to produce in supplementation these responsive reports periodically generated, even though prior versions were previously produced. Plaintiffs brought these deficiencies to Defendants' attention by letters of August 17 and December 21, 2005 (Ex. 12, at 3; Ex. 7, at 3), without any response, and again by letters of March 28 and April 12, 2006 (Ex. 10).

- **Complete "Periodic Administrative Determinations on Children in State Custody" for January 2005 and thereafter.**

> *Document Request No. 8:  "All internal and external assessments, audits, evaluations or reviews of DFCS operations and practice in your possession, custody or control, including but not limited to documents generated by the Quality Improvement Unit, 6-month reviews, Peer Reviews, Program Integrity Unit reviews, and all documents regarding any response, corrective action or 'action plan' requested or undertaken in relation to those assessments audits, evaluations, and reviews."*

Defendants have failed to produce in supplementation these responsive reports periodically generated, even though prior versions were previously produced and Defendants' boilerplate objections of over-breadth, undue burden, and relevancy are without legal merit.

Plaintiffs brought these deficiencies to Defendants' attention by letters of August 17 and December 21, 2005 (Ex. 12, at 3; Ex. 7, at 3), without any response, and again by letters of March 28 and April 12, 2006 (Ex. 10).

- **Missing "Itemized Issues Observed" reports for 2003-2005 and thereafter; and**
- **Missing "Foster Care Review Program – Quarterly Regional Comparison Reports " for the 1st and 4th quarters of FY 2004, and thereafter.**

*Document Request No. 9:  "All reports in your possession, custody or control, of case planning non-compliance issues generated by the Foster Care Review Program Administrator such as discussed on page 27 of the Self-Assessment, and all responses to those reports, including but not limited to all responses from Regional Directors."*

Defendants have failed to complete their production of these responsive reports periodically generated, even though prior versions were previously produced and Defendants' boilerplate objections of over-breadth, undue burden, and relevancy are without legal merit. Plaintiffs brought these deficiencies to Defendants' attention by letter of December 21, 2005, attaching a list of the specific reports missing (Ex. 7, at 3), and again by letters of March 28 and April 12, 2006 (Ex. 10).

- **"Community based Family Resource and Support Annual Performance Report" for FY 2006 and thereafter.**

*Document Request No. 17:  "Any Annual Assessments conducted by the Homestead Peer Committee."*

Defendants have failed to produce in supplementation these responsive reports periodically generated, even though prior versions were previously produced and Defendants' boilerplate objections of over-breadth, undue burden, and relevancy are without legal merit. Plaintiffs brought these deficiencies to Defendants' attention by letters of August 17 and December 21, 2005, without any response.  (Ex. 12, at 3; Ex. 7, at 3-4).

- **"Social Services Employee Report" for FY 2005 and thereafter;**

- **Charts reflecting Filled and Vacant Positions for January, 2005 and thereafter;**
- **Charts showing all positions, by county for FY 2005 and thereafter;**
- **"MDHS-DFCS Tally of All Positions," for 2005 and thereafter;**
- **"MS Population by County (Divided by Filled Direct Service S.W.'s for Average per S.W.)," for June 2004 and thereafter;**
- **"Workload Status of Workers by Unit Assignment, Filled/Vacant/FMLA" for April 2004 and thereafter;**
- **Charts of filled/vacant DFCS positions for direct services workers, for 2005 and thereafter;**
- **"217 Termination/Resignation Recap" documents for November 2004 and thereafter;**
- **"DFCS Personnel Actions Log" documents for November 2004 and thereafter;**
- **"6 Month Workload Average" documents (charts) for November 2004 and thereafter;**
- **"MS Workload Management System County Social Workload Summary History and 6-Month Averages" for November 2004 and thereafter; and**
- **"Direct Services Cases by Region" for June 2005 and thereafter.**

*Document Request No. 21: "All documents in your possession, custody or control, reflecting the turnover and vacancy rates for DFCS caseworkers, managers, and supervisors";*

*Document Request No. 22: "All documents in your possession, custody or control concerning DFCS caseworker caseloads, staffing to census ratios, and adequate staffing estimates, such as discussed on pages 12-15 of the Self Assessment"; and*

*Document Request No. 23: "All documents in your possession, custody or control regarding staffing cutbacks, hiring freezes or temporary assignments at DFCS."*

Defendants have failed to produce reports in supplementation these responsive documents periodically generated, even though prior versions were previously produced and Defendants' boilerplate objections of over-breadth, undue burden, and relevancy are without legal merit.  Plaintiffs brought these deficiencies to Defendants' attention by letters of August 17 and December 21, 2005 (Ex. 12, at 4; Ex. 7, at 4), without any response, and again by letters of March 28 and April 12, 2006 (Ex. 10).

- **"MDHS Child and Family Service Plan Annual Progress and Services Report" for 2004 and thereafter; and**
- **June 30, 2005 "Child and Family Services Plan."**

> *Document Request No. 30: "The current State Plan submitted pursuant to Title IV-B and Title IV-E of the federal Social Security Act, including but not limited to documents required by 42 U.S.C. §§ 622 (b); 629b, 671, 5106a(d), and 5106c."*

Defendants have failed to produce reports in supplementation these responsive documents periodically generated, even though prior versions were previously produced and Defendants' boilerplate objections of over-breadth, undue burden, and relevancy are without legal merit. Plaintiffs brought these deficiencies to Defendants' attention by letters of August 17 and December 21, 2005, without any response. (Ex. 12, at 4; Ex. 7, at 4).

### B. PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

**1. Defendants Should be Compelled to Produce Responsive Documents They Have Failed to Produce.**

- **DFCS provider and licensing file, including any MACWIS provider file, for the New Hope Group Home in Holly Springs, MS.**

> *Document Request No. 9: "The provider and licensing files for all foster homes, therapeutic foster homes, group homes, shelters, treatment centers and any other home, institution or agency caring for foster children."*

To accommodate Defendants' objection on grounds of undue burden and over-breadth, Plaintiffs offered to narrow their request to the files of providers for which they have indications of maltreatment, including the "provider and licensing files maintained by Defendants for the homes and facilities listed in the logs of maltreatment in care investigations" and those identified in Defendants' Interrogatory Answers. (Ex. 13, August 25, 2005 Letter at 1; Ex. 7, December 21, 2005 Letter). After these files were produced, Plaintiffs requested an additional responsive provider and licensing file for the New Hope Group Home in Holly Springs, MS, by letters of April 4 and 12, 2006, but it has not been produced. (Ex. 10). This provider and licensing file should now be compelled, including any related MACWIS provider file.

2. **Defendants Should be Compelled to Produce Responsive Documents They Refuse to Produce Without a Court Order.**

- **DFCS personnel file documents concerning disciplinary actions; and**
- **Personnel files of DFCS staff involved in the Named Plaintiffs' cases.**

*Document Request No. 12: "All personnel file documents that reflect DFCS staff failures to abide by agency requirements including, but not limited to, reprimands, suspensions, demotions and terminations"; and*

*Document Request No. 13: "The personnel files of all DFCS staff who have been involved in the cases of Named Plaintiffs Olivia Y., Jamison J., John A.., Cody B. and Mary, Tom, Matthew and Dana W., including but not limited to the following DFCS staff:*
  *a. <u>Olivia Y</u>: Wanda Gillom, Deputy Director; Mickel Hodges, Division of Program Integrity; Mechille Henry, Acting Regional Director; Eva Beck, Licensure Specialist; Susanne Brown, Social Worker; Rosie Cox, homemaker; Jean Fertitta, Area Wide Social Work Supervisor; Nicole Holloman, volunteer; Ramona Lockett, Area Wide Foster Care Supervisor; Jennifer McLaurin, Social Worker; Joy Moran, case worker; Jessie Richardson, Homemaker; Berdia Smith, Social Worker; Debra Stewart, Area Wide Social Work Supervisor; Marie Turnage, Social Worker.*
  *b. <u>Jamison J</u>: Queen Coleman, Social Worker Supervisor; Tracey Mohdzain, Caseworker; Martha McDaniel, Regional Director.*
  *c. <u>John A</u>: Mechille Henry, Acting Regional Director; Sherita Bovastro; Josie Brown, Social Worker; Rosie Cox, Social Worker Aide; Deanne Cunningham, Social Worker; Beejee Dickson, Area Wide Social Work Supervisor; Jean Fretitta, Area Wide Social Work Supervisor; Cindy Haslauer, Social Worker; Pamela Knight, Area Wide Social Work Supervisor; Ramona Lockett, Area Wide Social Work Supervisor; Terra McCarthy, Social Worker; Betty Rayner, Social Worker; Jessie Richardson, Homemaker; Barry Robertson, Social Worker; Sharron Robinson, Social Worker; Berdia Smith, Social Worker; Vicki Stephenson, Social Worker; Deborah Stewart, Social Worker; Tabathas Cox, Social Worker; Carrie Monsow, Social Worker.*
  *d. <u>Cody B</u>: Zadie Rogers, Regional Director; Gwen Beks, Social Worker; Sharon Carter, Homemaker; Mathew Lewis, Area Wide Social Work Supervisor; Yutaska Simpson, Social Worker; Gloria Richardson, Social Worker.*
  *e. <u>Mary, Tom, Matthew and Dana W</u>: Sue Perry, Director; Wanda Gillom, Deputy Director; Terry Varnardo, Foster Home Licensure Unit; Ronda Aldridge, Social Worker; Lynette Fleming, Social Worker; Jeanie Hall, Social Worker; Maggie Mixon, Social Worker; Caroline Roberson, Area Social Work Supervisor; Patricia Seals, Social Worker; Lacey O'Quinn, Social Worker; Rhonda Polk, Foster Care Licensure Specialist; Vanie White-Sturgis, Adoption Unit Resource Exchange Coordinator.*

Defendants have refused to produce the personnel files of DFCS staff directly involved in the Named Plaintiffs' cases and the personnel file documents of any DFCS staff member who has been subject to disciplinary actions. Defendants assert that the documents are confidential and that state law (Miss. Code Ann. § 25-1-100) exempts from disclosure personnel records in the possession of a public body absent a court order, unless the affected employee provides prior written consent. (Ex. 14, August 23, 2005 Letter).

Defendants' reliance on state law as justification for withholding these documents is misplaced. It is well established that federal law trumps state confidentiality laws. *See, e.g., Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (applying federal common law rather than state law to determine existence and scope of government-asserted personnel file privilege) (citing FED. R. EVID. 501); *Kerr v. United States Dist. Ct. for Northern Dist. of Cal.,* 511 F.2d 192, 197 (9th Cir. 1975) (denying mandamus petition and ordering production of relevant personnel files), *aff'd* 426 U.S. 394, 96 (1976); *Garner v. Wolfinbarger*, 430 F.2d 1093, 1098-1100 (5th Cir. 1970) (balancing state interest against governing federal law with regard to privilege). The requested documents, which should document known DFCS staff failures and related disciplinary actions, are highly relevant and are reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Defendants' legitimate confidentiality interests have already been adequately addressed by this Court's Amended Case Management Order dated December 17, 2004 (Ex. 11), and the Confidentiality Order referenced therein, which protects individually identifying information from public release. (Ex. 15).

    3.    **The Defendant Governor Should Be Compelled to Produce Responsive Documents.**

- **Responsive documents from Governor's Office**

> *Document Request No. 1:* "*All documents in the possession of the Governor's Office Concerning DHS's and DFCS's ability to protect children and meet its mandated functions, including but not limited to briefs, meeting minutes, memos, complaints, letters, e-mail and other communications.*"

Defendant Governor Haley Barbour has produced no more than a handful of documents. Defendants' May 31, 2005 Response to Request No. 1 states that "Governor Haley Barbour…does not have possession of the documents requested." (Ex. 16, at 2). That the Governor's Office has no responsive documents is incredible given the scope and importance of the Governor's ultimate responsibilities for the functioning of DHS and DFCS. The Defendant Governor should now be compelled to produce all responsive documents.

### C. PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AS TO EXPERTS

Defendants' responses to Plaintiffs' First Request for Production of Documents as to Experts, served on February 28, 2006, were due March 30, 2006. On March 31, 2006, Defendants designated their experts and served on Plaintiffs an expert report submitted by the Child Welfare League of America ("CWLA") and Dr. Sue Steib, and *some* responsive documents.

> **1. Defendants Should be Compelled to Produce All Responsive Documents That They Have Failed to Produce.**
>
> - **Drafts of Defendants' expert report by Dr. Sue Steib.**

> *Document Request No. 2:* "*Any and all drafts or parts of drafts of each and every of Defendants' expert reports, whether the drafts are in handwritten, electronic, computer-processed, or typed format, regardless of whose possession the drafts are in, and regardless of whether the drafts have handwritten notations on them, and any and all notes made concerning any and all drafts or parts of drafts, regardless of who made the notes and whether the notes are separately maintained.*"

No drafts of Dr. Steib's expert report were produced even though she testified at her deposition on April 13, 2006 that she did have parts of drafts. (Ex. 17, Steib Dep. Tr. at 53:15-

54:15). These responsive documents should be compelled, as Defendants have stated no objection.

- **Documents provided by Defendants to Defendants' expert, Dr. Sue Steib, for her review.**

*Document Request No. 3: "Any and all documents, notes, and electronic transmissions that reflect any communications between and among Defendants' experts, their staff or agents, and Defendants, and/or Defendants' attorneys, regarding Defendants' expert reports and the opinions expressed by the experts, including, but not limited to, the retention of the experts, the scope and cost of the experts' reviews and reports, billing records, the subject areas and content of the reports, and revisions or suggested revisions to the reports."*

*Document Request No. 5: "Any and all other documents that concern, reflect, pertain to, or otherwise relate to any of Defendants' expert reports."*

Defendants' expert, Dr. Sue Steib, testified at her deposition that in responding to Plaintiffs' First Request for Production of Documents as to Experts, she did not produce any of the documents she received from Defendants for her review. (Ex. 18, Steib Dep. Tr. at 46:2-47:7). These responsive documents should be compelled, as Defendants have interposed no objection.

- **Documents from Defendants and the Attorney General's Office relating to the retention of Defendants' expert, Dr. Sue Steib.**

*Document Request No. 3: "Any and all documents, notes, and electronic transmissions that reflect any communications between and among Defendants' experts, their staff or agents, and Defendants, and/or Defendants' attorneys, regarding Defendants' expert reports and the opinions expressed by the experts, including, but not limited to, the retention of the experts, the scope and cost of the experts' reviews and reports, billing records, the subject areas and content of the reports, and revisions or suggested revisions to the reports."*

*Document Request No. 5: "Any and all other documents that concern, reflect, pertain to, or otherwise relate to any of Defendants' expert reports."*

Defendants only produced documents compiled by Defendants' expert, Dr. Sue Steib, concerning her retention by Defendants and the Attorney General's Office. (Ex. 19, Steib Dep.

Tr. at 24:17-26:3). Complete production of additional responsive documents from Defendants and from the Attorney General's Office should be compelled, as Defendants have interposed no objection.

- **Documents from Defendants and the Attorney General's Office relating to Dr. Sue Steib's report and other communications with Defendants' expert, Dr. Sue Steib.**

*Document Request No. 3: "Any and all documents, notes, and electronic transmissions that reflect any communications between and among Defendants' experts, their staff or agents, and Defendants, and/or Defendants' attorneys, regarding Defendants' expert reports and the opinions expressed by the experts, including, but not limited to, the retention of the experts, the scope and cost of the experts' reviews and reports, billing records, the subject areas and content of the reports, and revisions or suggested revisions to the reports."*

*Document Request No. 5: "Any and all other documents that concern, reflect, pertain to, or otherwise relate to any of Defendants' expert reports."*

Defendants only produced documents compiled by Defendants' expert, Dr. Sue Steib, concerning her report and other communications between herself and Defendants in her possession. (Ex. 17). Complete production of additional responsive documents from Defendants and from the Attorney General's Office that relate to Dr. Steib's report and other communications with Dr. Steib should be compelled, as Defendants have stated no objection.

- **Documents related to the expert review of the Named Plaintiffs' files.**

*Document Request No. 4: "Any and all documents concerning any analyses by Defendants' experts related to their expert review not included in the experts' final reports."*

Dr. Steib testified that CWLA initiated a review of the Named Plaintiffs' files, but no related communications, notes or drafts have been produced. (Ex. 20, Steib Dep. Tr. at 81:25-83:17). Production of responsive documents should be compelled, as Defendants have stated no objection.

**D.     DEFENDANTS' PRIVILEGE LOG**

Defendants' Privilege Log, served on January 18, 2006 (Ex. 21), includes several documents that were redacted of personal information even though this Court's Orders already protect such information, and documents that were withheld without providing sufficient information to allow either Plaintiffs or the Court to determine whether a privilege applies. Plaintiffs brought these deficiencies to Defendants' attention by letter of March 28 and April 12, 2006 (Ex. 10), without a response.

- **Redacted documents.**

In light of this Court's August 4, 2004 Confidentiality Order (Ex. 15) and December 17, 2004 Case Management Order (Ex. 11), which require production of responsive documents subject to the Court's Confidentiality Order to the extent they include personal information, the following documents should be compelled without redaction:  DHS 062913-27; DHS 063034; DHS 063042; and DHS 089318.

- **Inadequate Privilege Log entries.**

Defendants' Privilege Log does not provide required information sufficient to evaluate the validity of Defendants' assertion of privilege as to the following entries:  DHS 061877; DHS 061886; DHS 061895-901; DHS 070930; DHS Jamison J. 001155; and DHS John A. 000849-50.  These documents should be compelled.

### III.    CONCLUSION

Defendants have an obligation under the Federal Rules of Civil Procedure, this Court's Case Management Order, the Confidentiality Order, and the July 18, 2005 Order, to produce properly requested responsive documents.  For all of the reasons stated above, Plaintiffs

respectfully request that this Court compel the Defendants to immediately produce all responsive documents enumerated herein.

Respectfully submitted, this the 17th day of April 2006.

/s Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara Crean (MBN 44447 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Ave, 4th Floor
New York, NY 10001
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone:  (212) 407-4000

*PLAINTIFFS' COUNSEL*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Dewitt L. Fortenberry, Jr., Esq.
John T. Rouse, Esq.
Kenya Key Rachal, Esq.
Ashley Tullos Young, Esq.
Gretchen L. Zmitrovich, Esq.
McGlinchey Stafford, PLLC
200 South Lamar Street, Suite 1100
Jackson, MS 39201

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

Attorneys for Defendants

/s Melody McAnally