IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, et al.                                          DEFENDANTS

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AS TO EXPERTS**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs request that Defendants produce the requested documents at the offices of Plaintiffs' counsel, Bradley Arant Rose & White, LLP, 188 East Capital Street, Suite 450, Jackson, MS 39201, within 30 days as provided for by the Rules.

**DEFINITIONS**

1. Mississippi Department of Human Services ("DHS") means all Divisions of the Department of Human Services, including all regional and county offices of the Division of Family and Children's Services ("DFCS"), as well as all present and former agents, staff, employees, attorneys, accountants, contractors, consultants, and representatives of any kind.

2. The "Governor's Office" means both current and past Governors and staff, as well as all present and former agents, staff, employees, attorneys, accountants, contractors, consultants, and representatives of any kind.

3. The term "document" is to be construed in its broadest sense and shall include, in addition to the meanings set forth in Rule 34(a) of the Federal Rules of Civil Procedure,


EXHIBIT 4

all memoranda, records, materials, and information (including without limitation pencil jottings, diary entries, desk calendar entries, reported recollections and any other form of notation of events or intentions) concerning oral communications or meetings, and all materials and information in electronic form (including electronic mail (e-mail)). A draft or non-identical copy is a separate document within the meaning of this term and must be produced.

4. The term "concerning" means related to, referring to, discussing, summarizing, reflecting, showing, alluding to, regarding, in respect of, commenting on, mentioning, containing, recording, comprising, describing, evidencing, constituting, or in any other way material or relevant.

5. The term "foster children" means all children who are alleged or adjudicated abandoned, abused or neglected who are in the legal and/or physical custody of DHS.

6. "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed outside the scope.

## INSTRUCTIONS

1. Each Defendant shall separately produce responsive documents in their possession, custody, or control.

2. Each document requested is to be produced in its original file folder, file jacket, or cover (or Defendants may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each such document) and the agency, department, government unit, and individual from whose files the document is being produced are to be indicated. If there are no documents responsive to any particular request, Defendants

shall so state in writing.

3. If Defendants refuse to produce any requested document, or part of any requested document, under a claim of attorney-client privilege, work product, or any other privilege, Defendants shall submit, for each document, or part of a document, withheld, a written statement justifying the claim of privilege.

4. If Defendants redact part of any requested document under a claim of attorney-client privilege, work product, or any other privilege, Defendants shall clearly indicate each redaction and submit, for each redaction, a written statement justifying the claim of privilege.

5. This is a continuing request. Any document obtained, identified, or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately, including updates to the records described in this document request.

6. Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

7. If any document which Defendants would have produced in response to any request was but is no longer in Defendants' present possession or subject to their control, or is no longer in existence, please state whether any such document is: (1) missing or lost; (2) destroyed; (3) transferred to others; or (4) otherwise disposed of. In any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, state the present location and custodian of such document.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Document Request No.1</u>:  Any and all documents created by Defendants' designated experts, and/or the experts' staff or agents, that relate to their expert reports, including communications among and between Defendants' experts, and their staff or agents.

<u>Document Request No. 2</u>:  Any and all drafts or parts of drafts of each and every of Defendants' expert reports, whether the drafts are in handwritten, electronic, computer-processed, or typed format, regardless of whose possession the drafts are in, and regardless of whether the drafts have handwritten notations on them, and any and all notes made concerning any and all drafts or parts of drafts, regardless of who made the notes and whether the notes are separately maintained.

<u>Document Request No. 3</u>:  Any and all documents, notes, and electronic transmissions that reflect any communications between and among Defendants' experts, their staff or agents, and Defendants, and/or Defendants' attorneys, regarding Defendants' expert reports and the opinions expressed by the experts, including, but not limited to, the retention of the experts, the scope and cost of the experts' reviews and reports, billing records, the subject areas and content of the reports, and revisions or suggested revisions to the reports.

<u>Document Request No. 4</u>:  Any and all documents concerning any analyses by Defendants' experts related to their expert review not included in the experts' final reports.

<u>Document Request No. 5</u>:  Any and all other documents that concern, reflect, pertain to, or otherwise relate to any of Defendants' expert reports.

<u>Document Request No. 6</u>: The curriculum vitae of any person designated by Defendants as a testifying expert.

4

Document Request No. 7: Any and all other information required pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and Mississippi Local Rules 5.3(A) and 26.1(A)(2) concerning Defendants' designated experts.

Document Request No. 8: Any and all expert reports, deposition transcripts, and trial transcripts of any person identified in Defendants' expert designation, related to that person's testimony as an expert or fact witness in any other child welfare lawsuit.

Document Request No. 9: Any and all documents prepared by any person designated by Defendants as a testifying expert relating to any other study or review performed for Defendants by that person.

Document Request No. 10: All publications, reports, articles, studies, or other literature authored or prepared by Defendants' designated experts since March 2002, concerning foster care or child welfare.

Document Request No. 11: All publications and papers authored by Defendants' designated experts since March 2002.

Document Request No. 12: All professional standards, treatises, periodicals, or other published reference materials that were reviewed, considered, or cited in the reports prepared by Defendants' designated experts.

Dated: February 28, 2006

Respectfully Submitted,

By: _____

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)

5

Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
Tara S. Crean (MBN 44447 *pro hac vice*)
CHILDREN'S RIGHTS
404 Park Avenue South, 11th Floor
New York, NY 10016
(212) 683-2210

W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, MS 39201
(601) 948-8000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
(601) 355-4013

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, NY 10154
(212) 407-4000

PLAINTIFFS' COUNSEL