

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

December 21, 2005

**VIA FAX – (601) 352-7757**
**and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

    Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

    I write in anticipation of the expiration of the current stay of litigation at the end of the month. As you were repeatedly notified in the months prior to Hurricane Katrina, Defendants have failed to produce numerous responsive documents and required information. Unless Defendants can promptly produce the requested documents and information next month, Plaintiffs will have to bring these deficiencies to the Court's attention without further delay.

First Request For Production of Documents

    Defendants have yet to produce all documents compelled by this Court's July 18, 2005 Order.

    First, Defendants were specifically ordered to produce responsive documents maintained in Kathy Triplett's state office responsive to Request No. 35, including her office's manual log of reports of abuse and neglect in care and related MACWIS reports. The manual logs that were produced document well over 100 corresponding maltreatment investigation reports received by the State Office, including many identified as "Printed from MACWIS," and yet not a single investigation report was produced. Defendants never responded to my letter of July 25, 2005, further requesting these responsive and previously compelled documents.

    Moreover, after this Court's Order, Martha McDaniel testified in her July 20, 2005 deposition as to the existence of similar maltreatment-in-care investigation reports filed in her office. After Plaintiffs requested these similarly responsive documents by letter of July 27, 2005, Defendants responded that they would produce them by August 8, 2005. The documents have yet to be produced as promised, despite Plaintiffs' renewed request by letter of August 17, 2005.

    Second, Defendants were ordered to produce responsive e-mail and other digital communications. Defendants, however, have yet to produce additional e-mail or other digital communications, or to document any systemic, comprehensive search as required by Rules 26(a)(1) and 34(a). Defendants Governor Haley Barbour and DHS Executive Director Donald Taylor in particular have never produced *any* e-mail. Defendants have also failed to produce the



EXHIBIT 7

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

e-mails sent by the DHS MIS Department to Ms. Triplett that she testified to in her June 14, 2005 deposition.[1]

Third, Defendants' application for review of the July 18, 2005 Order was denied by the Court by Order of November 9, 2005. Defendants, therefore, must produce the compelled documents for which they erroneously asserted the attorney-client privilege (i.e., DHS Jamison 00142-143, 00205-206, 00207-209). Additional withheld or redacted documents for which the same erroneous claim of attorney-client privilege was asserted should also be produced in un-redacted form (e.g., DHS Jamison 000586-587, 739-741).

Fourth, in what was apparently an oversight, the Court's July 18, 2005 Order did not rule on the Defendant Governor's failure to produce *any* responsive documents. Pending a request for further Court ruling on that previously briefed issue, please advise if the Defendant Governor has identified any responsive documents that will be produced.

Defendants had also pledged by letter of August 1, 2005, to produce the following additional responsive documents by August 8, 2005, but have yet to do so:

Request No. 2:
- Regional Practice Guides;
- Printouts of MACWIS screens, including drafts and final versions, containing written procedures or policy guidelines concerning the placement of foster children in emergency shelters;
- Drafts of criteria and final criteria for placing children 50 or more miles from their home bases; and
- Drafts of criteria and final criteria for separating siblings.

Requests Nos. 21-23:
- Martha McDaniel's written request for authorization to fill vacancy in ASWS positions, dated in or about April 2005;
- Martha McDaniel's notes and other writings from August 2004-April 2005 concerning conversations with Billy Mangold related to attempts to fill ASWS vacancy; and
- Martha McDaniel's written request to Ricky Felder regarding vacancy for a Social Worker position in Grenada County, dated June or early July 2005.

Request No. 29:
- Written Requests and Approvals of Overstays in Emergency Placements Maintained by Ms. Weatherall.

Request No. 35:

---

[1] Simply stating that Ms. Triplett cannot locate these e-mails, as you do in your letter of August 23, 2005, is inadequate. An electronic search should be made and documented both at the point of receipt as well as from the sender, the DHS MIS Department.

- Letter from Martha McDaniel to DFCS Director Ricky Felder and Kathy Triplett, dated in or about July 2005, concerning untimely transmission of abuse and neglect reports from hotline to county workers.

Defendants also failed to produce a number of periodically generated documents in their required quarterly supplementation on July 14, 2005, as previously brought to your attention by letter of August 17, 2005. Please confirm that Defendants' next quarterly supplementation on January 16, 2006, will include both the missing and current versions of these documents:

Request No. 3:
- "MDHS-DFCS Organizational Charts – Tally Sheet" for FY 2005 and thereafter.

Request No. 6:
- "MACWIS Technical Workplans for Changes and Enhancements" for 2005.

Request No. 7:
- Monthly "Listing of Children with Eligibility CWS – Summary" MACWIS report for February 2005 and thereafter;
- Monthly "Listing of Children with Eligibility CWS – Detail" MACWIS report for February 2005 and thereafter;
- Monthly "Listing of Children with Eligibility Status – Summary" MACWIS report for February 2005 and thereafter;
- Monthly "Listing of Children with Eligibility Status – Detail" MACWIS report for February 2005 and thereafter;
- Monthly "Listing of Children with Eligibility IV-E – Detail" MACWIS report for November 2004, December 2004, February 2005, and thereafter;
- Monthly "Child Investigation Timeliness Reports – Statewide Summaries" MACWIS report for January 2005 and thereafter, and for July 2004 (missing from prior production);
- Monthly "Investigation with Narrative Errors – Detail" MACWIS report for January 2005 and thereafter; and
- Monthly "Number of Children Entering State Custody and their Permanency Plan" MACWIS report for January 2005 and thereafter.

Request No. 8:
- Monthly "Periodic Administrative Determinations on Children in State Custody," for January 2005 and thereafter.

Request No. 9:
- Complete Monthly "Itemized Issues Observed" reports for 2003-2005;[2] and
- "Foster Care Review Program – Quarterly Regional Comparison Reports" for the 1st and 4th Quarter FY2005 and thereafter.

Request No. 17:

---
[2] I enclose a detailed inventory of the missing reports at Attachment A.

- "Community Based Family Resource and Support Annual Performance Report" for FY 2006 and thereafter.

Request Nos. 21-23:
- Quarterly "Social Services Employee Report," for January 2005 and thereafter;
- Quarterly charts reflecting filled and vacant positions by county, for January 2005 and thereafter;
- Quarterly charts of filled/vacant DFCS positions for direct services workers, for January 2005 and thereafter;
- "MDHS-DFCS Tally of All Positions," for January 2005 and thereafter;
- "MS Population by County (Divided by Filled Direct Service S.W.'s for Average per S.W.)," and "Workload Status of Workers by Unit Assignment, Filled/Vacant/FMLA," for June 2004 and thereafter;
- "217 termination/Resignation Recap" documents for after October 2004;
- "DFCS Personnel Actions Log" documents for after October 2004;
- "6 month Workload Average" documents (charts) for November 2004 and thereafter;
- Monthly "MS Workload Management System County Social Workload Summary History and 6-Month Averages," for January and June 2005 and thereafter; and
- Monthly "Direct Services Cases by Region," for June 2005 and thereafter.

Request No. 30:
- "MDHS Child and Family Service Plan Annual Progress and Services Report," for 2004; and
- June 30, 2005 "Child and Family Services Plan."

Third Request For Production of Documents

Defendants pledged by letter dated August 23, 2005, to produce specific documents responsive to Plaintiffs' Third Request (seeking budgetary, funding and fiscal policy documents), but have yet to do so:

Requests Nos. 1-3, 6:
- DFCS budget requests to DHS for FY2000-2004;
- DHS FY2007 budget request submission to the Joint Legislative Budget Committee;
- Documents concerning Mississippi's Title IV-E Waiver Project, including but not limited to the State's application for waiver (the Advanced Planning Document or "APD") as well as required reports, communications with the federal government, cost neutrality calculations, and the evaluation/report prepared by the Institute of Applied Research; and
- DHS Annual Reports for FY1999 to the present.

Request No. 9:
- Sue Perry's eligibility-rate memorandum dated March 1, 2002.

To date, Defendants have also failed to produce numerous categories of documents and/or have failed to supplement their production as to monthly/quarterly recurring materials as follows:

Requests Nos. 1-3, 6, 18-19, 24-25:
- Budget and funding related materials, including:
  (a) Documents maintained by the Governor's Office concerning foster care budgets and/or funding, such as documents articulating budget guidance, review, evaluation, revision, and/or funding sufficiency, as well as correspondence with DHS, DFCS, and/or the Joint Legislative Budget Committee concerning same. Other than the materials identified in your August 23, 2005 letter limited to budget submissions to the Joint Legislative Budget Committee, corresponding Legislative Budget Reports and the final Department of Finance and Administration allocations to DHS (DHS 47762-50415; DHS 51769-53288; DHS 54101-58578), no additional documents concerning foster care funding or budgetary issues have been produced from the Governor's Office;
  (b) Documents, including communications and/or submissions to the federal government, concerning Mississippi's Title IV-B allocation, grant, and/or reimbursement, and/or concerning Title XIX Medicaid allocation, grant, and/or reimbursement;
  (c) DHS presentation materials to the Joint Legislative Budget Committee concerning its FY2007 budget request; and
  (d) DHS correspondence/allocation memoranda to DFCS concerning DFCS budget requests (*i.e.* the Budget Request Package) for FY2000-2004.

Request No. 7:
- Title IV-E Quarterly Reports for Expenditures submitted to the federal government for June 2005 and thereafter.

Requests 18-19:
- Updated DHS Cost Allocation Plans. The most recent Plan produced by Defendants was effective July 1, 1994.

Request No. 21:
- DFCS Weekly Significant Activities Reports after June 15, 2005.

Request No. 22:
- DFCS Monthly Budget Status Reports for May 2005 and thereafter.

Fourth Request For Production of Documents

Defendants had also pledged by letter of August 1, 2005, to produce the following additional responsive documents by August 8, 2005, but have yet to do so:

Requests Nos. 1 & 2:

- Drafts of curricula and training guides concerning family-centered practice, family team meetings, and county conferences.

Fifth Request For Production of Documents

Defendants also pledged by letter of August 1, 2005, to produce the following additional responsive documents by August 8, 2005, but have yet to do so:

Request No. 5:
- Plans for recruiting foster-adoptive parents, individualized for each region.

Defendants have also failed to provide the following responsive documents despite repeated requests:

Request No. 9:
- DFCS Provider and Licensing files, including MACWIS Provider files.

As detailed in Plaintiffs' letters of June 30, August 17, and August 25, 2005, requesting these files, they contain critical documents regarding maltreatment in care. Plaintiffs need immediate access to the provider and licensing files for those homes and facilities identified in our letter of August 25, 2005, as well as additional ones listed at Attachment B, which include ones identified in Defendants' Answers to Plaintiffs' Second Set of Interrogatories. If Defendants will not promptly produce at least these specifically identified files, Plaintiffs will be seeking to compel access to all provider and licensing files per our formal request.

Finally, Defendants have previously refused to produce the following additional responsive documents:

Request Nos. 12-13:
- DFCS Personnel File Documents Concerning Disciplinary Actions; and
- Personnel Files of DFCS Staff Involved in the Named Plaintiffs' Cases.

If Defendants have reconsidered their position as to any of these documents, please advise us immediately as we will be seeking the assistance of the Court to obtain them.

Named Plaintiff Supplementation

Quarterly Named Plaintiff case record supplementation, including MACWIS documentation, has not been made since July 14, 2005. Please confirm that complete supplementation through December 2005 will be made by January 16, 2005 (the 14th falling on a Saturday), as required by the CMO.

First Set of Interrogatories

Defendants have yet to provide the information from the Mississippi Department of Health requested at Interrogatory No. 7(d) regarding unlicensed placements for children in DHS custody, as last requested by letter of August 3, 2005. Also, as requested by letters of August 3

and 4, 2005, Defendants have yet to identify pursuant to Interrogatory No. 21 how many positions in the Attorney General's Office are responsible for initiating termination of parental rights petitions on behalf of children in DHS custody.

Rule 26(a)(1) Mandatory Disclosures

The Court having certified the Plaintiff Class on March 11, 2005, Defendants have yet to supplement their Initial Disclosures submitted as to the Named Plaintiffs on December 28, 2004, despite repeated requests to do so.

I look forward to your prompt response to these pending deficiencies. Should Defendants be unable to produce any of these delinquent documents or required information by January 16, 2005, or be unwilling to enter into an agreeable Consent Order requiring production by a date certain shortly thereafter, please endorse the enclosed Certificate of Good Faith and return it to me so that Plaintiffs may seek the assistance of the Court without further delay.

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

Encls.

cc: Stephen Leech, Esq.
Wayne Drinkwater & Melody McAnally, Bradley Arant
John Lang, Loeb & Loeb

Attachment A

Missing monthly "Itemized Issues Observed" reports (*see* DHS 013829-014298):

### *Region 1-E*

- No "Itemized Issues Observed" reports were produced for August 2004.
- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for February, November, and December 2003; May, November, and December 2004; and June 2005.
- Additional "Itemized Issues Observed" reports with Regional/County Director responses are missing for January 2003 (Ittawamba, Prentiss, and Tishomingo Counties missing), March 2003 (Webster County missing), April 2003 (Webster County missing), May 2003 (Lee County missing), July 2003 (Lee County missing), August 2003 (West and Chickasaw Counties missing), January 2004 (Lee County missing), April 2004 (Lee County missing), and June 2004 (Fisk and Reynolds Counties missing).
- The following three bates-numbered pages for Region 1-E reports are illegible: DHS 014072, 014075 (July 2004), and 047548 (February 2005). Please provide legible copies.

### *Region 1-W*

- No "Itemized Issues Observed" reports were produced for March 2004.
- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for January through May, July through September, and November and December 2003; January and February, April through June, August, and October through December 2004; and January, May, and June 2005.

### *Region 2*

- No "Itemized Issues Observed" reports were produced for February, March, July, August, and November 2004; and February, March, and May 2005.
- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for January and February, May, July through October, and December 2003; January, April through June, October, and December 2004; and June 2005.

### Region 3

- No "Itemized Issues Observed" reports were produced for March 2004.
- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for January through April, June through August, and November and December 2003; January and February, May through July, and December 2004; and June 2005.
- Additional "Itemized Issues Observed" reports with Regional/County Director responses are missing for October 2003 (Holmes and Madison Counties missing) and April 2004 (Madison County missing).

### Region 4

- No "Itemized Issues Observed" reports were produced for December 2004 and March 2005.
- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for November 2004 and June 2005.

### Region 5

- No "Itemized Issues Observed" reports were produced for March and November 2003; and March, July, and September 2004.
- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for January and February, April through July, October and December 2003; January and February, April, June, August, and October through December 2004; and April through June 2005.
- Additional "Itemized Issues Observed" reports with Regional/County Director responses are missing for Pike and Wilkinson Counties for August 2003.

### Region 6-N

- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for April and October 2003; May and June, August, and December 2004; and June 2005.
- Additional "Itemized Issues Observed" reports with Regional/County Director responses are missing for January 2004 (Lamar and Forrest Counties missing); February 2004 (Marion, Pearl River, and Stone Counties missing); and April, July, and September through November 2004 (Forrest County missing).

### *Region 6-S*

- No "Itemized Issues Observed" reports were produced for March 2004.
- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for 2003; January and February, April through August, and December 2004; and June 2005.
- The following bates-numbered pages for Region 1-E reports are incomplete copies: DHS 014255-014267 (November 2004).

### *Region 7*

- No "Itemized Issues Observed" reports were produced for April 2003; March, August, September, and October 2004; and March and April 2005.
- No "Itemized Issues Observed" reports with Regional/County Director responses were produced for January and February, May and June, and August through October 2003; January, June, July, and December 2004; and June 2005.

Attachment B

Fox, Debra, VI-S, Harrison
Jones, Willie, I-W, DeSoto
Manning, William, II, Washington
Hansen, Gloria and Rodmann, I-W, DeSoto
Hatten, Johnnie, VI-N, Forrest
Lee, Barbara, VI-N, Forrest

Boutwell, Malaina and Roger, VI-N, Forrest
Bridges, Crystal, VII, Hinds
Brown, Frankie, III, Yazoo
Chamant, Gwendolyn, VI-S, Harrison
Coleman, Betty, VI-N, Forrest
Coleman, Connie, V, Jefferson
Coleman, Darleen, III, Yazoo
Collins, Cecilia, III, Yazoo
Collum, Eva, III, Yazoo
Connerly foster home, VI-S, Harrison
Davis, Shon, VI-S, Harrison
Dunnigan, Elaine, VI-S, Harrison
Gant, Deborah, VII, Hinds
Gordon, Pamela and Shane, VI-N, Forrest
Hailey, Edna, I-W, Desoto
Haley, Alma and Willie, VII, Hinds and/or VI-S, Harrison
Holliman, Patricia, VI-S, Harrison
Israel, Lucille and Varnell, VI-N, Forrest
Jenkins, Bertha, IV, Clarke
Johnson, Barbara, VI-S, Harrison
Kirk, Emma, III, Yazoo
Lee, Barbara, VI-N, Forrest
Logan, Tammy, III, Yazoo
Mitchell, Sherrye and Eddie, I-E, Pontotoc
Monts, Regina and Turner, I-E, Pontotoc
Myles, Linda, II, Humphreys
Parenes, Joseph, VI-S, Harrison
Richardson, John, III, Yazoo
Rodriguez, Arteria, I-E, Pontotoc
Smith, Jessie and Lori, I-W, DeSoto
Smith, Mary and Willie, III, Yazoo
Sparks, Bobby, I-E, Pontotoc
Sprague, Lori and Harold, III, Yazoo
Tate, Joanna, III, Yazoo
Taylor, Elizabeth and Welton, II, Humphreys
Vaughn, Floria and Henry, V, Copia
Williams, Donna and Roger, VI-S, Harrison
Wilson, Cathy and Steve, VI-S, Harrison
Woods, Monica, III, Yazoo

Boys Town, VII, Hinds
Camp Shelby (Youth Challenges), VI-N, Forrest
CANA House for Girls, V, Jefferson
CARE, III, Yazoo
Columbia Training School, VI-N, Forrest
Millcreek, IV, Clarke
Millcreek, VI-N, Forrest
Parkwood adult unit, I-W, Desoto
Sally Kate Winters Home, I-E, Pontotoc
St. Paul's Group Home, VI-S, Harrison
Stepping Stones, VI-S, Harrison
Sunflower Landing, III, Yazoo
Sunshine Shelter, V, Jefferson
Youth Villages, VII, Hinds
Youth Villages, VI-N, Forrest

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

OLIVIA Y., et al.                                                                          PLAINTIFFS

v.                                                               CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.          DEFENDANTS

### GOOD FAITH CERTIFICATE

All counsel certify that they have conferred in good faith to resolve the issues in question and that it is necessary to file the following motion:

PLAINTIFFS' OMNIBUS MOTION TO COMPEL AS TO PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH REQUESTS FOR PRODUCTION OF DOCUMENTS; FIRST SET OF INTERROGATORIES; AND DEFENDANTS' MANDATORY DISCLOSURES

Counsel further certify that:

\_\_\_\_1. The motion is unopposed by all parties.

\_\_\_\_2. The motion is unopposed by:

_X_ 3. The motion is opposed by: Defendants

\_\_\_\_4. The parties agree that replies and rebuttals to the motion shall be submitted to the magistrate judge in accordance with the time limitations stated in Uniform Local Rule 7.2

THIS, the \_\_\_\_ day of January, 2006.

                                                        _____
                                                        ERIC THOMPSON (MSB # 43993 *pro hac*)
                                                        One of the Attorneys for Plaintiffs


                                                        _____
                                                        BETTY A. MALLETT (MSB #8867)
                                                        One of the Attorneys for Defendants