

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Harvey Keitel
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

August 17, 2005

**VIA FAX – (601) 352-7757**
**and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

I write regarding several outstanding deficiencies in Defendants' production of documents to Plaintiffs.

First, I write to follow up on my letters, dated June 30, July 7, and July 27, 2005, identifying deficiencies in Defendants' production of documents responsive to Plaintiffs' previous requests. In my June 30, 2005 letter to you (attached), to which you never responded, I requested the following in response to Plaintiffs' Fifth Request for Production of Documents:

- Document Request No. 3: DFCS operations/administrative procedures manuals aside from the Policy and Procedures Manual previously produced, or confirmation that no other such manuals exist;
- Document Request No. 9: Provider and Licensing files for all out of home placements, including Reports on Dangerous Placements forms, Incident Reports as to Group Homes and Critical or Unusual Incident Reports;
- Document Request No. 10: Non-licensing files related to safety considerations and investigations/violations related to placements;
- Document Request No. 12: Personnel files reflecting DFCS staff failures to abide by agency requirements; and
- Document Request No. 13: Personnel files for all DFCS staff that have been involved in the cases of the Named Plaintiffs.

Similarly, in my July 7, 2005 letter (attached) I requested several documents responsive to Plaintiffs' First Request for Production of Documents that have still not been produced, including the following:

- Document Request Nos. 21 through 23: Memoranda to Regional Directors from staff requesting additional staff (e.g., September 9, 2004 deposition testimony of Mechille Henry); and
- Document Request No. 35: Email reports of abuse and neglect forwarded to Kathy Triplett from MIS Department, as identified in her June 14, 2005 deposition.

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 · Fax: 212-683-4015 · info@childrensrights.org · www.childrensrights.org

**EXHIBIT**
" 2 "

In your July 11, 2005 response to me, you indicated that although you might not be able to include these documents in the July 14, 2005 production, you would "forward any additional documents as soon thereafter as possible." To date we have received none of these responsive documents.

In my July 27, 2005 letter (attached), I requested the following documents identified during the deposition of Martha McDaniel responsive to Plaintiffs' previous Requests for Production of Documents:

- 1st RFPD, Document Request No. 2: Regional practice guides (McDaniel Dep. 214:19-25);
- 1st RFPD, Document Request No. 2(c): Print-outs of MACWIS screens, including but not limited to all drafts thereof, containing written procedures or policy guidelines concerning the placement of foster children in emergency shelters (McDaniel Dep. 155:21-157:6, 158:19-159:4); Drafts of criteria and criteria for placing children 50 or more miles from their home base (McDaniel Dep. 170:8-20); Drafts of criteria and criteria for separating siblings (McDaniel Dep. 171:12-23);
- 1st RFPD, Document Request Nos. 4 and 7: Any MACWIS reports concerning MDHS workloads, dated more recently than September 28, 2004 (McDaniel Dep. 53:3-54:5, Exhibit 96); MACWIS reports concerning the frequency with which family team meetings are held within 30 days of entry (McDaniel Dep. 122:11-16); and reports concerning timeliness of initiation and completion of investigations into allegations of abuse and neglect generated after January 2005 (McDaniel Dep. 212:22-213:6);
- 1st RFPD, Document Request No. 19; 5th RFPD, Document Request No. 5: Any plans for recruiting foster-adoptive parents, individualized for each region (McDaniel Dep. 141:15-142:4);
- 1st RFPD, Document Request Nos. 20-23; 3rd RFPD, Document Request Nos. 3 & 19: Ms. McDaniel's written request for authorization to fill vacancy in ASWS position, dated in or about April 2005 (McDaniel Dep. 9:11-25); Any notes or other writings by Ms. McDaniel, dated between approximately August 2004 and April 2005, concerning conversations with Mr. Mangold concerning attempts to fill the ASWS vacancy (McDaniel Dep. 14:1-15:15); Written request from Ms. McDaniel to Mr. Felder to fill vacancy for Social Worker position in Grenada County, dated in or about late June 2005 or early July 2005 (McDaniel Dep. 74:10-22);
- 1st RFPD, Document Request No. 29: Copies of the requests and approvals of overstays in emergency placements, maintained in Ms. Weatherall's files (McDaniel Dep. 154:14-25);
- 1st RFPD, Document Request No. 35: Letter from Ms. McDaniel to Mr. Felder and Ms. Triplett, dated in or about July 2005, concerning untimely transmission of reports from hotline to county workers (McDaniel Dep. 208:11-209:14); Investigations into allegations of abuse or neglect in care, filed in Ms. McDaniel's office by foster home's name (McDaniel Dep. 221:7-222:1); and
- 4th RFPD, Document Request Nos. 1 and 2: Drafts of curricula and training guides concerning family-centered practice, family team meetings, and county conferences (McDaniel Dep. 121:20-122:2).

By letter dated August 1, 2005, you responded that, "Defendants will forward any responsive documents to Plaintiffs on or before August 8, 2005," but we have yet to receive any of these documents or hear back from you since then.

Second, Defendants have yet to produce all relevant emails and digital email compelled by Judge Nicols' July 18, 2005 Order, or provide any confirmation as to what electronic searches have been conducted in an effort to retrieve all such emails and digital media.

Third, Defendants' recent privilege log, submitted with Defendants' July 15, 2005 supplemental production lists two documents described as "Social worker's contact with group home about communications with Attorney General's Office." (DHS Jamison J. 000586-000587, and DHS Jamison J. 000739-000741). As you know, the Court, by Order dated August 8, 2005, specifically compelled Defendants to produce similar communications with the group home providing placement services to Named Plaintiff Jamison after determining that such documents are not protected by the attorney-client privilege. Please produce unredacted copies of these responsive documents.

Fourth, upon review of the supplemental documents produced by Defendants on July 15, 2005, it is clear that many periodically generated documents previously produced but requiring supplementation with updated versions were not produced. These include the following:

- "Periodic Administrative Determinations on Children in State Custody" (e.g., DHS010277-010348) for January 2004 (never produced) and every such report issued in 2005;
- "MDS-DFCS Organizational Charts – Tally Sheet" (e.g., DHS019810-019811) for FY 2005;
- "Social Services Employee Report" (e.g., DHS19923-19940) for FY 2005;
- Charts reflecting Filled and Vacant Positions (e.g., DHS019920-019921) for FY 2005;
- Charts showing all positions, by county (e.g., DHS019970-019971) for FY 2005;
- "MDHS-DFCS Tally of All Positions" (e.g., DHS019972), for 2005;
- "MS Population by County (Divided by Filled Direct Service S.W.'s for Average per S.W.)," and "Workload Status of Workers by Unit Assignment, Filled/Vacant/FMLA" (e.g., DHS020077-020086) after May 2004;
- Charts of filled/vacant DFCS positions for direct services workers (e.g., DHS019919-019921), for FY 2005.
- "217 Termination/Resignation Recap" (e.g., DHS020048-020057) documents issued after October 2004;
- "DFCS Personnel Actions Log" documents (e.g., DHS020058-020059) issued after October 2004 "6 Month Workload Average" documents (charts) (e.g., DHS 20066-20075) issued after October 2004 and "MS Workload Management System County Social Workload Summary History and 6-Month Averages" (e.g., DHS016238-16780) issued after October 2004.
- "Direct Services Cases by Region" (e.g., DHS019995-019996) issued after April 2005;
- "Performance Measurement Data" 2005 (e.g., DHS024326-024329) issued since June 30;

- 3 -

- "Number of Children Entering State Custody and their Permanency Plan" (e.g., DHS012378-021654) issued after December 2004;
- "Listing of Children with Eligibility CWS – Summary" (e.g., DHS018990) issued after January 2005;
- "Listing of Children with Eligibility CWS – Detail" (e.g., DHS018991-019003) issued after January 2005;
- "Listing of Children with Eligibility Status – Detail" (e.g., DHS018554-018989) issued after January 2005;
- "Listing of Children with Eligibility IV-E – Detail" (DHS019026-019056) issued after January 2005, and any such reports issued other than the October 2004 report that was produced;
- "MACWIS Technical Workplans for Changes and Enhancements" (e.g., DHS020111-020127) issued after January 2005;
- "MDHS Child and Family Service Plan Annual Progress and Services Reports" (e.g., DHS017234-017423) for 2004 (once issued);
- "Community based Family Resource and Support Annual Performance Report" for FY 2004 and any subsequently issued reports (e.g., DHS019522-019595);
- "Child Investigation Timeliness Reports – Statewide Summaries" for July 2004 (never produced) and issued after December 2004 (e.g., DHS024336-024342);
- "Investigations with Narrative Errors – Detail" 2004 (e.g., DHS024486-024667); issued after December 2004;
- "Itemized Issues Observed" reports (e.g., DHS013829 – 014298) and "Issues Observed – Comparison Reports – Foster Care Review" (e.g., DHS01328) issued for 2003 and 2005; and
- The current "Child and Family Services Plan." We understand that this document was submitted by DFCS to ACF on June 30, 2005.

Finally, Defendants have not supplemented their Initial Disclosures, which Defendants previously limited to the Named Plaintiff cases, since the Plaintiff class was certified on March 11, 2005.

We look forward to full supplementation and the production of these outstanding responsive documents by no later than August 31, 2005, so that we can avoid having to seek the assistance of the Court.

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

Encls.
cc: Stephen Leech, Esq.
Wayne Drinkwater & Melody McAnally, Bradley Arant
John Lang, Loeb & Loeb



**CHILDREN'S RIGHTS**

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

June 30, 2005

**VIA FAX – (601) 352-7757**
**and REGULAR MAIL**
Ms. Betty Mallett
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett:

We are in receipt of Defendants' Responses to Plaintiffs' Fifth Request for Production of Documents and related documents and write to bring several deficiencies in Defendants' production to your attention.

First, in response to Document Request No. 3, which requests all current DFCS operations/administrative procedures manuals, Defendants state that they have "produced the current Mississippi Department of Human Services, Division of Family and Children's Services Policy and Procedures Manual," but do not state whether other DFCS operations/administrative procedures manuals exist. If there are no other current DFCS operations/administrative procedures manuals in your possession, please so state. Otherwise, please identify and produce the additional responsive manuals.

Second, Document Request No. 9 calls for the production of the provider and licensing files for all foster homes, therapeutic foster homes, group homes, shelters, treatment centers and any other home, institution or agency caring for foster children. In response to this request Defendants produced one document entitled "Placement Resources," bearing bates numbers DHS 035980 to 036100 that only reflects a list of placement providers. This response is wholly insufficient. According to former DFCS Director Billy Mangold, the requested files contain, *inter alia*, allegations of maltreatment of class members via "standard forms," as well as forms documenting investigative findings related to such allegations. [Mangold Dep. at 34:17-36:1]. These Placement Unit files also contain Reports on Dangerous Placements [Mangold Dep., at 48:5 – 49:20, 50:18 – 52:2], Incident Reports as to Group Homes and Critical or Unusual Incident Reports [Young Dep., at 45:15 – 47:15], and records on Closed Foster Homes [Young Dep., at 56:10 – 58:8]. These responsive documents need to be produced as they are directly relevant to Plaintiffs' main claim that Defendants are not adequately protecting children in DHS placements. I attach the deposition excerpts referenced herein for your convenience.

Third, Document Request No. 10 calls for the production of any documents maintained outside of the provider and licensing files concerning complaints, inspections and investigations related to child placements, and any state actions taken against child placements because of licensing violations, safety considerations, or other violations. Defendants have not responded,

but lodged an objection that the request is overly broad and unduly burdensome without providing Plaintiffs with any information as to whether the documents exist and if so, why the request is unduly burdensome to Defendants. If there are no such documents outside of the provider and licensing files, please so state. Otherwise, please identify and produce the files concerning such complaints regarding child placements.

Fourth, as to Document Request No. 12, Defendants assert that personnel file documents reflecting DFCS staff failures to abide by agency requirements are protected as confidential. This is not a valid objection as the December 17, 2004 Amended Case Management Order explicitly requires that responsive documents be produced under the protection of the Court's Confidentiality Order. Similarly, as to Document Request No. 13, Defendants assert personnel file documents of all DFCS staff that have been involved in the cases of the Named Plaintiffs are protected as confidential. This is not a valid objection in light of the Court's Amended Case Management Order and the August 5, 2004 Confidentiality Order referenced therein. In light of these Orders, please produce all responsive documents.

Please let me hear from you in response by July 8, 2005.

Sincerely yours,

Eric Thompson
Plaintiffs' counsel

Encls.
cc:   Stephen Leech, Esq.
      Wayne Drinkwater & Melody McAnally, Bradley Arant
      John Lang, Loeb & Loeb



Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

July 7, 2005

**VIA FAX – (601) 352-7757
and REGULAR MAIL**
Ms. Betty Mallett
Mr. Rusty Fortenberry
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett and Mr. Fortenberry:

I understand that you plan to supplement your document production to Plaintiffs with additional responsive documents to Plaintiffs' First Request for Production of Documents on or before July 14, 2005. Please be sure to include in this supplemental production the following documents identified by Defendants' employees at depositions.

Document Request No. 2: All written policies, procedures and directives in your possession, custody or control, issued by DFCS at the state and regional level and in effect as of March 30, 2004, or thereafter, that relate to protecting and providing services to children in DHS custody, including but not limited to such policies, procedures and directives....

In response to this request Defendants produced the DFCS Policy and Procedures Manual. Gail Young, however, testified at her June 15, 2005 deposition to the existence of a Policy Bulletin dealing primarily with the length of stay in shelters that was sent around September 2004 to Regional Directors, Area Social Worker Supervisors, and Social Workers. [Young Dep., at 110:2 – 112:4.] Ms. Young further testified to the existence of at least one other version of the Policy Bulletin. [Young Dep., at 115:21 –116:14.] Please provide all Policy Bulletins updating DFCS policy.

Document Request No. 6: All documents in your possession, custody or control regarding the progress in achieving full MACWIS integration into county casework such as described on page 22 of the Self Assessment.

In response to this request Defendants produced, *inter alia*, the MACWIS Technical Workplan for Changes and Enhancements covering November 2004 – January 2005. In addition, however, Nancy Meadors testified at her May 2005 deposition that Cheryl Joiner and MIS Director Bud Douglas developed a "MACWIS Work Plan." [Meadors Dep., at 21:7-22:22.] Please produce this additional responsive document.

Document Request No. 7: All regular or ad hoc management reports in your possession, custody or control, generated by MACWIS including but not limited to....

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 • Fax: 212-683-4015 • info@childrensrights.org • www.childrensrights.org

In response to this request Defendants produced several reports regarding children in DHS custody. In addition, however, Robert Hamrick testified at his June 20, 2005 deposition that he receives "Children in Custody with Conference Dates More than Six Months," reports as part of his foster care review oversight. [Hamrick Dep., at 52:11-53:22.] Please produce this responsive document.

Document Request No. 8: All internal and external assessments, audits, evaluations or reviews of DFCS operations and practice in your possession, custody or control, including but not limited to documents generated by the Quality Improvement Unit, 6-month reviews, Peer reviews, Program Integrity Unit Reviews and all documents regarding any response, corrective action or "action plan" requested or undertaken in relation to those assessments, audits, evaluations and reviews.

In response to this request Defendants produced several periodic reports on DFCS operations. In addition, however, Robert Hamrick testified at his June 20, 2005 deposition that he and a team of reviewers and a consultant developed a Foster Care Reviewer Quality Assurance Sample Case Review that was originally intended for the Child and Family Services Review but was never used for that purpose. Mr. Hamrick stated that from these reviews, Quarterly Reports were compiled and forwarded to Senior Management and Directors within DFCS, and that these reports include data on safety, permanency, and well-being issues facing children in care. [Hamrick Dep., at 75:17-79:17.]

Mr. Hamrick further testified at his June 20, 2005 deposition that he receives an "Itemized Issues Observed" report that provides a summary of the number of DHS cases reviewed broken down by issues identified during the course of the review. [Hamrick Dep., at 105:12-107:10.] Please produce these responsive documents.

Document Requests Nos. 21 through 23: All documents in your possession, custody or control, reflecting the turnover and vacancy rates for DFCS caseworkers, managers and supervisors; All documents in your possession, custody or control concerning DFCS caseworker caseloads, staffing to census ratios, and adequate staffing estimates, such as discussed on pages 12-15 of the Self-Assessment; and Documentation regarding staffing cutbacks, hiring freezes or temporary assignments at DFCS.

In response to these requests Defendants produced a limited number of charts and employee reports and a listing of Direct Services Cases by County. In addition, however, Mechille Henry testified at her September 9, 2004 deposition that as Regional Director for Region 6 North, she receives memoranda from her staff regarding staffing requirements. [Henry Dep., at 117:2-117:10.] Since these documents and any similar documents received by other Regional Directors are directly responsive to Document Request Nos. 21 and 22, please produce these responsive documents.

Linda Millsaps also testified at her June 2005 deposition to the existence of both a MACWIS-generated Workload Report and similar paper files referred to as "Manual Workload Reports." [Millsaps Dep., at 50:9-52:5.] These documents are responsive to Document Request Nos. 21 and 23 and should be produced.

Nancy Meadors also testified in her May 2005 deposition to the existence of paper requests issued to Gloria Salters at the State Office to have workers logged in as proxies for other workers in specific counties, so that they can document their activities while temporarily assigned to particular children. [Meadors Dep., at 48:1-48:16.] These requests are directly responsive to Document Request No. 23 and should be produced.

Document Request No. 35: Any and all documents relating to child maltreatment reports, child abuse and neglect investigations, critical incident reports, child fatality reports or special reviews regarding the abuse or neglect of children in DHS custody or of children in homes or facilities where children in DHS custody reside, including facilities not licensed by DHS.

In response to this request Defendants produced a limited number of documents including a tally of children maltreated while in custody. Kathy Triplett, however, testified at her June 14, 2005 deposition that she receives reports of abuse and neglect via email, forwarded by the MIS Department. [Triplett Dep., at 31:11-33:21.] She further testified to the existence of forms filled out by the Protection Unit documenting calls received by DFCS staff regarding abuse and neglect allegations and that these forms are tracked in a "Manual Log." She further stated that the forms are kept for three years and that the Manual Log is retained by the hotline staff in the State Office. [Triplett Dep., at 31:11-33:21.] To the extent that these documents relate to children in DHS custody or in homes or facilities where children in DHS custody reside, please produce these additional responsive documents. I attach the deposition excerpts referenced herein for your convenience.

Many of these documents were specifically requested during the referenced depositions. I look forward to receiving these documents by July 14th or shortly thereafter.

Sincerely Yours,

*Eric Thompson/mr*

Eric Thompson
Plaintiffs' counsel

Enclosures
cc:  Stephen Leech, Esq.
     Wayne Drinkwater & Melody McAnally, Bradley Arant
     John Lang, Loeb & Loeb

-3-



# CHILDREN'S RIGHTS

Marcia Robinson Lowry
President &
Executive Director

Board of Directors
Alan C. Myers
Chairman & Treasurer
Robin L. Dahlberg
Secretary
Daniel H. Galpern
Jeffrey B. Gracer
Howard M. Maisel
Alice Rosenwald
Melissa G. Salten
Hershel B. Sarbin
Carol Wilson Spigner
Anne Strickland Squadron

July 27, 2005

**VIA FAX – (601) 352-7757**
**and REGULAR MAIL**
Ms. Betty Mallett
Mr. Rusty Fortenberry
McGlinchey Stafford PLLC
City Centre, Suite 1100
200 South Lamar Street
Jackson, MS 39201

Re: *Olivia Y. et al. v. Barbour et al.*

Dear Ms. Mallett and Mr. Fortenberry:

I write to call your attention to documents responsive to Plaintiffs' prior Requests for Production of Documents that were identified and specifically requested during the deposition of Martha McDaniel, taken on July 20, 2005. For each category of documents that Ms. McDaniel testified exist within Defendants' custody or control, I remind you of the original document requests to which each is responsive, as follows:

### First Request, No. 2
- Regional practice guides (McDaniel Dep. 214:19-25).

### First Request, No. 2(c)
- Print-outs of MACWIS screens, including but not limited to all drafts thereof, containing written procedures or policy guidelines concerning the placement of foster children in emergency shelters (McDaniel Dep. 155:21-157:6, 158:19-159:4).
- Drafts of criteria and criteria for placing children 50 or more miles from their home base (McDaniel Dep. 170:8-20).
- Drafts of criteria and criteria for separating siblings (McDaniel Dep. 171:12-23).

### First Request, Nos. 4 & 7
- Any MACWIS reports concerning MDHS workloads, dated more recently than September 28, 2004, as reflected in Exhibit 96 (McDaniel Dep. 53:3-54:5).
- MACWIS report concerning the frequency with which family team meetings are held within 30 days of entry (McDaniel Dep. 122:11-16).
- Report concerning timeliness of initiation and completion of investigations into allegations of abuse and neglect produced more recently than January 2005 (McDaniel Dep. 212:22-213:6).

### First Request, No. 19; Fifth Request, No. 5
- Any plans for recruiting foster-adoptive parents, individualized for each region (McDaniel Dep. 141:15-142:4).

404 Park Avenue South, New York, NY 10016
Tel: 212-683-2210 · Fax: 212-683-4015 · info@childrensrights.org · www.childrensrights.org

### First Request, Nos. 20-23; Third Request, Nos. 3 & 19
- Ms. McDaniel's written request for authorization to fill vacancy in ASWS position, dated in or about April 2005 (McDaniel Dep. 9:11-25).
- Any notes or other writings by Ms. McDaniel, dated between approximately August 2004 and April 2005, concerning conversations with Mr. Mangold concerning attempts to fill the ASWS vacancy (McDaniel Dep. 14:1-15:15).
- Written request from Ms. McDaniel to Mr. Felder to fill vacancy for Social Worker position in Grenada County, dated in or about late June 2005 or early July 2005 (McDaniel Dep. 74:10-22).

### First Request, No. 29
- Copies of the requests and approvals of overstays in emergency placements, maintained in Ms. Weatherall's files (McDaniel Dep. 154:14-25).

### First Request, No. 35
- Letter from Ms. McDaniel to Mr. Felder and Ms. Triplett, dated in or about July 2005, concerning untimely transmission of reports from hotline to county workers (McDaniel Dep. 208:11-209:14).
- Investigations into allegations of abuse or neglect in care, filed in Ms. McDaniel's office by foster home's name (McDaniel Dep. 221:7-222:1).

### Fourth Request, Nos. 1-2
- Drafts of curricula and training guides concerning family-centered practice, family team meetings, and county conferences (McDaniel Dep. 121:20-122:2).

We will need these responsive documents no later than August 3, 2005 for the purposes of future depositions.

Sincerely yours,

*[signature: Eric Thompson / JSR]*

Eric Thompson
Plaintiffs' counsel

Enclosures
cc: Stephen Leech, Esq.
    Wayne Drinkwater & Melody McAnally, Esqs.
    John Lang, Esq.