IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                        PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:04CV251

HALEY BARBOUR, as Governor of the State of Mississippi, et al.      DEFENDANTS

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST AND FIFTH REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AS TO EXPERTS**

Defendants do not contest that they have failed to produce documents that are responsive to properly propounded requests. (Defs' Mem. Resp. to Pls' Mot. to Compel). Instead, Defendants merely make global arguments as to the timeliness of Plaintiffs' motion, and as to the number of documents that they have produced, which they deem to be sufficient.

As this Court has already held, the failure to respond to a motion to compel by specific request, and instead to rely merely on the "global argument that [Defendants] have produced many documents and that ought to be sufficient," is simply not a defense to such a motion. (*See* June 15, 2005 Order) (attached hereto as Ex. A). In light of Defendants' non-responsiveness as to the documents at issue here, and the parties' August 7, 2006 trial date, the Court should compel immediate production of the requested documents.

As to Defendants' claim that Plaintiffs' motion is untimely, this argument might be more persuasive if Plaintiffs had sat by silently until *after* the close of discovery and only then raised the issue of Defendants' production deficiencies. *See, e.g., Jarvis v. Wal-Mart Stores, Inc.*, 161

F.R.D. 337, 338 (N.D. Miss. 1995) (plaintiffs' motion to compel untimely when deficiencies were raised for the first time following the close of discovery at the pre-trial conference).  As it is, most of the documents Plaintiffs seek to have compelled have been the subject of innumerable deficiency letters well before the discovery cut-off date.  (*See* Pls' Mot. at 4-9.)  Other documents being sought have even been the subject of earlier motion practice, and Plaintiffs now seek to have this Court enforce full compliance with a prior Order to compel.  (*See* P.s' Mot. at 2-4.)  Still other missing documents relate to Defendants' expert discovery that was not initially due until March 31, 2006, and for which the deficiency could not be confirmed until Defendants' expert was deposed shortly thereafter on Thursday, April 13, 2006 – only days before the discovery cut-off on Monday, April 17, 2006.  (*See* Pls' Mot. at 12-14.)

      The timing of Plaintiffs' motion, thus, in no way affects the discovery deadline as proscribed by Local Rule 7.2(B)(2).  Plaintiffs are simply seeking to compel compliance with Defendants' clear and unfulfilled duty to produce *before* the end of discovery documents that are unquestionably responsive to Plaintiffs' properly propounded and timely discovery requests.  Defendants fail to demonstrate how they would be prejudiced by an order to correct deficiencies in their production of documents, for which they have had ample and timely notice before the discovery deadline, and as to which they do not dispute their failure to produce.[1]  It is also notable that many of the documents sought are periodically generated, as to which Defendants have an ongoing obligation to seasonably supplement pursuant to Fed. R. Civ. P. 26(e).  (*See* Pls' Motion at 4-9.)

---

[1] Defendants' conclusory statement that "Defendants have produced all responsive e-mails or digital communications," (Defs' Br. at ¶ 7), does not satisfy the requirements of Fed. R. Civ. P. 26(a)(1) and 34(a) that Defendants document a systematic and comprehensive search for such e-mail and digital communications.  *See Zubulake v. UBS Warburg LLC*, No. 02-1243, 2004 WL 1620866 (S.D.N.Y. July 20, 2004) (spelling out the steps Defense Counsel should take to ensure full production of electronic discovery) (attached hereto as Ex. B).

4/84102.1      2

Meanwhile, Plaintiffs have been clearly disadvantaged by Defendants' persistent failure to comply with discovery requirements. To cite just one example, Defendants failed, without interposing any objections, to turn over as requested DHS documents upon which Defendants' expert relied. Plaintiffs were deprived of those responsive and highly relevant documents for that expert's deposition and have yet to receive them. (*See* Pls' Mot. at 13.) Moreover, Plaintiffs have been deprived of all these missing responsive documents for the purpose of pursuing and responding to dispositive motions that were due May 1, 2006.

Defendants' ancillary suggestion that Plaintiffs' Motion to Compel is moot simply because dispositive motions have now been submitted is unsupported and meritless. The parties' dispositive motions are not yet fully briefed for the Court, and they obviously have yet to be decided. Moreover, Plaintiffs are unaware of any authority that precludes the submission of evidence at trial that does not appear in a dispositive motion. Plaintiffs still require these relevant and responsive documents to fully prepare for trial of this matter.

WHEREFORE, Plaintiffs respectfully request that this Court compel the requested documents pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Respectfully submitted, this 15th day of May, 2006.

/s Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Susan Lambiase (MBN 43992 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara Crean (MBN 44447 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Ave, 4th Floor
New York, NY 10001
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone:  (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2006, I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

Dewitt L. ("Rusty") Fortenberry Jr., Esq.
Kenya Key Rachal, Esq.
Gretchen L. Zmitrovich, Esq.
Ashley Tullos Young, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi 39211

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi  39201

*Attorneys for Defendants*

/s Melody McAnally