IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                                                    PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.        DEFENDANTS

**PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS'
EXHIBITS M, N, T, W, X, Y, Z, AA, BB, FF, GG, & HH**

Defendants submit numerous affidavits in support of their Motion for Summary Judgment that contain conclusory statements that lack any objective support and are simply self-serving, immaterial declarations. Plaintiffs move this Court to strike those statements as inadmissible, improper and irrelevant pursuant to Rule 56(e) of the Federal Rules of Civil Procedure.

Plaintiffs respectfully request that this Court waive the requirement for a separate Memorandum of Law, as required under Local Rule 7.2(D), and accept the following in support of the Motion.

Affidavits submitted in support of a summary judgment motion must comport with Rule 56(e) of the Federal Rules of Civil Procedure. *See Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994) ("The question whether an affidavit is competent summary judgment evidence begins and ends with the requirements of Fed. R. Civ. P. 56(e)."). Rule 56(e) provides, in pertinent part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in

evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

The Fifth Circuit has made clear that "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal citation and quotations omitted); *see Richardson*, 12 F.3d at 1378; *Hutchinson v. Benton Casing Service, Inc.*, 619 F. Supp. 831, 838 (S.D. Miss. 1985); *Harrington v. Runyun*, No. 4:94CV2-B-O, 1995 WL 1945566, at *3 (N.D. Miss. Dec. 8, 1995) (striking statement in affidavit that was conclusory and "devoid of any basis of such a belief") (attached as Ex. 1). Similarly, self-serving assertions and opinions, without any objectively corroborative facts, are not sufficiently probative to be deemed competent summary judgment evidence. *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (affirming lower court's decision to strike portions of affidavit that were deemed self-serving, irrelevant or conclusory).

The affidavits submitted by Defendants in support of their summary judgment motion are rife with irrelevant and entirely unsupported, legally and factually conclusory statements that cannot be deemed competent summary judgment evidence and should be struck.

The following statements should be struck as inadmissible:

**Martha McDaniel Affidavit**:

- "I firmly believe that the direct service workers want to provide effective services for the families and communities they serve. I have never seen a worker at MDHS who did not care about the foster

children and families he or she serves." (Ds' Ex. M at ¶ 3, attached hereto as Ex. 2).

- "The foster children in my region have been given more than sufficient food, medical care, clothing, and shelter, and MDHS has done all it reasonably can to ensure the safety of foster children." (Ds' Ex. M at ¶ 4, attached hereto as Ex. 2).

- "I believe that MDHS's current administration, Rickie Felder (Director of MDHS Division of Family and Children's Services) and Donald R. Taylor (Executive Director of MDHS) truly want the best for the foster children of this state." (Ds' Ex. M at ¶ 5, attached hereto as Ex. 2).

**Maggie Mixon Affidavit:**

- "Every reasonable effort is consistently made to provide adequate clothing, food, shelter and medical care to foster children. Given the number workers [*sic*] and available resources, MDHS has done what it reasonably can to keep children safe." (Ds' Ex. N at ¶3, attached hereto as Ex. 3).

**Deborah Stewart Affidavit**:

- "MDHS has never been indifferent to the needs of John or Olivia. John and Olivia both been [*sic*] provided with sufficient food, clothing, shelter, and medical care, and MDHS has done what it reasonably can to protect John and Olivia from harm." (Ds' Ex. T at ¶ 8, attached hereto as Ex. 4).

**Terry Phillips Affidavit:**

- "The foster children in Region I-W have received more than adequate food, clothing, shelter, and health care. MDHS has done all it reasonably can to see that foster children are protected from harm." (Ds' Ex. W at ¶ 5, attached hereto as Ex. 5).

- "I truly believe that caseworkers have a strong desire to provide good services to foster children and are dedicated to that goal." (Ds' Ex. W at ¶ 5, attached hereto as Ex. 5).

**Tracy Malone Affidavit:**

- "It is my observation that Region I-E's children have been supplied with adequate food, shelter, clothing, and health care. Our direct service workers have done all they reasonably can to keep foster

children safe and away from harm." (Ds' Ex. X at ¶ 3, attached hereto as Ex. 6).

### John Webb O'Bryant Affidavit:

- "The foster children in this region have received adequate food, clothing, shelter, and health care. MDHS has done what it reasonably can to see that foster children are protected from harm." (Ds' Ex. Y at ¶ 3, attached hereto as Ex. 7).

### Sylvia Sessions Affidavit:

- "The foster children in this region have certainly been given sufficient medical care, food, clothing, and shelter. MDHS has done all it reasonably can to ensure the safety of foster children in its care." (Ds' Ex. Z at ¶ 4, attached hereto as Ex. 8).

### Mechille Henry Affidavit:

- "The foster children in this region have been provided with sufficient food, clothing, shelter, and medical care. Our workers have done all they reasonably can to keep our foster children free from harm." (Ds' Ex. AA at ¶ 3, attached hereto as Ex. 9).

### Zadie Rogers Affidavit:

- "MDHS has done all it reasonably can to protect the foster children in its care from harm and is not indifferent to the children's needs. The foster children in this region have been given sufficient food, clothing, shelter, and medical care." (Ds' Ex. BB at ¶ 4, attached hereto as Ex. 10).

### Queen Coleman Affidavit:

- "MDHS has never been indifferent to Jamison's needs. All of Jamison's basic needs have been met including sufficient food, clothing, shelter, and health care." (Ds' Ex. FF at ¶ 5, attached hereto as Ex. 11).

- "Our workers make sure that all our foster children's basic needs are taken care of and try to take care of as many of the children's wants as we can." (Ds' Ex. FF at ¶ 5, attached hereto as Ex. 11).

### Brenda Coe Affidavit:

- "MDHS has never been indifferent to Cody's needs.  Cody has been provided with adequate food, clothing, shelter, and medical care, and MDHS has done what it reasonably can to protect him from harm." (Ds' Ex. GG at ¶ 5, attached hereto as Ex. 12).

**Earnest Johnson Affidavit:**

- "MDHS has never been indifferent to the needs of the W children. The W children have been provided with adequate food, clothing, shelter, and medical care, and MDHS has done what it reasonably can to keep them safe from harm." (Ds' Ex. HH at ¶ 3, attached hereto as Ex. 13).

Plaintiffs respectfully request that these factually and legally conclusory statements be stricken pursuant to Rule 56(e).  A proposed Order is attached as Exhibit 14 and has been electronically submitted to the District Court Judge pursuant to Section 5B of the Administrative Procedures for Electronic Case Filing for the U.S. District Court for the Southern District of Mississippi.

Respectfully submitted, this 18th day of May, 2006.

/s Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Susan Lambiase (MBN 43992 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara Crean (MBN 44447 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Ave, 4th Floor

       New York, NY 10001
       Telephone:  (212) 683-2210

       John Lang (MBN 43987 *pro hac vice*)
       Christian Carbone (MBN 43986 *pro hac vice*)
       John Piskora (MBN 44474 *pro hac vice*)
       LOEB & LOEB LLP
       345 Park Avenue
       New York, NY 10154
       Telephone:  (212) 407-4000

       *PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2006, I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

       Dewitt L. ("Rusty") Fortenberry Jr., Esq.
       Kenya Key Rachal, Esq.
       Gretchen L. Zmitrovich, Esq.
       Ashley Tullos Young, Esq.
       BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
       4268 I-55 North
       Meadowbrook Office Park
       Jackson, Mississippi 39211

       Harold E. Pizzetta, III, Esq.
       Assistant Attorney General
       General Civil Division
       Carroll Gartin Justice Building
       430 High Street
       Jackson, Mississippi  39201

       *Attorneys for Defendants*

       /s Melody McAnally