Not Reported in F.Supp.2d **Page 1**
Not Reported in F.Supp.2d, 1999 WL 796215 (E.D.La.), Prod.Liab.Rep. (CCH) P 15,676
(Cite as: 1999 WL 796215 (E.D.La.))

Motions, Pleadings and Filings

United States District Court, E.D. Louisiana.
Kenneth PETERSON, Sr.
v.
FORD MOTOR COMPANY
No. CIV. A. 96-1902.

Sept. 30, 1999.

ORDER AND REASONS

LIVAUDAIS, District J.

*1 Defendant Ford Motor Company ("Ford") has filed motions to exclude: 1) the expert testimony of Plaintiff Kenneth Peterson, Sr.'s expert, Neil J. Mizen; 2) all references to and evidence of Owner Notification Program No. 96B82; 3) all references to Technical Services Bulletin No. 93-14-22; 4) all references to and evidence of consumer complaint reports received by Ford; 5) all testimony or evidence relating to two unrelated cases, *Williams v. Ford Motor Co.* and *Bruce v. Ford Motor Co.*; and 6) all testimony or evidence relating to other front end accessory drive belt failures, slippage or detachment. Plaintiff Kenneth Peterson, Sr. opposes all motions except number 4.

Plaintiff was injured on or about June 5, 1995 while he was operating a Ford F-250 Series pickup truck on Interstate Highway 55 near Kentwood Louisiana. As he was driving, the truck allegedly lost power steering support, which resulted in a loss of control of the truck. Later in the same day, the vehicle again allegedly malfunctioned in a similar fashion although not as severely.

Plaintiff alleges that as a result of the loss of power steering support in the vehicle, he was injured in his lower back and bruised badly about many parts of his body. Following these incidents plaintiff missed approximately three months of work and thereafter was returned to work only at his own request although he continued to suffer with symptoms.

Plaintiff alleges that the loss of power steering support was caused by a serpentine belt and power steering pump failure, which in turn caused the pickup truck to become unsteerable. Plaintiff also alleges that the truck is unreasonably dangerous and defective in its design, manufacture, construction, composition and assembly and through failure to provide adequate warning.

Defendant Ford Motor Company denies plaintiff's averments and asserts that the incidents occurred because the 1992 Ford F-250 pickup truck was overloaded by more than 1,000 pounds. Ford contends that the power steering pump did not malfunction, and that the power steering pump could not cause the steering wheel to turn or cause the driver to lose control of the vehicle.

### Motion 1

Defendant's Motion *in Limine* number 1 is to exclude the expert testimony of plaintiff's expert, Neil J. Mizen. The admissibility of expert testimony is governed by Federal Rule of Evidence 702 which states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

28 U.S.C.A. § 702

Plaintiff's expert Neil J. Mizen qualifies as an expert by education and experience. He holds Bachelor of Science and Master of Science degrees in Mechanical Engineering from the University of Wisconsin. He has worked in the mechanical engineering field from 1961 to the present. Finally, he has qualified as an expert witness in previous cases in Louisiana, as well as in other states of competent jurisdiction.

*2 Since plaintiff's expert meets the requisites of Rule 702, defendant's motion to exclude his testimony must fail.

### Motion 2

Defendant's Motion *in Limine* number 2 is to exclude evidence of Ford Owner Notification Program No. 96B82. Ford argues that this notification program is a subsequent remedial measure, governed by Rule 407 of the Federal Rules of Evidence. Rule 407 states:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
(Cite as: 1999 WL 796215, *2 (E.D.La.))

Page 2

previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.
28 U.S.C.A. § 407

Rule 407 rests on a "policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Advisory Committee Note, Rule 407. Its purpose is to permit people to improve their products without running the risk of increasing their liability. *Bauman v. Volkswagenwerk Aktiengesellschaft*, 621 F.2d 230, 233 (6th Cir.1980). Evidence of subsequent remedial measures or design changes are inadmissible to prove a defect in products liability cases. *Id.* at 232-233.

However, Ford explicitly denies that there was a defect of the product in question. In its motion, Ford states that it denies that disengagement of the front end accessory drive belt could cause the steering wheel to rotate as averred in plaintiff's complaint. Essentially Ford is saying that the product functions adequately and as intended. Therefore, Owner Notification Program 96B82 cannot be a subsequent remedial measure, since, as Ford contends, no remedial measures are necessary. For these reasons, defendant's Motion *in Limine* to exclude evidence of Owner Notification Program No. 96B82 fails.

Motion 3
Defendant's Motion *in Limine* number 3 is to exclude all evidence related to Ford Technical Service Bulletin No. 93-14-22. Ford's argument is that this evidence is not relevant, since the Technical Service Bulletin regards a mechanical part that was not standard on the vehicle in question.

However, defendant itself produced this service bulletin due to a discovery request. Ford would not have produced the bulletin if it had thought it irrelevant, since to have done so would have been a violation of the discovery rules. 28 U.S.C.A. § 34.

In addition, defendant did not make its motion to exclude the Technical Service Bulletin until after plaintiff's expert had relied heavily on it in his deposition. Plaintiff's expert used the Technical Service Bulletin to exhibit a pattern of difficulty Ford has had in similar vehicles in the past.

*3 Finally, including the evidence does not work undue prejudice on the defendant. It would be quite simple for Ford's experts to explain that the mechanical part that is the focus of Technical Service Bulletin No. 93-14-22 was not standard on the vehicle in question. For these reasons, defendant's motion must fail.

Motion 4
Defendant's Motion *in Limine* number 4 seeks to exclude evidence of customer complaints. Ford presents two arguments supporting its motion. The first is that the customer compliant reports are inadmissible because they do not involve facts or circumstances substantially similar to the facts at issue in this case. Second, Ford argues that the customer complaint reports are inadmissible hearsay and should be excluded under Federal Rules of Evidence 801 and 802.

Plaintiff does not oppose defendant's motion to exclude the customer complaint reports, except as to the testimony of Huey Stockstill, Sr. and his employees. Therefore defendant's motion to exclude evidence of customer complaints is granted, except as in regards to Huey Stockstill, Sr. and his employees.

Motion 5
Defendant's Motion *in Limine* number 5 seeks to exclude all evidence relating to *Williams v. Ford Motor Co.*, and *Bruce v. Ford Motor Co.* Defendant argues that the allegations and facts in those cases are not closely or substantially similar to the allegations and facts of this case.

Both the *Williams* and the *Bruce* case involve a Ford F-350 Series pickup truck. However, as Ford's expert Mr. Corwin notes in his deposition, the steering system, the steering gear, the power steering pump, the steering column assembly and suspension components, as well as the front end accessory drive system are identical to the ones in a Ford F-250 Series pickup truck.

Also, it was Mr. Corwin who initially made reference to these two cases in his deposition. He

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
(Cite as: 1999 WL 796215, *3 (E.D.La.))

Page 3

noted that Ford had done extensive testing on the F-350 Series pickup truck in preparation for both the *Williams* and the *Bruce* case. Mr. Corwin made these references *sua sponte* and relied on them in his deposition.

For these reasons, defendant's motion to exclude all evidence regarding the *Williams* and *Bruce* cases must fail.

### Motion 6

Defendant's Motion *in Limine* number 6 seeks to exclude evidence of other front end accessory drive failures. Defendant argues that this evidence, which includes statements made to plaintiff and his expert witness, constitutes hearsay under Federal Rule of Evidence 801(c). However, the parties that made the statements to the plaintiff and his expert witness are listed as witnesses in this action and are therefore available for cross examination by defendant

Next, defendant argues that the evidence of other front end drive belt problems should be excluded because there is no showing that the alleged failures are substantially similar to the incidents in this case. However, as the court in *Jackson v. Firestone Tire & Rubber Co.* held, the "substantially similar" predicate for the proof of similar accidents is defined by the defect or product at issue. 788 F.2d 1070, 1082 (5th Cir.1986). Any differences in circumstances surrounding the occurrences goes merely to the weight to be given to the evidence. *Id.*

*4 Finally, defendant argues that plaintiff should be precluded from introducing any evidence of other incidents or claims because it would be prejudicial and would confuse the jury. Federal Rule of Evidence 403 allows relevant evidence to be excluded if its probative value is substantially outweighed by the danger of undue prejudice or confusion of the issues. 28 U.S.C.A. § 403. However, as has been noted, virtually all evidence is prejudicial, otherwise it would not be material. *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 340 (5th Cir.1980). In the present case, the inclusion of evidence of other incidents or claims does not work a substantial hardship on the defendant, and therefore can be presented.

In addition, the presentation of this evidence is not likely to confuse the jury since the entire case revolves around the alleged malfunctioning of certain components of the steering system of Ford F-250 Series pickup trucks. For these reasons, defendant's sixth and final motion must fail.

### Conclusion

Accordingly, for the above and forgoing reasons,

IT IS ORDERED that defendant's motion to exclude the testimony of plaintiff's expert Neil J. Mizen be and is hereby DENIED;

IT IS FURTHER ORDERED that the defendant's motion to exclude evidence of Owner Notification Program No. 96B82 be and is hereby DENIED;

IT IS FURTHER ORDERED that defendant's motion to exclude all evidence related to Ford Technical Service Bulletin No. 93-14-22 be and is hereby DENIED;

IT IS FURTHER ORDERED that defendant's motion to exclude evidence of customer complaints be and is hereby GRANTED, except as regards Huey Stockstill, Sr. and his employees;

IT IS FURTHER ORDERED that defendant's motion to exclude all evidence relating to *Williams v. Ford Motor Co.* and *Bruce v. Ford Motor Co.* be and is hereby DENIED;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's motion to exclude all evidence of other front end drive accessory failures be and is hereby DENIED.

Not Reported in F.Supp.2d, 1999 WL 796215 (E.D.La.), Prod.Liab.Rep. (CCH) P 15,676

Motions, Pleadings and Filings (Back to top)

. 1999 WL 34000510T1 (Trial Motion, Memorandum and Affidavit) Joint Motion to Dismiss (Dec. 23, 1999)

. 1999 WL 34000509T1 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant Ford Motor Company's Motion in Limine No. 5 to Exclude all Evidence Relating to Two Unrelated Cases (Sep. 7, 1999)

. 2:96CV01902 (Docket) (Jun. 04, 1996)

. 1996 WL 33689936T1 (Trial Pleading) Complaint

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
(Cite as: 1999 WL 796215, *4 (E.D.La.))

Page 4

(1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
(Cite as: 1999 WL 796215, *4 (E.D.La.))