IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                            PLAINTIFFS

v.                                                    CIVIL ACTION NUMBER 3:04CV251

HALEY BARBOUR,
as Governor of the State of Mississippi, *et al.*                              DEFENDANTS

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION FOR ABSTENTION

W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Susan Lambiase (MBN 43992 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara Crean (MBN 44447 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Ave, 4th Floor
New York, NY 10001
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone:  (212) 407-4000

4/84632.1

## **TABLE OF CONTENTS**

                                                                                                                                                                   PAGE

TABLE OF CONTENTS………………………………………………………………………… ii

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT ..........................................................................................................................2

I.       Defendants' "Reassertion" Is Procedurally Improper ........................................................2

II.     This Court Correctly Held That *Younger* Abstention Is Not Warranted...........................4

        A.       The Relief Sought Would Not Interfere With Any Ongoing State Proceeding. ................................................................................................4

        B.       Abstention Would Deprive The In-Custody Class Of A Forum For Redress of Their Claims. ......................................................................................9

CONCLUSION ....................................................................................................................11

CERTIFICATE OF SERVICE .............................................................................................13

## TABLE OF AUTHORITIES

**CASES**                                                                                                         **Page(s)**

31 Foster Children v. Bush,
  329 F.3d 1255 (11th Cir. 2003),
  cert. denied sub nom Reggie v. Bush, 540 U.S. 984 (2003) ............................................................ 7

Allen v. Louisiana State Bd. of Dentistry,
  835 F.2d 100 (5th Cir. 1988) ............................................................................................................ 5

American Bankers Ass'n v. Booth,
  830 So. 2d 1205 (Miss. 2002) .................................................................................................. 10, 11

Atkins v. Marathon Le Torneau Co.,
  130 F.R.D. 625 (S.D. Miss. 1990) ................................................................................................... 3

Boyle v. Landry,
  401 U.S. 77 (1971) ........................................................................................................................... 6

Brian A. v. Sundquist,
  149 F. Supp. 2d 941 (M.D. Tenn. 2000) .................................................................................... 7, 10

Burton v. Banks,
  No. 3:05CV725, 2006 WL 1028886 (S.D. Miss. 2006) .................................................................. 3

Casket Royale, Inc. v. Mississippi,
  124 F. Supp. 2d 434 (S.D. Miss. 2000) ........................................................................................... 6

Chancery Clerk of Chickasaw County v. Wallace,
  646 F.2d 151 (5th Cir. 1981) ..................................................................................................... 5, 11

Colorado River Water Conservation Dist. v. United States,
  424 U.S. 800 (1975) ........................................................................................................................ 4

Diamond Offshore Co. v. A&B Builders, Inc.,
  302 F.3d 531 (5th Cir. 2002) ........................................................................................................... 4

Doran v. Salem Inn, Inc.,
  422 U.S. 922 (1975) ........................................................................................................................ 6

Evanston Ins. Co. v. Jimco,
  844 F.2d 1185 (5th Cir. 1988) ....................................................................................................... 10

Hicks v. Miranda,
  422 U.S. 332 (1975) ........................................................................................................................ 6

Huffman v. Pursue, Ltd,
    420 U.S. 592 (1975) .................................................................................................... 6

Joseph A. v. Ingram,
    275 F.3d 1253 (10th Cir. 2002) ............................................................................... 8, 9

Joseph A. v. Ingram,

No. Civ. 80-623 JC/DJS, Slip Op. (D.N.M. Jan. 16, 2003) ............................................... 9

Judice v. Vail,
    430 U.S. 327 (1977) .................................................................................................... 6

K.H. v. Morgan,
    No. 87 C 9833, 1989 WL 105279 (N.D. Ill. Sept. 8, 1989) ........................................ 5

Kenny A. v. Perdue,
    218 F.R.D. 277 (N.D. Ga. 2003) ..................................................................... 6, 7, 10

Kugler v. Helfant,
    421 U.S. 117 (1975) .................................................................................................... 6

L.H. v. Jamieson,
    643 F.2d 1351 (9th Cir. 1981) .................................................................................... 7

LaShawn A. v. Kelly,
    990 F.2d 1319 (D.C. Cir. 1993) ................................................................................ 10

Louisiana Debating & Literary Ass'n v. City of New Orleans,
    42 F.3d 1483 (5th Cir. 1995) ................................................................................. 4, 5

Marisol A. v. Giuliani,
    929 F. Supp. 662 (S.D.N.Y. 1996) .............................................................................. 5

Middlesex County Ethics Comm. v. Garden State Bar Ass'n,
    457 U.S. 423 (1982) .................................................................................................... 6

Moore v. Sims,
    442 U.S. 415 (1979) .................................................................................................... 6

New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,
    491 U.S. 350 (1989) .................................................................................................... 5

O'Shea v. Littleton,
    414 U.S. 488 (1974) .................................................................................................... 6

Office of Child Advocate v. Lindgren,
    296 F. Supp. 2d 178 (D.R.I. 2004) ............................................................................. 7

Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,
    477 U.S. 619 (1986) ........................................................................................................... 6

Olivia Y. v. Barbour,
    351 F. Supp. 2d 543 (S.D. Miss. 2004) ..................................................................... *passim*

Olivia Y. v. Barbour,
    Civ. No. 3:04CV251LN, Slip Op. (S.D. Miss. Mar. 11, 2005) ..................................... 1, 9

Pennzoil Co. v. Texaco. Inc.,
    481 U.S. 1 (1987) ............................................................................................................... 6

People United for Children v. City of New York,
    108 F. Supp. 2d 275 (S.D.N.Y. 2000) ............................................................................. 10

Perez v. Ledesma,
    401 U.S. 82 (1971) ............................................................................................................. 6

Samuels v. Mackell,
    401 U.S. 66 (1971) ............................................................................................................. 6

Schiller v. Physicians Res. Group, Inc.,
    342 F.3d 563 (5th Cir. 2003) ............................................................................................. 3

Trainor v. Hernandez,
    431 U.S. 434 (1977) ........................................................................................................... 6

West Side Transport v. APAC Mississippi, Inc.,
    237 F. Supp. 2d 707 (S.D. Miss. 2002) ............................................................................. 4

Younger v. Harris,
    401 U.S. 37 (1971) ......................................................................................................... 4, 6

## OTHER AUTHORITIES

Fed. R. Civ. P. 59(e) ................................................................................................................ 3, 4

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this memorandum in opposition to Defendants' second motion for abstention. By its opinion in *Olivia Y. v. Barbour*, 351 F. Supp. 2d 543, 570 (S.D. Miss. 2004), this Court denied Defendants' original motion seeking *Younger* abstention because it was

> hard-pressed to conclude that any specific relief plaintiffs seek in this action would necessarily interfere with ongoing youth court proceedings. Or stated another way, it is not apparent that *all* the relief plaintiffs might request would interfere, either directly or indirectly, with ongoing youth court proceedings.

Defendants, relying upon the same arguments previously considered by the Court, now purport to "reassert" their request for abstention without pointing to any new authority or factual basis in support.

Abstention is still unwarranted. As Defendants are fully aware, Plaintiffs are not now, and have never, challenged any Mississippi Youth Court Proceedings or the judgments issued from them. Rather, as previously recognized by this Court, Plaintiffs are challenging a number of systematic failures of the foster care system as operated by Defendants, and seeking prospective injunctive and declaratory relief solely against these Defendants to bring a stop to the harms to Plaintiffs as a direct result of these failures. Indeed, since this Court first rejected abstention, the Court has certified a statewide class of all children in DHS custody, and acknowledged that the thrust of Plaintiffs' claims is equitable relief from agency shortcomings that harm foster children. *See Olivia Y. v. Barbour*, Slip Op. (March 11, 2005) ("plaintiffs have identified alleged shortcomings by DHS, in terms, *inter alia*, of its staffing, policies and practices, which if proven, could readily be found to place every child in DHS custody at substantial risk of harm.") (attached as Ex. 1). Moreover, extensive discovery has confirmed that the systemic deficiencies Plaintiffs allege place them at substantial risk of harm. *See generally*

Pls.' Mot. for Summary J. on Liability and Pls.' Mem. in Support.  Defendants' expert, Dr. Sue Steib of the Child Welfare League of America, confirms that (1) "DFCS is under-staffed at all levels;" (2) there is limited or no training for caseworkers and supervisors; and (3) a lack of resources hampers the delivery of services to children and families, most notably for placements. Steib Expert Rpt. at i-ii (attached as Ex. 2).  As this Court has already observed, addressing these deficiencies, far from interfering with youth court proceedings, would assist the youth court in accomplishing its important goals.  *See Olivia Y.*, 351 F. Supp. 2d at 570.

Whether characterized as a "reassertion," reargument, or an application for reconsideration, Defendants' contention that federal jurisdiction is unwarranted because these systematic deficiencies can somehow be addressed on a case-by-case basis, in individual youth court foster care review proceedings – where class action treatment is unavailable – is simply not credible.  Defendants' renewed efforts to foreclose Plaintiffs' access to the federal courts should, again, be rejected.

## ARGUMENT

### I.     Defendants' "Reassertion" Is Procedurally Improper

At the inception of this action, Defendants' maintained that the *Younger* abstention doctrine required dismissal of Plaintiffs' constitutional claims because, they argued, the relief sought by Plaintiffs would interfere with ongoing Mississippi Youth Court Proceedings. Defendants specifically argued, among other things, that the Mississippi Youth Court Law conferred exclusive original and continuing jurisdiction in all proceedings regarding a child removed from the control of his or her parents.  Defendants further submitted that because the youth court was conferred with the authority to issue all writs and processes necessary to carry

out their duties, any federal action seeking to assert the children's constitutional rights would, by definition, unduly interfere with the ongoing youth court proceedings.

This Court engaged in a thorough analysis of Defendants' arguments, including the statutory framework of the Mississippi Youth Court Law, and denied Defendants' motion. *See Olivia Y.*, 351 F. Supp. 2d at 566-570. The Federal Rules of Civil Procedure do not recognize motions seeking to "reassert" positions that have already been decided by the court. To the extent that Defendants' application constitutes a request for reconsideration, the application should be analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. An order may be altered or amended under Rule 59(e) only if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to the entry of the order in question; or (3) an intervening change in controlling law occurred. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Burton v. Banks*, No. 3:05CV725, 2006 WL 1028886 (S.D. Miss. 2006) (treating plaintiff's motion for "rebuttal" as motion for reconsideration) (attached as Ex. 3).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully avoid using a reconsideration motion as a pretext for one additional chance to sway the Court. *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). As set forth below, Defendants cannot carry their burden of establishing that reconsideration is warranted on the issue of abstention. Defendants do not argue that the Court's prior ruling was based upon manifest errors of law or fact. Defendants raise no new issues of fact that would affect the denial of their prior motion and rely on the very same cases that were previously considered by the Court. In fact, the only new developments fully support continued jurisdiction in this Court: (1) class certification; and (2) discovery confirming all of Defendants' systemic deficiencies, which

can only be addressed by class-wide relief. Defendants' motion fails to meet even the threshold requirements of Rule 59(e).

## II. This Court Correctly Held That *Younger* Abstention Is Not Warranted

Defendants' renewed abstention request is based on the same constrained and untenable application of the *Younger* abstention doctrine that was originally rejected by this Court. *See generally Younger v. Harris*, 401 U.S. 37 (1971); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1975) (Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."); *Diamond Offshore Co. v. A&B Builders, Inc.,* 302 F.3d 531, 538 (5th Cir. 2002); *West Side Transport v. APAC Mississippi, Inc.*, 237 F. Supp. 2d 707, 717 (S.D. Miss. 2002) (Lee, J.) ("[T]he court's task is not to find some substantial reason for the exercise of jurisdiction, but to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction.").

*Younger* abstention is not appropriate unless (1) a federal court's grant of injunctive or declaratory relief would interfere with an ongoing state court proceeding, (2) the state proceeding implicates important state interests, and (3) the ongoing state court proceeding provides plaintiffs an adequate opportunity to assert their federal rights. *See Louisiana Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1490 (5th Cir. 1995).

### A. The Relief Sought Would Not Interfere With Any Ongoing State Proceeding.

The first *Younger* factor requires a court to consider whether a federal court decision would interfere with ongoing state judicial proceedings. "The first of the three factors springs from the obvious point that when no state proceedings are pending, a federal action does not interfere with or insult state processes and the policies on which the *Younger* doctrine is

premised have little force . . . ." *Louisiana Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1490 (5th Cir. 1995) (internal quotations omitted); *Chancery Clerk of Chickasaw County v. Wallace*, 646 F.2d 151, 155 (5th Cir. 1981) ("the lack of an ongoing state proceeding renders Younger abstention . . . inapplicable").

Even if the youth court proceedings are considered ongoing,[1] the relief sought by Plaintiffs would not interfere with those proceedings. Defendants' again fail to address binding Supreme Court and Fifth Circuit precedent establishing that where, as here, the requested relief is directed solely to the state executive branch (and not the courts), the granting of such relief does not interfere with any ongoing state judicial proceeding. *See New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*") ("[I]t has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action. Such a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States."); *Allen v. Louisiana State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988) (holding that "[plaintiff's] request for injunctions preventing the Board from threatening his employees or invading his privacy are not requests to enjoin state court proceedings and thus

---

[1]Although Plaintiffs appreciate that the Court has already determined that the youth court's continuing jurisdiction satisfies *Younger's* "ongoing proceeding" requirement, there is ample authority for the Court to find otherwise. *See, e.g., Chancery Clerk of Chickasaw County v. Wallace*, 646 F.2d 151 (5th Cir. 1981) (finding that involuntary mental heal commitment proceedings and ongoing judicial oversight were not "ongoing" proceedings rendering *Younger* inapplicable); *K.H. v. Morgan*, No. 87 C 9833, 1989 WL 105279, *4 (N.D. Ill. Sept. 8, 1989) ("None of the juvenile court's isolated orders can be considered a *pending* state proceeding, those self-contained proceedings have been concluded. . . . Nor does the mere fact of continuing jurisdiction by the juvenile court over K.H.'s affairs require[] abstention here") (attached as Ex. 4); *see also Marisol A. v. Giuliani*, 929 F. Supp. 662, 688-89 (S.D.N.Y. 1996) (declining to invoke *Younger* abstention where the state defendants did not indicate any pending state proceeding in which the plaintiffs would have the opportunity to present the federal claims raised in the complaint, but rather relied on summary argument that "every child who is subject to New York's child protective system is also subject to a Family Court action in which the [constitutional] claims raised here can be litigated").

they too fall outside the scope of *Younger*"); *see also Casket Royale, Inc. v. Mississippi*, 124 F. Supp. 2d 434, 437 & n.7 (S.D. Miss. 2000) (declining to abstain pursuant to *Younger* on the basis that "should this court enjoin the members of the Mississippi State Board of Funeral Service from enforcing the funeral statutes . . . , nothing in such an injunction issued by this court would be directed toward a state court which would in any way interfere with [pending prosecutions]").[2]

Abstention has been consistently rejected in foster care class actions for lack of interference with youth court proceedings. *See Kenny A. v. Perdue*, 218 F.R.D. 277, 286 (N.D. Ga. 2003) (declining to abstain under *Younger* because the declaratory and injunctive relief sought was "not directed at [plaintiffs'] review hearings, or at Georgia's juvenile courts," but rather was directed "solely at *executive* branch defendants to remedy their alleged failures as

---

[2] The Supreme Court has only invoked *Younger* abstention when the relief sought by the federal plaintiff would effectively <u>terminate</u> the affected state proceeding. *See Pennzoil Co. v. Texaco. Inc.*, 481 U.S. 1 (1987) (to enjoin attempts to enforce judgment or obtain lien); *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619 (1986) (to enjoin Civil Rights Commission from exercising jurisdiction over sex discrimination claim); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (to enjoin state attorney disciplinary proceeding); *Moore v. Sims*, 442 U.S. 415 (1979) (to enjoin state neglect/abuse proceeding); *Trainor v. Hernandez*, 431 U.S. 434 (1977) (injunction for return of attached property); *Judice v. Vail*, 430 U.S. 327 (1977) (to enjoin enforcement of state contempt and subpoena statutes in supplemental proceeding brought to collect judgments); *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975) (*Younger* applied to action to enjoin prosecutions that had been initiated, but did not apply to action for declaratory relief and an injunction against enforcement of ordinance brought by separate operator who ceased offending practice and was, therefore, not prosecuted); *Hicks v. Miranda*, 422 U.S. 332 (1975) (declaratory relief of unconstitutionality of obscenity statute at issue in criminal proceeding initiated immediately after federal suit brought); *Kugler v. Helfant*, 421 U.S. 117 (1975) (to enjoin criminal prosecution); *Huffman v. Pursue, Ltd,*, 420 U.S. 592 (1975) (to enjoin state court proceeding to enforce order to close theater as public nuisance and for declaration that nuisance statute was unconstitutional); *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (the order Plaintiffs sought "would contemplate interruption of state [criminal] proceedings to adjudicate assertions of noncompliance [with the federal order] . . . which would indirectly accomplish the kind of interference that *Younger v. Harris*, supra, and related cases sought to prevent"); *Perez v. Ledesma*, 401 U.S. 82 (1971) (to enjoin prosecution and declare obscenity statute unconstitutional); *Younger v. Harris*, 401 U.S. 37 (1971) (to enjoin a criminal prosecution); *Samuels v. Mackell*, 401 U.S. 66 (1971) (action for declaration that statue underlying prosecution was unconstitutional); *Boyle v. Landry*, 401 U.S. 77 (1971) (injunction against prosecution of intimidation statutes was improper).

plaintiffs' custodians"); *Brian A. v. Sundquist*, 149 F. Supp. 2d 941, 957 (M.D. Tenn. 2000) (refusing to abstain, noting that "nothing about [the current] litigation seeks to interfere with or enjoin [youth court] proceedings. Rather, Plaintiffs seek injunctive relief against the Department of Children's Services, not the courts."); *see also L.H. v. Jamieson*, 643 F.2d 1351, 1354 (9th Cir. 1981) (finding *Younger* abstention unwarranted because the relief sought did not "have the wholly disruptive consequences associated with enjoining a state judicial proceeding," even though the relief might affect pending and ongoing judicial proceedings by providing the court with more dispositional alternatives).

As this Court has already noted, the relief requested here closely parallels that sought in *Kenny A.*, in which the court rejected defendants' abstention arguments:

> If these claims are proven, an order by this Court remedying such failures would not interfere in any way with ongoing juvenile court proceedings. To the contrary, the relief sought by plaintiffs would at most simply support and further the juvenile court's own mission of ensuring that children removed from their parents' custody because of abuse or neglect are not further harmed when the juvenile court orders them into the custody of the state. Thus, for example, plaintiffs seek relief to ensure that caseloads are reduced to a reasonable level. The only conceivable effect on state court proceedings that could flow from such relief would be caseworkers appearing in juvenile court who are better prepared because they have reasonable caseloads.

*Olivia Y.*, 351 F. Supp. 2d at 569-570 (footnote omitted) (quoting *Kenny A.*, 218 F.R.D. at 286); *see also Office of Child Advocate v. Lindgren*, 296 F. Supp. 2d 178, 192 (D.R.I. 2004) (holding that the court's enforcement of a consent decree against the Department for Children, Youth and their Families, an agency of the state executive branch, would not interfere with state court proceedings).

Defendants' reliance on *31 Foster Children v. Bush*, 329 F.3d 1255 (11th Cir. 2003), *cert. denied sub nom Reggie v. Bush,* 540 U.S. 984 (2003), is still misplaced. The relief request that was pivotal in the court's finding of interference in *31 Foster Children* is completely absent from the case at bar. In that case, plaintiffs asked the court to appoint a panel with "authority to

implement a systemwide plan to revamp and reform dependency proceedings in Florida, as well as the appointment of a permanent Children's Advocate to oversee that plan." *31 Foster Children,* 329 F.3d at 1279. The court held that the requested relief could lead the federal court, in its continuing role of overseer, to interfere with state courts by issuing conflicting orders concerning what is best for a particular plaintiff.

Plaintiffs here do not seek to reform youth court proceedings or the appointment of an oversight panel to do so. This Court is not being asked to make individual service determinations as to any particular child. Plaintiffs merely seek a declaration that Defendants have violated Plaintiff's constitutional rights and an order mandating that the Defendants take appropriate remedial action—solely within the executive branch—to ensure that Plaintiff's rights are protected prospectively.

Defendants' reliance on *Joseph A. v. Ingram*, 275 F.3d 1253 (10th Cir. 2002), for the proposition that this Court should engage in a "provision-by-provision" *Younger* analysis, is curiously misplaced. *Joseph A.* involved the enforcement of a consent decree and a stipulated exit plan designed to permit the defendant, New Mexico's Department of Human Services (and its successor), to remove themselves from federal jurisdiction after nearly twenty years of litigation. After the defendant was found to be in contempt, the parties entered into a stipulated exit plan, which contained an agreed-upon series of specific bench marks. Plaintiffs subsequently contended that the defendant had failed to comply with the stipulated exit plan and moved for contempt. The defendants moved to dismiss contending that *Younger* abstention was warranted. The district court granted defendant's motion and dismissed the action in its entirety. Plaintiffs appealed to the Tenth Circuit which <u>vacated</u> the district court's dismissal and <u>remanded</u> the case to the lower court with the instruction that the court engage in a provision-by-provision

analysis of the stipulated exit plan to determine which, if any, of its requirements would unduly interfere with ongoing state court proceedings and, accordingly, warrant abstention.  Thus, as this Court has already held, *Joseph A.* stands for the proposition that *Younger* abstention is only warranted when all of the relief plaintiffs seek would unduly interfere with ongoing state court proceedings.  *Olivia Y.*, 351 F. Supp. 2d at 570.

The *Joseph A.* court specifically noted that the lower court's broad abstention determination was in error because several of the stipulated exit plan's provisions, such as social worker qualifications and training, did not bear any risk of interfering with ongoing state court proceedings.  On remand, the district court concluded that none of the consent decree's disputed provisions warranted federal court abstention.  *Joseph A.*, No. Civ. 80-623 JC/DJS, Slip op. (D.N.M. Jan. 16, 2003) (attached as Ex. 5).  There is no reason why this Court is not similarly capable of a provision-by-provision analysis once liability has been established to ensure that any remedies imposed by the Court will strike the appropriate balance between redressing Plaintiffs' constitutional deprivations and avoiding any undue interference with the youth court.  As this Court stated in its Order granting Plaintiffs' motion for class certification:

> the fact that it could prove difficult to fashion fully responsive and effective injunctive relief (in the event that violation(s) are proven) is not a basis for refusing to undertake the task in the first place.  That is to say, the court does not perceive this to be an impossible undertaking, and it is not one the court is unwilling to assume.

*Olivia Y.*, No. 3:04CV251, Slip op. (S.D. Miss. Mar. 11, 2005) (Ex. 1).

### B. Abstention Would Deprive The In-Custody Class Of A Forum For Redress of Their Claims.

Defendants cannot dispute that class actions are not available in Mississippi courts, and individual youth court proceedings would not afford Plaintiffs an adequate opportunity to raise their constitutional claims.  There is no other forum where Plaintiffs' class-wide claims can be

heard and relief provided. The Fifth Circuit has held that the third *Younger* factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston Ins. Co. v. Jimco*, 844 F.2d 1185, 1193 (5th Cir. 1988). Numerous federal courts have held that state youth court proceedings are an inadequate forum to raise constitutional challenges to a state's foster care system. *See, e.g., LaShawn A. v. Kelly*, 990 F.2d 1319, 1322-23 (D.C. Cir. 1993) (*Younger* abstention held inapplicable despite family court neglect proceedings, review hearings and termination proceedings, because such proceedings were "questionable vehicles at best" for raising a multi-faceted, constitutional, class action challenge to the administration of the foster care system); *Brian A.*, 149 F. Supp. 2d at 957 (noting that "[a]lthough technically Plaintiffs could raise constitutional questions in their individual juvenile proceedings," no such proceeding could serve as an adequate forum for the broad injunctive relief that the class-action plaintiffs requested); *Kenny A.*, 218 F.R.D. at 287 ("plaintiffs' very status as children combine[d] with their lack of adequate adult representation . . . create insurmountable procedural obstacles … [and] preclude them from using the juvenile courts to protect their rights"); *People United for Children v. City of New York*, 108 F. Supp. 2d 275, 290-91 (S.D.N.Y. 2000) (abstention unwarranted because state "child neglect proceedings" would not afford the plaintiffs an adequate opportunity to raise their constitutional claims, as the state family court, which focused on narrow issues concerning the rights of individual children, could not adequately consider the federal class-action plaintiffs' claims in the context of a complicated lawsuit challenging the state's foster care policies).

The inadequacy of state youth court proceedings for the resolution of complex constitutional claims is greatly increased where, as here, the youth court does not have the power to hear class action claims. *See generally American Bankers Ass'n v. Booth*, 830 So. 2d 1205,

1214 (Miss. 2002). In this regard, Defendants again ignore Fifth Circuit precedent and cite contradictory authority from another circuit. The Fifth Circuit, in *Chancery Clerk of Chickasaw County v. Wallace*, 646 F.2d 151, 154-55 (5th Cir. 1981), rejected defendants' request that the court abstain from exercising its jurisdiction in a civil rights action challenging the constitutionality of Mississippi's procedures for the involuntary commitment of adults to state mental institutions, specifically holding that the lack of the class action vehicle rendered state proceedings inadequate:

> [W]e understand that, given the reluctance of Mississippi courts to countenance class actions at all, the mounting of a similar challenge offering the promise of comparable relief from a state court may be unworkable. Therefore, we doubt the feasibility of resolving the issues presented by this lawsuit in a Mississippi court. Even assuming the availability of an alternate forum for resolution of these [constitutional] issues in a state court, we see no basis for requiring *Pullman* abstention.

There is thus no possibility of achieving the systemic reform of DHS being sought by Plaintiff children to protect their constitutional rights statewide, including addressing those chronic agency deficiencies highlighted by Defendants' expert as to staffing, training, supervision and service resources, through thousands of individual litigations in youth courts through out the state. Moreover, such cases would pit isolated, and typically indigent, children against their far more powerful custodians in a contest the outcome of which would be foreordained. A level playing field in a federal forum is more than warranted.

## CONCLUSION

For the foregoing reasons, Defendants' renewed motion that this Court abstain from hearing this action should be denied.

Respectfully submitted, this 18th day of May, 2006.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)

4/84632.1                                      11

    Melody McAnally (MBN 101236)
    BRADLEY ARANT ROSE & WHITE LLP
    188 East Capitol Street, Suite 450
    Jackson, MS  39201
    Telephone:  (601) 948-8000
    Facsimile:  (601) 948-3000

    Stephen H. Leech (MBN 1173)
    850 East River Place, Suite 300
    Jackson, MS 39202
    Telephone:  (601) 355-4013

    Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
    Susan Lambiase (MBN 43992 *pro hac vice*)
    Eric E. Thompson (MBN 43993 *pro hac vice*)
    Tara Crean (MBN 44447 *pro hac vice*)
    Shirim Nothenberg (MBN 43990 *pro hac vice*)
    CHILDREN'S RIGHTS
    330 Seventh Ave, 4th Floor
    New York, NY 10001
    Telephone:  (212) 683-2210

    John Lang (MBN 43987 *pro hac vice*)
    Christian Carbone (MBN 43986 *pro hac vice*)
    John Piskora (MBN 44474 *pro hac vice*)
    LOEB & LOEB LLP
    345 Park Avenue
    New York, NY 10154
    Telephone:  (212) 407-4000

    *PLAINTIFFS' COUNSEL*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2006, I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

>Dewitt L. ("Rusty") Fortenberry Jr., Esq.
>Kenya Key Rachal, Esq.
>Gretchen L. Zmitrovich, Esq.
>Ashley Tullos Young, Esq.
>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
>428 I-55 North
>Meadowbrook Office Park
>Jackson, MS 39211
>Harold E. Pizzetta, III, Esq.
>Assistant Attorney General
>General Civil Division
>Carroll Gartin Justice Building
>430 High Street
>Jackson, Mississippi 39201
>
>*ATTORNEYS FOR DEFENDANTS*

                                                        /s Melody McAnally_____