**Westlaw.**

Slip Copy
Slip Copy, 2006 WL 1028886 (S.D.Miss.)
(Cite as: Slip Copy)

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. Mississippi, Jackson Division.
Shawn BURTON Plaintiff
v.
Teresa BANKS, et al. Defendants
No. Civ.A. 3:05CV725.

April 18, 2006.

Shawn Burton, Bruceton Mill, WV, pro se.
Jim Hood, Jerrolyn M. Owens, Office of the Attorney General, Jackson, MS, for Defendants.

*OPINION AND ORDER*
BARBOUR, J.
*1 This cause is before the Court on Plaintiff's Motion and Rebuttal for Failure to Exhaust all Claims, which the Court construes as a Motion to Reconsider. Having considered the Motion, Response and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion to Reconsider is not well taken and should be denied.

In an Opinion and Order dated March 22, 2006, and filed with the Clerk of the Court on the same day under docket entry no. 12, this Court granted Defendants' Motion to Dismiss. A Final Judgment dismissing the case without prejudice was entered under docket entry no. 13. It is important to note that Plaintiff Burton filed a pleading in response to the Motion to Dismiss in which he agreed that the case should be dismissed, without prejudice. Apparently experiencing a change of heart, Plaintiff filed the instant Motion to Reconsider on March 24, 2006. That Motion is now ripe for decision.

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 567 (5th Cir.2003) (citations omitted). The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. *Sturges v. Moore,* 73 Fed. App'x 777, 778 (5th Cir.2003) (citing *Ford v. Elsbury,* 32 F.3d 931, 937-38 (5th Cir.1994)).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon Le Torneau Co.,* 130 F.R.D. 625, 626 n. 1 (S.D.Miss.1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.*

Under the facts of this case and the standards set forth in *Schiller* and *Sturges,* Plaintiff has not carried his burden of establishing that reconsideration is warranted in this case. In the alternative, the Court has re-reviewed the original Motion to Dismiss and finds that it should be granted on the merits. That is, the case must be dismissed because Plaintiff failed to exhaust the required state court remedies prior to filing this habeas corpus proceeding.

*2 IT IS THEREFORE ORDERED that Plaintiff's Motion and Rebuttal for Failure to Exhaust all Claims (docket entry no. 14) is hereby denied.

SO ORDERED.

S.D.Miss.,2006.
Burton v. Banks
Slip Copy, 2006 WL 1028886 (S.D.Miss.)

Briefs and Other Related Documents (Back to top)

• 3:05cv00725 (Docket) (Jan. 12, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

