# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JAMES D. JOHNSON, as next friend to  **PLAINTIFFS**
Olivia Y., et al.

vs.   CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, as Governor of the   **DEFENDANTS**
State of Mississippi, et al.

---

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF BILL M. BRISTER, PH.D.

---

Defendants originally filed their Motion to Preclude the Testimony of Dr. Brister based on the criteria established by both Rule 702 of the Federal Rules of Evidence, and the United States Supreme Court in *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). In further support of their motion, Defendants state the following:

### I. Introduction

Dr. Brister, while certainly capable of rendering an expert opinion on the areas of finance and economics, is not qualified to render an expert opinion in the areas of state agency management and funding. Plaintiffs have misconstrued the analysis and thrust of Defendants' motion when they claim that the motion merely attacks the weight of Dr. Brister's proffered testimony and not his qualifications. For the reasons more fully set forth below, Dr. Brister's proffered testimony must be excluded from trial.

In the preliminary statement to their response to Defendants' Motion to Exclude Dr. Brister's testimony, Plaintiffs summarily state that Dr. Brister has three points or conclusions he has reached regarding Defendants' fiscal mismanagement of Mississippi child welfare system:

(1) that Defendants failed to request sufficient funding; (2) that Defendants' budget requests were based on inflated and unrealizable anticipated levels of federal funding; and (3) Defendants failed to maximize possible funds. According to Dr. Brister, these three shortcomings reflect the mismanagement alleged in Plaintiffs' complaint. Defendants filed the Motion to Preclude the Testimony because Dr. Brister is unable to provide a methodology supporting his conclusions.

Plaintiffs argue in their Response that Dr. Brister's proffered testimony *is* based upon sound and reliable methodologies based on his experience, knowledge, relevant standards and practices. Plaintiffs' Response at p.4. While it is true that Dr. Brister discussed those standards and practices *he* declared reasonable, he was unable to provide a book, treatise or any other source from which he derived his standards by which he judged Defendants.

**II.     Dr. Brister while qualified in the areas of economics and finance, is not qualified to render opinions on the fiscal management of a state agency.**

It is true that Dr. Brister has an extensive background in the areas of finance and economics. Plaintiffs must concede, however, that Dr. Brister does not have experience in managing, or even working for, a state agency—a point Dr. Brister admitted in his deposition testimony. Without state agency experience, Dr. Brister's qualifications as a possible expert witness on state agency procedures are necessarily called into question and must be challenged under Rule 702 and *Daubert*.

According to Rule 702 and *Daubert*, a trial court is to act as a gatekeeper to preclude at trial testimony from unqualified expert witnesses. As part of this gatekeeper function, a trial court relying on Rule 702's standards—knowledge, education, experience and/or training—must evaluate at the outset the proffered expert "qualifications to determine whether he can, in fact, testify as an expert. *See Vargas v. Lee,* 317 F.3d 498 (5th Cir. 2003); and *Watkins v. Telsmith, Inc.,* 121 F. 3d 984 (5th Cir. 1997). In the instant case, this gatekeeper function, aside from the

four factors outlined in *Daubert*,[1] works to preclude Dr. Brister's testimony due to his lack of experience in state agencies.

Plaintiffs' Response to Defendants' Motion to Exclude Dr. Brister's Testimony seeks to prove his qualifications as an expert witness by equating his years of academic experience in economics and finance with knowledge of the fiscal management of a state agency—a concept that simply does not work. Plaintiffs also attempt to bolster Dr. Brister's qualifications by highlighting his experience in directing a statewide evaluation of Mississippi's welfare reform, a role which does not on its surface provide Dr. Brister with experience in the fiscal management of a state agency. Finally, Plaintiffs summarily conclude that Dr. Brister is qualified to render an expert opinion in this matter since he has previously been qualified in state and federal courts in finance and economic issues; there is however, no indication that Dr. Brister has ever been qualified as an expert for state agency practices and procedures.

Plaintiffs also argue that Defendants are urging this Court to raise the bar for qualification of expert witness under Rule 702. Contrary to their argument, Defendants are simply asking the court to compare and contrast Dr. Brister's knowledge, skill, experience, training and education against his lack of experience with government employment, agency employment, agency management and funding procurement. Once this comparison is concluded it is clear that Dr. Brister is not qualified to render an expert opinion under Rule 702.

---

[1] (1) Whether the theory or technique has been tested; (2) Whether the theory or technique has been subjected to peer review or publication; (3) The potential error rate; and (4) Whether the relevant community accepts the theory or technique.

**III.     Comparing Dr. Brister's proffered testimony to the basic criteria established by *Daubert* proves his testimony must be excluded.**

As noted in the original Motion to Exclude Dr. Brister's testimony, the United States Supreme Court has outlined the bare minimum factors a trial court is to use when evaluating a potential expert witness's proffered expert testimony. These factors include, *at a minimum*:

1. Whether the theory or technique can be or has been tested;
2. Whether the theory or technique has been subject to peer review and publications;
3. The known or potential rate of error of the scientific technique; and
4. The amount of general acceptance of the theory in the relevant community.

*Daubert,* 509 U.S. at 593.

As the Supreme Court noted, and Plaintiffs concede, the above-listed factors are not exhaustive but are only a *minimum* set of criteria by which to judge proffered expert witness testimony. *Daubert,* 509 U.S. at 593-95; *See Also*, *Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, 244-45 (5th Cir. 2002). If the proposed expert testimony and opinion cannot survive a challenge pursuant to the *bare minimum* criteria, there is no need for further evaluation and the testimony must be excluded. Defendants argue that Dr. Brister's opinion and proposed testimony cannot survive a challenge based on even the *barest* minimal standards established by the Supreme Court in *Daubert* and must be excluded.

Plaintiffs' response attempts to prove the reliability of Dr. Brister's opinion and proposed testimony by outlining the analytical method he used, and comparisons he made, to render his opinion. Plaintiffs' Response at pp. 9-11. While Plaintiffs' statements are a true and accurate rendition of the work performed by Dr. Brister, there is no attempt to justify or explain Dr. Brister's methodologies used to render this opinion, a primary point argued by Defendants to exclude his testimony. As *Daubert* instructs, before testimony can be labeled *expert*, the

4

theory—or methodology—must survive the four basic criteria listed above. Dr. Brister's opinion does not satisfy these basic criteria.

Dr. Brister's deposition testimony is replete with examples of inability to provide a source for the standards he used to judge the Department of Human Services and Mississippi's child welfare system. In fact, Dr. Brister repeatedly testified he gauged Defendants' practices on standards which *he* deemed reasonable and professional, yet he was unable to provide any book, treatise, or other source defining those terms.

Specifically, as noted in Defendants' motion, when asked to define reasonable minimum professional standards (a term he repeatedly used throughout his deposition) Dr. Brister answered that those are "my standards" of reasonable and professional action. Brister deposition at p. 48; Defendants' Motion to Exclude Testimony at p. 5. In addition to his inability to provide a source, other than himself, for defining reasonable and professional standards, Dr. Brister could not point to any source which quantified these standards in any manner. *Id.*

There can be no doubt that Dr. Brister was unable to provide a source, other than himself, defining and outlining the standards he used to judge the actions of the Department of Human Services and Mississippi's child welfare system. His inability to cite to a source necessarily calls into question the methodologies used to render his opinion and ultimately, his testimony at trial. Because he cannot provide a source, his methodology cannot be replicated and cannot be judged by others (as it is too subjective), the *bare minimum* requirements established by *Daubert* cannot be satisfied. Necessarily, therefore, his proposed testimony must be excluded.

### IV. Conclusion

For the reasons contained in the original Motion, and in this Reply, Dr. Brister's testimony must be excluded.

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

BY:   /s/ Dewitt L. Fortenberry, Jr.
         Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS  39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York 10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg
Tara Crean, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York 10001

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the **30th** day of **May**, **2006**.

/s/ Dewitt L. Fortenberry, Jr.

7