IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES D. JOHNSON, as next friend to                                                  PLAINTIFFS
Olivia Y., et al.

vs.                                            CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, as Governor of the                                           DEFENDANTS
State of Mississippi, et al.

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR ABSTENTION BASED ON *YOUNGER V. HARRIS***

COME NOW Haley Barbour, as Governor of the State of Mississippi, Donald Taylor, as Executive Director of the Mississippi Department of Human Services, and Rickie Felder, as Director of the Division of Family and Children's Services ("Defendants"), by their attorneys of record, and submit this reply memorandum in support of their motion for abstention based on *Younger v. Harris.*

**I)     Introduction**

This court should abstain from hearing evidence and testimony as to the areas of placements and services of foster children in Mississippi. Defendants, through Mississippi statutory law, Youth Court orders pertaining to the named Plaintiffs, and deposition testimony taken in this case, have satisfied the three-prong *Younger* inquiry and proven that remedies in this lawsuit in the areas of placements and services will interfere with the ongoing proceedings of the Mississippi Youth Court. Plaintiffs' claim that their desired remedies are directed solely at the executive branch is clearly an attempt to evade *Younger* abstention scrutiny. Moreover, Plaintiffs are unable to refute the Youth Court orders and deposition testimony presented by

1

Defendants that unequivocally confirm that Mississippi Youth Courts hold proceedings addressing placements and services on a daily basis. Thus, abstention by this court in the areas of placements and services of foster children in Mississippi is proper.

**II)    Consideration of the Younger Abstention Doctrine is Proper**

The United States Supreme Court has held that *Younger* abstention is jurisdictional. *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100, n. 3 (1998) ( "…as decided on *Younger* abstention, which we have treated as jurisdictional."). And because *Younger* abstention is jurisdictional and can influence the subject matter jurisdiction of the federal court, it can be brought at any time. *See* Fed. R. Civ. P. 12(h)(3); *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 336 (5th Cir.1999) ("A lack of subject matter jurisdiction may be raised at any time."); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir. 1999) (Although Defendants did not ask for a stay of the federal suit, "abstention may be raised by the court *sua sponte*."). In *Mountain Funding, Inc. v. Frontier Insurance Co.*, the defendant was allowed to its reassert abstention argument previously considered by the court. 2003 WL 21518556, *2 (N.D. Ill. 2003) ("Abstention principles, however, concern the jurisdiction of the court, an issue that can be raised and revisited at any time during a proceeding.") In purporting that Defendants' reassertion is improper, the Plaintiffs do not refute that *Younger* abstention is jurisdictional. Instead, Plaintiffs attempt to mischaracterize Defendants' reassertion of *Younger* based abstention as a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). This attempt is misplaced because Rule 59(e) addresses motions to alter or amend a judgment filed within 10 days after entry of judgment. Defendants' motion clearly does not fall into this category.

**III)    Younger Abstention Standard**

To determine whether *Younger* doctrine abstention is appropriate, the United States Supreme Court has devised a three-part inquiry which asks (1) whether the judicial or judicial-in-

nature state proceedings are ongoing[1]; (2) whether the proceedings implicate important state interests[2]; and (3) whether there is an adequate opportunity in the state proceeding to raise constitutional challenges.[3] *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Included in the first prong is the threshold condition of the federal proceeding at issue interfering with the ongoing state proceedings. *Johnson*, 351 F.Supp.2d at 567. If each of these inquiries is satisfied, then the federal court must dismiss the federal action and allow the state process to continue.

After this court's previous ruling, the sole remaining question is whether the declaratory and injunctive relief that Plaintiffs seek would interfere with ongoing Youth Court proceedings. The interference with ongoing state proceedings may be direct or indirect. *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1271 (10th Cir. 2002) (citing *O'Shea v. Littleton*, 414 U.S. 488, 499-502 (1974)) (the interference in question may be "indirect," since "federal court oversight of state court operations, even if not framed as direct review of state court judgments, may nevertheless be problematic for *Younger* purposes.") Plaintiffs seem to believe that because they have claimed in their response to Defendants' Motion to Abstain that all relief is or will be

---

[1] This court has previously ruled that Mississippi's Youth Court proceedings are "ongoing." *Johnson ex rel. Olivia Y. v. Barbour*, 351 F. Supp.2d 543, 567 (S.D. Miss. 2004) ("In view of the continuing nature of the duties and responsibilities statutorily imposed upon the state's youth courts, this court agrees with defendants that youth court proceedings may be said to by "ongoing" in the case of each child over whom the youth courts have assumed jurisdiction.").

[2] "Plaintiffs do not deny that [Mississippi's Youth Court] proceedings implicate important state interest." *Johnson*, 351 F.Supp.2d at 567.

[3] According to the Fifth Circuit and the Mississippi Supreme Court, the Youth Courts in Mississippi have the power to hear constitutional claims. *Chrissy F. v. Miss. Dept. of Public Welfare*, 995 F.2d 595, 599 (5th Cir. 1993) (holding, in a case challenging an order of the Youth Court, "Mississippi courts are well equipped…to review violations of federal constitutional law"); *The Interest of S.A.M.*, 826 So. 2d 1266, 1278 (Miss. 2002) (holding that the plaintiff was barred from raising constitutional claims on appeal because of failure to raise them in Youth Court proceeding). Additionally, direct appeal from the Youth Courts to the Mississippi Supreme Court is available. Miss. Code Ann. § 43-21-651.

directed at the executive branch that they can escape *Younger* doctrine abstention. *See* Plaintiffs' Response to Motion to Abstain at pg. 5. Plaintiffs' semantics, however, are hardly sufficient to avoid *Younger* abstention scrutiny, and this court must look past mere words and truly examine the full impact of the Plaintiffs' desired remedies. The standard for measuring the interference that *Younger* abstention concerns is a practical one: The court must consider the relief requested by the plaintiff and then ask what kind of realistic effect such relief would have on the state court proceedings. *See*, *e.g.*, *31 Foster Children v. Bush*, 329 F.3d 1255, 1276-1279 & n. 11 (11th Cir. 2003). If the injunctive relief "would have the effect of a federal court telling a state court how to run" its proceedings, abstention is proper. *Williams v. Rubiera*, 539 F.2d 470, 473 (5th Cir. 1976).

**IV)    The Remedy Sought by Plaintiffs In Areas of Placement and Services Would Interfere With Ongoing State Proceedings**

In their Motion to Abstain, Defendants are not asserting that every remedy the Plaintiffs desire would interfere with the proceedings of Mississippi Youth Courts. Instead, Defendants are asking this court to abstain from hearing evidence or testimony in two specific areas that are within the jurisdiction of the Mississippi Youth Court. Documents obtained during the discovery process establish that Plaintiffs will come forward with evidence and seek to have this court address placements and services for foster children. However, Mississippi Youth Courts control the placements and services of foster children in Mississippi and do so on an ongoing basis. In Plaintiffs' Response to Defendants' Motion to Abstain, Plaintiffs cannot and do not even attempt to address the deposition testimony concerning the role of the Youth Court in placement and services or court orders issued by Mississippi Youth Courts that order particular placements or services for the named plaintiffs referenced in Defendants' Memorandum of Law in Support of

Motion to Abstain.[4]  Plaintiffs' simply cannot argue with the fact that the Youth Court orders referenced by Defendants clearly demonstrate that the Youth Court does, as it's charged to do by law,[5] control and order appropriate placements and services for foster children.

Plaintiffs repeatedly claim in their Response to Defendants' Motion to Abstain that "Defendants raise no new issues of fact" or "factual basis" that would affect the argument that *Younger* abstention is warranted.  These claims are simply false because as the Plaintiffs acknowledge in their Response, there has been "extensive discovery" since *Younger* abstention was first asserted by the Defendants.  *See* Plaintiffs' Response to Motion to Abstain at pg. 1.  Defendants first asserted *Younger* abstention in a Motion to Dismiss that was filed before the action was certified as a class-action, at a time when there was thirteen plaintiffs as opposed to

---

[4] *See* Exhibits A through R attached to Defendants Motion to Abstain Based on *Younger v. Harris*, which include a sample of ten Youth Court orders and testimony from six depositions evidencing the control of the Youth Court over placements and services for Mississippi foster children.

[5] Mississippi's Youth Courts are charged with securing "proper care" for children who are removed from their parents' custody, and are vested with exclusive, original, and continuing jurisdiction in all proceedings concerning such children. Miss. Code Ann. § 43-21-103, § 43-21-151.  The Youth Courts are granted "full power and authority" to issue all orders – including contempt orders – necessary to carry out their duties. Id. at § 43-21-153.  As part of its case-review responsibilities, each Youth Court is required by state law to review each child's case plan once every six months and "make a finding as to the degree of compliance by the agency and the parent(s) with the child's service plan." *Id*. at § 43-15-13(5).  A Youth Court may modify a child's "disposition order" after a hearing on the matter. Miss. Code Ann. § 43-21-613(2).  At every stage of the proceedings, all parties have a right to counsel, and Youth Courts are required to appoint counsel on behalf of indigent children. *Id*. at § 43-21-201.

Mississippi law provides that after a Youth Court adjudicates a child as neglected or abused, it may, in its disposition order, "[p]lace the child in the custody of his parents, a relative or *other person* subject to any conditions and limitations as the **court** may prescribe." *Id*. at § 43-21-609(b) (emphasis added).  In addition, after a Youth Court adjudicates a child as neglected or abused, it may, in its disposition order,  "[g]ive legal custody of the child to . . . [a]ny private or public organization, preferably community-based, able to assume the education, care and maintenance of the child, which has been found suitable by the court. *Id*. at § 43-21-609(e)(ii).

Youth Courts also have the power to order specific services for any child in state custody. *Id*. at § 43-21-251(1)(d)(ii) and (iii) give the Youth Courts power to order medical and mental examinations. *See also*, *Id.* at § 43-21-357(3) (during intake procedure, "[i]f the preliminary inquiry discloses that a child needs emergency medical treatment, the judge may order the necessary treatment.")

the approximately 3,000 plaintiffs currently involved, and before any discovery had been completed. Since *Younger* abstention was first asserted, over 200,000 pages of discovery documents have been produced, over 30 depositions have been taken, and expert reports have been received by each side. Based on the obvious progression of the case and enormous amount of discovery, it is disingenuous for Plaintiffs to assert that no new facts exist that would affect a *Younger* analysis. Plaintiffs' assertion that no new facts have been discovered is a clear attempt by Plaintiffs to divert this court's attention away from the undisputed factual evidence supporting Defendants' argument that *Younger* abstention is proper as to the areas of placement and services. Defendants clearly illustrate through Mississippi statutory law, Youth Court orders, and deposition testimony that any attempt by this court to craft a remedy that in any way addresses or oversees the specific areas of placement or services for foster children in Mississippi would interfere with the proceedings of the Youth Court. Plaintiffs make no attempt in their Response to dispute the court orders or deposition testimony, nor do Plaintiffs claim that their desired remedies will not address the areas of placement and services for foster children.

In Plaintiffs' Response, Plaintiffs assert several times that their desired remedy is directed solely at the executive branch and therefore not subject to *Younger* abstention scrutiny; however, Defendants do not deny that placements or services will be included in their desired remedy. Although Plaintiffs may not readily admit that they desire this court to control the placement or services of foster children in Mississippi, Plaintiffs complaint in this case and settlement agreements entered into by Plaintiffs' counsel in other jurisdictions reveal that Plaintiffs will indeed desire remedies addressing the placements and services offered foster children. When examining Plaintiffs' complaint in this case[6] and settlement agreements[7] entered into by

---

[6] Plaintiffs seek to have the court "[o]rder appropriate remedial relief to ensure that a detailed plan is developed, implemented, and **monitored** to ensure Defendants protect the legal rights of Plaintiffs." *See* Amended Complaint,

Plaintiffs' counsel in similar cases, it is unrealistic to think that Plaintiffs will not want to put on evidence and request remedies dealing with the areas of placement and services. And because it is clear based on the Youth Court orders and deposition testimony that any attempt by this court to deal with the areas of placement or services would directly interfere with the everyday proceedings of the Youth Court, this court must abstain from hearing any testimony or evidence dealing with placement or services. It would be a waste of court resources to hear evidence dealing with placement or services, when the court should abstain in these areas based on the *Younger* doctrine.

---

p. 60 (emphasis added). As part of this plan, Plaintiffs seek to reform the alleged systemic failures of the DFCS that they allege have caused harm to the foster children in state custody. Among these alleged systematic failures are the following:
1) Failures related to the physical placements of foster children
    a. Failure to place foster children in licensed as opposed to unlicensed placements;
    b. Failure to place foster children with available relatives;
    c. Failure to provide stable placements instead of cycling foster children through inappropriate foster homes or institutions;
    d. Failure to place children in foster homes rather than group homes and institutions;
    e. Failure to remove children from emergency shelters after exhaustion of 45 day stay; and
    f. Failure to place children in the least restrictive placement.
2) Failures related to services provided to foster children
    a. Failure to provide adequate medical information about foster children to placements;
    b. Failure to provide foster children with legally required medical, mental health, dental, and therapeutic services;
    c. Failure to develop and implement appropriate permanency plans;
    d. Failure to provide necessary and appropriate permanency and adoption services;
    e. Failure to timely file termination of parental rights petitions;
    f. Failure to have monthly contact between social workers and foster children;
    g. Failure to have case plan reviews every six months;
    h. Failure to have annual permanency hearings; and
    i. Failure to prepare interstate compacts with other states as required by federal law.

*See* Amended Complaint, pgs. 40 – 47.

[7] It is important to note that Plaintiffs did not contest the assertion that settlement agreements from other jurisdictions sued previously by Plaintiffs' counsel (referenced in Defendants' Motion to Abstain) were appropriate instruments to anticipate remedies desired by the Plaintiffs in the case at bar. Based on this, Defendants would point out pages 12 through 19 of the Delkalb and Fulton County Settlement entered into by Plaintiffs' Counsel, attached as Exhibit L to Defendants Motion to Abstain Based on *Younger v. Harris*, which address the area of placement and lists in detail all of the requirements Plaintiffs' counsel thought necessary as pertaining to placement. Pages 20 through 22 of Exhibit L also outline the health services that Plaintiffs' counsel views as necessary and requires the court to oversee and enforce. Pages 13 through 21 of the State of Tennessee Settlement Agreement, attached as Exhibit M to Defendants Motion to Abstain, again give an indication of the type of in-depth oversight Plaintiffs' counsel desires in regards to placement.

## V)     Youth Court Is The Proper Forum for Plaintiffs to Bring Their Claims

As previously stated, the third prong of a *Younger* inquiry asks whether "there is an adequate opportunity in the state proceeding to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Mississippi Youth Courts clearly meet this prong of *Younger* analysis, despite Plaintiffs' claims otherwise. Plaintiffs state that numerous federal courts have held that state youth court proceedings are an inadequate forum for foster children to bring constitutional challenges; however none of the decisions from these courts are binding on this court, and the Plaintiffs ignore clear Fifth Circuit precedent to the contrary. According to the Fifth Circuit and the Mississippi Supreme Court, the Youth Courts in Mississippi have the power to hear constitutional claims. *Chrissy F.*, 995 F.2d at 599 (holding, in a case challenging an order of Youth Court, "Mississippi courts are well equipped…to review violations of federal constitutional law"); *The Interest of S.A.M.*, 826 So. 2d at 1278 (holding that the plaintiff was barred from raising constitutional claims on appeal because of failure to raise them in Youth Court proceeding). Additionally, direct appeal from Mississippi Youth Courts to the Mississippi Supreme Court is available. Miss. Code Ann. § 43-21-651.

This third prong of *Younger*, which requires that a state proceeding offer an adequate opportunity to raise constitutional claims, does not require that the state proceeding offer an identical forum to the one available in federal court. When a plaintiff has not attempted to present his federal claims in state court, the "federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). As explained by the Supreme Court, "minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex County Ethics Comm.*, 457

U.S. at 431 (emphasis in orginal). Additionally, the state-court relief need not be identical to the relief available in federal court; instead, the question is merely whether the state court remedy is "adequate." *Penzoil Co.,* 481 U.S. at 15; *see also 31 Foster Children*, 329 F.3d at 1279; *Joseph A*, 275 F.3d at 1274 (holding that the procedural differences between state and federal courts, including the availability of a class action, have no bearing on the *Younger* abstention inquiry).

The Youth Courts of Mississippi are not only adequate venues, but also proper venues to hear plaintiffs' claims about alleged constitutional violations in the areas of placement and services. The Fifth Circuit has stated that Youth Courts are equipped to hear such claims, and moreover, Youth Court judges are familiar with the issues of placement and services in the foster care system of Mississippi as they execute their legal duty in those areas on a daily basis. A Youth Court judge determining on an individual basis whether a child's rights have been violated and fashioning an appropriate remedy specifically for the child is preferable to a federal court trying to devise a remedy for over 3,000 children, each with a different set of circumstances.

**VI) Conclusion**

It is clear based on Mississippi statutory law, Youth Court orders pertaining to the named plaintiffs, and deposition testimony taken in this case that abstention, based on *Younger v. Harris*, by this court is appropriate in the areas of placement and services. It is clear that all three of the prongs of a *Younger* inquiry, including the threshold requirement of interference, have been met in the case as to the areas of placement and services. Defendants presented evidence that confirms that Youth Court proceedings in Mississippi control both the placements and services of foster children in Mississippi, and Plaintiffs were unable and did not attempt to refute such evidence. This court hearing testimony and evidence and fashioning a remedy or having oversight as to the areas of placement and services would clearly interfere with the ongoing proceedings of the Mississippi Youth Court. Defendants ask this court to abstain from

hearing testimony and evidence and drafting a remedy as to the areas of placements and services of foster children in Mississippi.

        Respectfully submitted,

        **HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

        BY:  __/s/ Dewitt L. Fortenberry, Jr._____
              Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS  39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS  39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg
Tara Crean, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the **30th** day of **May**, **2006**.

/s/  Dewitt L. Fortenberry, Jr.