IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES D. JOHNSON, as next friend to
Olivia Y.; CARLA LEWIS, as next friend
to Jamison J. and SYLVIA FORSTER, as
next friend to Desiree, Renee, Tyson and
Monique P.                                                                                    PLAINTIFFS

VS.                                                                  CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR; DONALD TAYLOR,
as Executive Director of the Department of
Human Services and BILLY MANGOLD,
as Director of the Division of Family and
Children's Services                                                                         DEFENDANTS

## ORDER

This matter came before the Court on the Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First and Fifth Requests for Production of Documents and First Request for Production of Documents as to Experts. The Motion was filed on the discovery deadline, and dispositive motions have been filed. The Defendants argue that these circumstances nullify the Motion; however, the court disagrees. Having considered the Motion on the merits, the court makes the following rulings on the requests at issue:

The Plaintiffs' first argument relates to email or digital communications ordered to be produced by an Order entered by the court on July 18, 2005. The Defendants argue that they have produced all responsive documents. This assertion, made by officers of the court, must be accepted as accurate, and the Motion to Compel will be denied as to these documents.

The Plaintiffs' Motion also addresses the need for supplementation as to several responses to document requests. Reviewing those requests, the court notes that they seek documents that would be periodically updated and issued by the Department of Human Services, and, as to each

request, the Plaintiffs sought the reports on a specific date "and thereafter." At issue is whether adding that phrase imposes upon the Defendants a duty to re-serve documents responsive to those requests each time the reports are updated and re-issued. The court holds that it does not. Fed. R. Civ. P. 26(e)(1) requires supplementation of previous discovery responses "if the party learns that in some material respect the information disclosed is incomplete or incorrect . . . ." The fact that a periodic report may be re-issued in the future does not make its prior production incomplete or incorrect. By adding the language "and thereafter," the Plaintiffs have attempted to construct the request so that a response will never be complete. Given the balancing test between burden and need that must be performed in every discovery dispute, and given the status of the Defendants as representing an agency funded at the taxpayer's expense, the court declines to construe these requests so as to impose this continuing duty on the Defendants. Therefore, the Motion to Compel will be denied as to these Requests.

The Plaintiffs also requested provider and licensing files for all foster homes and similar homes for foster children. After the Defendants objected, the Plaintiffs agreed to narrow this request to providers for which there were indications of mistreatment. Those files were provided. On April 4, 2006, the Plaintiffs requested information on an additional provider. As late as the December 21, 2005, letter from Plaintiffs' counsel to counsel for the Defendants, there was no indication that information was being sought as to this provider. Again, the Defendants represent a public agency, and the court is reluctant to permit the Plaintiffs to impose on them an endless discovery burden. However, as these documents are limited to one provider, and as they come within the request as it was originally made, the court will grant the Motion to Compel as to the New Hope Group Home in Holly Springs, Mississippi.

Included in the Motion is the Plaintiffs' request for personnel files. The Defendants' response to the Motion did not address this issue. The court is of the opinion that these files were validly requested and that the employees will be adequately protected by the Confidentiality Order entered in this matter. Therefore, the Motion to Compel will be granted as to these Requests.

Another area addressed by this Motion relates to documents prepared by the Defendants' expert witnesses. The Defendants have likewise failed to respond to this argument. Therefore, the Defendants must produce all documents that are described in Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2). They need not produce any documents that contain privileged information, so long as those documents are adequately described in a privilege log in accordance with Rule 26(b)(5) and Unif. Local R. 26.1(A)(1)(b).

Finally, the Plaintiffs complain that the Defendants' privilege log is inadequate. The court has reviewed the privilege log and agrees that it does not contain the information required by Rule 26(b)(5) or Local Rule 26.1(A)(1)(b). Therefore, the Motion to Compel is granted as to the request for a more complete privilege log.

IT IS, THEREFORE, ORDERED, that the Plaintiffs' Motion To Compel Documents Responsive to Plaintiffs' First and Fifth Requests for Production of Documents and First Request for Production of Documents as to Experts is hereby **granted** in part and **denied** in part, as explained above. The documents ordered to be produced shall be served on the Plaintiffs on or before June 20, 2006.

IT IS SO ORDERED, this the 2nd day of June, 2006.

                                                    s/James C. Sumner
                                          UNITED STATES MAGISTRATE JUDGE