**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| JAMES D. JOHNSON, as next friend to Olivia Y., et al. | PLAINTIFFS |
| vs. | CIVIL ACTION NO. 3:04cv251LN |
| HALEY BARBOUR, as Governor of the State of Mississippi, et al. | DEFENDANTS |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' EXHIBITS M, N, T, W, X, Y, Z, AA, BB, FF, GG, & HH**

COME NOW, Defendants Haley Barbour, Donald Taylor, and Rickie Felder, by and through counsel, and file their Response to Plaintiffs' Motion to Strike Portions of Defendants' Exhibits M, N, T, W, X, Y, Z, AA, BB, FF, GG, and HH, and would show unto the Court the following:

Defendants respectfully request that this Court waive the requirement for a separate Memorandum of Law, as required pursuant to Local Rule 7.2(D), and accept the following in support of said response.

Defendants attached the affidavits of eight (8) Regional Directors and four (4) Area Social Work Supervisors ("ASWS") as supporting exhibits to both Defendants' Motion for Summary Judgment and Defendants' Response in Opposition to Plaintiffs Motion for Summary Judgment on Liability. Plaintiffs have moved to strike portions of the affidavits of these Mississippi Department of Human Services ("MDHS") employees as set forth in Plaintiffs' Motion to Strike.

1

The statements Plaintiffs are asking the Court to strike, comply with FRCP 56(e) in that they are made on personal knowledge, set forth such facts that would be admissible in evidence, and indicate affirmatively that the affiants are competent to testify to the matters stated within the affidavit.

In support of their motion, Plaintiffs cite *Harrington v. Runyon* (1995 WL 1945566, N.D. Miss., Dec. 8, 1995). The instant case is distinguishable from *Harrington.* As to both affidavits at issue in *Harrington*, the Court stated "[n]owhere in the affidavit does it even aver that the statements are made on personal knowledge or that the affiant is competent to testify to these matters." *See Harrington*, 1995 WL 1945566 at *5. The affidavits of the Regional Directors and Area Social Work Supervisors directly address personal knowledge and competency. Paragraph 1 of each of the affidavits presented by Defendants state that the affiant is "[o]f sound mind" and "[i]s competent to testify as to the matters ser forth in this affidavit". *See* paragraph 1 of Exhibits M, N, T, W, X, Y, Z, AA, BB, FF, GG, and HH.[1]

All Regional Director affiants state their job position with MDHS and that they are familiar with the workers and cases in their region. *See* Paragraph 2 of Exhibits M, N, W, X, Y, Z, AA, and BB. The Area Social Worker Supervisor affiants state their job position and that they are familiar with the Named Plaintiffs. *See* Paragraph 2 of Exhibits T, FF, GG, and HH. All affiants state that the matters set forth in the affidavits are based upon their own personal knowledge and observations. *See* paragraph 6 of Exhibit M, paragraph 4 of Exhibit N, paragraph 9 of Exhibit T, paragraph 6 of Exhibit W, paragraph 4 of Exhibit X, paragraph 4 of Exhibit Y, paragraph 5 of Ex. Z, paragraph 4 of Exhibit AA, paragraph 5 of Exhibit BB, paragraph 6 of Exhibit FF, paragraph 6 of Exhibit GG, and paragraph 4 of Exhibit HH.

---

[1] Unless otherwise stated, Exhibits M, N, T, W, X, Y, Z, AA, BB, FF, GG, and HH reference those attached to Defendants' Motion for Summary Judgment and Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment on Liability.

The affiants further discuss their observations regarding matters pertinent to services provided to all foster children MDHS serves and the affidavits of the Area Social Work Supervisors discuss specific facts regarding the Named Plaintiffs. *See* Exhibits M, N, T, W, X, Y, Z, AA, BB, FF, GG, and HH.

The instant case is also distinguishable from *Harrington* in that the *Harrington* affiants testified to confidential matters involving test results they would not have access to so there was no indication of personal knowledge. In further support of the affiants' personal knowledge of matters set forth in the affidavits, MDHS job specifications state that Area Social Worker Supervisors are to assist "[f]amilies and individuals in planning and securing appropriate services related to their social, medical, financial, child care, home management, and emotional needs". *See* Exhibit XXX at 004587 attached hereto. ASWSs are in charge of supervising their area of service and social workers in their area. *Id*. ASWSs are also charged with immediately investigating all reports of neglect, abuse, or exploitation of children. *Id*. The ASWSs have personal knowledge regarding services and protection provided to the foster children and Named Plaintiffs their offices serve.

Regional Directors have personal knowledge of the care and services provided by their offices to foster children. As part of the job duties of Regional Directors, they are to supervise all levels of social services staff. *See* Exhibit YYY at 004593. They are to enforce and maintain policies and procedures of the social services programs including protection and placement services for children who are, or are suspected to be, at risk. *Id.*

The statements by the Regional Directors and Area Social Work Supervisors that Plaintiffs seek to strike satisfy the requirements of Rule 56(e) as they are admissible into evidence. The employees can provide lay opinions pursuant to Rule 701 of the Federal Rules of

3

Evidence.  Federal Rule 701 states that lay witnesses may testify in the form of opinions or inferences which are "(a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702".  The affiants are clearly in a position to give lay opinions regarding services to foster children and issues related to food, clothing, shelter, medical services, and protection from harm.

Even if the Court finds that some of the statements Plaintiffs seek to strike should be struck for purposes of supporting Defendants' Motion for Summary Judgment, Defendants' affidavits for purposes of opposing the Plaintiffs' Motion for Summary Judgment on Liability are not required to meet the technical requirements of Rule 56(e).  "[T]he papers of a party opposing summary judgment are usually held to a less exacting standard than those of the moving party".  *See Lodge v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987) and 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure Sec.* 2738 at 484 (1983).  "In previous cases we have accepted evidence from the party opposing summary judgment despite its failure to meet the technical requirements of Rule 56(e)."  *See Lodge v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80, referencing *Jackson v. State of Mississippi*, 644 F.2d 1142, 1144 (5th Cir. 1981).  *See also*, the case cited by Plaintiffs, *Richardson v. Oldham*, 12 F. 3d 1373, 1378, FN 17 (5th Cir. 1994).

For the above stated reasons, Plaintiffs' Motion to Strike Portions of Defendants' Exhibits M, N, T, W, X, Y, Z, AA, BB, FF, GG, and HH should be denied.

This, the **5th** day of **June**, **2006**.

        Respectfully Submitted,

        **HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER, as Director of the Division of Family and Children's Services**

        BY: ___/s/ Dewitt L. ("Rusty") Fortenberry, Jr._____
           (MSB #5435)

OF COUNSEL:

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220


**BAKER, DONELSON, BEARMAN, CALDWELL, AND BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB#99227)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
4268 I-55 North
Meadowbrook Office Park
Post Office Box 14167 (39236)
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424


## CERTIFICATE OF SERVICE

 I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

      W. Wayne Drinkwater, Jr. Esq.
      Melody McAnally, Esq.
     BRADLEY ARANT ROSE & WHITE LLP
      Suite 450, One Jackson Place
       Post Office Box 1789
       Jackson, MS 39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York 10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg
Tara Crean, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York 10001

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the **5th** day of **June**, **2006**.

　　　　　　　　　　　　　　　　　　　　　/s/ Dewitt L. ("Rusty") Fortenberry, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　(MS Bar #5435)