**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| JAMES D. JOHNSON, as next friend to Olivia Y., et al. | PLAINTIFFS |
| vs. | CIVIL ACTION NO. 3:04cv251LN |
| HALEY BARBOUR, as Governor of the State of Mississippi, et al. | DEFENDANTS |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREBUTTAL TO PLAINTIFFS'
REPLY IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Defendants file this Motion for Leave to File A Surrebuttal to Plaintiffs' Reply in Further Support of Plaintiffs' Motion for Summary Judgment and show to the court the following grounds:

1. Plaintiffs filed their Motion for Summary Judgment on Liability ("Plaintiffs' Motion") and Memorandum of Authorities in Support ("Plaintiffs' Memorandum") on May 1, 2006.

2. In Plaintiffs' Motion, Plaintiffs set forth 185 alleged undisputed facts.

3. In support of Plaintiffs' Motion, Plaintiffs attached forty-four exhibits, including five expert reports.

4. Included in these expert reports were a case record review of four of the eight named Plaintiffs by Marva Lewis ("the Lewis Report") and a report evaluating one of the eight named Plaintiffs by Dr. Wood Hiatt ("the Hiatt Report").

5. Of these 185 alleged undisputed facts, only three were taken from the Lewis Report, two of which were identical and involved a statement by Cody B.'s case worker on the number of cases for which she had responsibility. *See* Plaintiffs' Motion at pp. 21 and 31 ("Uncontested Fact" number 68 and 129). The third involved an allegation regarding Olivia Y. being placed into the home of a convicted rapist and a doctor's report of her findings from an examination conducted after Olivia Y. was removed from this home. *See* Plaintiffs' Motion at p. 17 ("Uncontested Fact" # 50 regarding Olivia Y.).

6. Of these 185 alleged undisputed facts, only three were taken from the Hiatt Report and involved only class allegations. *See* Plaintiffs' Motion at pp. 23 and 25 ("Uncontested Fact" ## 79, 89, and 90).

7. Of the forty-one pages of Plaintiffs' Memorandum filed in support of Plaintiffs' Motion, where Plaintiffs should have fully outlined for the court the reasons they assert entitle them to summary judgment, Plaintiffs make only one allegation that any named Plaintiff has been denied reasonably safe living conditions or adequate food, clothing, shelter, or medical care. *See* Plaintiffs' Memorandum at p. 15, n. 10 (statement by Lewis concerning Olivia Y. under heading "Children Are Being Deprived Of Medical, Dental and Mental Health Care And Treatment.").

8. In response to Plaintiffs' Motion, Defendants responded that Plaintiffs were not entitled to summary judgment for several legal reasons and because Plaintiffs cannot establish liability without showing actual injury on the part of the named Plaintiffs, a burden which Plaintiffs did not meet in Plaintiffs' Motion and Plaintiffs' Memorandum. *See, e.g.* Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment on Liability ("Defendants'

Response") and Defendants' Memorandum of Law in Support of Their Response in Opposition to Plaintiffs' Motion for Summary Judgment on Liability ("Defendants' Memorandum").

9. In their response, Defendants specifically responded to the allegation concerning Olivia Y. by providing affidavits from the supervisor and regional director responsible for Olivia's case and by noting that Lewis had not reviewed Olivia's medical records regarding that particular incident. *See* Defendants' Response at pp. 2-3 and Defendants' Memorandum at pp. 16-18.

10. In reply to Defendants' Response, Plaintiffs attempt to meet their burden of demonstrating no material fact and that they are entitled to judgment as a matter of law by alleging sixty-two new "uncontested facts" derived from the Lewis Report and the Hiatt Report. Plaintiffs further assert that by not specifically responding to each allegation made by Lewis and Hiatt,[1] Defendants have acquiesced in Lewis and Hiatt's characterization of the "facts" and now their entire reports become uncontested.

11. By sandbagging, Plaintiffs have unfairly prohibited Defendants from being able to respond.

12. Therefore, Defendants should be granted leave of this court to file a surrebuttal, attached as Exhibit "1" to this Motion, to thoroughly address Plaintiffs' "uncontested facts" and the reliance on the Lewis Report and the Hiatt Report for specific findings related to the named Plaintiffs.[2]

---

[1] Such an assertion is manifestly incorrect. A moving party *must set forth* the evidence that entitles him to summary judgment. Fed. R. Civ. P. 56. A moving party cannot simply *attach* volumes of documents to his motion and then assert everything the non-moving party does not respond to specifically become undisputed facts.

[2] In a case where the moving party submitted new evidence in a reply in support of his motion for summary judgment, the Fifth Circuit held district courts must provide the non-movant an opportunity to respond. *Vais Amrs, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004) (citing *Seay*

13.     Defendants recognize that Rule 7.2 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi governing motion practice does not provide for a surrebuttal.

Wherefore, Defendants should be granted leave of this court to file a surrebuttal. Additionally, Defendants request an expedited hearing on this Motion.

This the 6th day of June, 2006.

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

BY:     /s/ Dewitt L. ("Rusty") Fortenberry, Jr.

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

---

*v. Tenn. Valley Auth.*, 339 F.3d 454, 481-82 (6th Cir. 2003) ("the purposes of notice and opportunity to respond extend Rule 56(c) to the situation where the moving party submits in a reply brief new *reasons and evidence* in support of its motion for summary judgment, and require a district court to allow the nonmoving party an opportunity to respond.")).

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS  39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS  39205

      I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg
Tara Crean, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the **6th** day of **June, 2006**.

                              /s/ Dewitt L. ("Rusty") Fortenberry, Jr.