IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                                                          PLAINTIFFS

v.                                                                              CIVIL ACTION NO. 3:04CV251

HALEY BARBOUR, as Governor of the State of Mississippi, et al.      DEFENDANTS

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE
PORTIONS OF DEFENDANTS' EXHIBITS M, N, T, W, X, Y, Z, AA, BB, FF, GG, & HH**

The Affidavits submitted by Defendants in support of their Motion for Summary Judgment are rife with irrelevant and entirely legally and factually unsupported conclusory statements that cannot be deemed competent summary judgment evidence and should be stricken. *See Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment") (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)).

Defendants' Response does not address the basis for Plaintiffs' Motion. While Defendants assert that "[a]ll affiants state that the matters set forth in the affidavits are based upon personal knowledge and observations" (*see* Defs' Resp. to Pls' Mot. to Strike Portions of Defs' Exhibits ("Defs' Response") at 2), they do not point to any *specific* objective factual basis for their conclusory assertions, as required to make those assertions competent summary judgment evidence. *See Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) (holding that "[u]nsupported allegations or affidavits or deposition testimony setting forth

ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment"); *see also Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994) (stating that "Fed. R. Civ. P. 56(e) requires that affidavits opposing a summary judgment be specific" and affirming a lower court's decision to strike affidavits as lacking necessary specificity).

Defendants' reliance on the vague assertions that each affiant is generally familiar with the cases at issue by virtue of their supervisory roles is insufficient on its face to redeem the challenged conclusory statements. The argument is even less compelling in light of the affiants' previous deposition testimony taken in this case that highlights their lack of familiarity with the details of service provision to individual children, including the Named Plaintiffs.

For example, Area Social Worker Supervisor Deborah Stewart affirms in her Affidavit that she is familiar with the Named Plaintiffs Olivia Y. and John A. and that "MDHS has never been indifferent to the needs of John or Olivia. John and Olivia both been [*sic*] provided with sufficient food, clothing, shelter, and medical care, and MDHS has done what it reasonably can to protect John and Olivia from harm." *See* Pls' Mot. to Strike Portions of Defs' Exhibits ("Pls' Motion") at Ex. 4 at ¶¶ 2, 8. Yet at her deposition, Ms. Stewart testified that she did not know key facts concerning the care and services provided to either of these Named Plaintiffs. Ms. Stewart did not know when MDHS first provided Olivia with a medical screening or whether Olivia ever received a sexual abuse examination following her placement with a convicted rapist. Ms. Stewart made a point of explaining that she was not the assigned supervisor to Olivia's case when the child first came in to custody. *See* Stewart Dep. Tr. at 98:7-10, 98:15-16, 99:8-100:11 (redacted transcript attached hereto as Ex. A). Further, although Ms. Stewart is the supervisor for John A.'s case, she testified that she was unfamiliar with a letter sent to MDHS by the

residential treatment facility caring for John A. notifying the agency that John A.'s discharge date had to be delayed because MDHS had failed to locate an alternative placement and that John's knowledge that there was no place for him to go was causing him to regress.  *See* Ex. A [Stewart Dep. Tr.] at 84:10-85:13, 86:16-21.  Ms. Stewart's previously acknowledged lack of familiarity with key facts regarding Olivia and John's cases highlights the lack of specific facts proffered in support of her Affidavit's conclusory statements.

Likewise, Brenda Coe generally avers that she is an MDHS supervisor familiar with Named Plaintiff Cody B.'s case and that "MDHS has never been indifferent to Cody's needs.  Cody has been provided with adequate food, clothing, shelter, and medical care, and MDHS has done what it reasonably can to protect him from harm."  *See* Pls' Motion at Ex. 12 at ¶¶ 2, 5.  Not only does Ms. Coe offer no factual support for her conclusory statements, but furthermore Cody's MDHS caseworker Yutaska Simpson testified that she could not recall Ms. Coe "ever being" her supervisor.  *See* Simpson Dep. Tr. at 20:7-9; 21:15-18 (redacted transcript attached hereto as Ex. B).

Lastly, Regional Directors Mechille Henry and Zadie Rogers affirm without any factual basis that all children in the regions that they supervise receive "sufficient" medical care.  *See* Pls' Motion at Ex. 9 at ¶ 3; Pls' Motion at Ex. 10 at ¶ 4.  Yet at her deposition, Regional Director Henry testified that she is charged with supervising over 600 children's cases and that she has no way of determining whether children are receiving mandated timely medical examinations other than performing a complete case-by-case review, which she has not undertaken.  *See* Henry Dep. Tr. at 112:25-114:1, 116:1-2 (redacted transcript attached hereto as Ex. C).  Similarly, Regional Director Rogers testified that she does nothing to insure that foster children receive medical

checkups or immunizations.  *See* Rogers Dep. Tr. at 226:12-227:24 (transcript attached hereto as Ex. D).

The above deposition excerpts, which highlight the lack of factual support for various affiants' generic statements, amply demonstrate why unsupported conclusory statements in affidavits are not proper summary judgment evidence.  Plaintiffs respectfully request that Defendants' affiants' factually and legally conclusory statements as set forth in Plaintiffs' Motion to Strike be stricken pursuant to Rule 56(e).

Respectfully submitted, this 8th day of June, 2006.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Susan Lambiase (MBN 43992 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara Crean (MBN 44447 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Ave, 4th Floor
New York, NY 10001
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154

Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8th, 2006, I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

Dewitt L. ("Rusty") Fortenberry Jr., Esq.
Kenya Key Rachal, Esq.
Gretchen L. Zmitrovich, Esq.
Ashley Tullos Young, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi 39211

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi 39201

*Attorneys for Defendants*

/s Melody McAnally_____