IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES D. JOHNSON, as next friend to　　　　　　　　　　　　　　　　　PLAINTIFFS
Olivia Y., et al.

vs.　　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, as Governor of the　　　　　　　　　　　　　　　　　DEFENDANTS
State of Mississippi, et al.

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE A SURREBUTTAL

COME NOW, Haley Barbour, as Governor of the State of Mississippi, Donald Taylor, as Executive Director of the Mississippi Department of Human Services, and Rickie Felder, as Director of the Division of Family and Children's Services ("Defendants") and present this Reply to Plaintiffs' Opposition to Defendants' Motion to File a Surrebuttal.

Plaintiffs argue that they submitted their expert reports as exhibits to Plaintiffs' Motion for Summary Judgment and that Defendants were therefore given an opportunity to respond. Plaintiffs further assert that their Reply in Opposition to Defendants' Motion for Summary Judgment merely "focused on highlighting the previously submitted unrebutted evidence . . . ." *See* Plaintiffs' Opposition to Defendants' Motion to File a Surrebuttal at p. 2. Such an assertion is clearly erroneous and ignores the burden on the moving party to set forth the facts on which its summary judgment motion is based. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("a party seeking summary judgment always bears the initial responsibility of *informing* the district court of the basis for its motion, and *identifying* those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it

1

believes demonstrate the absence of a genuine issue of material fact.") (emphasis added).  Such a burden imposed on the moving party requires Plaintiffs to affirmatively point out the facts to support their entitlement to summary judgment and is not discharged by simply attaching voluminous reports as exhibits to their motion without specific reference to the parts of those reports on which they rely.  *Id.* at 325 (holding "the burden on the moving party may be discharged by 'showing' – that is, *pointing out* to the district court – that" they are entitled to summary judgment.) (emphasis added).

Plaintiffs also assert that they can rely on their evidence of alleged systemic failures to meet their burden of proving Defendants have violated the constitutional rights of the Named Plaintiffs.  As set forth more fully in Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment on Liability and its supporting memorandum of authorities, such an assertion is an attempt to disregard the United States Supreme Court's mandate in *Lewis v. Casey* that a plaintiff, even in the context of a class action, *must* show actual injury.  518 U.S. 343 (1996).[1]

For these reasons, Defendants Motion for Leave to File a Surrebuttal should be granted.

---

[1] Plaintiffs also attempt to refute the factual evidence submitted by Defendants in Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment on Liability and in Defendants' Surrebuttal.  In doing so, Plaintiffs clearly demonstrate that there is a genuine issue of material fact as related to the Named Plaintiffs and that Plaintiffs' Motion for Summary Judgment on Liability should be denied.

Additionally, Plaintiffs mention Mississippi's Youth Courts dozens of times.  These references to the Youth Courts' extensive involvement in the daily decisions of the Named Plaintiffs are further evidence that abstention as to placements and services is proper in this case.  *See* Defendants' Motion to Abstain Based on *Younger v. Harris* currently pending before this court.

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

BY:  /s/ Dewitt L. ("Rusty") Fortenberry, Jr.

 **OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS  39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS  39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg
Tara Crean, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

Eric S. Manne, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the **21th** day of **June**, **2006**.


  /s/ Dewitt L. ("Rusty") Fortenberry, Jr.