**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JAMES D. JOHNSON, as next friend to
Olivia Y.; CARLA LEWIS, as next friend
to Jamison J. and SYLVIA FORSTER, as
next friend to Desiree, Renee, Tyson and
Monique P.**                                                                 **PLAINTIFFS**

**VS.**                                                        **CIVIL ACTION NO. 3:04CV251LN**

**HALEY BARBOUR; DONALD TAYLOR,
as Executive Director of the Department of
Human Services and BILLY MANGOLD,
as Director of the Division of Family and
Children's Services**                                                        **DEFENDANTS**

---

## ORDER

This matter came before the Court on the Plaintiffs' Motion for Leave to Release the Redacted Social Work Expert Report of Dr. Lewis.  The Plaintiffs argue that the Report, as redacted, is not subject to the Confidentiality Order earlier entered by the court and that they should not be prohibited from releasing that Report to the public.  In opposition to the Motion, the Defendants argue that earlier releases of information by Plaintiffs' counsel, as well as interviews granted by the attorneys, has resulted in a "barrage of news stories."  They further argue that the publicity generated thereby has demoralized caseworkers employed by the Mississippi Department of Human Services and has also subjected them to numerous and time-consuming requests for public comment.

Although there is no indication from the Defendants that the subject Report contains personal information in violation of the Confidentiality Order, they point to an article that appears to have been published by an entity that employs some of the Plaintiffs' lawyers.  The article was filed with the court under seal, and it tells the story of one of the Plaintiffs, who is identified by

name, and relates his experiences with the Department.  In rebuttal, the Plaintiffs argue that the named Plaintiff cooperated with the publication of that story.

In deciding this matter, the court is faced with numerous competing interests, none of which is precisely contemplated by the law on protective orders cited by the Plaintiffs, which is principally concerned with one party's obtaining discoverable information from another.  Nor is this precisely a public access question, as it is a party seeking to disseminate information, not a member of the press or general public who is seeking access to it.  *Compare Seattle Times v. Rhinehart*, 467 U.S. 20 (1984).  Finally, the court is mindful of the public interest that is served by preventing undue pressure or expense to an already burdened governmental agency.

Having balanced these interests, reviewed the pleadings and considered the arguments, the court is of the opinion that the Plaintiffs cannot lawfully be prevented from disseminating the Report in question, so long as it is appropriately redacted.  However, the prospect of attorneys' granting interviews to comment on this Report, or any other aspect of this case, is a matter of great concern.  Any attorney appearing in this court is subject to the Mississippi Rules of Professional Conduct.  Unif. Local R. 83.5.  In the context of trial publicity, Miss. R. Prof. Cond. 3.6(a) states:

> A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding.

All of the attorneys of record in this matter, whether admitted to the bar of this court or appearing *pro hac vice,* are bound by this Rule and should be mindful of it, or risk the disciplinary sanctions described in Local Rule 83.1(C).

IT IS, THEREFORE, ORDERED, that the Plaintiffs' Motion for Leave to Release the Redacted Social Work Expert Report of Dr. Lewis is hereby **granted**.

IT IS SO ORDERED, this the 26th day of June, 2006.


                                              s/James C. Sumner
                                      UNITED STATES MAGISTRATE JUDGE