IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**OLIVIA Y.,** *et al.,*
**For And On Behalf of All Others Similarly Situated**               **PLAINTIFFS**

**v.**                                                               **CIVIL ACTION NO. 3:04CV251**

**HALEY BARBOUR,**
**as Governor of the State of Mississippi,** *et al.*                 **DEFENDANTS**

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO SUPPLEMENT WITNESS LIST

Defendants fail to articulate any real prejudice that they will suffer if the Court allows Plaintiffs to supplement their witness list to add three possible witnesses.

After full discovery was allowed by the Court by Order of December 17, 2004 (*see* Ex. A, attached), and Plaintiffs submitted their Amended Mandatory Disclosures to Defendants on December 23, 2004, Defendants did not depose or conduct discovery on a single one of the individuals Plaintiffs identified pursuant to Rules 26(a)(1)(A) & 26(e)(1). Defendants do not articulate why adding these three additional potential witnesses after the discovery cut-off date would prejudice them at trial, which has now been postponed, especially when they failed to seek information regarding the individuals who *were* identified before the discovery cut-off date.[1] Nor do Defendants offer any reason why they would have sought discovery as to these three individuals, had they been identified before the close of discovery, as opposed to those other identified persons, whom Defendants chose not to depose. Indeed, Defendants make a

---

[1] Besides deposing Plaintiffs' experts in 2006, Defendants deposed only Plaintiff Next Friends in 2004, before full discovery was allowed.

point of characterizing these three individuals as being in positions similar to those of the many others who were timely identified.[2] (*See* Defs' Resp. in Opp. at 1-2.)

Because no pretrial conference date is currently established, no pretrial witness lists have been exchanged by the parties. As it is Plaintiffs' prerogative to determine whom to call at trial, the question of whether the proposed witnesses would offer "duplicative" testimony is premature at best.[3] Moreover, Defendants are on early notice that these three individuals will be on Plaintiffs' Pretrial Order witness list. As detailed in Plaintiffs' Motion, these individuals are all well known to Defendants. Defendants have but to check their own MDHS files to anticipate their likely testimony, or they can conduct interviews or depositions of the three additional possible witnesses without objection from Plaintiffs. If that is deemed to be unduly burdensome, Plaintiffs are willing to submit anticipatory witness statements.

Finally, it is hard to imagine what "additional discovery" beyond depositions would be justified, as suggested by Defendants, when they have access to the proposed witnesses DHS files.

For the above reasons, and those previously presented in Plaintiffs' Motion, Plaintiffs respectfully request that the Court grant their Motion for Leave to Supplement Witness List.

---

[2] Additionally, that Henry Goodman had been noticed for deposition by Plaintiffs at one point (later withdrawn) was certainly sufficient to "otherwise [make] known" to Defendants "during the discovery process" that he was likely to have discoverable information. Rule 26(e)(1). Plaintiffs are certainly not limited to calling witnesses that they actually deposed, as Defendants seem to argue as to Mr. Goodman. *See* Defs' Response in Opp. at 2-3.

[3] Defendants' additional assertion that RR's testimony would be "irrelevant," and that he should be precluded from testifying as to any injuries that were not sustained by the Named Plaintiffs, misapprehends the applicable case law and Rule 23(b)(2). *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and *Casey v. Lewis*, 518 U.S. 343 (1996), cited by Defendants (*see* Defs' Response in Opp. at 2 n.1), do not address any preclusion of class evidence, but rather discuss how the scope of the evidence presented affects the scope of the appropriate remedy. Testimony by RR as to harms sustained as a result of the same DFCS systemic failures of which the Named Plaintiffs complain, for example, is the very type of evidence of system-wide violations that *Casey* and Rule 23(b)(2) call for as a basis for system-wide relief. *See Casey,* 518 U.S. at 358.

Respectfully submitted, this 4th day of August, 2006.

/s Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone:  (601) 355-4013

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Susan Lambiase (MBN 43992 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Tara Crean (MBN 44447 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Ave, 4th Floor
New York, NY 10001
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone:  (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2006, I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

Dewitt L.  ("Rusty") Fortenberry Jr., Esq.
Kenya Key Rachal, Esq.
Gretchen L. Zmitrovich, Esq.

Ashley Tullos Young, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
428 I-55 North
Meadowbrook Office Park
Jackson, MS 39211
(601) 351-2400

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi  39201

*Attorneys for Defendants Haley Barbour, et al.*

/s Melody McAnally