UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., BY AND THROUGH HER NEXT FRIEND,
JAMES D. JOHNSON; JAMISON, JR., BY AND
THROUGH HIS NEXT FRIEND, CLARA LEWIS;
DESIREE, RENEE, TYSON, AND MONIQUE P.,
BY AND THROUGH THEIR NEXT FRIEND, SYLVIA
FORSTER; JOHN A., BY AND THROUGH HIS
NEXT FRIEND, JAMES D. JOHNSON; CODY. B.,
BY AND THROUGH HIS NEXT FRIEND, SHARON
SCOTT; MARY, TOM, MATTHEW, AND DANA W.,
BY AND THROUGH THEIR NEXT FRIEND, ZELATRA
W., AND SAM H., BY AND THROUGH HIS NEXT
FRIEND, YVETTE BULLOCK, ON THEIR OWN
BEHALF AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                              PLAINTIFFS


VS.                                       CIVIL ACTION NO. 3:04CV251LN


HALEY BARBOUR, AS GOVERNOR OF THE STATE
OF MISSISSIPPI; DONALD TAYLOR, AS
EXECUTIVE DIRECTOR OF THE DEPARTMENT
OF HUMAN SERVICES; AND BILLY MANGOLD,
AS DIRECTOR OF THE DIVISION OF FAMILY
AND CHILREN'S SERVICES                                          DEFENDANTS

<u>ORDER</u>

There are pending before the court defendants' motion for

abstention based on <u>Younger v. Harris</u>; the parties' cross-motions

for summary judgment; and defendants' motion to exclude the expert

testimony of Bill M. Brister, Ph.D.  The motions have been fully

briefed,[1] and the court, having considered the motions, with
accompanying exhibits, concludes that each should be denied.

The court has previously rejected a motion by defendants for
Younger abstention, and concludes that its renewed motion should
be denied, as well.  Defendants state that their present motion,
as contrasted with their prior motion, seeks only to exclude from
this court's consideration evidence relating to placements and
services, and they argue that a ruling by this court in these two
areas would inevitably interfere with ongoing Youth Court
proceedings.  However, the court is not persuaded that any relief
which this court may grant, in the event plaintiffs were to
establish a constitutional violation, would necessarily impinge on
the jurisdiction and prerogative of the state's Youth Courts.

Turning to the parties' motions for summary judgment, the
court has considered these motions, along with the accompanying
exhibits, in detail, and has concluded that neither party has
established entitlement to summary judgment and that the claims
would best be resolved in the context of a trial.[2]

---

[1]    There is also pending a motion by defendants for leave
to file surrebutal in connection with their motion for summary
judgment.  That motion is granted.
    Further, plaintiffs have moved to strike portions of certain
exhibits filed by defendants in support of their summary judgment
motion.  This motion is denied.

[2]    Of course, the court does recognize that in view of the
fact that plaintiffs seek solely equitable relief, the case is to
be tried to the bench.

Defendants have moved on <u>Daubert</u> grounds to preclude plaintiffs' expert, Bill Brister, from testifying about alleged mismanagement by the Department of Human Services in regard to defendants' procurement of funds, including federal matching funds for use in Mississippi's foster care system.  However, the court agrees with plaintiffs that defendants' objections go to the weight of Dr. Brister's testimony and do not warrant exclusion of his testimony altogether.

Based on the foregoing, it is ordered that defendants' motion for abstention based on <u>Younger v. Harris</u> is denied; the parties' cross-motions for summary judgment are denied; defendants' motion to exclude the expert testimony of Bill M. Brister, Ph.D., is denied; plaintiff's motion to strike certain of defendants' exhibits is denied; and defendants' motion for leave to file surrebuttal is granted.

SO ORDERED this 29th day of August, 2006.


                                   /s/ Tom S. Lee
                                   UNITED STATES DISTRICT JUDGE