IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*,
For And On Behalf of All Others Similarly Situated                              **PLAINTIFFS**

v.                                                                                              CIVIL ACTION NO. 3:04CV251

HALEY BARBOUR,
as Governor of the State of Mississippi, *et al.*                              **DEFENDANTS**

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS NAMED PLAINTIFFS OLIVIA Y. AND CODY B.

#### I. Defendants' Dispositive Motion Is Untimely

Defendants' Motion to Dismiss Named Plaintiffs Olivia Y. and Cody B. was filed on January 12, 2007. The deadline for dispositive motions was May 1, 2006. (*See* January 17, 2006 Order, attached as Exhibit "A"). Rule 7.2(K) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi provides that any motion served beyond the motion deadline imposed in the case management order "may be denied solely because the motion is served untimely." For this reason alone, Defendants' untimely motion should be denied.

#### II. Defendants Have Made No Showing That Olivia Y. And Cody B. Cannot Continue To Adequately Represent The Class

In the event that the Court entertains Defendants' untimely motion, Defendants ignore long-standing United States Supreme Court precedent establishing that a named plaintiff whose individual claims become moot properly continues to represent the class, after a class is properly certified, barring evidence that the named plaintiff is otherwise unsuitable. *See Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 756-57

(1976). Defendants having failed to show that Olivia Y. and Cody B. are otherwise unsuitable to continue representing the class, Defendants' motion should be denied.

This Court certified the class and recognized Olivia Y. and Cody B. as adequate class representatives on March 11, 2005. (*See* March 11, 2005 Memorandum Opinion and Order, attached as Ex. B.) Discovery closed on April 17, 2006, dispositive motions were due by May 1, 2006, and the case is now set for trial beginning on May 7, 2007. Defendants belatedly seek to dismiss named Plaintiffs Olivia Y. and Cody B. solely on the grounds that their individual claims are moot now that Defendants have secured permanent homes for them after their years in DHS custody. As Olivia Y. and Cody B. have already been found to be appropriate Rule 23 class representatives, however, any mooting of their individual claims by Defendants' recent actions is an insufficient basis *vel non* for their dismissal. *See Sosna*, 419 U.S. at 403; *Franks*, 424 U.S. at 756-57; *see also Swint v. Pullman-Standard*, 624 F.2d 525, 536 (5th. Cir. 1980) (finding no merit on appeal to the claim that the class representatives lacked standing to maintain their appeal because their individual claims had been mooted) (citing *Sosna* and *Franks*), *vacated on other grounds*, 456 U.S. 273 (1982).

In both *Sosna* and *Franks*, the United States Supreme Court allowed named plaintiffs whose individual claims had subsequently become moot to continue representing properly certified classes whose members who continued to have live claims. In *Sosna*, the Court found that there was no evidence that a named plaintiff seeking to invalidate an unconstitutional state statute would not continue to adequately represent the class, "[a]lthough the controversy is no longer alive as to [her]." *Sosna,* 419 U.S. at 401, 403 ("In the present suit, where it is unlikely that segments of the class appellant represents would have interests conflicting with those she has sought to advance, and where the interests of that class have been competently urged at each

level of the proceeding, we believe that the test of Rule 23(a) is met."). Similarly, in *Franks*, the Court found that no question had been raised as to the adequacy of the named plaintiff's continued representation of the certified class even though he had already been successful in his individual discrimination claims for employment and back pay and was no longer with the company, leaving him no personal stake to determine entitlements to employment, back pay, and awards of seniority for the class. *Franks*, 424 U.S. at 752-53, n. 4, 756-57 ("No questions are raised concerning the continuing desire of any of these class members for the [] relief presently in issue. No questions are raised concerning the tenacity and competence of their counsel in pursuing that mode of legal relief before this Court.").

The United States Supreme Court has made clear that the subsequent mootness of a properly certified class representative's claims does not disqualify the named plaintiff from continued representation of the class, and Defendants raise no other question as to Olivia Y.'s and Cody B.'s continued adequacy to represent the class. Nor do Defendants suggest that class certification was improper or that the case is moot as to the class of persons Olivia Y. and Cody B. were certified to represent. There is, therefore, no basis for dismissing named Plaintiffs Olivia Y. and Cody B. from the case solely because their individual claims are moot. This is especially true here, where the certified class is – by its custodial nature – inherently transitory. *See United States Parole Commission v. Geraghty*, 445 U.S. 388, 388-389 (1980) (released prisoner retains personal stake in certification of transitory class of parole-eligible prisoners challenging Parole Release Guidelines); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (mootness of named plaintiffs' claims not a bar to transitory class of pretrial detainees challenging pretrial detention conditions where "[t]he length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time . . . . Moreover, in this case the

constant existence of a class of persons suffering the deprivation is certain."); *Sosna*, 419 U.S. at 400-402, n.9 (named plaintiff residing in state for more than one year could represent transitory resident class challenging enforcement of Iowa one-year durational residency requirement, which was "capable of repetition, yet evading review").

Defendants' lone citation in support of their motion is *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395 (1977), which stands only for the proposition that named plaintiffs must meet the requirements of Rule 23(a) in order for a court to properly certify a Rule 23 class. *Id*. at 403-405. Indeed, the United States Supreme Court pointedly noted, while reversing the circuit court's improvident grant of class certification in that case, that the putative named plaintiffs had never been members of the putative class. *Id*. at 403-404, 406 n.12 ("Obviously, a different case would be presented if the District Court had certified a class and only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives.") (citing *Franks*, 424 U.S. at 752-57). This Court having already made the determination that Olivia Y. and Cody B. met the requirements of Rule 23(a), there is no legal or factual justification for granting Defendants' untimely motion to dismiss these named Plaintiffs to discontinue their representation of the properly certified class based solely on the eventual mootness of their individual claims.

For all of the above reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss named Plaintiffs Olivia Y. and Cody B.

Respectfully submitted, this 26th day of January, 2007.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201

Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, MS  39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone:  (601) 607-4172

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Susan Lambiase (MBN 43992 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Ave, 4th Floor
New York, New York 10001
Telephone:  (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone:  (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2007, I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

Dewitt L. ("Rusty") Fortenberry Jr., Esq.
Barry C. Campbell, Esq.
Kenya Key Rachal, Esq.
Gretchen L. Zmitrovich, Esq.
Ashley Tullos Young, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
428 I-55 North
Meadowbrook Office Park
Jackson, Mississippi 39211

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi  39201

*Attorneys for Defendants Haley Barbour, et al.*

/s Melody McAnally_____