IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES D. JOHNSON, as next friend to        PLAINTIFFS
Olivia Y., et al.

vs.                                        CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, as Governor of the          DEFENDANTS
State of Mississippi, et al.

---

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS NAMED PLAINTIFFS OLIVIA Y. AND CODY B.**

---

COME NOW, Haley Barbour, as Governor of the State of Mississippi, Donald Taylor, as Executive Director of the Mississippi Department of Human Services, and Rickie Felder, as Director of the Division of Family and Children's Services ("Defendants") and file Defendants' Reply in Further Support of Defendants' Motion to Dismiss Named Plaintiffs Olivia Y. and Cody B.

### I.     Defendants' Motion Is Not Untimely.

Defendants' Motion to Dismiss is not untimely. Article III of the United States Constitution and the holdings of the United States Supreme Court require a plaintiff seeking relief in federal court to establish his standing in order to invoke federal jurisdiction. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The doctrine of mootness has been defined as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).

1

The Supreme Court has held that a plaintiff's standing can be challenged at any time, including at the time of trial:

> That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent. The general allegations of the complaint in the present case may well have sufficed to claim injury by named plaintiffs, and hence standing to demand remediation. . . That point is irrelevant now, however, for we are beyond the pleading stage. Since they are not mere pleading requirements, but rather an indispensable part of the plaintiff's case, each element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation . . . *(The facts supporting a plaintiff's standing) must be supported adequately by the evidence adduced at trial.*

*Lewis v. Casey*, 518 U.S. 343, 357-58 (1996) (citing *Lujan*, 504 U.S. at 561) (internal citations and punctuation marks omitted) (emphasis added).

Thus, a motion to dismiss due to mootness of a plaintiff's claim may be brought at any point in the litigation. The Named Plaintiffs Olivia Y. and Cody B. were only recently released from the custody and oversight of DFCS. *See* Exhibits "A" and "B" to Defendants' Motion to Dismiss Named Plaintiffs Olivia Y. and Cody B. Therefore, Defendants' motion was timely filed.

## II.    Defendants Are Not Seeking the Dismissal of The Entire Class.

Plaintiffs do not dispute that the named representatives Olivia Y. and Cody B. are no longer in DFCS custody and that, therefore, their individual claims are moot. However, Plaintiffs rely on *Sosna v. Iowa*, 419 U.S. 393 (1975), *Franks v. Bowman Trans. Co., Inc.*, 424 U.S. 747 (1976), and *Swint v. Pullman-Standard*, 624 F.2d 525 (5th Cir. 1980), *vacated on other grounds*, 456 U.S. 273 (1982) for the proposition that the named representatives Olivia Y. and Cody B. should continue to represent the class of foster children in the custody of DFCS despite

the fact that their individual claims are now moot. However, none of these cases are applicable to the instant case, and Plaintiffs' reliance is misplaced.

In *Sosna*, a sole plaintiff filed a class action challenging a one-year residency requirement for obtaining divorces in the state of Iowa. 419 U.S. at 397. The district court certified the class and upheld the validity of the statute. *Id.* at 398. By the time the appeal reached the Supreme Court, the plaintiff had satisfied the one-year requirement and had obtained a divorce, and her individual claim was therefore rendered moot. *Id.* at 399. The Supreme Court held that for purposes of appellate review, the mooting of the named plaintiff's claim did not moot the claims of the class noting that since Art. III limited federal jurisdiction to "cases" or "controversies,"

> [t]here must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23, but there must be a live controversy at the time this Court reviews the case . . . The controversy may exist, however, between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot.

*Id.* at 402 (footnotes omitted). The Court found that although there was not a live controversy with the named plaintiff, there was a live controversy between unnamed members of the class and the defendants. *Id.* at 401. Thus, the Court found that *the class claims were not moot* and should not be dismissed. *Id.* at 403.

In *Franks*, a sole plaintiff represented a certified subclass of black non-employees suing for seniority relief based on racial discriminatory employment practices. 424 U.S. at 751. Following trial, the district court found liability against the defendants. *Id.* On appeal, the defendant argued that the named plaintiff's claim was rendered moot when he was hired and provided backpay by the company, and therefore, the class claims should be dismissed. *Id.* at 753. The Court held that for purposes of appellate review, since Art. III required there to a "case" or "controversy" in order to invoke federal jurisdiction, there must be "a live controversy

at the time this Court reviews the case." *Id.* at 755 (citing *Sosna*, 419 U.S. at 402). The Court found there was a live controversy between the unnamed members of the class and the defendants; thus, the Court found that *the class claims were not moot. Id.* at 757. The Court further explained its rationale for not mooting the claims of the class by stating "to 'split up' the underlying case and require that the individual class members begin anew litigation on the sole issue of seniority relief would be destructive of the ends of judicial economy and would postpone indefinitely relief which under the law may already be long overdue." *Id.* at 757, n.9.

In *Swint*, the Fifth Circuit was faced with a seniority relief case based on racial discriminatory employment practices shortly after *Franks*. On appeal, the defendant argued all of the class representatives lacked standing to maintain the appeal because their individual claims had been mooted. *Id.* at 536. Without elaboration, the Fifth Circuit held the argument was without merit. *Id.* (citing *Sosna*, 419 U.S. 393; *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 406, n. 12 (1977); and *Franks*, 424 U.S. 747).

Unlike the defendants in *Sosna, Franks,* and *Swint*, Defendants are not seeking the dismissal of the class claims due to the mooting of the individual claims of Olivia Y. and Cody B. The obvious rationale behind the exception to the mootness doctrine carved out by the courts in *Sosna, Franks,* and *Swint* is the need to keep the class claims alive for the protection of the unnamed members of the class. *See Sosna*, 419 U.S. at 399 ("When the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by appellant."); *Franks*, 424 U.S. at 756-57 (in discussing the unnamed members of the class and their adversary relationship with the defendant, the Court held "It follows that there is no meaningful sense in which a 'live controversy' reflecting the issues before the Court could be found to be absent."). *See also*

4

*Kremens v. Bartley*, 431 U.S. 119, 133 (1977) (holding in *Sosna* type cases, "there is a significant benefit in according the class representative the opportunity to litigate on behalf of the class, since otherwise there may well never be a definitive resolution of the constitutional claim on the merits by this Court."); *In re National Australia Bank Securities Litigation*, 2006 WL 3844463, *2 (S.D.N.Y. Nov. 8, 2006) (holding the exceptions for mootness in the context of class actions "provide a modicum of protection to putative class members, and in so doing, promote the aims of the preferred class action vehicle.").

The rationale behind the Court's exception to the mootness doctrine in *Sosna* and *Franks* is not present in this litigation. Defendants are not seeking the dismissal of the class claims or the decertification of the class. Moot class actions can be divided into three categories: 1) those in which the claims of all the class members have become moot; 2) those in which the claims of some but not all of the named plaintiffs have become moot – the situation in *Olivia Y.*; and 3) those in which the claims of *all* the named plaintiffs but not all of the class claims become moot – the situation at issue in *Sosna* and *Franks*. *Davis v. Ball Memorial Hospital Ass'n*, 753 F.2d 1410, 1415-16 (7th Cir. 1985). As the Supreme Court has recognized, without the exception carved out in *Sosna* and *Franks*, dismissal of all of the named representatives would require dismissal of the class claims, and the unnamed members would be required to bring new litigation to protect their interests.

However, unlike the unnamed members of the classes in *Sosna*, *Franks*, and *Swint*, the unnamed members of this class would not have to start new litigation to protect their interests. The unnamed members of the class are still adequately represented by six named representatives – Jamison J., John A., Mary W., Matthew W., Tom W., and Dana W. – who remain in DFCS custody. *See Hadix v. Johnson*, 182 F.3d 400, 406, n.3 (6th Cir. 1999) (holding "named

plaintiffs with mooted claims no longer constitute appropriate class representatives under Federal Rule of Civil Procedure 23"; to satisfy Rule 23, the appropriate solution for a district court is to use plaintiffs with live claims as class representatives); *Gluth v. Kangas*, 951 F.2d 1504, 1509 (9th Cir. 1991) (when named plaintiff's individual claim became moot because he no longer was a member of the class, court held proper procedure was to insure class was represented with named plaintiffs who were within class); *Davis*, 753 F.2d at 1416 ("If the claims of several but not all of the named plaintiffs have become moot, the action is not moot; so long as a single representative plaintiff can continue to maintain a justiciable claim, the case may proceed to the merits.") (citing *Goosby v. Osser*, 409 U.S. 512, 514, n.2 (1973)).

As the Supreme Court has held, a plaintiff seeking injunctive relief must satisfy three requirements:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . Third, *it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.*

*Lujan*, 504 U.S. at 560-61 (internal citations and quotation marks omitted) (emphasis added). *See also, Laurie Q. v. Contra Costa County*, 304 F. Supp. 2d 1185, 1195 (N.D. Cal. 2004) ("In the context of declaratory and injunctive relief, [a plaintiff] must demonstrate that she has suffered or is threatened with a concrete and particularized legal harm, *coupled with a sufficient likelihood that she will again be wronged in a similar way.*") (quoting *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1019 (9th Cir. 2002) (internal quotation marks and citation omitted in original)) (emphasis added).

In *Laurie Q.*, a certified class action brought by foster children for failures to comply with federal statutes, the defendants moved to dismiss the named plaintiffs from the lawsuit after

6

the named plaintiffs were adopted and released from the custody of the defendant. Similar to Olivia Y. and Cody B., the plaintiffs had not disputed that their adoption mooted their individual claims, and the court acknowledged this was a different case from those in which the defendants attempted to moot the remaining class claims or decertify the class. *Id.* at 1208 (the court noted "Defendant has not moved to decertify the class or moot the remaining claims, and so the court need not address the legal issues that might arise from such actions."). *Id.* The court found that the named plaintiffs should be dismissed from the lawsuit as their individual claims were moot, and "once adopted, plaintiffs are unlikely to find themselves back within the County's foster care system and thus cannot demonstrate with substantial probability that they will suffer future harms at the hands of the County." *Id. See also Carson P. v. Heineman*, 2007 WL 172482 (D. Neb. Jan. 19, 2007) (in class action brought by foster children, court dismissed two named plaintiffs from litigation after they had reached age of majority and were no longer in state custody); *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003) (in class action brought by foster children, court dismissed two named plaintiffs from litigation who had been adopted finding that they were "no longer in the defendants' legal or physical custody and therefore cannot be further harmed by the defendants' alleged illegal practices. Because the plaintiffs' amended complaint seeks only prospective injunctive relief against the defendants to prevent future harm, no live controversy exists between them and these two plaintiffs."); *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 (10th Cir. 1999) (in class action brought by foster children, court dismissed several named plaintiffs from litigation after they had reached the age of majority or were no longer in state custody).

With the interests of the unnamed members of the class adequately represented at trial, the mooting of the individual claims of Olivia Y. and Cody B. requires their dismissal from this lawsuit as they no longer will benefit from any injunction that may issue from this court.

### III.  This Class Is Not Subject to The "Inherently Transitory" Mootness Exception.

Plaintiffs rely on *Sosna*, *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *Geraghty*, for the proposition that where a certified class is inherently transitory, the named plaintiff whose individual claims have been mooted should continue to represent the class. Again, these cases are not applicable to the instant case, and Plaintiff's reliance is misplaced.

In *Sosna*, the Court held *the mooting of the named plaintiff's claim did not moot the claims of the class* because "the case before us is one in which state officials will undoubtedly continue to enforce the challenged statute and yet, because of the passage of time, *no single challenger will remain subject to its restrictions for the period necessary to see such a lawsuit to its conclusion.*" 419 U.S. at 400 (emphasis added). The Court, however, limited its exception to the traditional mootness doctrine that requires dismissal by holding that "In cases in which the alleged harm would not dissipate during the normal time required for resolution of the controversy, the general principles of Art. III jurisdiction require that the plaintiff's personal stake in the litigation continue throughout the entirety of the litigation." *Id.* at 402.

In *Gerstein*, four prisoners brought a class action claiming a constitutional right to a judicial hearing on the issue of probable cause. 420 U.S. at 106-07. During oral argument before the Supreme Court, the Court was informed that the named plaintiffs had all been convicted, and their pretrial detention had ended. *Id.* at 110, n.11. In finding that *the class claims were not moot*, the Court held

> *This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class.* Pretrial detention is by nature temporary, and it is

8

> most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted.

*Id.* (internal citations omitted) (emphasis added). The Court noted the record did not address whether the named plaintiffs were in pretrial custody at the time the district court certified the class, but noted that such a showing was not required. *Id.* The Court explained that "It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class." *Id.*

In *Geraghty*, a sole prisoner brought a class action to challenge the validity of the defendants' parole release guidelines. 445 U.S. at 390. The district court denied class certification and while his appeal was pending, the prisoner was released from the prison. *Id.* at 394. Citing *Gerstein*, the Supreme Court held "Some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Id.* at 399. The Court held *the class claims were not moot*, and the named plaintiff could represent the class for the purpose of appealing the denial of class certification. *Id.* at 1212-13.

This exception to the mootness doctrine obviously does not apply to this class. As discussed previously, unlike the defendants in *Sosna*, *Gerstein*, and *Geraghty*, Defendants are not seeking the dismissal of the class claims. In addition, this class has already been certified, and as discussed above, there remain six named plaintiffs in the custody of DFCS to represent the interests of the class. Plaintiffs have not cited any law stating that the claims at issue in this case are considered sufficiently "inherently transitory" to invoke the application of this exception to the mootness doctrine. *See Carson P.* at *57 (In rejecting the application of this exception to a similar class action filed by Plaintiffs' counsel involving foster children, the court noted that it "has not found any law stating that the claims at issue in this litigation are considered sufficiently

9

'transitory' to invoke the application of the doctrine."). To the contrary, Plaintiffs assert that they have been allowed to languish in state custody for years. *See* Plaintiffs' Amended Complaint for Injunctive and Declaratory Relief, at p. 48 ("Foster children who should be adopted languish in DFCS custody unnecessarily) and ¶ 174 ("children available for adoption drift for years in DFCS custody"); and Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Named Plaintiffs Olivia Y. and Cody B. at p. 2 (asserting that Defendants have secured permanent homes for Olivia Y. and Cody B. "after their years in DHS custody."). As the district court in Nebraska found in *Carson P.*, the evidence shows that the claims of Olivia Y. and Cody B. are not transitory in nature. *See id.* at *57.

### IV.     The Claims of Olivia Y. And Cody B. Are Not Subject to The "Capable of Repetition, Yet Evading Review" Mootness Exception.

Plaintiffs assert that the instant case is one in which the "capable of repetition, yet evading review" exception to the mootness doctrine applies. Plaintiffs' assertion is based on an incorrect interpretation of the exception. In *Geraghty*, the Court noted there is a category of cases that should be found not to be moot even though the named plaintiff's individual claim is moot because the claims are ones "capable of repetition, yet evading review." 445 U.S. at 398, n.6. The Court noted that the "capable of repetition, yet evading review" exception "was developed outside the class-action context." *Id.* at 398 (citing *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 514-15 (1911)). The Court acknowledged that the exception

> has been applied where the named plaintiff does have a personal stake at the outset of the lawsuit, and *where the claim may arise again with respect to that plaintiff*; the litigation then may continue notwithstanding the named plaintiff's current lack of a personal stake. Since *the litigant* faces some likelihood of becoming involved in the same controversy in the future, vigorous advocacy can be expected to continue.

*Id.* (internal citations omitted) (emphasis added).

This exception does not apply to the claims of Olivia Y. and Cody B. Both have been placed in permanent homes and released by the Youth Courts of Mississippi from the custody of DFCS. *See Laurie Q.*, 304 F. Supp. 2d at 1208 ("once adopted, plaintiffs are unlikely to find themselves back within the County's foster care system and thus cannot demonstrate with substantial probability that they will suffer future harms at the hands of the County.").

## V. Continuation of Olivia Y. and Cody B. As Plaintiffs Will Defeat Purpose of Class Actions.

Allowing Olivia Y. and Cody B. to continue in this lawsuit defeats the purpose of Rule 23. In their mandatory disclosures, Plaintiffs have cited almost thirty people who have knowledge of Olivia Y. and her time in DFCS custody, and Plaintiffs have cited over sixty people who have knowledge of Cody B. and his time in DFCS custody. In their mandatory disclosures, Defendants have cited over sixty people who have knowledge of Olivia Y. and her time in DFCS custody, and Defendants have cited over thirty people who have knowledge of Cody B. and his time in DFCS custody.[1] In addition, Olivia's MDHS case record file contains 3,877 pages, and Cody's MDHS case record file contains 4,155 pages. Clearly, Plaintiffs' proof and Defendants' defense of the individual claims of Olivia Y. and Cody B. will require extensive court time and resources. As discussed above, because neither Olivia Y. nor Cody B. can possibly benefit from any relief this court may grant and because the unnamed plaintiffs in this case are adequately represented by six named representatives still in the custody of DFCS, Olivia Y.'s and Cody B.'s continued presence in this lawsuit "poses a substantial risk to the 'efficiency and economy of litigation which is a principle purpose' behind the class action device." *Carson*

---

[1] Some people are on both Plaintiffs' and Defendants' mandatory disclosures. In addition to the individuals specifically named by the parties, both parties have named "the records custodian and all other staff" for multiple service providers.

*P.* at \*57 (quoting *Elizabeth M. v. Montenez*, 2006 WL 2346469, \*4 (8th Cir. Aug. 15, 2006) (citing *General Tel Co. v. Falcon*, 457 U.S. 147, 155 (1982))).

WHEREFORE, Defendants respectfully request that the court grant Defendants' Motion to Dismiss Named Plaintiffs Olivia Y. and Cody B.

This the 2nd day of February, 2007.

        Respectfully submitted,

        **HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

        BY: /s/ Dewitt L. ("Rusty") Fortenberry, Jr.

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Barry Campbell (MSB #99535)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi 39201

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39202

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, NY 10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi 39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, NY 10001

John Lang, Esq.
Christian Carbone, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

SO CERTIFIED, this the 2nd day of February, 2007.

/s/ Dewitt L. ("Rusty") Fortenberry, Jr.