IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*,
For And On Behalf of All Others Similarly Situated            PLAINTIFFS

v.                                                            CIVIL ACTION NO. 3:04CV251

HALEY BARBOUR,
as Governor of the State of Mississippi, *et al.*             DEFENDANTS

### PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS NAMED PLAINTIFFS OLIVIA Y. AND CODY B.

The United States Supreme Court has squarely held in *Sosna v. Iowa* that a named Plaintiff is permitted to remain an adequate class representative even if her individual claims become moot after class certification. *Sosna v. Iowa*, 419 U.S. 393 (1975). Nothing to which Defendants cite limits or changes this basic rule of law in a class action case.

**I. Defendants' Motion Is Untimely**

Defendants' reliance on *Lewis v. Casey*, 518 U.S. 343 (1996),[1] to justify a dispositive motion to dismiss two named Plaintiffs almost two years after this class was certified, eight months past this Court's dispositive motions deadline of May 1, 2006, and shortly before the February 26, 2007 final pretrial conference, is misplaced. (*See* Defs.' Reply at 1-2.) *Lewis v. Casey* simply held that an injury in fact is required to meet jurisdictional standing requirements and justify related remedial relief. *Id.* at 358-360, n. 7 (vacating system-wide remedial order where only evidence of injury in fact established at trial was to one or two named plaintiffs). This Court has already found evidence of injury in fact for Olivia Y. and Cody B., as well as for

---

[1] The highlighted language Defendants purportedly quote from *Casey* is inaccurate.

4/99609.1                                     - 1 -                              EXHIBIT "A"

the entire class that has been certified, sufficient to survive Defendants' motion for summary judgment and to be heard at trial. (*See* August 29, 2006 summary judgment Order, attached as Ex. 1). Defendants' subsequent dispositive motion is therefore not only untimely, but has also already been adjudicated.[2]

## II. Defendants' Cited Legal Authorities Do Not Bar Olivia Y. And Cody B. From Continued Representation Of The Properly Certified Class

As to whether Olivia Y. and Cody B. can continue to represent the certified class, it has long been established that when individual named plaintiffs' claims become moot *after* the class is certified, as here, then the named plaintiffs are nonetheless permitted to continue as class representatives. *See, e.g.*, *Sosna*, 419 U.S. at 403; *Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 756-57 (1976), and *Swint v. Pullman-Standard*, 624 F.2d 525, 536 (5th. Cir. 1980). As noted by the Supreme Court, continued representation by such named plaintiffs with moot claims as Olivia Y. and Cody B. is especially compelled where the nature of their claims is "capable of repetition, yet evading review," even if they are individually unlikely to ever be a member of the class again. *Sosna*, 419 U.S. at 399-400 ("even though appellees in this proceeding might not again enforce the Iowa durational residency requirement against appellant, it is clear that they will enforce it against those persons in the class that appellant sought to represent and that the District Court certified").

In a case on all fours with this one seeking injunctive relief on behalf of a certified class of children in foster care custody, the *Sosna* mootness exception has been held particularly applicable due to the transitory nature of the foster care population. *See Marisol v. Giuliani*, 1998 WL 265123 at *7 (S.D.N.Y. May 22, 1998) (attached as Ex. 2). In *Marisol*, the district

---

[2] Olivia Y. is alleged to have exited Defendants' custody on June 15, 2006, during the pendency of Defendants' motion for summary judgment; however, Defendants did not move to dismiss her from the case until more than six months later.

4/99609.1                                    - 2 -

court held that the named plaintiff foster children could not be mooted out of their case seeking to reform a government child welfare system even where one child died, one child was adopted, and one child aged out of foster care, stating, "the population of [the] child welfare system is . . . fluid, making the provision of legally mandated foster services inherently transitory." *Marisol*, 1998 WL 265123 at *7. The *Marisol* court noted:

> the claims at issue in this case are "capable of repetition yet evading review." Foster care is intended to be temporary. While Marisol A., Steven I. and Lawrence B. will not again suffer harm as a result of the alleged flaws in the child welfare system, the type of harm they allege might be visited upon other members of the class they represent. In *Sosna v. Iowa*, the Supreme Court made clear that the "capable of repetition yet evading review" doctrine applies to avert mootness where, even though there is no prospect that a challenged practice may again injure the named plaintiff, the practice may cause future injury to unnamed members of the class.

*Id.* at *7, n.2 (citations omitted); *see also Jane B. v. N.Y. City Dep't of Foster Children*, 117 F.R.D. 64, 66-69 (S.D.N.Y. 1987) (holding that named plaintiff children placed in unsafe facilities with foster children while awaiting suitable placements were not mooted out of a case because they were transferred out of the unsafe facilities). Similarly, there is no reason Olivia Y. and Cody B. should not be allowed to continue representing the already certified class in order to protect the rights of the unnamed members who are subject to the same practices and risks of harm.

Defendants attempt to distinguish *Sosna* and *Franks*, arguing that the continued representation by Olivia Y. and Cody B. is not necessary because other currently remaining named Plaintiffs can protect the interests of the unnamed members of the class. (*See* Defs.' Reply at 4-5.) However, the Supreme Court has affirmed the Fifth Circuit's holding that, where defendants have control over the status of named plaintiffs, as here, defendants cannot pick off named plaintiffs by taking actions to moot their claims. *See Roper v. Conserve Inc.*, 578 F.2d

1106, 1110 (5th Cir. 1978), *aff'd* 445 U.S. 326 (1980) ("The notion that a defendant may short-circuit a class action by paying off the class representatives either with their acquiescence or, as here, against their will, deserves short shrift. Indeed, were it so easy to end class actions, few would survive"); *see also, Weiss v. Regal Collections*, 385 F.3d 337, 344 (3rd Cir. 2004) ("allowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure"); *Zeidman v. Jay Ray Mcdermott & Co.*, 651 F.2d 1030, 1050-51 (5th Cir. 1981) ("several courts have considered the effect of a defendant governmental agency's voluntary performance of a specific action demanded in the lawsuit. In each of these cases the court has held that the defendant could not prevent a decision on the plaintiff's motion for certification by rendering the individual plaintiff's demand for injunctive relief moot before the court had reasonably been able to consider the motion") (collecting cases); *Ziegenfuse v. Apex Asset Mgmt., LLC*, No. 06-2789, 2006 WL 3742773 (E.D. Pa. Dec. 14, 2006) (same); *Berry v. Pierce*, 98 F.R.D. 237, 243 (E.D. Tex. 1983) ("defendants should not be permitted to 'pick off' class actions by settling with named plaintiffs"). Allowing Defendants to "pick off" named Plaintiffs at will, as they seek to do with Olivia Y. and Cody B., would be contrary to the Fifth Circuit's holding in *Roper v. Conserve Inc.* and would undermine the principles of Rule 23 by giving Defendants the ability to thwart this reform litigation simply by removing the remaining named Plaintiffs from foster care at any time.[3]

---

[3] Plaintiffs have no assurance that Defendants will not seek to dismiss the other named Plaintiffs as well. Nor do Plaintiffs have any assurance that Defendants will not, if they succeed in getting these named Plaintiffs dismissed from the action, seek to somehow limit the scope of Plaintiffs' claims and available relief, based on some as yet undefined restrictive interpretation of any remaining named Plaintiffs' claims. *See generally Lewis*, 518 U.S. at 358, n.6 (discussing limiting injunctive relief in access to courts case to "illiterate" prisoners based on named plaintiffs' individual injuries).

Defendants' other cited cases in support of their motion on reply are either unpersuasive or clearly inapposite. *Laurie Q. v. Contra Costa County*, 304 F. Supp. 2d 1185 (N.D. Cal. 2004), is unpersuasive as the court there dismissed the named plaintiffs' individual claims for prospective injunctive relief for mootness in a cursory opinion that failed to even acknowledge the *Sosna/Franks* mootness exception even though the class had already been certified. *Carson P. v. Heineman*, 2007 WL 172482 (D. Neb. Jan. 19, 2007), *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003), and *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 (10th Cir. 1999), have no bearing on the dismissal of named plaintiffs from certified class actions as none of these cases involved certified classes and therefore did not address the applicable *Sosna/Franks* exception to the mootness doctrine. Indeed, class certification was denied in each of those cases, unlike here, where class status was granted two years ago.[4]

## II. Having Named Plaintiffs Olivia Y. And Cody B. Continue To Represent The Class Will Not Prejudice Defendants Or Affect Judicial Economy And Will Avoid Potential Prejudice To Absent Class Members

As Defendants' reply makes clear, what Defendants are really trying to accomplish through their motion is to exclude evidence of the unconstitutional treatment Olivia Y. and Cody B. were subjected to while in Defendants' custody. (*See* Defs.' Reply at 11.) Defendants erroneously assume that if Olivia Y. and Cody B. are not named Plaintiffs, then Defendants can avoid Plaintiffs' presentation of such evidence. As Defendants know, this evidence includes the Plaintiffs' expert report submitted by Dr. Marva Lewis, which contains a detailed analysis of the social work case practice in Olivia Y.'s and Cody B.'s cases that graphically illustrates the types of harm children in foster care custody are exposed to by Defendants' dangerous practices and

---

[4] The holding of *Haddix v. Johnson*, 182 F.3d 400, 406, n.3 (6th Cir. 1999), is explicitly limited to a prisoner's "access to courts case under *Lewis* [*v. Casey*]." In *Gluth v. Kangas*, 951 F.2d 1504, 1509 (9th Cir. 1991), the Circuit Court simply approved the district court's addition of three new named plaintiffs as appropriate where the defendants sought to have the prisoner litigation dismissed.

deficiencies. (*See* Expert Report of Dr. Marva Lewis, attached as Ex. 3). In light of Plaintiffs' other evidence that will show that these dangerous practices and deficiencies are system-wide, this child-specific evidence regarding Olivia Y. and Cody B. is highly relevant to Plaintiffs' class claims regardless of these two named Plaintiffs' subsequent exit from custody. Any limitation on Plaintiffs' ability to present evidence, including timely disclosed expert testimony, as to the harms suffered by Olivia Y. and Cody B. while in Defendants' custody would be highly prejudicial to the remaining absent class members. Defendants will suffer no prejudice by having to respond to Plaintiffs' timely disclosed evidence that is directly relevant to Plaintiffs' class claims. Defendants' motion to attempt to preclude such relevant evidence should be denied.

Nor does Olivia Y.'s and Cody B.'s presence in the litigation threaten judicial economy. Defendants' citations to *Carson P., Elizabeth M.* and *General Tel. Co. v. Falcon* supporting dismissal for "efficiency" purposes are inapposite as neither case involved a properly certified class, when class status is the most relevant factor for the court to consider. *Carson P.*, 2007 WL 172482 (denying class certification); *Elizabeth M. v. Montenez*, 458 F.3d 759, 784-88 (8th Cir. 2006) (dismissing 14 named plaintiffs challenging constitutionality of care at state facilities because they had left the facilities prior to class certification, and vacating class certification as remaining two named plaintiffs did not satisfy Rule 23 requirements); *General Tel. Co. v. Falcon*, 457 U.S. 147 (1982) (vacating class certification). Olivia Y. and Cody B. were class members at the time of class certification and through the close of discovery. Judicial economy is thus preserved by their continued representation of the class because significant resources have been expended cataloguing the manner in which they were harmed while in custody by Defendants' practices and the manner in which those harms are systemic. *See Marisol*, 1998 WL

4/99609.1

- 6 -

265123 at **5-8 (noting the importance and efficiencies of preserving factual evidence specific to named plaintiffs that supports class-wide claims despite the mootness of those named plaintiffs' individual claims).

For all the above reasons, and those presented in Plaintiffs' Response in Opposition, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss Named Plaintiffs Olivia Y. and Cody B.

Respectfully submitted, this 8th day of February, 2007.

/s Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, MS 39157
P. O. Box 3623
Jackson, MS 39207
Telephone: (601) 607-4172

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Susan Lambiase (MBN 43992 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Ave, 4th Floor
New York, NY 10001
Telephone: (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2007, I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

>Dewitt L. ("Rusty") Fortenberry Jr., Esq.
>Barry C. Campbell, Esq.
>Kenya Key Rachal, Esq.
>Gretchen L. Zmitrovich, Esq.
>Ashley Tullos Young, Esq.
>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
>428 I-55 North
>Meadowbrook Office Park
>Jackson, MS 39211
>(601) 351-2400
>
>Harold E. Pizzetta, III, Esq.
>Assistant Attorney General
>General Civil Division
>Carroll Gartin Justice Building
>430 High Street
>Jackson, Mississippi 39201

*Attorneys for Defendants Haley Barbour, et al.*

/s Melody McAnally