IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                                    PLAINTIFFS

v.                                                                              CIVIL ACTION NO. 3:04CV251

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*           DEFENDANTS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT DEFENDANTS' INITIAL DISCLOSURES**

## INTRODUCTION

Nine months after the April 17, 2006 discovery cut-off in this complex class action, only weeks before the February 26, 2007 final pre-trial conference, and a few months before trial, Defendants seek to selectively supplement discovery with post-discovery evidence of their own creation. Far from being non-prejudicial to Plaintiffs, as Defendants assert, this untimely supplementation of cherry-picked documents created by Defendants post-discovery would circumvent this Court's Case Management Order and unfairly deprive Plaintiffs and their experts of the opportunity to respond at trial.

Defendants control much of the evidence regarding the foster care programs and services at issue here. The continuing nature of Mississippi Department of Human Services' operations also means that there will *always* be additional documents, reports and information that might be added to any exhibit list, regardless of when the trial is scheduled. The point of a discovery cutoff in such a case is to establish a date beyond which both sides and their experts can fairly prepare on an agreed set of facts. The available facts through the discovery cut-off have been

4/99910.1

fully developed, and Plaintiffs and their experts will rely on them at trial. Allowing Defendants to now sandbag Plaintiffs with selected evidence regarding their post-discovery programs and services would leave Plaintiffs with no opportunity to challenge such late submissions. Consideration of such post-discovery evidence would require supplementing all related discovery, including expert reports, would be prohibitively costly and would endanger the date of Plaintiffs' upcoming trial, at which Plaintiff children will seek relief from ongoing constitutional harms. As it has already taken the indigent Plaintiff class of abused and neglected foster children three years to prepare for and reach trial, Plaintiffs vehemently object to any such last minute delay. Defendants did not even take the opportunity to bring this issue to the Court's attention months ago at the November 6, 2006 pre-trial conference. Moreover, post-discovery developments are not necessary to Defendants' defenses regarding their liability and the need for an injunction on the already fully developed evidence and expert testimony up through the discovery cut-off. Therefore, Defendants' Motion for Leave to Supplement Defendants' Initial Disclosures (hereinafter "Defendants' Motion") should be denied.

If, nevertheless, Defendants were to demonstrate to this Court's satisfaction that exclusion of their new post-discovery information would cause substantial and material prejudice to their case and the Court finds this prejudice to outweigh the harm incurred by Plaintiffs, equity and fairness require that Plaintiffs be allowed to pursue additional discovery in order to prevent further prejudice. If the Court were to grant Defendants' motion, Plaintiffs respectfully request that the Court also order (1) that Defendants immediately produce complete copies of the supplemental documents being proposed, including any and all attachments, appendices and exhibits thereto that Defendants did not submit to the Court with their motion; (2) that Defendants supplement all related document requests and interrogatories previously propounded

by Plaintiffs within 14 days, as identified in Ex. 1; (3) that Plaintiffs have the opportunity to perform additional limited expedited discovery concerning the substance of the new documents, including depositions, with Defendants to produce all such requested discovery forthwith, but in no event later than 10 days after the request is made; (4) that in the event Defendants do not comply, they be precluded from utilizing at trial the post-discovery documents they now seek to add, or any information contained therein; (5) that Plaintiffs be allowed to supplement the expert reports of Cathy Crabtree (management) and Dr. Bill Brister (fiscal) prior to trial; and (6) that the May 7, 2007 trial date remain in effect.

## ARGUMENT

### I.  DEFENDANTS' LAST-MINUTE ATTEMPT TO ADD POST-DISCOVERY DOCUMENTS TO THEIR TRIAL EVIDENCE SHOULD BE DENIED AS PREJUDICIAL AND UNNECESSARY.

After 16 months of discovery and almost one full year after the April 17, 2006 discovery cut-off, Defendants seek leave to submit post-discovery evidence under the guise of Rule 26(a)(1) supplementation to their mandatory disclosures.[1]  Defendants' post-discovery documents, drafted and selectively chosen by Defendants, include detailed budget proposals, an agency Program Improvement Plan, and lengthy agency reports on agency functions.  These documents are replete with selective data and self-serving characterizations, but lacking in any underlying documentation.  They provide a biased and wholly incomplete picture of the Mississippi child welfare system post-discovery.  Defendants assert that not only should they be able to submit these select post-discovery documents into evidence, but that Plaintiffs should be *denied any opportunity to counter this post-discovery evidence*, stating that Defendants' supplementation "will not require new discovery." (Defs.' Mot. at 2.)  Allowing selective post-

---

[1] Defendants have not similarly supplemented with post-discovery information their responses to Plaintiffs' document requests and interrogatories pursuant to Rule 26(e)(1)-(2).

4/99910.1                                                                                    3

discovery documents in evidence would be highly prejudicial to Plaintiffs. *See Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1345 (5th Cir. 1978)("Mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation.")(quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Defendants did not take the opportunity to bring this issue to the Court's attention at the November 6, 2006 pre-trial conference.  Nor is such post-discovery evidence necessary for Defendants' defenses on the fully developed record through the discovery cut-off.  Defendants' Motion should be denied

### A. Allowing Defendants to Submit Their Selective Post-Discovery Evidence Would Unduly Prejudice Plaintiffs.

Plaintiffs are members of a certified class of approximately 3,500 Mississippi children in the foster care custody of Defendants.  Defendants are government officials who control all aspects of these children's lives and (appropriately) cannot publicly release sensitive child-related information under governing confidentiality laws.  This Court's discovery orders have thus been the only means for Plaintiffs to obtain child-specific information about Defendants' treatment of class members and conditions of care class-wide.  After several extensions, discovery closed on April 17, 2006.  (*See* Amended Case Management Order at 1, Jan. 17, 2006 (attached as Ex. 2)).  By that date, document production was completed, interrogatories and requests for admissions were answered, expert reports were produced, and fact and expert depositions based upon all of this information were concluded.  The parties' cross-motions for summary judgment were denied on August 29, 2006.  (*See* Order at 2, Aug. 29, 2006 (attached as Ex. 3)).

Allowing Defendants to now selectively "supplement" discovery with their version of post-discovery "events" and "documents" (Defs.' Mot. at 2), and evade this Court's January 17, 2006 Order, will upset the Court's carefully crafted discovery schedule developed over the

course of three years of litigation and relied upon by both parties. *See, e.g., Pratt v. Pharmnet, Inc.,* No. 3:04CV208-D-A, 2006 WL 2943296 at *3 (N.D. Miss. Oct. 13, 2006)(granting motion to strike documents disclosed after the discovery deadline, finding that "to allow their inclusion at this late juncture would undoubtedly be prejudicial"); *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998)(exclusion of new disclosure by defendant four months after close of discovery and one month before pretrial conference was not an abuse of discretion because the purpose of the Federal Rules of Civil Procedure "is to prevent unfair and prejudicial surprise, not to facilitate last-minute production of evidence"). Such admission of last-minute evidence will "undermine trial preparations carefully made . . . over many months or even years." *Williams v. Monarch Mach. Tool Co.*, *Inc.,* 26 F.3d 228, 230 (1st Cir. 1994).

Defendants simply state that they seek to present their post-discovery evidence to "provide a complete resolution of the issues in this lawsuit." (Defs.' Mot. at 2). However, Defendants never supplemented any of their responses to Plaintiffs' numerous document requests and interrogatories with post-discovery evidence. Nor did they give the Court any indication of their intent or need to supplement the evidence by the November 6, 2006 pre-trial conference, even though Defendants knew of all the subject documents by then.[2] Permitting Defendants to offer their selective post-discovery evidence just weeks before the final pre-trial conference and only a few months before trial would unfairly leave Plaintiffs unable to challenge the new evidence. In a similar case where defendants also attempted to offer evidence regarding their activities and services to class members after discovery had closed so that the court could have a "full and accurate picture" of the efforts made by the state, the court held that "[t]he cut-off was obviously necessary. Permitting Defendants to offer evidence acquired after the close of

---

[2] All of the documents pre-date the November 6, 2006 pre-trial conference, except for two of the documents that Defendants finalized later that month. (*See* Exhibits C & F to Defs.' Motion.)

discovery would leave Plaintiffs unprepared to challenge the newly-acquired material." *Rosie D. v. Romney*, 410 F. Supp. 2d 18, 30 n 4 (D. Mass. 2006) (excluding any post-discovery evidence at trial where class of children with serious emotional disturbances alleged Medicaid Act violations against the State of Massachusetts).

Defendants' proposed last-minute "supplementation" also deprives Plaintiffs of the opportunity to have their experts properly investigate and question the data contained in Defendants' documents or counter that evidence. Pursuant to the Court's January 17, 2006 Order, both parties submitted expert reports in February and March 2006, based exclusively on discovery information available prior to the close of discovery. Plaintiffs procured expert testimony and submitted detailed expert reports based upon reviews of tens of thousands of pages of Defendants' source documents regarding agency budget, management, and foster care services information, the very subjects Defendants' post-discovery documents address. For example, Dr. Bill Brister submitted an expert report regarding Defendants' fiscal and budgeting practices that analyzed the agency's budget requests in light of other discovery information documenting the agency's needs, its ability to qualify for federal funds, and its use of available funding. (*See* Expert Report of Bill M. Brister, Ph.D. (attached as Ex. 4)). Ms. Cathy Crabtree submitted an expert report regarding Defendants' management practices that analyzed the agency's functioning and provision of services to class members in light of extensive discovery information about Defendants' staffing, leadership, resources, and harm to class members. (*See* Expert Report of Cathy R. Crabtree (attached as Ex. 5)). To allow post-discovery documents presenting Defendants' characterization of post-discovery data without expert discovery on the underlying source information and other contradictory documentation would be extremely prejudicial to Plaintiffs. *See Abbott Labs. v. Syntron Bioresearch, Inc.*, No. 98-CV-2359

H(POR), 2001 WL 34082555, at *2-3 (S.D. Cal. Aug. 24, 2001)(court excluded new disclosures by defendant more than a year after the close of discovery because plaintiff would be prejudiced by the lack of expert discovery on the new disclosures); *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp. 2d 788, 795-96 (D. Minn. 2000)(excluding untimely discovery where it would deny party opportunity to develop rebuttal expert opinion evidence); *Marcin Eng'g v. Founders at Grizzly Ranch*, 219 F.R.D. 516, 523-24 (D. Col. 2003)(denying request to submit additional expert disclosures due to prejudice resulting to non-movant's previously conducted expert discovery).

Defendants' assertion that their post-discovery documents should be allowed into evidence because they are "documents that Plaintiffs knew would be completed after the discovery cutoff" is illogical. (Defs.' Mot. at 3.) Regardless of why these documents were created, they only contain *Defendants' version* of their post-discovery actions and performance. If the court grants Defendants' Motion, Plaintiffs will not have had any access to evidence concerning the last year of operation of Defendants' child welfare system except for this incomplete and biased information which Defendants have selected to present. Thus, Plaintiffs would be overwhelmingly disadvantaged at trial if these select documents, or testimony based on these documents, were allowed into evidence. The overwhelming burden of the further documentary discovery, depositions, and expert discovery that would be required on the eve of trial to mitigate this prejudice would also be highly prejudicial to Plaintiffs.

Not one of the authorities upon which Defendants rely in their motion actually supports their position that post-discovery documents should be allowed into evidence under the circumstances of this case. In a holding explicitly limited to prison conditions cases under the Eighth Amendment where liability and entitlement to an injunction require a showing of

defendants' subjective disregard for the plaintiff's safety, the United States Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994), vacated the entry of summary judgment against the pro se prisoner that had been granted before discovery was concluded because the district court imposed an unduly stringent state of mind test. *Id.* at 845-849. The Supreme Court also remanded for reconsideration plaintiff's Rule 56(f) motion seeking to delay the summary judgment ruling until defendants had complied with a pending request for production of documents, so that the district court could determine "whether additional discovery is permitted." *Id.* at 849. The case thus does not address the presentation of evidence post-discovery, and is inapposite.[3] "Where the full period for pretrial discovery has run its course, a party should generally be precluded from reopening discovery months after it has closed in a last-ditch attempt to salvage a deficient claim or defense." *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1114 (6th Cir. 2001); *see also Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001)(holding that district court did not abuse its discretion in denying a motion for further discovery where the discovery period lasted over a year and where the plaintiff waited until three months before trial to request additional discovery).

The Defendants' reliance on *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341 (9th Cir. 1984), is also misplaced. In that case, the court found that the district judge erred in excluding liability documents discovered in a separate lawsuit between the same parties after the discovery cutoff date of the case at bar because "a district court's power to control discovery does not extend to material discovered in a separate action." *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1081 (9th Cir. 1988) (discussing the *Whittaker* decision). Here, Defendants are not

---

[3] Defendants' citation to *El Tabech v. Gunter*, 922 F. Supp. 244 (D. Neb. 1996), is equally inapplicable. On remand for certification of findings of a final order that was entered on a remedial plan, the district court considered a finding based on a prison official's statement at a preliminary injunction hearing (which occurred after the liability trial) in determining whether defendants had acted with deliberate indifference. *El Tabech,* 922 F. Supp. at 253, n. 9.

trying to introduce documents discovered in a separate lawsuit, but rather evidence of recent activities that they themselves describe as "supplements" to evidence that Plaintiffs received during discovery. (Defs.' Mot. at 3.) Furthermore, the documents in *Whittaker* were "liability documents" – documents presumably necessary for the plaintiff's case – whereas the Defendants' post-discovery documents are not necessary for the presentation of their liability defense, as discussed in more detail below. *Whittaker*, 736 F.2d at 1347. This Court indeed has the authority to control whether these post-discovery documents should be admitted into evidence, and should use that power to exclude them.

As the court held in *Whittaker,* the "purpose of a discovery cutoff date is to protect the parties from the continuing burden of producing evidence" and to assure them adequate time to prepare for trial. *Id.* at 1347. It is particularly necessary to adhere to the original discovery deadline in a case as complex as this one to ensure that the parties are not confounded by a factual record that is a constantly moving target. Plaintiffs are "entitled to rely on a timely close of discovery." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988). If not, new cycles of discovery could continue endlessly, and the Plaintiffs' right to trial is in danger of being further delayed in a case where almost three years have already passed and children's lives continue to be affected every day by Defendants' unconstitutional actions. *See Hill v. Porter Memorial Hospital,* 90 F.3d 220, 224 (7th Cir. 1996)("Adherence to established deadlines is essential if all parties are to have a fair opportunity to present their positions. . .a district court is well within its discretion to exclude untimely proffered evidence"); *ADC Telecomm., Inc. v. Thomas & Betts Corp.*, No. 98CV2055, 2001 WL 1381098, at * 4 (D. Minn. Oct. 18, 2001)("scheduling orders must mean something if the parties and the court are ever to achieve some sort of finality").

As Defendants themselves asserted in their opposition to Plaintiffs' request to supplement their witness list back in July 2006, discovery is closed in this case, and "any additional discovery this late in the lawsuit will be burdensome" and prejudicial.[4]  (*See* Defs.' Resp. in Opp'n to Pls.' Mot. for Leave at 3, July 31, 2006 (attached as Ex. 6)).  Needless to say, allowing one-sided post-discovery evidence at this point would be extremely prejudicial to Plaintiffs.  *See Hickman*, 329 U.S. at 507 ("[d]iscovery. . .is not a one-way proposition").  This Court must ensure a level playing field for both parties, and should therefore deny Defendants' Motion.

**B.     Defendants Have Not Shown Substantial and Material Prejudice Where Post-Discovery Evidence is Unnecessary for Defendants to Present Their Defenses to Liability and to the Need for an Injunction.**

Trial in this case has been bifurcated.  (*See* Order Granting Pls.' Mot. to Modify the Case Management Order, July 12, 2004 (attached as Ex. 8)).  The May 7, 2007 trial on liability should not be delayed or bogged down by Defendants' last-minute presentation of post-discovery information as it does not affect whether Defendants can defend their conduct during the two-year period from the filing of Plaintiffs' Complaint in March 2004 to the close of discovery in April 2006.  Although Defendants' post-discovery evidence may be relevant as to the *scope* of the remedy, as to which the Court could consider permitting some limited discovery *to both parties*, that issue is currently premature.  *See Rosie D.*, 410 F. Supp. 2d at 30 (court would consider only evidence pre-dating the discovery deadline in determining liability, but left open the option of considering evidence of later conduct if liability were found and it became necessary to consider an appropriate remedy).

---

[4] While Plaintiffs requested and received the opportunity from this Court to supplement their witness list, there were two crucial distinctions between that request and this one: (1) Plaintiffs' July 10, 2006 motion sought leave to add three witnesses regarding facts that occurred *prior* to the close of discovery, whereas Defendants' proposed new documents go to non-discovered activity that has occurred post-discovery, and (2) Plaintiffs readily agreed to provide Defendants a summary of the proposed witness' anticipated testimony and an opportunity to take their depositions, both of which have already occurred, whereas here Defendants propose that no new discovery be allowed.  (*Compare* Pls.' Mot. for Leave to Supplement Witness List, at 3 (attached at Ex. 7), *with* Defs.' Mot. at 2.)

4/99910.1                                        10

Defendants contend that their post-discovery documents address "whether or not Defendants have acted deliberately indifferent or outside the bounds of professional judgment to Plaintiffs' constitutional rights and whether or not Plaintiffs are entitled to an injunction." (Defs.' Mot. at 2.) However, Defendants' post-discovery information does not affect whether Defendants are liable and Plaintiffs are entitled to injunctive relief for any period subsequent to the filing of Plaintiffs' Complaint in March 2004 and prior to the discovery cut-off. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)("[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," even where the defendant abandons the challenged practice prior to trial); *Berkman v. City of New York*, 705 F.2d. 584, 595 (2d Cir. 1983)(relief to ensure future compliance with the law is appropriate where a past violation has been found, regardless of the intent of the defendant).

Thus, even if these post-discovery documents established that Defendants' are not violating Plaintiffs' rights post-discovery, which Plaintiffs' contend that they certainly do not, they cannot establish a defense to liability or the need for an injunction based on the years of Defendants' conduct discovered prior to the discovery cut-off. (*See, e.g.,* Defs.' Expert Report of Child Welfare League of America, at 39 (attached as Ex. 9)(concluding that "the Mississippi system does present a picture of having been chronically under-resourced"); Ex. 5, at 7-11 (Expert Report of Cathy Crabtree)(documenting 14-year history of acknowledged deficiencies in Defendants' child welfare agency putting children at risk of harm)). The reduction in the scope or magnitude of the legal violations during the period subsequent to the filing of the action cannot shield Defendants from liability, as long as the illegal conduct persists, or could possibly recur. *See Allee v. Medrano*, 416 U.S. 802, 810 (1974) (upholding a grant of injunctive relief

because "[i]t is settled that an action for an injunction does not become moot merely because the conduct complained of has terminated, if there is a possibility of recurrence"). As recognized by the Fifth Circuit, "reform timed to anticipate or blunt the force of a lawsuit offer[s] insufficient assurance that the practice sought to be enjoined will not be repeated." *James v. Stockham Valves & Fittings Co*., 559 F.2d 310, 354-55 (5th Cir. 1977). Otherwise, Defendants would be "free to return to [their] old ways." *Donovan v. Cunningham*, 716 F.2d 1455, 1461 (5th Cir. 1983)(*quoting United States v. W.T. Grant Co.,* 345 U.S. 629, 632 (1953)). The Supreme Court has noted the particular necessity for injunctive relief in cases involving "persistent pattern[s]" of legal violations by government officials. *Allee*, 416 U.S. at 815. Because allowing Defendants' selective last-minute "supplementation" of evidence would be highly prejudicial to Plaintiffs and is unnecessary to Defendants for the May 2007 liability trial, Defendants' Motion should be denied and post-discovery evidence precluded at this stage in this bifurcated matter.

## II. IN THE ALTERNATIVE, IF DEFENDANTS CAN SHOW SUBSTANTIAL AND MATERIAL PREJUDICE SUFFICIENT FOR THIS COURT TO GRANT THEIR MOTION, THEY SHOULD BE ORDERED TO SUPPLEMENT ALL RELATED DISCOVERY, AND PLAINTIFFS SHOULD BE PERMITTED LIMITED EXPEDITED DISCOVERY CONCERNING THE NEW DOCUMENTS.

Plaintiffs are opposed to allowing into evidence any post-discovery documents or testimony by any witness based on post-discovery events and information at the May 7, 2007 liability trial. Nevertheless, if Defendants demonstrate to this Court's satisfaction that exclusion of their new post-discovery information would cause substantial and material prejudice to their case and the Court finds this prejudice to outweigh the harm incurred by Plaintiffs, equity and fairness require that Plaintiffs be allowed to pursue additional discovery in order to prevent further prejudice. Otherwise, discovery would, in effect, remain open for the Defendants, who control the information concerning post-discovery factual developments, but closed for

Plaintiffs, greatly prejudicing Plaintiffs at trial. *See East v. Scott*, 55 F.3d 996, 1001 (5th Cir. 1995)(court must not deny discovery if it is "indispensable to a fair, rounded, development of the material facts")(quoting *Townsend v. Sain*, 372 U.S. 293, 322 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1991)). "Basic justice dictates that both sides be treated equally, with each having equal access to the evidence in the possession or under the control of the other." *In re Union Carbide Corp.*, 809 F.2d 195, 205-206 (2d Cir. 1987)(noting "the rights of the parties to have reciprocal discovery of each other on equal terms under the Federal Rules").

The post-discovery documents that Defendants are attempting to add into evidence are replete with selective data, but lacking in any underlying documentation. As a result, it is impossible for Plaintiffs to develop an accurate or complete picture of the data contained in the documents. For example, Defendants' Ex. E includes Defendants' "Progress Report" through September 2006, but omits what appear to be dozens of attachments (many of which have numerous sub-parts), which either document or explain the related abbreviated report entries. (*See* Defs' Ex. E at DHS 146582 – 146630). Underlying documents directly responsive to Plaintiffs' previously propounded document requests are also cited to therein, but are unavailable to Plaintiffs, such as the most recent Foster Care Review Program Quarterly Reports. (*See, e.g.,* Defs' Ex. E at DHS 146617). Selective data has also either been withheld or is missing.[5] (*See, e.g.,* Defs' Ex. E at DHS 146594 (no placement moves data given post-June 2005), DHS 146617 (worker-child visit data missing)). Thus, even though many of these documents may have been publicly available, as Defendants assert, Plaintiffs and their experts would need to examine all

---

[5] At least one page is missing entirely. (*See* Defs' Ex. E, at DHS 146607 (duplicating page 25 instead of providing page 26)).

the unavailable source documents in order to be able to investigate and question the data, and seek further confirming or contradictory information.

Therefore, if the Court were to grant Defendants' motion, Plaintiffs respectfully request that the Court order the following as necessary to ensure fairness and avert further prejudice to Plaintiffs: (1) that Defendants immediately produce complete copies of the supplemental documents being proposed, including any and all attachments, appendices and exhibits thereto that Defendants did not submit to the Court with their motion; (2) that Defendants supplement all related document requests and interrogatories previously propounded by Plaintiffs within 14 days, as identified in Ex. 1; (3) that Plaintiffs have the opportunity to perform additional limited expedited discovery concerning the substance of the new documents, including depositions, with Defendants to produce all such requested discovery forthwith, but in no event later than 10 days after the request is made; (4) that in the event Defendants do not comply, they be precluded from utilizing at trial the post-discovery documents they now seek to add, or any information contained therein; (5) that Plaintiffs be allowed to supplement the expert reports of Cathy Crabtree (management) and Dr. Bill Brister (fiscal) prior to trial; and (6) that the May 7, 2007 trial date remain in effect.

Absent such protections, Defendants should not be permitted to submit post-discovery documents or the subject matter contained therein at trial.

## CONCLUSION

Plaintiffs respectfully request that this Court deny Defendants' Motion for Leave to Supplement Defendants' Initial Disclosures or, in the alternative, allow additional discovery as discussed above.

RESPECTFULLY SUBMITTED, this the 13th day of February, 2007.

/s Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, MS 39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone: (601) 607-4172

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 7th Avenue, 4th floor
New York, New York 10001
Telephone: (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York 10154
Telephone (212) 407-4000

*PLAINTIFFS' COUNSEL*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2007 I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

> Dewitt L. ("Rusty") Fortenberry Jr., Esq.
> Barry C. Campbell, Esq.
> Kenya Key Rachal, Esq.
> Gretchen L. Zmitrovich, Esq.
> Ashley Tullos Young, Esq.
> BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
> 428 I-55 North
> Meadowbrook Office Park
> Jackson, MS 39211
> (601) 351-2400
>
> Harold E. Pizzetta, III, Esq.
> Assistant Attorney General
> General Civil Division
> Carroll Gartin Justice Building
> 430 High Street
> Jackson, Mississippi 39201
>
> *Attorneys for Defendants Haley Barbour, et al.*

/s Melody McAnally