# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JAMES D. JOHNSON, as next friend to                     PLAINTIFFS
Olivia Y., et al.

vs.                                              CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, as Governor of the                       DEFENDANTS
State of Mississippi, et al.

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT WITNESS LIST

COME NOW, Haley Barbour, as Governor of the State of Mississippi, Donald Taylor, as Executive Director of the Mississippi Department of Human Services, and Rickie Felder, as Director of the Division of Family and Children's Services ("Defendants") and present this Response in Opposition to Plaintiffs' Motion for Leave to Supplement Witness List.

Plaintiffs had ample time to discover additional witnesses and disclose their names to Defendants prior to the discovery deadline of April 17, 2006. Plaintiffs filed their Amended Complaint in this action on May 17, 2004. Plaintiffs commenced discovery on June 3, 2004 by filing their initial mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) and Local Rule 26.1(A)(1). Plaintiffs already have amended these disclosures once and have provided Defendants with over 600 names as potential witnesses.

If Plaintiffs' allegations of substantive due process violations are indeed system-wide, then the testimony of the three witnesses proposed by Plaintiffs – a class member, a former foster parent, and a former Regional Director – are not needed for Plaintiffs to present their case. Their testimony would be duplicative and thus prejudicial to Defendants.


EXHIBIT 6

First, RR, a class member currently in MDHS custody, is adequately represented by the eight named Plaintiffs that Plaintiffs chose to represent the class. His testimony would either be duplicative of the testimony concerning these eight named Plaintiffs or be irrelevant.[1] Second, Plaintiffs can adequately portray the testimony of EC, a former foster parent, through the testimony of any of the dozens of current and former foster parents listed on Plaintiffs' disclosures or two of the next friends of the named Plaintiffs who have been licensed foster parents and have already been deposed in this case.[2] *See* Exhibit "A" (Deposition of Clara Jean Lewis, 9:2-4; Deposition of Zelatra W., 7:13-14; and Corrected Rehearing Order dated October 26, 2001 ordering placement of W. Children in foster home of Zelatra W.). Lastly, the testimony of Henry Goodman, a former Regional Director, would be duplicative of the many current and former Regional Directors on Plaintiffs' disclosures or the four current and former Regional Directors who have already been deposed in this case. *See* Exhibit "B" (Depositions of Michelle Henry, 4:24-5:10; Billy Mangold, 6:2-9; Martha McDaniel, 7:12-18; and Zadie Rogers, 7:5-11). Furthermore, the fact that Plaintiffs chose to withdraw Mr. Goodman's deposition notice put Defendants on notice that Plaintiffs would *not* call him as a witness, not the opposite as Plaintiffs assert. Defendants did not object to the taking of Mr. Goodman's deposition during the

---

[1] Any injuries sustained by RR that were not also sustained by the eight named Plaintiffs are not the proper subject of this lawsuit. *See Johnson v. Rodriguez*, 110 F.3d 299, 305, n.8 (5th Cir. 1997) ("class injuries attributable to members of a class but not sustained by a named class representative cannot be remedied in the class action lawsuit.") (citing *Lewis v Casey*, 518 U.S. 343 (1996)).

[2] Plaintiffs assert they have previously identified all "[c]urrent and former foster children [and] foster parents" as persons with relevant knowledge. *See* Plaintiffs' Motion for Leave at p. 2. Such identification is not sufficient to identify potential witnesses that Plaintiffs would use at trial. The class, as certified by this court, in itself currently consists of approximately 3,500 children, and MDHS currently licenses approximately 1,200 foster families. Plaintiffs cannot reasonably expect Defendants to have conducted discovery to determine what each of these children and foster parents know and to include all *former* foster children and parents in the identification makes their identification even the more insufficient and burdensome.

discovery period, and Plaintiffs cannot use this opportunity to correct their failure to take his deposition during the discovery period.[3]

Plaintiffs submit that they have no objection to Defendants deposing or otherwise discovering the testimony of these three potential witnesses. Defendants are a government agency whose budgetary constraints are well known to Plaintiffs and this court. Given these constraints, Defendants have conducted discovery in the most efficient manner possible and any additional discovery this late in the lawsuit will be burdensome. Further, if the court grants Plaintiffs' Motion and Defendants chose to take the deposition of these three witnesses or otherwise discover their testimony, then Defendants may need to conduct additional discovery or designate additional witnesses to counter their testimony. Regardless of Plaintiffs' assertion that they do not seek to reopen general discovery, out of fairness to Defendants, the door may be opened to more discovery if the court grants Plaintiffs' Motion.

For these reasons, Plaintiffs' Motion for Leave to Supplement Witness List should be denied.

This the 31st day of July, 2006.

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

BY: /s/ Dewitt L. ("Rusty") Fortenberry, Jr.

---

[3] Defendants ask this court to take notice of the fact that the August 8, 2005, pretrial order limited the number of depositions available to Plaintiffs to thirty; Plaintiffs, however, only chose to take twenty depositions during the discovery period. *See* Exhibit "C" (summary of depositions taken by Plaintiffs). Thus, Plaintiffs had the ability to take Mr. Goodman's deposition but, for reasons not controlled by Defendants, chose not to do so.

OF COUNSEL:

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
Suite 450, One Jackson Place
Post Office Box 1789
Jackson, MS 39215

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39215

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York 10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

4

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

> Marcia Robinson Lowry, Esq.
> Susan Lambiase, Esq.
> Shirim Nothenberg
> Tara Crean, Esq.
> CHILDREN'S RIGHTS, INC.
> 330 Seventh Avenue, 4th Floor
> New York, New York 10001
>
> Eric S. Manne, Esq.
> John Piskora, Esq.
> LOEB & LOEB, LLP
> 345 Park Avenue
> New York, NY 10154

**SO CERTIFIED**, this the 31st day of July, 2006.

/s/ Dewitt L. ("Rusty") Fortenberry, Jr.