UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., BY AND THROUGH HER NEXT FRIEND,
JAMES D. JOHNSON; JAMISON, JR., BY AND
THROUGH HIS NEXT FRIEND, CLARA LEWIS;
DESIREE, RENEE, TYSON, AND MONIQUE P.,
BY AND THROUGH THEIR NEXT FRIEND, SYLVIA
FORSTER; JOHN A., BY AND THROUGH HIS
NEXT FRIEND, JAMES D. JOHNSON; CODY. B.,
BY AND THROUGH HIS NEXT FRIEND, SHARON
SCOTT; MARY, TOM, MATTHEW, AND DANA W.,
BY AND THROUGH THEIR NEXT FRIEND, ZELATRA
W., AND SAM H., BY AND THROUGH HIS NEXT
FRIEND, YVETTE BULLOCK, ON THEIR OWN
BEHALF AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                      PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, AS GOVERNOR OF THE STATE
OF MISSISSIPPI; DONALD TAYLOR, AS
EXECUTIVE DIRECTOR OF THE DEPARTMENT
OF HUMAN SERVICES; AND BILLY MANGOLD,
AS DIRECTOR OF THE DIVISION OF FAMILY
AND CHILREN'S SERVICES                                  DEFENDANTS

ORDER

There are pending before the court defendants' motion for abstention based on <u>Younger v. Harris</u>; the parties' cross-motions for summary judgment; and defendants' motion to exclude the expert testimony of Bill M. Brister, Ph.D. The motions have been fully

EXHIBIT 2
PENGAD-Bayonne,N.J

briefed,[1] and the court, having considered the motions, with accompanying exhibits, concludes that each should be denied.

The court has previously rejected a motion by defendants for Younger abstention, and concludes that its renewed motion should be denied, as well. Defendants state that their present motion, as contrasted with their prior motion, seeks only to exclude from this court's consideration evidence relating to placements and services, and they argue that a ruling by this court in these two areas would inevitably interfere with ongoing Youth Court proceedings. However, the court is not persuaded that any relief which this court may grant, in the event plaintiffs were to establish a constitutional violation, would necessarily impinge on the jurisdiction and prerogative of the state's Youth Courts.

Turning to the parties' motions for summary judgment, the court has considered these motions, along with the accompanying exhibits, in detail, and has concluded that neither party has established entitlement to summary judgment and that the claims would best be resolved in the context of a trial.[2]

---

[1] There is also pending a motion by defendants for leave to file surrebutal in connection with their motion for summary judgment. That motion is granted.
Further, plaintiffs have moved to strike portions of certain exhibits filed by defendants in support of their summary judgment motion. This motion is denied.

[2] Of course, the court does recognize that in view of the fact that plaintiffs seek solely equitable relief, the case is to be tried to the bench.

2

Defendants have moved on <u>Daubert</u> grounds to preclude plaintiffs' expert, Bill Brister, from testifying about alleged mismanagement by the Department of Human Services in regard to defendants' procurement of funds, including federal matching funds for use in Mississippi's foster care system. However, the court agrees with plaintiffs that defendants' objections go to the weight of Dr. Brister's testimony and do not warrant exclusion of his testimony altogether.

Based on the foregoing, it is ordered that defendants' motion for abstention based on <u>Younger v. Harris</u> is denied; the parties' cross-motions for summary judgment are denied; defendants' motion to exclude the expert testimony of Bill M. Brister, Ph.D., is denied; plaintiff's motion to strike certain of defendants' exhibits is denied; and defendants' motion for leave to file surrebuttal is granted.

SO ORDERED this 29th day of August, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

3