was uniquely situated to provide an informed view on his best interests. Reasonable case practice dictated that DHS consider the unanimous opinions of the Board and Catholic Charities, yet there is no indication that these recommendations triggered any reassessments by DHS of Jamison's permanency goal.

**b. DHS actively colluded with Jamison's substance-abusing mother in complete disregard for Jamison's well-being**

DHS took unusually active steps to assist Jamison's mother toward a goal of reunification, even when it was clear to all of the other entities familiar with Jamison's case that she could not safely parent him. It appeared that DHS was working harder to convince the court of the mother's progress than even she was. After Ms. M had failed to comply with her service agreement for over three years, DHS assisted her in being admitted into a rehabilitation center. DHS notes show that a case worker actually requested that the center not release Ms. M until an upcoming Youth Court date in part because she might return to her "old drinking environments," which suggests that the agency sought to shield the Court from learning that Jamison's mother was unable to remain sober on her own.

Jamison's mother later wrote letters to him at his placement with Catholic Charities in which she confessed that she had relapsed. A DHS worker returned these letters to her, telling her in what appears to be a conspiratorial manner that "you shouldn't write that to them because [Catholic Charities] counselors read these letters also as to screen them." The DHS worker's action demonstrates the extent to which she was willing to protect Ms. M's parental rights, even though the worker knew or should have known by then that maintaining Jamison's goal of reunification despite Ms. M's inability to remain sober was entirely unreasonable.



PENGAD-Bayonne, N.J. EXHIBIT 7c

**c. Most egregiously, DHS knew the reunification plan was causing psychological harm to Jamison**

DHS maintained the plan of reunification between Jamison and his mother, even as it was aware that Jamison at times was agitated and scared by the prospect of being returned to her. He called his mother a "stranger" and, on one occasion, he removed a photograph of her from his dresser mirror and became angry when it was put back. In therapy, he revealed that he was concerned about his safety if he were to live with his mother, and when Ms. M wrote to him, DHS notes describe Jamison as "agitated, expressing his fear that he would have to return to the home of his biological mother. He expressed the desire to stay with his present foster parents 'forever'." DHS also observed him as resisting writing to his mother and saying her letters brought back difficult memories. Further, Catholic Charities reported to DHS that Jamison experienced psychological problems after he visited with his mother, and after Ms. M suffered a relapse, it flatly warned DHS that Ms. M's behavior was damaging to Jamison.

Although both DHS policy and good case practice require that the touchstone for all permanency planning be the best interest of the child, DHS marched forward with its plan of reunification, in flagrant disregard of Jamison's well-documented anxiety and fear regarding contact with his mother.

2. DHS Possessed no Other Viable Alternate Permanency Plan to Reunification

During the seven-year period in which DHS pursued reunification, it did not seriously develop any concurrent plan for Jamison in the event that reunification were to fail. At one point, it rebuffed the overtures of Jamison's foster parents the Bs to adopt Jamison by telling its Permanency Planning Unit that adoption would be "impossible" because reunification would be accomplished. DHS knew at the time that Ms. M had not

achieved sobriety, which was a critical goal of her five-year-old service agreement. Once DHS's plans for reunification failed in 1998, DHS had no viable alternate permanency plan. DHS simply changed the plan to "formalized foster care"—a concession that it had no true permanent goal for Jamison apart from having him spend the rest of his youth in foster care. Four months after his plan was finally changed from reunification, the Foster Care Review Board made the obvious point that Jamison should be freed for adoption, yet the parental rights of both Ms. M and Jamison's father, Mr. H, were not officially terminated until May 2000. Around November 2002, Jamison's permanency goal was changed to emancipation from the foster care system.

The failure by DHS to establish a viable permanency plan for Jamison caused him psychological anguish. Jamison reported that he felt hopeless about finding a family, and described himself as homeless. He was observed as appearing anxious about his status as a "ward of the state." He told Catholic Charities that he worried about his future placement, and his worries kept him awake at night.

## E. DHS UNNECESSARILY SEPARATED JAMISON FROM HIS SISTER AND EXTENDED FAMILY FOR YEARS

A critical feature of casework planning for children in foster care is to maintain family bonds. Family connections help to preserve a child's family and cultural identity and sense of belonging. These connections may contribute to a child's resiliency when temporarily separated from his or her biological parents.

DHS caseworkers tore Jamison apart from his sister almost immediately after they entered foster care, and it made almost no concerted efforts to assure that they had regular visits. It also took no serious and thorough steps to maintain contact with relative

resources during Jamison's time in the foster care system. The records do not show that DHS sincerely pursued relative placement for Jamison, such as by creating a comprehensive list of relative resources and pursuing each one systematically.

As a result of DHS's improper case practice, Jamison was left to feel abandoned and alone, disconnected from anyone he could claim as a relative. In the 14 years that Jamison has remained in custody, it is hard to believe that there is not even one extended family member who could have served as a safe visitation resource so that he would have had some type of consistent family connection.

**F. DHS WAS NOT FORTHCOMING IN ITS DOCUMENTATION**

Violating fundamentals of ethical case practice, DHS case workers appear to have dissembled or withheld information in correspondence from the Youth Court, and in DHS notes. For example, after Jamison's sister TM reported that she was raped during a Christmas visit at her mother's home in 1997, DHS submitted a letter to Catholic Charities minimizing the encounter and also stating:

> I would like to know who told you that DHS would be willing to allow these children to have unsupervised visits. This is not true. These children are a ward of the State of Mississippi. They MUST be supervised. They have NEVER had an unsupervised visit since I have been their supervisor. They will not have an unsupervised visit until ordered by the court.

DHS records show, however, that DHS sought and received permission for unsupervised visits with Jamison's mother in May 1997. Further DHS records, such as the complaint by TM's foster mother in June 1997 expressing concern about the unsupervised nature of the upcoming visits, would appear to confirm that the Christmas visit was in fact unsupervised.

In addition, DHS obtained a Youth Court order that permitted Jamison to be placed with his father in Kansas "pending ICPC approval by the State of Kansas." The order was dated January 12, 2004. Three days before this court order, however, DHS received a phone call from an upset Kansas child welfare official who stated she could not approve of Jamison's placement in Kansas because it violated the ICPC contract. She told DHS that Jamison was in Kansas illegally. There are no DHS records indicating that it notified the Youth Court of Kansas's strong objections. It is unlikely that the Court would have approved the placement had it known of Kansas's position.

Furthermore, various DHS casenotes are self-servingly inaccurate. When Kansas denied ICPC approval of Jamison's placement with his father, DHS created a document providing a summary of Jamison's placements. The summary only stated that Jamison's father wanted to have him removed from the home because he had been misbehaving. It did not mention that Kansas had denied the ICPC. What appears to be an earlier version of the summary also exists in DHS records. Dated the same day, that version makes no mention of Jamison's misbehavior at his fathers' house.

## G. DHS DENIED JAMISON ACCESS TO LEGALLY MANDATED EDUCATION

By 2002, DHS had established Jamison's permanency plan as emancipation from the foster care system. This plan requires that Jamison be prepared to be self-sufficient and independent once he exits foster care custody. Jamison noted in that plan that his goals were to graduate from high school and to attend college. DHS records also show that Jamison had cherished the desire to get an education and become a lawyer since he was seven.

Despite Jamison's need and desire for a sound education, DHS placed him at the Oakley Transitional Living Center in February 2004. Youth at Oakley are not permitted to attend regular high school, and instead must attend general equivalency diploma (GED) courses. Though Jamison told DHS that he wanted to go to regular high school and he feared some colleges would not let him enroll with only a GED, DHS persisted in forcing him to forego regular schooling.

DHS's actions constitute unacceptable and harmful case practice. Not only did DHS deny Jamison proper educational opportunities while at Oakley by not permitting him to attend regular high school, but the placement resulted in Jamison failing the 11th grade because of his many absences from school. Jamison must now struggle to get back on track with learning necessary academic skills and pursuing his educational goals.

## CONCLUSIONS

DHS took Jamison into its care at the age of five, and over the next fourteen years proceeded to knowingly expose him to unsafe environments, fail to provide or supervise his mental health care, and refuse him permanency, family ties, and educational skills. In particular, I am concerned with two core issues. First, there are other children in the case load of the same supervisor as Jamison's who may be in imminent danger for abuse and neglect because of this supervisor's inability to recognize abuse and to accurately assess whether a placement is safe for a child. In addition, there appears to be a general failure of the accountability mechanism to enforce DHS permanency planning policies. There is no documented compelling reason anywhere in the case record to justify workers' dogged

determination to reunite Jamison with his mother over a seven-year period rather than filing for termination of his mother's rights.

Jamison's case thoroughly demonstrates how DHS's irresponsible and improper case practice can utterly fail to provide for a child's basic needs while he or she is in its custody. Jamison's level of resilience and determination in the face of the chronic maltreatment he has suffered at the hands of both his family and the Mississippi foster care system is truly remarkable.

## CONCLUSION

Foster care is intended to be a temporary and safe harbor for vulnerable children, where their needs are met until they can securely return to their own families or be placed in another permanent home. For the four children whose cases I reviewed, however, entering Mississippi state custody did not shield them from maltreatment. While each child entered foster care under different circumstances, they have all been subjected to a clearly failing child welfare system that has not met its most basic obligation to protect them from experiencing further physical, psychiatric, or emotional harm.

In each case, DHS exposed the child to an environment that posed an immediate and real risk to the child's safety. All four children were frequently and arbitrarily moved from placement to placement. Many of the placements each child experienced were unsuitable and disrupted, thereby forcing the child to endure yet another move. Not one of these children received the consistent medical and psychological services necessary to meet their serious medical or mental health needs. Lastly, as DHS has failed to provide these children with timely and appropriate services necessary for them to achieve permanency, all four have been growing up in state custody, often isolated from their siblings and known relatives. The case practice evident in each of these files was unprofessional, unreasonable and, at times, entirely irrational. Each of these children has been harmed by these failings. The fact that the failings are consistent across all four cases that I reviewed leads me to the conclusion that Mississippi's foster children are at risk of further neglect, and even abuse, as a result of poor DHS case practice and oversight.

Marva L. Lewis, Ph.D.
New Orleans, LA

February 7, 2006

1 DHS 047308-047309, 000750-000862, 000374
2 DHS 00392
3 DHS 00131-000143
4 DHS 000405
5 DHS 000396
6 DHS 000376
7 Goldstein, Joseph, Anna Freud, and Albert J. Solnit. *Beyond the Best Interests of the Child.* New York: Free Press, 1973.
8 DHS 000384
9 DHS 000370
10 Frank, Deborah A., MD; Perri E. Klass, MD; Felton Earls, MD; and Leon Eisenberg, MD. "Infants and Young Children in Orphanages: One View from Pediactrics and Child Psychiatry." *Pediatrics.* 97.4 (1996): 569-578.
11 DHS 000473, 000358
12 DHS 000369
13 DHS 000473, 000836
14 DHS 000473
15 DHS 000387, 0000431-000433, 000473
16 Scannapieco, Maria and Kelly Connell-Carrick. *Understanding Child Maltreatment: An Ecological and Developmental Perspective.* New York: Oxford University Press, 2005.
17 FDA Public Health Advisory: Suicidality in Children and Adolescents Being Treated with Antidepressant Medications. October 15, 2004. U.S. Food and Drug Administration. Date of Access: February 6, 2006.
18 Goldstein, Joseph, Anna Freud, and Albert J. Solnit. *Beyond the Best Interests of the Child.* New York: Free Press, 1973.
19 Goldstein, Joseph, Anna Freud, and Albert J. Solnit. *Beyond the Best Interests of the Child.* New York: Free Press, 1973.
20 DHS 00364
21 DHS 000426-000433, 000419-000422
22 DHS 00426
23 DHS 000409, 000411, 000426, 000428-000433, 000435
24 DHS 000425
25 DHS 000451-000452
26 DHS 000403
27 Smith, B. D. "After Parental Rights are Terminated: Factors Associated with Exiting Foster Care." *Children and Youth Services* Review. 25.12 (2003): 965-985.
28 DHS 000385-000386, 00372, 00363-64, 00358, 00435-36
29 DHS 000066, 000068
30 DHS Cody B. 000053-000054, NP 06109
31 NP 06093, DHS Cody B. 000053
32 NP 06090
33 NP 06093
34 NP 06104
35 DHS Cody B. 000294
36 DHS Cody B. 000294
37 DHS Cody B. 000294
38 NP 06093
39 NP 06093
40 NP 06094
41 NP 06191
42 NP 06092, 06207
43 NP 06207

---

44 NP 06097-06098, NP 06093, DHS Cody B. 000294
45 NP 06205
46 NP 06102, 06194
47 DHS Cody B. 000225-000229
48 NP 06176-06177
49 DHS Cody B. 000002
50 DHS Cody B. 000053-000055
51 DHS Cody B. 000053
52 NP 06193-06195
53 DHS Cody B. 000003
54 DHS Cody B. 000004
55 DHS Cody B. 000102, 000096
56 DHS Cody B. 000094, 000099, 000102
57 DHS Cody B. 000096, 00102
58 DHS Cody B. 000287
59 DHS Cody B. 000287
60 NP 06172
61 DHS Cody B. 000006
62 DHS Cody B. 000006-000007
63 NP 06148, DHS Cody B. 000088-000092
64 DHS Cody B. 000092
65 DHS Cody B. 000091
66 DHS Cody B. 000690
67 DHS Cody B. 000012, NP 06140
68 NP 06164
69 NP 06165
70 NP 06164
71 NP 06162-06163
72 NP 06162-06163
73 DHS Cody B. 000007-00008
74 NP 06169-06170
75 NP 06169
76 DHS Cody B. 000263
77 NP 06167-06168
78 NP 06167
79 DHS Cody B. 000279
80 DHS Cody B. 000281
81 NP 06110
82 NP 06110
83 NP 06160
84 NP 06041
85 DHS Cody B. 000010
86 DHS Cody B. 000011
87 DHS Cody B. 000271
88 NP 06110, DHS Cody B. 000273
89 NP 06145-06146
90 DHS Cody B. 000012
91 NP 06140
92 NP 06143
93 DHS Cody B. 000014-000019
94 DHS Cody B. 000014-000015, 000018
95 DHS Cody B. 000014
96 DHS Cody B. 000013, 000014, 000016; NP 06059
97 DHS Cody B. 000014
98 DHS Cody B. 000014

---

[99] NP 06093, 06097-06098
[100] DHS Cody B. 000016
[101] NP 06042-06043, DHS Cody B. 000017
[102] DHS Cody B. 000018, NP 06059
[103] DHS Cody B. 000019, 000020
[104] DHS Cody B. 000020
[105] NP 06150
[106] NP 06150
[107] NP 06050-06058
[108] DHS Cody B. 000020-000021
[109] NP 06137
[110] DHS Cody B. 000057
[111] DHS Cody B. 000012, 000013, 000020-000022
[112] DHS Cody B. 000023, NP 06025-06026
[113] NP 06025
[114] NP 06060
[115] DHS Cody B. 000024-000025
[116] DHS Cody B. 000025
[117] NP 06059-06065
[118] NP 06059-06060
[119] NP 06060-06061
[120] NP 06059
[121] NP 06060-06061
[122] NP 06061-06062
[123] NP 06063
[124] DHS Cody B. 000007, NP 06162-06163
[125] NP 06111, DHS Cody B. 00024-00025
[126] NP 06131, DHS Cody B. 000027
[127] DHS Cody B. 000027
[128] DHS Cody B. 000027
[129] DHS Cody B. 000027; NP 06130
[130] NP 06086; DHS Cody B. 000006-000007, 000018, 000024-000025
[131] NP 06086, 06085
[132] DHS Cody B. 000263, 000265
[133] DHS Cody B. 000021
[134] DHS Cody B. 000606
[135] NP 06115
[136] NP 06085
[137] DHS Cody B. 000028
[138] DHS Cody B. 000028
[139] DHS Cody B. 000029
[140] DHS Cody B. 000226, 000030, 000577
[141] DHS Cody B. 000030
[142] DHS Cody B. 000030
[143] DHS Cody B. 000576-000577
[144] DHS Cody B. 000031
[145] DHS Cody B. 000043, 000049, 000051
[146] DHS Cody B. 000064
[147] DHS Cody B. 000505
[148] DHS Cody B. 000075
[149] DHS Cody B. 000075
[150] DHS Cody B. 000112, 000172
[151] DHS Cody B. 000172
[152] DHS Cody B. 000770-000771
[153] DHS Cody B. 000520

---

[154] Goldstein, Joseph, Anna Freud, and Albert J. Solnit. *Beyond the Best Interests of the Child.* New York: Free Press, 1973.
[155] DHS 000425
[156] DHS 000392
[157] NP 06582-06583, 06577; DHS 000650
[158] NP 06578-06579
[159] NP 06379
[160] NP 06380
[161] NP 06372
[162] NP 06372-06374, DHS Olivia Y. 000304-000305
[163] DHS 000491
[164] NP 06565-06567
[165] DHS 000608
[166] DHS, 000541-000542, 000547, 000555, 000638-640, 000642-000645
[167] DHS 000643-645
[168] DHS 000542, 000639, DHS 000640
[169] NP 06562, 06564
[170] DHS 000742, 000739
[171] DHS 000540
[172] NP 06569
[173] NP 06545
[174] NP 06548, 06487
[175] NP 06548
[176] NP 06550, 06487
[177] NP 06553
[178] NP 06468, 06480
[179] NP 06370, 06440
[180] NP 06370
[181] NP 06393
[182] NP 06396
[183] NP 06397
[184] NP 06369, 06440, 06423-06424
[185] NP 06480, 06485
[186] NP 06423
[187] NP 06423-06425
[188] NP 06425
[189] NP 06425
[190] NP 06471-06472
[191] NP 06481
[192] NP 06440, 06407, 06452
[193] NP 06407
[194] NP 06407-06408
[195] NP 06408
[196] NP 06485
[197] NP 06408
[198] NP 06452
[199] NP 06463, 06438
[200] NP 06365, 06364
[201] NP 06365
[202] NP 06410
[203] NP 06406
[204] NP 06360
[205] NP 06360
[206] NP 06440, 06359
[207] NP 06358, 06456

---

[208] NP 06410, 06350
[209] NP 06422
[210] DHS Olivia Y. 000040-000042
[211] NP 06422
[212] NP 06348
[213] NP 06429
[214] DHS Olivia Y. 000198
[215] NP 06430
[216] NP 06431-06432
[217] NP 06470
[218] DHS Olivia Y. 000067, 000068
[219] DHS Olivia Y. 000067
[220] NP 06343, 06344-06346, 06428
[221] NP 06353
[222] DHS Olivia Y. 000048, 000006
[223] DHS Olivia Y. 000006, 000011, 000016; NP 06353
[224] DHS Olivia Y. 000047
[225] DHS Olivia Y. 000079, 000075
[226] DHS Olivia Y. 000084
[227] DHS Olivia Y. 000011
[228] DHS Olivia Y. 000040-000042
[229] DHS Olivia Y. 000093, 000010, 000009
[230] DHS Olivia Y. 000009, 000198
[231] DHS Olivia Y. 000559-000566, 000746
[232] DHS Olivia Y. 000191
[233] DHS Olivia Y. 000093, 000094, 000097, 000096
[234] DHS Olivia Y. 000102
[235] DHS Olivia Y. 000101
[236] DHS Olivia Y. 000007-000008, 000022
[237] DHS Olivia Y. 000008
[238] DHS Olivia Y. 000104, 000108
[239] DHS Olivia Y. 000108
[240] DHS Olivia Y. 000043-000044
[241] DHS Olivia Y. 000119
[242] DHS Olivia Y. 000228
[243] DHS Olivia Y. 000182
[244] DHS Olivia Y. 000120-000122
[245] DHS Olivia Y. 000180
[246] DHS Olivia Y. 000228
[247] DHS Olivia Y. 000179
[248] NP 06371, 06466, 06356; DHS Olivia Y. 000007, 000179
[249] DHS Olivia Y. 000219
[250] DHS Olivia Y. 000214
[251] DHS 038436-038437
[252] DHS Olivia Y. 000222-000224
[253] DHS Olivia Y 000223, 000428
[254] DHS Olivia Y 000466-000473
[255] DHS 000476
[256] DHS 000475
[257] NP 07439
[258] NP 07439, 07609
[259] NP 07439, 07609
[260] NP 07439
[261] NP 07439
[262] NP 07439, 07609, 07502

---

[263] NP 07609
[264] NP 07609
[265] NP 07609, 07439, 07497
[266] NP 07615
[267] NP 07615, 07859, 07475
[268] NP 07615
[269] NP 06670
[270] NP 07006-007007
[271] NP 07497
[272] NP 07498
[273] NP 06669
[274] NP 06669
[275] NP 07006
[276] NP 07711
[277] NP 07705
[278] NP 07705, 07721
[279] NP 07711-07712
[280] NP 07705-07706
[281] NP 06687-06689
[282] NP 07483, 07615, 07711-07712
[283] NP 07616, 07436, 07616, 07481
[284] NP 06996
[285] NP 07623-07624
[286] NP 07467
[287] NP 07497, 07867
[288] NP 07467, 07616, 07425
[289] DHS John A. 000607
[290] NP 07426, 07616
[291] NP 07465
[292] NP 07616
[293] NP 07616, 07239
[294] NP 07615-07616
[295] NP 07865
[296] NP 07465
[297] NP 06806
[298] NP 06973-06975
[299] NP 08128-08130
[300] NP 07464
[301] NP 07902
[302] NP 08113, 07895
[303] NP 08149
[304] NP 07896
[305] NP 07896
[306] NP 07240
[307] NP 07608, 06806
[308] DHS John A. 000610
[309] NP 06681
[310] NP 07856
[311] NP 07842
[312] NP 07252, 06978
[313] NP 06784, 06799, 07835
[314] NP 06799-06800, 07841, 07621,06623-06624
[315] DHS John A. 000048-000050
[316] DHS John A. 000049
[317] DHS John A. 000050

---

[318] NP 06800, 06964, 06839
[319] NP 06839
[320] DHS John A. 000320-000321
[321] NP 06839
[322] NP 06841-06842
[323] NP 08147
[324] DHS John A. 000905
[325] NP 07627
[326] NP 06623-06624
[327] NP 06623-06624
[328] NP 06624
[329] NP 06820
[330] NP 06798
[331] NP 06798
[332] NP 07926, DHS John A. 000974, 001389
[333] NP 07925
[334] NP 07926, DHS John A. 000751
[335] NP 07926
[336] DHS John A. 000002, NP 06614
[337] NP 06787, 07260, 07261, 07258, 06782, 06606, 06798, 06788, 07539, 06607, 06606, 07259, 06606, 06783
[338] NP 06773
[339] NP 06787, 06788, 07257, 07258, 06782, 06783
[340] DHS John A. 000051-000053
[341] DHS John A. 000750
[342] DHS John A. 000048-000071, 002603
[343] NP 07935
[344] NP 07539, DHS John A. 000004
[345] NP 07512, 07593, 07182
[346] NP 07929
[347] DHS John A. 000990, 001069, 001074
[348] NP 06606, 07259, 07261, 07260, 07258, 07383
[349] DHS John A. 001288, 001300
[350] NP 07258
[351] NP 06606, 07257, 06782
[352] NP 06606
[353] DHS John A. 000009, 000013
[354] DHS John A. 000024
[355] DHS John A. 000011
[356] NP 07582, 07580, 07670, 07545; DHS John A. 002504, 002518, 002530
[357] NP 07571
[358] DHS John A. 001429
[359] DHS John A. 002753, 002916, 002611, 002610, 002607, 002605, 001424
[360] DHS John A. 002626
[361] DHS John A. 000011-000013
[362] DHS John A. 000012-0000013
[363] DHS John A. 002636, 002635
[364] DHS John A. 000013
[365] DHS John A. 000015
[366] DHS John A. 002631
[367] DHS John A. 000015, 002629
[368] DHS John A. 000016
[369] NP 07503, 07546, 07547
[370] DHS John A. 001421, DHS 002921
[371] DHS John A. 002689

---

[372] DHS John A. 002916
[373] DHS John A. 002611, 002610, 002607, 002605
[374] DHS John A. 000018
[375] DHS John A. 000072-000078
[376] NP 07929
[377] DHS John A. 000019
[378] DHS John A. 002911
[379] NP 07615-07616, 07415, 06799, 06623, 06798; DHS John A. 000002; NP 06787, 07539, 07261, 07260, 07259, 07258, 07257, 06782, 06783
[380] DHS John A. 000018-000019, 002616
[381] DHS John A. 002607
[382] DHS John A. 002604, 002914
[383] DHS John A. 002914
[384] NP 07585
[385] DHS John A. 003048
[386] DHS John A. 002914, NP 07253, 07254
[387] NP 07432, 07258
[388] NP 07228-07229, 07286
[389] NP 07286, 07288
[390] NP 07286-07287
[391] NP 07288-07289
[392] NP 07286
[393] NP 07289
[394] NP 07383
[395] NP 07383-07387, 06759, 06759, 07269
[396] NP 07269
[397] NP 07269
[398] DHS John A. 000589, NP 06759
[399] NP 07355
[400] NP 07361
[401] DHS John A. 000847
[402] NP 07361
[403] NP 07432; DHS John A. 000026
[404] NP 07253, 07254, 07228-07229, 07586, 06758, 06759
[405] DHS John A. 000025; NP 07338-07341
[406] DHS John A. 000025
[407] NP 07189-07194
[408] DHS John A. 000026
[409] DHS John A. 000026
[410] DHS John A. 000026
[411] DHS John A. 000031, 000033, 000034
[412] DHS John A. 000090, 000135, 000137, 000537, 000541, 000540, 000538, 000535
[413] DHS John A. 000090
[414] DHS John A. 000135
[415] DHS 000691
[416] DHS John A. 000687, 000534, 000533,DHS 000537, 000541, 000540, 000538, 000535
[417] DHS John A. 000131-000134
[418] DHS John A. 000188-000191
[419] DHS John A. 000542-000545
[420] DHS John A. 000089, 000208, 000581
[421] DHS 00390
[422] DHS 000387, 000370
[423] DHS 00524
[424] NP-00140--NP-00142
[425] NP-00714--NP-00715

---

[426] NP-00704--NP-00705; NP-00045 - NP-00049; NP-00050 - NP-00054.
[427] NP 00139
[428] NP 00445
[429] NP-00228--NP-00229
[430] NP-00702--NP-00703.
[431] NP 00445
[432] NP-00123
[433] NP-00150
[434] NP 00136
[435] NP-00123; NP-00129 – NP-00133

[436] NP-00129
[437] NP-00691-692.
[438] NP 00129, 00135; DHS Jamison J. 001575
[439] NP –00103
[440] NP –00687
[441] NP –00120
[442] NP-00086
[443] NP-00185
[444] NP –00196-00198
[445] NP 00080-00081
[446] NP-00079
[447] NP-00066
[448] NP –00065, 00064
[449] DHS Jamison J. 001650
[450] NP-00064; DHS Jamison J. 001649
[451] NP –00146- 00149
[452] NP 00156
[453] NP-00156—NP-00165
[454] NP-00330
[455] NP –00035
[456] NP-00034; NP-00052.
[457] NP-00510--NP-00513
[458] NP 000146-000149, NP-00597--NP-00601
[459] NP-00148
[460] NP-00657--NP-00663.
[461] NP-00032
[462] NP-00269--NP-00274
[463] NP-00030, NP-00274
[464] NP 00565, 000563
[465] NP –00263-00268
[466] NP –00595
[467] NP-00593
[468] NP-00592
[469] NP-00591; NP-00588
[470] NP 00587, 00683,00685
[471] NP 02900
[472] NP-00236
[473] NP-00584 - NP-00586
[474] NP-00638 - NP-00653
[475] NP-00678
[476] NP 00577-00578
[477] NP-00678
[478] CC 00769 - CC 00777
[479] NP-00675

---

480 NP –00677-00678
481 NP –00925
482 NP –00531
483 NP-00671; NP-00856--NP-00859
484 NP-03462.
485 NP –00868
486 DHS Jamison J. 002068.
487 CC-00787 – CC-00788.
488 NP-00856 - NP-00859
489 NP –00667
490 NP –01792
491 NP-00620
492 NP-00516
493 NP-00485--NP-00488
494 NP-00501--NP-00506.
495 NP-00806.
496 NP-00728--NP-00735
497 NP-00749--NP-00755
498 NP-00748
499 NP-00985--NP-00989
500 NP-01203
501 NP-00758--NP-00759
502 NP-00995
503 NP-00454
504 NP-00947; NP-01363 - NP-01385
505 NP-00948
506 NP-01296
507 NP-00940 - NP-00946
508 NP-01294-NP-01295
509 NP-01116 - NP-01124
510 CC-02115 – CC-02116.
511 NP-01095 - NP-01097
512 NP-01246--NP-01249
513 NP-01246--NP-01249
514 NP-01362 - NP-01363
515 NP-00993 – NP-00994
516 NP-01269, NP-01318
517 CC-01939; CC-01673
518 NP-01531
519 NP-01494 - NP-01499
520 NP-01488
521 NP-01243
522 NP-01242
523 NP-01244
524 CC-01927
525 CC-02019 – CC-02065
526 NP-01803
527 NP-01797; NP-01801
528 NP-01667 - NP-01670
529 NP-01667 - NP-01670
530 NP-01723; NP-01724
531 NP-01664
532 NP-01678-79
533 NP-01718
534 NP-03457

---

[535] NP-01722
[536] NP-01646 - NP-01651; NP-01648-01652
[537] NP-03456
[538] NP-03446 – NP-03447; NP-03451
[539] NP-03449 - NP-03455
[540] NP-03454
[541] CC-02372 – 02373
[542] CC-02199; CC-02358
[543] CC-02354 - 02355
[544] CC-02356 – CC-02357
[545] CC-02353
[546] CC-02367 – CC-02368
[547] CC-02200; NP-03439
[548] CC-02197; *Alligator Resident Charged with Death of Three-Year-Old Son*, Associated Press, Aug. 6, 1998.
[549] CC-02200; NP-03448; NP-03440.
[550] CC-02299
[551] CC-02301; CC-01332; CC-02167
[552] NP-03440
[553] CC-02194
[554] CC-02189-02193
[555] NP-03387 - NP-03392
[556] NP-03502, NP-04549.
[557] NP-03437
[558] NP-03034 – NP-03035, 03537.
[559] NP-03034 – NP-03035; CC-00790-CC-00793
[560] DHS Jamison J. 001786
[561] CC-00791- CC-00792
[562]NP 03537; NP-03410; CC-00975
[563] NP-03537
[564] NP-03379 - NP-03383
[565] CC-00970 – CC-00971
[566] NP-03379 - NP-03383
[567] CC-00957
[568] NP-03337
[569] DHS Jamison J. 001587-001589
[570] CC-00941
[571] CC-00939
[572] NP-03336
[573] CC-00937; CC-00918
[574] NP-04178
[575] CC-00917
[576] CC-00043 – CC-00048
[577] CC-01055
[578] DHS Jamison J. 001733
[579] CC-00905 – CC-906; CC-00035.
[580] CC 00034-00036
[581] DHS Jamison J. 001612
[582] DHS Jamison J. 001611.
[583] NP-04293
[584] DHS Jamison J. 001606.
[585] CC-00255
[586] CC-01638
[587] CC-02607 – CC-02611
[588] CC-00217

---

[589] CC-210
[590] CC-00598 – CC-00613
[591] CC-00192.
[592] DHS Jamison J. 001897
[593] NP-04259
[594] CC-00163
[595] CC-00155
[596] CC-00156

[597] NP-04259; NP-04550.
[598] NP-04845
[599] NP-04564 - NP-04569
[600] NP-04379
[601] NP-04550
[602] NP-04387, NP-04550.
[603] NP-04815
[604] CC 00549
[605] DHS Jamison J. 001687
[606] NP-04550.
[607] NP-04550; CC-00681
[608] CC-00582 – CC-00584
[609] NP-04676 - NP-04679
[610] CC-00655-657
[611] CC-00654
[612] NP-04644; NP-04648 - NP-04649; NP-04548; NP-04550.
[613] CC-00653.
[614] NP-4792 – NP-4932.
[615] NP-04745
[616] NP-04728
[617] DHS Jamison J. 000637.
[618] NP-04548; NP-04550; NP-04648.
[619] NP-04739; CC-00648
[620] NP-04651 - NP-04652 NP-04547 - NP-04551
[621] NP-04633
[622] DHS Jamison J. 001825
[623] CC-00637.
[624] NP-04633; NP-04550; DHS Jamison J. 000774, NP-04550; DHS Jamison J. 000756, DHS Jamison J. 000759
[625] DHS Jamison J. 000766.
[626] DHS Jamison J. 000761; DHS Jamison J. 000777.
[627] DHS Jamison J. 000746; CC-00641-42.
[628] CC-00645; CC-00637; CC-00636; CC-00638
[629] CC-00646.
[630] CC-00641.
[631] NP-04550
[632] CC-00642,
[633] DHS Jamison J. 000746.
[634] DHS Jamison J. 001000, 00102; 000587; NP-00228 – NP-00229; NP-01494 - NP-01499
[635] DHS Jamison J. 000417.
[636] DHS Jamison J. 000433.
[637] DHS Jamison J. 002133.
[638] Lewis, Marva L. & Ippen, C. G. "Rainbows of tears, souls full of hope: Cultural issues related to young children and trauma." J. D. Osofsky, Ed. *Young children and trauma: What do we know and what do we need to know*? 11-46 New York: Guilford Press, 2004.

MAGAZINE SIZE
Newsstand
Style




Industry coverage from concept to completion

***Already an award-winning publication, this magazine is going to top your list of business must-reads!***

## NEW FEATURES!

- **QUARTERLY FOCUS TOPICS**
  from all aspects of the industry
- **REFERENCE LISTS**
  from numerous segments and groups
- **Construction Associations**
  Key contact information
- **Industry Insider**
  Find out who's who, and what they're doing to advance construction in Mississippi
- **What do YOU say?**
  Each quarter you, the reader, will be able to respond to a timely topic and communicate your opinion

*1st Quarter Focus:*

**INFRASTRUCTURE**

**ROAD BUILDERS LIST**

**Publication Date: March 19, 2007**
**Space Deadline: February 27, 2007**
**Art Deadline: February 28, 2007**

**Call: Robbie Bell @ 601-364-1013**
**or Email: rlbell@msbusiness.com**

***CONSTRUCTION MISSISSIPPI IS THE NETWORKING THREAD TO CONNECT BUSINESS READERS DIRECTLY WITH INDUSTRY PROFESSIONALS***

*Have a story suggestion?*
*Send it to us today at*
*mbj@msbusiness.com*