IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*,
For And On Behalf of All Others Similarly Situated                    PLAINTIFFS

v.                                                                  CIVIL ACTION NO. 3:04CV251

HALEY BARBOUR,
as Governor of the State of Mississippi, *et al.*                     DEFENDANTS

### PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT WITNESS LIST

Plaintiffs respectfully move this Court for leave to supplement their Amended Initial Mandatory Disclosures, pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, with the disclosure of the following three potential witnesses:

- RR, a 17-year old class member in MDHS custody;
- EC, a former MDHS-licensed foster parent; and
- Henry Goodman, a former MDHS Regional Director.

Plaintiffs first disclosed the existence of these three potential witnesses to Defendants on June 26 and July 7, 2006, after the close of discovery. Plaintiffs have advised Defendants that they have no objection to Defendants deposing the three witnesses or otherwise discovering their proposed testimony by informal means, if they choose to do so. More importantly, the proposed witness supplementation will not prejudice Defendants. The pretrial conference and the trial in this action have now been postponed, pending decisions on the parties' cross motions for summary judgment. No new trial date has been established. Moreover, all three witnesses are well-known to Defendants.

4/90505.1                                  - 1 -                              EXHIBIT 9

Plaintiffs respectfully request that the Court waive the requirement for a separate Memorandum of Law and accept the following recitation in support of the Motion

## BACKGROUND

Plaintiffs are a certified class of all children in Mississippi Department of Human Services (MDHS) foster care custody seeking declaratory and injunctive relief for violations of their constitutional rights to safety and well-being. This Court's January 17, 2006 amended case management order set a discovery cut-off date of April 17, 2006, a pretrial date of July 17, 2006, and a trial date of August 7, 2006. *See* January 17, 2006 Order (Ex. 1). Recently, the parties have been advised informally by the trial judge's courtroom deputy that the pretrial conference and trial will be rescheduled to a later date due to the parties' pending motions for summary judgment. *See* June 28, 2006 Letter from Defendants' counsel to Plaintiffs' counsel (Ex. 2).

Plaintiffs' Amended Mandatory Disclosures, identifying persons with relevant knowledge, were served on Defendants on December 23, 2004, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. *See* Plaintiffs' Amended Initial Mandatory Disclosures (Ex. 3). On June 26, 2006, Plaintiffs advised Defendants that they wished to include on their witness list for the pretrial order three individuals who were not previously identified in Plaintiffs' mandatory disclosures, but who are known to MDHS. *See* June 26, 2006 Letter from Plaintiffs' counsel to Defendants' counsel (Ex. 4, REDACTED). These persons included RR, who is a teenage child in MDHS custody, and EC, who is a former MDHS foster parent. Plaintiffs' mandatory disclosures have already identified all "[c]urrent and former foster children [and] foster parents" as persons with relevant knowledge. *See* Ex. 3 at 40. Defendants having advised Plaintiffs that they objected to any additional witnesses, Plaintiffs advised Defendants on July 7, 2006, that they would seek the assistance of the Court in this matter, and that they would

supplement their witness list to also include Henry Goodman, a former MDHS Regional Director. *See* July 7, 2006 Letter from Plaintiffs' counsel to Defendants' counsel (Ex. 5).

## ARGUMENT

Defendants will suffer no prejudice with the supplementation of these three additional witnesses at this date, which Plaintiffs readily admit is past the discovery deadline. However, with no trial date having been rescheduled pending the Court's resolution of the parties' dispositive motions, there is no genuine reason to bar Plaintiffs from adding these witnesses. Defendants have ample time to learn of the witnesses' proposed testimony. In doing so, Defendants will incur substantially the same expense which they would have faced if Plaintiffs had identified these witnesses before the discovery deadline. Plaintiffs have no objection to allowing the Defendants the opportunity to depose these witnesses should they wish to do so.[1] *See* June 29, 2006 Letter from Plaintiffs' counsel to Defendants' counsel (Ex. 8). Defendants could also interview these persons without objection from Plaintiffs, if they choose not to depose them. Alternatively, Plaintiffs could prepare and submit to Defendants and the Court written statements summarizing the substance of these witnesses' anticipated testimony, if cost is the stated reason for Defendants' objections.

With no pretrial order having been filed, no trial date having been rescheduled, and obviously nothing in the testimony of any of these proposed witnesses mooting any of the expert testimony offered by Defendants, there is no valid reason not to allow Plaintiffs to add these three witnesses.

All three proposed witnesses are well-known to Defendants. RR[2] is a foster child in Defendants' custody as to whom Defendants maintain a case file documenting his treatment in

---

[1] To be clear, Plaintiffs are not moving to reopen general discovery. There appears to be no additional discovery needed other than Defendants' discovery of these three additional witnesses' testimony.

[2] Only RR, who is a class member, is a represented party.

MDHS custody, which would be the subject of his testimony. EC is a former foster parent as to whom Defendants maintain a licensing file documenting her time as a licensed MDHS foster parent, which would be the subject of her testimony. Henry Goodman is a former MDHS Regional Director as to whom Defendants maintain a personnel file and have access to other MDHS documents related to his former responsibilities at MDHS, which would be the subject of his testimony. Moreover, Mr. Goodman was a potential witness that was "otherwise . . . made known" to Defendants "during the discovery process" when Plaintiffs noticed his deposition on June 9, 2005.[3] *See* Amended Deposition Notice of Henry Goodman (Ex. 7).

This is a case of great importance, both to the infant members of the class and to the people of the State of Mississippi. Particularly when there is no prejudice to any party, it would defeat the ends of justice not to allow Plaintiff children to present relevant testimony simply because the witnesses were disclosed after the close of discovery.

For the above reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Supplement their witness list.

Respectfully submitted, this 10th day of July, 2006.

/s Melody McAnally
W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, MS 39202
Telephone: (601) 355-4013

---

[3] Plaintiffs withdrew Mr. Goodman's deposition notice only after this Court limited the number of depositions available to Plaintiffs. *See* August 8, 2005 Order (Ex. 6).

        Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
        Susan Lambiase (MBN 43992 *pro hac vice*)
        Eric E. Thompson (MBN 43993 *pro hac vice*)
        Tara Crean (MBN 44447 *pro hac vice*)
        Shirim Nothenberg (MBN 43990 *pro hac vice*)
        CHILDREN'S RIGHTS
        330 Seventh Ave, 4th Floor
        New York, NY 10001
        Telephone: (212) 683-2210

        John Lang (MBN 43987 *pro hac vice*)
        Christian Carbone (MBN 43986 *pro hac vice*)
        John Piskora (MBN 44474 *pro hac vice*)
        LOEB & LOEB LLP
        345 Park Avenue
        New York, NY 10154
        Telephone: (212) 407-4000

        *PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

    Dewitt L. ("Rusty") Fortenberry Jr., Esq.
    Kenya Key Rachal, Esq.
    Gretchen L. Zmitrovich, Esq.
    Ashley Tullos Young, Esq.
    BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
    428 I-55 North
    Meadowbrook Office Park
    Jackson, MS 39211
    (601) 351-2400

    Harold E. Pizzetta, III, Esq.
    Assistant Attorney General
    General Civil Division
    Carroll Gartin Justice Building
    430 High Street
    Jackson, Mississippi 39201

                      /s Melody McAnally