**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JAMES D. JOHNSON, as next friend to                                          PLAINTIFFS
Olivia Y., et al.

vs.                                                             CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, as Governor of the                                            DEFENDANTS
State of Mississippi, et al.

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ADMISSION OF PLAINTIFFS'
EXPERT REPORTS AS SUBSTANTIVE EVIDENCE**

Haley Barbour, as Governor of the State of Mississippi, Donald Taylor, as Executive Director of the Mississippi Department of Human Services, and Rickie Felder, as Director of the Division of Family and Children's Services ("Defendants") respectfully request that this Court enter an Order precluding Plaintiffs' from admitting their expert reports as substantive evidence in this case.

Defendants respectfully request that this Court waive the requirement for a separate memorandum of authorities, as required under Local Rule 7.2(D), and accept the following in support of this Motion.

Plaintiffs have proposed to admit the reports of their designated experts – Bill Brister, Cathy Crabtree, Peg Hess, Marva Lewis, and Wood Hiatt – as substantive exhibits at trial and to use these reports as the substantive testimony of these witnesses, subject to cross-examination by Defendants' counsel. Defendants object to this proposal.

Under Rule 801 of the Federal Rules of Evidence, these reports are hearsay. Fed. R. Evid. 801(c) (Hearsay is defined as "a statement, other than one made by the declarant while

testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). These reports are not admissible. *See* Fed. R. Evid. 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."). *See also United States v. Kiewit Const. Co.*, 2005 WL 1277953, *10 (D. Alaska Jan. 3, 2005) (court granting defendant's motion to preclude the admission of plaintiff's expert report as evidence finding the report was hearsay); *Granite Partners, L.P. v. Lynch*, 2002 WL 826956, *7 (S.D.N.Y. May 1, 2002) (Court holding "The written reports of any expert expected to testify . . . is hereby excluded as inadmissible hearsay.); *Fortier v. State Farm Mutual Automobile Ins. Co.*, 2000 WL 1059772, *4 (E.D. La. July 31, 2000) (Court excluding expert reports as hearsay.); *Martinez v. Aetna Ins. Co.*, 1999 WL 169434, *4 (E.D. La. Mar. 24, 1999) (Court holding expert reports were inadmissible hearsay and that "witnesses will testify at trial, and their testimony is the evidence the court will consider."); *Ake v. General Motors Corp.*, 942 F. Supp. 869, 877-78 (W.D.N.Y. 1996) (same).

Allowing Plaintiffs to submit their expert reports as the substantive testimony of their experts will severely prejudice Defendants. *See Kiewit*, 2005 WL 1277953 at *10 ("It may be added that when the subject of the document is substantive testimony directed at important issues in the case, it is inappropriate to allow the witness to bolster his substantive testimony with what is functionally the equivalent of additional written direct testimony."). As the Federal Rules of Civil Procedure recognize, the purpose of an expert report is to provide the opposing party with advance notice of the substance of the expert's trial *testimony*. *See* Fed. R. Civ. P. 26(a)(2)(B) ("this disclosure shall, with respect to a witness who is retained or specifically employed *to provide expert testimony in the case* . . ., be accompanied by a written report prepared and signed by the witness.) (emphasis added); Advisory Committee Note to 1993 Amendments to Rule

26(a)(2) ("Paragraph (2)(B) requires that persons retained or specifically employed to provide expert testimony . . . *must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination*, together with the reasons therefore. . . . [T]he report, which is intended to set forth the substance of the direct examination, *should be written in a manner that reflects the testimony to be given by the witness* and it must be signed by the witness.") (emphasis added). *See also Anderson v. Hale*, 2002 WL 32026151, *2 (W.D. Okla. Nov. 4, 2002) (Court holding "Rule 26(a)(2), by its own terms, requires 'disclosure of expert *testimony*.' The required disclosure is thus intended to serve as a complete and reliable preview of the expert's *trial testimony*.) (emphasis in original and added); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.*, 204 F.R.D. 309 (Sept. 27, 2001) (Court holding Rule 26(a)(2)(B) requires the submittal of "a written report, prepared and signed by the expert witness, that discloses certain information about the witness and his *testimony*.") (emphasis added); *Vitol S.A., Inc. v. Publicker Inds., Inc.*, 1986 WL 10115, *1 (E.D. Pa. Sept. 12, 1986) (Court requiring plaintiff to provide defendant with expert reports "indicating the conclusions of these experts which plaintiff intends to present, and the foundations of those opinions" because "plaintiff still has a responsibility to give notice to other parties of the substance of any expert *testimony* it intends to present. The reasons for this requirement, and the justice of it, are clear.") (emphasis added).

      WHEREFORE, Defendants ask this Court to enter an Order denying the admission of the reports of Plaintiffs' designated experts as substantive exhibits and denying Plaintiffs' request to use these reports as the substantive testimony of those experts.

      This the 22nd day of March, 2007.

Respectfully submitted,

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

BY:  /s/ Dewitt L. ("Rusty") Fortenberry, Jr.

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
Barry C. Campbell (MSB #99535)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi  39201

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39202

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York 10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi 39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York 10001

John Lang, Esq.
Christine Carbone, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

SO CERTIFIED, this the 22nd day of March, 2007.


/s/ Dewitt L. ("Rusty") Fortenberry, Jr.