IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


OLIVIA Y., *et al.*                                                    PLAINTIFFS


v.                                                    CIVIL ACTION NO. 3:04CV251


HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*        DEFENDANTS

---

## JOINT MOTION FOR PRELIMINARY APPROVAL OF STIPULATED SETTLEMENT AGREEMENT AND BRIEF IN SUPPORT

---

### I.        INTRODUCTION

The parties jointly move the Court for preliminary approval of the Stipulated Settlement Agreement  (a copy of which is attached as Exhibit 1), and respectfully request that the Court enter the Proposed Order (attached as Exhibit 2), which  (1) preliminarily approves the Settlement Agreement; (2) authorizes the form and manner of notice concerning the Stipulated Settlement Agreement to be sent to class members (attached as Exhibit 3); (3) sets the deadline for persons who wish to be heard in favor of or in objection to the settlement; and (4) sets the date for a fairness hearing in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

### II.       THE LEGAL STANDARD FOR PRELIMINARY APPROVAL

Judicial approval of a proposed class action settlement under Rule 23 involves a two-step process.  First, class counsel submits the terms of the proposed settlement to the court, and the court makes a preliminary fairness evaluation.  If preliminary approval is

granted, the court directs that notice of the settlement be given to members of the class, solicits comment and objection from class members, and holds a formal fairness hearing to determine whether the proposed settlement is indeed fair, reasonable, and adequate. *Manual for Complex Litigation (Fourth)* § 21.63 (2004) (attached as Exhibit 4).

"If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval," courts have generally granted preliminary approval and left final determination for a formal fairness hearing where supporters and opponents of approval receive a fair opportunity to help the court determine fairness. 2 H. Newberg and A. Conte, *Newberg on Class Actions* § 11.25, at 11-37 (3d ed. 1992) (quoting *Manual for Complex Litigation, Second,* at § 30.44) (attached as Exhibit 5). In this case, where the Court has actively and appropriately managed the case for three years, has denied motions to dismiss and granted class certification over vigorous opposition, has supervised an extensive discovery process, has informed itself about the respective positions of the parties through the process of sifting through evidence in the course of denying the parties' cross-motions for summary judgment and in the course of multiple pretrial conferences, the Court is well positioned to make the necessary preliminary determination of whether this settlement is worthy of the class' consideration.

III.    **THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT AND DIRECT THAT NOTICE BE SENT TO MEMBERS OF THE SETTLEMENT CLASS**

The Court's review of this case and the Stipulated Settlement Agreement will establish that the proposed settlement agreement "fall[s] within the range of possible

approval," and easily exceeds the threshold of fairness required for ultimate approval under Rule 23(e).  In light of the Court's familiarity with this case, for present purposes the parties provide a brief summary of the litigation and the features of the proposed decree warranting preliminary approval.

A.       The Litigation

For three years, the Plaintiff Class, through its counsel, has vigorously prosecuted this action, which challenges systemic deficiencies in Mississippi's foster care system. The action, alleging claims under federal law, was filed on March 30, 2004.   An Amended Complaint was filed May 17, 2004.

For the next three years the parties engaged in vigorously contested litigation, including extensive discovery.  On November 18, 2004, the Court denied Defendants' Motion to Dismiss as to Plaintiffs' constitutional substantive due process claims. (Docket No. 57.)  On March 11, 2005, the Court granted Plaintiffs' Motion for Class Certification.  (Docket No. 84.)  Class Counsel reviewed hundreds of thousands of pages of documents produced by Defendants and nonparties.  Twenty-seven (27) fact witnesses were deposed.  Class Counsel assembled a team of child welfare and foster care experts who conducted a thorough investigation and issued extremely detailed reports on various aspects of the Mississippi foster care system.  Defendants likewise retained an expert who conducted her own substantial review of the system and produced a detailed report.  The parties subsequently filed cross-motions for summary judgment supported by voluminous evidentiary support.  (Docket Nos. 266, 280.)

On August 29, 2006, the Court denied the parties' cross-motions for summary judgment.  (Docket No. 350).  At a November 6, 2006 pretrial conference, during which

the parties informed the Court that they were engaged in settlement discussions, trial was set for May 7, 2007.  Over the course of five months, Class Counsel and Defendants bargained at arm's length to reach an agreement on achieving reforms and measurable improvement in the operation of Mississippi's child welfare system.  Through these efforts the proposed settlement was reached.

### B.     The Stipulated Settlement Agreement

The federal judicial system favors settlements.  As the Fifth Circuit observed in approving the settlement of a class action, "Particularly in class action suits, there is an overriding public interest in favor of settlement . . . .  In these days of increasing congestion within the federal court system, settlements contribute greatly to the efficient utilization of our scarce judicial resources."  *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (citations omitted).

Under the criteria for evaluating a proposed settlement set forth in the *Manual on Complex Litigation (Fourth),* § 21.62 (2004) (Exhibit 4), this proposed settlement deserves class consideration because it avoids a trial on liability and moves the case immediately to the remedial phase.  The settlement provides that only for the purpose of resolving the liability phase of this lawsuit without further litigation, Defendants do not contest that the constitutional substantive due process rights of the Plaintiffs and the Plaintiff Class were violated.  Accordingly, the parties agree to move directly to the remedial phase of the litigation.  The settlement contemplates that the parties will first attempt to agree on a remedial plan developed by Defendants and the Council on Accreditation with consultation from the parties' experts.  The plan must set forth specific actions and timelines necessary for the Defendants to achieve accreditation, bring

the state in substantial conformity with federal standards regarding foster care, and address Plaintiffs' constitutional concerns. Agreement as to the services and plans for the named Plaintiffs will also be negotiated. An agreed-upon mediator will facilitate this process. If agreement on the remedial plan is reached by the parties, it will become court enforceable, with an outside monitor, and resolve the litigation. If the parties cannot agree on a remedial plan, the parties will proceed to a trial as to the scope of the necessary remedy.

### C.    The Notice

The parties have agreed to a Notice of Proposed Settlement, a copy of which is attached hereto as Exhibit 3. This proposed Notice sets forth the material terms of the proposed settlement and comports with Rule 23 and the requirements of due process. The Notice describes the procedures for persons who wish to be heard in favor of or objection to the settlement, and specifies the date, time, and place of the formal fairness hearing. The parties, of course, stand ready to make such modifications to the Notice as the Court directs. Defendants will send the Notice directly to class members in accordance with the terms of the Proposed Order (Exhibit 2).

## IV.    CONCLUSION

The parties respectfully request that the Court preliminarily approve the proposed settlement between the Plaintiff Class and Defendants, enter the Proposed Order attached as Exhibit 2, and direct that the proposed Notice be sent to all members of the class in accordance with that Order.

Respectfully submitted, this the 3rd day of April, 2007.

/s Melody McAnally_____
W. Wayne Drinkwater, Jr. (MSB # 6193)
Melody McAnally (MSB # 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MSB # 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, MS  39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone:  (601) 607-4172

Marcia Robinson Lowry (MSB # 43991 *pro hac vice*)
Eric E. Thompson (MSB # 43993 *pro hac vice*)
Shirim Nothenberg (MSB # 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 7th Avenue, 4th floor
New York, New York  10001
Telephone:  (212) 683-2210

John Lang (MSB # 43987 *pro hac vice*)
Christian Carbone (MSB #  43986 *pro hac vice*)
John Piskora (MSB #  44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York  10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

/s Dewitt L. ("Rusty") Fortenberry, Jr._____
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB # 5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
Barry C. Campbell (MSB #99535)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167

Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Harold E. Pizzetta, III, Esq. (MSB # 99867)
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi  39201

*ATTORNEYS FOR DEFENDANTS HALEY BARBOUR, ET AL.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2007, I electronically filed the foregoing with the Court

using the ECF system, which sent notification of such filing to the following:

Dewitt L.  ("Rusty") Fortenberry Jr., Esq.
Kenya Key Rachal, Esq.
Gretchen L. Zmitrovich, Esq.
Ashley Tullos Young, Esq.
Barry C. Campbell, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
428 I-55 North
Meadowbrook Office Park
Jackson, MS 39211

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi  39201

*Attorneys for Defendants Haley Barbour, et al.*

/s Melody McAnally_____