IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*,
For And On Behalf of All Others Similarly Situated          **PLAINTIFFS**

v.                                                          CIVIL ACTION NO. 3:04CV251

HALEY BARBOUR,
as Governor of the State of Mississippi, *et al.*           **DEFENDANTS**

## STIPULATED SETTLEMENT AGREEMENT

1.  By entering into this agreement, the Defendants do not admit the truth or validity of any claim made against them by Plaintiffs. However and only for purposes of resolving the liability phase of this lawsuit without further litigation, the Defendants do not contest that the constitutional substantive due process rights of Plaintiffs and the Plaintiff class were violated. The parties agree to forego a trial or other evidentiary hearing on liability and proceed directly to the consideration of an appropriate remedy. This admission is restricted to resolving this litigation and is not an admission of liability for purposes of any other litigation. Further, the parties acknowledge and agree that there is no right to monetary damages in this litigation.

2.  A trial date for the remedial phase shall be set for no less than eight months from the date of the Court's preliminary approval of this agreement.

3.  There are two options under which the remedy phase of this litigation will be concluded.

4.  Option #1: A final settlement agreement regarding the remedy phase is arrived at through mediation and addresses the following issues.

    A.  The Mississippi Department of Human Services/Division of Family and Children's Services shall be accredited by the Council on Accreditation regarding foster care within five years of the execution of a final agreement.

    B.  The Mississippi Department of Human Services/Division of Family and Children's Services shall achieve substantial conformity with federal standards as contained in federal law governing foster care within five years from the execution of a final agreement. Substantial conformity shall be determined by Health and Human Services. Which federal standards should be included in the final agreement will be determined during mediation.



C. Within six months of the Court's preliminary approval of this agreement, the Mississippi Department of Human Services/Division of Family and Children's Services and the Council on Accreditation will develop a detailed plan for achieving accreditation and substantial compliance with federal standards regarding foster care referenced in paragraph B within five years. The plan will set forth specific actions and time lines necessary to achieve accreditation, bring the state in substantial conformity with the federal standards, and address Plaintiffs' constitutional concerns. The parties' experts shall be advisory consultants in this process. Beginning sixty days from the Court's preliminary approval and continuing every forty-five days thereafter, defendants shall provide to plaintiffs a copy of the most recent draft plan. The plan, once agreed to by the parties, will be court enforceable for the duration of the Agreement.

D. Mediation shall proceed in the following manner. Within fourteen days of the Court's preliminary approval of this agreement, the parties shall agree on a mediator. If an agreement is not reached, a mediator will be appointed by the Court. The first topic to be addressed during mediation shall be the necessary services and plans regarding the named Plaintiffs. The mediator will act as a facilitator as needed to ensure that the parties move expeditiously and cooperatively through the process contained in Section 4.

E. Within ninety days of the Court's preliminary approval of this agreement, the parties will agree to an entity to monitor compliance with the detailed plan described in C.

F. The parties will agree on a time line for terminating any settlement agreement along with the criteria for termination.

G. Within sixty days of the Court's preliminary approval of this agreement, the parties shall agree on appropriate services and plans regarding the named Plaintiffs.

As long as Option #1 remains active, the State Defendants shall make available to Plaintiffs all information which is shared with the Council on Accreditation. The Court's confidentiality order of August 5, 2004, shall remain in effect.

If after mediation the parties cannot agree on a plan, a monitor, the federal standards to be made a part of any final remedial agreement, or other components of the settlement agreement, Option #1 shall become void and will not be binding on either party. In such an instance, all issues of remedy regarding Plaintiffs' constitutional substantive due process rights shall be submitted to the Court for judicial determination as set forth in Option #2.

If the parties are able to reach an agreement on the above substantive components, the agreement shall be reduced to a final settlement agreement regarding remedy. The agreement shall end the litigation, subject to Court enforcement of the agreement.

5. Option # 2: Under the judicial option for resolving the remedy phase, all issues regarding a remedy related to Plaintiffs' constitutional substantive due process right shall be submitted to the Court for judicial determination. The parties agree that the Court retains

jurisdiction to enter a remedial order. The scope of Plaintiffs' constitutional substantive due process rights shall be determined by the Court. At any such hearing or trial, the parties shall assert all claims and defenses regarding an appropriate remedy. In accordance with the State Defendants' concession above that they will not contest that the constitutional substantive due process rights of Plaintiffs were violated, the parties shall not litigate or relitigate issues of fact or law relating to whether Plaintiffs' constitutional substantive due process rights were violated, but may litigate the scope of the required remedy.

6. All parties reserve all claims and defenses with respect to all claims for an award of attorneys' fees and litigation expenses for Plaintiffs, which claims shall be separately asserted and determined according to a schedule to be fixed by the Court.

**AGREED TO AND APPROVED FOR ENTRY BY:**

**FOR PLAINTIFFS:**

*[signatures]*

Marcia Robinson Lowry (*pro hac vice* MBN 43991)
Eric Thompson (*pro hac vice* MBN 43993)
Shirim Nothenberg (*pro hac vice* MBN 43990)
Susan Lambiase (MBN 43992 *pro hac vice*)
CHILDREN'S RIGHTS, INC.
330 Seventh Ave, 4th Floor
New York, NY 10001

*[signature]*

Wayne Drinkwater (MBN 6193)
Melody Mcanally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson Mississippi 39201
(601) 498-8000

Stephen H. Leech (MBN 1173)
850 East River Place, Suite 300
Jackson, Mississippi 39202

John Lang (pro hac vice MBN 43987)
Christian D. Carbone (*pro hac vice* MBN 43986)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York 10154

FOR DEFENDANTS:

_____
Governor Haley Barbour,
State of Mississippi

_____
Attorney General Jim Hood,
State of Mississippi

Dewitt L. ("Rusty") Fortenberry Jr., Esq.
Barry C. Campbell, Esq.
Kenya Key Rachal, Esq.
Gretchen L. Zmitrovich, Esq.
Ashley Tullos Young, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
428 I-55 North
Meadowbrook Office Park
Jackson, MS 39211
(601) 351-2400

Harold E. Pizzetta, III, Esq. (MBN 99867)
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi 39201


SO ORDERED AND ADJUDGED, this the _____ day of _____, 2007.


_____
DISTRICT JUDGE

4