Westlaw.

MCL (4th) § 21.62                                                                                     Page 1
Manual for Complex Litigation (4th) § 21.62
(TREATISE)

**(Publication page references are not available for this document.)**

**Manual For Complex Litigation, Fourth**

Federal Judicial Center

**Part II. Special Problems**
**21. Class Actions**
**21.6 Settlements**

§ 21.62 Criteria for Evaluating a Proposed Settlement

Rule 23(e)(1)(C) establishes that the settlement must be fair, reasonable, and adequate. Fairness calls for a comparative analysis of the treatment of class members vis-à-vis each other and vis-à-vis similar individuals with similar claims who are not in the class. Reasonableness depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims. Adequacy of the settlement involves a comparison of the relief granted relative to what class members might have obtained without using the class action process.

A number of factors are used to apply those criteria and evaluate a proposed settlement. Deciding which factors apply and what weight to give them depends on a number of variables: (1) the merits of the substantive class claims, issues, or defenses; (2) whether the class is mandatory or opt-out; and (3) the mix of claims that can support individual litigation, such as personal injury claims, and claims that are only viable within a class action, such as small economic loss claims. A class involving small claims may provide the only opportunity for relief and pose little risk that the settlement terms will sacrifice the interests of individual class members. A class involving many claims that can support individual suits--ranging from claims of severe injury or death to relatively slight harms, as for example a mass torts personal-injury class--might require more scrutiny by the court to fairness.

Some factors that may bear on review of a settlement are set out below: FN970
    1. the advantages of the proposed settlement versus the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members;
    2. the probable time, duration, and cost of trial;
    3. the probability that the class claims, issues, or defenses could be maintained through trial on a class basis;

    4. the maturity of the underlying substantive issues, as measured by the information and experience gained through adjudicating individual actions, the development of scientific knowledge, and other factors that bear on the probable outcome of a trial on the merits;
    5. the extent of participation in the settlement negotiations by class members or class representatives, and by a judge, a magistrate judge, or a special master;
    6. the number and force of objections by class members;
    7. the probable resources and ability of the parties to pay, collect, or enforce the settlement compared with enforcement of the probable judgment predicted under above paragraph 1 or 4;
    8. the effect of the settlement on other pending actions;
    9. similar claims by other classes and subclasses and their probable outcome;
    10. the comparison of the results achieved for individual class or subclass members by the settlement or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT
**4**

**(Publication page references are not available for this document.)**

compromise and the results achieved or likely to be achieved for other claimants pressing similar claims;

11. whether class or subclass members have the right to request exclusion from the settlement, and, if so, the number exercising that right;

12. the reasonableness of any provisions for attorney fees, including agreements on the division of fees among attorneys and the terms of any agreements affecting the fees to be charged for representing individual claimants or objectors;

13. the fairness and reasonableness of the procedure for processing individual claims under the settlement;

14. whether another court has rejected a substantially similar settlement for a similar class; and

15. the apparent intrinsic fairness of the settlement terms.

In determining the weight accorded these and other factors, courts have examined whether

• other courts have rejected similar settlements for competing or overlapping classes;

• the named plaintiffs are the only class members to receive monetary relief or are to receive relief that is disproportionately large (differentials are not necessarily improper, but may call for judicial scrutiny); FN971

• the settlement amount is much less than the estimated damages incurred by members of the class as indicated by preliminary discovery or other objective measures, including settlements or verdicts in individual cases;

• the settlement was completed at an early stage of the litigation without substantial discovery and with significant uncertainties remaining;

• nonmonetary relief, such as coupons or discounts, is unlikely to have much, if any, market or other value to the class; FN972

• significant components of the settlement provide illusory benefits because of strict eligibility conditions;

• some defendants have incentives to restrict payment of claims because they may reclaim residual funds;

• major claims or types of relief sought in the complaint have been omitted from the settlement;

• particular segments of the class are treated significantly differently from others;

• claimants who are not members of the class (e.g., opt outs) or objectors receive better settlements than the class to resolve similar claims against the same defendants;

• attorney fees are so high in relation to the actual or probable class recovery that they suggest a strong possibility of collusion;

• defendants appear to have selected, without court involvement, a negotiator from among a number of plaintiffs' counsel; and

• a significant number of class members raise apparently cogent objections to the settlement. (The court should interpret the number of objectors in light of the individual monetary stakes involved in the litigation. When the recovery for each class member is small, the paucity of objections may reflect apathy rather than satisfaction. When the recovery for each class member is high enough to support individual litigation, the percentage of class members who object may be an accurate measure of the class' sentiments toward the settlement. However, an apparently high number of objections may reflect an organized campaign, rather than the sentiments of the class at large. A similar phenomenon is the organized opt-out campaign.) FN973

A settlement will occasionally cover a class different from that certified. Review of the terms of the settlement or objections might reveal a need to redefine the class or to create subclasses based on the revelation of conflicts among class members. Frequently, the parties propose to enlarge the class or the claims of the class to give the settling defendants greater protection against future litigation. The court faced with a request for an expanded class definition should require the parties to explain in detail what new facts, changed circumstances, or earlier errors support the alteration of the original definition. If a Rule 23(b)(3) class is enlarged, notice must be given to the newly added members of their right to opt out; if a class is reduced, those being excluded should receive notice under Rule 23(d) if they previously received notice that they were included in the class and did not opt out.

FN970 The list is not exclusive and is subject to change depending on common-law development, including evolving interpretation of the 2003 amendments to Rule 23(e) and any legislation affecting class action or other mass tort suits. A helpful review of many factors that may deserve consideration is provided by *In re Prudential Insurance Co. America Sales Practice Litigation Agent Actions,* 148 F.3d 283, 316-24 (3d Cir. 1998).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MCL (4th) § 21.62                                                                                      Page 3
Manual for Complex Litigation (4th) § 21.62
(TREATISE)

**(Publication page references are not available for this document.)**

FN971 Compensation for class representatives may sometimes be merited for time spent meeting with class members, monitoring cases, or responding to discovery. *In re* Dun & Bradstreet Credit Servs. Customer Litig., 130 F.R.D. 366, 374 (S.D. Ohio 1990).

FN972 *See, e.g., In re* Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 818-19 (3d Cir. 1995) (rejecting as unfair a settlement based on $1,000 nontransferable coupon redeemable only upon purchase of new GM vehicles); *see generally* Note, *supra* note 737.

FN973 *See* Carlough v. Amchem Prods., Inc., 10 F.3d 189 (3d Cir. 1993).

(2004)

MCL (4th) § 21.62
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

MCL (4th) § 21.631                                                                                      Page 1
Manual for Complex Litigation (4th) § 21.631
(TREATISE)

**(Publication page references are not available for this document.)**

**Manual For Complex Litigation, Fourth**

Federal Judicial Center

**Part II. Special Problems**
**21. Class Actions**
**21.6 Settlements**
**21.63** Procedures for Reviewing a Proposed Settlement

§ 21.631 Obtaining Information

*Required disclosures.* Counsel for the class and the other settling parties bear the burden of persuasion that the proposed settlement is fair, reasonable, and adequate. In discharging that burden, counsel must submit to the court certain required disclosures, such as the terms of the settlement. Rule 23(e)(2) also requires a statement identifying any agreement made in connection with the settlement, including all agreements and undertakings "that, although seemingly separate, may have influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others. Doubts should be resolved in favor of identification." FN974

Separate side agreements or understandings may encompass such matters as resolution of claims outside the class settlement, positions to be taken on later fee applications, division of fees among counsel, or restrictions on counsel's ability to bring related actions in the future. The reference to agreements or undertakings related to the proposed settlement is necessarily open-ended. It is intended to reach agreements that accompany settlement but are not reflected in formal settlement documents and, perhaps, not even reduced to writing. The spirit of Rule 23(e)(2) is to compel identification of any agreement or understanding that might have affected the interests of class members by altering what they may be receiving or foregoing. Side agreements might indicate, for example, that the settlement is not reasonable because they may reveal additional funds that might have been paid to the class that are instead paid to selected claimants or their attorneys.

The court should, after reviewing the statement identifying related agreements and undertakings, decide whether to require specified agreements to be revealed and whether to require filing complete copies or only summaries of the agreements. Requiring the parties to file the complete agreement might elicit comments from class members and facilitate judicial review. A judge might consider acting in steps, calling first for a summary of any agreement that might have affected the settlement and then for a complete version if the summary does not provide an adequate basis for review.

A direction to disclose a summary or copy of an agreement might raise confidentiality concerns, as with agreements that include information that merits protection against general disclosure. The parties should be given an opportunity to claim work-product or other protections. Opt-out agreements, in which a defendant conditions its agreement on a limit on the number or value of opt outs, may warrant confidential treatment. Knowledge of the specific number of opt outs that will vitiate a settlement might encourage third parties to solicit class members to opt out. A common practice is to receive information about such agreements *in camera.*

Agreements between a liability insurer and a defendant may require balancing the need to know the terms of the agreement with the potential impact of making such terms public. The amount of insurance coverage available to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MCL (4th) § 21.631                                                                                          Page 2
Manual for Complex Litigation (4th) § 21.631
(TREATISE)

**(Publication page references are not available for this document.)**

compensate class members can bear on the reasonableness of the settlement, and identification of such agreements sometimes provides insufficient information. Unrestricted access to the details of such agreements, on the other hand, might impede resolution of important coverage disputes.

Rule 23(e)(2) does not specify sanctions for failure to identify an agreement or an understanding connected with the settlement. One possible sanction is reopening the settlement if the agreements or understandings not identified bear significantly on the settlement's reasonableness.

*Requests for additional information.* The judge may direct counsel to provide additional information necessary to evaluate the proposed settlement. Where settlement is proposed early in the litigation, for example, consider asking counsel to provide complete and detailed information about the factors that indicate the value of the settlement. Such factors include FN975
- likelihood of success at trial;
- likelihood of class certification;
- status of competing or overlapping actions;
- claimant's damages and value of claims;
- total present value of monetary and nonmonetary terms;
- attorney fees;
- cost of litigation; and
- defendant's ability to pay.

Discovery in parallel litigation may supply additional information. The outcomes of parallel litigation may also inform the court and objecting class members about the fairness, reasonableness, and adequacy of the proposed settlement.

FN974 Fed. R. Civ. P. 23(e)(2) committee note.

FN975 The enumeration of issues and factors affecting the evaluation of settlements in this section draws on the opinion in *In re Prudential Insurance Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283 (3d Cir. 1998), and William W Schwarzer, *Settlement of Mass Tort Class Actions: Order Out of Chaos*, 80 Cornell L. Rev. 837, 843-44 (1995). *See also* RAND Class Action Report, *supra* note 955, at 486-90.

(2004)

MCL (4th) § 21.631
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

MCL (4th) § 21.632                                                                                    Page 1
Manual for Complex Litigation (4th) § 21.632
(TREATISE)

**(Publication page references are not available for this document.)**

### Manual For Complex Litigation, Fourth

Federal Judicial Center

### Part II. Special Problems
### 21. Class Actions
### 21.6 Settlements
### 21.63 Procedures for Reviewing a Proposed Settlement

§ 21.632 Preliminary Fairness Review

Review of a proposed class action settlement generally involves two hearings. FN976 First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b). See section 21.22. If there is a need for subclasses, the judge must define them and appoint counsel to represent them. The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing. In settlement classes, however, it is often prudent to hear not only from counsel but also from the named plaintiffs, from other parties, and from attorneys who represent individual class members but did not participate in the settlement negotiations.

Whether the case has been certified as a class at an earlier stage or presented for certification and settlement approval at the same time, the judge can have a court-appointed expert or special master review the proposed settlement terms, gather information necessary to understand how those terms affect the absent class members, and assist the judge in determining whether the fairness, reasonableness, and adequacy requirements for approval are met. Individuals sometimes provide expert testimony regarding the valuation of the settlement or even of its legal validity. Given the nonadversarial posture of these experts, it is important to evaluate such testimony under Federal Rules of Evidence 701, 702, and 703 and question whether the proffered expert testimony will "assist the trier of fact to understand the evidence or determine a fact in issue." FN977 The judge should raise questions at the preliminary hearing and perhaps seek an independent review if there are reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys. The parties then have an opportunity to resume negotiations in an effort to remove potential obstacles to court approval.

FN976 *See, e.g., In re* Amino Acid Lysine Antitrust Litig., MDL No. 1083, 1996 U.S. Dist. LEXIS 5308, at *11 (N.D. Ill. Apr. 22, 1996) (conducting a preliminary review of whether a proposed settlement is within the range of reasonableness and raising questions for the fairness hearing).

FN977 Fed. R. Evid. 702.

(2004)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MCL (4th) § 21.632                                                                        Page 2
Manual for Complex Litigation (4th) § 21.632
(TREATISE)

**(Publication page references are not available for this document.)**


MCL (4th) § 21.632
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

MCL (4th) § 21.633                                                                Page 1
Manual for Complex Litigation (4th) § 21.633
(TREATISE)

**(Publication page references are not available for this document.)**

### Manual For Complex Litigation, Fourth

Federal Judicial Center

### Part II. Special Problems
### 21. Class Actions
### 21.6 Settlements
### 21.63 Procedures for Reviewing a Proposed Settlement

§ 21.633 Notice of Fairness Hearing

Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members. For economy, the notice under Rule 23(c)(2) and the Rule 23(e) notice are sometimes combined. The fairness hearing notice should alert the class that the hearing will provide class members an opportunity to present their views on the proposed settlement and to hear arguments and evidence for and against the terms.

The notice of the fairness hearing should tell objectors to file written statements of their objections with the clerk of court by a specified date in advance of the hearing and to give notice if they intend to appear at the fairness hearing. Despite such ground rules, people who have not filed a written statement may be allowed to present objections at the hearing. FN978

FN978 *See, e.g., In re* Ford Motor Co. Bronco II Prods. Liab. Litig., MDL No. 991, 1994 U.S. Dist. LEXIS 15790 (E.D. La. Nov. 1, 1994) (permitting testimony by objectors who had not filed written statements, subject to inclusion of such objectors on witness lists and to limitation by the judge based on weight and significance of arguments); *In re* Prudential-Bache Energy Income P'ships Sec. Litig., 815 F. Supp. 177, 179 (E.D. La. 1993) (allowing objectors to submit evidence and testimony and to cross examine plaintiffs' experts). *See also* Tidmarsh, *supra* note 951, at 56, 68 (observing that two mass tort settlement class actions used trial-like procedure at the fairness hearing).

(2004)

MCL (4th) § 21.633
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

MCL (4th) § 21.634                                                          Page 1
Manual for Complex Litigation (4th) § 21.634
(TREATISE)

**(Publication page references are not available for this document.)**

**Manual For Complex Litigation, Fourth**

Federal Judicial Center

Part II. Special Problems
21. Class Actions
21.6 Settlements
21.63 Procedures for Reviewing a Proposed Settlement

§ 21.634 Fairness Hearing

At the fairness hearing, the proponents of the settlement must show that the proposed settlement is " 'fair, reasonable, and adequate.' " FN979 The parties may present witnesses, experts, and affidavits or declarations. Objectors and class members may also appear and testify. Time limits on the arguments of objectors are appropriate, as is refusal to hear the same objections more than once. An extended hearing may be necessary. FN980

FN979 *In re* Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 316 (3d Cir. 1998) (quoting *In re* Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785 (3d Cir. 1995)); *see also* Fed. R. Civ. P. 23(e)(1)(C).

FN980 *In re* Silicone Gel Breast Implant Prods. Liab. Litig., MDL No. 926, 1994 WL 578353 (N.D. Ala. Sept. 1, 1994) (reporting hearing from breast implant recipients during three days of hearings); *In re* "Agent Orange" Prod. Liab. Litig., 597 F. Supp. 740, 746-47 (E.D.N.Y. 1984) (reporting on national hearings involving numerous veterans and their families), *aff'd*, 818 F.2d 226 (2d Cir. 1987).

(2004)

MCL (4th) § 21.634
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

MCL (4th) § 21.635                                                                                                Page 1
Manual for Complex Litigation (4th) § 21.635
(TREATISE)

**(Publication page references are not available for this document.)**

### Manual For Complex Litigation, Fourth

Federal Judicial Center

### Part II. Special Problems
### 21. Class Actions
### 21.6 Settlements
### 21.63 Procedures for Reviewing a Proposed Settlement

§ 21.635 Findings and Conclusions

Even if there are no or few objections or adverse appearances before or at the fairness hearing, the judge must ensure that there is a sufficient record as to the basis and justification for the settlement. Rule 23 and good practice both require specific findings as to how the settlement meets or fails to meet the statutory requirements. The record and findings must demonstrate to a reviewing court that the judge has made the requisite inquiry and has considered the diverse interests and the requisite factors in determining the settlement's fairness, reasonableness, and adequacy.

(2004)

MCL (4th) § 21.635
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.