TRIAL PRACTICE SERIES

# Newberg on Class Actions
Third Edition

Volume 2
Chapters 6-11

**Herbert B. Newberg**
Member of the Pennsylvania Bar
JD, Harvard Law School

**Alba Conte**
JD, University of Pennsylvania Law School

SHEPARD'S/McGRAW-HILL, INC.
P.O. Box 35300
Colorado Springs, Colorado 80935-3530

McGRAW-HILL, INC.
New York • St. Louis • San Francisco • Auckland • Bogotá
Caracas • Colorado Springs • Hamburg • Lisbon • London
Madrid • Mexico • Milan • Montreal • New Delhi
Panama • Paris • San Juan • São Paulo • Singapore
Sydney • Tokyo • Toronto

December, 1992

EXHIBIT 5
PENGAD-Bayonne, N.J.

Copyright © 1992 by McGraw-Hill, Inc. All rights reserved. Printed in the United States of America. Except as permitted under the United States Copyright Act of 1976, no part of this publication may be reproduced or distributed in any form or by any means, or stored in a data base or retrieval system, without the prior written permission of the publisher.

Revised edition of *Newberg on Class Actions* by Herbert B. Newberg (Shepard/McGraw-Hill 1985)

Information has been obtained by Shepard's/McGraw-Hill, Inc. from sources believed to be reliable. However, because of the possibility of human or mechanical error by our sources, Shepard's/McGraw-Hill, Inc., or others, Shepard's/McGraw-Hill, Inc. does not guarantee the accuracy, adequacy, or completeness of any information and is not responsible for any errors or omissions or for the results obtained from use of such information.

Library of Congress Cataloging-in-Publication Data
Newberg, Herbert B.
  Newberg on class actions / Herbert B. Newberg and Alba Conte. — 3rd ed
    p. cm. — (Trial pracatice series)
  Includes index.
  1. Class actions (Civil procedure)—United States.
I. Conte, Alba,   II. Title.   III. Series.
KF8896.N4   1992
347.73.53—dc20
[347.30753]

ISBN 0-07-172314-5
NCARO

The Sponsoring Editor for this book was J. Patrick McCahill and the Legal Editors were Stephen F. Lynch, Catherine Casteazoro, Steven L. Nelson and Cathy L. McIntyre.

© McGraw-Hill, Inc.

# Contents

**Summary**

**Volume 1**

  Contributing Authors
  Acknowledgments
  Preface
  Introduction

1  Theory, Structure, and Constitutionality of Class Actions

2  Who Can Maintain a Class Action: Standing and Mootness Considerations

3  Prerequisites for Maintaining a Class Action

4  Class Categories and Defendant Classes    C-1

December, 1992

Counsel for the class plaintiffs will ordinarily submit, contemporaneously with the motion for settlement approval in a common fund case or within a reasonable time thereafter, a petition for allowance of fees and costs from the settlement fund. Often the court may require counsel to file such a petition along with or shortly after any proffered settlement proposals so that absent class members may be able to calculate or estimate their net recoveries in evaluating the settlement, and in order to permit the court to schedule a joint hearing for approval of both the settlement and the fee petitions. Alternatively, the plaintiff's counsel may agree at the time of submitting the settlement stipulation that they will petition for a reasonable fee not to exceed a given percentage of the common fund.[91] In cases not involving a common fund, or in cases in which the plaintiffs would usually seek a fee award authorized by statute and payable by the defendant, the motion for reasonable fees to be awarded would usually be filed subsequent to court approval of the class settlement.[92]

### §11.25   Preliminary Court Approval

Settling parties in a class action should submit a stipulation of settlement, together with supporting affidavits, to the court for its perusal. The court must preliminarily determine whether notice of the proposed settlement pursuant to Rule 23(e) should be given to class members "in such manner as the court directs," and an evidentiary hearing scheduled to determine the fairness and adequacy of the settlement.[93] Because notice to the class, with its attendant expenses, and a hearing will be futile gestures if the court feels that some of the settlement terms are unacceptable at the outset, the parties are well advised to

in the affidavit of class counsel which formed the basis for the entry of the order.

[91] See §§11.15-11.17.

[92] *White v New Hampshire Dept of Employment Sec*, 455 US 445 (1982) (postjudgment request for §1988 attorneys' fees).

[93] *Seiffer v Topsy's Intl, Inc*, 70 FRD 622 (D Kan 1976) (after preliminarily approving notice to the class, the court may review compliance with its order at the settlement hearing to determine the adequacy of notice). *Weiss v Chalker*, 55 FRD 168 (SDNY 1972); *Percodani v Riker-Maxson Corp*, 50 FRD 473 (SDNY 1970) (court may postpone review until more discovery is conducted).

© McGraw-Hill, Inc.

seek informally a preliminary court response in a pretrial conference that the proposed settlement is within the range of possible judicial approval.[94]

The *Manual for Complex Litigation, Second* states:

A two-step process is followed when considering class settlements. First the court makes a preliminary evaluation of the fairness of the settlement. In some cases this initial assessment may be made on the basis of matters already known by the court, supplemented by information about the settlement presented through briefs, motions, or informal presentation from the settling parties. In other cases a hearing may be needed to inform the judge about the circumstances surrounding the negotiations and to permit presentation not only from the attorneys who participated in the negotiations but also from any who were excluded from the discussions. At the hearing the court may express any reservations regarding the settlement, and the parties may decide on the basis of these comments to revise their agreement.

If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement.[95]

The court need not accept the assurances of counsel that the settlement is within the range of reasonableness; however, a preliminary hearing or conference is the more efficient procedure in the long run.

Nothing prevents the court from receiving successive settlement proposals or from submitting successive settlement proposals to the

[94] *In re Corrugated Container Antitrust Litig*, 1979-1 Trade Cas (CCH) ¶62,690 (SD Tex May 30, 1979) (preliminary approval was given to settlement agreement despite objection of designated representative that settlement negotiations should not have been conducted pending ruling on its motion to create subclass).

[95] Manual for Complex Litigation, Second §30.44 (1985). For preliminary approval of class settlements, see also *Armstrong v Board of School Directors*, 616 F2d 305, 314 (7th Cir 1980); *Johnson v Mid All Toyota Distribs*, 564 F Supp 1379, 1384 (D Md 1983).

December, 1992

class for its evaluation.[96] While damage recoveries in most antitrust price-fixing class action settlements are not that varied, franchise class action settlements seeking reformation of long-term leasing arrangements and other tie-in clauses may be submitted to class members for consideration in the alternative.[97]

### §11.26   Conditional Rulings

The strength of the findings made by a judge at a preliminary hearing or conference concerning a tentative settlement proposal may vary. The court may find that the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid subject only to any objections that may be raised at a final hearing. These findings may be set out in conditional orders granting tentative approval to the various items submitted to the court. Three basic rulings are often conditionally entered at this preliminary hearing. These conditional rulings may approve a temporary settlement class, the proposed settlement, and the class counsel's application for fees and expenses. The authority to enter such orders is inherent under Federal Rules of Civil Procedure, Rules 16(6)[98] and

---

[96] *Liebman v JW Peterson Coal & Oil Co*, 73 FRD 531 (ND Ill 1978) (antitrust) (in six consolidated antitrust class actions brought against retail coal dealers in the Chicago area, the court rejected a proposed settlement offered by defendants as not being within the range of fairness and reasonableness which would justify its formal submission to the plaintiff class followed by final hearings thereon).

[97] *Cf In re International House of Pancakes*, 1973-2 Trade Cas (CCH) ¶74,616 (WD Mo July 12), *aff'd*, 487 F2d 303 (8th Cir 1973). A proposed franchisee class settlement was initially rejected as inadequate but a revised settlement was found acceptable. 1974-1 Trade Cas (CCH) ¶74,932 (WD Mo Feb 1, 1974), *revd & remanded on other grounds sub nom Grumm v International House of Pancakes*, 513 F2d 114 (8th Cir), *cert denied*, 423 US 864 (1975).

[98] Fed R Civ P 16(6) provides:

In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider . . . (6) Such other matters as may aid in the disposition of the action.

The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which

---

23(d)(5).[99] In addition, a local court rule can authorize similar settlement rulings.[100]

---

limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine a calendar to jury actions or to non-jury actions or extend it to all actions.

For examples of orders for pretrial conference to discuss settlement, see *In re LaMarre*, 494 F2d 753 (6th Cir 1974); *Marazza v Heroic, Inc*, 23 Fed R Serv 2d (Callaghan) 419 (D Mass May 24, 1977).

[99] 94 Fed R Civ P 23(d)(5) provides:

In the conduct of actions to which this rule applies, the court may make appropriate orders: . . . (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16 and may be altered or amended as may be desirable from time to time.

For examples of application for attorneys' fees, see *Haas v Pittsburgh Natl Bank*, 77 FRD 382 (WD Pa 1977); *Miller v Mackey Intl, Inc*, 70 FRD 533 (SD Fla 1976).

[100] Federal Local Court Rules—Eastern District of Louisiana, Rule 9, Notice of Settlements—Taxation of Judicial Expenses and Costs in Cases of Abuse of Judicial Process and Consent Judgments:

9.1. *Responsibility for Settlement Discussions*. As officers of the court, counsel in civil cases have a responsibility to minimize the expense of the administration of justice, to refrain from burdening unnecessarily those members of the public called for jury duty, and to avoid inconveniencing witnesses unnecessarily. To these ends, they should conduct serious settlement discussions in time to avoid the expense to the public and to litigants, and the inconvenience to jurors and witnesses, occasioned by settlements made on the eve of, or at the outset of trial. . . .

9.4. *Reasonable Settlement Discussions*. This rule shall be so applied as not to inhibit reasonable settlement discussions. The court recognizes that good cause may exist for a belated change in position—an important witness may fail to appear, counsel may learn that facts deemed provable are not provable, or a witness may change his testimony. But the rule shall also be applied so as to take into account the difference between good cause for delay in settlement and negotiating tactics that, heedless of the inconvenience to the court and the public, use the imminence of trial as a catalyst to attempt to reduce an already acceptable offer.

© McGraw-Hill, Inc.