UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

JACKSON DIVISION

SOUTHERN ___RICT OF MISSISSIPPI
FILED

MAY 26 1977

HARVEY G. HENDERSON, CLERK
DEPUTY
BY

KENNETH MORGAN, et al                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO.   J75-21(N)

DOUGLAS SPROAT, et al                                    DEFENDANTS

FINAL JUDGMENT

This cause having been submitted for decision, by agreement
of the parties, on stipulations, deposition testimony and docu-
mentary evidence, and the Court having heretofore filed in its
Memorandum of Opinion of 19 April 1977 its findings of fact and
conclusions of law pursuant to Rule 52(a) of the Federal Rules
of Civil Procedure, it is, therefore,

ORDERED AND ADJUDGED that:

1.    This cause has been certified as a class action con-
sisting of all present and future students confined at Oakley
Training School, a state juvenile training school, located near
Raymond, Mississippi.

2.    Pursuant to Rule 25(d) of the Federal Rules of Civil
Procedure, Harold Cooper and John Grubbs, the present Assistant
Superintendents of Oakley Training School, are substituted as
party-defendants in place of John Davis and Wayne Middleton,
and Odessa Waldrop and Kenneth Draper, present members of the
Board of Trustees of the Mississippi Department of Youth Services,
are substituted as party-defendants in place of Mrs. J. C. Burrow
and H. A. Kroeze, former members of said Board of Trustees.

3.    Douglas Sproat, Superintendent of Oakley Training School,
Harold Cooper and John Grubbs, Assistant Superintendents of
Oakley Training School, Jimmy R. Russell, Executive Director of
the Mississippi Department of Youth Services, and William W.
Ferguson, Mrs. Gilbert Mason, Thomas Watts, Jr., Odessa Waldrop
and Kenneth Draper, members of the Board of Trustees of the

EXHIBIT "A"

- 1 -

Mississippi Department of Youth Services, their agents, employees and successors in office, are permanently enjoined with regard to the operation of Oakley Training School, a training school for juveniles in the State of Mississippi:

A.    From the date of this judgment from using the Intensive Training Unit (ITU) as an isolation or confinement unit except under the following conditions:    (1) Students may be placed in ITU only where there is substantial evidence that they constitute an immediate threat to the physical well being of themselves or others; (2) Confinement may not exceed 24 hours and must be approved within one hour of confinement by the superintendent, one of the assistant superintendents, the chief counselor, or a staff psychologist; (3) No student shall be placed in the ITU whose psychological, emotional or intellectual status makes isolation inappropriate; (4) Students in the ITU must be visited at least once every three hours during the day by the chief counselor, the student's own counselor or a licensed psychologist; (5) The cells in ITU must be provided with transparent windows, lights, mattresses, blankets, sheets, pillows, small tables for reading, chairs, soap and towel; (6) Unless a contrary program is indicated in an individual case by licensed psychologist, students placed in ITU must be permitted to sleep a reasonable time during the day, have reading materials, to send and receive mail and to have visitors;

(7) Students in ITU must receive daily at least one hour's physical exercise outside of the ITU or in the gym; (8) Students in ITU must be allowed to eat their meals outside of their cells; (9) The ITU shall not be used for punishment, but only for the uses set forth in (1) above; (10) A central record of the ITU shall be maintained by the defendants giving the name of each student placed in ITU, the date and time of such placement, the date and

- 2 -

Tir of such release, a detailed statement of reasons
for placement, the name of the person referring the
student to ITU, the name of the person approving the
placement and time of such approval, a record of all
visits by counselors or psychologists to the student
and the time of such visits; and such information shall
also be placed in each individual student's file at
the training school; (11) the ITU shall not be used
until attorneys for plaintiffs have had a reasonable
opportunity to inspect the physical changes set forth
in (5) above; (12) Defendants shall promulgate insti-
tutional regulations consistent with this judgment to
be distributed to Oakley staff before any further use
of ITU.  (13) No other facility at Oakley shall be
used as an isolation or confinement unit unless it
complies with (1)-(12) above.

B.  With regard to individualized programs for
students at Oakley:  (1) Within 45 days from the date
of this judgment, the defendants shall submit a plan
to the Court for approval to establish a complete diag-
nostic and evaluation procedure for all incoming stu-
dents and all present Oakley students who have been at
the school less than 90 days prior to 19 April 1977.
Such procedure shall include evaluation by qualified
personnel to obtain basic educational, medical, psy-
chological and vocational information, (including the
obtaining of the cumulative school records on each
student from the community from which they came) to
identify incoming students with special emotional pro-
blems who should not be assigned to Oakley, but to
another institution, and to identify students who have
contagious diseases or who need medical attention; the
medical evaluation shall also include screening for eye-
sight, hearing and dental problems and immunization

- 3 -

status; (2) Within 120 days from the date of this judgment, defendants shall formulate individualized written treatment plans for all students at Oakley Training School and continue to formulate such treatment plans for all students, in accordance with generally accepted professional standards, describing in precise terms the school's long-term and short-term objectives for the student, the full range of services to be provided, and procedures, and timetables and staff assignments for the implementation of such treatment plan; (3) Within 120 days from the date of this judgment, defendants shall determine cottage placement on the basis of students' individual needs and programs as set forth in the treatment plan; at that time defendants' placement plan shall be filed with this Court for approval; (4) Within 150 days from the date of this judgment defendants shall institute a program of monthly periodic staff reviews and evaluations of each student's progress under his individualized treatment plan and of the appropriateness of the plan itself and defendants' plan for such review shall at that time be filed with this Court for approval; (5) All of the foregoing procedures shall be supervised and coordinated by a licensed psychologist.

C.  With regard to staff and personnel at Oakley Training School, (1) Within 60 days from the date of this judgment defendants shall employ a full-time licensed staff psychologist (or psychiatrist) at Oakley Training School to supervise the school's evaluation and treatment programs; (2) Either through reduction in the student population or the employment of additional counselors, there shall be a maximum counselor/ student ratio at Oakley of 1:30 by 1 September 1977 and a maximum counselor/student ratio of 1:20 by 1 January 1978; (3) All counselors hired from the date

4

of this judgment shall have at least a Master's Degree
in social work, counseling, or one of the behavioral
sciences; within three years from the date of this judg-
ment, all counselors shall have at least such a Master's
Degree; (4) Either through reduction in the student
population or the employment of additional houseparents,
there shall be a maximum houseparent/student ratio at
Oakley of 1:30 by 1 August 1977 and a maximum houseparent/
student ratio of 1:20 by 1 November 1977 on duty at all
times, except when the students are asleep, at which
time there shall be at least one houseparent per cottage;
(5) All houseparents hired from the date of this judg-
ment shall have at least a high school degree and, within
one year from the date of this judgment, all houseparents
shall have at least a high school degree; (6) Defendants
shall submit for Court approval within 45 days from the
date of this judgment a plan for a program of preservice
and regular inservice training for counselors and cottage
parents at Oakley Training School; (7) Defendants shall
provide all of the consultant services necessary to meet
the needs of Oakley students, including psychiatric,
neurological, medical, and eye and ear services.

D.    Defendants are enjoined from the date of this
judgment from the continued operation of the "progressive
phase system" and the system outlined in the "Differential
Classification:  A Pilot Program," filed with this Court
on 30 November 1976, or any other system whereby student
progress through the school is based on their avoidance
of unacceptable behavior.  The defendants are ordered to
submit a plan for Court approval within 90 days from the
date of this judgment for the determination of student
progress at Oakley Training School in conjunction with
the individual treatment plans required in paragraph B
above, including students' readiness for parole or

5

release from the institution.  Until the approval and
implementation of this plan, the Honorable John M. Roper,
United States Magistrate, is appointed Special Master to
rule on the petition of any student who has been confined
at Oakley for more than 150 days and feels that he is
entitled to parole.

E.  Defendants shall immediately institute at
least an annual program of fire inspection of the Oakley
Training School facility by qualified governmental au-
thorities, and a report of compliance of the first such
inspection shall be filed with this Court within 30 days
from the date of this judgment.

F.  The parties having informed the Court that the
requests by the defendants for appropriations for the
construction of new residential cottages at Oakley
Training School were not approved by the Mississippi
Legislature during its 1976 or 1977 sessions, the defen-
dants are ordered to submit for Court approval, within
45 days, interim and long-range plans, for the housing
of students at Oakley Training School in accordance
with the following criteria:  at least 80 square feet
per student for sleeping area; at least 40 square feet
per student for day room area; free access by students
to their own possessions; provision for individual
student privacy; and eventual reduction in the size of
the student population in each housing unit to no more
than 25 students.

G.  With respect to education at Oakley Training
School, defendants shall within 30 days from the date
of this judgment submit a plan for Court approval which
shall include specific steps (1) to provide a complete
educational assessment of each incoming student, in-
cluding identification of students with learning dis-
abilities or other educational problems which need spe-
cial attention; (2) to provide special education services

and programs to all students who are diagnosed as need-
ing such special services, including special education
services or classes for the trainable mentally retarded,
for students with specific learning disabilities, for
emotionally handicapped youth, and for hearing and
visually impaired students, which meet the standards
set forth by the special education unit of the Mississippi
State Department of Education; (3) for the establish-
ment of an inservice training program for all teaching
staff; (4) for the hiring of a teaching staff certified
to teach in the fields to which they are assigned; (5)
for bringing Oakley high school programs into compliance
with state requirements for public high schools; (6)
for the institution of a periodic testing program for
the determination of the educational progress made by in-
dividual students; (7) for the obtaining of sufficient
instructional materials for individualized programs of
instruction that provides for awards for academic pro-
gress and for the establishment of such individualized
programs of instruction; (8)  for the provision of
instruction in the event of absence of regular teachers,
and (9) to report to this Court within 30 days of this
judgment on the action taken by the Mississippi State
Legislature on the defendants' request for funds to
construct a new school building at Oakley Training School
and, if such action has been favorable, to submit at
that time a timetable for the construction of such a
facility.

H.  With respect to vocational training at Oakley
Training School, defendants shall within 90 days from
the date of this order submit a plan for Court approval
which shall include specific steps (1) to enable all
Oakley students who are determined by their initial
evaluation (as set forth in paragraph B above) to be

7

in need of vocational training to receive such training
for a period of not less than four hours a day; (2) to
expand the present vocational curriculum to include a
wider variety of training programs and an orientation
program for younger students; and (3) to employ suffi-
cient vocational counselors to achieve a maximum
counselor/student ratio of 1:75.

I.   With respect to recreation at Oakley Training
School, defendants shall submit, within 30 days from the
date of this judgment, a plan which includes specific
steps (1) to increase the amount of recreation available
to all Oakley students to at least one-to-two hours of
recreation each week day and two-to-four hours on week-
ends; (2) to establish a physical education program
which satisfies all state standards and regulations, in-
cluding recreation supervisors and physical education
teachers appropriately certified in either recreation
therapy or physical education; and (3) to implement a
leisure time program which will provide Oakley students
opportunities to develop skills in arts, crafts, and
music.

J.   With respect to the parole and release of stu-
dents from Oakley Training School, the defendants, in-
cluding specifically, the Superintendent of Oakley Train-
ing School, shall release students from Oakley Training
School upon determination by the treatment staff at the
institution that the student has made sufficient pro-
gress in his individualized treatment plan to warrant
parole and release and specifically defendants are en-
joined from conditioning any such release or parole or
student vacation upon the approval of the committing
Youth or Family Court.   (Except that release, parole or
vacation for students committed to Oakley upon convic-
tion as adults may be conditioned upon the approval of
the Court of conviction.)

K.   With respect to medical and dental care at Oakley Training School, defendants shall, within 30 days of the date of this judgment, (1) present for Court approval a plan, including a specific timetable for the establishment of an overnight infirmary; (2) provide sufficient medical staff to allow at least one medical nurse or licensed practical nurse to be on duty at Oakley at all times, 24 hours a day; (3) provide a complete physical and dental examination on all students who are presently confined at Oakley and all future students when admitted; (4) provide medical and dental diagnosis and treatment for all students in need of such services, including non-emergency, preventive and maintenance dental care within two weeks after the need of such care becomes known to the school and (5) provide an appropriate innoculation program for students.

L.   With respect to access to legal assistance at Oakley Training School, defendants shall:   (1) Ascertain from each student committed to Oakley Training School whether the student was represented by an attorney in his commitment proceedings, to make a record of such ascertainment, and to advise such student orally and in writing who was not so represented that his commitment might be invalid and that if he wishes to obtain legal assistance with respect to his commitment to Oakley Training School he may contact (a) Central Mississippi Legal Services, Box 951, Jackson, Mississippi, 39205, or (b) the student's personal attorney; (2) In addition to the notice set forth in (1) above, defendants shall submit within 30 days of this judgment, for the Court's approval a summary of legal services available to Oakley students, copies of which, upon the Court's approval, shall be posted in conspicuous places in each student residence, the administration, academic and vocational buildings, and the recreation

hall; (3) Defendants re further ordered (a) to forwor
immediately to the appropriate lawyer or legal services
program any written request for legal assistance made by
an Oakley Training School student, (b) to inform those
making oral requests for legal assistance that such re-
quests must be in writing, and (c) if necessary, to
assist those making oral requests in making such requests
in writing.

3.   Copies of all plans required to be submitted to the
Court by this judgment shall at the same time be provided counsel
for plaintiffs, and plaintiffs shall have 30 days after receipt
of such plans to file any objections or requests for modification
with the Court.

4.   Until further notice of this Court, plaintiffs shall be
entitled to inspect all records of Oakley Training School including
student records with respect to its compliance with the orders of
this Court, and to similarly inspect the physical facilities at
Oakley, upon reasonable notice.

5.   Defendants shall file the following compliance reports
with the Court, with copies furnished to counsel for plaintiffs.
No student will be identified by name in these reports, but instead
will be identified by initials and Oakley student identification
number.   These reports shall be filed on June 15, July 15, August 15,
September 15, and November 15, 1977; January 15, April 15, July 15,
and October 15, 1978; and on February 15, June 15, and October 15,
of each year thereafter until further order of this Court.   "Date
of last report" refers to date of judgment for the report of June 15,
1977."

A.   List each student so confined in isolation or any
disciplinary confinement along with the date placed and time
of placement, date and time of release, and dates and times
of all visits by counselor or psychologist.

B.   Provide the following information for each stu-
dent at Oakley:   (1) Date of arrival; (2) Cottage place-
ment and reason for such placement; (3) Date of medical

evaluation; (4) Date of general diagnostic and evaluation set forth in paragraph 3 B (1) of this judgment; (5) Date of receipt of cumulative school records from student's home community; (6) any psychological, psychiatric, emotional or retardation problems discovered in evaluation and the steps taken to meet such needs; (7) Any eyesight, hearing, dental, immunization, or other medical problems discovered in the evaluation process and the steps taken to meet such needs; (8) The date that an individualized written treatment plan was formulated for the student; (9) The date of monthly staff reviews and evaluations of the student's progress since the date of the last report; (10) Description of all consultant services provided the student since the date of the last report; (11) Whether the student was diagnosed as needing special educational services, including special educational services for classes for the trainable mentally retarded, classes for students with specific learning disabilities or classes for emotionally handicapped youth or classes for hearing and visually impaired students and, if so, what classes in these areas have been provided such student; (12) The date and type of testing received by the student for the determination of educational progress; (13) Whether the student has been determined by initial evaluation to be in need of vocational training and, if so, what training the student is receiving; (14) Whether the student was represented by an attorney in his commitment proceedings.

C.   The name of each counselor employed at Oakley and the highest educational degree obtained by such counselor and the field in which obtained.

D.   The name of each houseparent and the extent of education completed.

E.   Each student released from Oakley since the date of the last report and give the date of release.

11

F.   List the name of the full-time licensed staff psychologist or psychiatrist employed at Oakley and state whether he/she is a psychologist or psychiatrist.

G.   The name of each teacher at Oakley, the certifications held by such teacher, and the courses taught by such teachers.

H.   The dates of absences of all teachers at Oakley and the names of the substitute teachers serving in their place on such dates.

I.   The name of each vocational counselor employed at Oakley and his/her educational qualifications.

J.   The name and educational qualifications of each recreation supervisor or physical education teacher employed at Oakley and the certification of such teacher.

K.   The recreation schedule for Oakley students.

L.   The leisure time program for Oakley students.

6.   Any student at Oakley Training School transferred to any other training school operated by the Mississippi Department of Youth Services shall continue to receive all of the rights, benefits, services and protections provided this judgment.

7.   Because of the importance of community-based care and treatment of juveniles in the juvenile justice system, as set forth by the expert witnesses testifying in this action, defendants, in the implementation of the standards and requirements at Oakley Training School set forth in this judgment and in future orders of this Court, are enjoined from any reduction of any existing community-based juvenile facilities, personnel or programs.

8.   The Court maintains jurisdiction of this cause for the effectuation of the orders set forth in this judgment.

9.   Costs of this cause are assessed to the defendants. Plaintiffs' request for attorneys' fees is reserved for future ruling of this Court.

ORDERED AND ADJUDGED, this 23rd day of May, 1977.

s/ Walter L. Nixon, Jr.
UNITED STATES DISTRICT JUDGE

12