

**(Publication page references are not available for this document.)**

## Manual For Complex Litigation, Fourth

Federal Judicial Center

### Part II. Special Problems
### 21. Class Actions
### 21.6 Settlements
**21.63** Procedures for Reviewing a Proposed Settlement

§ 21.631 Obtaining Information

*Required disclosures.* Counsel for the class and the other settling parties bear the burden of persuasion that the proposed settlement is fair, reasonable, and adequate. In discharging that burden, counsel must submit to the court certain required disclosures, such as the terms of the settlement. Rule 23(e)(2) also requires a statement identifying any agreement made in connection with the settlement, including all agreements and undertakings "that, although seemingly separate, may have influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others. Doubts should be resolved in favor of identification." [FN974](#)

Separate side agreements or understandings may encompass such matters as resolution of claims outside the class settlement, positions to be taken on later fee applications, division of fees among counsel, or restrictions on counsel's ability to bring related actions in the future. The reference to agreements or undertakings related to the proposed settlement is necessarily open-ended. It is intended to reach agreements that accompany settlement but are not reflected in formal settlement documents and, perhaps, not even reduced to writing. The spirit of Rule 23(e)(2) is to compel identification of any agreement or understanding that might have affected the interests of class members by altering what they may be receiving or foregoing. Side agreements might indicate, for example, that the settlement is not reasonable because they may reveal additional funds that might have been paid to the class that are instead paid to selected claimants or their attorneys.

The court should, after reviewing the statement identifying related agreements and undertakings, decide whether to require specified agreements to be revealed and whether to require filing complete copies or only summaries of the agreements. Requiring the parties to file the complete agreement might elicit comments from class members and facilitate judicial review. A judge might consider acting in steps, calling first for a summary of any agreement that might have affected the settlement and then for a complete version if the summary does not provide an adequate basis for review.

A direction to disclose a summary or copy of an agreement might raise confidentiality concerns, as with agreements that include information that merits protection against general disclosure. The parties should be given an opportunity to claim work-product or other protections. Opt-out agreements, in which a defendant conditions its agreement on a limit on the number or value of opt outs, may warrant confidential treatment. Knowledge of the specific number of opt outs that will vitiate a settlement might encourage third parties to solicit class members to opt out. A common practice is to receive information about such agreements *in camera.*

Agreements between a liability insurer and a defendant may require balancing the need to know the terms of the agreement with the potential impact of making such terms public. The amount of insurance coverage available to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MCL (4th) § 21.631 Page 2
Manual for Complex Litigation (4th) § 21.631
(TREATISE)

**(Publication page references are not available for this document.)**

compensate class members can bear on the reasonableness of the settlement, and identification of such agreements sometimes provides insufficient information. Unrestricted access to the details of such agreements, on the other hand, might impede resolution of important coverage disputes.

Rule 23(e)(2) does not specify sanctions for failure to identify an agreement or an understanding connected with the settlement. One possible sanction is reopening the settlement if the agreements or understandings not identified bear significantly on the settlement's reasonableness.

*Requests for additional information.* The judge may direct counsel to provide additional information necessary to evaluate the proposed settlement. Where settlement is proposed early in the litigation, for example, consider asking counsel to provide complete and detailed information about the factors that indicate the value of the settlement. Such factors include FN975
- likelihood of success at trial;
- likelihood of class certification;
- status of competing or overlapping actions;
- claimant's damages and value of claims;
- total present value of monetary and nonmonetary terms;
- attorney fees;
- cost of litigation; and
- defendant's ability to pay.

Discovery in parallel litigation may supply additional information. The outcomes of parallel litigation may also inform the court and objecting class members about the fairness, reasonableness, and adequacy of the proposed settlement.

FN974 Fed. R. Civ. P. 23(e)(2) committee note.

FN975 The enumeration of issues and factors affecting the evaluation of settlements in this section draws on the opinion in *In re Prudential Insurance Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283 (3d Cir. 1998), and William W Schwarzer, *Settlement of Mass Tort Class Actions: Order Out of Chaos*, 80 Cornell L. Rev. 837, 843-44 (1995). *See also* RAND Class Action Report, *supra* note 955, at 486-90.

(2004)

MCL (4th) § 21.631
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



MCL (4th) § 21.632                                                                                                                          Page 1
Manual for Complex Litigation (4th) § 21.632
(TREATISE)

**(Publication page references are not available for this document.)**

**Manual For Complex Litigation, Fourth**

Federal Judicial Center

**Part II. Special Problems**
**21. Class Actions**
**21.6 Settlements**
**21.63 Procedures for Reviewing a Proposed Settlement**

§ 21.632 Preliminary Fairness Review

Review of a proposed class action settlement generally involves two hearings. FN976  First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b). See section 21.22. If there is a need for subclasses, the judge must define them and appoint counsel to represent them. The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing. In settlement classes, however, it is often prudent to hear not only from counsel but also from the named plaintiffs, from other parties, and from attorneys who represent individual class members but did not participate in the settlement negotiations.

Whether the case has been certified as a class at an earlier stage or presented for certification and settlement approval at the same time, the judge can have a court-appointed expert or special master review the proposed settlement terms, gather information necessary to understand how those terms affect the absent class members, and assist the judge in determining whether the fairness, reasonableness, and adequacy requirements for approval are met. Individuals sometimes provide expert testimony regarding the valuation of the settlement or even of its legal validity. Given the nonadversarial posture of these experts, it is important to evaluate such testimony under Federal Rules of Evidence 701, 702, and 703 and question whether the proffered expert testimony will "assist the trier of fact to understand the evidence or determine a fact in issue." FN977  The judge should raise questions at the preliminary hearing and perhaps seek an independent review if there are reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys. The parties then have an opportunity to resume negotiations in an effort to remove potential obstacles to court approval.

FN976 *See, e.g.*, *In re* Amino Acid Lysine Antitrust Litig., MDL No. 1083, 1996 U.S. Dist. LEXIS 5308, at *11 (N.D. Ill. Apr. 22, 1996) (conducting a preliminary review of whether a proposed settlement is within the range of reasonableness and raising questions for the fairness hearing).

FN977 Fed. R. Evid. 702.

(2004)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MCL (4th) § 21.632    Page 2
Manual for Complex Litigation (4th) § 21.632
(TREATISE)

**(Publication page references are not available for this document.)**

MCL (4th) § 21.632
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



MCL (4th) § 21.633                                                                                                                                        Page 1
Manual for Complex Litigation (4th) § 21.633
(TREATISE)

**(Publication page references are not available for this document.)**

## Manual For Complex Litigation, Fourth

Federal Judicial Center

Part II. Special Problems
21. Class Actions
21.6 Settlements
21.63 Procedures for Reviewing a Proposed Settlement

§ 21.633 Notice of Fairness Hearing

Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members. For economy, the notice under Rule 23(c)(2) and the Rule 23(e) notice are sometimes combined. The fairness hearing notice should alert the class that the hearing will provide class members an opportunity to present their views on the proposed settlement and to hear arguments and evidence for and against the terms.

The notice of the fairness hearing should tell objectors to file written statements of their objections with the clerk of court by a specified date in advance of the hearing and to give notice if they intend to appear at the fairness hearing. Despite such ground rules, people who have not filed a written statement may be allowed to present objections at the hearing. FN978

FN978 *See, e.g.*, *In re* Ford Motor Co. Bronco II Prods. Liab. Litig., MDL No. 991, 1994 U.S. Dist. LEXIS 15790 (E.D. La. Nov. 1, 1994) (permitting testimony by objectors who had not filed written statements, subject to inclusion of such objectors on witness lists and to limitation by the judge based on weight and significance of arguments); *In re* Prudential-Bache Energy Income P'ships Sec. Litig., 815 F. Supp. 177, 179 (E.D. La. 1993) (allowing objectors to submit evidence and testimony and to cross examine plaintiffs' experts). *See also* Tidmarsh, *supra* note 951, at 56, 68 (observing that two mass tort settlement class actions used trial-like procedure at the fairness hearing).

(2004)

MCL (4th) § 21.633
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



MCL (4th) § 21.634                                                                                                                               Page 1
Manual for Complex Litigation (4th) § 21.634
(TREATISE)

**(Publication page references are not available for this document.)**

**Manual For Complex Litigation, Fourth**

Federal Judicial Center

Part II. Special Problems
21. Class Actions
21.6 Settlements
21.63 Procedures for Reviewing a Proposed Settlement

§ 21.634 Fairness Hearing

At the fairness hearing, the proponents of the settlement must show that the proposed settlement is " 'fair, reasonable, and adequate.' " FN979   The parties may present witnesses, experts, and affidavits or declarations. Objectors and class members may also appear and testify. Time limits on the arguments of objectors are appropriate, as is refusal to hear the same objections more than once. An extended hearing may be necessary. FN980

FN979 *In re* Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 316 (3d Cir. 1998) (quoting *In re* Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785 (3d Cir. 1995)); *see also* Fed. R. Civ. P. 23(e)(1)(C).

FN980 *In re* Silicone Gel Breast Implant Prods. Liab. Litig., MDL No. 926, 1994 WL 578353 (N.D. Ala. Sept. 1, 1994) (reporting hearing from breast implant recipients during three days of hearings); *In re* "Agent Orange" Prod. Liab. Litig., 597 F. Supp. 740, 746-47 (E.D.N.Y. 1984) (reporting on national hearings involving numerous veterans and their families), *aff'd*, 818 F.2d 226 (2d Cir. 1987).

(2004)

 MCL (4th) § 21.634
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



MCL (4th) § 21.635                                                                                                                      Page 1
Manual for Complex Litigation (4th) § 21.635
(TREATISE)

**(Publication page references are not available for this document.)**

**Manual For Complex Litigation, Fourth**

Federal Judicial Center

Part II. Special Problems
21. Class Actions
21.6 Settlements
21.63 Procedures for Reviewing a Proposed Settlement

§ 21.635 Findings and Conclusions

    Even if there are no or few objections or adverse appearances before or at the fairness hearing, the judge must ensure that there is a sufficient record as to the basis and justification for the settlement. Rule 23 and good practice both require specific findings as to how the settlement meets or fails to meet the statutory requirements. The record and findings must demonstrate to a reviewing court that the judge has made the requisite inquiry and has considered the diverse interests and the requisite factors in determining the settlement's fairness, reasonableness, and adequacy.

(2004)

MCL (4th) § 21.635
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.