IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                 PLAINTIFFS

v.                                        CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*     DEFENDANTS

## **DECLARATION OF MARCIA R. LOWRY**

1. I am Marcia R. Lowry, co-lead counsel for the Plaintiff Class in this case. I give this Declaration in support of the parties' Joint Motion for Final Approval of the Stipulated Settlement Agreement preliminarily approved by the Court on April 3, 2007.

2. I am a graduate of New York University School of Law and a member of the bars of the State of New York, the United States Supreme Court, and various other federal jurisdictions. I have continuously practiced law, specializing in the representation of children in class actions challenging the constitutionality of systemically deficient state and local child welfare systems, since 1973. Over the past 34 years, I have handled over 20 such cases and I have participated in at least 11 class-wide settlements designed to protect the rights of children and to reform systemically deficient child welfare systems. From this experience, I am familiar with the range of relief possible to obtain in such cases.

3. I have been a lead counsel on this case since its inception and have been an active participant in every stage of the litigation. This action was contested for three years and involved voluminous discovery and comprehensive expert testimony. It was time consuming and expensive. Plaintiffs' Counsel reviewed hundreds of thousands of pages of documents, took or defended 27 fact witness depositions and six expert depositions, and extensively briefed two motions to dismiss, a motion for class certification, and cross-motions for summary judgment, as well as numerous discovery motions. Class Counsel also assembled a team of five child welfare and foster care experts who conducted a thorough investigation and issued extremely detailed reports on various aspects of the Mississippi foster care system.

4. This proposed settlement is neither collusive nor fraudulent. It is the product of robust arm's-length negotiations, in which I personally participated.

5. From my work on this case and my experience in handling comparable cases, I am familiar with the strengths and weaknesses of the class' position, both legally and factually. Based on my experience with comparable cases and comparable settlements, it is my opinion that this settlement constitutes an excellent result and extremely favorable resolution of the liability phase of the litigation for the Plaintiff Class. Under the proposed settlement, Defendants do not contest liability for violating the substantive due process rights of class member children. The proposed settlement provides for an enforceable consent decree on behalf of a certified class of children with continuing jurisdiction in the District Court based on Defendants' liability concession. If

        the parties are unable to agree on an adequate remedial order to address Plaintiffs' constitutional concerns, Plaintiffs will be able to seek the relief they need from this Court.

6. The facts prepared for trial render the factual support for liability – and the urgency for relief for the class – overwhelming. Under the proposed settlement, liability is not contested and the Plaintiff Class is provided with the benefit of an expedited track to relief. The settlement contemplates that the parties will first attempt to agree on a remedial plan developed by Defendants and the Council on Accreditation with consultation from the parties' experts. The plan must set forth specific actions and timelines necessary for the Defendants to achieve accreditation, bring the State in substantial conformity with federal standards regarding foster care, and address Plaintiffs' constitutional concerns, all within five years. If agreement on the remedial plan is reached by the parties, it will become court enforceable, with an outside monitor, and resolve the litigation. If the parties cannot agree on a remedial plan, the parties will proceed to a trial as to the scope of the necessary remedy.

7. In my opinion, taking into account the strengths and weaknesses of the case, the Defendants' concession on liability and the immediate advancement to the remedial phase of the litigation provided by the proposed settlement, and the risks, delays, and expense attendant to proceeding with litigation, the proposed settlement is a fair, reasonable, and adequate basis on which to compromise the claims of the Plaintiff Class.

4

8.      All named Plaintiffs and Next Friends Support the Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of May 2007.

/s Marcia R. Lowry<br>Marcia R. Lowry