IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*,
For And On Behalf of All Others Similarly Situated          **PLAINTIFFS**

v.                                                          CIVIL ACTION NO. 3:04CV251

HALEY BARBOUR,
as Governor of the State of Mississippi, *et al.*           **DEFENDANTS**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
OBJECTIONS OF SACRED HEART MINISTRY FOR CHILDREN, INC. TO
PROPOSED SETTLEMENT AGREEMENT**

On April 3, 2007, this Court preliminarily approved a Proposed Stipulated Settlement Agreement in this class action and directed that notice of the proposed settlement be given to class members. Docket No. 402. In a letter dated May, 3, 2007, Sacred Heart Ministry for Children, Inc., ("Sacred Heart") objected to the proposed settlement. Docket No. 416.

Sacred Heart's objection is hardly a model of clarity. Insofar as Plaintiffs can determine, Sacred Heart is a private corporation that provides undisclosed services to the Mississippi Department of Human Services ("MDHS"). It is apparent from the objection that Sacred Heart is involved in an ongoing dispute with MDHS concerning Sacred Heart's services. Sacred Heart's objection discloses neither the nature of the dispute nor the parties' positions with respect to it.

But while much remains unclear, at least this much is known: Sacred Heart is not a party to this action and is not a member of the class previously certified by this Court. For these

reasons, among others, Sacred Heart has no right to object to the proposed settlement agreement. Fed. R. Civ. P. 23(e)(4)(A).

## ARGUMENT

On March 30, 2004, Plaintiffs brought this action challenging systemic deficiencies in Mississippi's foster care system. On March 11, 2005, this Court certified the case as a class action on behalf of a class of "all children who are or will be in the legal and/or physical custody of [MDHS]." The parties have now proposed a settlement agreement in which Defendants do not contest that the Plaintiff class members' constitutional rights to substantive due process have been violated. In the settlement agreement, the parties have agreed to proceed immediately to the remedial phase of the litigation. The settlement agreement establishes a two-tiered mechanism by which appropriate remedies can be determined. The settlement agreement itself establishes no remedies.

Federal Rule of Civil Procedure 23(e) requires this Court to approve any settlement of a class action. The Court must first give notice of the proposed settlement to all class members whose rights are to be bound by the settlement. Fed. R. Civ. P. 23(e)(1)(B). The Court must then conduct a hearing to determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). At the hearing, any class member may object to the proposed settlement. Fed. R. Civ. P. 23(e)(4)(A).

These procedural requirements have been satisfied here. After this Court preliminarily approved the proposed settlement agreement, Defendants gave notice to class members of the proposed settlement. Pursuant to that notice, class members will have the opportunity to appear at the hearing set for May 17, 2007, and to object to the fairness, reasonableness and adequacy of the settlement.

Sacred Heart has conceded, as it must, that it is not a member of the class. Nothing in the proposed settlement agreement will determine Sacred Heart's legal rights. Sacred Heart does not contend that it will. Instead, Sacred Heart's objection to the settlement is an apparent attempt to hold the settlement hostage, apparently as leverage in its dispute with MDHS.

Sacred Heart lacks standing to object to the proposed settlement. Federal Rule of Civil Procedure 23(e)(4)(A) provides: "Any class member may object to a proposed settlement. . . ." This Rule has been authoritatively construed to permit *only* members of the class – those whose rights will be bound by a proposed settlement – to object to a proposed settlement's fairness or adequacy. *See, e.g.*, *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *Jenson v. Continental Financial Corp.*, 591 F.2d 477, 482 (8th Cir. 1979) ("The purpose of Rule 23(e) . . . is to protect the rights and interests of absent class members. Opt-outs and general creditors are not members of the class and hence are not entitled to the protection of Rule 23(e)."); *Carnegie v. Household Intern, Inc.*, 445 F. Supp. 2d 1032, 1035 (N.D. Ill. 2006) (Objector who was not a member of the certified class was "without standing to contest the settlement."); *San Francisco NAACP v. San Francisco Unified School District*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) ("[N]onclass members have no standing to object to the settlement of a class action.") (citing *Gould*, 883 F.2d at 284); *Raines v. Florida*, 987 F. Supp. 1416, 1418 (N.D. Fla. 1997) ("Strictly speaking, only the parties to the settlement of a class action (plaintiffs, class members, and the settling defendants), have standing to object to the fairness of the settlement.").

Under settled law, therefore, nonparties - such as Sacred Heart - simply have no right to object to the reasonableness of a proposed class action settlement.

Formal requirements of the Rules to one side, it is obvious that, because Sacred Heart is neither a member of the class nor a party to this litigation, its rights will not be concluded by the proposed settlement. Sacred Heart remains free to pursue whatever claims it may have against MDHS in a separate action. If approved, the settlement agreement will not foreclose that right.

## CONCLUSION

The Court should disregard Sacred Heart's objections.

RESPECTFULLY SUBMITTED, this the 16th day of May, 2007.

/s W. Wayne Drinkwater
W. Wayne Drinkwater (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, MS 39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone: (601) 607-4172

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 7th Avenue, 4th floor
New York, New York 10001
Telephone: (212) 683-2210

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York 10154

Telephone (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2007 I electronically filed the foregoing with the Court using the ECF system, which sent notification of such filing to the following:

>Dewitt L. ("Rusty") Fortenberry Jr., Esq.
>Barry C. Campbell, Esq.
>Kenya Key Rachal, Esq.
>Gretchen L. Zmitrovich, Esq.
>Ashley Tullos Young, Esq.
>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
>428 I-55 North
>Meadowbrook Office Park
>Jackson, MS 39211
>(601) 351-2400
>
>Harold E. Pizzetta, III, Esq.
>Assistant Attorney General
>General Civil Division
>Carroll Gartin Justice Building
>430 High Street
>Jackson, Mississippi  39201
>
>*Attorneys for Defendants Haley Barbour, et al.*

/s W. Wayne Drinkwater_____