**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JAMES D. JOHNSON, as next friend to   PLAINTIFFS
Olivia Y., et al.

vs.   CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, as Governor of the   DEFENDANTS
State of Mississippi, et al.

**DEFENDANTS' MOTION FOR COURT DETERMINATION OF THE SCOPE OF
PLAINTIFFS' CONSTITUTIONAL SUBSTANTIVE DUE PROCESS RIGHTS**

COME NOW, Defendants Haley Barbour, as Governor of the State of Mississippi, Donald Taylor, as Executive Director of the Mississippi Department of Human Services, and Rickie Felder, as Director of the Division of Family and Children's Services ("Defendants") and respectfully request this court to enter an order defining the scope of plaintiffs' legal rights under the due process clause of the United States Constitution. Since this Motion is self explanatory, the Defendants further request that this court waive the requirement that a supporting Memorandum of Authorities be filed. Lastly, Defendants respectfully ask this court for an **expedited ruling** in this matter due to quickly approaching pre-trial and trial deadlines.

As this court is aware, the parties reached a settlement as to liability in this matter which the court approved on May 17, 2007. The terms of the approved settlement are embodied in the Stipulated Settlement Agreement ("Agreement") (Attached as Exhibit "A") which was signed by both parties and presented to the court. In addition to settling the liability phase, this Agreement addresses how the remedial phase of this matter will be handled by outlining two remedial options. The first option is mediation and the second option, which will only be considered if

1

mediation fails, is for all issues regarding a remedy be submitted to the court for a judicial determination.

Item number five of the Agreement specifically focuses on the procedure for the judicial determination of the remedy and states that "[t]he scope of Plaintiffs' constitutional substantive due process rights shall be determined by the Court." It is imperative that the legal scope of Plaintiffs' constitutional rights be determined at this time in order to facilitate meaningful discovery and trial preparation should mediation not be successful.[1]

Based upon pleadings previously filed by the parties in this matter, this is an area in which the court's legal guidance is clearly needed. While both Plaintiffs and Defendants generally agree that Plaintiffs are entitled to the right to be free from harm while in custody, the parties' interpretations of the scope of this constitutional right are vastly different. Defendants assert that based on controlling law the right to be free from harm is limited strictly to the duty to provide adequate food, clothing, shelter, medical care and reasonable safety while in custody. In a suit filed by a class of mentally and physically handicapped children who were foster children or otherwise in State custody against various State agencies, including MDHS, this court properly followed Supreme Court and Fifth Circuit precedent and ruled:

> Plaintiffs who have been involuntarily placed in the custody of the DHS have substantive due process rights under the fourteenth amendment to be free from harm while in state custody. Thus, Defendants have an affirmative duty to provide these Plaintiffs with adequate food, shelter, clothing, medical care and reasonable safety under *DeShaney*. Defendants are not required under the Constitution to provide Plaintiffs with an optimal level of care and treatment.

*E.F. v. Scafidi*, No. 3:91CV591LN, at *20 (S.D. Miss. Mar. 13, 1996) (Dist. File) (quoting *Baby Neal v. Casey*, 821 F. Supp. 320, 327 (E.D. Pa. 1993)). *See also DeShaney v. Winnebago County*

---

[1] The parties have agreed to an abbreviated discovery schedule which requires interrogatories and document requests to be served on or by September 6, 2007, and expert designations to be made on or by October 22, 2007, and November 8, 2007.

*Dept. of Social Servs.*, 489 U.S. 189, 199-200 (1989) (Court held that when taken together, *Youngberg* and *Estelle* "stand . . . for the proposition that when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."); *Youngberg v. Romeo*, 457 U.S. 307, 315, 324 (1982) (State must provide mental patients with "reasonable care" and "adequate food, shelter, clothing, and medical care"); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (Constitution requires State to provide adequate medical care to incarcerated prisoners).

In contrast to the narrow scope of protected interests outlined in *Scafidi*, Plaintiffs have attempted to expand the Fourteenth Amendment's reach by asserting a litany of rights, including the right to be free from harm; the right not to remain in state custody unnecessarily; the right to treatment; the right to treatment related to the cause of their confinement; and the right to receive care, treatment and services consistent with competent professional judgment. *See* Plaintiffs' Amended Complaint. In addition to asserting these broad rights, Plaintiffs have also asserted a nebulous laundry list of "duties," "responsibilities," "obligations," or "constitutional shortcomings" on the part of Defendants, including:

1) to protect foster children from physical, emotional, developmental and psychological harm;
2) to provide foster children with permanency and permanency services;
3) to place foster children in specific placements - with available relatives, in appropriate placements, in stable placements, in licensed placements, and in the least restrictive placement;
4) to monitor and supervise foster children – through face-to-face contacts, case reviews, and permanency hearings;
5) to maintain adequate staffing;
6) to provide adequate staff training;
7) to develop sufficient number and range of foster placements;
8) to make available a sufficient amount of health services;
9) to maintain an adequate computer information system;
10) to provide administrative support to staff; and

      11)      to request appropriate funding.

*See generally* Plaintiffs' Amended Complaint and Plaintiffs' and Defendants' Motions for Summary Judgment and accompanying memoranda.

      While Plaintiffs' use of semantics makes it difficult to determine exactly what Plaintiffs believe they are entitled to under the Constitution, their intent is clear – Plaintiffs are seeking constitutional protection for interests that go far beyond the reach of the Fourteenth Amendment. For instance, Plaintiffs allege in their Amended Complaint and Motion for Summary Judgment that Defendants have failed to provide appropriate placements to Plaintiffs. Defendants admittedly have a duty not to place foster children in placements that the State knows or suspects to be dangerous. *See, e.g. Yvonne L. v. New Mexico*, 959 F.2d 883, 893 (10th Cir. 1992). However, Defendants *do not* have a duty to provide stable placements or to provide the most appropriate, least restrictive setting available. *K.H. v. Morgan*, 914 F.2d 846, 853 (7th Cir. 1990) ("There was no clearly established right to a stable foster home environment in 1986; there is none today"); *Clark K. v. Guinn*, 2007 WL 1435428, *15 (D. Nev. May 14, 2007) ("Plaintiffs do not, however, have a substantive due process right . . . 'to be placed in the least restrictive placement based on the foster child's needs'"); *Charlie H. v. Whitman*, 83 F. Supp. 2d 476, 507 (D.N.J. 2000) (Plaintiffs do not have a substantive due process right "to be housed in the least restrictive, most appropriate and family-like placement while in state custody"); *Eric L. v. Bird*, 848 F. Supp. 303, 306-307 (D.N.H. 1994) (Court held "plaintiffs' constitutional claims relating to stability in foster care placement must be dismissed" and also dismissed plaintiffs' assertion that plaintiffs had a constitutional right to be placed in the 'least restrictive' setting available); *Baby Neal*, 821 F. Supp. at 335 ("As a matter of law, Plaintiffs have failed to show that they have a constitutional right to be placed in the least restrictive setting while in foster care custody

under the fourteenth amendment" . . . "Plaintiffs' claim to the least restrictive, most appropriate placements is simply a request for 'optimal' treatment"); *Del A v. Roemer*, 777 F.Supp. 1297, 1318-1320 (E.D. La. 1991) ("There is clearly no established right to a stable foster home environment" . . . "children in State Custody also have no right to be placed in the least restrictive foster care arrangement"); *B.H. v. Johnson*, 715 F. Supp. 1387, 1397 (N.D. Ill. 1989) ("Thus, plaintiffs' claims to . . . stable placements in the least restrictive setting possible . . . are not cognizable under the Fourteenth Amendment, because the Fourteenth Amendment does not mandate an optimal level of care and treatment."). *See also Richards v. City of New York*, 433 F.Supp.2d 404, 422 (S.D.N.Y. 2006) ("Plaintiffs' claims that their constitutional rights were violated because the Children were not . . . placed in a therapeutic home cannot stand.").

In addition to not having a constitutional right to stable placements or to be placed in the least restrictive, most appropriate placements, Plaintiffs have no constitutional right to be placed in permanent placements or not to remain in state custody unnecessarily. *Clark*, 2007 WL 1435428 at *15 ("Plaintiffs do not, however, have a substantive due process right to not be retained in custody longer than is necessary"); *Charlie H.*, 83 F. Supp. 2d at 507 ("Plaintiffs do not have a substantive due process right to not remain in state custody unnecessarily"); *Baby Neal*, 821 F. Supp. at 335 ("Plaintiffs' constitutional right to be free from harm while in foster care does not entitle them to the right to permanent placements or placement in preadoptive homes. Defendants have an affirmative duty under the due process clause to provide Plaintiffs with *adequate* food, shelter, clothing, medical care and reasonable safety. As a matter of law, this duty does not extend as far as requiring a state to provide foster children with permanent homes or preadoptive homes.") (emphasis in original). In addition to having no right to permanency, Plaintiffs have no constitutional right to permanency services or reunification

services, which include allocation of resources aimed at achieving family reunification, parental and sibling visitation, and services that would promote a permanent family home. *B. H.*, 715 F. Supp. at 1397-98 (There is no "obligation on the state to make efforts to reunify families that have been separated by legitimate state intervention" . . . "Plaintiffs' claims to parental and sibling visitation [] are not cognizable under the substantive due process reach of the Fourteenth Amendment, because the Fourteenth Amendment does not mandate an optimal level of care and treatment."). *See also Eric L.*, 848 F.Supp. at 307, n. 2.

The scope of Plaintiffs' constitutional rights must be decided by this court so Defendants' are able to evaluate whether a remedy proposed to or by the court is no broader than absolutely necessary. Injunctive relief against a state agency or official must be no broader than necessary to remedy the constitutional violation. *See Miliken v. Bradley*, 433 U.S. 267, 280 (1977). "The district court must narrowly tailor an injunction to remedy the specific action which gives rise to the order." *John Doe #1 v. Veneman*, 380 F.3d 807, 818 (5th Cir. 2004). "Due to concerns of comity and federalism, the scope of the federal injunctive relief against an agency of state government must always be narrowly tailored . . . [t]his is critical because a federal district court's exercise of discretion to enjoin state political bodies raises serious questions regarding the legitimacy of its authority." *Clark v. Coye*, 60 F.3d 600, 603-604 (9th Cir. 1995) (internal citations and quotations omitted). During the remedial phase of this matter, Defendants have the right to reject a remedy or portions thereof that are not narrowly tailored to enforce the Plaintiffs' constitutional rights and therefore must know the scope of the Plaintiffs' constitutional rights.

In conclusion, Defendants cannot prepare for a remedial trial that will result in a plan that is meant to ensure Plaintiffs' constitutional rights are protected, when the scope of these rights has not been determined. This court's decision will not only benefit both parties as they prepare

6

for the remedial trial, it will also serve judicial economy by preventing the parties from using court time to present remedial options that are outside the scope of Plaintiffs' rights.

For the foregoing reasons, Defendants respectfully ask this court to enter an order defining the scope of plaintiffs' legal rights under the due process clause of the Constitution.

This the 24th day of August, 2007.

        Respectfully submitted,

        **HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

        BY: /s/ Dewitt L. ("Rusty") Fortenberry, Jr.

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
Barry C. Campbell (MSB #99535)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi  39201

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39202

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi  39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

John Lang, Esq.
Christine Carbone, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

SO CERTIFIED, this the 24th day of August, 2007.

/s/ Dewitt L. ("Rusty") Fortenberry, Jr