**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JAMES D. JOHNSON, as next friend to                             PLAINTIFFS
Olivia Y., et al.

vs.                                                CIVIL ACTION NO. 3:04cv251LN

HALEY BARBOUR, as Governor of the                              DEFENDANTS
State of Mississippi, et al.

---

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR
COURT DETERMINATION OF THE SCOPE OF PLAINTIFFS' CONSTITUTIONAL
SUBSTANTIVE DUE PROCESS RIGHTS**

---

COME NOW, Defendants Haley Barbour, as Governor of the State of Mississippi, Donald Taylor, as Executive Director of the Mississippi Department of Human Services, and Rickie Felder, as Director of the Division of Family and Children's Services ("Defendants") and file this Reply in Further Support of their Motion for Court Determination of the Scope of Plaintiffs' Constitutional Substantive Due Process Rights.

Contrary to Plaintiffs' assertion, Defendants' motion seeking for this Court to determine the constitutional rights guaranteed to foster children in State custody is not a motion *in limine*. Defendants are not seeking "to restrict Plaintiffs' ability to discover and present information related to the full *scope of required remedies*."  *See* Plaintiffs' Response in Opposition at p. 5 (emphasis added).  Rather, Defendants are seeking a Court determination of the *scope of the constitutional rights*, a determination that Plaintiffs contemplated and agreed to this Court making when they signed the settlement agreement.  The distinction between what Plaintiffs claim Defendants are seeking in their motion and what Defendants are actually seeking in their

motion is of great significance.  The *scope of the constitutional rights* is a purely legal issue. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (court holding whether plaintiff had alleged violation of a constitutional right to be legal question); *Roe v. Texas Dep't of Protective and Regulatory Servs.*, 299 F.3d 395, 400 (5th Cir. 2002) (court holding the scope of plaintiffs' constitutional rights to be a legal question); *Myers v. Klevenhagen*, 97 F.3d 91, 93-94 (5th Cir. 1996) (court holding whether plaintiff had alleged violation of a constitutional right to be legal question); *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (where parties disagreed on the scope of the plaintiffs' constitutional rights, court held issue was a legal issue that was resolved by analyzing applicable case law).  Because the issue is a purely legal one, the court has the power to address it at any stage of a case.  *See Siegert*, 500 U.S. at 231 (holding "[o]n summary judgment, the judge appropriately may determine . . . the currently applicable law.").  Plaintiffs misguided insistence that this court cannot and should not rule on the legal issue of the scope of the rights protected by the Constitution is a poorly hidden attempt to link the protected right of being free from harm to rights that federal courts all across the country have held foster children do not possess as Defendants correctly outlined in their Motion.

In an attempt to convince this court to be the only federal court to endorse an expansive range of constitutional rights afforded foster children, Plaintiffs unpersuasively cite the MDHS policy manual and an article that Defendants have never been provided.  *See Doe v. New York City Dep't of Social Servs.*, 670 F. Supp. 1145, 1183 (S.D.N.Y. 1987) (Court recognizing that "[t]he federal constitution does not require the Commissioner to comply with all the terms of state statutes and regulations governing the administration of the foster care system.").  Furthermore, the holdings of the cases cited by Plaintiffs are either misconstrued or irrelevant.  For example, while the *Doe* court did indeed cite the study referenced by Plaintiffs on page eight

of their Response, the court did not find the foster children had a constitutional right to be placed in "appropriate" placements.  *Doe*, 670 F. Supp. at 1169, 1173 (holding "this case does not present a question of whether or not overnights are 'appropriate' placements, but whether they constitute placements at all" . . . "Plaintiffs here do not assert a right to an immediate permanent placement, let alone a permanent adoptive home.  They assert a right to humane living conditions while awaiting permanent placements.").   Rather the court held the overnight program being used by the government to house the foster children when a placement was not available was unconstitutional because it prevented the children from being provided with "constitutionally adequate shelter, treatment, bathing facilities, and clothing."  *Id.* at 1179.  Another example of Plaintiffs misconstruing case law to support their position is *K.H. v. Morgan*, 914 F.2d 846 (7th Cir. 1990).  While the court in *K.H.* did indeed write in its opinion the sentence quoted by Plaintiffs on page eight of their Response, the sentence was referring to the practice of the government in placing the foster children in homes where they knew the foster parents were "incompetent," not the practice of placing the children in multiple homes.  *Id.* at 849-50.  Rather, the court specifically held

> Insofar as the complaint in this case can be read to go further and challenge a *general practice* of shuttling children among foster parents, the defendants are, we believe, immune from damages liability. . . . The reasons for the shuttle are not entirely clear from the incomplete record but cannot be assumed to be frivolous. . . . The wrong lies not in the shuttle itself—the shuttle might be necessary to protect the defendants from liability for placing or leaving a child with a foster parent having a known propensity for child abuse . . . .

*Id.* at 853.

In conclusion, Plaintiffs agreed that this court would make a determination of the scope of their rights, without any specified time schedule for that determination.  Moreover, this court has the authority to make this determination without expert opinion and factual evidence as it is a

purely legal matter.  In addition, Defendants cannot prepare for a remedial trial that will result in

a plan that is meant to ensure Plaintiffs' constitutional rights are protected, when the scope of

these rights has not been determined.  Defendants respectfully ask this court to enter an order

defining the scope of Plaintiffs' legal rights under the due process clause of the Constitution.

   This the 24th day of September, 2007.

       Respectfully submitted,

       **HALEY BARBOUR, as Governor of the State of
Mississippi; DONALD TAYLOR, as Executive Director
of the Department of Human Services; and
RICKIE FELDER as Director of the Division of
Family and Children's Services**

       BY:  /s/ Dewitt L. ("Rusty") Fortenberry, Jr._____

 **OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB #99227)
Barry C. Campbell (MSB #99535)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi  39201

Stephen H. Leech, Esq.
850 East River Place, Suite 300
Jackson, Mississippi 39202

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York  10001

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi  39205

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York   10001

John Lang, Esq.
Christine Carbone, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

SO CERTIFIED, this the 24th day of September, 2007.

/s/ Dewitt L. ("Rusty") Fortenberry, Jr