## NOTICE OF PROPOSED SETTLEMENT

### PLEASE TAKE NOTICE:

### TO ALL CHILDREN WHO ARE OR WILL BE IN THE CUSTODY OF MISSISSIPPI'S DEPARTMENT OF HUMAN SERVICES' (DHS') DIVISION OF FAMILY AND CHILDREN'S SERVICES ("DFCS"):

**I.   Background of the Case**

This notice concerns a proposed settlement of the lawsuit known as *Olivia Y., et al. v. Barbour*. **If you are one of the children described above, or if you are the legal representative of one or more of these children, then you should read this notice**.

*Olivia Y.* was filed in March 2004 in the United States District Court for the Southern District of Mississippi, Jackson Division, against the Governor of Mississippi, the Executive Director of the Department of Human Services, and the Director of DHS's Division of Family and Children's Services, all in their official capacities (together they are called the "Defendants"). This case alleged that Mississippi's foster care system was failing to adequately protect children in its custody and provide necessary services in violation of their federal constitutional rights. This lawsuit sought only court-ordered changes in the system; money damages were never at issue.

Plaintiffs and Defendants negotiated a proposed settlement as to liability that was approved by the Court on May 17, 2007, after notice and a hearing. The parties have now agreed upon a remedial order and asked the federal district judge assigned to the case to approve this Settlement Agreement and Reform Plan (the "Settlement" or "Agreement"). The terms of this Settlement are described below. **You have the right to review the entire Agreement if you choose. You also have the right to tell the judge what you think before the judge decides whether to approve the Settlement.**

**II.  Notice of Hearing**

PLEASE NOTE THAT THERE WILL BE A HEARING BEFORE UNITED STATES SENIOR DISTRICT JUDGE TOM S. LEE ON TUESDAY, JANUARY 4, 2008, AT 9:30 A.M., AT THE JAMES O. EASTLAND UNITED STATES COURTHOUSE, 245 EAST CAPITOL STREET, JACKSON, MISSISSIPPI, TO CONSIDER WHETHER THIS SETTLEMENT AGREEMENT SHOULD BE APPROVED, AS PROVIDED BY RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

YOU ARE WELCOME TO ATTEND THE HEARING TO PRESENT ANY FAVORABLE COMMENTS OR OBJECTIONS REGARDING THE SETTLEMENT TO THE JUDGE. YOU ARE NOT, HOWEVER, REQUIRED TO ATTEND THE HEARING OR CONVEY ANY COMMENTS TO THE COURT.



EXHIBIT 3

1

**PLEASE ALSO NOTE THAT THIS CASE AND THIS HEARING DO NOT CONCERN ANY INDIVIDUAL CHILD'S CASE, OR ANY CASE INVOLVING THE PARENTS OF CHILDREN IN DHS CUSTODY. THIS CASE AND THE JANUARY 4, 2008 HEARING CONCERN ONLY THE MISSISSIPPI FOSTER CARE SYSTEM AS A WHOLE.**

### III. How to Obtain Copies of the *Olivia Y.* Settlement Agreement or More Information About the Case

If you would like a copy of the Settlement Agreement, it is available on the Mississippi DHS website at www.mdhs.state.ms.us. If you do not own a computer, you can access one at many local libraries. If a computer is not available, a copy of the settlement agreement may be obtained by contacting Plaintiffs' counsel, Children's Rights, toll-free at (888) 283-2210 or Kate McMillan at DHS at (601) 359-4500.

Any class member or legal representative of a class member who has questions about the Settlement Agreement or would like more information about the lawsuit may contact attorneys Eric Thompson or Shirim Nothenberg. These attorneys work for Children's Rights and represent the Plaintiff Class. They can be reached toll-free at (888) 283-2210.

You may also review the materials that have been filed with the Court in this case, except those filed under seal, by going to the Office of the Clerk of the United States District Court for the Southern District of Mississippi (Jackson Division) at the James O. Eastland United States Courthouse, 245 Capitol Street, Jackson, Mississippi. The Clerk's Office is open on business days from 9:00 a.m. to 4:00 p.m. To review materials in the public record in the *Olivia Y.* case, refer to Civil Action Number 3:04CV251LN.

### IV. How to Submit Objections or Comments to the Court, or Request the Opportunity to Speak at the Hearing

If you would like to submit any written objections or comments regarding the proposed *Olivia Y.* Settlement, you must send a letter to the Clerk of Court at the following address:

> Mr. J.T. Noblin, Clerk
> United States District Court for the
> Southern District of Mississippi
> United States Courthouse
> 245 East Capitol Street
> Jackson, Mississippi 39201

In order to be considered by the Court, your letter must be <u>received</u> by no later than 4:00 p.m. on Tuesday, December 18, 2007. You must sign your letter, and must also print your name, address, and telephone number on the letter.

Please also send copies of your letter to the following lawyers:

2

Eric Thompson
Children's Rights
330 Seventh Ave., 4th Floor
New York, New York 10001

Rusty Fortenberry
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi 39211

If, in addition to writing your concerns to the Court, you would also like to speak at the hearing, please add this request to your letter and briefly describe what you want to speak about.

## V.   The *Olivia Y.* Settlement Agreement

This settlement, if approved by the Court, will resolve this litigation without a trial. The Settlement Agreement establishes standards and outcome measures that Defendants must meet within five years or earlier as set out in the Agreement and in what are to be annual implementation plans to reach Council on Accreditation (COA) accreditation for foster care services, compliance with federal foster care standards, and address Plaintiffs' constitutional concerns. The Year 1 Implementation Plan has been agreed upon and is at Appendix A to the Agreement. Subsequent annual implementation plans will be developed by Defendants with COA and Plaintiffs, setting forth the steps that must be taken to meet applicable interim benchmarks and achieve overall compliance with the Agreement.

### (1) Administration and Management Standards

Among the administration and management standards that must be implemented, the Agreement provides that within 90 days of Court approval, DFCS will hire and maintain a director who is qualified for the position consistent with COA standards. Defendants will also phase in caseload caps consistent with those recommended by Defendants' expert, and minimum qualification requirements for caseworkers and supervisors consistent with COA standards. Performance-based contracting will be phased in, as well as a continuous quality improvement (CQI) system to monitor agency performance and require improvement plans for identified deficiencies.

The Agreement also provides that DFCS shall provide for a more robust information system and maintain current and complete child welfare records. Defendants shall also conduct an external federal funding assessment and maximize available federal funding opportunities. The Year 1 Implementation Plan provides for an assessment of DFCS administration and management capacity and needs consistent with COA policies, and a process to begin addressing any identified needs.

### (2) Foster Care Service Standards

Among the foster care services standards that must be implemented, the Agreement provides that children entering custody shall receive a health screening evaluation within 72 hours after placement and a comprehensive medical examination within 30 days. Periodic dental exams for foster children three years old and older, and mental health assessments for children four years old and older must be provided. Children entering custody or subject to a placement

move shall receive a child screening and family assessment and have a service plan, including a permanency plan, developed or updated within 30 days. Service plans will be updated at least quarterly and foster children's permanency plans will be reviewed at least every six months, including at least an annual judicial review.

The Agreement also provides that Defendants make available necessary services to facilitate reunification of foster children with their families, and move forward without delay with adoption or other permanent placements consistent with federal law when reunification is not possible. Older foster children ages 14-20 will be provided with independent living services to prepare them for transitioning to independence.

Foster children are to be placed in licensed placements that can meet their individual needs, siblings placed together when appropriate, and foster homes limited in the number of foster children they are allowed to care for. Limits also apply on placing foster children for extended periods in emergency placements and on placing children under 10 years of age in congregate care settings. Parent and sibling visits are to be provided, and twice monthly face-to-face visits with foster children by their caseworkers shall be provided. Placement moves must be justified and placement stability supported.

The Agreement also provides that by July 2009, basic monthly foster care board rates will be increased to $555 for children ages 0-8, $636 for children ages 9-15, and $697 for children ages 16-20. The Year 1 Implementation Plan provides for an assessment of DFCS foster care services, and a process to begin addressing any identified needs.

### (3) Outcome Measures
The Agreement provides for Defendants to meet phased-in outcome measures regarding the timeliness of child reunifications and adoptions and the reduction of the frequency of placement moves and maltreatment in care, consistent with federal standards.

### (4) COA Accreditation
DFCS's foster care services shall be accredited by COA.

### (5) The Named Plaintiffs
The named Plaintiffs who remained in state custody as of the Stipulated Settlement Agreement approved by the Court on May 17, 2007, all have an individual Agreement on Services and Plans that provides for permanency and independent living services monitored by Plaintiffs' counsel.

### (6) Monitor
An independent monitor of Defendants' compliance with the Agreement and the annual implementation plans, attorney Grace Lopes, has been agreed to by the parties. The parties agree that the Court shall have continuing jurisdiction to enforce the terms of this Agreement and any required annual implementation plans.

### (7) Miscellaneous
Claims such as those brought in this lawsuit may entitle a party, under certain

circumstances, to apply to the Court for its reasonable attorneys' fees and costs. Any such application for reimbursement of fees and expenses to Class Counsel will be reviewed and determined by the Court in accordance with the requirements of Federal Rule of Civil Procedure 23(h). This settlement does not affect any person's individual cause(s) of action.

**This Notice Has Been Approved For Distribution By:**

                        The Honorable Tom S. Lee
                        Senior Judge
                        United States District Court
                        Southern District of Mississippi