# Foster Care Reform Update

## 3/12/2007

### INTRODUCTION

Welcome to the second Foster Care Reform Update! This month's update features our first "Policy Spotlight." The first Policy Spotlight provides a review of *Carson P. et. al. v. Heineman*, Appleseed's class action lawsuit seeking systemic reform of the Nebraska foster care system. The Policy Spotlight will be a recurring part of the update. This month's update also includes a special section we're calling "Behind the Update," which provides an introduction to the staff and volunteers currently working at Appleseed on child welfare issues.

As always, please contact us if Appleseed can be of any assistance on systemic issues that arise in your practice.

Sarah Helvey
Staff Attorney
Foster Care Reform Legal Resource Center

### POLICY SPOTLIGHT

#### *Carson P. et. al. v. Heineman*

Since its inception, Nebraska Appleseed's Child Welfare System Accountability Program (CWSAP) has worked for comprehensive reform in Nebraska's child welfare system. On September 19, 2005, after years of thorough investigation, Nebraska Appleseed, along with a stellar legal team, filed a long-awaited class action against the State of Nebraska in U.S. District Court on behalf of the more than 6,000 children in state foster care – *Carson P. et. al., v. Heineman, et. al., 05CV3241, (Judge Kopf) (Magistrate Judge Piester)*. The suit alleged that Nebraska's child welfare system violated the constitutional and statutory rights of foster children by, for example, moving them too frequently and to inappropriate placements, by leaving them too long in emergency shelters and temporary placements, by placing infants and other very young children in emergency shelters, by overcrowding foster homes, by allowing abuse and neglect in foster care, by overusing institutional care, and

EXHIBIT 1

by leaving children in state custody too long. The suit alleged that these problems resulted from a severe shortage of foster homes, high caseloads and turnover among child protection workers, lack of basic health services for foster kids, poor monitoring of child safety, poor planning and services to move children out of foster care and into permanent homes, and inadequate payments to foster care providers. Nebraska Appleseed was joined as co-counsel on the lawsuit by local and national law firms: Children's Rights, a national advocacy group, of New York City; Ogborn, Summerlin & Ogborn, P.C. of Lincoln (Gene Summerlin and Marnie Jensen); and DLA Piper Rudnick Gray Cary US LLP (partners from their Chicago office are participating). Joining the lawsuit "of counsel" were American College of Trial Lawyers, Nebraska Chapter, members from Woods & Aitken (Ed Tricker); and Gross & Welch (Tom Grennan). Cline, Williams, Wright, Johnson & Oldfather LLP was also actively involved in the lawsuit until late 2006 due to the tragic death of Kevin Colleran, the American College of Trial Lawyer member on the case from Cline Williams.

Unfortunately, in January 2007, Judge Richard Kopf chose to not to hear the claims of these young Plaintiffs and dismissed the case. Judge Kopf adopted in full what Nebraska Appleseed believes was the erroneous August 16, 2006 Report and Recommendation (R&R) issued by Magistrate Judge Piester on Plaintiffs' Motion for Class Certification and Defendants' Motion to Dismiss. Specifically, after redefining the class, the court found that the redefined class did not meet the requirements of typicality or commonality. In addition, the R&R questioned the motives, integrity, and adequacy of the earnest and caring persons serving as Next Friends for the minor Plaintiffs. With regard to the motion to dismiss, the district court employed the extraordinary measure of abstaining from the case pursuant to *Younger v. Harris*, finding, erroneously, that any injunctive relief the Court might grant in this case would unduly interfere with the Nebraska juvenile courts. The Court also found that the Plaintiffs' constitutional claims and the resulting harms could be addressed in the juvenile courts. Finally, the decision finds that there is no private right of action under the federal statutes at issue, with the exception of any claims brought under the Early Periodic Screening and Diagnostic Testing requirements of the Medicaid Act. Plaintiffs strenuously objected to the R&R and, pursuant to the Rules, filed those objections with the District Court.

Underlying the entire R&R, and therefore, the district court decision, is the assumption that there are significant reform efforts already underway which make this class action unnecessary. While Nebraska Appleseed is generally supportive of additional efforts to improve aspects of Nebraska's failing foster care system, the efforts made thus far have not addressed the system-wide problems at the executive agency and resulting harms targeted in this lawsuit. The Plaintiff children came to the federal forum because supposed efforts at reform have failed. Prior studies and "reforms" only serve to document the long history of problems and harms to children in Nebraska.

Nebraska Appleseed is gravely disappointed with Judge Kopf's decision to dismiss this case. With this decision, the Court relegates these children to seeking systemic relief in their individual juvenile cases where that very systemic relief is not available. The child welfare system is failing the children it is legally obligated to care for. This decision tells the children that they have no recourse in the federal court even though it is the best forum for vindicating their constitutional rights and achieving the system-wide relief necessary for meaningful system change.

Nebraska Appleseed's CWSAP will continue to fight for the legal rights of these children and work for meaningful reform of this system which continues to fail the children in its care. Given the dismissal of *Carson P.*, we are particularly grateful to have the opportunity to work with practitioners who fight for these children every day in the juvenile courts.