IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                        PLAINTIFFS

v.                                                  CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*     DEFENDANTS

<u>Agreement on Services and Plans for Named Plaintiff</u> ▮

     MDHS shall provide to ▮, named Plaintiff in *Olivia Y. v. Barbour*, each of the services listed in this Agreement regardless of his custodial status with the State of Mississippi. This Agreement shall in no way limit the provision of additional necessary services not listed below. ▮ must be eligible pursuant to federal and state law for services received under this Agreement. Eligibility will not be withheld without just cause. This Agreement does not limit either party's right to argue the scope of the Plaintiff Class' constitutional rights or remedies, or affect ▮' continued ability to represent the Class. This Agreement shall be effective immediately upon execution by counsel for the parties pursuant to Section 4G of the Stipulated Settlement Agreement approved by the Court on May 17, 2007.

1. MDHS shall take all steps within DFCS' control to ensure ▮ has health care coverage through Medicaid until he reaches the age of 21.

2. MDHS shall provide to ▮ upon his emancipation from MDHS custody a $1000 Start Up/Emancipation Stipend. MDHS will also provide ▮ with Aftercare Services special financial assistance payments for the process of transitioning him toward self-sufficiency until he reaches the age of 21. Upon request by ▮, such payments will be made by MDHS through a vendor and receipts for related expenses provided to MDHS.

3. MDHS shall provide ▮ with the full amount of the Educational and Training Voucher (ETV) funds through the John H. Chafee Foster Care Independence Program that he is eligible for in accordance with program requirements, up to $5000 annually, until he reaches the age of 23, unless he enlists and remains in good standing in the United States military.

4. Upon request by ▮, MDHS shall take all steps within MDHS' control to ensure that ▮ receives priority status for public housing (for example, through HUD) until he reaches the age of 23.

**Exhibit B**

5. MDHS shall provide ▮▮▮▮▮ with any additional independent living and aftercare services he is eligible for before and after emancipation, as well as those that are made available in the future, including those resulting from the *Olivia Y.* litigation.

6. MDHS shall provide to ▮▮▮▮▮ within 30 days of this Agreement the following documents and information he will need to function as an independent adult, unless there is a legal limitation prohibiting such disclosure:
   a. Original copy of birth certificate;
   b. Original copy of Social Security card;
   c. School documents, including a list of schools attended;
   d. Medical history/information;
   e. Birth family information;
   f. List of known relatives, with relationships, addresses, and telephone numbers;
   g. Contact information for an MDHS independent living services coordinator;
   h. Death certificate for mother;
   i. Original copies, if they exist, of any photographs of or correspondence from his relatives;
   j. Copies of all orders from Bolivar County Chancery Court, Cause No. 2006-0425; and
   k. Previous placement information, including contact information for each placement.

7. MDHS shall maintain as permanent contacts for ▮▮▮▮▮ the following individuals:
   a. 
   b.

c. 

8. MDHS shall keep on file the following military service contact information regarding ▮▮▮▮:

   a. ▮▮▮▮'s Service Number: to be provided; and
   b. ▮▮▮▮'s Army Personnel Officer: to be provided.

9. MDHS will designate a person in the DFCS state office to monitor that the above services are provided to ▮▮▮▮ as agreed without delay.

10. MDHS will provide Plaintiffs' counsel with regular quarterly updates of ▮▮▮▮'s case records until such time as he is no longer receiving MDHS services.

11. Until such time as ▮▮▮▮ is no longer receiving MDHS services, an MDHS designee and MDHS' counsel will meet and confer in good faith on a semi-annual basis with Plaintiffs' counsel regarding ▮▮▮▮ case plans and the placements and services provided to ▮▮▮▮ to attempt to agree on necessary services and plans. While the litigation is pending, these meetings shall be arranged by Plaintiffs' counsel through counsel for MDHS. In the event the parties cannot agree on such services and plans, the issue shall be referred to the Monitor for binding resolution. If there is no monitor for any reason, the issue will be referred to the Court.

12. MDHS will provide Plaintiffs' counsel with prior notification, if possible, and, if not possible, with notification as soon as practicable, of any significant events or developments concerning ▮▮▮▮, including but not limited to any change in placement, services, permanency goal or permanency plans; and any allegations of abuse or neglect involving ▮▮▮▮ or occurring in his placement. Upon such significant events and developments, Plaintiffs may meet and confer in good faith with MDHS' designee and MDHS' counsel to attempt to agree on necessary services and plans. While the litigation is pending, these meetings shall be arranged by Plaintiffs' counsel through counsel for MDHS. In the event the parties cannot agree on such services and plans, the issue shall be referred to the Monitor for binding resolution. If there is no monitor for any reason, the issue will be referred to the Court.

FOR PLAINTIFF:

DATE: _4/5/07_

*signature: Melody M. McAnally*

W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 7th Avenue, 4th floor
New York, New York 10001
Telephone: (212) 683-2210

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, MS 39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone: (601) 607-4172

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

FOR DEFENDANTS:

DATE: June 4, 2007

                            *Kenya Key Rachal*

Dewitt L. ("Rusty") Fortenberry, Jr. (MSB # 5435)
Kenya Key Rachal (MSB #99227)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Barry C. Campbell (MSB #99535)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi 39201

***ATTORNEYS FOR DEFENDANTS HALEY BARBOUR, ET AL.***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                         PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*    DEFENDANTS

<u>Agreement on Services and Plans for Named Plaintiff</u> ▉

    MDHS shall provide to ▉, named Plaintiff in *Olivia Y. v. Barbour*, each of the services listed in this Agreement regardless of his custodial status with the State of Mississippi. This Agreement shall in no way limit the provision of additional necessary services not listed below. ▉ must be eligible pursuant to federal and state law for services received under this Agreement. Eligibility will not be withheld without just cause. This Agreement does not limit either party's right to argue the scope of the Plaintiff Class' constitutional rights or remedies, or affect ▉' continued ability to represent the Class. This Agreement shall be effective immediately upon execution by counsel for the parties pursuant to Section 4G of the Stipulated Settlement Agreement approved by the Court on May 17, 2007.

1. MDHS shall immediately provide ▉ with a check or purchase order in the amount of $200 to purchase adequate footwear and summer clothing. ▉ will submit to MDHS itemized receipts for all items purchased with these funds.

2. MDHS shall take all steps necessary to ensure ▉'s attendance at the "Youth Conference" sponsored by Southern Christian Services for Children and Youth to be held at the University of Southern Mississippi on June 27-29, 2007, and to ensure that he receives all of the stipends made available to attendees, including $200 for the purchase of clothing. These steps shall include the completion and submission of all required registration forms by June 7, 2007, and providing ▉ with transportation to and from the event.

3. MDHS shall support and stabilize ▉'s placement in the ▉ foster home and seek all related Youth Court approvals. The following services shall be provided if approved by the Youth Court:
    a. Upon ▉' discharge from the Millcreek-Magee facility and until the resumption of school in August 2007, day-treatment services at the Millcreek-

1

   Poplarville facility, including transportation, for five half-days a week, as recommended by his counselor;
  b. Intensive in-home services from CARES;
  c. Weekly individual and family therapy with a qualified mental health professional, to include anger management services, consistent with the recommendations of ▇' treating clinician; and
  d. An available foster home for short-term respite placements.

4. MDHS shall support ▇'s educational progress, with the goals of maintaining him at grade level and graduating with a high school diploma, including:
  a. Advocating his re-enrollment in public school, and, if accepted, advocating that he receives full credit for all prior school work, such as his school work while at Millcreek;
  b. Arranging an educational planning meeting with his foster parent, case worker, and a public school representative to determine his educational needs, including any special educational needs;
  c. Seeking re-evaluation of his Individualized Education Plan (IEP), including for any emotional disturbances, as necessary;
  d. Providing him with an after-school tutor for any high school class in which ▇ is not maintaining at least a C- grade level.

5. MDHS shall provide ▇ with MDHS caseworker visits at least twice a month to address his progress and needs.

6. MDHS shall provide ▇ with regular Independent Living Services (ILS), including any needed transportation to ILS classes and events.

7. MDHS shall take all steps within its control to ensure ▇ has health care coverage through Medicaid until he reaches the age of 21.

8. MDHS shall provide to ▇ upon his emancipation from MDHS custody a $1000 Start Up/Emancipation Stipend. MDHS will also provide ▇ with Aftercare Services special financial assistance payments for the process of transitioning him toward self-sufficiency until he reaches the age of 21. Upon request by ▇, such payments will be made by MDHS through a vendor and receipts for related expenses provided to MDHS.

9. MDHS shall provide ▇ with the full amount of the Educational and Training Voucher (ETV) funds for post-secondary studies through the John H. Chafee Foster Care Independence Program that he is eligible for in accordance with program requirements, up to $5000 annually, until he reaches the age of 23.

10. Upon request by ▇, MDHS shall take all steps within MDHS' control to ensure that ▇ receives priority status for public housing (for example, through HUD) until he reaches the age of 23.

11. MDHS shall provide ▮▮▮ with any additional independent living and aftercare services he is eligible for before and after emancipation, as well as those that are made available in the future, including those resulting from the *Olivia Y.* litigation.

12. MDHS shall provide to ▮▮▮ within 30 days of this Agreement the following documents and information he will need to function as an independent adult, unless there is a legal limitation prohibiting such disclosure:
    a. Original copy of birth certificate;
    b. Original copy of Social Security card;
    c. School documents, including a list of schools attended;
    d. Medical history/information;
    e. Birth family information;
    f. List of known relatives, with relationships, addresses, and telephone numbers;
    g. Contact information for an MDHS independent living services coordinator;
    h. Any life books compiled during time in custody, photographs, or correspondence from relatives, and any compilation of personal and family history;
    i. Copies of all orders from the Forrest County Youth Court, Docket No. 18-YC-99-P-0191-48; and
    j. Previous placement information, including contact information for each placement.

13. MDHS will designate a person in the DFCS state office to monitor that the above services are provided to ▮▮▮ as agreed without delay.

14. MDHS will provide Plaintiffs' counsel with regular quarterly updates of ▮▮▮ ▮▮▮'s case records until such time as he is no longer receiving MDHS services.

15. Until such time as ▮▮▮ is no longer receiving MDHS services, an MDHS designee and MDHS' counsel will meet and confer in good faith on a semi-annual basis with Plaintiffs' counsel regarding ▮▮▮'s case plans and the placements and services provided to him to attempt to agree on necessary services and plans. While litigation is pending, these meetings shall be arranged by Plaintiff's counsel through counsel for MDHS. In the event the parties cannot agree on such services and plans, the issue shall be referred to the Monitor for binding resolution. If there is no monitor for any reason, the issue will be referred to the Court.

16. MDHS will provide Plaintiffs' counsel with prior notification, if possible, and, if not possible, with notification as soon as practicable, of any significant events or developments concerning ▮▮▮, including but not limited to any change in placement, services, permanency goal or permanency plans; and any allegations of abuse or neglect involving ▮▮▮ or occurring in his placement. Upon such significant events and developments, Plaintiffs may meet and confer in good faith with MDHS' designee and MDHS' counsel to attempt to agree on necessary services and plans. While litigation is pending, these meetings shall be arranged by Plaintiffs'

3

counsel through counsel for MDHS. In the event the parties cannot agree on such services and plans, the issue shall be referred to the Monitor for binding resolution. If there is no monitor for any reason, the issue will be referred to the Court.

FOR PLAINTIFF:

DATE: 6/5/07

*Melody McAnally*

W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 7th Avenue, 4th floor
New York, New York 10001
Telephone: (212) 683-2210

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, MS 39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone: (601) 607-4172

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

FOR DEFENDANTS:

DATE: June 4, 2007

*Kenya Key Rachal*

Dewitt L. ("Rusty") Fortenberry, Jr. (MSB # 5435)
Kenya Key Rachal (MSB #99227)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Barry C. Campbell (MSB #99535)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi 39201

**ATTORNEYS FOR DEFENDANTS HALEY BARBOUR, ET AL.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                         PLAINTIFFS

v.                                            CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*    DEFENDANTS

<u>Agreement on Services and Plans for Named Plaintiffs</u> ▮
                                      and ▮

    MDHS shall provide to ▮ and ▮, named Plaintiffs in *Olivia Y. v. Barbour*, each of the services listed in this Agreement regardless of their custodial status with the State of Mississippi. This Agreement shall in no way limit the provision of additional necessary services not listed below. ▮ and ▮ must be eligible pursuant to federal and state law for services received under this Agreement. Eligibility will not be withheld without just cause. This Agreement does not limit either party's right to argue the scope of the Plaintiff Class' constitutional rights or remedies, or affect ▮ continued ability to represent the Class. This Agreement shall be effective immediately upon execution by counsel for the parties pursuant to Section 4G of the Stipulated Settlement Agreement approved by the Court on May 17, 2007.

1. MDHS shall support and stabilize ▮ placement in their foster/pre-adoptive home. The following services shall be provided:
    a. A trauma-based psychological assessment for each of the ▮ children by a qualified psychologist with training in child abuse and neglect issues who shall be given by MDHS all of the children's prior mental health records that can be obtained by MDHS and their placement history;
    b. Age-appropriate weekly individual and family therapy with a qualified mental health professional for ▮, consistent with the recommendations of the assessments or their treating clinician(s);
    c. Age-appropriate intensive in-home services for ▮, to include anger management services, consistent with the recommendations of his assessment or his treating clinician;
    d. Additional foster parent training to assist the foster/adoptive parent with de-escalation techniques;

  e.  24-hour a day counseling services to be on call as needed by the foster/adoptive parent; and
  f.  An available foster home for short-term respite placements for ███ ███.

2. MDHS shall proceed with the adoption of ███ in the ███ foster/adoptive home. The following services shall be provided:
  a.  Finalization of the adoption of ███;
  b.  Within 30 days of this Agreement, an adoption assistance agreement with ███ providing monthly financial support equivalent to ███, ███' then-current therapeutic foster care board rate until each child reaches the age of 18 years old, and MDHS shall take all steps within its control to ensure health care coverage through Medicaid for ███ until each child reaches the age of 21 years old; and
  c.  Enrollment in MDHS' post-adoption services programs shall be offered.

3. MDHS shall support ███ educational progress, with the goals of maintaining them at grade level and graduating with a high school diploma, including:
  a.  Arranging an educational planning meeting with their foster parent, case worker, and a public school representative to determine their educational needs, including any special educational needs;
  b.  Seeking an evaluation or re-evaluation of their Individualized Education Plan (IEP), including for any emotional disturbances, as necessary; and
  c.  Providing them with an after-school tutor for any high school class in which they are not maintaining at least a C- grade level.

4. MDHS shall provide ███ with MDHS caseworker visits at least twice a month to address their progress and needs.

5. In the event that ███ cannot be adopted by ███ as planned, MDHS shall provide the following additional services:
  a.  Finalization of the adoption of ███ in another approved adoptive home;
  b.  An adoption assistance agreement with his or her pre-adoptive parent(s) providing monthly financial support equivalent to ███, or ███' then-current therapeutic foster care board rate until the child reaches the age of 18 years old, and health care coverage through Medicaid until the child reaches the age of 21 years old; and
  c.  Enrollment in MDHS' post-adoption services programs shall be offered.

6. In the event that ███ cannot be adopted, MDHS shall provide additional services as follows:

a. MDHS shall provide ▮▮▮ with regular Independent Living Services (ILS), including any needed transportation to ILS classes and events.
b. Upon the emancipation of ▮▮▮ from MDHS custody, MDHS shall provide each emancipated sibling (i) a $1000 Start Up/Emancipation Stipend; (ii) Aftercare Services special financial assistance payments for the process of transitioning ▮▮▮ or ▮▮▮ toward self-sufficiency until he or she reaches the age of 21. Upon request by ▮▮▮, such payments will be made by MDHS through a vendor and receipts for related expenses provided to MDHS; and (iii) the full amount of the Educational and Training Voucher (ETV) funds for post-secondary studies through the John H. Chafee Foster Care Independence Program that he or she is eligible for in accordance with program requirements, up to $5000 annually, until he or she reaches the age of 23.
c. Upon request, MDHS shall take all steps within MDHS control to ensure ▮▮▮ receive priority status for public housing (for example, through HUD) until each of them reaches the age of 23.
d. MDHS shall provide ▮▮▮ with any additional independent living and aftercare services they are eligible for before and after emancipation, as well as those that are made available in the future, including those resulting from the *Olivia Y.* litigation.

7. MDHS shall provide individually to ▮▮▮ within 30 days of this Agreement the following documents and information as to each of them, unless there is a legal limitation prohibiting such disclosure:
   a. Original copy of birth certificate;
   b. Original copy of Social Security card;
   c. School documents, including a list of schools attended;
   d. Medical history/information;
   e. Birth family information;
   f. List of known relatives, with relationships, addresses, and telephone numbers;
   g. Any life books compiled during time in custody, photographs, or correspondence from relatives, and any compilation of personal and family history;
   h. Copies of all orders from the Hinds County Youth Court, Docket No. 16,923; and
   i. Previous placement information, including contact information for each placement.

8. MDHS will designate a person in the DFCS state office to monitor that the above services are provided to ▮▮▮ as agreed without delay.

3

9. MDHS will provide Plaintiffs' counsel with regular quarterly updates of ███████, ████████████████████████████████' case records until such time as they are no longer receiving MDHS services.

10. Until such time as ████████████████████████████████████ are no longer receiving MDHS services, an MDHS designee and MDHS' counsel will meet and confer in good faith on a semi-annual basis with Plaintiffs' counsel regarding ████████████████████████████████' case plans and the placements and services provided to them to attempt to agree on necessary services and plans. While litigation is pending, these meetings shall be arranged by Plaintiffs counsel through counsel for MDHS. In the event the parties cannot agree on such services and plans, the issue shall be referred to the Monitor for binding resolution. If there is no monitor for any reason, the issue will be referred to the Court.

11. MDHS will provide Plaintiffs' counsel with prior notification, if possible, and, if not possible, with notification as soon as practicable, of any significant events or developments concerning ████████████████████████████████████, including but not limited to any change in placement, services, permanency goal or permanency plans; and any allegations of abuse or neglect involving ██████████████████ ████████████ or occurring in their placement(s). Upon such significant events and developments, Plaintiffs may meet and confer in good faith with MDHS' designee and MDHS' counsel to attempt to agree on necessary services and plans. While litigation is pending, these meetings shall be arranged by Plaintiffs counsel through counsel for MDHS. In the event the parties cannot agree on such services and plans, the issue shall be referred to the Monitor for binding resolution. If there is no monitor for any reason, the issue will be referred to the Court.

FOR PLAINTIFFS:

DATE: _4/5/07_

*[signature: Melody M. McAnally]*

W. Wayne Drinkwater, Jr. (MBN 6193)
Melody McAnally (MBN 101236)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS
330 7th Avenue, 4th floor
New York, New York 10001
Telephone: (212) 683-2210

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, MS 39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone: (601) 607-4172

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

5

FOR DEFENDANTS:

DATE: June 4, 2007

                                         /s/ Kenya Key Rachal
                                      Dewitt L. ("Rusty") Fortenberry, Jr. (MSB # 5435)
Kenya Key Rachal (MSB #99227)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Barry C. Campbell (MSB #99535)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi 39201

***ATTORNEYS FOR DEFENDANTS HALEY BARBOUR, ET AL.***

6