IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                                         PLAINTIFFS

v.                                                                     CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*          DEFENDANTS

## DECLARATION OF MARCIA R. LOWRY

1. I am Marcia R. Lowry, co-lead counsel for the Plaintiff Class in the above-captioned case. I give this Declaration in support of Plaintiffs' Motion for Final Approval of the Mississippi Settlement Agreement and Reform Plan preliminarily approved by the Court on November 8, 2007.

2. I am a graduate of New York University School of Law and a member of the bars of the State of New York, the United States Supreme Court, and various other federal jurisdictions, including admission *pro hac vice* in the United States District Court for the Southern District of Mississippi. I have continuously practiced law, specializing in the representation of children in class actions challenging the constitutionality of systemically deficient state and local child welfare systems, since 1973. Over the past 34 years, I have handled over 20 such cases and I have participated in at least 11 class-wide settlements designed to protect the rights of children and to reform harmful child welfare systems. From this experience, I am familiar with the range of

Exhibit C

        relief possible to obtain in cases such as this.

3. I have been a lead counsel on this case since its inception and have been an active participant in every stage of the litigation. This action was vigorously contested for over three years and involved voluminous discovery and comprehensive expert testimony. It was time consuming and expensive to litigate. Plaintiffs' Counsel reviewed hundreds of thousands of pages of documents, took or defended 27 fact witness depositions and 6 expert depositions, and extensively briefed two motions to dismiss, a motion for class certification, and cross-motions for summary judgment, as well as numerous discovery motions. Class Counsel also assembled a team of five child welfare and foster care experts who conducted thorough investigations and issued extremely detailed reports on various aspects of the Mississippi foster care system.

4. This proposed settlement is neither collusive nor fraudulent. It is the product of months of robust arm's-length negotiations, in which I personally participated.

5. From my work on this case and my experience in handling comparable cases, I am familiar with the strengths and weaknesses of the Class' position, both legally and factually. Based on my experience with comparable cases and comparable settlements, it is my opinion that this settlement constitutes an excellent result and extremely favorable resolution of the remedy phase of the litigation for the Plaintiff Class. Under the proposed settlement, Defendants agree to undertake a wholesale reform of every aspect of their child welfare

system, under the expert guidance of the Council on Accreditation ("COA"), and with the close oversight of an independent monitor. The proposed agreement and accompanying court-enforceable Period 1 Annual Implementation Plan set forth the specific actions with associated timelines that Defendants must undertake in order to achieve COA accreditation; meet specific administrative, management, and foster care practice standards; and achieve specified child well-being outcome measures, all within five years. Subsequent annual Implementation Plans, to be developed jointly by the parties along with COA, shall detail the steps that need to be undertaken within the year in order to meet that year's interim benchmarks and to progress towards overall compliance within five years. Those subsequent plans shall be incorporated into the proposed agreement as court-enforceable terms.

6. The proposed settlement, upon approval, will become an enforceable consent decree on behalf of the certified Class of children with continuing jurisdiction of the District Court. If Defendants fail to meet their agreed-upon obligations under the proposed settlement, Plaintiffs will be able to seek necessary relief from this Court.

7. The facts prepared for trial provide ample factual basis to support the urgent need for this far-reaching remedial plan.

8. In my professional opinion, taking into account the strengths and weaknesses of the case, the far-reaching, substantial, and immediate relief provided by the proposed settlement, and the risks, delays, and expense attendant to

    proceeding with a remedial trial, the proposed settlement is a fair, reasonable, and adequate basis on which to compromise the claims of the Plaintiff Class.

9. All named Plaintiffs and Next Friends support the Settlement Agreement and Reform Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of December 2007.

              /s Marcia R. Lowry_____
              Marcia R. Lowry