**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **JAMES D. JOHNSON, as next friend to Olivia Y., et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO.: 3:04cv251LN** |
| **HALEY BARBOUR, as Governor of the State of Mississippi, et al.** | **DEFENDANTS** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO OBJECTIONS OF
GEORGE WHITTEN, JR. TO PROPOSED SETTLEMENT AGREEMENT**

On November 8, 2007, this Court preliminarily approved a Proposed Stipulated Settlement Agreement and Reform Plan in this class action and directed that notice of the proposed Settlement Agreement and Reform Plan ("Agreement") be given to class members. Docket No. 439. In a memorandum dated December 18, 2007, George Whitten, Jr. ("Whitten") objected to the proposed Settlement Agreement and Reform Plan. Docket No. 443.

Whitten is a former employee of the Mississippi Department of Human Services ("MDHS") who has apparently become disgruntled with MDHS and is now objecting to the Agreement that the Governor, Attorney General, MDHS, and social work experts believe is in the best interest of the children of Mississippi. Whitten's objection is wrought with misinformation, mischaracterizations, and personal opinions that cannot be relied on and Whitten's objection certainly should not in anyway deter the Court's approval of the Agreement.

Most importantly, Whitten is not a party to this action and is not a member of the class previously certified by this Court. For these reasons, among others that will be addressed below,

George Whitten, Jr. has no right to object to the proposed Agreement and Whitten's positions outlined in the objection are not a sufficient basis to deny approval of the Settlement Agreement.

<u>ARGUMENT</u>

On March 30, 2004, Plaintiffs filed this action.  On March 11, 2005, this case was certified as a class action on behalf of a class of "all children who are or will be in the legal and/or physical custody of [MDHS]." The parties have now proposed an Agreement that resolves this litigation and provides a detailed, court-enforceable remedial plan.  This Agreement was reached after three years of litigation, extensive discovery, the denial of cross-motions for summary judgment and over seven months of arm's-length bargaining facilitated by court-appointed mediator Judge Reuben Anderson.

Federal Rule of Civil Procedure 23(e) requires this Court to approve any settlement of a class action. The Court must first give notice of the proposed settlement to all class members whose rights are to be bound by the settlement. Fed. R. Civ. P. 23(e)(1)(B). The Court must then conduct a hearing to determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). At the hearing, any *class member* may object to the proposed settlement. Fed. R. Civ. P. 23(e)(4)(A).

These procedural requirements have been satisfied here. After this Court preliminarily approved the proposed settlement agreement, Defendants gave notice to class members of the proposed settlement. *See* Docket No. 40 (Affidavit of Rickie Felder Certifying Compliance with Notice Requirements).  Pursuant to that notice, class members will have the opportunity to appear at the hearing set for January 4, 2008, and to object to the fairness, reasonableness and adequacy of the settlement.

Whitten is not a member of the class as defined by this Court. Nothing in the proposed settlement agreement will determine Whitten's legal rights. Whitten does not contend that it will.

Whitten lacks standing to object to the proposed settlement. Federal Rule of Civil Procedure 23(e)(4)(A) provides: "Any class member may object to a proposed settlement...." This Rule has been authoritatively construed to permit *only* members of the class - those whose rights will be bound by a proposed settlement - to object to a proposed settlement's fairness or adequacy. *See, e.g., Gould v. Alleco, Inc.,* 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *Jenson v. Continental Financial Corp., 591* F.2d *477,* 482 (8th Cir. 1979) ("The purpose of Rule 23(e) ... is to protect the rights and interests of absent class members. Opt-outs and general creditors are not members of the class and hence are not entitled to the protection of Rule 23(e)."); *Carnegie v. Household Intern, Inc., 445* F. Supp. 2d 1032, 1035 (N.D. 111. 2006) (Objector who was not a member of the certified class was "without standing to contest the settlement."); *San Francisco NAACP v. San Francisco Unified School District,* 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) ("[N]onclass members have no standing to object to the settlement of a class action.") (citing *Gould,* 883 F.2d at 284); *Raines v. Florida,* 987 F. Supp. 1416, 1418 (N.D. Fla. 1997) ("Strictly speaking, only the parties to the settlement of a class action (plaintiffs, class members, and the settling defendants), have standing to object to the fairness of the settlement.").

Under established law, therefore, nonparties - such as Whitten - have no right to object to the reasonableness of a proposed class action settlement.

In addition to Whitten's objection not having legal standing, Whitten's objection is not well-founded. Whitten's objection misstates and mischaracterizes many terms of the agreement. The terms of the agreement were well thought out and reasoned by both parties and are based on model social work practice and the opinion of social work experts familiar with the Mississippi child welfare system. Additionally, Whitten's argument that the Settlement Agreement should not be approved because the Settlement Agreement provides for annual implementation plans that are to be determined is meritless. The Implementation Plans will be used to help the Defendants meet the benchmarks outlined in the Settlement Agreement which is currently before this Court. The Implementation Plans beyond the Period 1 Plan will require no more of Defendants than to undertake the steps parties jointly agree are necessary to comply with the terms of the Agreement that is before this Court. This structure will allow flexibility in the details of the implementation based upon current data and the degree of progress achieved in the prior year, but all within the parameters of the Agreement submitted to this Court for approval, and subject to the agreement of the parties and the neutral and expert participant, Council on Accreditation (COA). The Defendants support the settlement and believe that it will result in a well-functioning child welfare system that will provide for the proper care and safety of class members.

The settlement has been lauded by numerous stakeholders in Mississippi's child welfare system and stakeholders including the National Association of Social Workers, Catholic Charities, the Catholic Diocese of Jackson, and Delta State on behalf of the Mississippi Social Work Education Consortium have written the Court in overwhelming support of the settlement. There has not been a single class member or interested party that

has claimed or notified the Court that the settlement does not satisfy the requirements for approval in Fed. R. Civ. Proc. 23(e)(1)-(2).

<u>CONCLUSION</u>

The Court should disregard Whitten's objection as Whitten is not a class member and because his objection is not sound.

RESPECTFULLY SUBMITTED, this the 27th day of December, 2007.

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

BY:    /s/ Dewitt L. ("Rusty") Fortenberry, Jr.

**OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
Barry C. Campbell (MSB #99535)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP


Stephen H. Leech, Esq.

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York   10001

John Lang, Esq.
Christine Carbone, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

SO CERTIFIED, this the 27th day of December, 2007.


/s/ Dewitt L. ("Rusty") Fortenberry, Jr.