IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES D. JOHNSON, as next friend to**                                      **PLAINTIFFS**
**Olivia Y., et al.**

**vs.**                                                          **CIVIL ACTION NO.: 3:04cv251LN**

**HALEY BARBOUR, as Governor of the**                                    **DEFENDANTS**
**State of Mississippi, et al.**

---

**DEFENDANTS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT
AND REFORM PLAN**

---

COME NOW, Defendants and move this Court pursuant to Federal Rule of Civil Procedure 23(e) for final approval of the Settlement Agreement and Reform Plan, which this Court preliminarily approved by Order dated November 8, 2007. A true and correct copy of the proposed Settlement Agreement is attached as Exhibit 1.

On March 11, 2005, the Court certified this case for class action treatment pursuant to Federal Rule of Civil Procedure 23(b)(2). (Docket No. 84.) The proposed settlement resolves this litigation and provides a detailed, court-enforceable remedial plan. As the proposed settlement contemplates class-wide relief, Rule 23(e)(2) requires the Court's approval of the agreement if, after a hearing, the Court concludes that the terms of the settlement are "fair, reasonable, and adequate" from the perspective of absent class members. *See generally*, *Manual for Complex Litigation (Fourth)* § 21.63 (2004).

On November 8, 2007, the Court granted preliminary approval of the proposed settlement and directed Defendants to provide notice to Class members and other interested persons. (Docket No. 439.) As evidenced by the certification filed with the Court on December 4, 2007, Defendants have complied with the Court's direction regarding notice. (Docket No. 440.) The

distribution of notice is further evidenced by the letters submitted on behalf of interested parties that were filed with the Court in accordance with the directions set forth in the class notice (attached collectively as Exhibit 2). The requirements of Rule 23(e)(1) have thereby been satisfied.

The proposed settlement follows over three years of litigation that involved extensive discovery and two motions to dismiss, and that culminated in cross-motions for summary judgment. The proposed settlement was reached only after the denial of the cross-motions for summary judgment, a partial settlement as to liability, and over seven months of arm's-length bargaining facilitated by court-appointed mediator Judge Reuben Anderson. The vigorous manner in which the parties litigated this case and the time and effort involved in reaching the proposed settlement amply demonstrate the absence of fraud or collusion between the parties in reaching this agreement.

All of the letters submitted in response to the class notice are overwhelmingly in favor of the proposed Settlement Agreement and Reform Plan as the means of resolving the litigation and achieving that necessary reform. The one objection submitted in response to the notice is not from a Class member and reflects both mischaracterizations and misunderstandings of the terms of the proposed settlement. Not a single Class member or interested party has asserted that the proposed settlement fails to satisfy the requirements for approval as specified in Rule 23(e)(1)-(2).

The proposed settlement is fair, reasonable, and adequate. The projected trial as to remedy would have been expensive and, assuming an appeal, the proceedings would be extremely time-consuming. The litigation has reached a stage where both parties and this Court are well positioned to evaluate the terms of the proposed agreement. Securing a remedial order

at trial or on appeal that is equal in breadth to the proposed settlement was in no manner predetermined, and the cost, time, and possible risk of litigation all weigh in favor of the proposed settlement, which also provides immediate relief for the Class.  The Defendants are in support of the proposed settlement.

WHEREFORE, the Defendants move that the Court, after conducting the hearing required by Federal Rule of Civil Procedure 23(e)(2), enter its findings and conclusions supporting approval of the proposed Settlement Agreement and Reform Plan and grant its approval.

Respectfully submitted, this 27th day of December, 2007.

**HALEY BARBOUR, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; and RICKIE FELDER as Director of the Division of Family and Children's Services**

BY:   _/s/ Dewitt L. ("Rusty") Fortenberry, Jr.__

 **OF COUNSEL:**

Attorney General Jim Hood
State of Mississippi
P.O. Box 220
Jackson, MS 39205-0220

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Gretchen L. Zmitrovich (MSB #101470)
Ashley Tullos Young (MSB #101839)
Kenya Key Rachal (MSB #99227)
Barry C. Campbell (MSB #99535)
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Wayne Drinkwater, Jr. Esq.
Melody McAnally, Esq.
BRADLEY ARANT ROSE & WHITE LLP


Stephen H. Leech, Esq.

Eric E. Thompson, Esq.
CHILDREN'S RIGHTS, INC.

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL

I also certify that I have this day served a copy of the foregoing on the following non-ECF participants by United States Mail, postage prepaid:

Marcia Robinson Lowry, Esq.
Susan Lambiase, Esq.
Shirim Nothenberg, Esq.
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, New York   10001

John Lang, Esq.
Christine Carbone, Esq.
John Piskora, Esq.
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

SO CERTIFIED, this the 27th day of December, 2007.

/s/ Dewitt L. ("Rusty") Fortenberry, Jr.