IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES D. JOHNSON, as next friend to
Olivia Y., *et al.*                                                                    PLAINTIFFS

vs.                                                                    Civil Action No. 3:04cv251LN

HALEY BARBOUR, as Governor of the
State of Mississippi, *et al.*                                                 DEFENDANTS

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

DEC 2 8 2007

J. T. NOBLIN, CLERK
BY_____ DEPUTY

## RESPONSE TO EMERGENCY MOTION TO SEAL EXHIBIT 4

COMES NOW, George Whitten, having submitted a comment of objection to the Court,

and do file this my response concurring in part with the Defendants' motion to seal Exhibit

number *4* to my "Objections to the proposed settlement."

## I. The Attorney-Client Privilege is Inapplicable to *Exhibit 4.*

**A.** The attorney-client privilege is inapplicable to a memorandum unsolicited by my

employer and volunteered by me in order to plead with the decision-makers to avoid a possible

outcome in a proceeding in which I did not represent the agency, and other attorneys did.   My

memorandum was not based on any communications to me from persons at MDHS.  It was based

on a Notice published by order of the Court.  Furthermore, my memorandum does not interpret

law or offer legal advice.  Though it cites many sources, it does not cite any legal authorities.

The attorney-client privilege is inapplicable to the memorandum I wrote. *Wells v. Rushing*, 755

F.2d 376, 379 n. 2, *reh'g den.*, 760 F.2d 660 (5th Cir. 1985).

**B.** Once I presented the memo to three administrators at MDHS, no one asked me to

stamp it with the "Attorney-Client Privilege" stamp or to otherwise label it as privileged  or

confidential.

**C.** I omitted the face page of my memo and redacted the post-script at the bottom of page 12 from *Exhibit 4* because they named administrators at MDHS as recipients and identified the author as an employee of MDHS. I thought those were all the changes the memo needed in order for me to honor agency policy against outside circulation of internal documents. If I had had time before the filing deadline of December 18th, I would have re-read my memo in its entirety and would have realized the need for further redactions.

## II.  Consent to Sealing *Exhibit 4*.

My former employer has, by its motion to seal, expressed its desire that Exhibit *4* (contained in pages 6 – 19 of Docket Entry No. 443-2) be confidential in its entirety. I accede to its being sealed out of respect for that wish and not because it is a privileged communication. Furthermore, in the future I will treat Exhibit *4* in the format it was filed as confidential.

Respectfully submitted, this __28th__ day of December, 2007,

George Whitten, Jr.
P. O. Box 4773
Jackson, MS 39296
(662) 299-0800

By my signature above, I certify that I have this day served a true and correct copy of the foregoing Response upon the following attorneys by United States Mail, postage prepaid, or by hand-delivery:

Eric Thompson
Children's Rights, Inc.
330 Seventh Ave., 4th Floor
New York, NY 10001

Rusty Fortenberry
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, MS 39211