IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                         PLAINTIFFS

v.                                               CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*     DEFENDANTS

### DECLARATION OF LUKE DOVE

1.      My name is Luke Dove. I was admitted to practice law in Mississippi in 1972 and am a member in good standing of the Mississippi Bar Association. I am competent to make this affidavit.

2.      I am familiar with hourly billing rates and expense reimbursements customarily charged and collected for legal fees in Mississippi and with alternative billing arrangements customarily used to engage counsel in this type work. I am also generally familiar with fee awards to successful class counsel in Rule 23 cases in this District and Circuit.

3.      I reviewed the Declarations of Marcia Robinson Lowry, Wayne Drinkwater, Stephen H. Leech, and John Lang with accompanying accountings of billable time and expense incurred by counsel for the Plaintiff class to prosecute this action.

Exhibit 5

4. The hourly rates specified in the Declarations of Marcia Robinson Lowry, Wayne Drinkwater, Stephen H. Leech, and John Lang are reasonable and well within the range of hourly rates currently prevailing in Mississippi and which are customarily charged to and collected from clients for legal services requiring comparable skill, judgment, professional reputation, and experience where: (a) the client pays such hourly charges in a 30-60 day cycle; (b) the client bears the burden of regularly reimbursing out-of-pocket expense of prosecuting the case as expense is incurred and the attorney is not expected to advance the costs of litigation for more than a 30-60 day billing cycle; (c) the attorney's recovery of fee and expense reimbursement is not contingent upon the ultimate result obtained in the case. Moreover, the rates at which attorneys Wayne Drinkwater and Stephen H. Leech have agreed to be compensated in this case are significantly lower than Mr. Drinkwater and Mr. Leech's Standard Hourly Rates, which are themselves reasonable and well within the range of hourly rates currently charged in Mississippi.

5. The hourly rates specified in the Declarations of Marcia Robinson Lowry, Wayne Drinkwater, Stephen H. Leech, and John Lang would be generally insufficient to induce attorneys of comparable skill, judgment, professional reputation, and experience to perform the necessary services to prosecute a case of this magnitude on terms where the attorneys are not paid on an ongoing basis as the work is being performed, are required to advance significant case expenses over a three-year period with no ongoing reimbursement, and the attorneys' ability to recover a fee and expense reimbursement are completely contingent on the outcome of the case.

6.  Based on my experience, as well as my general familiarity with legal services of Mississippi, I can further attest that it is difficult for large law firms to undertake litigation against the State of Mississippi because of conflicts with government relations, public finance, and other areas of practice that could be adversely affected by suits against the State.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAITH NOT.

_____
Luke Dove

Sworn to and subscribed before me, this the 15th day of April, 2008.

_____
Kathy B. Purser
Notary Public

My Commission Expires:

*[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, KATHY B. PURSER, Commission Expires Sept. 1, 2011, HINDS COUNTY]*