IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.        DEFENDANTS

## DECLARATION OF MARTHA BERGMARK

1. My name is Martha Bergmark. I am a member in good standing of the Mississippi Bar and the President and CEO of the Mississippi Center for Justice, a nonprofit public interest law firm committed to the advancement of racial and economic justice in Mississippi. I am a graduate of Oberlin College and the University of Michigan Law School (1973). Since 1973, I have spent 14 years practicing civil rights and poverty law in Hattiesburg and Jackson, Mississippi, as well as an additional 20 years leading legal services organizations in Mississippi and Washington, D.C.

2. I have served as plaintiff's counsel in several civil rights and civil liberties cases litigated in federal court, including successfully certified class actions, since I began practicing in 1973. Prior to my current position with the Mississippi Center for Justice, I served as Senior Vice President for Programs of the National Legal Aid and Defender Association, a membership organization representing legal aid and defender programs, and as Executive Vice President and President of the

Exhibit 7

Legal Services Corporation in Washington, DC. I am the founding executive director of the Southeast Mississippi Legal Service Corporation in Hattiesburg, Mississippi. As a result of my personal practice experience and my personal involvement in the segment of the Mississippi legal community that devotes itself to the delivery of legal services to civil rights plaintiffs from 1973 to 1987 and again from 2003 to the present, I am familiar with the Mississippi marketplace for legal services in the plaintiffs' civil rights area.

3. To familiarize myself with the scope of this case and the work required to prosecute it, I have reviewed the docket sheet as of March 4, 2008; the Court's order on Defendants' Motion to Dismiss, published at 351 F.Supp.2d 543 (S.D.Miss. 2004); the Court's order on Class Certification at Docket No. 84; the Court's order on the parties' cross-motions for Summary Judgment at Docket No. 350; and the Court's order of November 8, 2007 and Minute Entry of January 4, 2008 granting preliminary and final approval, respectively, for the Consent Decree at Docket No. 459. I have also reviewed the Declarations of Marcia Robinson Lowry, Wayne Drinkwater, Stephen H. Leech, and John Lang with accompanying accountings of billable time and expense incurred by counsel for the Plaintiff class to prosecute this action.

4. The result in this case is, in my judgment and experience, exceptionally favorable to the class. I have worked on several cases seeking injunctive relief against state and local governments over the past 34 years, and I have kept abreast of many others by reading published decisions. Among others, I led a team of Mississippi Center for Justice attorneys, along with co-counsel from the Southern Poverty

Law Center, in representing the plaintiff class in *Morgan v. Sproat* from 2003 through 2005. The Mississippi Center for Justice became involved in *Morgan v. Sproat,* a class action originally filed in 1975 regarding the conditions at Mississippi's Oakley Training School, after a 2003 report released by the U.S. Department of Justice revealed continued constitutional violations at both Oakley and Columbia Training Schools.

5. Based upon my review of the materials listed in paragraph three above, it is clear to me that this case was hard-fought on both sides, required much time and expense over the course of five years, and yielded a highly favorable result vindicating the constitutional rights of class members through the enhanced delivery of governmental services.

6. Much of the plaintiffs' civil rights work in the Mississippi marketplace is done by small firms, sole practitioners, and the Mississippi Center for Justice. There are lawyers in larger firms who perform outstanding *pro bono* service, but it is generally difficult for larger firms to sue the State because of conflicts arising from government relations or public finance aspects of their practice.

7. The scope of the work required to prosecute this case and the magnitude of the investment in case expenses would have swamped the financial resources of the Mississippi Center for Justice and the many sole and small-firm civil rights practitioners I know. The hours spent by class counsel (31,510.70 total hours) would require numerous attorneys working full time in the case without any other money coming into the office. I do not know how many small firms or groups of individual attorneys could have possibly devoted this much time. Additionally,

the outlay of $244,214.94 on non-reimbursable expert costs would have bankrupted most of the attorneys, if not all of the attorneys, who regularly bring these kinds of cases. For example, I do not believe the local affiliate of the American Civil Liberties Union would have been able to expend such money upfront, with the possibility of recovering fees many years later. Therefore, but for the willingness of Children's Rights, Loeb & Loeb LLP, Bradley Arant Rose & White LLP, and attorney Stephen H. Leech to jointly undertake this risky and expensive endeavor, it is my opinion and belief that this important case would not have been brought and these highly favorable results would not have been achieved, due to the constraints on the availability of legal services for civil rights cases in the Mississippi marketplace for legal services.

8. The amount of time devoted to the case and the amount of expenses advanced to prosecute the case by class counsel are, in my opinion, reasonable, fair, and fully compensable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of May, 2008.

*Martha Bergmark* (signature)
Martha Bergmark

Sworn to before me this
8th day of May, 2008

*Notary Public* (signature)
Notary Public

[Notary seal: STATE OF MISSISSIPPI, WILLIAM NORMAN CHRONISTER, NOTARY PUBLIC, ID# 89149, Commission Expires April 3, 2012, HINDS COUNTY]

Subscribed and sworn to before me in my
Presence, this 8th day of May,
2008, a Notary Public in and for the
County of Hinds, State of Mississippi
_____
(Signature)    Notary Public
My commission expires 4-3, 2012