IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                      PLAINTIFFS

v.                                                            CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*        DEFENDANTS

**PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT REGARDING PLAINTIFFS' ATTORNEYS' FEES**

The Rule 23(h) notice and comment period having expired June 16, 2008, pursuant to this Court's May 9, 2008 Order, Plaintiffs respectfully submit this memorandum of law in further support of Plaintiffs' Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorneys' Fees to respond to the comments received by the Court.

Plaintiffs filed this class action suit in March 2004 alleging that Defendants knowingly allowed the Division of Family and Children's Services ("DFCS"), the state's child welfare system charged with protecting children, to collapse, thereby endangering the thousands of Mississippi children dependent upon the system for their safety. After four years of hard-fought and contentious litigation, the Parties agreed to a Reform Plan designed to require wholesale reforms of every aspect of Mississippi's harmful foster care system, which was approved by this Court at a Rule 23(e)(2) fairness hearing on January 4, 2008. Following the approval of the Reform Plan, and after months of arms-

length negotiation and compromise, Defendants agreed to pay Plaintiffs' attorneys $4,863,557.50 to settle all of Plaintiffs' claims to attorneys' fees and expenses ("Fee Settlement").  On May 9, 2008, this Court directed that Defendants give court-approved notice to the class of the proposed Fee Settlement and of the opportunity to submit objections to the Settlement.  (May 9, 2008 Order, attached as Ex. A.)  Objections were to be received by the Court no later than June 16, 2008.  (*Id.*)  On June 2, 2008, Defendants certified that notice of the proposed Fee Settlement terms and of the opportunity to submit written objections to those terms had been provided to all Class members as directed by the Court.  (Docket No. 474.)  According to Defendants' certification, true and correct copies of the Notice were mailed to, *inter alia*, every Class member above the age of 14 and every approved foster parent as of the date that class notice was issued.  (*Id*; Ex. A at 2.)

No competent objections pursuant to Rule 23(h)(2) from a "class member, or a party from whom payment is sought" were submitted.  The Notice, however, did elicit two written comments to the Court.  The first submission, attached hereto as Exhibit B, was submitted by foster parent Maxine Williams of Rosedale, Mississippi.  Ms. Williams wrote, "I Maxine Williams <u>Do not Object</u> to the amount of the attorney fee."  (Ex. B, emphasis in original.)  The second submission, attached hereto as Exhibit C, was submitted by Steven Wheeler, a foster parent from Moss Point, Mississippi.  In his submission, Mr. Wheeler recognizes the dire need to reform DFCS, which he refers to as "broken" and in need of restructuring "from the top to street level."  (Ex. C at 2.)  Mr. Wheeler nonetheless appears to take issue with the amount of time and money expended

by Plaintiffs' attorneys in litigating this suit to bring about such reform. He requests additional time in which to comment on the Fee Settlement. (*Id.* at 3.)

Mr. Wheeler's comment rests in part on the incorrect assumption that the Fee Settlement is to compensate Plaintiffs' counsel for work undertaken over the course of only 39 months, starting with the filing of the complaint. (*Id*. at 1.) In fact, Plaintiffs' counsel has represented the Named Plaintiffs in this case for five years, and the certified class for three years. Prior to the March 2004 filing of the 61-page Amended Complaint, Plaintiffs' counsel spent more than a year undertaking an extensive investigation of Mississippi's foster care system in order to sufficiently identify and document Plaintiffs' class claims and those of the Named Plaintiffs. (Lowry Decl. ¶ 18, attached to Pls.' Mem. in Supp.) Once this case was filed in 2004, Defendants spent over three years robustly defending the case, during which time 27 fact witnesses were deposed, multiple motions to dismiss were filed, and the parties cross-moved for summary judgment. Even after Defendants agreed to no longer contest liability, it was only after another six months of vigorous negotiations that the parties agreed to a detailed remedial plan. (Pls.' Mem. in Supp. at 3.) The time expended by Plaintiffs' counsel reflects nothing less than the hard-fought nature of this complex case, involving the care and protection of approximately 3,500 foster children.

The work undertaken by Plaintiffs' counsel during this contentious litigation yielded a detailed consent decree for exactly the remedy Mr. Wheeler desires: the wholesale reform of DFCS, from the top, including the hiring of a qualified DFCS Director, to the very front lines where, as a result of the Reform Plan, there will be a dramatic increase in the number of trained and qualified caseworkers serving Plaintiff

3

Children.  (*See* Reform Plan at 2-6, Docket No. 459.)  Any suggested concerns of Mr. Wheeler regarding potentially excessive or unnecessary work performed by Plaintiffs' attorneys are addressed by the fact that Plaintiffs' counsel excluded 3,109.31 hours of time in the exercise of billing judgment, excluded 112.25 hours of time expended by attorneys, paralegals, and law clerks from the law firm Bradley Arant Rose & White, LLP, and agreed to further reduce the hours of work for which they seek compensation by an across-the-board 15% reduction.[1]

Mr. Wheeler requests additional time to object to the Fee Settlement apparently because he believes that not all foster parents received the Notice, and because "a current billing invoice was not available" at the time he filed his comment.  As an initial matter, foster parents, who are neither class members nor a party from whom payment is sought, are not qualified pursuant to Rule 23(h)(2) to request a continuance for the opportunity to object to the Fee Settlement.  Nonetheless, Defendants have certified that the Notice was, in fact, mailed to all foster parents in accordance with this Court's Order.  (See Docket No. 474.)  Defendants also prominently displayed the Notice in locations in which it was most likely to be seen by both Plaintiff foster children and their foster parents, including in every DFCS county office, in every agency that contracts with DFCS to provide foster care services, and in every County Youth Court.  (*Id.*; Ex. A at 1-2.)

As made clear in the Notice received by Mr. Wheeler, all of the supporting documentation was publicly available to Mr. Wheeler at the time he received the Notice, and he could have used the toll-free number provided in the Notice to contact Plaintiffs' counsel with any questions or requests for documentation.  It is notable in this regard that

---

[1] The 15% across-the-board reduction agreed to by Plaintiffs was made to the remaining billable hours following the exclusion of 3,109.31 hours in billing judgment and 112.25 hours expended by Bradley Arant Rose & White attorneys, paralegals, and law clerks.

4

the class notice prompted 34 callers to contact Class Counsel regarding the Fee Settlement. (*See* Nothenberg Decl., attached hereto as Ex. D.) Plaintiffs' counsel made numerous attempts to speak with each and every one of those callers and was successful in speaking with 30 of the 34 callers. Every one of the callers with whom Plaintiffs' counsel spoke was a foster parent or calling on behalf of a foster parent who had received the Notice and had questions about the Fee Settlement. (*Id.* at ¶ 4.) Not a single one of these callers with whom Class Counsel spoke expressed any opposition to the Fee Settlement. (*Id.*)

Moreover, additional time will not change the nature of Mr. Wheeler's concerns as to the amount of the Fee Settlement. This Court has been provided ample documentation against which to weigh Mr. Wheeler's concerns and to determine the reasonableness of the Fee Settlement.

As fully set forth in Plaintiffs' Memorandum in Support of Plaintiffs' Unopposed Motion For Approval of Settlement Regarding Plaintiffs' Attorneys' Fees and Notice to the Class filed with Plaintiffs' original Unopposed Motion, and as further demonstrated by the fact that the thousands of Notices distributed regarding the Fee Settlement elicited no objections from class members and only a single concerned comment from a non-party, the terms of the Fee Settlement are reasonable. Accordingly, the Court should grant Plaintiffs' Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorneys' Fees. A proposed Consent Order is attached.

Respectfully submitted, this the 23rd day of June, 2008.

/s Shirim Nothenberg
Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
CHILDREN'S RIGHTS

5

330 7th Avenue, 4th floor
New York, New York  10001
Telephone:  (212) 683-2210

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi  39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, Mississippi  39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone:  (601) 607-4172

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York  10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I electronically filed the foregoing Plaintiffs' Memorandum in Further Support of Plaintiffs' Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorneys' Fees with the Court using the ECF system, which sent notification of such filing to the following:

>Dewitt L. ("Rusty") Fortenberry Jr., Esq.
>Kenya Key Rachal, Esq.
>Gretchen L. Zmitrovich, Esq.
>Ashley Tullos Young, Esq.
>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
>428 I-55 North
>Meadowbrook Office Park
>Jackson, Mississippi 39211
>(601) 351-2400
>
>Harold E. Pizzetta, III, Esq.
>Assistant Attorney General
>General Civil Division
>Carroll Gartin Justice Building
>430 High Street
>Jackson, Mississippi 39201
>
>*Attorneys for Defendants Haley Barbour, et al.*

/s Shirim Nothenberg