IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                                    PLAINTIFFS

v.                                                      CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*      DEFENDANTS

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES**

---

Plaintiffs respectfully submit this memorandum of law pursuant to 42 U.S.C. § 1988, and Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, in support of their unopposed motion for an award to Plaintiffs' Counsel of the agreed-upon amount of $230,300.88 in attorneys' fees and expenses for the monitoring and enforcement of the Mississippi Settlement Agreement and Reform Plan ("Remedial Order"), performed on behalf of the Plaintiff Class from January 5, 2008 through January 4, 2009.

The motion is supported by the agreement reached by the Parties for payment of Plaintiffs' attorneys' fees and expenses for the period January 5, 2008 through January 4, 2009, and Plaintiffs' detailed fee and expense billings for the period, which are attached to the Declarations of Marcia Robinson Lowry of Children's Rights (attached hereto as Exhibit 1) and Stephen H. Leech (attached hereto as Exhibit 2).

Plaintiffs further request that this Court make a finding that notice of this motion to the Class pursuant to Federal Rule of Civil Procedure 23(h) is unnecessary. As discussed below, at the time the Parties settled Plaintiffs' initial claims for attorneys' fees

and expenses, the Plaintiff Class was provided notice (the "Notice") of that fee agreement, and also that periodically Class Counsel might be seeking an award of fees for work undertaken to enforce the terms of the Remedial Order entered into in this case. The Notice directed Class members to file an objection with the Court by June 16, 2008, if they opposed the awarding of such post-judgment monitoring fees. No objection from a Class member was received by this Court regarding the initial fee agreement or the prospect of Class Counsel periodically being awarded monitoring fees. There are no published opinions from Courts in the Fifth Circuit that address the application of Rule 23(h) notice requirements to periodic applications for attorneys' fees and expenses for ongoing post-judgment monitoring and enforcement of a consent decree. However, numerous federal district courts elsewhere have determined that the Rule 23(h) notice requirements should not apply to periodic applications for fees related to the enforcement of consent decrees. Based on the reasoning in those opinions, the fact that the Class has been notified and offered the opportunity to object to the awarding of monitoring fees to Class Counsel, and the considerable cost of serving additional notice on the Class, Plaintiffs request that the Court include in its order a determination that Rule 23(h) notice is unnecessary here.

## Preliminary Statement

This class action was filed in 2004 alleging that the child welfare system in Mississippi, the Division of Family and Children's Services ("DFCS"), was failing to protect and provide for Mississippi's abused and neglected children in violation of the United States Constitution and federal statute. In March 2007, the Parties reached an agreement as to liability (the "Stipulated Settlement") in which Defendants agreed to no

longer contest that DFCS operated in a manner that harmed Plaintiff Children in violation of their constitutional rights. The Stipulated Settlement required Defendants to work with outside experts and Plaintiffs' Counsel to create a detailed remedial order to address system-wide deficiencies, as well as negotiate a planning and services agreement for each of the Named Plaintiffs. The Stipulated Settlement as to liability was approved by this Court at a Rule 23(e)(2) fairness hearing on May 17, 2007, after notice to the Class. (Docket Minute Entry May 17, 2007).

In accordance with the Stipulated Settlement, the Parties negotiated the terms of a comprehensive remedial plan and individual Named Plaintiff Service Agreements ("Service Agreements"), which together were approved and entered as an order by this Court at a Rule 23(e)(2) fairness hearing on January 4, 2008, after notice to the Class. (Docket No. 459).

The Remedial Order provided that "[a]ll parties reserve all claims and defenses with respect to all claims for an award of attorneys' fees and litigation expenses for Plaintiffs, which claims shall be separately asserted and determined according to a schedule to be fixed by the Court." (Remedial Order at § VII.E). Following months of arms-length negotiations, the Parties reached agreement ("Fee Settlement") on Class Counsel's fees and expenses for the five years of legal work provided to the Plaintiff Class up through the January 4, 2008 fairness hearing. On May 9, 2008, this Court directed that Defendants give Court-approved notice to the Class of the proposed Fee Settlement and of the opportunity to submit objections to the Fee Settlement, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure. (Docket No. 473). The Notice set forth the material terms of the fee agreement and alerted the Class that:

> **PLAINTIFFS' ATTORNEYS MAY FROM TIME TO TIME IN THE FUTURE ASK THE DISTRICT JUDGE TO AWARD THEM ADDITIONAL FEES AND EXPENSES INCURRED ON BEHALF OF PLAINTIFFS IN THIS CASE FOR CONTINUED REPRESENTATION OF THE PLAINTIFF CLASS.  ADDITIONAL NOTICE TO THE PLAINTIFF CLASS MAY NOT BE PROVIDED IN ADVANCE OF SUCH REQUESTS.  IF YOU OBJECT TO PLAINTIFFS' ATTORNEYS BEING AWARDED ADDITIONAL FEES AND EXPENSES UNDER THESE CONDITIONS, YOU SHOULD FILE AN OBJECTION WITH THE COURT SO STATING.**

(The Notice at 3). (Emphasis in original).  Objections were to be received by the Court no later than June 16, 2008.  (*Id.*).  On June 2, 2008, Defendants certified that notice of the proposed Fee Settlement terms and of the opportunity to submit written objections to those terms and to the prospect of Class Counsel being awarded future monitoring fees in the absence of further notice had been provided to all Class members as directed by the Court.  (Docket No. 474).  According to Defendants' certification, true and correct copies of the Notice were mailed to, *inter alia*, every Class member above the age of 14 and every approved foster parent as of the date that Class notice was issued.  (*Id.*).

No competent objections pursuant to Rule 23(h)(2) were submitted.  Accordingly, on August 7, 2008, this Court entered a Consent Order approving the Fee Settlement.  (Docket No. 480).

Class Counsel has been actively monitoring and enforcing the Remedial Order since its entry in January 2008.  In this unopposed motion, the Plaintiffs seek court approval for a negotiated award of fees and expenses incurred on behalf of Plaintiffs by Plaintiffs' Counsel from January 5, 2008 through January 4, 2009.  An award of fees and expenses in the amount requested is reasonable and appropriate under the circumstances, as detailed in Section I, *infra*.  The motion should therefore be granted.

4

As a further matter requiring the Court's attention, the Federal Rules of Civil Procedure 23(h) provides that notice of a motion for attorneys' fees and non-taxable costs "must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Plaintiffs address the applicability of this notice provision to this lawsuit in Section II, *infra*. Plaintiffs believe that while their current fees and expenses application—an unopposed motion in an injunctive civil rights institutional reform action seeking fees and expenses in connection with post-settlement monitoring and enforcement activities—is not the type of "claim for award" contemplated by the new Rule 23(h) as requiring class-wide notice, the Class has been previously provided with sufficient notice and opportunity to object.

<u>**Argument**</u>

**I.    The Court Should Award Plaintiffs the Reasonable
<u>Attorneys' Fees and Expenses Negotiated by the Parties</u>**

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, provides that in federal civil rights cases, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The purpose of Section 1988 "is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, p.1 (1976)). A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429 (1983) (quoting S. Rep. No. 94-1011, p.4 (1976)); *Riley v. City of Jackson, Miss.*, 2 F. Supp. 2d 864, 871 (S.D. Miss. 1997) ("'absent special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course*.'" (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983) (Emphasis in

original)). Having secured a court-ordered settlement for the Plaintiff Class, there is no dispute that Plaintiffs are prevailing parties for purposes of Section 1988. *See Maher v. Gagne*, 448 U.S. 122, 129 (1980); *Walker v. City of Mesquite*, 313 F.3d 246, 249 (5th Cir. 2002) (recognizing consent decree as creating prevailing party status for plaintiffs).

It is well-settled that reasonable attorneys' fees and expenses incurred in monitoring and enforcing the implementation of a consent decree are generally reimbursable under Section 1988. *See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986); *Walker v. U.S. Dep't. of Hous. And Urban Dev.*, 99 F.3d 761, 767 (5th Cir. 1996) (". . . [m]onitoring a consent judgment previously entered entitles a plaintiff to attorneys' fees"); *Miller v. Carson*, 628 F.2d 346, 348 (5th Cir. 1980) (holding that a fee award to plaintiffs' counsel for work monitoring post-verdict compliance with prison conditions order was proper); *Cooper v. Hopkins*, 945 F. Supp. 940, 948 (S.D. Miss. 1995) (holding that Counsel's work in enforcing judgment in prisoners' civil rights case was properly compensable). Legal work necessary to secure an award of fees is also compensable. *Volk v. Gonzalez*, 262 F.3d 528, 536 (5th Cir. 2001) (". . . [i]t is well settled that fees-on-fees are recoverable under § 1988.") (citing *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir.1985)).

As detailed below, the Remedial Order specifically contemplates that Plaintiffs' Class Counsel would be undertaking a vigorous role in its monitoring and enforcement. The fact that the Parties have agreed on reasonable fees and expenses to be awarded to Plaintiffs' Class Counsel for their work in compliance with the Order weighs strongly in favor of this motion. *See Jones v. Amalgamated Warbasse Houses*, *Inc.,* 721 F.2d 881, 884 (2d. Cir. 1983) (". . . [a]n arm's length negotiated agreement among the parties [on

6

fees] weighs strongly in favor of approval"); *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980) (recognizing in the fee award context the "general policy of the law to favor settlements"); *see also* FED. R. CIV. P. 23(h), advisory committee note (2003 Amendments) ("Courts have also given weight to agreements among the parties regarding the fee motion . . . .").

### A. Plaintiffs' Counsel has been Engaged in Significant Monitoring and Enforcement Activity

The Remedial Order requires DFCS to meet specific professional performance standards regarding the provision of care and services to foster children and to meet various child well-being outcome measures, both within five years. Also within that time frame, DFCS is required to become accredited by the Council on Accreditation ("COA"), an independent national organization that establishes accreditation standards for the provision of child welfare services. (Remedial Order at § IV).

The Remedial Order contemplates that Plaintiffs actively monitor Defendants' compliance with the terms of the Order. Plaintiffs are to have "access, through the Monitor, to all of the information made available to the Monitor, and to all other information related to ensuring compliance with and enforcing" the Remedial Order. (*Id.* at § IV.E). If Defendants fail to comply with any of its obligations under the Order, Plaintiffs can initiate negotiations with the Defendants to reach agreement on corrective actions. (*Id.* at § VII.B). If no agreement can be reached, or non-compliance continues, Plaintiffs may seek Court enforcement. (*Id.*) Through these provisions, Plaintiffs are able to closely monitor Defendants' compliance with each provision in the Order and to ensure that the benefits of the Order inure to the Plaintiff Class. The Court retains

jurisdiction to enforce the Remedial Order until Defendants comply with all of its provisions. (*Id.* at § VII.C).

The Parties have also entered into separate Service Agreements for each of the Named Plaintiffs who remained in state foster care custody as of May 17, 2007, the date this Court approved the Stipulated Settlement. (Docket No. 451). These Service Agreements require Defendants to provide permanency and independent living services to the Named Plaintiffs and provide for the ongoing monitoring of their cases by Plaintiffs' Counsel. As with the Remedial Order, the Service Agreements contemplate an active monitoring role by Plaintiffs' Counsel. The Service Agreements each require Defendants to advise Plaintiffs' Counsel of any significant events or developments concerning the Named Plaintiffs, to produce to Plaintiffs' Counsel quarterly updates of each of the Named Plaintiffs' DFCS case files and to meet and confer with Plaintiffs' Counsel regarding the Named Plaintiffs. (*Id.*).

The detailed time records attached to the Declarations of Marcia Robinson Lowry and Stephen Leech as Exhibit 1-Attachment B and Exhibit 2-Attachment A, respectively, reflect the ongoing and active monitoring work that Plaintiffs' Counsel has undertaken in the year since this Court's approval of the Remedial Order.

### 1. Communication with State Defendants and the Monitor

Class Counsel has been in frequent communication with the Defendants since the Remedial Order went into effect, by telephone, e-mail, and in writing. On a number of occasions, in the interest of efficiency and productivity, Children's Rights' attorneys have traveled to Mississippi for face-to-face discussions with Defendants, the Monitor and in

some instances members of the COA.  Meetings with the Parties have also taken place in New York City and in the Monitor's Washington, D.C. office.

Defendants' obligations in the first year of the reform effort focused primarily on rebuilding the infrastructure of the child welfare agency.  One of the first requirements of the Order is that Defendants "hire and maintain a director of DFCS who meets the Plan's requirements for the position."  (Remedial Order at § II.A.1.b).  Much of the early communication after entry of the Remedial Order concerned Defendants' protracted efforts to select a qualified director, and, once finally in place, the director's efforts to undertake a substantial reorganization of the DFCS management structure.  Significant communication by Class Counsel with Defendants has also focused on the initial assessments DFCS must undergo as the first steps in the lengthy accreditation process. (Ex. 1 ¶ 16).

At the close of the first year, the Parties were engaged in vigorous discussions regarding Defendants' delay in fulfilling its obligations under the First Year Implementation Plan and the timing for negotiating the Second Year Implementation Plan.  Other subjects of communication between the Parties included the tragic homicides of three unrelated children in Mississippi, all of whom had histories of receiving DFCS services. (*Id.* ¶ 17 ).

### 2. Communication with the Monitor and Review of Data Provided by the Defendants

Post-judgment monitoring and enforcement has required ongoing, regular communication between Class Counsel and the Monitor regarding the interpretation of the Remedial Order, Plaintiffs' enforcement priorities and the scope of the initial monitoring reports.  Class Counsel has also spent a substantial amount of time discussing

9

with the Monitor concerns about the pace of Defendants' compliance with the immediate and short-term actions required by the Remedial Order as well as concerns about DFCS staffing both in the central office and out in the field. (Ex. 1 ¶ 18).

Plaintiffs' post-judgment monitoring work has entailed extensive document review, including the review of more than 4,000 pages of compliance data produced by Defendants, reports issued by the Council on Accreditation, Mississippi Department of Human Services ("MDHS") budget documents and DFCS case records regarding child fatalities. (*Id.* ¶ 19).

### 3.    Communication with Child Welfare Stakeholders

An essential duty of Class Counsel is to seek out and investigate independent sources of information as to the functioning of DFCS and its ability to comply with the Remedial Order's requirements. Class Counsel has done so, principally by maintaining ongoing communication with child welfare stakeholders across the State. Stakeholders and Plaintiffs' Counsel have shared critical information about the status of the Remedial Order's implementation, the monitoring process and about DFCS functioning at the front-line county level. (*Id.* ¶ 20). These communications, which are all essential to Class Counsel's efforts to ensure that the benefits of the Remedial Order are realized by the Plaintiff Class, have taken place in writing, by telephone, and, on occasion, in person in Mississippi. (*Id.*).

### 4.    Monitoring Defendants' Compliance with the Named Plaintiff Service Agreements

Plaintiffs' Counsel has reviewed the Named Plaintiffs' case file updates provided quarterly by Defendants pursuant to each of the Service Agreements, and spoken regularly with the Named Plaintiffs, both in person and on the telephone, regarding

various aspects of the care and services that they are receiving in Defendants' custody. (Ex. 1 ¶ 21). The Parties have been in frequent, and at times daily, communication about a number of Named Plaintiffs' service needs that have arisen since the Service Agreements were reached. Among the service needs Plaintiffs' Counsel has addressed on behalf of the Named Plaintiffs are the need for a less restrictive and more suitable foster care placement, the need for additional and/or different medical and psychological services and the need for independent living services. (*Id.*).

### B.     Fees-Related Work

In reaching the Fee Settlement approved by this Court in May 2008, Plaintiffs' Counsel compiled and carefully reviewed many thousands of pages of time and expense records to ensure both consistency and accuracy. In this review, Plaintiffs' Counsel also identified and, in the exercise of reasonable billing judgment, excluded those entries that might be viewed as excessive, redundant, or otherwise unnecessary. Counsel has also spent time researching fee issues and drafting the motion and papers submitted in support of the request for court approval of the initial Fee Settlement. (Ex.1 ¶ 22).

### C.     The Amount of Attorneys' Fees and Expenses Negotiated by the Parties is Reasonable

Plaintiffs' Counsel is entitled to compensation for all hours reasonably expended in post-judgment monitoring and enforcement activities as well as hours reasonably expended in fee-related work. *See Walker,* 99 F.3d at 767; *Cooper*, 945 F. Supp. at 948; *Volk*, 262 F.3d at 536. "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003). The resulting product is known as the

11

lodestar.  *Blum*, 465 U.S. at 888; *Mid-Continent Cas. Co.* v. C*hevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000); *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir.1997).

As demonstrated above, the work for which Plaintiffs request compensation was reasonably performed and necessary to secure the benefits of the Remedial Order for all Class member children.  (Ex. 1 ¶ 23).  Plaintiffs' attorneys maintained contemporaneous and specific records of the monitoring and enforcement work performed on this case for which they seek compensation. (*Id*. ¶ 9).  These records, submitted as Attachment B to the Lowry Declaration and Attachment A to the Leech Declaration, provide a detailed day-by-day account of the work performed by each individual, indicating the date of the work, the substance of the work, and the time expended.  The Court is also respectfully referred to the Lowry Declaration for a detailed discussion of the various internal record-keeping and billing practices of Children's Rights.  (*Id.*  ¶¶ 7-14).  Class Counsel's time entries contain sufficient detail to demonstrate that the tasks performed were necessary to the effective enforcement and monitoring of the Remedial Order, and that the hours were reasonably expended.  *See Hensley*, 461 U.S. 424, 437 n.12 ("Plaintiff's Counsel . . . is not required to record in great detail how each minute was expended."); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 327 (5th Cir. 1995)(". . . we are mindful that practical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.").

Class Counsel have made a concerted effort throughout the post-judgment period to keep the number of staff working on the case to a minimum and to make work

assignments appropriate to individual attorneys' and paralegals' levels of experience. (Ex. 1 ¶ 11). All time entries have been carefully reviewed, and Class Counsel has excluded a total of 303.24 hours from this application that might be considered excessive, redundant, or otherwise unnecessary to enforcing the Remedial Order. (Ex. 1 ¶ 10). Entries that might be deemed too vague have similarly been excluded. (*Id*.) The 303.24 hours excluded from this application in the exercise of billing judgment represent $45, 276.57 in potential fees, for which Plaintiffs do not seek compensation.

The hourly attorney and paralegal rates agreed upon by the Parties for Class Counsel's post-judgment work are the same rates used to calculate the agreed-upon fee awarded for Class Counsel's work on behalf of the Plaintiffs through the fairness hearing. (Ex. 1 ¶ 13). These rates, which are below Class Counsel's regular rates and the prevailing community attorney rates,[1] raised no objections by any Class member and were deemed reasonable by this Court in its approval of Plaintiffs' initial unopposed motion for attorneys' fees (Docket No. 480). Plaintiffs' Counsel's attorney and paralegal hourly rates are reasonable.

### D. The Expenses to be Paid to Plaintiffs Pursuant to the Parties' Agreement are Reasonable

As stated by the Fifth Circuit, ". . . [a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of La. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). In support of Plaintiffs' request for

---

[1] *See* Plaintiffs' Memorandum in Support of Plaintiffs' Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorneys' Fees and Order of Notice to the Class, Docket No. 477, at 8.

13

reimbursement of their out-of-pocket expenses, Plaintiffs submitted a detailed list of all expenditures sought. (Ex. 1 ¶ 12). The majority of the out-of-pocket expenses are associated with the trips that Children's Rights attorneys made to Mississippi for monitoring-related meetings. Plaintiffs' Counsel made a concerted effort to minimize the number of these trips as well as their cost, and all trips made were necessary to the effective and successful monitoring of this case. (*Id*. ¶¶ 12, 14).

For all of the above reasons, Plaintiffs submit that the Court should approve the reimbursement amount negotiated by the Parties for Plaintiffs' attorneys' fees and related expenses.

## II.     The Notice Pursuant to Rule 23(h)(1) is not Necessary here

Federal Rule of Civil Procedure 23(h) provides that notice of a motion for reasonable attorneys' fees and nontaxable costs "must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). The notice requirement is clearly designed to ensure that Class members receive notice of an application for attorneys' fees and expenses covering costs through settlement or judgment. Accordingly, following the settlement of this lawsuit, when the Parties had reached a fee agreement for work completed by Class Counsel through the January 4, 2008 fairness hearing, notice was provided to the Class setting forth the material terms of the proposed Fee Settlement. In bold face and capital type the Notice also alerted Class members that Class Counsel may from time to time seek an award of additional fees and expenses for post-judgment compliance work and that additional notice of such fee requests may not be provided. The Notice directed Class members who opposed Class Counsel being awarded fees for enforcement work without

14

further notice to file an objection with this Court. (The Notice at 2). Not a single objection to monitoring-related fees was filed with the Court.

The Rule 23(h) is silent on whether the notice requirement is meant to apply to the distinct situation of periodic applications for attorneys' fees and expenses for post-judgment enforcement and monitoring of a consent decree, and Class Counsel's research has not revealed any published decisions from courts within the Fifth Circuit concerning the applicability of the Rule 23(h) notice requirements in this context. Several federal district courts elsewhere have, however, concluded that the notice requirement does not apply under similar circumstances. For example, in *Brian A. v. Bredesen*, No. 3:00-0445 (M.D. Tenn. Feb. 4, 2005), the district court found:

> [I]n a case such as this where Plaintiffs periodically submit, and the Court reviews, requests for fees and expenses concerning post-judgment monitoring and enforcement of a consent decree pursuant to 42 U.S.C. § 1988, application of Rule 23(h) should not require approval of notice, publication and a hearing on each such periodic request.

*Id.* at 2 (order granting motion for attorneys' fees and expenses). The District Court reasoned that "[p]roviding notice to the class is likely to be burdensome and costly, especially to Defendants who bear the burden of notifying all children in custody . . . and [who] may ultimately be responsible for the 'fees on fees' incurred by Plaintiffs in connection with the preparation and dissemination of notice and attendance at any hearing held in connection with such notice." *Id.*; *accord Jeanine B. v. Doyle*, No. 93-C-547 at 1 (E.D. Wis. May 23, 2005) (order granting motion for attorneys' fees and expenses) (". . .[f]urther notice to the Class of periodic fee applications for subsequent monitoring and/or enforcement work by Plaintiffs' Attorneys would be unduly burdensome and is not necessary under Rule 23(h)," where notice of first motion for

15

attorneys' fees and expenses had previously been made); *LaShawn A. v. Williams*, No. 89-CV-1754 (TFH) at 2 (D.D.C. Nov. 2, 2004) (order granting motion for attorneys' fees and expenses) ("Rule 23(h) does not apply in [a] longstanding case . . . in which there has been periodic submission and review of requests for fees, expenses and costs in connection with post-judgment monitoring and enforcement of a remedial order.  To require strict application of Rule 23(h) in this case would be unduly burdensome."); *Juan F. v. Rell*, No. H89-859 (AHN) at 1 (D. Conn. Oct. 7, 2004) (order granting attorneys' fees and expenses) (same); *cf. G. L. v. Stangler*, No. 77-0242-CV-W-1 at 1 (W.D. Mo. Aug. 20, 2004) (order finding procedure adopted before enactment of Rule 23(h) sufficient) ("Because this case is an adjudicated class action, and because strict application of the new rule [23(h)] would be unduly burdensome, the Court finds that the procedure established in its July 15th [1996] Order comports with Rule 23(h).").[2]

Based on the sound reasoning of the district courts in the above cases, and the fact that the Class was provided specific notice of, and the opportunity to object to, the prospect of Class Counsel being awarded fees for the enforcement of the Remedial Order, Plaintiffs request that this Court hold that further notice of either this motion and any subsequent monitoring fee motions is unnecessary under Rule 23(h) and would be unduly burdensome.  Should the Court decline to do so, Plaintiffs ask that it hold this motion in abeyance and afford Class Counsel the opportunity to direct notice of this motion to Class members.

---

[2] Copies of the orders in *Brian A.*, *Jeanine B.*, *LaShawn A.*, *Juan F.*, and *G.L.* are appended as Exhibits 3, 4, 5, 6 and 7, respectively.

### III.     **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for an award of reasonable attorneys' fees and expenses in the amount of $230,300.88. Plaintiffs also respectfully request that in light of the notice previously provided to the Class regarding monitoring fees and the lack of objections thereto, this Court declare that notice of this motion and any subsequent monitoring fee application to the Class is unnecessary under Rule 23(h) and would be unduly burdensome.

Respectfully submitted, this the 29th day of July, 2009.

/s/ *Shirim Nothenberg*
Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
Jessica Polansky (MBN 45356 *pro hac vice*)
CHILDREN'S RIGHTS
330 7th Avenue, 4th floor
New York, New York  10001
Telephone:  (212) 683-2210

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi  39201
Telephone: (601) 948-8000
Facsimile:   (601) 948-3000

Stephen H. Leech (MBN 1173)
618 Crescent Boulevard, Suite 103
Ridgeland, Mississippi  39157
P. O. Box 3623
Jackson, Mississippi 39207
Telephone:  (601) 607-4172

John Lang (MBN 43987 *pro hac vice*)
Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York  10154

Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29th 2009, I electronically filed the foregoing Plaintiffs' Memorandum in Support of Plaintiffs' Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorneys' Fees and Order of Notice to the Class with the Court using the ECF system, which sent notification of such filing to the following:

>Dewitt L. ("Rusty") Fortenberry Jr., Esq.
>Kenya Key Rachal, Esq.
>Gretchen L. Zmitrovich, Esq.
>Ashley Tullos Young, Esq.
>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
>428 I-55 North
>Meadowbrook Office Park
>Jackson, Mississippi 39211
>(601) 351-2400
>
>Harold E. Pizzetta, III, Esq.
>Assistant Attorney General
>General Civil Division
>Carroll Gartin Justice Building
>430 High Street
>Jackson, Mississippi  39201
>
>*Attorneys for Defendants Haley Barbour, et al.*

/s Shirim Nothenberg