IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


OLIVIA Y., et al.                                                    PLAINTIFFS


v.                                              CIVIL ACTION NO. 3:04CV251LN


HALEY BARBOUR, as Governor of the State of Mississippi, et al.        DEFENDANTS

---

**AGREED ORDER**

---

        This day this cause came on to be heard on the joint petition of the Plaintiffs and
Defendants (collectively, "the Parties").  The Parties agree as follows:

1.  Pursuant to the terms of Section VII.B of the Mississippi Settlement Agreement
    and Reform Plan ("Settlement Agreement"), Plaintiffs placed the Defendants on
    notice of noncompliance with the terms of the Settlement Agreement and the
    Period 2 Annual Implementation Plan on April 9, 2010.
2.  The Parties agree that this Order is corrective action pursuant to Section VII.B of
    the Settlement Agreement and that the requirements of Sections I.A and I.B of the
    Settlement Agreement are deferred until September 1, 2010.  The period
    beginning May 1, 2010, through September 1, 2010, is herein referred to as the
    "Bridge Period."
3.  Defendants will immediately contract with the Center for the Support of Families
    ("CSF") for additional technical assistance in management and planning activities
    associated with meeting the requirements of the Settlement Agreement.
4.  Beginning immediately and no later than September 1, 2010, Defendants, after
    consultation with CSF, will employ persons to fill the following positions as
    described in CSF's March 25, 2010, proposal at pages 2-3:
    a.    Field Operations Director;
    b.    Policy Director;
    c.    Resource Development Director;
    d.    Training Director;
    e.    Child Welfare Practice Specialist;
    f.    MACWIS staff consisting of a Senior Business Analyst, Business
          Systems Analyst I, and Systems Administrator II;
    g.    Data Analyst;
    h.    Four CQI Positions; and,
    i.    Two Practice Model Coaches/Trainers.

1

EXHIBIT

tabbies

1

5. By September 1, 2010, Defendants will modify their contract with CSF to include the federal fiscal assessment as described in Section I.7.a of the Period 2 Annual Implementation Plan.

6. By September 1, 2010, Defendants will issue a request for proposals for a MACWIS assessment as described in Section I.5.c of the Period 2 Annual Implementation Plan.

7. Beginning immediately and completed no later than September 1, 2010, Defendants, with CSF's assistance, will:

   a. Provide the reports listed in Exhibit A, attached hereto, to Plaintiffs' counsel and the Federal Court Monitor on the dates specified in Exhibit A and subsequently update each report and provide it to Plaintiffs' counsel and the Federal Court Monitor every 30 days thereafter;

   b. Provide training to caseworkers engaged in maltreatment investigations regarding maltreatment investigations as follows:
      i. By June 30, 2010, develop a curriculum for a statewide training, approved by CSF, regarding how to conduct a maltreatment investigation, develop a safety plan, and implement a safety plan;
      ii. By July 16, 2010, finalize a written plan for conducting the trainings specified in 7.b.i. for each region, including identification of the following: the trainers who will conduct the training sessions, the trainees who will attend the training sessions, and the dates for each training session; and
      iii. By September 1, 2010, provide the statewide training to all caseworkers engaged in maltreatment investigations pursuant to the requirements of this subsection;

   c. Complete the following Practice Guides by the following dates:
      i. By June 14, 2010, complete the Mobilizing Appropriate Services Timely, Individualized Case Planning, and Strengths and Needs Assessments practice guides;
      ii. By July 16, 2010, complete the Assuring Safety and Managing Risks, Preserving and Maintaining Connections, and Involving Children and Families in Case Activities and Decision Making practice guides; and
      iii. By September 1, 2010, complete the Interim Supervisory Protocol, Caseworker Visits, and Working with the Education System practice guides;

   d. Begin to revise and expand the Policy and Procedure Manual to incorporate policy consistent with the above Practice Guides, Practice Model implementation, CSF assessment recommendations, and the requirements set forth in Section II.B of the Settlement Agreement, as follows:
      i. By June 11, 2010, develop a schedule by which each section of the Policy and Procedure Manual will be developed and finalized;

2

        ii.      By September 1, 2010, complete the Protection section of the Policy and Procedure Manual; and

        iii.     By September 1, 2010, complete the Permanency section of the Policy and Procedure Manual;

e.     By September 1, 2010, provide detailed statewide resource development plans that include timelines for plan implementation within the twelve months following completion of the plan and action steps that address a) mental health services, b) reunification services and c) the recruitment and retention of therapeutic and non-therapeutic resource home placements;

f.     Address the placement of foster children in unlicensed relative homes as follows:

        i.       By June 16, 2010, identify all relative placements that are unlicensed and in which a foster child class member resides as of March 1, 2010, and provide, in writing, a list of each unlicensed relative placement and the name and date of birth of the foster child in that placement to the Federal Court Monitor and Plaintiffs' counsel; and

        ii.      By July 16, 2010:

                a.     For all placements identified in 7.f.i., identify all placements in which there has been a previous report of child maltreatment and provide, in writing, a list of each placement in which there has been a previous report of child maltreatment and whether it was evidenced to the Federal Court Monitor and Plaintiffs' counsel; and

                b.     Develop an expedited licensure process for relative placements, including waivers of non-safety related licensure standards;

        iii.     By August 2, 2010:

                a.     Employ or otherwise permanently assign a qualified person to serve as a Foster Care/Adoption Unit Director; and

                b.     Develop a schedule specifying the dates by which a) all relative placements identified in 7.f.i. that meet the requirements of the expedited licensure process are licensed, and by which b) all children who have been living in relative placements that do not meet the requirements of the expedited licensure process are moved into licensed and appropriate foster home placements. The schedule shall ensure that all placements that have been the subject of a prior evidenced report of maltreatment shall be considered for licensure on a priority basis;

<div style="margin-left: 3em;">

iv.    By September 1, 2010:

      a.    Begin implementing the expedited licensure process outlined in 7.f.ii.b. for unlicensed relative placements consistent with the schedule developed pursuant to 7.f.iii.b.

      b.    Complete the expedited licensure process outlined in 7.f.ii.b. for all unlicensed relative placements identified in 7.f.ii.a. in which there has been a previous evidenced report of child maltreatment consistent with the schedule developed pursuant to 7.f.iii.b.

g.    By June 14, 2010, identify all foster children who received intensive in-home services in the last year and whose services were terminated for a non-therapeutic reason, and by September 1, 2010, provide all such children with alternative therapeutic care that meets the child's needs that had been served through their intensive in-home services, if those services remain therapeutically necessary; and

h.    By August 2, 2010, develop and begin implementing a detailed plan to recruit and retain sufficient DFCS professional and support staff as necessary to comply with the caseload requirements specified in section II.A.2.a of the Settlement Agreement. The plan shall identify specific steps, strategies, financial resources, and short- and long-term staffing goals with related timeframes.

</div>

8. Defendants shall report to Plaintiffs and the Federal Court Monitor on their status regarding the provisions of this Order prior to the close of business on the sixteenth day of each month beginning June 16, 2010, and on September 1, 2010. On July 23, 2010, and September 10, 2010, the Federal Court Monitor shall issue a report on her findings regarding the extent to which the Defendants' actions comport with their obligations under the provisions of this Order.

9. Should Plaintiffs determine that Defendants substantially complied with the provisions of this Order, the Parties shall immediately thereafter negotiate a Period 3 Annual Implementation Plan.

10. Should the Plaintiffs determine that Defendants are not substantially complying with any provision of this Order, or that there is an emergency posing an immediate threat to the health or safety of youths (but not isolated events or developments related to any individual class member), Plaintiffs may, without further notice, proceed with enforcement action.

11. Nothing in this Order shall be construed to preclude Plaintiffs from seeking judicial relief for any violation of the Period 2 Annual Implementation Plan or the Period 2 requirements of the Settlement Agreement and Reform Plan at any time following the conclusion of the Bridge Period or following the initiation of an enforcement action by Plaintiffs pursuant to paragraph 10 of this Order.

12. By agreeing to this Order, Defendants do not waive their right to assert any and all defenses should Plaintiffs proceed with enforcement action.

SO ORDERED this the _____ day of June, 2010.

 

 

_____
TOM S. LEE, SENIOR JUDGE

 

 

AGREED:

 

/s/ Dewitt L. ("Rusty") Fortenberry, Jr.
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB # 99227)
Ashley Tullos Young (MSB # 101839)
BAKER, DONELSON, BEARMAN, CALDWELL &
      BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Harold Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*DEFENDANTS' COUNSEL*

 

/s/ Shirim Nothenberg
Shirim Nothenberg (MBN 43990 *pro hac vice*)
Marcia R. Lowery (MBN 43991 *pro hac vice*)
Jessica Polansky (MBN 45356 *pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, 4th Floor
New York, NY 10001
Telephone: (212) 683-2210

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

John Lang (MBN 43987 *pro hac vice)*
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*