IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


OLIVIA Y., *et al*.                                                                          PLAINTIFFS



v.                                                         CIVIL ACTION NO.  3:04CV251LN



HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*        DEFENDANTS


### THE COURT MONITOR'S STATUS REPORT TO THE COURT REGARDING THE JUNE 10, 2010 AGREED ORDER FOR CORRECTIVE ACTION


This status report summarizes the Court Monitor's interim findings regarding the extent to which defendants' actions comport with their obligations under the June 10, 2010 Agreed Order ("Agreed Order").  This report is preliminary.  As explained below, defendants have made very significant progress toward meeting requirements in the Agreed Order on a timely basis.  The Monitor will file a comprehensive report concerning this matter during September 2010.

### I. BACKGROUND

The Mississippi Settlement Agreement and Reform Plan ("Settlement Agreement"), approved by the Court on January 4, 2008, includes standards and outcomes the defendants are required to satisfy by January 4, 2013, through an incremental remedial process that measures progress in terms of annual benchmarks and interim milestones.  Annual implementation plans, which the parties are required to jointly develop, are incorporated into the Settlement Agreement.

These plans enable the Court and the parties to measure progress over discrete time periods, according to clearly defined standards.

The first implementation plan, referred to as the Period 1 IP, extended from January 4, 2008 to April 30, 2009.[1] As detailed in the Monitor's June 2009 report, the pace of progress during Period 1 did not meet the Settlement Agreement's requirements.[2] For this reason, the report noted that the defendants would need to accelerate and intensify their efforts to achieve the required systemic reforms within the Settlement Agreement's five-year timetable. Because the Mississippi Department of Human Services ("MDHS") Division of Family and Children's Services ("DFCS") had a relatively new and promising leadership team, the Monitor concluded that substantial progress during Period 2 was likely if the reform initiative was adequately resourced and appropriately managed.[3]

Period 2 began on May 1, 2009 and ended on April 30, 2010. An outline of the Monitor's preliminary findings related to Period 2 was submitted to the parties during February 2010. The outline indicated that the majority of Period 2 requirements were not satisfied. The Monitor's findings concerning Period 2 will be described, in further detail, in a report that the Monitor expects to file in the record during August 2010.[4]

---

[1] The parties filed a joint motion to extend the time to file the Period 2 Implementation Plan [hereinafter Period 2 IP]. Agreed Motion for Consent Order Extending Time to File the Year Two Implementation Plan, December 30, 2008. In a consent order filed on January 6, 2009, the court enlarged the deadline for filing the Period 2 IP to April 1, 2009 and extended the term of the Period 1 IP until such time as the Period 2 IP was signed by the parties and incorporated into the Settlement Agreement. Consent Order, filed January 6, 2009 ¶¶ 6-7. A March 27, 2009 consent order further enlarged the deadline for filing the Period 2 IP to May 1, 2009.

[2] *The Court Monitor's Report to the Court Regarding Defendants' Progress toward Meeting Period 1 Requirements*, filed June 5, 2009, at 2.

[3] *Id.*

[4] The Monitor intends to provide a draft of the report regarding Period 2 to the parties for review and comment at the end of July 2010. The Monitor will consider the parties' comments, conduct follow up investigation and data analyses, if indicated, and thereafter finalize the report.

On April 9, 2010, pursuant to §VII.B. of the Settlement Agreement,[5] plaintiffs provided defendants with written notice of noncompliance with the Settlement Agreement and the Period 2 IP. Thereafter, the parties finalized an agreement related to corrective action. The agreement was approved by the Court in the Agreed Order.

## II.  THE JUNE 10, 2010 AGREED ORDER

The Agreed Order includes a series of requirements the defendants must satisfy by deadlines that are staggered between May 1 and September 1, 2010. The Monitor is required to report on the extent to which defendants meet these requirements on July 23 and September 10, 2010.[6] Given the fact that many key deadlines fall on September 1, 2010, it is contemplated that this July 23 report will serve as an interim status report, and the Monitor's detailed findings will be included in the September 10, 2010 report.

The Agreed Order refers to the four-month period within which all requirements must be satisfied as the "Bridge Period."[7] Conceptually, this period is intended to serve as a bridge between Period 2 and Period 3. The requirements of §I.A.-B. of the Settlement Agreement are deferred during the Bridge Period.[8] Pursuant to the Agreed Order, if plaintiffs determine that defendants have substantially complied with the Agreed Order, the parties are required to

---

[5] This provision states:
> If Plaintiffs believe that Defendants have failed to comply with any obligation under this Plan or an annual implementation plan, Plaintiffs will, prior to seeking judicial action to enforce the terms of this Plan or an annual implementation plan, give written notice of non-compliance to the State. Within 30 calendar days of Plaintiffs' notice of non-compliance, Defendants shall submit a written response to Plaintiffs. Plaintiffs agree to work in good faith with the State to agree on necessary corrective actions and avoid enforcement action, and may not initiate court action for 60 days from the date of Plaintiffs' non-compliance notice. However, in case of an emergency posing an immediate threat to the health or safety of youths, Plaintiffs may omit the notice and cure requirements herein before seeking judicial action.

Settlement Agreement §VII.B.
[6] Agreed Order at ¶ 8.
[7] *Id.* ¶ 2.
[8] *Id.*

3

immediately negotiate a Period 3 IP; however, if plaintiffs determine otherwise, or if there is an emergency posing an immediate threat to the health or safety of class members (but not isolated events or developments related to any individual class member), enforcement action may be instituted without further notice.[9]

### III. PRELIMINARY FINDINGS

The Agreed Order requires defendants to address the following matters according to a prescribed schedule: 1) contract with the Center for the Support of Families ("CSF") for technical assistance in management and planning activities and for a fiscal assessment related to federal funding;[10] 2) fill 16 critical positions at DFCS;[11] 3) issue a request for proposals related to an assessment of MACWIS;[12] 4) produce various data reports related to specific substantive requirements:[13] 5) develop the curriculum and related implementation plan for a statewide caseworker training program related to maltreatment investigations and safety plans and conduct the training by a specified date;[14] 6) complete a series of practice guides, protocols and policies;[15] 7) develop statewide resource development plans with specified implementation schedules;[16] 8) implement measures to address the placement of foster children in unlicensed relative homes;[17] 9) provide alternative therapeutic care to foster children who received intensive in-home services that were terminated for non-therapeutic reasons;[18] 10) develop and begin implementing a detailed plan to recruit and retain sufficient DFCS professional and support staff

---

[9] *Id.* ¶¶ 9-10.
[10] *Id.* ¶¶ 3, 5.
[11] *Id.* ¶¶ 4, 7.f.iii.a. The hiring requirements relate to management, training, information technology, data analysis and quality improvement positions.
[12] *Id.* ¶ 6.
[13] *Id.* ¶ 7.a.
[14] *Id.* ¶ 7.b.
[15] *Id.* ¶ 7.c.-d.
[16] *Id.* ¶ 7.e.
[17] *Id.* ¶ 7.f.
[18] *Id.* ¶ 7.g.

to comply with caseload requirements;[19] and, 11) submit periodic written reports to plaintiffs' counsel and the Court Monitor on the status of compliance with the terms of the Agreed Order.[20]

For the most part, the defendants have made demonstrable progress toward satisfying each requirement in the Agreed Order on a timely basis. To defendants' credit, before the Agreed Order was finalized, the CSF contract was expanded to include technical assistance in management and planning activities necessary to meet the Settlement Agreement's requirements.[21] The addition of these services has bolstered defendants' ability to manage initiatives contemplated by the Agreed Order by introducing and/or augmenting experience and expertise in several key areas. For example, CSF has played a critical role in developing the required practice guides and training curriculum as well as in crafting protocols for data validation. Moreover, CSF has helped to guide the development of the required data reports and worked with MDHS/DFCS management to promote improvements at all stages of the process, from data entry through validation.

Collectively, the practice guides, training curriculum and data reports represent a significant body of work that has been completed in a relatively condensed time period. These documents constitute basic tools that are essential to promoting improvements in some aspects of case practice. The Monitor's preliminary review of the practice guides, training curriculum and data reports indicates that defendants have made a very credible effort that substantially surpasses the quality of prior submissions.[22]

Defendants also have made noteworthy progress with respect to other bridge period requirements. MDHS/DFCS launched what appears to be an effective recruitment initiative,

---

[19] *Id.* ¶ 7.h.
[20] *Id.* ¶ 8.
[21] The modification was effective on May 17, 2010.
[22] The Monitor has several questions and/or concerns related to some of defendants' submissions, which will be addressed with the parties. The Monitor will report in further detail on these matters in the September 2010 report.

filling 14 of the 16 required positions in advance of the deadline specified by the Agreed Order.[23] Appropriate candidates have not been identified for two of the positions that must be filled by September 1, 2010;[24] however, defendants report that the interview process is ongoing. Moreover, the contract modification for the fiscal assessment has undergone an internal review as a predicate to final approval, and a revised version of the RFP for the MACWIS assessment has been completed and submitted for approval to the U.S. Department of Human Services, Administration for Children and Families.

Defendants report that they are making appropriate progress on requirements related to licensure, alternative in-home therapeutic care, and the development of the recruitment and retention plan for professional and support staff. The Monitor has interviewed DFCS staff responsible for two of these initiatives, discussed progress on the third initiative with DFCS management, and reviewed related underlying records on a preliminary basis. Additional review, investigation, and analysis will be necessary in order for the Monitor to complete an assessment of defendants' efforts. The results of the Monitor's assessment will be reflected in the September 10, 2010 report.

### IV. CONCLUSION

The defendants have made very significant progress toward meeting requirements in the Agreed Order on a timely basis. The Monitor looks forward to continued progress and will report to the Court and to the parties in September 2010, as required.

---

[23] Defendants report that the positions are either filled or employment offers have been extended and accepted. The Monitor will confirm the status of each position prior to the issuance of the September 2010 report.

[24] The interview process continues for the Training Director and Child Welfare Practice Specialist positions.

Respectfully submitted,

_____/ s /_____
Grace M. Lopes, Court Monitor
1350 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036
(202) 232-8311
gmlopes@oymonitor.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2010, I electronically filed with the Court, using the ECF system, the foregoing Court Monitor's Status Report to the Court Regarding the June 10, 2010 Agreed Order for Corrective Action, which sent notification of filing to the following counsel:

Dewitt L. ("Rusty") Fortenberry Jr., Esq.
Kenya Key Rachal, Esq.
Ashley Tulles Young, Esq.
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
428 I-55 North
Meadowbrook Office Park
Jackson, Mississippi  39211

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi  39201

Marcia Robinson Lowry
Shirim Nothenberg
Jessica Polansky
Children's Rights
330 Seventh Avenue
New York, New York  10001

W. Wayne Drinkwater, Jr., Esq.
Bradley Arant Boult Cummings LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, MS 39201

John Lang, Esq.
Christian Carbone
John Piskora
Loeb & Loeb LLP
345 Park Avenue
New York, New York  10154

                                                       / s /
                                                 Grace M. Lopes