# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

OLIVIA Y., *et al.*                                                                                    PLAINTIFFS

v.                                                            CIVIL ACTION NO.  3:04CV251 TSL-FKB

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*            DEFENDANTS

## MOTION FOR ENLARGEMENT OF TIME TO FILE COURT MONITOR'S REPORT

The Court Monitor ("Monitor") appointed in the above-captioned matter respectfully moves the Court, pursuant to Uniform Local Rule 7.2 of the United States District Courts for the Northern and Southern District of Mississippi, for an extension of time from September 10, 2010 to November 10, 2010, to file the final report on her findings related to the extent to which the defendants' actions comport with their obligations under the provisions of the Agreed Order approved by the Court on June 10, 2010 ("Agreed Order").  The defendants have authorized the Monitor to indicate that they make no representations with respect to their position on this motion.  Plaintiffs do not oppose the motion, but have asked the Monitor to do everything reasonably possible to expedite the filing of the required report.

The Monitor submits that an enlargement of the filing deadline is warranted in light of both the efforts that were associated with finalizing the Monitor's report on defendants' performance during the second required implementation period ("Period 2"), as well as the nature and magnitude of the work that must be completed by the Monitor in order to finalize the report related to the Agreed Order.  The grounds for this motion are set forth, in detail, in the

Memorandum of Points and Authorities that accompanies this motion.  A proposed order is attached hereto.

WHEREFORE, the foregoing motion should be granted.

Respectfully submitted, this 10th day of September, 2010.

/s/ Grace M. Lopes
Grace M. Lopes (MBN 45693 *pro hac vice*)
Court Monitor
1350 Connecticut Avenue, N.W., Suite 1000
Washington, D.C.  20036
(202) 232-8311
gmlopes@oymonitor.org

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2010 the foregoing Motion for Enlargement of Time to File the Court Monitor's Report, Memorandum of Points and Authorities in support thereof, and proposed order were transmitted electronically to the following counsel of record in this matter:

Dewitt L. ("Rusty") Fortenberry Jr.
Kenya Key Rachal
Ashley Tullos Young
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
428 I-55 North
Meadowbrook Office Park
Jackson, Mississippi  39211

Harold E. Pizzetta, III
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

W. Wayne Drinkwater, Jr.
BRADLEY ARANT ROSE & WHITE LLP
188 East Capital Street, Suite 450
Jackson, Mississippi  39201

Marcia Robinson Lowry
Shirim Nothenberg
Jessica Polansky
CHILDREN'S RIGHTS
330 Seventh Avenue
New York, New York  10001

John Lang
John Piskora
LOEB & LOEB LLP
345 Park Ave.
New York, New York  10154

/s/ Grace M. Lopes

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                                        PLAINTIFFS

v.                                                         CIVIL ACTION NO.  3:04CV251 TSL-FKB

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*           DEFENDANTS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ENLARGEMENT OF TIME TO FILE COURT MONITOR'S REPORT**

The Monitor's motion for enlargement of time to file the final report on her findings related to the extent to which the defendants' actions comport with their obligations under the provisions of the June 10, 2010 Agreed Order should be granted for the reasons set forth below.

**I.  BACKGROUND**

In an order dated January 4, 2008, the Court approved The Mississippi Settlement Agreement and Reform Plan ("Settlement Agreement").  The Settlement Agreement addresses the framework for a remedial process that measures progress toward required goals and outcomes over discrete time periods according to clearly defined standards.  Pursuant to the Settlement Agreement, the parties are required to develop annual implementation plans.[1]  Thus far, the defendants have been required to satisfy two implementation plans and a corrective action plan.

The Period 2 implementation plan ("Period 2 IP") began on May 1, 2009 and ended on April 30, 2010.  Pursuant to the Settlement Agreement, the Monitor is required to file a report on defendants' compliance with achieving the terms and interim outcomes of the Period 2 IP

---

[1]  Settlement Agreement §I.B.

following the conclusion of Period 2 ("Period 2 Report").[2] An outline of the Monitor's preliminary findings related to Period 2 was submitted to the parties on February 12, 2010. The outline indicated that as of mid-February 2010, the majority of Period 2 requirements had not been satisfied. On April 9, 2010, pursuant to §VII.B. of the Settlement Agreement,[3] plaintiffs provided defendants with written notice of noncompliance with the Settlement Agreement and the Period 2 IP. Thereafter, as contemplated by the Settlement Agreement, the parties finalized an agreement related to corrective action that is referred to as the "Bridge Plan." The Court approved the Bridge Plan in the June 10, 2010 Agreed Order.

The Bridge Plan requires that defendants implement specified corrective action measures between May 1 and September 1, 2010, a time period that is referred to as the "Bridge Period."[4] The Monitor is required to file two reports on her findings related to the extent to which the defendants' actions comported with their obligations under the provisions of the Agreed Order.[5] The Monitor's initial report was timely filed on July 23, 2010.[6] According to the Agreed Order, the Monitor is required to file the final report on September 10, 2010.[7]

---

[2] *Id.* §VI.B.
[3] This provision states:
> If Plaintiffs believe that Defendants have failed to comply with any obligation under this Plan or an annual implementation plan, Plaintiffs will, prior to seeking judicial action to enforce the terms of this Plan or an annual implementation plan, give written notice of non-compliance to the State. Within 30 calendar days of Plaintiffs' notice of non-compliance, Defendants shall submit a written response to Plaintiffs. Plaintiffs agree to work in good faith with the State to agree on necessary corrective actions and avoid enforcement action, and may not initiate court action for 60 days from the date of Plaintiffs' non-compliance notice. However, in case of an emergency posing an immediate threat to the health or safety of youths, Plaintiffs may omit the notice and cure requirements herein before seeking judicial action.

*Id.* §VII.B.
[4] Agreed Order at 1.
[5] *Id.* §8.
[6] *The Court Monitor's Status Report to the Court Regarding the June 10, 2010 Agreed Order for Corrective Action* [hereinafter July 23, 2010 Report], filed July 23, 2010.
[7] Agreed Order §8.

## II. ARGUMENT

During the Bridge Period, the Monitor prepared a comprehensive report on defendants' performance during Period 2.  A draft version of the report was submitted to the parties for comment on August 5, 2010.  Final comments from the parties were submitted to the Monitor by August 26, 2010.  Thereafter, the Monitor conducted limited follow up research and investigation.  The report was finalized and filed in the record on September 8, 2010.  The Monitor's Period 2 Report is 167 pages in length.  It is supported by 73 exhibits and 418 footnotes.

At the time the parties negotiated the Bridge Plan, the Monitor expressed reservations to the parties about the proposed September 10, 2010 deadline for submission of the Monitor's final report on the Bridge Plan.  The Monitor anticipated that she would be unable to meet the September 10, 2010 deadline because of the demands associated with completing the Period 2 Report and because of the volume of data implicated by the Bridge Plan.  Indeed, the Bridge Plan includes requirements related to the production of data reports concerning 26 categories of Period 2 outcome requirements,[8] the delivery of statewide training to a defined cohort of defendants' employees,[9] the revision of two pivotal sections of the policy and procedure manual for the Mississippi Department of Human Services ("MDHS") Division of Family and Children's Services ("DFCS"),[10] the licensure of unlicensed relative homes,[11] and, the delivery of services to a specifically defined group of class members.[12]

It was the Monitor's understanding that the parties would work collaboratively with her on reevaluating the September 10, 2010 deadline during the course of the Bridge Period.

---

[8] Agreed Order at ¶ 7.a., Ex. A.
[9] Id. ¶ 7.b.
[10] Id. ¶ 7.d.
[11] Id. ¶ 7.f.
[12] Id. ¶ 7.g.

Accordingly, during August 2010, the Monitor advised the parties that she would be unable to file the required Bridge Plan report on a timely basis and that she intended to file a motion requesting enlargement of the September 10, 2010 filing deadline.  In the wake of filing the Period 2 Report, the Monitor has considered the volume of data defendants submitted pursuant to the Bridge Plan.  The data fills nearly two drawers of a full-size lateral file cabinet.  Approximately one-third of these data were received by mail between August 25, 2010 and September 7, 2010, during the period the Monitor was finalizing the Period 2 Report.

In order to complete the report on the Bridge Plan, the Monitor must review and analyze the data the defendants have submitted, complete ongoing investigations associated with several Bridge Plan requirements, interview various DFCS staff, service providers and other child welfare system stakeholders, draft a report, and submit it to the parties for comment.  Thereafter, the Monitor must confer with the parties about their respective comments, conduct any follow up research and investigation that is indicated and finalize the report.  Clearly, the nature of this work and its magnitude establish that the report could not be completed by September 10, 2010.

The Monitor has considered this matter carefully and is confident that she will be able to file the required report on the Bridge Period by November 10, 2010.  This two-month enlargement of the filing deadline will afford sufficient time for the Monitor to review and analyze each of defendants' Bridge Plan submissions, conduct related monitoring activities, complete a draft of the report, consider the parties' comments, make any revisions that appear warranted, and finalize the report.

### III. CONCLUSION

In light of the foregoing, the Court should enlarge the deadline for filing the Monitor's report on the Bridge Plan from September 10, 2010 to November 10, 2010.

Respectfully Submitted,

/s/ Grace M. Lopes_____
Grace M. Lopes (MBN 45693 *pro hac vice*)
Court Monitor
1350 Connecticut Avenue, N.W., Suite 1000
Washington, D.C.  20036
(202) 232-8311
gmlopes@oymonitor.org

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                                     PLAINTIFFS

v.                                                         CIVIL ACTION NO.  3:04CV251 TSL-FKB

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*       DEFENDANTS

## **ORDER**

Upon consideration of the Motion for Enlargement of Time to File Court Monitor's Report, Memorandum of Points and Authorities in support thereof, the parties' respective positions as expressed in the motion, any opposition thereto, and the entire record herein, it is by the Court on this _____ day of _____, 2010, hereby

**ORDERED**, that the Motion for Enlargement of Time to File Court Monitor's Report is hereby **GRANTED**; and it is

**FURTHER ORDERED**, that the time period established by the June 10, 2010 Agreed Order for the Court Monitor to file the report on the Bridge Plan shall be extended from September 10, 2010 to November 10, 2010.

_____
TOM S. LEE
JUDGE

Copies to:

    Dewitt L. ("Rusty") Fortenberry Jr.
    Kenya Key Rachal
    Ashley Tullos Young
    Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
    428 I-55 North
    Meadowbrook Office Park
    Jackson, Mississippi  39211

    Harold E. Pizzetta, III
    Assistant Attorney General
    General Civil Division
    Carroll Gartin Justice Building
    430 High Street
    Jackson, MS  39201

    W. Wayne Drinkwater, Jr.
    BRADLEY ARANT ROSE & WHITE LLP
    188 East Capital Street, Suite 450
    Jackson, Mississippi  39201

    Marcia Robinson Lowry
    Shirim Nothenberg
    Jessica Polansky
    CHILDREN'S RIGHTS
    330 Seventh Avenue
    New York, New York  10001

    John Lang
    John Piskora
    LOEB & LOEB LLP
    345 Park Ave.
    New York, New York  10154

    Grace M. Lopes
    Court Monitor
    1350 Connecticut Avenue, N.W., Suite 1000
    Washington, D.C.  20036