# Exhibit K

FILED

2003 OCT -7 P 12:

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JUAN F., ET AL.

    Plaintiffs,

v.

JOHN G. ROWLAND

    Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

: Civil Action No. H-89-859 (AHN)

: OCTOBER 7, 2003

## STIPULATION

1.     Defendants admit that they are in non-compliance with the outcome measures of the February 19, 2002 Transition/Exit Plan. The provisions of this Stipulation are necessary and appropriate in order to achieve better outcomes for children and families. Therefore, the parties mutually agree as follows:

2.     The Monitoring Order of December 1, 1992, shall be modified to conform to the terms of this Stipulation, and to give the Court Monitor express management authority as set forth below:

- There shall be established a Transition Task Force ("Task Force"), which shall be comprised of the current Court Monitor, D. Ray Sirry, the Commissioner of the Department of Children and Families, and the Secretary of the Office of Policy Management. The Task Force shall assume all decision-making authority having a substantial impact on the safety and welfare of members of the Juan F. class, which authority

is otherwise reserved solely to the Commissioner of DCF pursuant to Connecticut General Statutes Section 17a-6.

- The decisions of the Task Force shall be implemented by the Commissioner of DCF, within the time frames and in the manner specified by the Task Force.

- If the members of the Task Force fail to reach a unanimous decision relating to an issue within its authority, the Monitor shall determine whether or not to certify the issue to the Governor. If the issue is certified, the Governor shall render his decision on the matter within five (5) business days. The decision of the Governor shall be final, subject only to Court review as provided below.

- The Monitor may appeal the Governor's decision to the Court, which may review the decision to determine whether it is in the best interest of the members of the Juan F. class, and is consistent with the principles of the Consent Decree. If the Court determines that the Governor's decision is not in the best interest of the members of the Juan F. class, the Court may reverse or modify that decision. The District Court's decision shall be binding on the parties and not appealable.

- The Monitor, in consultation with the Task Force, shall develop proposed modifications to the outcome measures and standards in the February 19, 2002 Transition/Exit Plan within 60 days of the entry of this order, affording parties an opportunity for input. The Monitor shall develop a definitive Exit Plan and submit it to plaintiffs and defendants, affording them a meaningful opportunity for input. The Monitor's final decision on the outcome measures, standards and Exit Plan shall be binding on all the parties. The Consent Decree, Manuals, and the February 19, 2002 Transition/Exit Plan, except for the Monitoring Order and the District Court's order of July 29, 2003, shall be vacated and replaced by this Stipulation and Order and the Exit Plan described herein, unless the Monitor is unable or unwilling to continue in his capacity as further set forth in this stipulation. The Exit Plan shall terminate on November 1, 2006, and the jurisdiction of the Court over this action shall terminate on that date, unless Defendants have not complied with the Exit Plan.

3. Defendants agree to establish a discretionary funds pool of $1 million for meeting emergency needs of class members pending DCF's completion of a comprehensive needs assessment using a methodology approved by the Monitor.

4. The Monitor and the Governor agree that the Governor will not replace Commissioner Dunbar during the term of this order without prior consultation with the Monitor.

5. If the Monitor becomes unwilling or unable to continue as the monitor, this Stipulation and the Order entered thereon shall become null and void. The Exit Plan referred to above shall continue to be implemented and shall be in full force and effect unless otherwise ordered by the Court.

_____
John G. Rowland, Governor
State of Connecticut

_____
Darlene Dunbar, Commissioner
State of Connecticut
Department of Children and Families

_____
Ann H. Rubin, Esq.
Attorney for Defendants


_____
Marcia Robinson Lowry, Esq.
Ira P. Lustbader, Esq.
Attorneys for Plaintiffs


_____
Martha Stone, Esq.
Attorney for Plaintiffs


RECOMMENDED FOR APPROVAL

_____           10/7/03
D. Ray Sirry, Juan F. Court Monitor   DATE

RECOMMENDED FOR APPROVAL

_____  
Raymond Mancuso, Deputy Court Monitor

10/7/03  
DATE

SO ORDERED

_____  
ALAN H. NEVAS, U.S.D.J.

10/7/03  
DATE