**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JAMES D. JOHNSON, as next friend to**            **PLAINTIFFS**
**Olivia Y., et al.**

**vs.**            **CIVIL ACTION NO.: 3:04cv251LN**

**HALEY BARBOUR, as Governor of the**            **DEFENDANTS**
**State of Mississippi, et al.**

**DEFENDANTS MOTION TO STRIKE THE DECLARATION OF SHIRIM NOTHENBERG**

Defendants file this Motion to Strike stating their objections to the Declaration of Shirim Nothenberg ("Nothenberg Declaration") and respectfully move the Court for an Order striking all or part of that Declaration.

**BACKGROUND**

1. On October 5, 2010, Plaintiffs filed a Motion requesting that this Court find Defendants in contempt and for the appointment of a general receiver with full authority to administer Mississippi's child welfare system [Doc. 511].

2. In support of that Motion, Plaintiffs filed the Nothenberg Declaration [Doc. 515]. A copy of the Nothenberg Declaration is attached hereto as Exhibit "A." It is 42 pages long and consists of 137 paragraphs.

3. Shirim Nothenberg is a member of the State Bar of New York, admitted to practice in this Court *pro hac vice*. A copy of her biography is attached hereto as Exhibit "B." She is a staff attorney with Children's' Right, Inc. and represents the Plaintiffs.

4. Due to the self explanatory nature of this objection, Defendants respectfully request that the Court waive any requirement that a supporting memorandum of law be filed.

## LEGAL STANDARD

5. It is improper for the Court to consider a declaration or portions of which are not competent admissible factual evidence. Statements lacking personal knowledge or those that are not the best evidence should not be considered by the Court, just as statements that are hearsay, self serving, inaccurate, unsubstantiated, speculative, argument, conclusory, opinion, or bias should also not be considered. *See Gary v. Combined Group Ins. Servs., Inc.*, No. 3:08cv228, 2009 WL 2868485 at \*\*5-6 (N.D.Tex. Sept. 4, 2009) and *White v. Lee*, No. 1:09cv255, 2010 WL 2175839 at \*2 (N.D.Miss. May 27, 2010).

## OBJECTION TO THE NOTHENBERG DECLARATION IN ITS ENTIRETY

6. Defendants object to the Nothenberg Declaration in its entirety. Paragraphs 16 through 19 are organized under the heading "**Plaintiffs Established During Litigation That DFCS Deficiencies Caused Children Harm**." Paragraph 20 is under the heading "**Plaintiffs Established During The Litigation That Defendants Knowingly Maintained A Chronically Understaffed Foster Care System**." Paragraphs 21 through 31 are under the heading "**Defendants Have Violated And Continue To Violate The Staffing Provisions Of The Settlement Agreement And The Period Two Implementation** Plan." Paragraphs 32 through 35 are under the heading "**Plaintiffs Established During Litigation That Defendants Failed To Provide DFCS Staff With Adequate Training, Supervision, And Supplies Necessary To Keep Plaintiff Children** Safe." Paragraphs 36 through 50 are under the heading "**Defendants Have Violated And Continue To Violate The Staff Training, Supervision, And Resource**

**Provisions Of The Settlement Agreement And The Period Two Implementation Plan**." Paragraphs 51 through 55 are under the heading "**Plaintiffs established During Litigation That Defendants Failed To Develop A Sufficient Number And Array Of Foster Care Placements And To Develop Adequate Placement Practices To Meet The Known Needs Of Plaintiff Foster Children**." Paragraphs 56 through 65 are under the heading "**Defendants Have Violated And Continue To Violate The Placement Provisions Of The Settlement Agreement And The Period Two Implementation Plan**." Paragraphs 66 and 67 are under the heading "**Plaintiffs Established During Litigation That Defendants Failed To Provide Plaintiff Children With Necessary Health Services**." Paragraphs 68 through 75 are under the heading "**Defendants Have Violated And Continue To Violate The Requirements Of The Settlement Agreement And The Period Two Implementation Plan Regarding Health Services**." Paragraphs 76 through 78 are under the heading "**Plaintiffs Established During Litigation That The Defendants Failed To Timely Move Children Into Safe And Permanent Homes**." Paragraphs 79 through 96 are under the heading "**Defendants Have Violated And Continue To Violate The Permanency Planning Provisions Of The Settlement Agreement And The Period Two Implementation Plan**." Paragraphs 97 through 100 are under the heading "**Plaintiffs Established During Litigation That DFCS Operated Without An Information Or Quality Assurance System Needed To Ensure Child Safety**." Paragraphs 101 through 111 are under the heading "**Defendants Have Violated And Continue To Violate The Child Welfare Data And Quality Assurance Requirements Of The Settlement Agreement And The Period Two Implementation Plan**." Paragraph 112 is under the heading "**Plaintiffs established During Litigation**

**That Defendants Failed To Seek And Utilize Available Funding To Bring Needed Resources To DFCS**."  Paragraphs 113 through 117 are under the heading "**Defendants Have Violated And Continue To Violate Fiscal Management Provisions Of The Settlement Agreement And The Period Two Implementation Plan**."  Paragraphs 118 through 123 are under the heading "**Defendants Have Failed To Adequately Reduce The Frequency At Which Foster Children Are Abused And Neglected**."  Paragraphs 124 through 126 are under the heading "**Requirements Regarding The Immediate Safety Check Of At-Risk Children Remain Unmet**."  Paragraphs 127 through 130 are under the heading "R**equirements Regarding Child Abuse Intake Procedures remain Unmet**."  Paragraphs 131 through 135 are under the heading "**Requirements regarding The Investigation Of Maltreatment Remain Unmet**."  Paragraphs 136 and 137 are under the heading "**Requirements Regarding Abuse In Care Remain Unmet**."

7. Defendants object to the above headings as well as the underlying paragraphs because they are hearsay, speculation, conclusions, argument, and opinion of counsel.

8. Defendants object to Shirim Nothenberg merely reciting documents, reports, pleadings, and discovery.  Such recitations are not sufficient to demonstrate that she has personal knowledge of the underlying statements or claims.

9. Defendants object to statements that certain allegations or claims were established during litigation.  While Plaintiffs' counsel may have intended to present evidence of those allegations or claims during the liability phase of trial, this Court never made findings of fact.  This matter was settled prior to trial and the Stipulated Settlement Agreement specifically states that "…the Defendants do not admit to the truth or validity of any

claim made against them by Plaintiffs."  *See* Stipulated Settlement Agreement at ¶1, attached hereto as Exhibit "C."

10. The headings as well as the statements in the underlying paragraphs are not admissible factual evidence.

11. Defendants object to the Nothenberg Declaration in its entirety and move the Court to strike that Declaration in its entirety.

### OBJECTIONS TO THE NOTHENBERG DECLARATION, PARAGRAPH BY PARAGRAPH

12. Due to Shirim Nothenberg continuously quoting or reciting selected portions of reports, documents, pleadings or discovery, Defendants offer a continuing objection to those portions of the Declaration.  Merely reciting selected portions of documents, reports, pleadings or discovery does not make those recitations admissible factual evidence nor does it demonstrate that Shirim Nothenberg has personal knowledge of the claims presented in those statements.  The statements are hearsay and argument of counsel.

13. Defendants object to the opinion or ultimate conclusion offered in paragraph 137 of the Nothenberg Declaration because it is argumentative, speculative, and self serving. Shirim Nothenberg is not qualified as an expert to offer an opinion or conclusion as to Defendants' leadership and management decisions or their alleged failures as managers or leaders.  It is improper for the Court to consider an opinion or ultimate conclusion from a person who is not competent as a witness.

14. Defendants object to Paragraph 2 of the Nothenberg Declaration because it is conclusory, argumentative, and self-serving opinion.  This Paragraph does not present competent factual evidence.

15. Defendants object to the second sentence of Paragraph 3 of the Nothenberg Declaration because it is conclusory, argumentative and self-serving opinion. This statement is not competent factual evidence.

16. Defendants object to Paragraph 4 of the Nothenberg Declaration because it is hearsay and not the best evidence. These statements are argument, comments, and interpretations of counsel. The Settlement Agreement speaks for itself and this paragraph does not present competent factual evidence.

17. Defendants object to Paragraph 5 of the Nothenberg Declaration because it is hearsay and not the best evidence. These statements are argument, comments, and interpretations of counsel. The Settlement Agreement speaks for itself and this paragraph does not present competent factual evidence.

18. Defendants object to Paragraph 6 of the Nothenberg Declaration because it is hearsay and not the best evidence. These statements are argument, comments, and interpretations of counsel. The Settlement Agreement speaks for itself and this paragraph does not present competent factual evidence.

19. Defendants object to Paragraph 7 of the Nothenberg Declaration because it is hearsay and not the best evidence. These statements are argument, comments, and interpretations of counsel. The Settlement Agreement speaks for itself and this paragraph does not present competent factual evidence.

20. Defendants object to Paragraph 8 of the Nothenberg Declaration because it is hearsay and not the best evidence. These statements are argument, comments, and interpretations of counsel. The referenced reports and documents speak for themselves. Quoting selected

portions of reports out of context is not proper and does not demonstrate personal knowledge. This paragraph does not present competent factual evidence.

21. Defendants object to Paragraph 9 of the Nothenberg Declaration because it is conclusory, argumentative, self-serving opinion, and comment of counsel. The paragraph does not present admissible factual evidence.

22. Defendants object to Paragraph 11 of the Nothenberg Declaration because it is hearsay and not the best evidence. These statements are argument, comments, and interpretations of counsel. The referenced reports and documents speak for themselves. Quoting selected portions of reports out of context is not proper and does not demonstrate personal knowledge. This paragraph does not present competent factual evidence.

23. Defendants object to Paragraph 12 of the Nothenberg Declaration because it is hearsay and self-serving argument of counsel.

24. Defendants object to Paragraph 14 of the Nothenberg Declaration because it is hearsay and not the best evidence.

25. Defendants object to Paragraph 15 of the Nothenberg Declaration because it is conclusory, argumentative, self-serving opinion, and comment of counsel. This paragraph does not present competent factual evidence.

26. Defendants object to Paragraphs 16-20 of the Nothenberg Declaration because they set forth inaccurate information, speculation, and argument of counsel. These paragraphs are hearsay and not the best evidence. Shirim Nothenberg alleges that facts were established during litigation. While Plaintiffs' counsel may have intended to present these allegations during the liability phase of trial, the Court never made findings of fact. This matter was settled and the Stipulated Settlement Agreement specifically states that "…the

   Defendants do not admit to the truth or validity of any claim made against them by Plaintiffs." *See* Stipulated Settlement Agreement at ¶1, attached hereto as Exhibit "C."

27. Defendants object to Paragraphs 21-29 of the Nothenberg Declaration because these paragraphs are hearsay and not the best evidence. These statements are taken out of context and also do not demonstrate personal knowledge. The cited reports speak for themselves. The statements in these paragraphs are the argument of counsel. The statements are not competent factual evidence.

28. Defendants object to Paragraph 30 of the Nothenberg Declaration because it is hearsay and not the best evidence. The paragraph is argument of counsel.

29. Defendants object to Paragraph 31 of Nothenberg Declaration because it is hearsay.

30. Defendants object to Paragraph 32 of the Nothenberg Declaration because it is hearsay. This paragraph consists of self-serving allegations and argument of counsel. The Amended Complaint is not relevant.

31. Defendants object to Paragraphs 33-50 of the Nothenberg Declaration because these paragraphs are hearsay and not the best evidence. These statements are taken out of context and also do not demonstrate personal knowledge. The cited reports speak for themselves. The statements in these paragraphs are the argument of counsel. The statements are not competent factual evidence.

32. Defendants object to Paragraphs 51-55 of the Nothenberg Declaration because these paragraphs are hearsay and not the best evidence. These statements are taken out of context and also do not demonstrate personal knowledge. The cited reports speak for themselves. The statements in these paragraphs are the argument of counsel. The

statements are not competent factual evidence. The Amended Complaint and cited reports are not relevant.

33. Defendants object to Paragraphs 56-58 of the Nothenberg Declaration because they are hearsay and not the best evidence. These paragraphs are self-serving argument of counsel and not competent factual evidence.

34. Defendants object to Paragraphs 59-65 of the Nothenberg Declaration because these paragraphs are hearsay and not the best evidence. These statements are taken out of context and also do not demonstrate personal knowledge. The cited reports speak for themselves. The statements in these paragraphs are the argument of counsel. The statements are not competent factual evidence.

35. Defendants object to Paragraphs 66 and 67 of the Nothenberg Declaration because they set forth inaccurate information, speculation, and argument of counsel. These paragraphs are hearsay and not the best evidence. Shirim Nothenberg alleges that facts were established during litigation. While Plaintiffs' counsel may have intended to present these allegations during the liability phase of trial, the Court never made findings of fact. This matter was settled and the Stipulated Settlement Agreement specifically states that "…the Defendants do not admit to the truth or validity of any claim made against them by Plaintiffs." *See* Stipulated Settlement Agreement at ¶1, attached hereto as Exhibit "C."

36. Defendants object to Paragraphs 68 and 69 of the Nothenberg Declaration because they are hearsay and not the best evidence. These paragraphs are commentary of counsel and not competent factual evidence.

37. Defendants object to Paragraph 70 of the Nothenberg Declaration because it is hearsay and not the best evidence. This paragraph is self-serving argument and comment of counsel as opposed to competent factual evidence.

38. Defendants object to Paragraphs 71-75 of the Nothenberg Declaration because they are hearsay and not the best evidence. These paragraphs are self-serving argument of counsel and not competent factual evidence. The summary of *J.B. v. Barbour* is not relevant.

39. Defendants object to Paragraph 76 of the Nothenberg Declaration because it is hearsay and not the best evidence. This paragraph is self-serving argument and comment of counsel. The Amended Complaint is not relevant.

40. Defendants object to Paragraph 77 of the Nothenberg Declaration because it sets forth inaccurate information, speculation, and argument of counsel. The paragraph is hearsay and not the best evidence. Shirim Nothenberg alleges that facts were established during litigation. While Plaintiffs' counsel may have intended to present these allegations during the liability phase of trial, the Court never made findings of fact. This matter was settled and the Stipulated Settlement Agreement specifically states that "…the Defendants do not admit to the truth or validity of any claim made against them by Plaintiffs." *See* Stipulated Settlement Agreement at ¶1, attached hereto as Exhibit "C."

41. Defendants object to Paragraph 78 of the Nothenberg Declaration because it is hearsay and not the best evidence. This paragraph is self-serving argument and comment of counsel.

42. Defendants object to Paragraph 79 of the Nothenberg Declaration because it is hearsay and not the best evidence.

43. Defendants object to Paragraphs 80-81 of the Nothenberg Declaration because they are hearsay and not the best evidence. These paragraphs are self-serving argument and comment of counsel.

44. Defendants object to Paragraph 82 of the Nothenberg Declaration because it is hearsay and not the best evidence.

45. Defendants object to Paragraphs 83-96 of the Nothenberg Declaration because they are hearsay and not the best evidence. The reports and documents speak for themselves. Portions of the reports are taken out of context and presented as self-serving argument and comment. Merely summarizing reports and documents does not demonstrate personal knowledge.

46. Defendants object to Paragraph 97 of the Nothenberg Declaration because it is hearsay, self-serving argument, and improper comment of counsel. The Amended Complaint is not relevant.

47. Defendants object to Paragraph 98 of the Nothenberg Declaration because it is hearsay and not the best evidence. This paragraph is self-serving argument and comment of counsel.

48. Defendants object to Paragraphs 99 and 100 of the Nothenberg Declaration because they set forth inaccurate information, speculation, and argument of counsel. These paragraphs are hearsay and not the best evidence. Shirim Nothenberg alleges that facts were established during litigation. While Plaintiffs' counsel may have intended to present these allegations during the liability phase of trial, the Court never made findings of fact. This matter was settled and the Stipulated Settlement Agreement specifically states that "…the Defendants do not admit to the truth or validity of any claim made against them

by Plaintiffs." *See* Stipulated Settlement Agreement at ¶1, attached hereto as Exhibit "C." Further, merely quoting reports does not establish personal knowledge.

49. Defendants object to Paragraphs 101-111 of the Nothenberg Declaration because they are hearsay and not the best evidence. These paragraphs are self-serving argument and comment of counsel. Quoting reports does not establish personal knowledge.

50. Defendants object to Paragraph 112 of the Nothenberg Declaration because it sets forth inaccurate information, speculation, and argument of counsel. The paragraph is hearsay and not the best evidence. Shirim Nothenberg alleges that facts were established during litigation. While Plaintiffs' counsel may have intended to present these allegations during the liability phase of trial, the Court never made findings of fact. This matter was settled and the Stipulated Settlement Agreement specifically states that "…the Defendants do not admit to the truth or validity of any claim made against them by Plaintiffs." *See* Stipulated Settlement Agreement at ¶1, attached hereto as Exhibit "C." The Amended Complaint is not relevant and there was never a trial.

51. Defendants object to Paragraphs 113-117 of the Nothenberg Declaration because they are hearsay and not the best evidence. These paragraphs are self-serving argument and comment of counsel.

52. Defendants object to Paragraph 118 of the Nothenberg Declaration because it sets forth inaccurate information, speculation, and argument of counsel. The paragraph is hearsay and not the best evidence. Shirim Nothenberg alleges that facts were established during litigation. While Plaintiffs' counsel may have intended to present these allegations during the liability phase of trial, the Court never made findings of fact. This matter was settled and the Stipulated Settlement Agreement specifically states that "…the Defendants do

not admit to the truth or validity of any claim made against them by Plaintiffs." *See* Stipulated Settlement Agreement at ¶1, attached hereto as Exhibit "C."

53. Defendants object to Paragraphs 119-127 of the Nothenberg Declaration because they are hearsay and not the best evidence. These paragraphs are self-serving argument and comment of counsel. Merely summarizing or quoting reports does not establish personal knowledge.

54. Defendants object to Paragraph 128 of the Nothenberg Declaration because it is hearsay and not the best evidence. The referenced document speaks for itself.

55. Defendants object to Paragraphs 129-132 of the Nothenberg Declaration because they are hearsay and not the best evidence. These paragraphs are self-serving argument and comment of counsel.

56. Defendants object to Paragraph 133 of the Nothenberg Declaration because it sets forth inaccurate information, speculation, and argument of counsel. The paragraph is hearsay and not the best evidence. Shirim Nothenberg alleges that facts were established during litigation. While Plaintiffs' counsel may have intended to present these allegations during the liability phase of trial, the Court never made findings of fact. This matter was settled and the Stipulated Settlement Agreement specifically states that "…the Defendants do not admit to the truth or validity of any claim made against them by Plaintiffs." *See* Stipulated Settlement Agreement at ¶1, attached hereto as Exhibit "C."

57. Defendants object to Paragraphs 134-136 of the Nothenberg Declaration because they are hearsay and not the best evidence.

WHEREFORE, PREMISES CONSIDERED, Defendants object to the Declaration of Shirim Nothenberg and respectfully request the Court to strike it from the record in its

entirety or in the alternative, that the Court enter an Order striking the objectionable portions of the Declaration. Defendants request such other and further relief, in law or in equity, to which they may be entitled.

Respectfully submitted, this the 3rd day of December, 2010.

/s/ Dewitt L. ("Rusty") Fortenberry, Jr.
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB # 99227)
Ashley Tullos Young (MSB # 101839)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Harold Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

**COUNSEL FOR THE DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, Dewitt L. "Rusty" Fortenberry, Jr., do hereby certify that on 3rd day of December, 2010, I electronically filed a true and correct copy of the foregoing document with the Clerk of court using the ECF system which sent notification of such to counsel as follows:

>Shirim Nothenberg
>Marcia Robinson Lowry
>Jessica Polansky
>CHILDREN'S RIGHTS
>330 Seventh Avenue, 4th Floor
>New York, NY  10001
>
>W. Wayne Drinkwater, Jr.
>BRADLEY ARANT ROSE & WHITE LLP
>188 East Capitol Street, Suite 450
>Jackson, MS 39201
>
>John Lang
>John Piskora
>LOEB & LOEB, LLP
>345 Park Avenue
>New York, New York 10154

SO CERTIFIED, this the 3rd day of December, 2010.

/S/ DEWITT L. ("RUSTY') FORTENBERRY, JR.