# Exhibit A

**Laura Mumm**

| | |
|---|---|
| **From:** | Jessica Polansky |
| **Sent:** | Thursday, July 15, 2010 12:15 PM |
| **To:** | Daniel Dobies |
| **Subject:** | FW: Issues Related to MACWIS Remediation |
| **Attachments:** | MIS/MACWIS Schedule of Work ; Re: RE :Interim MIS/MACWIS Remediation and Question Related to Implementation Schedule for Data Repository |
| **Categories:** | Mississippi |

---

**From:** Grace M. Lopes [mailto:gmlopes@oymonitor.org]
**Sent:** Wednesday, July 14, 2010 9:49 PM
**To:** 'Don Thompson'
**Cc:** 'Fortenberry, Rusty'; 'Rachal, Kenya Key'; 'Mark Smith'; 'Lori Woodruff'; 'Lucien Smith'; phurst@governor.state.ms.us; Marcia Robinson Lowry; Shirim Nothenberg; Jessica Polansky; 'Mike Gallarno'
**Subject:** Issues Related to MACWIS Remediation

Don:

This e-mail explains my concerns regarding the failure of MDHS to address remediation of the limitations in MACWIS on an interim basis pending implementation of a substitute for the current system. For the reasons set out below, I do not have confidence that the agency has the capacity to address these issues effectively in the near term and I intend to inform the court of this finding in my forthcoming report on Period 2.

**I. Background**

Pursuant to the Settlement Agreement, starting in January 2008, MDHS was obligated to address shortcomings in MACWIS in order to collect, analyze and disseminate required data reports on a monthly basis by the end of Period 1. Due to a delay in implementing core management reforms, Period 1 was extended by the court from early January 2009 to the start of May 2009; however, even with the extension, there was little progress toward satisfying MACWIS-related Period 1 requirements. For this reason, I engaged Harold Beebout, a well-regarded expert in public sector information systems, including SACWIS. During January 2009, Mr. Beebout and I met with various MDHS/DFCS managers and staff to discuss the challenges the agency had encountered and the steps the agency had undertaken, or planned to undertake, in its efforts to meet the Period 1 MACWIS requirements.

On January 26, 2009, Mr. Beebout and I met with DFCS staff members who use MACWIS as well as with MDHS/DFCS managers with job responsibilities related to MACWIS, including Mark Smith, Tim Ragland, Lori Woodruff and Mike Gallarno. Among other matters, the following key issues were discussed: 1) connectivity; 2) data retention; 3) system security; 3) equipment shortages; 4) reporting limitations; and 5) the backlog of change orders for report and/or system modifications. The agency's plans to replace MACWIS with a web-based system and the related assessment process were also discussed. Mr. Beebout and I were told that the following steps were underway to address shortcomings in MACWIS: 1) the RFP for the required MACWIS assessment would be issued by July 1, 2009; 2) MACWIS data would be archived – an initiative that would improve connectivity and response time; 3) automation committee meetings would occur bi-weekly to prioritize change orders and accelerate processing; and, 4) a SQL database would be used as an alternative to Web Focus for a data repository that could be relied upon on an interim basis to generate data reports related to various requirements in the lawsuit.

Because Period 1 requirements related to MACWIS were not satisfied, the Period 2 implementation plan included several remedial requirements concerning MACWIS.  Period 2 began on May 1, 2009 and ended on April 30, 2010.  Despite the fact that my June 2009 report to the Court on Period 1 emphasized the need for MDHS to address very significant shortcomings in MACWIS on an interim basis, there was an absence of demonstrable progress during Period 2.  This finding is documented throughout the February 12, 2010 outline of my Period 2 findings.  During a February 23, 2010 meeting regarding my findings, we discussed the need for meaningful progress on MACWIS requirements and you assured me that you would follow up.  Thereafter, I met with other MDHS/DFCS managers and staff to monitor progress.  On March 16, 2010, I met with Tim Ragland, to discuss the short- and long- term steps MDHS had undertaken or planned to undertake to address connectivity problems, data retention issues, the shortage of qualified programmers, the need for increased server capacity and the procurement of additional licenses.  Despite assurances that at least some of these concerns would be addressed in the near term, there was little demonstrable progress.  Indeed, as my forthcoming report to the court will describe, the agency failed to satisfy the Period 2 requirements related to MACWIS.

More recently, on June 25, 2010, I met with you, Mark Smith, Lori Woodruff, Jerry Milner, Cindy Greer and Kenya Rachal.  We discussed my concerns about the lack of progress on MACWIS, and in response you agreed to provide to me by June 29 a list of the major milestones that MDHS planned to achieve on a short-term basis in order to meet the Settlement Agreement's MACWIS-related requirements.  In addition, you agreed to include the corresponding deadline by which each milestone would be accomplished.  During the meeting, Mark Smith indicated that a written business plan addressing MACWIS remediation did not exist, but that he would take responsibility to ensure the milestones and deadline schedule were provided to me on a timely basis.  However, instead of the list of milestones and corresponding deadlines, MDHS/MIS submitted two documents to me that raise substantial concerns about whether MDHS has the capacity to formulate and execute an effective short-term plan to address MACWIS-related requirements.  These documents are attached hereto and described more fully below.

## II. Milestones and Schedule for MACWIS Remediation

The June 30 and July 1, 2010 submissions do not indicate that MDHS has developed a reasonably effective plan to address deficiencies in MACWIS on a short-term basis pending implementation of a successor system.   Each submission is addressed in turn.

### A. The June 30, 2010 Submission

On June 30, 2010, I received the attached file titled "MIS/MACWIS Schedule of Work" with a Word document titled, "Citrix Upgrade."   This document appears to address two initiatives:  1) the procurement of the additional licenses and upgraded software to support the number of MACWIS users that MDHS must have the capacity to maintain; and 2)  an increase in the number of servers that support MACWIS.  The schedule for the procurement, testing and implementation of the new licenses and software appears unduly protracted and has been complicated by unjustifiable delays in the procurement process.  Moreover, the schedule appears to be contingent upon the action of a state agency that is not within the control of the defendants, and by its plain terms fails to take into account all of the steps necessary for full implementation of the new licenses and upgraded software.  Further, although the schedule indicates that three new servers will be added, the schedule only describes user migration to one server; fails to reflect any planning for alternatives to the virtual server contingency in the event approval is withheld; and does not address other necessary short-term remedial measures.  Each of these concerns are explained below.

- **The Schedule is unduly protracted and complicated by unjustifiable delays**: It is my understanding that MDHS does not have a sufficient number of licenses to support all of the staff who use MACWIS. I have been informed that the gap between existing licenses and actual users is very substantial and has contributed to widespread and frequent log-on delays for protracted time periods. This has had a profound impact on data entry, and, in turn, data reliability, throughout most DFCS regions that has been exacerbated by the increase in users that began sometime in 2008. Despite the duration of this problem, I have been told that it was not until March 2010 that MDHS considered bids for the additional licenses, and not until sometime after our June 25, 2010 meeting that the actual procurement documents were finalized. Instead of simply purchasing the licenses and software necessary to support the additional users, I have been told that the agency has purchased upgraded software and licenses for all existing licensed users as well as the additional users for whom licenses are needed because the software to support the existing licenses – which was available in March 2010 -- is no longer available. I have been advised that this has resulted in increased costs, and that it will contribute to implementation delays because there is a need to test the upgraded software to ensure it is compatible with MACWIS.

  Moreover, the schedule is premised on the assumption that ITS will approve a virtual server environment for the Citrix servers, but it notes that action by ITS could impact other dates in the schedule. Even if this contingency is appropriate, and I have insufficient information to make an assessment at this point, the schedule does not address an alternative to the virtual server environment in the event ITS approval is not provided. In addition, the schedule does not reflect any efforts to accelerate ITS approval. Finally, the schedule does not reflect any recognition whatsoever that the defendants are years behind on MACWIS in terms of meeting the Settlement Agreement's timetable. The schedule does not convey an appropriate sense of urgency, or for that matter, a minimally reasonable timeline in these circumstances.

- **The Schedule is incomplete**: The final milestone related to the upgraded software and licenses notes that MDHS will need to purchase Terminal Services and Windows Server CALS for 760 MACWIS users in order to implement the upgrade and licensure expansion. The schedule does not reflect any timelines for these activities, but could be read to suggest that these procurements will not be made until some undetermined date after November 1, 2010.

- **The Schedule does not address migration to the other two new servers for the 800 users that need to be moved:** The schedule notes that 400 users will be moved to one of three new servers and that "800 users remain to be moved." The schedule does not address when the remaining 800 users will be moved to the other new servers.

- **The Schedule fails to address other necessary short-term remedial measures:** In addition to the data warehouse, which is addressed below in the discussion of the July 1 submission, the schedule fails to address other necessary steps the agency must take to remediate deficiencies in MACWIS on a short-term basis, including but not limited to replacement/upgrade of all desktop terminals that have not been upgraded; ensuring all caseworker and supervisory staff have access to their own computers and that all county offices can support this increase; implementation of the DFCS intranet; archiving MACWIS data; hiring competent staff for all existing MACWIS vacancies, including the long-standing vacancies; increasing the number of programmers assigned

to work exclusively on MACWIS; and ensuring that a basic maintenance and replacement schedule for all indicated system components is instituted and maintained.

### B. The July 1, 2010 Submission

On July 1, I received a document dated June 30, 2010 that is titled "Citrix Upgrade – Plan Explanation" which is attached hereto in the "Interim MIS/MACWIS Remediation and Questions Related to Implementation Schedule for Data Repository" file.  This document does not set out a schedule for implementation of a data repository that could be relied upon on an interim basis to generate data reports related to various requirements in the lawsuit.  Instead, it provides a seemingly *ad hoc* list that appears to have been prepared for another purpose, reflecting initial activities that have been undertaken in an attempt to create a data warehouse and the obstacles to doing so.  In and of itself, this document suggests a failure to take MACWIS remediation seriously notwithstanding the orders in this case and my repeated efforts to promote progress on MACWIS without further court intervention.

\* \* \* \*

As you may know, because some users very recently migrated to a new server, there are reports of better connectivity in some counties.  Moreover, because of the efforts of the DFCS MACWIS director and her team, as well as the efforts of the CSF team that was required by the bridge plan, DFCS has done a credible job producing certain initial data reports required by the bridge plan on a timely basis.  Given the magnitude of the issues, I recognize that these are very modest but important achievements that were painstakingly accomplished in the face of profound resource and capacity limitations.  Nonetheless, these modest advances do not give me confidence that MDHS has the capacity to formulate and execute an effective short-term plan to implement the Settlement Agreement's MACWIS- related requirements.  I had hoped that the milestone schedule you agreed to provide would address these concerns, but the documents MDHS produced on June 30 and July 1 do not do so.  For these reasons, I intend to fully address these concerns in my forthcoming report to the court on Period 2.

If you have any questions, or would like to discuss any of these issues, please do not hesitate to contact me.  - Grace

*Grace M. Lopes*
*Monitor, Olivia Y.*
*1350 Connecticut Avenue, N.W.*
*Suite 1000*
*Washington, D.C.  20036*
*202.232.8311*

*This email and any attachments may contain confidential and privileged information.  If you are not the intended recipient, please notify the sender immediately, destroy this email, and destroy any copies.  Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.*