IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


OLIVIA Y., *et al.*                                                                 PLAINTIFFS


v.                                                        CIVIL ACTION NO. 3:04CV251LN


PHIL BRYANT, as Governor of the State of Mississippi, *et al.*         DEFENDANTS

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES**

---

Plaintiffs respectfully submit this memorandum of law pursuant to 42 U.S.C. §
1988, and Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, in support of
their unopposed motion for an award to Plaintiffs' Counsel of the agreed-upon amount of
$323,517.81 in attorneys' fees and expenses for the monitoring and enforcement of the
Mississippi Settlement Agreement and Reform Plan ("Remedial Order"), performed on
behalf of the Plaintiff Class from October 1, 2009 through December 31, 2010, which
shall hereinafter be referred to as the "monitoring period."

The motion is supported by the agreement reached by the Parties for payment of
Plaintiffs' attorneys' fees and expenses for the monitoring period and Plaintiffs' detailed
fee and expense billings for the period, which are attached to the Declaration of Marcia
Robinson Lowry of Children's Rights (attached hereto as Exhibit 1).

**Preliminary Statement**

This class action was filed in 2004 alleging that the child welfare system in
Mississippi, the Division of Family and Children's Services ("DFCS"), was failing to

protect and provide for Mississippi's abused and neglected children in violation of the United States Constitution and federal statute.  In March 2007, the Parties reached an agreement as to liability ("Stipulated Settlement") in which Defendants agreed to no longer contest that DFCS operated in a manner that harmed Plaintiff Children in violation of their constitutional rights.  The Stipulated Settlement required Defendants to work with outside experts and Plaintiffs' Counsel to create a detailed remedial order to address system-wide deficiencies, as well as negotiate a planning and services agreement for each of the Named Plaintiffs. The Stipulated Settlement as to liability was approved by this Court at a Rule 23(e)(2) fairness hearing on May 17, 2007, after notice to the Class. (Dkt. Min. Entry, May 17, 2007).

In accordance with the Stipulated Settlement, the Parties negotiated the terms of a comprehensive remedial plan and individual Named Plaintiff Service Agreements ("Service Agreements"), which together were approved and entered as an Order by this Court at a Rule 23(e)(2) fairness hearing on January 4, 2008, after notice to the Class. (Dkt. Min. Entry, Jan. 4, 2008; Dkt. No. 459, Jan, 4, 2008).

Class Counsel has been actively monitoring and enforcing the Remedial Order since its entry in January 2008.  In an unopposed motion filed in July 2009, this Court entered an Order approving a negotiated award of fees and expenses incurred on behalf of Plaintiffs by Plaintiffs' Counsel for the previous monitoring period.   That Order included a finding that notice pursuant to Rule 23(h) of subsequent fee applications for post-judgment monitoring and enforcement work is unnecessary "because the notice received by Plaintiff Class pursuant to Rule 23(h) as to Plaintiffs' first *Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorney's Fees* included notification that

Plaintiffs' Counsel might periodically be submitting fee applications for monitoring and enforcement work performed . . . and that no additional notification would be made of such applications, and because additional notice would impose undue cost and burden. . . . " (Order Granting Att'y's Fees 1-2, Dkt. No. 492, Aug. 4, 2009).

In this unopposed motion, the Plaintiffs seek court approval for a negotiated award of fees and expenses incurred on behalf of Plaintiffs by Plaintiffs' Counsel from October 1, 2009 through December 31, 2010. An award of fees and expenses in the amount requested is reasonable and appropriate under the circumstances, as detailed below, and Plaintiffs respectfully request that this motion be granted.

## Argument

### I.    The Court Should Award Plaintiffs the Reasonable Attorneys' Fees and Expenses Negotiated by the Parties

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, provides that in federal civil rights cases, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." The purpose of Section 1988 "is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, p.1 (1976)). A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429 (1983) (quoting S. Rep. No. 94-1011, p.4 (1976)); *Riley v. City of Jackson, Miss.*, 2 F. Supp. 2d 864, 871 (S.D. Miss. 1997) ("'absent special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course*.'" (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983) (Emphasis in

original)).  Having secured a court-ordered settlement for the Plaintiff Class, there is no dispute that Plaintiffs are prevailing parties for purposes of Section 1988.  *See Maher v. Gagne*, 448 U.S. 122, 129 (1980); *Walker v. City of Mesquite*, 313 F.3d 246, 249 (5th Cir. 2002) (recognizing consent decree as creating prevailing party status for plaintiffs).

It is well-settled that reasonable attorneys' fees and expenses incurred in monitoring and enforcing the implementation of a consent decree are generally reimbursable under Section 1988.  *See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986); *Walker v. U.S. Dep't. of  Hous. And Urban Dev.*, 99 F.3d 761, 767 (5th Cir. 1996) (". . . [m]onitoring a consent judgment previously entered entitles a plaintiff to attorneys' fees"); *Miller v. Carson*, 628 F.2d 346, 348 (5th Cir. 1980) (holding that a fee award to plaintiffs' counsel for work monitoring post-verdict compliance with prison conditions order was proper); *Cooper v. Hopkins*, 945 F. Supp. 940, 948 (S.D. Miss. 1995) (holding that Counsel's work in enforcing judgment in prisoners' civil rights case was properly compensable).  Legal work necessary to secure an award of fees is also compensable.  *Volk v. Gonzalez*, 262 F.3d 528, 536 (5th Cir. 2001) (". . . [i]t is well settled that fees-on-fees are recoverable under § 1988.") (citing *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir.1985)).

As previously detailed in *Plaintiffs' Memorandum in Support of Plaintiffs' Unopposed Motion for Plaintiffs' Attorneys' Fees and Expenses* (7-8, Dkt. No. 490) the Remedial Order specifically contemplates that Plaintiffs' Class Counsel would be undertaking a vigorous role in its monitoring and enforcement.  (*Id*. at 7-8)  The fact that the Parties have agreed on reasonable fees and expenses to be awarded to Plaintiffs' Class Counsel for their work in compliance with the Order weighs strongly in favor of this

motion. *See Jones v. Amalgamated Warbasse Houses*, *Inc.,* 721 F.2d 881, 884 (2d. Cir. 1983) (". . . [a]n arm's length negotiated agreement among the parties [on fees] weighs strongly in favor of approval"); *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980) (recognizing in the fee award context the "general policy of the law to favor settlements"); *see also* FED. R. CIV. P. 23(h), advisory committee note (2003 Amendments) ("Courts have also given weight to agreements among the parties regarding the fee motion . . . .").

**A.     Plaintiffs' Counsel has been Engaged in Significant Monitoring and Enforcement Activity**

The detailed time records attached to the Declaration of Marcia Robinson Lowry as Exhibit 1-Attachment B reflect the ongoing and active monitoring work that Plaintiffs' Counsel has undertaken in the time since this Court's approval of Plaintiffs' previous motion for attorneys' fees and expenses.

Throughout this monitoring period, Plaintiffs' post-judgment work has entailed extensive document review, including the review of compliance data produced by Defendants; reports and analyses of DCYF functionality issued by the Center for the Support of Families ("CSF"), the Practice Guide, also issued by CSF; and, reports created and obtained by the *Olivia Y*. Monitor. (*Decl.* ¶ 15).  Post-judgment monitoring and enforcement has also required ongoing, regular communication between Class Counsel and the Monitor regarding compliance issues, including concerns about the pace of Defendants' compliance with the Remedial Order. (*Id.*).

Throughout this monitoring period, Class Counsel has been in frequent communication with the Defendants to address areas of noncompliance and to negotiate necessary remedial actions. On a number of occasions, in the interest of efficiency and

productivity, Children's Rights' attorneys have traveled to Mississippi for face-to-face discussions with Defendants, the Monitor and in some instances members of CSF (*Id.* at ¶ 16).

During the last several months of 2009 and the early months of 2010, Plaintiffs engaged in a rigorous analysis of the assessments and reports issued by the Center for the Support of Families, including a report regarding appropriate board rates.  (*Id.* at ¶ 17). As required by section II.B.13.g of the Remedial Order, CSF was engaged by Defendants to "assess board payment rates currently being paid to foster parents caring for special needs foster children and to congregate care facilities to determine the extent to which those rates meet the requirements of 42 U.S.C. § 675(4)(A) and reflect the actual cost of caring for special needs foster children and children placed in congregate care facilities" (*Id.*)  Pursuant to section II.B.13.h of the Remedial Order, Plaintiffs objected to the rate recommended by CSF for therapeutic congregate care service providers because it was based upon a flawed methodology.  (*Id.*).  Also during this time, Plaintiffs engaged in vigorous discussions with Defendants to rectify the elimination by Defendants of intensive in-home therapeutic services being provided to members of the Plaintiff class. (*Id.*).

Also during the early months of 2010, Plaintiffs reviewed compliance data generated by the Monitor and met with Defendants regarding compliance issues.  (*Id.* at ¶ 18).  In March, following significant negotiations, the Parties arrived at an agreement to limit the number of days that Defendants could furlough caseworkers. (*Id.*, citing Order on Mot. For Miscellaneous Relief 1, Dkt. No. 496, Mar. 29, 2010).  In response to an informal assessment by the Monitor of Defendants' compliance with Period Two

requirements, the Parties began in May to negotiate a short-term "Bridge Plan" that required Defendants to produce specific child welfare data and take immediate corrective action necessary to address specific child safety and well being issues.  (*Id.* at ¶ 18).  That Bridge Plan was filed with the Court in June 2010. (*Id.*, citing Order Granting Mot. For Entry of Agreed Order Setting Forth Corrective Action, Dkt. No. 498, June 20, 2010).

Over the next several months, Plaintiffs reviewed the data Defendants were required to produce pursuant to the Bridge Plan, and assessed compliance with both the terms of the Bridge Plan and the requirements of the Remedial Order.  (*Id.* at ¶ 19).  By October, Plaintiffs determined that Defendants were failing in significant ways to comply with the terms of the Remedial Order.  (*Id.*)  Accordingly, Plaintiffs filed a *Motion to Appoint a Receiver and for Contempt*. (*Id.*, citing Dkt. No. 513, Oct. 5, 2010). Throughout the fall and winter of 2010, Plaintiffs gathered and prepared the evidence, and drafted the legal papers necessary to prevail on that motion, which was heard in early 2011.  (*Id.* at ¶ 19).

      **C.**    **The Amount of Attorneys' Fees and Expenses Negotiated by the Parties is Reasonable**

Plaintiffs' Counsel is entitled to compensation for all hours reasonably expended in post-judgment monitoring and enforcement activities as well as hours reasonably expended in fee-related work.  *See Walker,* 99 F.3d at 767; *Cooper*, 945 F. Supp. at 948; *Volk*, 262 F.3d at 536.  "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003).  The resulting product is known as the lodestar.  *Blum*, 465 U.S. at 888; *Mid-Continent Cas. Co.* v. C*hevron Pipe Line Co.*, 205

F.3d 222, 232 (5th Cir. 2000); *League of United Latin Am. Citizens No. 4552 (LULAC) v.*

*Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir.1997).

As demonstrated above, the work for which Plaintiffs request compensation was reasonably performed and necessary to secure the benefits of the Remedial Order for all Class member children. (Decl. ¶ 20). Plaintiffs' attorneys maintained contemporaneous and specific records of the monitoring and enforcement work performed on this case for which they seek compensation. (*Id.* at ¶ 9). These records, submitted as Attachment B to the Lowry Declaration, provide a detailed day-by-day account of the work performed by each individual, indicating the date of the work, the substance of the work, and the time expended. The Court is also respectfully referred to the Lowry Declaration for a detailed discussion of the various internal record-keeping and billing practices of Children's Rights. (*Id.* at ¶¶ 8-10 ). Class Counsel's time entries contain sufficient detail to demonstrate that the tasks performed were necessary to the effective enforcement and monitoring of the Remedial Order, and that the hours were reasonably expended. *See Hensley*, 461 U.S. 424, 437 n.12 ("Plaintiff's Counsel . . . is not required to record in great detail how each minute was expended."); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 327 (5th Cir. 1995) (". . . we are mindful that practical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.").

Class Counsel have made a concerted effort throughout the post-judgment period to keep the number of staff working on the case to a minimum and to make work assignments appropriate to individual attorneys' and paralegals' levels of experience.

(Decl. ¶ 11).  All time entries have been carefully reviewed, and Class Counsel has excluded a total of 409.34 hours from this application that might be considered excessive, redundant, or otherwise unnecessary to enforcing the Remedial Order.  (*Id*. ¶ 10).  Entries that might be deemed too vague have similarly been excluded.  (*Id*.)  The 409.34 hours excluded from this application in the exercise of billing judgment represent $125,964.18 in potential fees, for which Plaintiffs do not seek compensation.

The hourly attorney and paralegal rates agreed upon by the Parties for Class Counsel's post-judgment work are the same rates used to calculate the agreed-upon fee awarded for Class Counsel's work on behalf of the Plaintiffs through the fairness hearing. (*Id*. ¶ 13).  These rates, which are below Class Counsel's regular rates and the prevailing community attorney rates,[1] raised no objections by any Class member and were deemed reasonable by this Court in its approval of Plaintiffs' initial unopposed motion for attorneys' fees. (Consent Order, Dkt. No. 480, Aug. 7, 2008).  Plaintiffs' Counsel's attorney and paralegal hourly rates are reasonable.

**D.    The Expenses to be Paid to Plaintiffs Pursuant to the Parties' Agreement are Reasonable**

As stated by the Fifth Circuit, ". . . [a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of La. v. Orleans Parish Sch. Bd*., 919 F.2d 374, 380 (5th Cir. 1990).  In support of Plaintiffs' request for reimbursement of their out-of-pocket expenses, Plaintiffs submitted a detailed list of all

---

[1] *See* Plaintiffs' Memorandum in Support of Plaintiffs' Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorneys' Fees and Order of Notice to the Class 8, Dkt. No. 472, May 9, 2008.

expenditures sought.  (Decl. ¶ 12).  The majority of the out-of-pocket expenses are associated with the trips that Children's Rights attorneys made to Mississippi for monitoring-related meetings.  Plaintiffs' Counsel made a concerted effort to minimize the number of these trips as well as their cost, and all trips made, were necessary to the effective and successful monitoring of this case.  (*Id.* ¶ 12).

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for an award of reasonable attorneys' fees and expenses in the amount of $323,517.81.

Respectfully submitted, this the 7th day of February, 2012.

<u>/s/ *Shirim Nothenberg*</u>
Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Eric E. Thompson (MBN 43993 *pro hac vice*)
Shirim Nothenberg (MBN 43990 *pro hac vice*)
Jessica Polansky (MBN 45356 *pro hac vice*)
CHILDREN'S RIGHTS
330 7th Avenue, 4th floor
New York, New York  10001
Telephone:  (212) 683-2210

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi  39201
Telephone: (601) 948-8000
Facsimile:   (601) 948-3000

Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York  10154
Telephone: (212) 407-4000

John Lang (MBN 43987 *pro hac vice*)
Attorney at Law
Suite 4600
60 East 42nd Street
New York, NY 10165


*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7th 2012, I electronically filed the foregoing Plaintiffs' Memorandum in Support of Plaintiffs' Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorneys' Fees and Order of Notice to the Class with the Court using the ECF system, which sent notification of such filing to the following:

    Dewitt L.  ("Rusty") Fortenberry Jr., Esq.
    Kenya Key Rachal, Esq.
    Gretchen L. Zmitrovich, Esq.
    Ashley Tullos Young, Esq.
    BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
    428 I-55 North
    Meadowbrook Office Park
    Jackson, Mississippi 39211
    (601) 351-2400

    Harold E. Pizzetta, III, Esq.
    Assistant Attorney General
    General Civil Division
    Carroll Gartin Justice Building
    430 High Street
    Jackson, Mississippi  39201

    *Attorneys for Defendants Phil Bryant, et al.*

                    /s/ Shirim Nothenberg