IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                           PLAINTIFFS

v.                                                            CIVIL ACTION NO. 3:04CV251LN

PHIL BRYANT, as Governor of the State of Mississippi, *et al.*            DEFENDANTS

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES**

Plaintiffs respectfully submit this memorandum of law pursuant to 42 U.S.C. § 1988 and Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, in support of their Unopposed Motion for Plaintiffs' Attorneys' Fees and Expenses, requesting an award to Plaintiffs' counsel of the agreed-upon amount of $171,412.60 in attorneys' fees and expenses for the monitoring and enforcement of the Mississippi Settlement Agreement and Reform Plan (Dkt. No. 459) (the "Settlement Agreement") and the Modified Mississippi Settlement Agreement and Reform Plan (Dkt. No. 571) (the "Modified Settlement Agreement"), performed on behalf of the Plaintiff Class from September 1, 2012 through August 31, 2013 (the "Monitoring Period").[1]

**PRELIMINARY STATEMENT**

This class action was filed in 2004 and alleged that the child welfare system in Mississippi, managed by the Division of Family and Children's Services ("DFCS"), failed to protect and provide for Mississippi's abused and neglected children in violation of the U.S.

---

[1] The parties agree that Plaintiffs are entitled to $171,412.60 in reasonable fees and expenses. As in the past, Plaintiffs will collect theses fees and expenses after the Mississippi Legislature has appropriated the necessary funding during its next legislative session.

Constitution and federal statute. In March 2007, the Parties reached an agreement as to liability (the "Stipulated Settlement") in which Defendants agreed to no longer contest that DFCS operated in a manner that harmed the Plaintiff Class in violation of their constitutional rights. The Stipulated Settlement required Defendants to work with outside experts and Plaintiffs' counsel to create a detailed remedial order addressing system-wide deficiencies. The Stipulated Settlement was approved by this Court at a Rule 23(e)(2) fairness hearing held on May 17, 2007, after notice was given to the Plaintiff Class. (ECF Min. Entry, May 17, 2007).

Pursuant to the Stipulated Settlement, the Parties negotiated the terms of a comprehensive remedial plan, the Settlement Agreement, which was approved by and entered as an order of this Court at a Rule 23(e)(2) fairness hearing held on January 4, 2008, after notice was given to the Class. (ECF Min. Entry, Jan. 4, 2008; Settlement Agreement). In 2012, the Parties negotiated a Modified Settlement Agreement, approved and entered on July 6, 2012, which better reflects the current realities of Mississippi's child welfare system. (*See* Modified Settlement Agreement). Plaintiffs' counsel has actively monitored and enforced the Modified Settlement Agreement since its approval by the Court.

This Court has three times prior—in July 2009, in February 2012, and February 2013—entered orders approving negotiated awards of fees and expenses. (*See* Aug. 4, 2009 Ord. (Dkt. No. 492); Feb. 13, 2012 Agreed Ord., (Dkt. No. 563); Feb. 11, 2013 Ord., (Dkt. No. 583)). Here, Plaintiffs seek reimbursement for monitoring and enforcement activity during the Monitoring Period.

The negotiated fees and expenses represent fair compensation for Plaintiffs' efforts during the Monitoring Period. Among other things, Plaintiffs worked with Defendants and the Court Monitor to establish a schedule and process for Defendants to produce data reports

required under the Modified Settlement Agreement, and successfully negotiated the Initial Period 4 Implementation Plan (the "Initial IP4 Plan"), setting forth the steps that Defendants must take during Implementation Period 4 of the Modified Settlement Agreement in order to meet interim benchmarks and make the necessary progress to achieve overall compliance. The amount sought for these efforts is reasonable. This amount was determined by calculating Plaintiffs' attorneys' lodestar based on a five percent increase of attorney's rates agreed to by the parties and approved by the Court following the original Settlement Agreement. The current rates remain lower than the attorneys' standard rates. Moreover, Plaintiffs' attorneys have exercised their billing judgment to write-off over $9,000.00 in fees and expenses.

In this unopposed motion, Plaintiffs seek Court-approval for a negotiated award of $171,412.60 for fees and expenses incurred on behalf of Plaintiffs by Plaintiffs' counsel. An award of fees and expenses in the amount requested is reasonable and appropriate under the circumstances, as detailed below, and Plaintiffs respectfully request that this motion be granted.

## ARGUMENT

**I.     The Court Should Award Plaintiffs the Reasonable Attorneys' Fees and Expenses Agreed to by the Parties**

The Civil Rights Attorney's Fees Award Act of 1976 provides that in federal civil rights cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). The purpose of Section 1988 "is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558 at 1 (1976)). A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 429 (quoting S. Rep. No. 94-1011 at 4 (1976)) (internal quotations omitted); *see also Riley v. City of Jackson*, 2 F. Supp. 2d 864, 871 (S.D. Miss. 1997) ("'[A]bsent

3

special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course*.'" (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983))). There is no dispute that Plaintiffs are prevailing parties for purposes of Section 1988 because they secured a court-ordered settlement for the Plaintiff Class. *See Maher v. Gagne*, 448 U.S. 122, 129 (1980); *Walker v. City of Mesquite*, 313 F.3d 246, 249 (5th Cir. 2002) (recognizing that a consent decree creates prevailing party status for plaintiffs).

Further, it is well-settled that reasonable attorneys' fees and expenses incurred in monitoring and enforcing the implementation of a consent decree are reimbursable under Section 1988. *See, e.g.*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 767 (5th Cir. 1996) ("Monitoring a consent judgment previously entered entitles a plaintiff to attorneys' fees."); *Miller v. Carson*, 628 F.2d 346, 348 (5th Cir. 1980) (holding that a fee award to plaintiffs' counsel for work monitoring post-judgment compliance with court ordered jail conditions was proper). Any legal work necessary to secure an award of fees is also compensable. *Volk v. Gonzalez*, 262 F.3d 528, 536 (5th Cir. 2001) ("[I]t is well settled that fees-on-fees are recoverable under § 1988.") (citing *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985)).

As previously detailed in Plaintiffs' 2009 Memorandum in Support of Plaintiffs' Unopposed Motion for Plaintiffs' Attorneys' Fees and Expenses (Dkt. No. 490), the Settlement Agreement specifically contemplates that Plaintiffs' Counsel would undertake a vigorous role in its monitoring and enforcement.[2] (*Id.* at 7-8.) The fact that the Parties have agreed on

---

[2] The Court's July 2009 Order granting attorney's fees included a finding that notice pursuant to Rule 23(h) of subsequent fee applications for post-judgment monitoring and enforcement work is unnecessary:

4

reasonable fees and expenses to be awarded to Plaintiffs' Counsel for their work in monitoring compliance with the Modified Settlement Agreement weighs strongly in favor of this Motion. *See Jones v. Amalgamated Warbasse Houses, Inc.*, 721 F.2d 881, 884 (2d. Cir. 1983) ("[A]n arms' length negotiated agreement among the parties [on attorneys' fees] weighs strongly in favor of approval[.]"); *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980) (recognizing in the fee award context the "general policy of the law to favor settlements"); *see also* Fed. R. Civ. P. 23(h) advisory committee's notes (2003) ("Courts have also given weight to agreements among the parties regarding the fee motion . . . .").

### A. Plaintiffs' Counsel Has Been Engaged in Significant Monitoring and Enforcement Activity

The detailed, itemized time records attached to the Declaration of Marcia Robinson Lowry (Ex. 1, Decl. of Marcia Robinson Lowry In Supp. of Pls.' Unopposed Mot. for Pls.' Atty's' Fees and Expenses ("Lowry Decl."), at Attach. B) reflect the ongoing and active monitoring work that Plaintiffs' Counsel has undertaken since this Court's approval of Plaintiffs' previous motion for attorneys' fees and expenses (Dkt. No. 581). (*See* Lowry Decl. ¶ 14).

In January 2013, the Court Monitor submitted her Status Report to the Court Regarding Progress During Period Three (Dkt. No. 580) (the "January Status Report"). Plaintiffs commented on pre-filing versions of the Monitor's report and analyzed the final version to determine whether Defendants' progress was on track and how to ensure any necessary steps

---

Because the notice received by Plaintiff Class pursuant to Rule 23(h) as to Plaintiffs' first *Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorney's Fees* included notification that Plaintiffs' Counsel might periodically be submitting fee applications for monitoring and enforcement work performed . . . and that no additional notification would be made of such applications, [] because additional notice would impose undue cost and burden[.]

(Aug. 4, 2009 Ord. at 1-2 (Dkt. No. 492)).

5

were taken to further progress. (Lowry Decl. ¶ 15). Plaintiffs submitted a response to the January Status Report, pursuant to this Court's order during a telephonic hearing on October 25, 2012. (*See* ECF Min. Entry, Oct. 25, 2012; Pls.' Resp. to the Court Monitor's Status Report to the Court Regarding Progress During period Three (Dkt. No. 584); Lowry Decl. ¶ 15).

The January Status Report identified long-standing and ongoing problems with Defendants' production of data reports required under the Modified Settlement Agreement. (Lowry Decl. ¶ 16). Following an April 30, 2013 telephonic status hearing, this Court ordered the Parties to negotiate a schedule setting forth specific deadlines to ensure that Defendants were able to expeditiously produce accurate and validated data reports as required by the Modified Settlement Agreement. (ECF Min. Entry, Apr. 30, 2013; May 9, 2013 Ord. (Dkt. No. 586) (the "Data Order"); Lowry Decl. ¶ 16).

Following the Court's Data Order, the Parties entered into lengthy negotiations to establish the required process and schedule. (Lowry Decl. ¶ 17). On June 11, 2013, the Parties submitted a joint request to the Court, reporting that despite their best efforts, they were unable to agree upon a schedule setting forth specific tasks and deadlines to ensure that Defendants produced data reports as required. (Jointly Submitted Report to the Court (Dkt. No. 588); Lowry Decl. ¶ 17). The Parties requested that the Monitor create a schedule for the Court to enforce. (Lowry Decl. ¶ 17). The Court Monitor prepared a Project Schedule for Defendants' Production of Data Reports Required by Appendix C of the Modified Settlement Agreement, which was incorporated into an order by this Court on June 24, 2013. (Dkt. No. 589 (the "Schedule Order"); Lowry Decl. ¶ 18)).

In June and July 2013, the Parties negotiated the Initial IP4 Plan as required by the Modified Settlement Agreement. (Lowry Decl. ¶ 19). The Initial IP4 Plan sets forth the specific

steps that must be taken during Implementation Period 4 in order for Defendants to meet Period 4's interim benchmarks and make the necessary progress to achieve overall compliance with the Modified Settlement Agreement. (*Id.*). The Initial IP4 Plan was finalized and submitted to the Court on July 18, 2013. (Initial IP4 Plan (Dkt. No. 590-1); Lowry Decl. ¶ 19)).

In addition, Plaintiffs regularly reviewed documents and data provided by Defendants in order to take necessary action when problems were identified. (Lowry Decl. ¶ 20). These documents and data include: (i) reports on the progress of the Practice Model rollout drafted by an outside consultant; (ii) reports on county, region and state performance created by the DFCS Continuous Quality Improvement Unit; (iii) investigations concerning alleged abuse and/or neglect involving members of the Plaintiff Class; and (iv) data reports related to specific outcomes produced pursuant to the Modified Settlement Agreement. (*Id.*).

### B. The Amount of Attorneys' Fees Agreed to by the Parties Is Reasonable

Plaintiffs' counsel is entitled to compensation for all hours reasonably expended in post-judgment monitoring and enforcement activities as well as all hours reasonably expended in fee-related work. *See Volk*, 262 F.3d at 536; *U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d at 767; *Cooper v. Hopkins*, 945 F. Supp. 940, 948 (S.D. Miss. 1995). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003).

As described above, the work for which Plaintiffs request compensation was reasonably performed and necessary to secure the benefits of the Settlement Agreement and the Modified Settlement Agreement for all members of the Plaintiff Class. (Lowry Decl. ¶ 21). Plaintiffs' Attorneys maintained contemporaneous and specific records of the monitoring and enforcement

work for which they seek compensation.  (*Id.* ¶¶ 8-9).  These records, submitted as Attachment B to the Lowry Declaration, provide a detailed account of the work performed by each individual. The Court is also respectfully referred to the Lowry Declaration for a detailed discussion of the internal record-keeping and billing practices of Children's Rights.  (*See id.*).  Plaintiffs' counsel's time entries contain sufficient detail to demonstrate that the tasks performed were necessary to the effective enforcement and monitoring of the Modified Settlement Agreement, and that the hours were reasonably expended.  *See Hensley*, 461 U.S. at 437 n.12 ("Plaintiff's counsel . . . is not required to record in great detail how each minute of his time was expended."); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995) ("[W]e are mindful that practical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.").

Plaintiffs' counsel has made a concerted effort throughout the post-judgment period to keep the number of staff working on the case to a minimum and to ensure work assignments are appropriate to individual attorneys' and paralegals' levels of experience.  (Lowry Decl. ¶ 11). All time entries have been carefully reviewed, and Class Counsel has excluded a total of 96.42 hours from this application that might be considered excessive, redundant or otherwise unnecessary to enforcing the Modified Settlement Agreement.  (*Id.* ¶ 10).  Entries that might be deemed too vague have similarly been excluded.  (*Id.*).  The 96.42 hours excluded from this application in the exercise of billing judgment represent $6,935.37 in potential fees, for which Plaintiffs do not seek compensation.  (*Id.* ¶ 5).

The hourly attorney and paralegal rates agreed upon by the Parties for Plaintiffs' counsel's post-judgment work for this Monitoring Period reflect a five percent increase on the

8

original rates used to calculate the fee awarded for Class Counsel's work on behalf of Plaintiffs through the May 2007 fairness hearing. (*Id.* ¶ 13). These rates are, nonetheless, below Plaintiffs' counsel's regular rates and the prevailing community attorney rates. (*Id.*). Plaintiffs' counsel's attorney and paralegal hourly rates are therefore reasonable.

      **C.**      **The Expenses To Be Paid to Plaintiffs Pursuant to the Parties' Agreement Are Reasonable**

The Fifth Circuit has held that "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Assoc. Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). In support of Plaintiffs' request for reimbursement of their out-of-pocket expenses, Plaintiffs submit a detailed list of all expenditures sought. (Lowry Decl. ¶ 12). The majority of the out-of-pocket expenses are associated with the trips that Children's Rights attorneys made to Mississippi and elsewhere for monitoring-related meetings. Plaintiffs' counsel made a concerted effort to minimize the number of these trips as well as their cost, and all trips made were necessary to the effective and successful monitoring of this case. (*Id.*).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for an award of reasonable attorneys' fees and expenses in the amount of $171,412.60.

Respectfully submitted this 24th day of February, 2014.

                                        /s/ *Julia L. Davis*
                                        Julia L. Davis (MBN 47310 *pro hac vice*)
                                        Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
                                        CHILDREN'S RIGHTS
                                        330 7th Avenue, 4th floor
                                        New York, New York 10001

Telephone: (212) 683-2210

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Christian Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave.
New York, New York 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

## **CERTIFICATE OF SERVICE**

I, Julia L. Davis, do hereby certify that on February 24, 2014, I electronically filed the foregoing Plaintiffs' unopposed Motion for Plaintiffs' Attorneys' Fees and Expenses using the ECF system, which sent notification of such filing to the following:

>Dewitt L. ("Rusty") Fortenberry Jr., Esq.
>Kenya Key Rachal, Esq.
>Ashley C. Tullos, Esq.
>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
>428 I-555 North Meadowbrook Office Park
>Jackson, Mississippi 39211
>Telephone: (601) 351-2400
>
>Harold E. Pizzetta, III, Esq.
>Assistant Attorney General
>General Civil Division
>Carroll Gartin Justice Building
>430 High Street
>Jackson, Mississippi  39201

SO CERTIFIED this 24th day of February, 2014.

>*/s/ Julia L. Davis*
>Julia L. Davis