IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al*.                                              PLAINTIFFS

v.                                        CIVIL ACTION NO.  3:04CV251LN

PHIL BRYANT, as Governor of the State of Mississippi, *et al.*        DEFENDANTS

---

ORDER CREATING DIRECTOR FOR SUSTAINABLE TRANSFORMATION AND
TRANSFORMATION TEAM

I.    Introduction

The Monitor, having issued a Report to the Court Regarding Implementation Period 3
and the June 24, 2013 Order (the "Status Report") (Dkt. No. 604) finding that Defendants
have continuing capacity deficits that must be addressed in order for Defendants to
satisfy the terms of the Modified Settlement Agreement and Reform Plan approved by
the Court on July 6, 2012 ("MSA") (Dkt. No. 571), and the Parties have not filed an
objection to any of the Monitor's findings, and as an alternative at this point to Plaintiffs'
filing a motion for contempt, the Parties have prepared this proposed order setting forth
specific remedial activities and timelines to address Defendants' capacity deficits and to
improve performance required by the MSA, the June 24, 2013 Data Order (Dkt. No.
589), and each of the Implementation Plans incorporated into the MSA pursuant to
Section I.E of the MSA (Dkt. Nos. 571,  App. B; 590-1; 595-1).

II.   Defendants shall Employ a Director for Sustainable Transformation at the
Mississippi Division of Family and Children Services ("DFCS") (hereinafter,
the "Director for Sustainable Transformation") by November 1, 2014.

A. The Director for Sustainable Transformation is a full-time, senior-
level professional position at DFCS who is an at-will employee of
Defendants.  The Director for Sustainable Transformation will dually

report to the Executive Director of the Mississippi Department of Human Services ("DHS") and the Deputy Administrator of DFCS.

B.  The selection of the Director for Sustainable Transformation is subject to the approval of the Parties, with input from the Monitor. The Monitor shall mediate any disagreement between the Parties regarding the selection of the Director for Sustainable Transformation.

 i.  By July 11, 2014, Defendants shall have prepared a job description and posting for the Director for Sustainable Transformation position that has been reviewed and approved by the Parties.

 ii.  Defendants shall hire an executive search organization, agreed to by the Parties, to conduct a national search for the Director for Sustainable Transformation.

 iii.  Defendants shall keep Plaintiffs and the Monitor informed about all recruiting efforts for the Director for Sustainable Transformation position.

 iv.  Defendants shall ensure that Plaintiffs have an opportunity to review all candidates' applications for the Director for Sustainable Transformation position prior to any decision-making narrowing the pool of applicants during the hiring process.

 v.  Defendants shall interview and consider all candidates for the Director for Sustainable Transformation position proposed by the Monitor and Plaintiffs in this hiring process if the candidate submits an application.

A.  The Director for Sustainable Transformation shall be responsible for:

 i.  Developing and administering a diagnostic process to identify DFCS staffing and practices necessary to immediately improve performance required under the MSA.

 ii.  Developing the framework for a Transformation Team (the "Transformation Team"), including identifying necessary positions to staff the Transformation Team and hiring Transformation Team members.

2

a. By December 15, 2014, the Director for Sustainable Transformation shall produce to the Parties and the Monitor a written report describing the framework for and the necessary positions to staff the Transformation Team in order to immediately improve implementation and performance required under the MSA.

b. The Transformation Team may consist of current DFCS employees, should those employees apply for and be selected to serve in a position on the Team, as well as employees hired from outside DFCS.

c. The Field Director and the Practice Model Director will participate on the Transformation Team, but not be in the chain of command of the Director for Sustainable Transformation, for the purpose of ensuring implementation of reforms at the regional level.

d. The Transformation Team shall include, but is not limited to, a senior child welfare information officer who will oversee and be responsible for generating and maintaining information, data analysis, verification and validation to support both DFCS operations and provide reporting required by the MSA.

e. Defendants shall employ the members of the Transformation Team by February 15, 2015, unless the Director for Sustainable Transformation requests a 30 day extension.

i. Overseeing implementation of necessary reforms to improve Defendants' compliance with the MSA, including performance and accountability at the regional level.

ii. Making monthly progress reports to the Parties and the Monitor for the duration of the Director for Sustainable Transformation's tenure with DFCS. The first report will be due January 15, 2015. Upon consultation with the Monitor, the Parties may agree that the monthly progress reports be provided at regular intervals other than a monthly basis.

A. The Director for Sustainable Transformation will be assisted by an Advisory Committee made up of between 3 and 5 national experts from the field of child welfare, jointly chosen by the Parties and the Monitor. The Advisory Committee shall be established by December 1, 2014.

B. The Director for Sustainable Transformation shall have command authority over the Transformation Team. The Director for Sustainable Transformation shall not have command authority over DFCS employees outside his/her chain of command.

C. Defendants agree to work in good faith to maximize the available resources for the Director for Sustainable Transformation's salary in an effort to hire the best available candidate. If the Parties are unable to agree upon a candidate for the Director for Sustainable Transformation position and Plaintiffs believe applicable salary limits are a factor, Plaintiffs will seek an order from this Court waiving the applicable salary limitations for the sole purpose of hiring the Director for Sustainable Transformation.

D. The Executive Director of DHS and the Deputy Administrator of DFCS shall use their best efforts to support the work and implementation efforts of the Director for Sustainable Transformation, including, but not limited to, best efforts to maximize salaries and incentives for regional and field-level employees as the Director for Sustainable Transformation deems necessary. However, as set forth in the MSA, the Parties acknowledge that Defendants do not speak for the Mississippi Legislature, which has the power under Mississippi law to determine the appropriations for the State's child welfare programs.

E. This Order shall be deemed null and void and Plaintiffs shall be entitled to proceed with a motion for contempt without regard to the dispute resolution provisions set forth at MSA Section VII.B, unless the Parties jointly seek an extension from the Court, if:

      i. No acceptable Director for Sustainable Transformation has been hired by November 1, 2014; or

      ii. The Director for Sustainable Transformation has failed to produce a written report described in II.C.ii.a by December 15, 2014; or

4

     iii. Defendants have failed to employ the members of the Transformation Team pursuant to II.C.ii.e by February 15, 2015.

I. Unless this Order is deemed null and void by operation of II.H, Plaintiffs shall refrain from seeking judicial action based on Defendants' noncompliance with the MSA until March 15, 2015, with the exception of an emergency posing an immediate threat to the health and safety of youths, pursuant to MSA Section VII.B. As of March 15, 2015, Plaintiffs no longer waive any rights or remedies available under this Order or the MSA with regard to any report or finding of the Monitor concerning Defendants' performance.

II. By October 15, 2014, Defendants shall produce to the Monitor and Plaintiffs valid and accurate caseworker caseload reports required under MSA Section II.A.2.a and I.F. Notwithstanding provision III, if Defendants fail to timely produce valid and accurate caseload reports, Plaintiffs may immediately seek judicial action with regard to the caseload reports.

III. By agreeing to this Order, Defendants do not waive their right to assert any and all defenses should Plaintiffs proceed with an enforcement action or motion for contempt.

SO ORDERED, this the 30th day of June, 2014.

     **/s/Tom S. Lee**          
     **UNITED STATES DISTRICT JUDGE TOM S. LEE**

SUBMITTED BY:

         */s/ Marcia Robinson Lowry*
         Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
         Julia L. Davis (MBN 47310 *pro hac vice*)
         Kathryn A. Wood (MBN 47422 *pro hac vice*)
         CHILDREN'S RIGHTS
         330 Seventh Avenue, 4th Floor
         New York, New York 10001

Telephone: (212) 683-2210

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201
Telephone: (601) 948-8000

Christian D. Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000

*PLAINTIFFS' COUNSEL*

*/s/ Dewitt L. ("Rusty") Fortenberry, Jr.*
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB # 99227)
Ashley C. Tullos (MSB # 101839)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400

Harold Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi 39201

*DEFENDANTS' COUNSEL*

6