# EXHIBIT 1

Modified Mississippi Settlement Agreement And Reform Plan
Period 5 Implementation Plan

## PERIOD 5 IMPLEMENTATION PLAN

This is the Period 5 Implementation Plan required by Section I.D. of the Modified Mississippi Settlement Agreement and Reform Plan (the "Modified Settlement Agreement" or "MSA") (Dkt. No. 571).  Period 5 shall run for a 12-month period beginning on July 7, 2014.  Defendants shall substantially comply with the Period 5 Implementation Plan requirements by the end of Period 5, or as specified therein.

### I. Reform Planning and Implementation

    A. Pursuant to Section I.E. of the MSA, the Parties, working with the Monitor, shall begin to negotiate the Period 6 Implementation Plan by April 7, 2015.

### II. Administration and Management Implementation Steps

    **A. Human Resources Management**

        1. By Sept. 1, 2014, Defendants will have formed Data, Monitoring, Administration, Fiscal and Practice Subcommittees to aid with the process of developing and implementing a performance-based contracting ("PBC ") system.

        2. The Subcommittees described in Paragraph II.A.1. above will be comprised of MDHS-DFCS representatives and appropriate and related agency representatives.

        3. Defendants shall maintain Regional Implementation Teams ("RIT") in all Regions.  The RITs shall be chaired by the respective Regional Directors and the membership will consist of appropriate staff persons and may also include representatives of other state agencies or stakeholders the Statewide Implementation Team ("SIT") has deemed necessary to carry out the Team's function.  The RITS shall meet no less frequently than quarterly and shall issue progress reports to the SIT no less frequently than quarterly.  These reports shall discuss accomplishments, challenges, and anticipated next steps.  The RITS will include Sub-Teams in the following practice areas: Continuous Quality Improvement ("CQI") and Resource Parent Recruitment and Retention.

        4. No later than Nov. 15, 2014, Defendants will retain a technical assistance consultant to work with Defendants in developing performance-based contracts in the areas of emergency shelters, regular group homes, therapeutic group homes and therapeutic resource homes.

        5. By November 1, 2014, Defendants will have in place an executed contract with Chapin Hall/Center for State Child Welfare Data ("Chapin Hall") for membership in the State Data Center.

Modified Mississippi Settlement Agreement And Reform Plan
Period 5 Implementation Plan

6. By November 1, 2014, Defendants will provide Chapin Hall with the MACWIS data files needed for developing the analytic files that will provide the information necessary to guide the development of the PBC strategy and timeframes.

7. By February 15, 2015, Defendants shall contract with Chapin Hall for the research and data analysis necessary to develop a PBC strategy and timeline that are informed by the information provided through the data analysis performed by Chapin Hall.

8. Defendants' contract with Chapin Hall shall require delivery of the analytic data files needed to guide the PBC strategy and time frames to DFCS no later than February 28, 2015.

9. By May 31, 2015, Defendants, in collaboration with the technical assistance consultant and Chapin Hall, will complete a written strategy for executing performance-based contracts with foster care placement providers that is guided by and based on the information generated by the analytic data files. The data in the analytic files will be used to develop the baselines, performance standards, outcomes, and any other measurable indicators necessary for developing the strategy.

10. Not later than June 15, 2015, Defendants and the technical assistance consultant will provide the Monitor with the scope of services for the emergency shelter providers request for proposals ("RFP"). The proposed scope of services developed by the Defendants and technical assistance consultant shall contain standards, required reporting and monitoring as well as a method for incentivizing required performance which shall be incorporated into each of the contracts. While the method for incentivizing required performance may be phased in and/or adjusted over time, its initial implementation shall commence upon the contract effective date.

11. By August 1, 2015, Defendants will issue an RFP for emergency shelter providers.

12. By December, 1, 2015, Defendants will have signed performance-based contracts with emergency shelter providers. These contracts shall become effective no later than December 1, 2015.

13. Not later than October 1, 2015, Defendants and the technical assistance consultant will provide the Monitor with the scope of services provisions for the RFPs for regular group home providers, therapeutic group home providers and therapeutic resource home providers. The proposed scope of services developed by the Defendants and technical assistance consultant shall contain standards, required reporting and monitoring as well as a method for incentivizing required performance which shall be incorporated into each of the contracts. While the

Modified Mississippi Settlement Agreement And Reform Plan
Period 5 Implementation Plan

    method for incentivizing required performance may be phased in and/or adjusted over time, its initial implementation shall commence upon the contract effective date.

14. By January 1, 2016, Defendants will issue RFPs for performance-based contracts for regular group home providers, therapeutic group home providers, and therapeutic resource home providers.

15. By March 1, 2016, Defendants will have signed performance-based contracts with regular group home providers, therapeutic group home providers, and therapeutic resource home providers. These contracts shall become effective no later than March 1, 2016.

## B. Continuous Quality Improvement

1. Defendants shall continue to implement and maintain a CQI system in accordance with MSA Section II.A.3.

2. Defendants shall continue to produce CQI Review Reports within 60 business days of completing each CQI Review, based on the following schedule:

    a) By September 1, 2014, Defendants shall complete a second follow-up CQI Review for Region III-North.

    c) By September 1, 2014, Defendants shall complete a third follow-up CQI Review for Region IV-North.

    d) By October 1, 2014, Defendants shall complete a third follow-up CQI Review for Region IV-South.

    e) By November 1, 2014, Defendants shall complete a third follow-up CQI Review for Region III-South.

    f) By December 1, 2014, Defendants shall complete a third follow-up CQI Review for Region I-North.

    g) By January 1, 2015, Defendants shall complete a second follow-up CQI Review for Region VII-West.

    h) By February 1, 2015, Defendants shall complete a second follow-up CQI Review for Region VI.

    i) By March 1, 2015, Defendants shall complete a second follow-up CQI Review for Region II-East.

Modified Mississippi Settlement Agreement And Reform Plan
Period 5 Implementation Plan

j) By April 1, 2015, Defendants shall complete a fourth follow-up CQI Review for Region V-West.

k) By May 1, 2015, Defendants shall complete a third follow-up CQI Review for Region V-East.

l) By June 1, 2015, Defendants shall complete a third follow-up CQI Review for Region VII-East.

3. By the end of Period 5, Defendants will further clarify the policy regarding compliance with the public child fatality reporting requirements of the Child Abuse Prevention and Treatment and Adoption Reform Act regarding the circumstances that would trigger transmission of the required information to the Deputy Director, the relevant timeline, and the Deputy Director's obligations with respect to release of the information that falls within the statutory exception.

C. **Information Management and Use**

1. By January 30, 2015, the Parties will have documented identifiable remaining gaps in reporting required under the Period 3 and Period 4 Implementation Plans and appendices and the Parties will have come to agreement on how each gap in reporting will be addressed in forthcoming reporting and the deadlines for such reporting.[1]

2. Except as modified by the gap agreement referenced in Section II.C.1. above, Defendants shall continue to disseminate reports set forth in Attachment 1 and 2 of the Initial IP4 Plan and Appendix 3 of the Final IP4 Plan.

3. By June 1, 2015, the Monitor shall produce a report to the Parties on the results of a case record review which shall measure Defendants' performance related to: the maintaining of complete records; the provision of physical health, dental, mental and behavioral health assessments and services; and educational continuity as required by MSA Sections III.B.4.a; II.B.3.a and b; II.B.3.f and g; II.B.4.a; II.B.3.d; II.B.2.e; and III.B.6.c (the "Health and Education Care Case Record Review").

   a) The Monitor shall work in consultation with the parties and any subject matter experts she deems appropriate on the design of the case record review, including the formulation of a data collection instrument to guide the review. The case record review shall be conducted by the Monitor, in collaboration with Defendants. The Defendants shall assign a sufficient number of staff experienced in case reviews to work with the Monitor on this project.

---

[1] As documented in the data reconciliation table of August 22, 2014, and subsequent, related electronic correspondence, the parties recognize that certain information cannot be currently captured by MACWIS data or FCR PAD reports. The parties agree that this information may be reported on through other means such as a case record review and such reporting may not be available retrospectively or on a monthly basis.

Page 4 of 7

Modified Mississippi Settlement Agreement And Reform Plan
Period 5 Implementation Plan

    b) Within 45 days of receipt of the Monitor's final report on the results of the case record review, Defendants shall develop and submit a plan and timeline for reporting on the physical health, dental, mental, and behavioral health assessment and services required by MSA Section II.B.3.a and b; II.B.3.f and g; and II.B.3.d. (the "Health Care Reporting Plan") to Plaintiffs and to the Monitor for the Monitor's review and approval.

    c) Defendants shall implement the Health Care Reporting Plan following the Monitor's approval.

4. By October 1, 2014, Defendants will hire a Lead Programmer/Analyst and a Senior Programmer/Analyst who will focus on the new SACWIS system

## III. Foster Care Service Standards

### A. Child Safety

1. By December 23, 2014, Defendants shall submit a letter describing their implementation of the activities contained in their MIC Timeliness Letter required under the Final Period 4 Implementation Plan Section III.A.1.

2. By December 23, 2014, Defendants shall submit a letter describing their implementation of the activities contained in their MIC Reduction Letter required under the Final Period 4 Implementation Plan Section III.A.2.

### B. Child and Youth Permanency

1. By December 23, 2014, Defendants shall conduct an analysis of the existing tracking system for the timeliness of all TPR Petitions.

2. By December 23, 2014, Defendants shall provide to Plaintiffs and the Monitor a letter outlining steps for implementing improvements in the tracking system, addressing necessary staffing, technologies and protocols necessary to establish a single, centralized process including reporting within DFCS for tracking the timeliness of all TPR petitions (the "TPR Letter"). Defendants will implement the improvements contained in the TPR Letter by the end of Period 5.

3. By May 1, 2015, Defendants will revise policy to require staff to document in the child's record, notification to all potential adoptive families and any resource family caring for a child who has become legally available for adoption, of the availability of adoption subsidies.

4. During Period 5, Defendants shall maintain a Medical-Mental Health Specialist whose job responsibility will be to develop and coordinate a broader and more geographically diverse array of physical, dental, and mental health services available to foster children.

Modified Mississippi Settlement Agreement And Reform Plan
Period 5 Implementation Plan

5. During Period 5, Defendants shall hire 3 additional workers to build the resource service array which will result in a total of 6 workers in the resource development unit.

6. Defendants shall continue to maintain a process for making legal risk placements.

C. **Recruitment and Retention of Resource Families and Therapeutic Service Providers**

1. Within 10 business days prior to the date established by Centers of Medicare and Medicaid Services ("CMS") for the filing of a reconsideration request or appeal, if available, of the CMS decision on the Treatment Foster Care per diem rate of $131.00, Defendants shall provide the Monitor and Plaintiffs with a written update summarizing the status of Defendants' decision whether or not to seek reconsideration or appeal, if available, of said decision. Additional updates, if appropriate, will follow within 30 calendar days of each preceding action, including providing copies of any related correspondence.

IV. **Practice Model Implementation**

A. Defendants shall receive practice model implementation reports from Defendants' consultant Center for Support of Families ("CSF") at least quarterly and produce to Plaintiffs and the Monitor copies of any such practice model implementation reports whenever they are received, but in no event less than quarterly, within 30 calendar days of receipt. Prior to producing the practice model implementation reports to Plaintiffs, Defendants will redact any information that pertains to non-class members.

Modified Mississippi Settlement Agreement And Reform Plan
Period 5 Implementation Plan

**DATED:** December 23, 2014
**AGREED TO BY:**

/s/Marcia Robinson Lowry
Marcia Robinson Lowry (MBN 43991 *pro hac vice*)
Sara R. Robinson-Glasser (MBN 47547 *pro hac vice*)
A BETTER CHILDHOOD, INC.
1095 Hardscrabble Road
Chappaqua, New York  10510
Telephone:  (844) 422-2425
*PLAINTIFFS' COUNSEL*

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, Mississippi 39201
Telephone: (601) 948-8000

Christian D. Carbone (MBN 43986 *pro hac vice*)
John Piskora (MBN 44474 *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
*PLAINTIFFS' COUNSEL*

/s/Dewitt L. ("Rusty") Fortenberry, Jr.
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB # 99227)
Ashley C. Tullos (MSB # 101839)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400

Harold Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi 39201
*DEFENDANTS' COUNSEL*