# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

OLIVIA Y., by and through her next friend, James D. Johnson;
JAMISON J., by and through his next friend, Clara Lewis;
DESIREE, RENEE, TYSON, and MONIQUE P., by and through
their next friend, Sylvia Forster; JOHN A., by and through his next
friend, James D. Johnson; CODY B., by and through his next
friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W.,
by and through their next friend, Zelatra W.; AND SAM H., by and
through his next friend, Yvette Bullock; on their own behalf and
behalf of all others similarly situated,

               Plaintiffs,

                        CIVIL ACTION NO.
  v.                      3:04-CV-251-TSL-FKB

PHIL BRYANT, as Governor of the State of Mississippi;
DONALD TAYLOR, as Executive Director of the Department of
Human Services; AND BILLY MANGOLD, as Director of the
Division of Family and Children's Services,

               Defendants.

## PLAINTIFFS' RENEWED MOTION FOR CONTEMPT, FOR AN EVIDENTIARY HEARING AND FOR THE APPOINTMENT OF A RECEIVER

    Plaintiffs respectfully move this Court for the entry of an Order finding Defendants in contempt of this Court's orders, for an evidentiary hearing, for the appointment of a group of experts to conduct an organizational analysis and for the appointment of a general receiver with full authority to administer Mississippi's child welfare system to bring it into compliance with the orders of this Court. In support of their motion, the Plaintiffs state the following:

    1.  This Renewed Motion is brought pursuant to Federal Rule of Civil Procedure 70(e), section VII.B of the Modified Settlement Agreement [MSA] entered into by the parties and approved by Order of this Court on July 6, 2012, and the Corrected Order Creating Director For Sustainable Transformation And Transformation Team [Dkt. No. 607], section II.H.i, agreed

upon by the parties and entered by this Court on July 9, 2014. This renewed motion is supported by the accompanying Memorandum of Law in Support of Plaintiffs' Renewed Motion for Contempt, For an Evidentiary Hearing and for the Appointment of a Receiver, which is filed contemporaneously with and incorporated by reference into this motion.

2. As explained more fully in Plaintiffs' accompanying memorandum of law, an order finding Defendants in contempt and for the appointment of a receiver is necessary to prevent further harm to the entire class of *Olivia Y.* foster children whose safety and well-being remain at risk as a direct result of Defendants' widespread and massive disregard of its Court-ordered obligations. The necessity for an evidentiary hearing to provide further support for a finding of contempt and for the appointment of a receiver are amply met by the evidence and arguments submitted in support of this renewed motion.

3. Specifically, the Plaintiffs submit the following exhibits in support of this motion:

Exhibit A: Court Monitor's Unofficial Chart for Period 4 (12-Month Periods Ending 6/30/13 and 6/30/14) – "Children Entering Custody Who Received An Initial Health Screening Within 72 Hours After Placement."

Exhibit B: Court Monitor's Unofficial Chart for Period 4 (Six-Month Periods Ending 6/30/13 and 6/30/14) – "Children Three Years Old and Older Who Received a Dental Examination Within 90 Calendar Days of Placement and Children Who Turned Three While In Custody and Received a Dental Examination Within 90 Calendar Days of Their Third Birthday."

Exhibit C: Court Monitor's Unofficial Chart for Period 4 (Six-Month Periods Ending 6/30/13 and 6/30/14) – "Percentage of Children Four Years Old or Older Entering Custody During the Period Who Received A Mental Health Assessment Within 30 Days of Placement."

Exhibit D: Court Monitor's Unofficial Chart for Period 4 (January 1, 2010 – October 31, 2014) – "Hires and Separations Among DFCS Caseworker Staff."

Exhibit E: Court Monitor's Unofficial Chart for Period 4 (January 1, 2010 – October 31, 2014) – "Hires and Separations Among Social Work Supervisory Staff."

| | |
|---|---|
| Exhibit F: | Court Monitor's Unofficial Chart for Period 4 (One-Month Periods Ending 6/30/13 and 6/30/14) – "Children in Emergency Shelter or Temporary Facility for Over 45 Days With and Without Approval." |
| Exhibit G: | Court Monitor's Unofficial Chart for Period 4 (One-Month Periods Ending 6/30/13 and 6/30/14) – "Children Placed in Unlicensed Foster Care Settings That Do Not Meet DFCS Licensure Standards and Children Placed in Expedited Pending Relative Resource Homes for More Than 90 Days." |
| Exhibit H: | Court Monitor's Unofficial Chart for Period 4 (One Year Period Ending 6/30/14) – "Newly Hired Caseworkers." |
| Exhibit I: | Court Monitor's Unofficial Chart for Period 4 (One-Month Periods Ending 6/30/13 and 6/30/14) – "Children Under Age 10 Housed in Congregate Care Setting With And Without Exception And Regional Director Approval." |
| Exhibit J: | Court Monitor's Unofficial Chart for Period 4 (12-Month Periods Ending 6/30/13 and 6/30/14) – "Sibling Groups Who Entered Custody at or Around the Same Time Placed Together." |
| Exhibit K: | Declaration of Marcia Robinson Lowry (March 4, 2015) |
| Exhibit L: | Declaration of Dr. Viola Miller (March 4, 2015) |

4. For the reasons stated in this motion, as well as the reasons and authorities provided in the accompanying memorandum brief, the Plaintiffs request that the Court grant their motion, find that defendants are in noncompliance with the MSA, the Period 3 Implementation Plan and the July 9 Order, hence in contempt of court; and appoint a group of experts proposed by Plaintiffs and the Monitor with expertise in implementing child welfare system reform to conduct an organizational analysis. The group can identify the systemic deficiencies that need to be addressed in order to achieve compliance with the MSA and devise an organizational and staffing framework to serve as the road map for addressing them. With that specific guidance, the Court can then fashion an order setting out both the Receiver's powers and the duration of the Receiver's mandate, and the standards for a transition out of the receivership.

5. Plaintiffs also request that this Court grant such other and further relief as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED, this the 9th day of March 2015.

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (*pro hac vice*)
Sara Robinson-Glasser (*pro hac vice*)
A Better Childhood, Inc.
1095 Hardscrabble Road
Chappaqua, NY  10514
Telephone (646) 808-7344
Facsimile: (914) 238-0365
Email: mlowry@abetterchildhood.org
          srglasser@abetterchildhood.org


W. Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@babc.com
          mbentley@babc.com


John Lang (*pro hac vice*)
Attorney at Law
60 East 42nd Street
Suite 4600
New York, NY 10165
Telephone: (212) 300-0646
Email: john.lang@attomeylang.com

4

        Christian Carbone (*pro hac vice*)
        LOEB & LOEB LLP
        345 Park Avenue
        New York, New York 10154
        Telephone: (212) 407-4000
        Email: ccarbone@loeb.com

*Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and deliver copies to all counsel of record, including:

Dewitt L. "Rusty" Fortenberry, Jr, Esq.
John T. Rouse, Esq.
Kenya Key Rachal, Esq.
Ashley Tullos Young, Esq.
Gretchen L. Zmitrovich, Esq.
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ, P.C.
Post Office Box 14167
Jackson, Mississippi 39236

Harold E. Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201

*Attorneys for Defendants*
.

　　　　　　　　　　　　　　　　　　　　　*/s/ Marcia Robinson Lowry*
　　　　　　　　　　　　　　　　　　　　　One of the Plaintiffs' Counsel