IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

JACKSON DIVISION

OLIVIA Y., by and through her next friend, James D. Johnson;
JAMISON J., by and through his next friend, Clara Lewis;
DESIREE, RENEE, TYSON, and MONIQUE P., by and through
their next friend, Sylvia Forster; JOHN A., by and through his next
friend, James D. Johnson; CODY B., by and through his next
friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W.,
by and through their next friend, Zelatra W.; AND SAM H., by and
through his next friend, Yvette Bullock; on their own behalf and
behalf of all others similarly situated,

                                                                   Plaintiffs,            CIVIL ACTION
v.                                                                              NO. 3:04CV251LN

PHIL BRYANT, as Governor of the State of Mississippi;
DONALD TAYLOR, as Executive Director of the Department of
Human Services; AND BILLY MANGOLD, as Director of the
Division of Family and Children's Services,

                                                                  Defendants.

**Declaration of Marcia Robinson Lowry in Support of Plaintiffs'
Renewed Motion for Contempt and for the Appointment of a Receiver**

EXHIBIT K

I, Marcia Robinson Lowry, an attorney of record in this civil action, make this declaration under penalty of perjury and pursuant to 28 U.S.C. § 1746

1. I have been lead counsel for plaintiffs in this case since it was filed in 2004, along with local counsel, Wayne Drinkwater, of the firm of Bradley Arant Boult Cummings LLP.

2. I submit this declaration in support of Plaintiffs' Renewed Motion for Contempt, and for Appointment of a Receiver. I am fully familiar with the facts asserted in this declaration.

3. Following the issuance of the Court Monitor's Report to the Court Regarding Implementation Period 3 and the June 24, 2013, Order, Document 604, filed May 8, 2014, the parties engaged in negotiations "as an alternative at this point to Plaintiffs' filing a motion for contempt." Corrected Order Creating a Director for Sustainable Transformation and Transformation Team, Document 607, filed July 7, 2014 (hereinafter "DST Order.").

4. That Order requires state defendants to employ a Director for Sustainable Transformation ("DST") by November 1, 2014, and to hire an executive search organization to conduct the job search. The DST was to be responsible for administering a diagnostic process "to identify DFCS staffing and practices necessary to immediately improve performance required under the MSA" and to develop a framework for a "Transformation Team." DST Order at II. C. i.

5. In addition, defendants were required ~~to hire an executive search organization and~~ to keep plaintiffs and the Monitor informed about all recruiting efforts for the DST position.

6. Finally, because this position was so important and, plaintiffs believed, challenging, the DST Order provides that "If the parties are unable to agree upon a candidate for the Director for Sustainable Transformation position and Plaintiffs believe applicable salary limits are a factor, Plaintiffs will seek an order from this Court waiving applicable salary

1

limitations for the sole purpose of hiring the Director for Sustainable Transformation." DST Order at II. F.

7. At the beginning of the search process, I spoke to Ted Ford Webb, the person hired to conduct the executive search. He told me that on instructions from Kim Shackelford he would only be seeking candidates who would accept the state's salary and that he anticipated this might be a problem. He said that there were other qualified candidates that he would have recruited were it not for the salary limitation. I told him that the parties had explicitly agreed, and embodied in a court order that the judge had signed, a provision that would allow plaintiffs to seek a waiver of the state salary limit if necessary to find a qualified candidate and that he needed to clarify this with the defendants. He said he would do so.

8. Only one candidate for the position was presented to plaintiffs. Plaintiffs did not find the candidate qualified.

9. At that point, plaintiffs asked the Monitor in this case, Grace Lopes, to confirm what Mr. Webb had earlier told me, that defendants had instructed him to only screen candidates who would accept the state's salary limit. In a conversation in which counsel for defendants participated, the Monitor informed plaintiffs' and defendants' counsel that defendants had indeed confirmed that the search had been limited to candidates who would accept the state salary limit.

10. Plaintiffs informed the Monitor and counsel for defendants that we believed the state had conducted this search in violation of the negotiated court order entered by the court, and that this amounted to contempt of that court order.

11. No Director for Sustainable Transformation has been hired, and the provision of II.H. of the DST Order is applicable, authorizing plaintiffs to proceed with a motion for contempt at this time.

2

I, Marcia Robinson Lowry, declare under penalty of perjury that the foregoing is true and correct. Executed on March 4, 2015.

*Marcia Robinson Lowry*
Marcia Robinson Lowry

3