**CLERK, U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF MISSISSIPPI
501 E. COURT STREET, SUITE 2.500
JACKSON, MISSISSIPPI 39201

OFFICIAL BUSINESS

George Whitten
P. O. Box 4773
Jackson, MS 39296

RECEIVED
APR -9 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

FORWARD TIME EXP RTN TO SEND
WHITTEN JR
310 HIGH ST
GREENWOOD MS 38930-3652

RETURN TO SENDER

US POSTAGE $000.690
PITNEY BOWES
MAILED FROM ZIP CODE 39201
APR 06 2015

George Whitten
P. O. Box 4773
Jackson, MS 39296

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., et al.                                                        PLAINTIFFS

V.                                                       CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, et al.                                                    DEFENDANTS

## SCHEDULING ORDER FOR PLAINTIFFS' RENEWED MOTION FOR CONTEMPT, FOR AN EVIDENTIARY HEARING AND FOR THE APPOINTMENT OF A RECEIVER

The Court has before it Plaintiff's Renewed Motion for Contempt, for an Evidentiary Hearing and for the Appointment of a Receiver (the "Contempt Motion"). Having conducted a scheduling conference on March 24, 2015 concerning the Contempt Motion, the Court now enters this Scheduling Order that shall govern proceedings relating to the Contempt Motion.

IT IS HEREBY ORDERED:

1. **Written Discovery.** The parties shall be entitled to serve one set of 10 interrogatories and one set of 12 requests for production of documents. All such written discovery shall be served not later than April 3, 2015. The responding party shall serve answers within 40 days after being served with such discovery. To the extent that the responding party wishes to object to any written discovery, such objections shall be served within 20 days after service of the discovery. In light of the Court's ruling concerning the temporal scope of the evidentiary hearing concerning the Contempt Motion, the parties are specifically directed to supplement their responses to any discovery requests to take into

4/442158.4

account the Court Monitor's Report Regarding Implementation Period 4, which report is now scheduled to be issued on or about May 31, 2015.

2. **Privilege Issues.** Pursuant to Rule 502 (d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected with this litigation pending before this Court. Further, the privilege and protections are not waived in any other federal or state proceeding.

3. **Depositions.** Depositions of fact witnesses may be conducted at any time, and shall be completed no later than June 19, 2015. The parties shall cooperate to arrange all such depositions, and witnesses under the control of a party shall be produced without the necessity of subpoenas. Each party shall be limited to no more than six fact witness depositions, without additional approval of the Court.

4. **Expert Discovery.** Not later than May 29, 2015, the parties shall identify any expert witness they may use at the hearing on the Contempt Motion to present evidence under Federal Rules of Evidence 702, 703 or 705, and shall provide the information required by Federal Rule of Civil Procedure 26 (a) (2) (B) for each such witness. Rebuttal experts shall be identified not later than June 12, 2015. Depositions of expert witnesses may be taken at any time, and shall be completed by June 26, 2015, except for depositions of rebuttal experts, which shall be completed by July 10, 2015. Any *Daubert* or similar motions challenging another party's expert shall be served by July 20, 2015.

5. **Prehearing Order and Prehearing Conference.** The parties shall submit to the Court on July 31, 2015 a prehearing order that shall provide the information required by the Court's standard Pretrial Order form. If the Court determines that a prehearing conference is needed, the Court shall schedule such a conference.

6. **Responses to Motion and Monitor's Reports.** Defendants shall file a response to Plaintiffs' Renewed Motion for Contempt prior to May 30, 2015; not later than June 30, 2015, Defendants may amend their response to address findings made in the Monitor's Report Regarding Implementation Period 4. Not later than July 20, 2015, Plaintiffs may file a reply to Defendants' responses to Plaintiffs' Renewed Motion for Contempt and include findings made in the Monitor's Report Regarding Implementation Period 4.

7. **Proposed Findings of Fact and Conclusions of Law.** The parties shall submit proposed findings of fact and conclusions of law to the Court not later than July 31, 2015.

8. **Hearing Date.** An evidentiary hearing for the Contempt Motion shall be held beginning August 10, 2015.

9. **Temporal Discovery and Evidence Limits.** Discovery and the hearing shall be limited to and concern events occurring during Implementation Periods 3 and 4; accordingly, no evidence shall be presented, nor discovery conducted, concerning events that occurred subsequent to June 30, 2014, the final day of Implementation Period 4.

10. **Remedial Orders.** If the Court finds that Defendants are in contempt, Defendants do not waive their right to argue that the Court should not fashion a remedy based solely on the evidence before it, and to seek a subsequent hearing at which Defendants may offer evidence of mitigating actions and events that have occurred subsequent to June 30, 2014. Plaintiffs do not waive their right to argue that no further evidence or hearing is needed for the Court to fashion appropriate remedial relief. Subject to this paragraph, both parties shall have the right at the August 10 hearing to offer evidence concerning an appropriate remedy.

SO ORDERED, this, the 7th day of April, 2015.

_____
TOM S. LEE, SENIOR JUDGE