**CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI**
501 E. COURT STREET, SUITE 2.500
JACKSON, MISSISSIPPI 39201

OFFICIAL BUSINESS

3:04cv251

RECEIVED
JUN 12 2015

NIXIE   392   7E   1009   2206/08/15
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 39201502299   *1465-11270-22-40



U.S. POSTAGE $000.69⁰
PITNEY BOWES
02 1P
0000846539  MAY 22 2015
MAILED FROM ZIP CODE 39201

Ezell Lanier
5215 Drvid Lane
Meridian, MS 39301

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., el al.                                                      PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, et al.                                                  DEFENDANTS

## AMENDED SCHEDULING ORDER FOR PLAINTIFFS' RENEWED MOTION FOR CONTEMPT, FOR AN EVIDENTIARY HEARING AND FOR THE APPOINTMENT OF A RECEIVER

The Court has before it Plaintiffs' Renewed Motion for Contempt, for an Evidentiary Hearing and for the Appointment of a Receiver (the "Contempt Motion"). Having conducted a scheduling conference on March 24, 2015 concerning the Contempt Motion and considered Defendants' Unopposed Motion to Amend Scheduling Order, the Court now enters this Amended Scheduling Order that shall govern proceedings relating to the Contempt Motion

**IT IS HEREBY ORDERED:**

1.  **Written Discovery.** The parties shall be entitled to serve one set of 10 interrogatories and one set of 12 requests for production of documents. All such written discovery shall be served not later than April 3, 2015, The responding party shall serve answers within 40 days after being served with such discovery. To the extent that the responding party wishes to object to any written discovery, such objections shall be served within 20 days after service of the discovery. In light of the Court's ruling concerning the temporal scope of the evidentiary hearing concerning the Contempt Motion, the parties are specifically directed to supplement their responses to any discovery requests to take into account the Court Monitor's Report Regarding

1

  Implementation Period 4, which report is now scheduled to be issued on or about June 15, 2015.

2. **Privilege Issues.** Pursuant to Rule 502 (d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected with this litigation pending before this Court. Further, the privilege and protections are not waived in any other federal or state proceeding.

3. **Depositions.** Depositions of fact witnesses may be conducted at any time, and shall be completed no later than July 3, 2015. The parties shall cooperate to arrange all such depositions, and witnesses under the control of a party shall be produced without the necessity of subpoenas. Each party shall be limited to no more than six fact witness depositions, without additional approval of the Court.

4. **Expert Discovery.** Not later than June 12, 2015, the parties shall identify any expert witness they may use at the hearing on the Contempt Motion to present evidence under Federal Rules of Evidence 702, 703 or 705, and shall provide the information required by Federal Rule of Civil Procedure 26 (a) (2) (B) for each such witness. Rebuttal experts shall be identified not later than June 26, 2015. Depositions of expert witnesses may be taken at any time, and shall be completed by July 13, 2015, except for depositions of rebuttal experts, which shall be completed by July 24, 2015. Any *Daubert* or similar motions challenging another party's expert shall be served by August 5, 2015.

5. **Prehearing Order and Prehearing Conference.** The parties shall submit to the Court on August 7, 2015 a prehearing order that shall provide the information required by the Court's standard Pretrial Order form. If the Court determines that a prehearing conference is needed, the Court shall schedule such a conference.

2

6. **Responses to Motion and Monitor's Reports.** Defendants shall file a response to Plaintiffs' Renewed Motion for Contempt prior to June 15, 2015; not later than July 15, 2015, Defendants may amend their response to address findings made in the Monitor's Report Regarding Implementation Period 4. Not later than August 5, 2015, Plaintiffs may file a reply to Defendants' responses to Plaintiffs' Renewed Motion for Contempt and include findings made in the Monitor's Report Regarding Implementation Period 4.

7. **Proposed Findings of Fact and Conclusions of Law.** The parties shall submit proposed findings of fact and conclusions of law to the Court not later than August 7, 2015.

8. **Hearing Date.** An evidentiary hearing for the Contempt Motion shall be held beginning August 10, 2015.

9. **Temporal Discovery and Evidence Limits.** Discovery and the hearing shall be limited to and concern events occurring during Implementation Periods 3 and 4; accordingly, no evidence shall be presented, nor discovery conducted, concerning events that occurred subsequent to June 30, 2014, the final day of Implementation Period 4.

10. **Remedial Orders.** If the Court finds that Defendants are in contempt. Defendants do not waive their right to argue that the Court should not fashion a remedy based solely on the evidence before it, and to seek a subsequent hearing at which Defendants may offer evidence of mitigating actions and events that have occurred subsequent to June 30, 2014. Plaintiffs do not waive their right to argue that no further evidence or hearing is needed for the Court to fashion appropriate remedial relief. Subject to this

3

paragraph, both parties shall have the right at the August 10 hearing to offer evidence concerning an appropriate an appropriate remedy.

SO ORDERED, this the 22nd day of May, 2015.

/s/ Tom S. Lee
TOM S. LEE, SENIOR JUDGE