

Teresa A. Wells
381 Mill Pd Road
Lamar, MS 38642



# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| JAMES D. JOHNSON, as next friend to Olivia Y., *et al.* | PLAINTIFFS |
| vs. | CIVIL ACTION NO: 3:04-CV-251-TSL-FKB |
| PHIL BRYANT, as Governor of the State of Mississippi, *et al.* | DEFENDANTS |

## AGREED ORDER CONTINUING THE HEARING ON PLAINTIFFS' RENEWED MOTION FOR CONTEMPT

The parties have filed a joint motion to continue the evidentiary hearing scheduled to commence on August 10, 2015 on the Plaintiffs' Renewed Motion for Contempt and for Appointment of a Receiver ("Motion for Contempt") [Dkt. 622]. The Court finds that the joint motion is well taken and should be granted.

THEREFORE, it is hereby ORDERED that the parties' joint motion is GRANTED; and it is further

ORDERED, that the August 10, 2015 hearing shall be continued as described herein; and it is further

ORDERED, as follows:

### The Division of Family and Children's Services

1.   On or before July 24, 2015, the Defendants will retain Public Catalyst to conduct an organizational analysis of the current Mississippi Department of Human Services ("MDHS") Division of Family and Children's Services ("DFCS") with regard to its provision of child welfare and foster care services. Unless for good cause shown, the organizational analysis and a

1

Final Organizational Analysis Report will be completed within four months from the date that Public Catalyst is retained.

    2.    The organizational analysis will include the following:

        a.    recommending an optimal DFCS structure, including whether DFCS should be a free-standing agency, its new organizational structure, and to what extent privatization should be utilized;

        b.    reviewing and considering the findings and recommendations made in the Court Monitor's Reports on Implementation Periods 3 and 4;

        c.    evaluating the areas in which MDHS and/or DFCS have not complied with the Modified Mississippi Settlement Agreement and Reform Plan ("MSA") [Dkt. 571] and recommending steps necessary to achieve substantial compliance;

        d.    reviewing the current positions and salary structure in DFCS, and recommending additional positions, if any, necessary for its effective functioning, and salary levels necessary to hire and retain qualified personnel for all DFCS positions, including salary levels for the senior level management team for the Executive Director;

        e.    recommending the management and accountability structure within DFCS;

        f.    evaluating and analyzing the current caseload measurements in the MSA and determining the most appropriate caseload measurements for workers with dedicated and mixed caseloads;

        g.    designing a plan for a needs assessment for services for children in care, their families of origin, and for foster and adoptive families, as well as a process to implement the needs assessment, including timetables;

        h.    reviewing at the statewide and regional levels DFCS's data-collection and analysis capacities, as well as its capacity to use data for performance management, and recommending both short and long-term solutions for strengthening each capacity as needed to support substantial compliance with the MSA;

        i.    consulting with the Governor regarding the qualifications, level of compensation, and the timing for hiring an Executive Director of DFCS;

        j.    recommending qualified candidates to serve as the Executive Director of DFCS; and

    k. working with a representative designated by the Defendants in ongoing discussions concerning the development of the recommendations contemplated herein.

Public Catalyst will have access to all information that is necessary to conduct the tasks described above.

3. As soon as practical, the Governor's Office will hire an Executive Director of DFCS from among those candidates deemed qualified by Public Catalyst. The DFCS Executive Director position will be a cabinet-level position that reports directly to the Governor. The DFCS Executive Director will be responsible for the management of DFCS and compliance with the MSA. The applicable state salary limits will be waived to facilitate the hiring of the DFCS Executive Director. The salary of the DFCS Executive Director will be determined by the Governor after consultation with Public Catalyst.

4. The DFCS Executive Director will be authorized to hire the members of a senior level management team which will report directly to him or her. The applicable state salary limits for the senior level management team will be waived to facilitate the hiring of the team members. The salaries for the team members will be determined by the Governor and DFCS Executive Director.

5. The DFCS Executive Director and senior level management team will have direct authority and oversight of all DFCS employees in their respective areas of responsibility.

6. Within three weeks of the date the Final Organizational Analysis Report is issued, the parties will negotiate a Court-enforceable Remedial Order based on the recommendations of Public Catalyst. If the parties agree to a Remedial Order, the Defendants will take all necessary steps to comply with its terms, including the timeframes set forth therein. If the parties are unable to agree to a Remedial Order or Public Catalyst withdraws from

conducting the organizational analysis described in paragraph 2, above, the Plaintiffs may immediately seek a remedial hearing with the Court on their Motion for Contempt.

7. To the extent necessary, the Governor will call a special session of the legislature to consider changes in the law and additional appropriations to support the reorganization of DFCS[1] and to support the provisions of the Remedial Order and the recommendations of Public Catalyst.

### DFCS Advisory Group

8. For not less than three years following the filing date of the Remedial Order referenced in paragraph 3, above, the DFCS Executive Director will consult with an Advisory Group of three experts to be nominated through a collaborative process by the Plaintiffs and the Court Monitor and acceptable to the Executive Director whose approval will not be unreasonably withheld. The Advisory Group will provide technical assistance and consultation to the Executive Director regarding DFCS operations necessary to achieve substantial compliance with the MSA.

### Resolution of the Motion for Contempt

9. Based on the Monitor's Periods 3 and 4 Reports, the Defendants do not contest a finding of non-compliance with the MSA and the Period 3 and Period 4 Implementation Plans ("IPs").

10. If the Defendants do not comply with the terms of this Order, or the Remedial Order referenced in paragraph 3, above, the Plaintiffs may immediately seek a hearing on the remedial portion of their pending Motion for Contempt. Defendants' noncompliance with the MSA and the Period 3 and Period 4 IPs will be a sufficient basis for the Plaintiffs to submit

---

[1] This is not intended to limit the Governor from also proposing necessary legislation during a general session of the legislature, nor does it mean that future issues related to DFCS will be restricted to presentation during special sessions of the legislature.

4

evidence and argument to the Court concerning any available remedy at the remedial hearing, including the creation of a receivership. The Defendants reserve their right to present evidence and argument in defense against or in favor of any remedy, except that Defendants may not argue that the finding of non-compliance, rather than contempt, legally precludes the imposition of a receivership.

SO ORDERED this 23rd day of July, 2015.

/s/Tom S. Lee
**SENIOR JUDGE, TOM S. LEE**

**AGREED:**

**FOR PLAINTIFFS**

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (*pro hac vice* MBN 43991)
Sara R. Robinson-Glasser (*pro hac vice* MBN 47547)
A BETTER CHILDHOOD, INC.
1095 Hardscrabble Road
Chappaqua, New York 10510
914-238-4108

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS 39201
601-948-8000

**FOR DEFENDANTS**

/s/ Dewitt L. ("Rusty") Fortenberry, Jr.
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB # 99227)
Ashley C. Tullos (MSB # 101839)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
601-351-2400

5

Harold Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201
601-359-3816