

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
501 E. COURT STREET, SUITE 2.500
JACKSON, MISSISSIPPI 39201

OFFICIAL BUSINESS

Ezell Lanier
5215 Drvid Lane
Meridian, ms 39301

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 07 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

3:04 cv251
671

RECEIVED
JAN 07 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

NIXIE   392   7E   1   2201/04/16
        RETURN TO SENDER
        NOT DELIVERABLE AS ADDRESSED
        UNABLE TO FORWARD

BC: 39201502299   *1966-00970-29-18

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES D. JOHNSON, as next friend to     PLAINTIFFS
Olivia Y., *et al.*

vs.     CIVIL ACTION NO: 3:04-CV-251-TSL-FKB

PHIL BRYANT, as Governor     DEFENDANTS
of the State of Mississippi, *et al.*

## INTERIM REMEDIAL ORDER

As contemplated by Paragraph 6 of the July 23, 2015 Agreed Order Continuing the Hearing on Plaintiffs' Renewed Motion for Contempt (the "Agreed Order") [Dkt. 664 at 3-4], the Court has been advised that the parties have negotiated this Interim Remedial Order based on the recommendations of Public Catalyst. Having reviewed the Interim Remedial Order, the Court finds that it is consistent with the Agreed Order and orders as follows:

1. Defendants will, not later than the date this order is signed, begin implementing an "in-but-not-of" model that houses the Division of Family and Children's Services ("DFCS") within the Mississippi Department of Human Services ("MDHS"), independent of MDHS management and oversight. DFCS will be led by an Executive Director reporting directly to the Governor. DFCS will begin oversight of its own budget, personnel, and management information system

(MIS)/Information Technology (IT) functions, according to the following schedule:

    a. on or before January 15, 2016, all DFCS employees employed in DFCS-assigned PINS will be under the authority and oversight of the DFCS Executive Director and senior level management team according to their respective areas of responsibility;

    b. on or before February 1, 2016, DFCS and MDHS will identify their respective employees having blended responsibilities to both DFCS and other offices within MDHS; and,

    c. on or before June 1, 2016, DFCS and MDHS will enter into necessary service level agreements identifying the services to be provided by employees having blended responsibilities, and that are necessary to minimize the impact on services and operations of DFCS and MDHS until such time as legislation is enacted creating an independent child welfare agency, which legislation is to become effective not later than July 1, 2018. The Governor agrees to use his best efforts to persuade the Mississippi Legislature to create an independent child welfare agency to take effect not later than July 1, 2018.

    2.    On or before January 15, 2016, the Governor will designate a senior member of his staff to support DFCS, coordinate with the DFCS Executive

Director, facilitate interagency planning and enhance system collaboration and accountability in furtherance of this Order, the Modified Mississippi Settlement Agreement and Reform Plan (the "MSA"), the Agreed Order and any further settlement agreements or orders of the Court.

3. On or before March 1, 2016, DFCS shall create and staff a second Deputy Director for Field Operations position to ensure adequate management, supervision and support of the regional directors.

4. The Governor will take all reasonable steps, within legal authority, to exempt MDHS and DFCS from State Personnel Board oversight for a period of at least 36 months, beginning July 1, 2016.

5. The Governor will take all reasonable steps, within legal authority, to exempt MDHS and DFCS from contracting and procurement requirements for a period of at least 36 months, beginning July 1, 2016.

6. Defendants shall implement the caseload standards as set forth in the MSA. To accomplish this:

   a. Public Catalyst will be retained to conduct a point in time caseload audit based upon the weighted caseload standards set forth on page 21 of the November 24, 2015 Organizational Analysis. Public Catalyst will complete the caseload audit prior to March 1, 2016. This caseload audit

3

will serve as the baseline for determining the number of caseworkers and supervisors needed at DFCS.

b. Within 30 days after receiving the results of the desk audit, and based on the desk audit findings, DFCS shall develop and submit to Public Catalyst a plan to implement the MSA caseload standards and the recruitment, hiring and retention plan for caseworkers and supervisors. This plan shall be subject to Public Catalyst's approval, except that the time frames for implementation of the MSA caseload standards shall be subject to the parties' renegotiation of the MSA.

7.  On or before April 1, 2016, DFCS will submit to Public Catalyst for its approval a proposed plan to raise compensation for DFCS casework staff in the family protection title series and social work supervisors effective July 1, 2016. In determining said level of increased compensation, DFCS will rely on the data and information on salary levels provided to similarly qualified staff in other agencies in Mississippi.

8.  Not later than March 1, 2016, DFCS will submit and begin implementation of a plan, including timeframes and the specification of necessary resources, subject to the approval of Public Catalyst, to:

a. build a better-resourced DFCS Field Operations team in the State Office whose sole task is to provide the regions more robust and continuous

support, guidance and accountability in the agency's main program areas: foster care, adoption and child protective services;

b. allocate to each regional director adequate administrative staff in the region to support the vast administrative work of the regional director, including staff specifically assigned to develop human resources, obtain sufficient facilities, equipment, data, flexible funds and services;

c. move state office staff responsible for foster care and adoption program functions from DFCS Administration to DFCS Field Operations; and

d. raise compensation of the regional directors to reflect their roles as members of the DFCS senior management team.

9. DFCS will begin the process of equipping all caseworkers with smart phones or tablets for field-based investigative work and resource access; and, providing adequate computers for work in DFCS offices, according to the following schedule:

a. on or before May 1, 2016, DFCS shall equip all dedicated investigators with smart phones or tablets; and,

b. on or before July 1, 2016, DFCS shall equip all other caseworkers with smart phones or tablets, and shall provide adequate computers for work in all DFCS offices.

10. On or before July 1, 2016, the State will have in place a qualified person who will assume responsibility for IT issues and decision making and the DFCS Executive Director will reach a final determination about its approach to replace MACWIS.

11. Within 150 days from the date of this order, DFCS shall develop a plan acceptable to Public Catalyst, including timetables for implementation and specification of necessary resources, to increase licensed family based placements for children and necessary supportive services for children as well as specific provisions which reduce reliance on shelter care, and begin implementation of such plan by July 1, 2016.

12. Public Catalyst will be retained to provide technical assistance to the parties related to the provisions of this Remedial Order. DFCS will submit any necessary proposed plans specified in this order to Public Catalyst for approval, except where otherwise specified in this Order. DFCS will implement all plans specified in this Order based on the timeframes approved in such plans. Public Catalyst shall have sole and final authority to determine whether said plans are feasible and adequate and whether they are being implemented on a timely schedule. Public Catalyst will certify to the parties by May 1, 2016, whether DFCS has met its obligations under this Order that were due by such date, and

certify by July 1, 2016, whether DFCS has met its obligations under this Order that were due thereafter. If Public Catalyst does not approve any proposed plans submitted to it for approval under this Interim Remedial Order within 14 days after the date for submission of such proposed plan, or fails or refuses to certify that DFCS or the Defendants have met their obligations due under this Order, such non-approval or failure to certify shall constitute noncompliance by Defendants with the requirements of this Interim Remedial Order.

13. The Court Monitor shall have sole and final authority to continue monitoring and reporting on compliance with the provisions of the MSA.

14. On or before April 1, 2016, the parties shall meet to re-negotiate the terms of the MSA and the timetable for implementation of its provisions. During these negotiations, the parties shall address any additional recommendations made by Public Catalyst in its November 24, 2015 Organizational Analysis of MDHS that are not addressed in this Interim Remedial Order.

15. The remedy phase of the Motion for Contempt shall be continued until May 15, 2016 at which time the parties shall submit a Final Remedial Order to the Court or, in the absence of an agreement on a Final Remedial Order, the

plaintiffs shall proceed with the remedy phase of the contempt motion as contemplated by paragraphs 9 and 10[1] of the Agreed Order.

16. Failure to comply with the provisions of this Interim Remedial Order shall be deemed a violation of this Order for which Plaintiffs have the right to invoke paragraphs 9 and 10[2] of the Agreed Order.

SO ORDERED this 22nd day of December, 2015.

/s/Tom S. Lee
**SENIOR JUDGE, TOM S. LEE**

**AGREED:**

**FOR PLAINTIFFS**

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (*pro hac vice* MBN 43991)
Sara R. Robinson-Glasser (*pro hac vice* MBN 47547)
A BETTER CHILDHOOD, INC.
1095 Hardscrabble Road
Chappaqua, New York 10510
914-238-4108

W. Wayne Drinkwater, Jr. (MBN 6193)
BRADLEY ARANT ROSE & WHITE LLP
188 East Capitol Street, Suite 450
Jackson, MS 39201
601-948-8000

---

[1] The parties agree that paragraph 10 of the Agreed Order contains a typographical error in that paragraph "3" should read paragraph 6.
[2] *Id.*

8

**FOR DEFENDANTS**

/s/ Dewitt L. ("Rusty") Fortenberry, Jr.
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB # 99227)
Ashley C. Tullos (MSB # 101839)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
601-351-2400

Harold Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201
601-359-3816

9