IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                            PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:04CV251LN

PHIL BRYANT, as Governor of the State of Mississippi, *et al.*     DEFENDANTS

## **DECLARATION OF LUKE DOVE**

Under penalty of perjury, and pursuant to 28 U.S.C. § 1746, I, Luke Dove, hereby declare as follows:

1. My name is Luke Dove. I was admitted to practice law in Mississippi in 1972 and am a member in good standing of the Mississippi Bar Association. I am competent to make this affidavit.

2. I am familiar with hourly billing rates and expense reimbursements customarily charged and collected for legal fees in Mississippi and with alternative billing arrangements customarily used to engage counsel in legal work of the type that is involved in this action, which involves class claims for unconstitutional state action with respect to a class of abused and neglected children. I am generally familiar with fee awards to successful class counsel in class action cases brought in this judicial district. I am also familiar with the subject matter of this case, having previously reviewed portions of the pleadings and other relevant matters in connection with a Declaration that I gave on April 15, 2008 in support of a previous attorney's fee application.

4/478353.1

3. I have reviewed the March 2016 Declarations of Marcia Robinson Lowry, W. Wayne Drinkwater and Sara Robinson-Glasser, with accompanying accountings of billable time and expense rendered and incurred by counsel for the Plaintiff class during the December 2014-November 2015 time period.

4. The hourly rates specified in the Declarations of Marcia Robinson Lowry, W. Wayne Drinkwater and Sara Robinson-Glasser are reasonable and within the range of hourly rates currently prevailing in Mississippi for litigation of this sort during the period in which the legal services were performed, and are customarily charged to and collected from clients for legal services requiring comparable skill, judgment, professional reputation, and experience where: (a) the client pays such hourly charges in a 30-60 day cycle; (b) the client bears the burden of regularly reimbursing out-of-pocket expense of prosecuting the case as expense is incurred and the attorney is not expected to advance the costs of litigation for more than a 30-60 day billing cycle; (c) the attorney's recovery of fee and expense reimbursement is not contingent upon the ultimate result obtained in the case. I understand that the rates sought by W. Wayne Drinkwater and Michael Bentley are significantly lower than the standard hourly rates charged by Mr. Drinkwater and Mr. Bentley in non-contingent matters involving corporate clients.

5. The hourly rates specified in the Declarations of Marcia Robinson Lowry, W. Wayne Drinkwater and Sara Robinson-Glasser are not more than would be needed to induce attorneys of comparable skill, judgment, professional reputation, and experience to perform the necessary services to prosecute a case of this magnitude on terms where the attorneys are not paid on an ongoing basis as the work is being performed, are required to advance case expenses with no ongoing reimbursement, and the attorneys' ability to recover a fee and expense reimbursement is contingent on the outcome of the case.

4/478353.1

6. Based on my experience, as well as my general familiarity with legal services rendered in Mississippi during the December 2014-November 2015 period, I can further attest that it is difficult for large law firms to undertake litigation against the State of Mississippi because of conflicts with government relations, public finance, and other areas of practice that could be adversely affected by suits against the State.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this, the 1 day of April, 2016.

*Luke Dove*
Luke Dove

3
4/478353.1