IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES D. JOHNSON, as next friend to               PLAINTIFFS
Olivia Y., et al.

vs.                             CIVIL ACTION NO.: 3:04-CV-251-TSL-FKB

PHIL BRYANT, as Governor                          DEFENDANTS
of the State of Mississippi, et al.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF CLASS COUNSEL'S FEES AND EXPENSES**

Plaintiffs have submitted a Motion for Award of Class Counsel's Fees and Expenses ("Motion") [Dkt. 686] seeking to recover $336,123.89 for attorneys' fees and $9,574.22 for expenses from the Defendants.[1] In the eight years since this case was settled, the parties have successfully negotiated and reached agreement on the amount of fees and expenses Plaintiffs' counsel are entitled to receive and avoided worrying the Court with the minutia that is typically involved in fee disputes. Unfortunately, the parties are currently at an impasse and court involvement is required.

In their current request for attorneys' fees and expenses, Plaintiffs are seeking hourly billing rates that are drastically higher—in one case a percentage increase of more than 60% — than those agreed to in prior years and that are above the prevailing market rates in the Southern District of Mississippi. As a result, Defendants oppose Plaintiffs' Motion on the grounds that the

---

[1] The attorneys' fees and expenses sought by Plaintiffs in their Motion are for the time period from December 1, 2014, through November 30, 2015, and will be referred to herein as the "2015" fees and expenses.

1

hourly billing rates proposed by Plaintiffs are excessive and do not represent a reasonable hourly billing rate within the relevant market.[2]

## I. Calculation of attorney's fees

The starting point in setting attorney's fees is determining the lodestar figure. The lodestar figure is calculated by multiplying the number of hours an attorney reasonably spends on the case by a reasonable hourly rate, which is the market rate in the community for this work. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). This figure provides an objective basis upon which to make an initial assessment of the value of the lawyer's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. *Hensley*, 461 U.S. at 436. "After calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 4888 F.2d 714, 717-19 (5th Cir. 1974)." *Black*, 732 F.3d at 502.

The "reasonable hourly rate" for the lodestar calculation is calculated according to the prevailing market rates in the relevant community and must be in line with those prevailing in the community for similar services performed by attorneys with reasonably comparable skills, experience and reputation. *Idom v. Natchez-Adams School Dist.*, No. 5:14-CV-38, 2016 WL 320954, *3 (S.D. Miss. Jan. 25, 2016) (citing *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The Fifth Circuit has interpreted "prevailing in the community" to mean what it says it means and requires "courts to consider the customary fee for similar work in the community." *Idom*, 2016 WL 320954 at *3 (citing to *McClain*, 649 F.3d at 381). A court may

---

[2] Defendants are not disputing the number of hours billed by Plaintiffs or the expenses sought by Plaintiffs in their Motion.

2

consider hourly rates set in other cases to determine the prevailing market rate. *See e.g. Latioulais v. Griffith*, No. 09-0018, 2015 WL 4253976, at *4 (W.D. La. July 13, 2015) (court looked to other cases to gauge rate's reasonableness).

**II. The hourly rates paid to Plaintiffs in previous years are within the prevailing market rate and should not be raised.**

For work performed in 2014, the hourly rates agreed to by the parties and paid to Plaintiffs' counsel are depicted in the chart below:[3]

| Timekeeper | Hourly Rate Paid in 2014 |
|---|---|
| Marcia Robinson Lowry (A Better Childhood, Inc.) | $318.00 |
| Sara Robinson-Glasser (A Better Childhood, Inc.) | $240.00 |
| Stephen Dixon (A Better Childhood, Inc.) | N/A |
| W. Wayne Drinkwater (Bradley Arrant) | $267.75 |
| Michael Bentley (Bradley Arrant) | $198.50 |
| Paralegals | $113.00 |

The hourly rates depicted above are within the prevailing market rate and should not be raised as Plaintiffs request. *See, e.g., Idom*, 2016 WL 320954 at *3 (awarding $275 hourly rate for

---

[3] *See* Declaration of Dewitt L. (Rusty) Fortenberry, Jr. attached as Exhibit "A" to Defendants' Response In Opposition to Plaintiffs' Motion for Award of Class Counsel's Fees and Expenses.

3

attorneys with 24 and 34 years' experience, $175 hourly rate to attorney with 4 years' experience and noting that $300 hourly rate would not be "outrageous for attorneys in Jackson, Mississippi..."); *Lighthouse Rescue Mission v. City of Hattiesburg, Miss.*, No. 2:12-CV-184, 2014 WL 1653108, at *4 (awarding attorney with 23 years of experience and specialization in the Religious Land Use and Institutionalized Persons Act (RLUIPA) an hourly rate of $325.00); Brown v. Miss. Dept. of Health, No. 3:11-cv-0146-CWR-FKB [Dkt. No. 66] (S.D. Miss. March 5, 2013) (finding "$200 - $350 an hour" an appropriate rate for partner in litigation matters); *Alexander v. City of Jackson, Miss.*, No. 3:04CV614, 2011 WL 1059253, at *14 (S.D. Miss. March 21, 2011) (finding reasonable rates were "$250 for partners, $200 for associates, and $100 for paralegals"); Morrow v. Ingram, No. 1:70CV4716, 2011 WL 815105, at *2 (S.D. Miss. Mar.1, 2011) (hourly rate of "$200.00 per hour is a reasonable hourly rate for senior level attorneys, taking into consideration the attorneys' experience and the skill necessary to represent Defendants properly in this case").

**II. Plaintiffs' arguments that the rates sought in its Motion are within the prevailing market rate are unavailing.**

For work performed in 2015, the hourly rates sought by Plaintiffs are depicted in the chart below:

| Timekeeper | Hourly Rate Sought in 2015/ Percent Increase from 2014 |
|---|---|
| Marcia Robinson Lowry (A Better Childhood, Inc.) | $475.00[4] / 49% increase |
| Sara Robinson-Glasser | $350.00[5] / 45% increase |

---

[4] Fifty percent of this rate ($237.50) was used to calculate fees for travel time.
[5] Fifty percent of this rate ($175.00) was used to calculate fees for travel time.

| | |
|---|---|
| (A Better Childhood, Inc.) | |
| Stephen Dixon<br><br>(A Better Childhood, Inc.) | $300.00[6][7] / N/A |
| W. Wayne Drinkwater<br><br>(Bradley Arrant) | $420.00 (2014); / 57% increase<br>$438.75 (2015) / 64% increase |
| Michael Bentley<br><br>(Bradley Arrant) | $198.75 (2014); / N/A<br>$217.50 (2015) / 9% increase |
| Clare Feely, Paralegal<br><br>(A Better Childhood, Inc.) | $130.00 / 13% increase |
| Jeanette Altobelli, Paralegal<br><br>(Bradley Arrant) | $153.75 / 36% increase |

Plaintiffs assert that the hourly rates sought "are well within the prevailing market rates in this district for experienced attorneys." [Dkt. 687] at 12. In support of this contention, Plaintiffs rely on an affidavits of Wayne Drinkwater (one of the attorneys seeking the fee award) and Luke Dove and two cases in this district that discuss reasonable hourly rates. *Id.* at 12-14.

Neither of the cases cited by Plaintiffs support hourly rates as high as $475 as sought by Plaintiffs. Indeed, in *United States ex. rel. Rigsby v. State Farm Fire & Cas. Co.*, a complex *qui tam* action, the court rejected the $505.00 hourly rate sought by an Washington D.C. attorney that typically received $575 to $600 per hour. No. 1:06CV433, 2014 WL 691500, *14 (S.D. Miss. Feb. 21, 2014). In reducing the hourly rate to $400, the court concluded that $400 was a

---

[6] Fifty percent of this rate ($150.00) was used to calculate fees for travel time.
[7] Stephen Dixon was a contract lawyer with A Better Childhood, Inc. and Defendants submit that his hourly rate for 2015 should be no more than the agreed 2014 reasonable hourly rate paid to Sara Robinson-Glasser who is a full time lawyer with A Better Childhood, Inc.

5

reasonable rate "for an attorney of [his] experience, *given the complexities of the case*." *Rigsby*, 2014 WL 691500 at *14 (emphasis added).

The second case cited by Plaintiffs, *Perez v. Bruister*, No. 3:13CV1001, 2015 WL 5712883 (S.D. Miss. Sept. 29, 2015), also misses the mark. First and most importantly, the case involves hourly rates that were not disputed; therefore, the hourly rates awarded in that case are not persuasive. *Perez*, 2015 WL 5712883, at *6 ("To be clear, the rates were not disputed, and the Court finds that they should be paid.") Second, while the court did use data from regional firms with a presence in Mississippi[8] to calculate an average hourly rate for partners of $392 (highest hourly rate charged was $540), those hourly rates were not limited to work in Mississippi[9] and the court stated that they still suggested that premium rates were being sought. *Id.* Indeed, the court asserted that the $400 hourly sought by a Nashville attorney was an above-average rate and that the $700 rate sought by another attorney was well above-average and higher than the highest rate charged by any of the regional firms that had a presence in Mississippi. *Id.* Therefore, this case does not support Plaintiffs' request that includes hourly rates well above $400.

### III. Conclusion

In sum, the hourly rates that were agreed to by the parties in 2014 continue to be reasonable and customary hourly rates during 2015 and Plaintiffs' hourly rates should not be

---

[8] The firms identified by the court included Defendants' law firm Baker, Donelson, Bearman, Caldwell and Berkowitz and Plaintiffs' local counsel firm Bradley Arrant Boult Cummings.
[9] This is important. For example, Baker Donelson has offices in seven states and the District of Columbia.

increased. Based on those hourly rates, it is respectfully submitted that Plaintiffs should be awarded attorneys' fees in the amount of $231,043.14[10] and expenses in the amount of $9,574.22.

Respectfully submitted, this the 18th day of April, 2016.

s/ Dewitt L. ("Rusty") Fortenberry, Jr.
Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB # 99227)
Ashley C. Tullos (MSB # 101839)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Harold Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, MS 39201
Telephone: (601) 359-3816
Facsimile: (601) 359-2003

**COUNSEL FOR DEFENDANTS**

---

[10] This amount of attorney fees was calculated using the 2014 rates agreed to by the parties. The rate of $240.00 per hour agreed to for Sara Robinson-Glasser was also used as Stephen Dixon's hourly rate.

## CERTIFICATE OF SERVICE

I, Dewitt L. Fortenberry, Jr., do herby certify that I have on this day, electronically filed a true and correct copy of the forgoing document with the Clerk of Court using the ECF system which sent notifications of such to counsel as follows:

Marcia Robinson Lowry
Sara R. Robinson-Glasser
A BETTER CHILDHOOD, INC.
1095 Hardscrabble Road
Chappaqua, New York 10510

W. Wayne Drinkwater, Jr.
BRADLEY ARANT ROSE & WHITE, LLP
188 East Capitol Street, Suite 450
Jackson, MS 39201

Christian D. Carbone
John Piskora
LOEB & LOEB, LLP
345 Park Avenue
New York, New York 10154

SO CERTIFIED, this the 18th day of April, 2015.

/s/  Dewitt L. ("Rusty") Fortenberry, Jr.