IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., et al.                                                                    PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.       DEFENDANTS

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR AWARD OF CLASS COUNSEL'S FEES AND EXPENSES**

**I. INTRODUCTION**

In their Motion for Award of Class Counsel's Fees and Expenses, filed on April 1, 2016, Plaintiffs seek an award of $345,698.11 for attorneys' fees and expenses for the period from December 1, 2014 to November 30, 2015. In support of that Motion, Plaintiffs demonstrated that 1) the amount of time expended for legal work was reasonable, 2) the lode star was calculated based on formulas defined by case law and the hourly rate claimed was well within both national and local billing rates, and 3) all expenses claimed were reasonable and necessarily expended as part of the legal services provided to Plaintiff class.

In their response, Defendants do not oppose the number of hours claimed by Plaintiffs counsel for their legal work, nor the expenses sought. Defendants agree that Plaintiffs are entitled to $240,617.36 in legal fees and expenses. (*See* Defendant's Memorandum in Support of Their Response In Opposition To Plaintiffs' Motion For Award of Class Counsel's Fees and Expenses ("Defendants' Opposition,"), p. 7). Plaintiffs have therefore submitted a Proposed Interim Order, and respectfully request that the Court order Defendants to pay Plaintiffs the uncontested portion of the fee request while this motion is being litigated. (*see* Proposed Interim Order filed contemporaneously herewith).

1

In support of its opposition to Plaintiffs' Motion, Defendants raise only two arguments, neither of which are supported either legally or factually. First, they argue that because the hourly rates to which Plaintiffs agreed for the 2014 billing period are lower than the rates sought for the 2015 billing period, the 2014 rates are *prima facie* reasonable and cannot be altered. Second, they argue that the cases cited by Plaintiffs do not support Plaintiffs' application because they concern billing rates for firms with a presence outside Mississippi.

Defendants' arguments defy both logic and common sense and should be rejected. As demonstrated in Plaintiffs' motion and below, to accept Defendants' first argument would foreclose any increase in requested attorneys' fees forever, holding Plaintiffs hostage to rates to which Plaintiffs previously agreed as a compromise. Under such a regime, compromises of the sort that Plaintiffs have agreed to in the past would be impossible, because they would thereafter be viewed as permanent. In the future, every attorneys' fee issue would be litigated. Defendants' argument also would require the Court to ignore uncontradicted evidence of reasonableness presented by Plaintiffs and to overlook Defendants' failure to present *any* evidence in support of the rates they propose.

In this case, in the interest of coming to a settlement on fees for this complex matter, Plaintiffs have, for the past 8 years, accepted drastically lower hourly rates than those to which they would otherwise reasonably be entitled. Having received the benefit of this artificially low rate, Defendants now claim that the hourly rates sought for the current billing period—which still represent a significant reduction from the usual rates that these attorneys seek and receive--are too high (See Lowry Dec., ¶ 12; Drinkwater Dec., ¶ 11). In fact, as discussed below, the rates sought in Plaintiffs' motion fall within Mississippi standards for the lawyers involved in this case, and, furthermore, at least one of Plaintiffs' counsel would be entitled to national rates if she

sought them. Defendants offer no affidavits from local counsel regarding the reasonableness of their proposed rates, and cite cases that either are easily distinguishable or that support the reasonableness of Plaintiffs' requested hourly rate. Plaintiffs therefore urge the Court to grant Plaintiffs' motion.

## II. DISCUSSION

### A. The rates plaintiffs seek are reasonable.

In determining the reasonableness of the hourly rate sought, the court is bound by the record before it. *Lighthouse Rescue v. City of Hattiesburg, Miss*. No. 2:12 CV-184 at *5 (S.D. Miss. April 23, 2014)(citing *McClain v. Lufkin Industries*, 649 F.3d 374, 383 (5th Cir. 2011)("the 'hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate.'"); *Idom v. Natchez-Adams School District*, No. 5:14-CV-38 at *3 (S.D. Miss. Jan. 25, 2016)(citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)("'Generally, the reasonable hourly rate for a particular community is established though affidavits of other attorneys practicing there.'")).

In the instant matter, the *sole* evidence before this Court regarding customary hourly rates in Mississippi are the declarations of Mr. Dove and Mr. Drinkwater, both of which support the reasonableness of Plaintiffs' hourly rates.[1]

By contrast, other than claiming, *ipse dixit*, that Plaintiffs' sought rates are unreasonable, Defendants offered no affidavits from local counsel to support that assertion. Mr. Fortenberry's Declaration is silent as to that issue, and recites only the undisputed fact that Plaintiffs received

---

[1] Defendants' sole declaration, that of defense counsel DeWitt Fortenberry, establishes only the previously agreed to rates for Plaintiffs' counsel. It offers no information, not even from Mr. Fortenberry himself, on the usual hourly rates for other attorneys with similar experience and expertise in complex federal litigation in Mississippi.

3

lower hourly rates during the previous billing period. Plaintiffs accepted these lower rates solely on a compromise basis in order to effectuate a prompt resolution of the issues. Defendants also cannot reasonably argue that Plaintiffs have waived their right to rely on legal standards governing attorney's fee awards by entering into compromises in the past. Without any controverting evidence in the record, the undisputed evidence of record supports the reasonableness of Plaintiffs' sought award.

In addition to the declarations before this Court, ample case law demonstrates that the hourly rates Defendants propose, which range between $198.50/hour to $318/hour for Plaintiffs' attorneys, are unreasonably low. Defendants do not and cannot cite any current case law in which Jackson, Mississippi litigators as experienced as Plaintiffs' attorneys received under $300 an hour on a contested fees motion.

Even in the cases cited by Defendants, courts awarded rates of $300/hour or higher for attorneys with fewer years of experience than Plaintiffs' attorneys. For example, in *Lighthouse Rescue v. City of Hattiesburg, Miss*. No. 2:12 CV-184 at *4 (S.D. Miss. April 23, 2014), the court awarded $325.00 to an attorney with 23 years experience. As set forth in their respective declarations, Ms. Lowry has 47 years of experience in the specific area of child welfare reform litigation, Mr. Drinkwater has 42 years of experience, Ms. Glasser has 33 years of experience, and Mr. Dixon has 29 years of experience. Defendants argue that Ms. Lowry should be entitled to $318/hour, that Ms. Glasser and Mr. Dixon should be entitled to $240.00/hour, and that Mr. Drinkwater should be entitled to $267.75/hour. Defendants offer no argument justifying why Plaintiffs' attorneys should be awarded rates so much lower than those awarded to a significantly less experienced attorney in the *Lighthouse* matter. Similarly, in *Brown v. Miss. Dept. of Health*, No:311-cv-0146CWR-FKB [Dkt. No. 66](S.D. Miss. March 5, 2013), the court upheld an hourly

4

rate of $300/hour for attorney Louis Watson, Jr., who, at the time of the case, had 22 years of experience.[2] In *United States ex rel. Rigsby v. State Farm Fire & Cas. Co*. No1:06CV433 at *30-39 (S.D. Miss. Feb. 21, 2014), the court upheld an hourly rate of $358.00/hour for an attorney with only 15 years of experience, and upheld a rate of $400/hour for an attorney with 21 years of experience.[3]  These cases, rather than supporting Defendants' argument, demonstrate that Defendants' proposed hourly rate for Plaintiffs' attorneys are unreasonably low.  *See also In re Wayne Farms LLC*, 2:07-md-01872 at *3 [Docket 143] (S.D. Miss. December 23, 2009)("This Court has also previously found $350.00 per hour to be reasonable for partners in this locality and other district courts of this circuit have done likewise.").

Defendants also cite *Idom v. Natchez-Adams School Dist*., No. 5:14-CV-38 (S.D. Miss. Jan. 25, 2016) for the proposition that $275 is a reasonable hourly rate for an attorney with 34 years of experience. That case, however, explicitly states that $300 would be within the market for that attorney in Jackson, Mississippi, where this court sits. *Idom*, No. 5:14-CV-38 at *3. *Idom* was also an employment discrimination complaint that involved a single plaintiff, not a complex class action matter. Further, in *Idom*, the court received an affidavit from local counsel supporting Defendants' contention that $275/hour was a reasonable hourly rate for an attorney with 34 years of experience. No such affidavit is before this Court.

The other cases cited by Defendants are easily distinguishable from the matter at hand. First, *Alexander v. City of Jackson, Mississippi*, No 3:04CV614 at *6 (S.D. Miss. March 21, 2011) was an employment discrimination case brought by four individual plaintiffs, not a class action. Next, in *Alexander*, the court noted that the Plaintiffs' attorneys had committed numerous

---

[2] *See* Mr. Watson's biographical information, available at http://www.watsonnorris.com/attorneys/. Mr. Watson graduated from law school in 1991. The *Brown* case was decided in 2013.

[3] As noted by the court, Mr. Matteis, for whom the court granted an hourly rate of $400, graduated from law school in 1993.

errors and violations, including "speaking directly to witnesses when told not to do so. . .utiliz[ing] the "Golden Rule" argument, referenc[ing] non-admitted witness statements and documents, and [having] witnesses read from items marked only for identification." Plaintiffs' attorneys have never committed similar violations or errors. *Morrow v. Ingram*, No. 1:70CV4716 at *2 (S.D. Miss. Mar. 1, 2011) is likewise inapplicable, as Plaintiffs' counsel there had inadequately documented hours and unnecessarily overstaffed the case, none of which is at issue in this matter. Finally, the court in *Morrow* determined the hourly rates based on its general familiarity with Mississippi practices, and apparently without the benefit of affidavits from local counsel, as are before the court in this case.

Defendants contend that the rates discussed in *Perez v. Bruister*, No. 3:13CV1001 (S.D. Miss. Sept. 29, 2015), are irrelevant because the hourly rates in that case were not disputed. This argument grossly misrepresents the facts of that case. In *Perez*, the Defendants did not specifically dispute the hourly rate, but argued instead that Plaintiffs were not entitled to *any* fees. (See *Perez* at *1-3 "Defendants take an all-or-nothing approach. . .[d]efendants have not disputed any of the line items, arguing instead that ***no fees*** should be awarded.")(emphasis added). As defendants in *Perez* took the position that plaintiffs' attorneys were entitled to no amount of fees, *Perez* was unequivocally a contested matter. The *Perez* court upheld an hourly rate of $700 for attorney Gary D. Greenwald, who is less experienced than Ms. Lowry.[4] Further, Defendants' citations from the *Perez* decisions are misleading, as they concern only the court's discussion of its decision not to award an enhancement under the *Johnson* factors. Here, Plaintiffs do not seek an enhancement. They instead seek only reasonable hourly rates for

---

[4] Mr. Greenwald's biography is available at http://www.kellerrohrback.com/attorney/gary-d-greenwald/. Mr. Greenwald graduated from law school in 1971.

6

experienced counsel that are within local rates, including an hourly rate for Ms. Lowry that is $225/hour less than that a court in this district recently awarded to a less experienced attorney.

### B. Plaintiffs' counsel is entitled to, but is not seeking, national rates

Defendants incorrectly assert that *Perez* is not instructive because, in the court's discussion of hourly rates between $400-$700/hour, it noted that such rates were "above average" for firms in Mississippi (Defendants' Opposition, p. 6). The court in *Perez*, however, examined these hourly rate averages in order to determine whether to grant an enhancement, not to determine whether the fees were reasonable in the first instance. Further, the reasonableness of an hourly rate is not determined by an "average" of the billing rates of law firms in a certain locality. Rather, the reasonableness of a particular rate is determined by reference to the rates attorneys of comparable background, skill, and experience command in a given locality. Defendants have failed to offer any evidence which refutes Plaintiffs' position that the rates sought are reasonable in this district for attorneys with similar qualifications to that of Plaintiffs' counsel.

As discussed in Plaintiffs' initial motion, there is also undisputed evidence that out-of-district counsel was necessary to bring this case, and that therefore Plaintiffs could seek national rates. Plaintiffs have presented declarations from Luke Dove and Wayne Drinkwater, stating that Mississippi counsel with the requisite level of experience would have been unlikely to be able to bring this action, given the significant investment of staff and financial resources required to prosecute the action, the contingent nature of any potential fee recovery, and the conflicts of interest and political difficulties that the suit presented for Mississippi-based firms.

Plaintiffs, however, are neither seeking national rates, nor are they seeking any compensation for the extensive *pro bono* work done during this billing period by Loeb and Loeb,

7

a national law firm which in 2010 published billing rates for partners that ranged between $475.00-$975.00 an hour.[5] Instead, Plaintiffs seek only an hourly rate that is within the local rates for attorneys of their extensive knowledge base, experience, and expertise.

### C. Plaintiffs are entitled to an interim award of attorneys' fees

Given Defendants' position on the amount of the current fee request, Plaintiffs are seeking an interim fee award. As the Court is aware, interim attorneys' fee awards in extended constitutional class action litigation are often critical to the successful resolution of the litigation, and to the protection of the constitutional rights of plaintiffs. *See, e.g., Shipes v. Trinity Industries*, 883 F.2d 339, 345 (5th Cir. 1989)("[W]e note that by permitting interim fee awards, Congress intended to alleviate the burden that lengthy and costly litigation imposes on civil rights counsel who depend upon fee awards to pursue their practice."). Without such awards, which enable class counsel to continue to function effectively, state defendants could starve deserving plaintiffs into abandoning meritorious litigation. The current situation presents such dangers.

Plaintiffs note that even *Defendants* agree that Plaintiffs are entitled to an award totaling $240,617.36. In order to enable Plaintiffs to continue to effectively represent the class, Plaintiffs respectfully request that the Court now issue an interim order (*see* Proposed Interim Order filed contemporaneously herewith) awarding Plaintiffs forthwith the fees and expenses to which Defendants have already agreed Plaintiffs are entitled. Plaintiffs respectfully assert that the interim order should reflect that payment of such a preliminary award is without prejudice to Plaintiffs' right to continue to litigate the balance of the award they seek. The Court could then determine the disputed issues relating to attorneys' fees and issue a supplemental order granting

---

[5] 2010 National Law Journal Billing Survey. Available at:
http://www.americanlegalsearch.com/ResourceFile/Firm_rates.xls

Plaintiffs any additional fees that the Court found were appropriate. (See Proposed Interim Order, ¶ 1; Defendants' Opposition, p. 7).

### III. CONCLUSION

Defendants "ha[ve] not produced a single affidavit supporting its position on reasonable hourly rates in the Jackson legal community." *Brown v. Miss. Dept. of Health*, No:311k\-cv-0146CWR-FKB at n.3 [Dkt. No. 66](S.D. Miss. March 5, 2013)(noting further that Defendants were "entitled to [submit affidavits] to rebut the plaintiff's evidence."). Defendants instead assert that the rates that Plaintiffs previously agreed to must be the prevailing rates going forward, and have refused to reasonably negotiate with Plaintiffs to find an acceptable compromise. They cite no case law for the proposition that rates agreed to in settlement negotiations are forever binding or are *prima facie* reasonable for subsequent fee awards. Defendants summarily conclude that "the hourly rates that were agreed to by the parties in 2014 continue to be reasonable and customary hourly rates during 2015." (Defendants' Opposition, p. 6). Neither case law nor the record before this court support Defendants' contention. Defendants also fail to rebut Plaintiffs' contention that they would be entitled to national rates if they sought them, or to prove that the hourly rates they seek are unreasonably high for attorneys with comparable skill and experience in the local market.

Finally, as discussed *supra,* Defendants do not oppose the number of hours claimed by Plaintiffs' counsel for their legal work, nor the amount of expenses sought. The state only contests the hourly rate sought by Plaintiffs' counsel. Even using Defendants' hourly rate, which, as has been previously discussed, is unreasonably low, the uncontested fee amount is $231,043.14 and the amount of expenses is $9,574.22. (*See* Defendants' Opposition, p. 7). While

this motion is pending, Plaintiffs[6] respectfully request that this Court enter the proposed interim order filed contemporaneously herewith, and immediately award interim attorneys' fees and uncontested expenses in the total amount of $240,617.36.

RESPECTFULLY SUBMITTED, this the 22nd day of April 2016.

        /s/ *Marcia Robinson Lowry*
Marcia Robinson Lowry (*pro hac vice*)
Sara Robinson-Glasser (*pro hac vice*)
Sarah Jaffe (*of counsel*)
A Better Childhood, Inc.
1095 Hardscrabble Road
Chappaqua, NY 10514
Telephone (646) 808-7344
Facsimile: (914) 238-0365
Email: mlowry@abetterchildhood.org
        srglasser@abetterchildhood.org

W. Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@babc.com
        mbentley@babc.com

Christian Carbone *(pro hac vice)*
Daniel Friedman (*of counsel)*
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000

---

[6] Plaintiffs are minor children who are represented by a non-profit organization. At the request of the state defendants, plaintiffs' counsel only seek fees annually, and must advance all costs associated with this complex litigation.

Email: ccarbone@loeb.com

*Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system which will send notification of such filing to the following:

*s/ Michael Bentley*_____
Michael Bentley

Dewitt L. ("Rusty") Fortenberry, Jr. (MSB #5435)
Kenya Key Rachal (MSB #99227)
Ashley C. Tullos (MSB # 101839)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
PO Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400

OF COUNSEL
Harold Pizzetta, III, Esq.
Assistant Attorney General
General Civil Division
Carroll Gartin Justice Building
430 High Street
Jackson, Mississippi 39201