CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
501 E. COURT STREET, SUITE 2.500
JACKSON, MISSISSIPPI 39201

OFFICIAL BUSINESS

3:04cv251

RECEIVED
MAY 23 2016
U.S. District Court
[S]. District of Miss.

NIXIE    300   SE  1          8605/16/16
        RETURN TO SENDER
             VACANT
        UNABLE TO FORWARD

BC: 39201502299    *2191-03254-16-21



02 1P
0000846539
MAILED FROM ZIP CODE 39201
UNITED STATES POSTAGE
$ 000.88⁵
PITNEY BOWES
MAY 09 2016

Whitney M. Johnson
416 N. Clark St.
Milledgeville, GA 31061

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., ET AL.                                                   PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, AS GOVERNOR
OF THE STATE OF MISSISSIPPI, ET AL.                                 DEFENDANTS

ORDER

This cause is before the court on the motion of plaintiffs, pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54, for an award of their class counsels' attorneys' fees and expenses in the amount of $345,471.06 for the monitoring and enforcement of the Modified Mississippi Settlement Agreement and Reform Plan from December 1, 2014 through November 30, 2015. The requested attorneys' fee is calculated as follows:

| Attorney | Requested Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|
| Marcia Lowry<br>A Better Childhood | $475.00 legal work<br>$237.50 travel | 316.78<br>56.83 | $163,967.63 |
| Sara Glasser<br>A Better Childhood | $350.00 legal work<br>$175.00 travel | 249.52<br>27.50 | $ 92,144.50 |
| Stephen Dixon | $300.00 legal work<br>$150.00 travel | 58.75<br>50.00 | $ 25,125.00 |
| Wayne Drinkwater<br>Bradley Arant | $420.00 2014 legal work<br>$438.75 2015 legal work | .06<br>82.70 | $ 36,309.83 |
| Michael Bentley<br>Bradley Arant | $198.75 2014 legal work<br>$217.50 2015 legal work | 33.30 | $  7,242.75 |
| Paralegal<br>A Better Childhood | $130 | 81.30 | $ 10,569.00 |
| Paralegal<br>Bradley Arant | $153.75 | 3.50 | $     538.13 |
| TOTALS | | 960.24 | $335,896.84 |

Plaintiffs also seek reimbursement for $9,574.22 in expenses for costs attendant to counsels' travel to and from Mississippi from their offices.

Defendants have responded in opposition to the motion. In their response, defendants do not take issue with the number of hours for which compensation is sought or plaintiffs' claimed expenses. They oppose the motion solely on the basis that the hourly rates sought by plaintiffs are excessive and do not represent a reasonable hourly billing rate within the relevant market.

A party seeking an award of attorneys' fees should submit evidence of the hourly rates claimed and the reasonableness of those rates. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The reasonable hourly rate is "'calculated according to the prevailing market rates in the relevant community'". McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (internal quotation marks and citation omitted). The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits, Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002) (internal quotation marks and citation omitted), though in "certain limited circumstances, out-of-district counsel may be entitled to the rates charged in their

2

home districts," Luv N' Care, Ltd v. Groupo Rimar, No. CV 14-2491, 2015 WL 9463189, at *8 (W.D. La. Dec. 28, 2015) (citing McClain, 649 F.3d 374).[1]

"A district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." Worldcom, Inc. v. Automated Commc'ns, Inc., 75 F. Supp. 2d 526, 531 (S.D. Miss. 1999). "[T]he burden is on the applicant to produce satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services

---

[1] In McClain v. Lufkin Industies Inc., 649 F.3d 374 (5th Cir. 2011), the Fifth Circuit held that where "abundant and uncontradicted evidence prove[s] the necessity of turning to out-of-district counsel, the co-counsel's 'home rates' should be considered as a starting point for calculating the lodestar amount." Id. at 382. Here, Ms. Lowry asserts that there is such abundant and uncontradicted evidence, in the form of a declaration from Jackson, Mississippi attorney Luke Dove, who states that local counsel would have difficulty bringing a suit against the State of Mississippi, given the "conflicts with government relations, public finance, and other areas of practice that could be adversely affected by suits against the State." She notes, too, that in other child welfare reform litigation, she has been awarded her home rate. See Brian A. v. Hattaway, No. 02-5666 at *5 (6th Cir. 2003) (affirming award of attorneys' fees at out-of-state rates in similar statewide child welfare class action case where affidavits from local attorneys stated there "was no local attorney or coalition of local attorneys who had the resources, expertise, or willingness to bring the ... suit"). Ms. Lowry further asserts that were she seeking out-of-district national rates, then she would be entitled to an hourly rate of at least $520. She indicates, though, that since the $475 hourly rate she is seeking is a reasonable hourly rate for a case of this nature in the Mississippi community for an attorney with her experience and qualifications, then she is not seeking the out-of-district rates to which she believes she would otherwise be entitled.

3

by lawyers of reasonably comparable skill, experience and reputation." McClain, 649 F.3d at 381 (quotation marks and citation omitted). "Satisfactory evidence" refers to more than "a mere conclusory statement that [a] fee [is] reasonable." Heck v. Buhler, 3:07-CV-00021-BAJ, 2014 WL 2003270, at *2 (M.D. La. May 15, 2014) (citations omitted). "Rather, [t]o inform and assist the court in [determining the reasonable rate]" the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, as well as "affidavits of other attorneys practicing [in the community in question]." Id. See also Luv N' Care, 2015 WL 9463189, at *8 (stating that "[g]enerally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.").

To satisfy their burden to establish the reasonableness of the requested hourly rates, each of plaintiffs' lawyers has submitted a declaration attesting to his or her qualifications, experience, reputation and belief that his or her claimed hourly rate, and those of their co-counsel, are reasonable. In addition, plaintiffs have submitted a declaration from local attorney Luke Dove, who states that the hourly rates claimed in the declarations of attorneys Lowry, Drinkwater and Glasser are reasonable and within the range of hourly rates currently prevailing in Mississippi for litigation of this sort during the period in which

4

the legal services were performed, and are customarily charged to and collected from clients for legal services requiring comparable skill, judgment, professional reputation and experience.

Defendants state in response to the motion that the hourly rates currently sought by plaintiffs' counsel are "drastically higher" than those agreed to in prior years, and defendants contend that the requested rates are above the prevailing market rates in the Southern District of Mississippi. The hourly rates that were paid to plaintiffs' attorneys and paralegals for work performed from December 1, 2013 through November 30, 2014 were as follows: Lowry - $318.00; Robinson-Glasser - $240.00; Drinkwater - $267.75; Bentley - $198.00; and paralegals - $113.00. Defendants submit that these hourly rates to which the parties previously agreed continue to be reasonable and customary in the Southern District of Mississippi and should be used in calculating plaintiffs' attorneys' fee award.

By way of reply, plaintiffs note that during the eight years of monitoring in this lawsuit, the parties have always reached agreement on the amount of fees and expenses to which plaintiffs are entitled. They were able to do this, explain plaintiffs, only because during all this time, plaintiffs' attorneys have agreed to accept drastically lower hourly rates than those to which they would otherwise be entitled, solely in the interest of coming to a settlement on fees. Plaintiffs submit that merely because they

5

have been willing in the past to compromise on their fees in this fashion and accept artificially low hourly rates in no way precludes them from now seeking an award based on hourly rates that are within the local rates for attorneys of their extensive knowledge base, experience and expertise. On this point, plaintiffs are obviously correct. Therefore, in evaluating plaintiffs' attorneys' hourly rates, the court will give no consideration to the fact that they previously agreed by way of compromise to accept lower hourly rates than those they now request.

Plaintiffs further maintain that the hourly rates sought for each of their attorneys is reasonable, as demonstrated by the evidence of record, as well as the case law cited both by them and by defendants. In the court's opinion, that is certainly true as to rates sought for attorneys Bentley, Glasser and Dixon. Bentley, a 2007 law school graduate, is a litigation partner in the firm. Plaintiffs seek an hourly rate of $217.50 for the work performed by Mr. Bentley.[2] This rate is clearly reasonable. See Brown v. Miss. Dept. of Health, No. 3:11-cv-0146-CWR-FKB [Dkt. No. 66], at *6 (S.D. Miss. March 5, 2013) (finding "$200 - $350 an hour" an appropriate rate for partner in litigation matters);

---

[2] Plaintiffs requested that Bentley's work in 2014 be compensated at $198.50 an hour. However, the time records do not reflect his having performed any services for plaintiffs in 2014.

6

Alexander v. City of Jackson, Miss., No. 3:04CV614 HTW-LRA, 2011 WL 1059293, at *14 (S.D. Miss. Mar. 21, 2011), aff'd, 456 F. App'x 397 (5th Cir. 2011) (finding $250/hour for partners reasonable). Likewise, the $300 hourly rate sought for Dixon, with 29 years' experience, and the $350 hourly rate requested for Glasser, with over 30 years' experience, are reasonable, particularly in view of their extensive experience and expertise in child welfare matters. See Anderson v. City of McComb, No. 5:13-cv-00263-TSL-MTP [Dkt. No. 185], at *8 (S.D. Miss. Apr. 4, 2016) (awarding $375 per hour for attorney with 30 years' litigation experience); Brown, supra, at *6 ($250 to $350 appropriate rate for partners); Lighthouse Rescue Mission v. City of Hattiesburg, Miss., No. 2:12-CV-184, 2014 WL 1653108 , at *4 (S.D. Miss. Apr. 23, 2014) ($325 per hour reasonable for attorney with 23 years of experience and specialization in the Religious Land Use and Institutionalized Persons Act); In re Wayne Farms LLC, No. 2:07-md-1872, [Dkt. No. 143] (S.D. Miss. Dec. 23, 2009) (awarding $350 an hour for partners, stating that "[t]his Court has also previously found $350.00 per hour to be reasonable for partners in this locality and other district courts of this circuit have done likewise.").

Plaintiffs seek compensation at the hourly rate of $475 for the services performed by their lead counsel, Marcia Lowry. Ms. Lowry's declaration reflects that during her 47 years of practicing law, she has been actively involved in litigating child

7

welfare reform cases. She has directed major litigation efforts in numerous jurisdictions throughout this country designed to promote major reform of child welfare systems, and she has written and spoken extensively on child welfare reform and child welfare litigation. Ms. Lowry asserts that the $475 hourly rate requested for her services is reasonable and consistent with the prevailing rates for attorneys of comparable skill, reputation, and experience in Mississippi.

Plaintiffs request that the services of Wayne Drinkwater of the Bradley Arant firm be compensated at the hourly rates of $420.00 and $438.75 for legal work performed in 2014 and 2015, respectively. Mr. Drinkwater graduated from law school in 1974. Since 1977, after clerkships with the district court and United States Supreme Court, he has been actively engaged in a trial and litigation practice. In his declaration, Mr. Drinkwater states that the rates requested for his services in this case have been discounted to 75% of the lowest rate his firm charges corporate and commercial clients for his services;[3] and he states that his requested fees, as well as those of his co-counsel, are reasonable for the legal services performed by lawyers in Mississippi in matters of equivalent significance requiring skill and judgment.

---

[3] Mr. Bentley's rates, which the court has already found to be reasonable, have been similarly discounted.

8

Further, as observed supra, Jackson attorney Luke Dove's declaration states that the rates requested by Mr. Drinkwater and Ms. Lowry are reasonable and within the range of hourly rates currently prevailing in Mississippi for litigation of this sort for attorneys with comparable skill, judgment, professional reputation and experience to that of Ms. Lowry and Mr. Drinkwater. The court is familiar with Mr. Drinkwater's experience and with his reputation as one of the preeminent litigation lawyers in Mississippi. Further, over the course of this litigation, the court has become familiar with Ms. Lowry and her skill and expertise in the specific area of child welfare reform. The court's opinion, having considered the evidence presented and pertinent case law, is that $425 represents a reasonable hourly rate for Ms. Lowry's services in this case and that Mr. Drinkwater should be compensated at the rate of $400 per hour. See U.S. ex rel Rigsby v. State Farm Fire and Cas. Co., No. 1:06CV433-HSO-RHW, 2014 WL 691500, at *14 (S.D. Miss. Feb. 21, 2014) (where one attorney affidavit stated that "customary and reasonable rates currently charged by litigation partners in Mississippi firms and/or regional firms with offices in Mississippi are in the $400-$500 range," and another stated that the "billing rate for commercial litigation ranges from $250/hour to $450/hour, depending on a variety of circumstances that include the client's ability to pay," and yet other competing evidence was presented

9

that $358 was the average for senior partners in complex commercial litigation cases in Mississippi, court awarded out-of-state attorney $400 per hour rather than the $600 he had requested); Rader v. Bruister, No. 3:13cv1001-DPJ-FKB [Dkt. No. 518] (S.D. Miss. Sept. 29, 2015) (citing exhibit showing that average partner rate for large regional law firms with a presence in Mississippi is $392 per hour, making $400 per hour above average).

Turning, finally, to the paralegals, plaintiffs seek compensation at the rates of $130.00 and $153.75, for the work performed by paralegals at A Better Childhood and Bradley Arant, respectively. In the court's opinion, a reasonable hourly rate for the services of paralegals in Mississippi is $110. See Alexander v. City of Jackson, Miss., No. 3:04CV614, 2011 WL 1059253, at *14 (S.D. Miss. March 21, 2011) (finding reasonable rates were "$250 for partners, $200 for associates, and $100 for paralegals").

Based on the foregoing, it is ordered that plaintiffs' motion for attorneys' fees and expenses is granted in part and denied in part, as the court finds that plaintiffs are entitled to recover attorneys' fees and expenses in the amount of $323,248.35, as calculated below:

| Attorney | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|
| Marcia Lowry | $425.00 legal work<br>$212.50 travel | 316.78<br>56.83 | $146,707.88 |
| Sara Glasser | $350.00 legal work<br>$175.00 travel | 249.52<br>27.50 | $ 92,144.50 |
| Stephen Dixon | $300.00 legal work<br>$150.00 travel | 58.75<br>50.00 | $ 25,125.00 |
| Wayne Drinkwater | $400.00 legal work | 82.76 | $ 33,104.00 |
| Michael Bentley | $217.50 legal work | 33.30 | $  7,242.75 |
| Paralegals | $110.00 | 85.00 | $  9,350.00 |
| Expenses | | | $  9,574.22 |
| Totals | | 960.24 | $323,248.35 |

SO ORDERED this 6th day of May, 2016.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

11