# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

OLIVIA Y., et al.                                                                                           PLAINTIFFS

v.                                                                              CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, et al.            DEFENDANTS

_____

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MARCH 2017 MOTION FOR AWARD OF CLASS COUNSEL'S FEES AND EXPENSES**
_____

## I.     INTRODUCTION

Counsel for Plaintiff children seek an order[1] from this Court pursuant to 42 U.S.C. § 1988 awarding them reasonable attorneys' fees and expenses in the total amount of $ **413,287.00** for the monitoring and enforcement of the Modified Mississippi Settlement Agreement and Reform Plan ("MSA", Dkt. No. 571), from December 1, 2015 through November 30, 2016. Although plaintiffs are aware that the requested fees are larger than for any previous billing period, the reasons for this are unprecedented: 1) the parties spent most of the last year negotiating the creation and establishment of a new stand-alone Department of Child Protective Services, including the necessity of nine all-parties' meetings in Jackson and, 2) plaintiffs had to expend approximately 120 hours on the first-ever contested fees motion.

During the nine years of monitoring in this lawsuit, defendants have never before contested plaintiffs entitlement to expenses and only once before, in 2016, unsuccessfully contested plaintiffs hourly rate, though they did not dispute the number of hours and expenses. The hourly rate was eventually set by the Court. (See Dkt. No. 691, p. 11) This year the parties again attempted to negotiate fees and expenses, based on the rates previously set by the Court. However, they were unsuccessful. Plaintiffs respectfully submit this Memorandum of Law in support of their motion for attorneys fees and litigation expenses.

---

[1] Plaintiffs are not required to provide notice to class members concerning this fee application. On February 25, 2014, the Court, in its Order granting Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses, (Dkt. No. 598) stated that "[b]ecause the notice received by Plaintiff Class pursuant to Rule 23(h) as to Plaintiffs' first Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorney's Fees "included notification that Plaintiffs' Counsel might periodically be submitting fee application for monitoring and enforcement work performed on behalf of the Plaintiff Class and that no additional notification would be made of such applications, and because additional notice would impose undue cost and burden, notice pursuant to Rule 23(h) of this and any subsequent fee applications for post-judgment monitoring and enforcement work is unnecessary.'" Order on Unopposed Motion for Plaintiffs' Attorney's Fees and Expenses. (Id.).

## II. FACTS

Plaintiff Children filed this action in 2004 seeking injunctive relief to remedy the very significant deficiencies in Mississippi's child welfare system and its failure to meet constitutional standards. After extensive and hard fought litigation, the case was settled in January 2008. (Mississippi Settlement Agreement and Reform Plan, ("Settlement Agreement"), [Dkt. No. 459], filed January 4, 2008)). In October 2010, faced with defendants' continuing non-compliance with the terms of the Settlement Agreement, Plaintiffs filed their Motion for Contempt and for the Appointment of a Receiver. [Dkt. No. 511]. Plaintiffs' motion was denied, but even in denying Plaintiffs' motion, the court found that Defendants had "failed to comply with most of the requirements established by the ... court-approved Settlement Agreement." (Dkt. No. 557). The court instructed the parties to re-negotiate the Settlement Agreement and, in July 2012, the Court entered the Modified Mississippi Settlement Agreement and Reform Plan, ("MSA"), (Dkt. No. 571).

The MSA was still the operative settlement agreement in this case at the end of 2015. With the death of the infant KN and the publication of the Monitor's Period 5 Report detailing continuing and substantial deficiencies in the Mississippi child welfare system, in 2016, the parties began the enormous task of over-hauling the Mississippi child welfare system. Among other tasks undertaken over the entirety of 2016, to name but a few, were carrying out the recommendations of Public Catalyst, an expert/technical assistance group that had produced a report at the end of 2015; the formation of a new stand-alone Department of Child Protective Services; the hiring of a new Executive Director for the Department of Child Protective Services; appropriation of additional millions of dollars in funding; hiring, training and deploying additional child welfare staff; providing for additional facilities; renegotiating the terms of the MSA; and agreeing on a

one-year "time-out" while the state worked on building its capacity. All of this work was done with the assistance and support of Public Catalyst, which will begin monitoring the state's performance in 2017.

Plaintiffs' counsel attended nine meetings in Jackson, Mississippi, with two attorneys negotiating several Remedial Orders and, finally, negotiating and finalizing a new 2nd Modified Mississippi Settlement Agreement and Reform Plan. That Agreement was finalized and filed with this Court on December 12, 2016, and is now the operative settlement document in this case. [Dkt. No.712]. ("2nd MMSA").

All of that work was in addition to preparing and filing the Motion for Attorneys' Fees early in the year. The work on the fees application alone amounted to more than one hundred twenty hours in time and thirty-five thousand dollars in fees. See Lowry Dec. ¶ 8 f.

The MSA and now the 2nd MMSA contain attorneys' fees and expense provisions. Until last year, the parties have always been able to agree on reasonable attorneys' fees and expenses. The billing period in this case runs from December 1st through November 30th of the following year. In 2016, defendants first refused to pay plaintiffs' their attorneys' fees, and that matter had to be resolved by the Court. In February 2017, following the submission of plaintiffs' invoice from December 1, 2015 through November 30, 2016, a year which included the contested fees motion and all of the negotiations for two of the three Interim Remedial Orders, as well as for the 2nd MMSA, the parties again could not reach agreement on fees necessitating the instant motion. *See* Lowry Declaration. ¶ 10. For the reasons which follow, plaintiffs are entitled to the fees they claim.

### III.     ARGUMENT

Plaintiffs are entitled to an award of reasonable attorneys' fees under 42 U.S.C.§ 1988, which provides that in federal civil rights litigation, the prevailing party may be entitled to "a reasonable attorney's fee as part of the costs." The purpose of Section 1988 "is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, p.1 (1976)); *see also Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 543 (5th Cir. 1980) ("Congress enacted this statute in 1976 to encourage private attorneys general to enforce fundamental constitutional rights under section 1983."). Attorneys' fees should only be denied under Section 1988 when there is "an extremely strong showing of special circumstances." *Sanchez v. City of Austin*, 774 F.3d 873, 880 (5thCir. 2014)(quoting *Hous. Chronicle Publ'g Co. v. City of League City*, Tex., 488 F.3d 613, 623 (5th Cir. 2007)). They should be awarded to prevailing Plaintiffs in Section 1983 actions "as a matter of course." *Riley v. City of Jackson*, Miss., 2 F. Supp. 2d 864, 871 (S.D. Miss. 1997) (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983)).

### A.     This Court Has Previously Found That The Hourly Rates Requested by Plaintiffs For Their Post-Judgment Monitoring and Enforcement Work Are Reasonable

In April 2016, for the first time in this long litigation, Plaintiffs filed a motion for attorneys' fees and expenses because the requested fees and expenses were contested by defendants. [Dkt. No.686.]. Defendants opposed plaintiffs' motion on one ground only: that of the reasonableness of the plaintiffs' claimed hourly rate. [Dkt. No. 688, 689]. Nothing else in the plaintiffs' invoice was disputed; not the sufficiency of the entries, the number of attorneys working on the case, not the hours expended, nor the travel expenses, only the hourly rate. On May 6, 2016, the Court,

5

noting that defendants did not take issue with anything other than the hourly rate, granted plaintiffs' motion, but adjusted the hourly rate sought slightly downward. [Dkt. No. 691, p. 2, 11].[2]

**B. The Hours and Expenses Claimed In This Billing Period Are Reasonable**

1. <u>The Hours Claimed In This Billing Period Are Reasonable.</u> Plaintiffs are aware that the hours claimed during this billing period are high. Unfortunately, that is largely due to the defendants' own actions and to the circumstances of the case. First, a total of thirty-six thousand dollars and one hundred twenty hours were spent last year because plaintiffs' counsel had to write, file and defend a motion seeking attorneys' fees because defendants refused to pay plaintiffs' attorneys fees claiming the rate was too high. Lowry Dec. ¶ 8f. However, now that the court has set presumptively reasonable hourly rates, defendants again have refused to pay plaintiffs' attorneys fees, saying that the hours claimed are too large. *Id*., ¶ 10.

Additionally, 2016 was a water-shed year in the *Olivia Y* litigation. Virtually the entire year was occupied with the creation, negotiation and implementation of the new Mississippi Department of Child Protective Services as a stand-alone agency, the hiring of a new Executive Director for the Department, appropriation of additional millions of dollars in funding, hiring, training and deploying additional child welfare staff, providing for additional facilities, and working with an expert team from Public Catalyst. Plaintiffs' counsel travelled to Jackson for nine separate meetings, occupying more than twenty work days. Again, that large expenditure of time and resources should pay off in huge dividends in the future as the Department moves ahead under the guidance of Public Catalyst and with much less hands-on involvement from all counsel.

---

[2] Fees sought ranged from a high of $ 475 per hour for Ms. Lowry to $ 153.75 for paralegal work. The court awarded $ 425 per hour for Ms. Lowry, $ 400 for Mr. Drinkwater, $ 350 for Ms. Glasser and $ 110 for paralegal work. Travel time was again awarded at 50% of the attorney's usual hourly rate.

2.      <u>Other Aspects of the Invoice are Procedurally The Same and Have Never Been Previously Challenged.</u>      All other aspects of plaintiffs' invoice are the same as in past submissions. Plaintiffs have used the same computerized billing software as has been used in this case previously, which identifies the service provider, the amount of time, the activity and the date. See Lowry Declaration ¶ 5. Time is recorded in the database at or about the time of the events in the ordinary course of ABC's business by persons with actual knowledge of the events and the database is maintained in the ordinary course of ABC's business. The time is reviewed on a monthly basis. *Id. G*rouping several related tasks together into one entry is sometimes helpful, especially since the invoice is so long, so, for example, research on a topic, a telephone call and then a memo concerning the same topic may be grouped together. These practices have been in use throughout the implementation and billing process. Finally, since this case is of such complexity and long duration, there are often two lawyers on the case, one senior and the other somewhat junior. For the fees motion, a junior attorney was able to do much of the work under the supervision of one of the more experienced attorneys, with final review by the senior attorney on the case. Travel time is billed at 50% of the attorney's usual hourly rate. *Id. ¶ 7.* Expenses, including air fares, cab fares and hotel expenses, are entered by ABC's paralegal based on actual receipts provided from airlines, and verified with the attorney. *¶ 5, 6.*

**C.      Defendants Have Waived Their Objections to Plaintiffs' Previous Invoices and May Not Raise Them At This Late Date.**

An issue that could have been but which was not previously raised under the same or similar circumstances before a court is forfeited and may not be revisited by a district court on remand. *United States v. Castillo*, 179, F.3d 321, 326 (5th Cir. 1999) ("The waiver doctrine bars consideration of an issue that a party could have raised in an earlier appeal in the case."). There

7

can be no dispute with regard to Plaintiffs' entitlement to fees for the monitoring and enforcement work done during this period, pursuant to 42 U.S.C. § 1988. In the instant case, this Court has, in its Order dated May 6, 2016, [Dkt. No. 691] made that very finding. Previously this Court has found that hourly rates ranging from $425.00 for senior attorney Marcia Lowry to $ 110.00 for paralegal time were presumptively reasonable. *Id. p.* 11. Moreover, in their opposition to Plaintiffs' Motion for Attorneys' Fees last year, and for all years previously, defendants have had the opportunity to question anything and everything about the procedures used by plaintiffs in documenting their work but have not done so; they did not find any fault with the number of hours for which compensation was sought, with the manner of documentation, the manner which the case was staffed or with plaintiffs' claimed expenses. They opposed last year's fees motion solely on the basis that the hourly rates sought by plaintiffs were excessive. [Dkt. 691, p. 2]. They had the opportunity to challenge the same type of entries on plaintiffs' invoice and expenses but chose not to do so. They waived that opportunity and should not now be permitted to revisit it.

## IV.    CONCLUSION

Under the previous practice in this case, the previous rulings of this court and the Declaration of Ms. Lowry the fees requested by plaintiffs' counsel are reasonable. Further, the expenses billed herein are also reasonable, having been necessitated because there was no local counsel able or willing to undertake this representation. Accordingly, plaintiffs respectfully request that the Court grant plaintiffs' Motion for an award of reasonable fees and expenses and award them $413,287.00 for the billing period of December 1, 2015 through November 30, 2016.

RESPECTFULLY SUBMITTED, this the 31st day of March, 2017.

/s/ W. Wayne Drinkwater Jr.
W. Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
mbentley@bradley.com

Marcia Robinson Lowry (*pro hac vice*)
Sara Robinson Glasser (*pro hac vice*)
A Better Childhood, Inc.
1095 Hardscrabble Road
Chappaqua, NY 10514
Telephone (646) 808-7344
Facsimile: (914) 238-0365
Email: mlowry@abetterchildhood.org
srglasser@abetterchildhood.org

*Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

/s/W. Wayne Drinkwater
W. Wayne Drinkwater