IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF MISSISSIPPI NORTHERN DIVISION

**OLIVIA Y.,** *et al.*                                                                    **PLAINTIFFS**

v.                                                                    **CIVIL ACTION NO. 3:04CV251LN**

**PHIL BRYANT,** as Governor of
the State of Mississippi, *et al.*                                                     **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF RESPONSE AND OBJECTIONS TO PLAINTIFFS'
MOTION FOR AWARD OF CLASS COUNSEL'S FEES AND EXPENSES**

COME NOW the Defendants, and for their *Memorandum in Support of Response and Objections to Plaintiff's Motion for Award of Class Counsel's Fees and Expenses* would show unto this Honorable Court as follows:

**BACKGROUND AND INTRODUCTION**

A Better Childhood submitted a Motion for Attorney's Fees ("the Motion") on March 31, 2017, requesting that this Court order the State to pay $413,287.00 for expenses and attorneys' fees for what ABC contends were legal services provided to the Plaintiffs from December 2, 2015 through November 30, 2016. The "legal services" claimed in ABC's invoice includes a vast number of entries that are objectionable on their face. Most notably, the Plaintiffs' attorneys are attempting to charge the Defendants for the act of billing (see the many time entries labeled "Fees on Fees"). Many other entries are of the type routinely reduced by federal courts, including vague entries, block billing, duplicate efforts from the attorneys and clerical work billed at a paralegal or lawyer rate.

In examining the invoice, the Court should also take note of the work performed since December 2, 2015. During this time period, the Plaintiffs filed a single motion - a motion for

1

attorney fees - and negotiated two limited agreed orders and the 2nd Modified Settlement Agreement. The 2nd Modified Settlement Agreement was entered on December 19, 2016 [Doc #712]. In consideration of the work performed and the many non-compensable time entries submitted by the Plaintiffs, the fees requested by Plaintiffs are unreasonable and the fees should be reduced by the Court for the reasons set forth below.

## STANDARD

"This Circuit uses the 'lodestar method' to calculate attorney's fees. Thus, in assessing attorneys' fees, the Court has stated that the district court must examine the factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)." See *Pride Ford Lincoln Mercury, Inc. v. Motors Ins. Corp., 80 Fed. Appx. 329, 332 (5th Cir. 2003)* citing *Riley v. City of Jackson, 99 F.3d 757, 706 (5th Cir. 1996)*.

The Johnson factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 719 (5th Cir. 1974)*.

**An Appropriate Award for This Case**

**1. The Lodestar Amount**

The lodestar is "calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Singer v. City of Waco, 324 F.3d 813, 829 (5th Cir. 2003)*. The issue of Plaintiffs' reasonable hourly rate was decided by previous order. [Doc #691]. Therefore, the issues disputed herein relate only to the compensability and reasonableness of the hours submitted by Plaintiffs. The Plaintiffs have moved the Court to award compensation for 1,134.22 hours of attorney time and 71.23 hours of paralegal time; however, a great many of these hours were not reasonably expended, demonstrate a severe lack of billing judgment and are not compensable for the following reasons:

**A. The fee application as presented would give the Plaintiff attorneys a windfall.**

In light of the fact that the only true motion argued before the Court was an attorney fee application and the remainder of the litigation never rose above the negotiation of a modified settlement agreement, the attorneys' fees requested would be the equivalent of a jackpot award to Plaintiffs' counsel and such should be avoided in this instance. "Fee awards under § 1988 were never intended to produce windfalls to attorneys. *E.E.O.C. v. Clear Lake Lodge, 25 F.3d at 273 n.10*, citing *Farrar v. Hobby, 113 S. Ct. at 575*. The goal of the district court is always to strike a delicate balance by awarding fees adequate to attract competent counsel, but which do not produce windfalls. *Id.*; *Islamic Center of Mississippi, Inc. v. City of Starkville, Mississippi, 876 F.2d 465, 472 (5th Cir. 1989)* as cited by *Riley v. City of Jackson, 2 F. Supp. 2d 864, 871-872 (S.D. Miss. 1997)*.

"In awarding attorneys' fees, the district court is required to consider not only the product of the hours worked multiplied by the billing rate, but also whether the plaintiff failed on alternative claims and whether the award is excessive in light of the plaintiff's overall level of success." *Hensley v. Eckerhart, 461 U.S. 424, 434, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)* as cited by *Romaguera v. Gegenheimer, 162 F.3d 893, 896 (5th Cir. La. 1998).*

Thus, in contemplating the Plaintiffs' fee award, the Court should note that no trial took place during this billing period and no appearances before the Court were warranted nor took place. Moreover, a review of the time entries submitted by the Plaintiffs demonstrates that a large portion of the fees presented were incurred by duplicative entries, travel and non-legal clerical work.

The fees as submitted by Plaintiffs' counsel would constitute a windfall. Therefore, this Court should reduce the amount required to be paid by the State to the Plaintiffs' attorneys.

**B. The hours and rate dedicated to Plaintiff's fee application from 2016 are excessive.**

The Plaintiffs seek an award of $44,011.51 for approximately 142.18 hours dedicated to the 2016 Fee Motion. The fees and the hours are excessive for what should have been a routine motion.

District courts can and should reduce excessive fees for litigating fee petitions. *See Riley v. City of Jackson, 2 F. Supp. 2d 864, 879 (S.D. Miss. 1997); Payne v. Univ. of S. Miss., 2016 U.S. Dist. LEXIS 20396, *7 (S.D. Miss. Feb. 19, 2016); Joiner v. City of Columbus, 2016 U.S. Dist. LEXIS 184, *22-23 (N.D. Miss. Jan. 4, 2016); Morrow v. Ingram, 2011 U.S. Dist. LEXIS 27841, *8-9 (S.D. Miss. Mar. 1, 2011); Joiner v. City of Columbus, 2016 U.S. Dist. LEXIS 184,*

*22-23 (N.D. Miss. Jan. 4, 2016)(The court reduced the legal fees on the fee petition and reply by half).*

The Court should also consider reducing the rate that was charged by Plaintiffs during the prosecution of what was a routine attorneys' fee motion. The Fifth Circuit has previously held that "hourly rates near the top of the scale will nevertheless generally be inappropriate if in the particular context the task could have been properly accomplished with greater overall cost efficiency by competent personnel whose lesser experience and skill would not justify such high rates. *Leroy v. Houston, 906 F.2d 1068, 1079 (5th Cir. Tex. 1990)*. Certainly, the base rate for time spent on computing and enforcing attorneys' fees should be less than that allowed for professional services rendered primarily on the merits. *Flowers v. Wiley, 675 F.2d 704, 707 (5th Cir. Tex. 1982)*.

The Plaintiffs' fees are clearly too high with regard to the 2016 Fee Motion, and should be reduced.

For a breakdown of the hours the Plaintiffs dedicated to the 2016 Fee Motion, please see Exhibit A.

### C. A large number of entries are vague.

Many of the time entries fail to show the who, what and why specifics as to what legal work the Plaintiffs' attorneys were performing, and should be stricken or deducted for being impermissibly vague.

The district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review. *Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 326 (5th Cir. La. 1995)*. Items such as phone calls, emails and text

messages with no explanation of the phone call or how it related to the legal work being performed should be deducted. See *Martin v. Mabus, 734 F. Supp. 1216, 1228 (S.D. Miss. 1990)*.

For example, on December 3, 2015, one time entry states:

*"Telephone call: GL re negotiations .25 ML"*

It is impossible to discern from this entry what legal work was done as a result of this telephone call. This entire matter could be summarized as a "negotiation," therefore, this entry, as worded, is not helpful. What was being negotiated? Who was negotiating? Without knowing the nature of the work being performed, the Court cannot determine whether the time was reasonable. Vague time entries such as this should be deducted from the invoices.

Another entry on February 2, 2016 reads:

*"Send/Receive text message or email: from KR re status .25"*

Status of what? The Defendants should not have to pay $106 for the act of Plaintiffs' counsel reading an incoming email or text message when the Court cannot discern the subject of the correspondence or how it relates to the legal services Plaintiffs provided.

For a list of vague time entries, please see Exhibit B.

**D. Multiple attorneys duplicated work, causing excess fees to accrue.**

The invoices contain a high level of redundancy, and many entries in the invoices demonstrate multiple attorneys performing the same task, thereby doubling the number of hours charged, including telephone calls between the Plaintiffs' attorneys and drafting and reviewing the same documents at multiple stages during the documents' development.

On March 7, 2016, Sara Glasser and Marcia Lowery entered time entries as follows:

*"Conference call: conf call w/ ML and GL re current status in MS 1.00"*

> *"Telephone call: w/GL, SG re status, data impl 1.00"*

Aside from being duplicative, these entries are also vague, as it is difficult to discern the purpose of the call or how it relates to legal services being provided. The total cost requested for this call is $775.00.

"The Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude 'unproductive, excessive, or redundant hours.'" *Brown v. Ascent Assurance, Inc., 191 F.Supp.2d 729, 733 (N.D. Miss. 2002)*, quoting *Walker v. United States Dep't of Hous. and Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996)*. Hours which "are excessive, redundant, or otherwise unnecessary," or which result from the case being "overstaffed," are not hours "reasonably expended" and are to be excluded from the lodestar calculation. *Hensley, 461 U.S. at 434. See also Flowers v. Wiley, 675 F.2d 704, 705 (5th Cir. 1982)("there should have been no compensation for hours spent in duplicative activity or spent in the passive role of an observer while other attorneys performed")*. "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do may be obviously discounted." *Abrams v. Baylor College of Medicine, 805 F.2d 528, 535 (5th Cir. Tex. 1986)*.

The Court should reduce the invoice for duplicative and redundant work.

A list of duplicate and redundant charges is attached as Exhibit C.

**E. The invoice fails to display billing judgment.**

In the submission of these invoices, Plaintiffs' counsel has not demonstrated even a trace of billing judgment.

"Billing judgment requires documentation of the hours charged and is usually shown by the attorney writing off unproductive, excessive, or redundant hours. The remedy for failing to exercise billing judgment is a reduction of the hours claimed by a percentage. *Green, 284 F.3d at 662; Walker, 99 F.3d at 770*. A party seeking attorney's fees is charged with the burden of showing the reasonableness of the hours billed and with proving the exercise of billing judgment." *Walker, 313 F.3d at 251*.

Plaintiffs' attorneys have not demonstrated that they have written off any unproductive, excessive or redundant hours despite the obvious presence of many unproductive, redundant and excessive hours present in their invoices and despite our pointing them out in preliminary resolution talks. There are many, many time entries in these invoices in which the Plaintiffs could have displayed billing judgment. For instance, Plaintiffs have billed approximately $46,367.37 for time spent traveling. This amount is disproportionate to the amount of legal work performed, and the time is excessive, especially in light of the fact that the Defendants are also paying for the cost of Plaintiffs' plane tickets and taxi rides. Plaintiffs have not offered to reduce any of this time. Courts do reduce time for travel when it appears to be excessive. See *Louisiana.Trout Point Lodge, Ltd. v. Handshoe, 2013 U.S. Dist. LEXIS 173373, *22 (S.D. Miss. Dec. 11, 2013)*.

Other examples of time for which the Plaintiffs have demonstrated lack of billing judgment include the numerous entries related to reviews by attorneys and a paralegal of invoices, multiple conference calls between the attorneys in the same firm, and time spent by both attorneys preparing or reviewing the same documents. The Plaintiffs have not offered to reduce any of this time, and have failed to demonstrate billing judgment.

"While it may be useful for a second set of eyes to see every document or to have multiple attorneys at a deposition, it is redundant and therefore reflects a lack of billing judgment when presented in a petition for attorneys' fees." *Ill. Cent. R.R. v. Harried, 2011 U.S. Dist. LEXIS 9984, *33 (S.D. Miss. Jan. 25, 2011)*.

### F. A paralegal rate cannot be charged for clerical and general overhead work.

The invoices contain numerous entries by a paralegal, charging a paralegal rate for clerical work, such as reporting expenses and producing invoices. Of the more than six dozen paralegal entries listed on the invoice, fewer than two dozen were for work that remotely resembled paralegal work. The overwhelming majority of paralegal entries were clerical or secretarial, and thus, overhead work. These entries should be stricken from the bill as they are not legal work, no matter how qualified or degreed the biller is.

"[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. What the court in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (CA5 1974), said in regard to the work of attorneys is applicable by analogy to paralegals: "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available." *Missouri v. Jenkins, 491 U.S. 274, 288 n.10, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989)*. See also, *Penthouse Owners Assoc. v. Certain Underwriters at Lloyd's, 2011 U.S. Dist. LEXIS 147331, *25 (S.D. Miss. Dec. 21, 2011) (Clerical and secretarial work are not recoverable.)*

For a list of clerical work billed at a paralegal rate, please see Exhibit D.

**G. A lawyer rate cannot be charged for paralegal or clerical work.**

The invoices contain multiple entries for paralegal and clerical work performed by the attorneys. Work that could have been performed by a paralegal or a junior associate should not be charged at the high rates of Plaintiffs' counsel.

For example, on December 13, 2015, a time entry for attorney Sara Glasser reads as follows:

*"Fees on Fees: Draft transmittal letter re various invoices and new rates. .25"*

Defendants should not be required to pay a $350.00 hourly rate for what is obviously secretarial work. Time entries such as this should be stricken from the invoices.

"[The] dollar value [of work performed] is not enhanced just because a lawyer does it." *Missouri v. Jenkins, 491 U.S. 274, 285, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989)* as cited by *Morrow v. Ingram, 2011 U.S. Dist. LEXIS 27841, *8 (S.D. Miss. Mar. 1, 2011)*.

Secretarial work should not be compensated as attorney time. *Santinac v. Worldwide Labor Support of Ill., Inc., 2017 U.S. Dist. LEXIS 42394, *12-13 (S.D. Miss. Mar. 23, 2017)*. Time spent on such tasks as letters to accompany motions for filing, and review of lists and routine matters such as pro hac vice applications should be compensated at the lesser rate as these are clerical duties that could have been handled by non-lawyers. Work of this nature is generally allowed at the paralegal billing rate. *JGT, Inc. v. Ashbritt, Inc., 2011 U.S. Dist. LEXIS 40318, *13 (S.D. Miss. Apr. 5, 2011)*.

For a list of clerical or secretarial work charged at an attorney rate please see Exhibit E.

**H. Block time entries should be stricken or reduced.**

The Plaintiffs frequently recorded more than one task for a single time entry making it impossible for the Court to discern whether the time expended on the task was reasonable. These entries should be reduced or stricken. See *Alexander v. City of Jackson, 2011 U.S. Dist. LEXIS 35091, *33 (S.D. Miss. Mar. 21, 2011)(The Court reduced block billed entries by 30 percent.)*

It is the Plaintiffs' burden to show that the amount of time expended was reasonable, and this showing cannot properly be made without some breakdown as to the separate functions performed and the number of hours devoted to each. *Leroy v. Houston, 906 F.2d 1068, 1080 fn 19. (5th Cir. Tex. 1990)*. Because the Plaintiffs liberally employed the use of block billing, it would be neither practical, or even possible, for this Court to attempt to scrutinize the Plaintiffs' bills and time records in an effort to determine whether every hour claimed to have been spent was reasonable and necessary. *Mobile Telcom. Techs. Corp. v. Aetna Cas. & Sur. Co., 1998 U.S. Dist. LEXIS 23884, *23 (S.D. Miss. Mar. 5, 1998)*.

Therefore, all of Plaintiffs' entries that lumped tasks under a single time entry should be stricken or reduced.

For a list of block-time entries, please see Exhibit F.

**I. Attorneys should not bill the State for marketing.**

The Plaintiffs billed approximately 14 hours (a little over $4700) for marketing.

Attorneys for the prevailing party in civil rights actions are not entitled to reimbursement for hours spent communicating with newspapers and televisions stations for press conferences. Society for Good Will to Retarded Children, Inc. v Cuomo (1983, ED NY) 574 F Supp 994, vacated on other grounds (1984, CA2 NY) 737 F2d 1253.

11

Therefore, all of Plaintiffs entries evidencing tasks associated with press releases "PR", or other media communications should be stricken.

For a list of "marketing" entries, please see Exhibit "G"

**J. The Plaintiffs should not be awarded fees for billing and reviewing bills.**

The Plaintiffs billed more than $10,700 for simply billing the State.  These entries are easy to find because the Plaintiffs inaccurately labeled them "Fees on Fees." In other words, the Plaintiffs billed time for the act of billing time.

Not only does this display a great lack of billing judgment, but billing is part of the costs of doing business as an attorney. Recording time entries and reviewing bills is overhead; otherwise the Plaintiffs might as well submit their electric bills, too. "Costs that are considered overhead costs, or the normal expenses of doing business, are not reimbursable." *In re Bicoastal, 121 B.R. 653, 656 (M.D. Fla. 1990)* as cited by *JGT, Inc. v. Ashbritt, Inc., 2011 U.S. Dist. LEXIS 40318, *19-21 (S.D. Miss. Apr. 5, 2011)*. See also *Mostovoy v. Sec'y of HHS, 2016 U.S. Claims LEXIS 113, *12 (Fed. Cl. Feb. 4, 2016) (Court found that reviewing invoices was clerical in nature and denied compensation.)*

Therefore, all of Plaintiffs entries evidencing billing-for-billing should be stricken.

For a list of "Fees on Fees", see Exhibit "H"

**K. The Court has the discretion to make an across-the-board reduction.**

The Plaintiffs' invoices being voluminous, and the number of entries that deserve to be either stricken or reduced being vast, the Court has the option to make an across the board reduction.

"Where reductions to the requested number of hours reasonably expended on the litigation are appropriate, a court has the discretion to utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions, particularly when fee documentation is voluminous." *Project Vote v. Blackwell, 2009 U.S. Dist. LEXIS 34571, 2009 WL 917737 *6 (N.D. Ohio 2009)*. "Where fee documentation is voluminous … an hour-by-hour review is simply impractical and a waste of judicial resources." *Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994)*." As cited by *L & A Contr. Co. v. Byrd Bros., Inc., 2010 U.S. Dist. LEXIS 38976, *8-9 (S.D. Miss. Mar. 24, 2010)*.

**L.  Defendants cannot waive the §1988(b) requirement that Plaintiffs' attorneys' fees must be reasonable.**

Plaintiffs argue that Defendants waived their right to object to their invoices by not objecting to time entries made in previous years [Doc #718, ¶C], however, this argument only further demonstrates that Plaintiffs fundamentally misunderstand the law regarding the award of attorneys' fees. The Defendants cannot waive the requirements of the statute. Section 1988 states that the Plaintiffs are only entitled to a "reasonable attorney's fee" to be awarded at the Court's discretion.

"The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable." *Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983)* as cited by *Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. Miss. 1996)*. "The applicant should exercise "billing judgment" with respect to hours worked…and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Hensley v. Eckerhart at 437*. After the Plaintiff submits the fee

13

application, the District Court must make a determination as to whether the fees requested are reasonable. *Id at 433*.

Therefore, this attorneys' fee award is not reliant upon any objections the Defendants made in the past, but is governed entirely by statute . The Plaintiffs are only entitled to an attorneys' fee that is reasonable, and the Defendants have now demonstrated the many reasons why the fees being requested are not reasonable and should be significantly reduced.

## CONCLUSION

For the reasons set forth herein, the Plaintiffs' invoices should be reduced to reflect a reasonable number of hours and reasonable compensation for the legal work that was performed by Plaintiffs' counsel.

    Respectfully submitted,

    PHIL BRYANT, as Governor of the State of Mississippi, DAVID A. CHANDLER, as Commissioner, Mississippi Department of Child Protection Services, and TRACY MALONE, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services

    By: /s/ Kenya Key Rachal

OF COUNSEL:

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Kenya Key Rachal (MSB #99227)
Jake Adams (MSB #101538)
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS  39211
Phone:  601-351-2400
Fax:  601-351-2424

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
PO Box 220
Jackson, MS  39205

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Marcia Robinson Lowry
Sara Robinson-Glasser
A BETTER CHILDHOOD
1095 Hardscrabble Road
Chappaqua, NY  10410

W. Wayne Drinkwater, Jr.
BRADLEY ARANT ROSE & WHITE, LLP
One Jackson Place
188 E. Capitol St, Ste 400
Jackson, MS  39201

**SO CERTIFIED**, this the 14th of April 2016.

/s/ Kenya Key Rachal