IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLIVIA Y., *et al.*                                                                      PLAINTIFFS

v.                                                                   CIVIL ACTION NO. 3:04CV251LN

HALEY BARBOUR, as Governor of the State of Mississippi, *et al.*         DEFENDANTS

## DECLARATION OF SARA ROBINSON-GLASSER

I, Sara Robinson-Glasser, an attorney of record in this civil action, makes this declaration under penalty of perjury and pursuant to 28 U.S.C. § 1746

1.      I am a member of the Bars of Oregon, California and Florida and I am admitted to practice in this Court *pro hac vice*. I am co-counsel for the Plaintiff Class in this case along with local counsel. I give this Declaration in support of Plaintiffs' Memorandum In Support Of Plaintiffs' Motion For Award Of Class Counsel's Fees And Expenses.

2.      My Declaration, filed with this Court on April 1, 2016, (Dkt. No. 686-2) included my resume as Attachment A. All information contained therein is incorporated in this Declaration as true and correct.

3.      I make this Declaration in support of Plaintiffs' March 2017 Motion For Award of Class Counsel's Fees and Expenses.

4.      Attached hereto as Exhibit A is a true and correct copy of a letter dated December 12, 2015 which I drafted for the signature of Marcia Robinson Lowry. The purpose of the letter was to inform DeWitt Fortenberry, then defense counsel, of ABC's new billing rates and of ABC's employment of Stephen Dixon, as a part-time attorney on the *Olivia Y.* case. Mr. Fortenberry did not object to Mr. Dixon's employment.

5.      With regard to the hourly rate ABC charged for Sarah Jaffe's work on the 2016 fees motion, Ms. Jaffe is a 2013 graduate of Columbia Law School and was admitted to practice law in the State of New York in 2014. Attached hereto as Exhibit B is a true and correct copy of the 2015-2016 *Laffey* Matrix, an attorneys' fees matrix routinely used by the United States Attorney's Office to set attorneys' fees. It is routinely accepted in district courts around the country for use in setting attorneys' fees. The 2015-2016 *Laffey* Matrix demonstrates that an appropriate hourly rate for an attorney out of law school for three years is $ 315 per hour. The hourly rate of $ 220 at which ABC billed Ms. Jaffe's work on *Olivia Y.* is well below that amount.

6.      I reviewed the time billed by Ms. Jaffe in her work on the ABC fees motion. Ms. Jaffe expended 64.51 hours, *i.e.* about half of the total ABC time of 120 hours expended on the ABC fees motion.

7.      Attached hereto as Exhibit C is a chart which I prepared after reviewing the ABC billing records to determine some examples of how much contact there was between ABC attorneys and either the former monitor, Grace Lopes and/or Public Catalyst during the billing period from December, 2015, to and including November 30, 2016. The entries in Exhibit C represent a small sample of the number of contacts between ABC and either Grace Lopes and/or Public Catalyst during that time period.

8.      As part of my regular duties, I review the billing records in the *Olivia Y.* for excessive, incorrect and redundant entries and exercise the billing judgment necessary to ensure these records are correct, the services provided are reasonably related to the case objectives and are legally necessary. I have reviewed the time database for accuracy, and attest these summaries are an accurate and reliable account of the work performed, the number of hours reasonably

expended minus the exercise of billing judgment, and the compensable expenses incurred by Plaintiffs' counsel and support staff in this case.

9.      Attached hereto as Exhibit D is a chart which was prepared under my direction showing a compilation of hours expended by ABC for a) the preparation of the ABC fees motion in 2016, b) the preparation of other non-motion "fees-on-fees" work, as well as c) the preparation of other non "fees-on-fees" legal work on the merits in this case. The compilation was prepared by ABC's paralegal using information from the database utilized by ABC to prepare billing records.

ABC expended 120.61 hours of work on its fees-on-fees motion for a total of $ 36,467.00

ABC expended 68.64 hours of work on other fees-on-fees work for a total of $ 11,781.00

ABC expended 949 hours of work on billable hours on the merits for a total of $ 315,374.00.

ABC's expenses were a total of $ 23,746.96.

Bradley Arant expended 67.2 billable hours of work for a total of $ 25,918.00.

(Declaration of W. Wayne Drinkwater (Dkt. No. 717-2).

**ABC's and Bradley's total billable hours and expenses were:  $ 413,287.00.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20 day of April 2017 in San Diego County, California.

Sara Robinson-Glasser

3

ATTACHMENT A



Dewitt L. Fortenberry Jr., Esq.
 Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
428 I-555 North Meadowbrook Office Park
Jackson, Mississippi 39211
*December 12, 2015*

Re: ABC Fee Application December 1, 2014 – November 30, 2015

Dear Rusty,

Attached to this e-mail please find the following:

- ABC's Invoice Number 11, covering the billing period from December 1, 2014 through and including November 30, 2015;
- Stephen Dixon's invoice; and
- Bradley Arant's billing invoice for the same period.

Please note the following:

- we have changed our hourly billing rates to rates commensurate with hourly billing rates charged by Baker, Donelson, as published in the 2014 National Law Journal Directory of the Legal Profession;
- we have added a part-time attorney, Stephen Dixon, who is admitted to practice in Mississippi. Although Mr. Dixon is very experienced, we have charged a rate for his services which is lower than that of an associate at Baker, Donelson; and,
- we are now billing for the services of ABC's paralegal, Claire Feely ("CF"). The rate charged for Ms. Feely is the same rate as previously charged by CR paralegals.

The total for all three invoices is $291,620.29. Please make the total fee check payable to ABC and we will pay Mr. Dixon and Bradley, Arant. Please let me or Sara Glasser know if you have any questions about these documents and if you would like us to prepare a Joint Motion for Approval of Fees. A hard copy of all attachments will be sent to you via U.S. Mail.

Sincerely yours,

/s/

Marcia Robinson Lowry
Executive Director
A Better Childhood, Inc.



1095 Hardscrabble Rd, Chappaqua, NY 10514
abetterchildhood.org

ATTACHMENT B

# USAO ATTORNEY'S FEES MATRIX – 2015 – 2016

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 |
|---|---|
| 31+ years | 568 |
| 21-30 years | 530 |
| 16-20 years | 504 |
| 11-15 years | 455 |
| 8-10 years | 386 |
| 6-7 years | 332 |
| 4-5 years | 325 |
| 2-3 years | 315 |
| Less than 2 years | 284 |
| Paralegals & Law Clerks | 154 |

*Explanatory Notes*

1.  This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act). The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases. The matrix does **not** apply to cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2.  A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index. The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics. The PPI-OL index is available at www.bls.gov/ppi/#data. On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multiple screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers." The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3.  The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-Legal Services index measures. Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*,

793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should eliminate disputes about whether the inflator is sufficient.

4.    The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area.  Because the USAO rates for the years 2014-15 and earlier have been generally accepted as reasonable by courts in the District of Columbia, see note 9 below, the USAO rates for those years will remain the same as previously published on the USAO's public website.  That is, the USAO rates for years prior to and including 2014-15 remain based on the prior methodology, *i.e.*, the original *Laffey* Matrix updated by the CPI-U for the Washington-Baltimore area.  *See Citizens for Responsibility & Ethics in Washington v. Dep't of Justice*, --- F. Supp. 3d ---, 2015 WL 6529371 (D.D.C. 2015) and Declaration of Dr. Laura A. Malowane filed therein on Sept. 22, 2015 (Civ. Action No. 12-1491, ECF No. 46-1) (confirming that the USAO rates for 2014-15 computed using prior methodology are reasonable).

5.    Although the USAO will not issue recalculated *Laffey* Matrices for past years using the new methodology, it will not oppose the use of that methodology (if properly applied) to calculate reasonable attorney's fees under applicable fee-shifting statutes for periods prior to June 2015, provided that methodology is used consistently to calculate the entire fee amount.  Similarly, although the USAO will no longer issue an updated *Laffey* Matrix computed using the prior methodology, it will not oppose the use of the prior methodology (if properly applied) to calculate reasonable attorney's fees under applicable fee-shifting statutes for periods after May 2015, provided that methodology is used consistently to calculate the entire fee amount.

6.    The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law. Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school.  Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school).  *See Laffey* 572 F. Supp. at 371. An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression.  *See, e.g.*, *EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same).  The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data.  Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level.  The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level.

7.    ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks.  Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index.  The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

8.    The USAO anticipates periodically revising the above matrix if more recent reliable survey data becomes available, especially data specific to the D.C. market, and in the interim years updating the most recent survey data with the PPI-OL index, or a comparable index for the District of Columbia if such a locality-specific index becomes available.

9.    Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc).  The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the USAO as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area.  *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n.14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996).  Most lower federal courts in the District of Columbia have relied on the USAO Matrix, rather than the so-called "*Salazar* Matrix" (also known as the "LSI Matrix" or the

"Enhanced *Laffey* Matrix"), as the "benchmark for reasonable fees" in this jurisdiction. *Miller v. Holzmann*, 575 F. Supp. 2d 2, 18 n.29 (D.D.C. 2008) (quoting *Pleasants v. Ridge*, 424 F. Supp. 2d 67, 71 n.2 (D.D.C. 2006)); *see, e.g., CREW v. U.S. Dep't of Justice*, --- F.Supp.3d ---, 2015 WL 6529371 (D.D.C. 2015); *McAllister v. District of Columbia*, 21 F. Supp. 3d 94 (D.D.C. 2014); *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 297 F.R.D. 4, 15 (D.D.C. 2013); *Berke v. Bureau of Prisons*, 942 F. Supp. 2d 71, 77 (D.D.C. 2013); *Fisher v. Friendship Public Charter School*, 880 F. Supp. 2d 149, 154-55 (D.D.C. 2012); *Sykes v. District of Columbia*, 870 F. Supp. 2d 86, 93-96 (D.D.C. 2012); *Heller v. District of Columbia*, 832 F. Supp. 2d 32, 40-49 (D.D.C. 2011); *Hayes v. D.C. Public Schools*, 815 F. Supp. 2d 134, 142-43 (D.D.C. 2011); *Queen Anne's Conservation Ass'n v. Dep't of State*, 800 F. Supp. 2d 195, 200-01 (D.D.C. 2011); *Woodland v. Viacom, Inc.*, 255 F.R.D. 278, 279-80 (D.D.C. 2008); *American Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 148-50 (D.D.C. 2007). *But see, e.g., Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13-15 (D.D.C. 2000). The USAO contends that the *Salazar* Matrix is fundamentally flawed, does not use the *Salazar* Matrix to determine whether fee awards under fee-shifting statutes are reasonable, and will not consent to pay hourly rates calculated with the methodology on which that matrix is based.

ATTACHMENT C

## Examples of Contacts between Plaintiffs and former Monitor or PC

### December 1, 2015 – November 30, 2016

| Date | Notes | Time | Contact |
|---|---|---|---|
| 12/11/15 | T/C 2nd T/C w/ GL re filing report for period 5 under seal | 0.17 | SG |
| 12/14/15 | Conf call w/ PC | 1.33 | ML |
| 12/17/15 | Send/rec email or txt: rev GL email, send email to PC | 0.50 | ML |
| 4/25/16 | Send/rec text message/email to PC re status | 0.50 | ML |
| 4/27/16 | Conf call w/ ML and GL re 2nd Stip Remedial Order | 0.90 | SG |
| 5/31/16 | Send/rec text message or email: Send email to E. Crummy of PC re setting up tel/cal | 0.17 | SG |
| 6/1/16 | Conf call w/ Eileen Crummy & Lisa Taylor re state hiring | 1.0 | SG |
| 6/12/16 | Send/receive text message or email to PC re implementation | 0.50 | ML |
| 7/21/15 | Conf Call w/ ML and Pub Catalyst – planning for Aug meeting | 3.17 | 3SG |
| 11/30/16 | Meeting w/ defendants to continue negotiations and Public Catalyst on MSA 2 | 11.00 | ML |

ATTACHMENT D

| Plaintiffs' Attorneys' Fees by Category | | | |
|---|---|---|---|
| December 1, 2015 – November 30, 2016 | | | |
| | | | |
| Party | Category of Billable Task | Time | Amount |
| | | | |
| ABC | Fees Motion Hours | 120.61 h | $ 36,467.22 |
| ABC | Other Fees-on-Fees Hours | 68.64 h | $ 11,781.45 |
| ABC | Other Billable Hours | 948.99 h | $ 315,374.18 |
| ABC | Total Billable Hours | 1,138.24 h | $ 363,622.85 |
| Bradley | Total Billable Hours | 67.2 h | $ 25,918.00 |
| Expenses | Total ABC Expenses | | $ 23,746.96 |
| | | | |
| TOTAL | | 1,205.44 h | $ 413,287.00 |