CLERK, U.S
SOUTHERN DI:
501 E. COURT STREET, SUITE 2.500
JACKSON, MISSISSIPPI 39201

OFFICIAL BUSINESS

UTR

RECEIVED

JUL 31 2017

Clerk, U.S. District Court
Southern District of Miss.

NIXIE        326    7E 1        7207/25/17

NOT   RETURN TO SENDER
    DELIVERABLE AS ADDRESSED
        UNABLE TO FORWARD

BC: 3920150282S        2247N206232-00809

UNITED STATES POSTAGE
02 1P    $ 001.09⁰
0000846539    PITNEY BOWES
MAILED FROM ZIP CODE 39201
JUL 21 2017



Whitney M. Johnson
416 N. Clark St.
Milledgeville, GA 31061

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., ET AL.                                      PLAINTIFFS

VS.
                                    CIVIL ACTION NO. 3:04CV251TSL-RHW
HALEY BARBOUR, AS GOVERNOR
OF THE STATE OF MISSISSIPPI, ET AL.                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs,

pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure

54, for an award of their class counsels' attorneys' fees and

expenses in the amount of $413,287.00 for the monitoring and

enforcement of the Modified Mississippi Settlement Agreement and

Reform Plan from December 1, 2015 through December 30, 2016.

The total of attorneys' fees requested is $389,452.79,

representing 1,200.62 hours of attorney time and 71.23 hours of

paralegal time, calculated as follows:

| Attorney | Requested Hourly Rate | Hours Worked | Total Fee |
|----------|----------------------|--------------|-----------|
| Marcia Lowry<br>A Better Childhood | $425.00 legal work<br>$212.50 travel | 381.48<br>111.25 | $185,769.60 |
| Sara Glasser<br>A Better Childhood | $350.00 legal work<br>$175.00 travel | 380.24<br>129.87 | $155,811.01 |
| Sarah Jaffe<br>A Better Childhood | $220.00 legal work | 64.98 | $ 14,294.88 |
| Wayne Drinkwater<br>Bradley Arant | $400.00 2014 legal work | 62.40 | $ 24,960.00 |
| Michael Bentley<br>Bradley Arant | $217.50 2015 legal work | 4.00 | $     870.00 |
| Paralegal<br>A Better Childhood | $110.00 | 70.43 | $   7,747.30 |

| Paralegal<br>Bradley Arant | $110.00 | .80 | $      88.00 |
|---|---|---|---|

Plaintiffs also seek reimbursement for $23,746.96 in expenses.

Defendants acknowledge that plaintiffs are entitled to an award of reasonable attorneys' fees and expenses under 42 U.S.C. § 1988 for their work in this case.  They deny, however, that the fees requested by plaintiffs in their fee petition are reasonable. In this regard, defendants do not contest the claimed expenses and they do not take issue with the hourly rates of plaintiffs' counsel.[1]  However, they do contend that "a great many" of the hours for which compensation is sought were not reasonably expended and demonstrate "a severe lack of billing judgment."[2] More particularly, they assert that a review of the time records submitted by plaintiffs in support of their motion reflects an inordinate number of vague entries and entries for duplicative/redundant work; hundreds of block-billed entries; billing for non-legal secretarial/clerical work performed by

---

[1]     The hourly rates for plaintiffs' attorneys, or most of them, were set by the court's ruling on defendants' objection to plaintiffs' 2016 fee petition, in which their only challenge was to plaintiffs' attorneys' hourly rates.

[2]     On plaintiffs' last motion for fees and expenses, defendants made no objection to plaintiffs' billing practices or the number of hours claimed but did object to the hourly rates claimed by plaintiffs' attorneys.  The court issued its order May 6, 2016 approving some and reducing some of plaintiffs' attorneys' claimed hourly rates.

paralegals and attorneys; entries for "marketing" time that is not compensable; and time spent on fee-related matters that is not compensable. In addition, defendants claim more generally that the total amount of fees claimed is clearly excessive in view of the nature of the work performed during the billing period and submit that if awarded, would result in a windfall to plaintiffs' attorneys.

### Methodology for Determining Reasonable Attorneys' Fees

To determine a reasonable attorneys' fee, the court first calculates a "lodestar" figure by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995) (citations omitted). The lodestar is presumed to be a reasonable fee. Combs v. City of Huntington, Texas, 829 F.3d 388, 394 (5th Cir. 2016). However, the court may increase or decrease it based on the circumstances of the case, taking into account the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989). Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998).[3]

---

[3]    Those factors are: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." <u>Saizan v. Delta Concrete Prod. Co.</u>, 448 F.3d 795, 799 (5th Cir. 2006). This typically requires documentation of the hours charged and of the hours written off as unproductive, excessive or redundant. <u>Id.</u> If a plaintiff fails to offer evidence of billing judgment, a court may reduce the award by a percentage that is an appropriate substitute for billing judgment. <u>Id.</u> With these general principles in mind, the court considers the motion and defendants' objections.

<u>2016 Fee Motion</u>

Plaintiffs seek $44,011.51 for approximately 142.18 hours dedicated to the 2016 attorney fee motion.[4] Defendants submit that this is excessive for what should have been a routine motion. Plaintiffs respond that the motion was hardly routine, and that

---

involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. <u>Johnson</u>, 488 F.2d at 717-19.

[4]    Plaintiffs contend that time spent and fees charged relating to the motion for 2015 fees is approximately 120 hours, totaling $36,000. However, based on its review of defendants' Exhibit A, the court concludes that defendants' computation is accurate.

the reason so much time was spent on the attorneys' fee motion was defendants' refusal to pay plaintiffs' attorneys' claimed hourly rates.

A prevailing party "is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation." Cruz v. Hauck, 762 F.2d 1230, 1233 (5th Cir. 1985). On the other hand, "requests for attorney's fees should not spawn ancillary major litigation." Dinet v. Hydril Co., No. CIV. A.05-3778, 2006 WL 3904991, at *7 (E.D. La. Nov. 22, 2006). In the court's opinion, particularly as defendants' objection to the 2016 fee petition was solely to the hourly rates charged by plaintiffs' attorneys,[5] the amount of time claimed for the work on the fees issue is clearly excessive and reflects a lack of billing judgment. The court finds that a sixty percent reduction in the hours for this work is warranted.[6]

---

[5]    The court found defendants' objection to the hourly rates was well-taken to a limited extent:  It reduced the hourly rates claimed by Marcia Lowry from $475 to $425 (instead of the $318 requested by defendants) and by Wayne Drinkwater from $420 to $400 (rather than the $267.75 suggested by defendants) but rejected defendants' objection to the other attorneys' requested hourly rates.

[6]    The following reflects the time spent by each attorney on these matters, as determined by reference to defendants' Exhibit A, and the corresponding reduction in attorneys' fees:

| Ms. Lowry | 23.76 hours | $6,821.25 |
| Ms. Glasser | 42.66 hours | $8,958.60 |
| Mr. Drinkwater | 11.80 hours | $2,832.00 |
| Ms. Jaffe | 58.69 hours | $7,747.00 |
| Mr. Bentley | 3.10 hours | 404.55 |

### Vague Fees

An attorneys' fee applicant's documentation supporting his request for fees "must be of sufficient detail and probative value to enable the court to 'determine with a high degree of certainty' that the billing is reasonable." Yelton v. PHI Inc., No. CIV. A. 09-04182, 2012 WL 3441826, at *8 (E.D. La. Aug. 14, 2012) (quoting Miss. State Chapter Operation Push v. Mabus, 788 F. Supp. 1406, 1416 (N.D. Miss. 1992)). The court may reduce or eliminate hours if the documentation of those hours is "vague or incomplete." Id. at *7 (attorneys "do not have the right to bill for inadequately documented time") (citing Lalla v. City of New Orleans, 161 F. Supp. 2d 686, 706 (E.D. La. Apr. 4, 2001)); see also Walker v. City of Mesquite, Texas, 313 F.3d 246, 252 (5th Cir. 2002) ("[T]he district court has broad discretion to exclude or reduce the entries that are vague."); Wegner v. Standard Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997) ("Litigants clearly 'take their chances' that the district court will reject or reduce fee awards if they submit vague or incomplete applications.") (citation omitted).

Defendants have identified entries for 27.34 hours, representing fees totaling $10,125.90, which they contend are impermissibly vague, including numerous items such as phone calls, emails and text messages which do not identify the subject of call or indicate how it related to the legal work being performed. For example, the vast majority of the challenged entries, while

6

identifying the parties involved in the communications, provide no other pertinent detail but rather are simply for "email" or "review email"; "send/receive text message or email" re "update" or "status"; "telephone call" or "telephone call re status" or "re update"; "telephone call with source in MS". See Haylock v. Ebanks, No. CIV. A. 13-432, 2013 WL 5410463, at *5 (E.D. La. Sept. 25, 2013) (entries that refer to emails being reviewed, but do not reference the recipient, sender or subject of the email impermissibly vague); Yelton, 2012 WL 3441826, at *8 (descriptions such as "legal issues," "conference re: all aspects," and "call re: status" are vague descriptions) (citing In re Donovan, 877 F.2d 982, 995 (D.C. Cir. 1989), and Lalla, 161 F. Supp. 2d at 706).

Plaintiffs point out in response that out of the 76 entries identified by defendants as vague, thirteen involve communications with "KR", "RF" – attorneys for defendants – and David Chandler, Executive Director of the Mississippi Department of Child Protective Services, which defendants cannot legitimately challenge. They submit that as to the remainder of the allegedly vague entries, the court should reject defendants' objections because defendants have made no objection to similar entries in plaintiffs' previous fee requests; defendants "knew perfectly well what was going on in all these calls and conferences"; and it would have taken more time to include additional detail and

7

defendants have elsewhere complained that plaintiffs spent too much time on the case, including on matters relating to fees. None of these is a valid reason for this court to award fees for time that is not adequately documented. Accordingly, for the challenged entries that do not involve communication with defense counsel, the court finds that a fifty percent reduction of the claimed time and corresponding fees is in order.[7]

<u>Duplicative/Redundant Work</u>

Defendants submit that plaintiffs' billing time records contain numerous entries involving multiple attorneys performing the same task, doubling the number of hours charged, including telephone calls between and among plaintiffs' attorneys and drafting and reviewing the same documents at multiple stages during the documents' development. In this vein, defendants have identified 180.46 hours of what they contend is duplicative or redundant work.[8] By far, the majority of defendants' objections relate to communications, primarily by phone, between plaintiffs'

---

[7]    The following reflects the time spent by each attorney on these matters, as determined by reference to defendants' Exhibit B, and the corresponding reduction in attorneys' fees:

| | | |
|---|---|---|
| Ms. Lowry | 9.83 hours | $2,506.65 |
| Ms. Glasser | 3.81 hours | $  666.75 |
| Mr. Drinkwater | 4.85 hours | $  970.00 |
| Ms. Jaffe | .25 hours | $   27.50 |
| Paralegal | 3.35 hours | $  184.25 |

[8]    The court has already ordered a 60 percent reduction in 9.8 of these hours as time spent on attorneys' fee matters and a 50 percent reduction in 3.67 hours as insufficiently documented.

counsel. For example, of the 184 entries to which defendants object, nearly 140 are for telephone calls between plaintiffs' counsel (some also including the former and current monitor), and twelve are for in-person meetings between plaintiffs' counsel. Defendants also object to a number of entries reflecting attendance by multiple attorneys at telephone conferences or meetings with defense counsel. In addition, defendants challenge several instances of multiple entries by Ms. Lowry on a single day for what appears to be the same or similar work. The challenged entries total 5.25 hours.[9]

The Fifth Circuit has held that "[i]f more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." <u>Walker v. U.S. Dep't of Hous. & Urban Dev.</u>, 99 F.3d 761, 768 (5th Cir. 1996) (citing <u>Johnson</u>, 488 F.2d at 717). <u>See also</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (stating that courts

---

[9]     Specifically, they object to what they contend are duplicate entries on 12/04: telephone call to Wayne Drinkwater and Rusty Fortenberry each re new director .50 and "telephone call to Wayne re new director .33"; on 12/14: "rev. proposed interim order .67" "rev proposed orders, changes .67"; 12/18 "send/receive text message or email to coc re resolution re order .25" and "send/receive text message or email to coc re resolution .33"; 12/21: "rev. outline, prep for court 1.25"; "rev. outline, prep for court .50"; "Meeting w/WD, SG prep for court .75"; "preparation for court appearance re proposed interim order .67".

should exclude hours that are "are excessive, redundant, or otherwise unnecessary"). Courts have thus "discounted fee awards for excessive emails and telephone calls between attorneys and for overlapping time billed by multiple attorneys." Gros v. New Orleans City, No. CIV. A. 12-2322, 2014 WL 2506464, at *11 (E.D. La. June 3, 2014) (citations omitted).

For their part, plaintiffs maintain that the case was appropriately staffed. Further, while they acknowledge that there were extensive conversations via phone, email and in-person between and among plaintiffs' counsel and that more than one plaintiffs' counsel participated in meetings and conference calls with defense counsel and others, i.e, the court monitor and consulting group, they insist this was neither unreasonable nor excessive in view of the nature of the services required of them by the case. Their challenge, they say, was to reform an entire public agency. To meet this challenge, they necessarily had to confer among themselves to weigh the pros and cons of defendants' proposals and to develop counter-proposals. They submit, moreover, that in view of the magnitude of the challenge they faced, it was certainly reasonable for them to have more than one attorney participate in communications with the monitor and consultant and in negotiations with defendants.

In the court's opinion, the case was not overstaffed; defendants do not actually appear to contend otherwise. The court

10

finds that it was reasonable to have more than one of plaintiffs'
attorneys involved in meetings and communications with defense
counsel, as well as with the court monitors and consultant. The
court will allow these charges.

Obviously, plaintiffs' multiple attorneys communicated with
each other via extensive and duplicate telephone calls and
meetings. The court acknowledges that some collaborative
communication between plaintiffs' attorneys was necessary; indeed,
in the court's opinion, this particular case required a great deal
of this kind of communication. See Liger v. New Orleans Hornets
NBA Ltd. P'ship, No. 05-01969, 2010 WL 3952006, at *14 (E.D. La.
Aug. 3, 2010), report and recommendation adopted, No. CIV.A.
05-1969, 2010 WL 3951506 (E.D. La. Oct. 6, 2010) (internal
quotation marks and citation omitted) ("'[S]ound- boarding' among
counsel is valuable to effective litigation."). The question is
whether these communications were excessive. The court's sense,
upon a thorough review of the challenged entries, is that the
communications between Ms. Lowry and Ms. Glasser were somewhat
more extensive than was necessary for the effective and efficient
representation of plaintiffs. Therefore, the court finds that a
reduction of thirty-five percent of the time spent on telephone

11

calls between them is warranted.[10]  The remaining communications

between and among plaintiffs' counsel do not appear excessive.

While it is not obvious that the entries challenged by

defendants relating to duplicate work performed by Ms. Lowry on

certain dates, it does appear these could represent duplicate

entries for the same work.  As plaintiffs have not responded

specifically to defendants' objection in this regard, the court

will exclude half of this time, or 2.75 hours, for a reduction of

$1,126.75 of Ms. Lowry's fee.

Block Billing

Defendants assert that plaintiffs have engaged in "block

billing," and that block time entries – which according to

defendants total 469.71 hours, representing $99,166.73 in

attorneys' fees – should be stricken or reduced.  Defendants'

objection in this regard is not well-taken.  The entries

identified by defendants in their Exhibit D do not reflect "block

billing."  It is true that each of the challenged entries includes

more than one activity, e.g., "TCs M. Lowry and email r.

Fortenberry .30," "Wayne, Rusty, telephone calls to each re new

director .50," "review eml from GL re proposed period 5 final

---

[10]     This includes 62 telephone calls for a total of 29.16
hours each, making the total deduction for Ms. Lowry $4,592.70 and
for Ms. Glasser $3,572.10.  These figures include only calls that
have not been excluded or a larger percentage reduction made on
some other basis.

12

report; send email to ML re response and suggestions .17." This is not block billing. "'Block- billing' is a time-keeping method by which each lawyer ... enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." U.S., ex rel., Cook-Reska v. Cmty. Health Sys., Inc., 641 F. App'x 396, 399 (5th Cir. 2016) (internal quotation marks and citation omitted). "[C]ourts disfavor the practice of block billing because it impairs the required reasonableness evaluation [... because] the court cannot accurately determine the number of hours spent on any particular task...") (internal quotation marks and citation omitted).[11] Furthermore, plaintiffs' method of grouping a limited number of tasks in a single entry has not hampered the court's ability to assess the reasonableness of the time spent on the tasks reflected. In this regard, it is noted that of 142 of the 227 entries to which defendants object, the time spent for the services performed is an hour or less. For another forty-one of these entries, the time spent is less than two hours. Only two of the 227 entries is for more than seven hours, and each of those was for drafting, editing and/or revising a remedial order. Moreover, nearly all of the entries involve no

---

[11]    Notably, the Fifth Circuit does not necessarily prohibit an award of fees, despite the use of block-billing. See Hollowell v. Orleans Reg'l Hosp. LLC, 217 F.3d 379, 392-93 (5th Cir. 2000) (quotation omitted) (award not foreclosed where district court "carefully considered" the time records and found them "specific enough to determine that the hours claimed were reasonable for the work performed....").

more than two tasks, and none involves more than a few.  And,
having reviewed all the challenged entries, it is not apparent
that any involves work that is not compensable or is excessive for
the work performed.  Accordingly, defendants' objection based on
"block billing" is not well-taken.

Clerical/Secretarial Work by Paralegal

Defendants have identified 68.83 hours of what they contend
is clerical/secretarial work billed by paralegals.  "Paralegal
work can only be recovered as attorneys' fees if the work is legal
rather than clerical."  Vela v. City of Houston, 276 F.3d 659, 681
(5th Cir. 2001).  The court has reviewed the entries to which
defendants object and finds that of the 68.83 hours referenced by
defendants, 52.59 is for non-legal work:  50.34 on fee-related
matters and 2.25 relating to press releases.  In the court's
opinion, recording attorney time and expenses would be in the
nature of clerical work and not recoverable as attorneys' fees.
See Martin v. Mabus, 734 F. Supp. 1216, 1228 (S.D. Miss. 1990)
(excluding time spent recording time and filling out expense
vouchers as work of a secretarial or clerical nature).  And time
spent maintaining lists for press releases is also of a clerical
nature.  Accordingly, these 52.59 hours will be excluded from the
fee award.

Clerical/Secretarial/Paralegal Work by Attorneys

14

Defendants object to 74.36 hours of time claimed by attorneys Lowry and Jaffe as "clerical/secretarial/paralegal work." This objection is patently without merit. The services reflected by the various entries cited by defendants consist exclusively of drafting, editing, correcting and/or revising various documents, including memos, proposed orders, briefs, attorney declarations, and even the Modified Settlement Agreements. There is no basis for defendants' contention that this is secretarial or clerical work, or that it is work that could have been done as efficiently or effectively by a paralegal.

Marketing

Plaintiffs' attorneys have billed 14 hours – totaling approximately $4,755.66 – for media coverage or "marketing," i.e., for drafting and releasing press releases, fielding press inquiries and otherwise communicating with the press regarding the litigation. Defendants object that plaintiffs are not entitled to reimbursement for time spent dealing with the media. The Fifth Circuit has yet to decide whether prevailing parties may recover attorneys' fees for time spent holding press conferences or dealing with the media. Watkins v. Fordice, 7 F.3d 453, 458 (5th Cir. 1993). It noted in Watkins that whereas the district court had ruled that time spent on press conferences was not compensable as it was not spent "on the litigation," it acknowledged that the Ninth Circuit had allowed recovery "when a prevailing party shows

15

that the press conferences 'contributed, directly and substantially, to the attainment of [the party's] litigation goals.'" Id. (quoting Davis v. San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993)). The court chose not to consider the merits of either position but found that the district court did not abuse its discretion in excluding press-conference hours because the fee applicants did not present or offer to present "any evidence regarding the efficacy of the press conferences." Id. See also Hopwood v. State of Texas, 236 F.3d 256, 280 (5th Cir. 2000) (stating, "We are chary about granting requests for media fees."); Barrow v. Greenville Indep. Sch. Dist., No. 3:00-CV-0913-D, 2005 WL 6789456, at *13 (N.D. Tex. Dec. 20, 2005), aff'd, No. 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007) (denying award of fees for time devoted to press conferences without evidence of their efficacy). In the case at bar, while plaintiffs argue that the preparation of press releases was directly related to the representation of the plaintiff class, they have offered no evidence to this effect. Therefore, the court will deduct from plaintiffs' attorneys' fees the time spent on these matters.[12]

---

[12]     The deductions are calculated as follows:
           Ms. Lowry        4    hours    $1,700.00
           Mr. Drinkwater   2.6  hours    $1,040.00
           Ms. Glasser      4.81 hours    $1,698.50
           Mr. Bentley      .4 hours      $   87.00.
The court has already deducted 2.25 hours of the time on media matters as clerical time billed by a paralegal that may not be

### Fees on Fees Not Related to 2015 Fee Petition

Defendants object to 53.42 hours – for a total of $10,755.53 – spent on billing and reviewing bills.  The court has already eliminated all but 13.23 of these hours as clerical work performed by a paralegal.  In the court's opinion, this time spent on recording time and reviewing billing entries may fairly be regarded as overhead, which is not compensable.  Accordingly, the court will reduce the award for Ms. Lowry's work by $280.50, and by $4,399.50 for Ms. Glasser's work on these matters.

### Billing Judgment

Defendants note that plaintiffs' burden includes proving that they exercised billing judgment.  "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."  Alberti v. Klevehagen, 896 F.2d 927, 930 (5th Cir. 1990).  See also Walker, 313 F.3d at 251 (party seeking fees must prove the exercise of billing judgment).  Defendants submit that the inclusion in plaintiffs' invoices of so many entries for duplicative work, clerical work and other work that is not properly compensable demonstrates a clear lack of billing judgment.  The court has already addressed these specific objections.

Defendants further cite as evidence of plaintiffs' alleged lack of billing judgment their failure to make any deduction for

---

recovered.

17

time spent traveling.  They contend that the $46,367.37
plaintiffs' attorneys have billed for time spent traveling "is
disproportionate to the amount of legal work performed ... and ...
is excessive," especially as defendants are also paying for the
cost of plaintiffs' travel expenses.  However, not only do
plaintiffs seek compensation for travel time at fifty percent of
the hourly rate claimed for legal work, but there is nothing to
suggest that any of plaintiffs' attorneys spent more time in
travel than was necessary to perform the legal work the case
required.  The inclusion of properly compensable time does not
reflect a lack of billing judgment.

### Windfall

Neither party has requested an increase or decrease in the
lodestar based on the Johnson factors.  However, in their motion,
defendants do argue that an award of the fees as presented in
plaintiffs' fee application would result in a windfall,
essentially because nothing of substance occurred during the
billing period:  No trial took place and the only motion that was
argued was the 2016 attorneys' fee motion.  The remainder of the
litigation, say defendants, was nothing more than "negotiation of
a modified settlement agreement"; so, to award the plaintiffs'
attorneys' fees as requested would be the equivalent of a
"jackpot" award.  Defendants suggest, therefore, that the court
should reduce plaintiffs' fee award on this basis.  The court,
however, is unpersuaded by defendants' attempt to minimize the

significance of the work performed by plaintiffs' counsel during the billing period and the time and labor required to accomplish the results they have obtained.[13]

Conclusion

Based on the foregoing, it is ordered that plaintiffs' motion for attorneys' fees and expenses is granted in part and denied in part. The court finds that plaintiffs are entitled to recover attorneys' fees and expenses of $354,287.72, as follows:

| Attorney: | Fee: |
|---|---|
| Marcia Lowry | $ 168,741.75 |
| Sarah Glasser | $ 136,515.56 |
| Sarah Jaffe | $ 6,520.00 |
| Wayne Drinkwater | $ 20,118.00 |
| Michael Bentley | $ 378.45 |
| Paralegal ABC | $ 1,179.00 |
| Paralegal | $ 88.00 |
| TOTAL ATTORNEYS' FEE: | $ 330,540.76 |
| | |
| TOTAL EXPENSES: | $ 23,746.96 |

SO ORDERED this 21st day of July, 2017.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[13]   In their rebuttal, plaintiffs describe what their services have accomplished during this billing period:
There is a new Monitor, an entirely new stand-alone agency has been created; a new Executive Director has been hired; a new management team has been put in place; hundreds of new caseworkers have come on-board; a new computerized information system is underway; new, lower caseload standards are being used; revised licensing standards are being applied to make foster children safer; and a new MSA has been negotiated.

19