IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., et al )
)
        Plaintiffs )
)
v. ) **CIVIL ACTION NO. 3:04cv251 TSL-FKB**
)
PHIL BRYANT, as Governor of the )
State of Mississippi, *et al.*, )
)
        Defendants )

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO REMEDY PHASE OF PLAINTIFFS' RENEWED MOTION FOR CONTEMPT, FOR AN EVIDENTIARY HEARING AND FOR THE APPOINTMENT OF A RECEIVER

For their *Response to the Plaintiffs Motion For Relief Pursuant To Remedy Phase Of Plaintiffs' Renewed Motion For Contempt, For Evidentiary Hearing And For Appointment Of A Receiver* ("Plaintiffs' Motion"), Defendants state as follows:

### I. INTRODUCTION

1. Through their motion [Doc #739], Plaintiffs boldly demand that the Court hold Defendants in contempt and appoint an unnamed receiver with full authority to take over the Mississippi Department of Child Protection Services ("the Agency" or "MDCPS") based on its inability to comply with one area of the Stipulated Third Remedial Order ("STRO") - the caseload requirement. The inability to comply with a court order is a complete defense to contempt, and the Defendants will be able to meet the burden required to establish inability to comply.

2. Even if this Court were to make a finding of Contempt, placing the Agency in receivership is far too drastic a remedy in consideration of all the Agency has done to comply with

the STRO. Therefore, this Court should deny Plaintiffs' motion in its entirety. See *Memorandum of Law in Support of Response and Objections to Plaintiffs' Motion for Relief Pursuant to Remedy Phase of Plaintiffs' Renewed Motion for Contempt, for an Evidentiary Hearing and for the Appointment of a Receiver ("the Memorandum")* incorporated fully herein by reference.

3. Importantly, pursuant to the Court Monitor's Report, the Agency is in compliance with all requirements of the STRO with the exception of caseloads.

4. Since his appointment as MDCPS Commissioner on September 18, 2017, Justice Jess Dickinson and the Agency have worked diligently to meet the needs of children in the State of Mississippi, to manage and secure adequate funding, and to comply with the orders of this Court and the settlement agreements entered into in this litigation, which has now spanned 14 long years.

## II. INABILITY TO COMPLY

5. MDCPS experienced an unexpected and significant budget deficit in FY 2018 and a shortage of funding for FY 2019, which resulted in the Agency having inadequate funds to comply with the 90% caseload requirement in FY 2019.

6. These unforeseen financial circumstances have rendered MDCPS unable to meet the 90% caseload requirement, which is the only basis for non-compliance contained in the Plaintiffs' March 15, 2018, notice required pursuant to the terms of the 2nd Modified Settlement Agreement.

7. Despite this budget shortfall, MDCPS has used all reasonable efforts to achieve compliance with the caseload requirement of the STRO and has complied with all of the many other aspects of the STRO.

2

### III. MITIGATING CIRCUMSTANCES

7. The budget deficit in FY 2018 is also a mitigating circumstance that justifies this Court withholding the exercise of its contempt power.

### IV. SUBSTANTIAL COMPLIANCE

8. As demonstrated by the Agency's compliance with all aspects of the STRO other than caseloads, the Agency has substantially complied with the STRO.

### V. CONCLUSION

9. The Defendants having established inability to comply with the caseload requirement of the STRO, mitigating circumstances preventing compliance with the caseload requirement, and its substantial compliance with the STRO, the Court should find that this case is not appropriate for contempt or the drastic remedy of receivership.

10. Finally, the Defendants have filed a separate Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for certain relief from the caseload requirement in the 2nd MSA that should be resolved before the Court considers the Plaintiffs' motion. This 60(b) motion and its separate supporting memorandum of authorities are adopted and incorporated in this Response.

11. For each of the above reasons, including those contained in the Memorandum filed in support of this response, the Plaintiffs' Motion should be denied.

Respectfully submitted, this the 3rd day of July 2018.

                PHIL BRYANT, as Governor of the State of
                Mississippi, JESS H. DICKINSON, as Commissioner,
                Mississippi Department of Child Protection Services,
                and TRACY MALONE, as Deputy Commissioner of
                Child Welfare, Mississippi Department of Child
                Protection Services

                By: /s/ Kenya Key Rachal

OF COUNSEL:

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Kenya Key Rachal (MSB #99227)
James L. Jones (MSB #3214)
Jake Adams (MSB #101538)
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Harold Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
P. O. Box 220
Jackson, MS 39205

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Marcia Robinson Lowry
Sara Robinson-Glasser
A BETTER CHILDHOOD
1095 Hardscrabble Road
Chappaqua, NY 10410

W. Wayne Drinkwater, Jr. (MSB #6193)
Michael J. Bentley (MSB #102631)
BRADLEY, ARANT, ROSE & WHITE, LLP
One Jackson Place
188 E. Capitol St, Ste 400
Jackson, MS 39201

Christian Carbone (*pro hac vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

**SO CERTIFIED**, this the 3rd day of July 2018.

/s/ Kenya Key Rachal

# EXHIBIT LIST FOR
# DEFENDANTS' RESPONSE AND OBJECTIONS TO
# PLAINTIFFS' MOTION FOR CONTEMPT

| Exhibit No. | Description |
|---|---|
| A | 2004 Caseload Analysis |
| B | Mississippi Performance on Caseload Standards (6/15/18) |
| C | Stipulated Third Remedial Order ("STRO") 4th Quarterly Report from Monitor |
| D | Caseload Target Memos from Public Catalyst (3/31/17 and 4/4/17) |
| E | Overdue Investigations 1/17-5/18 Chart |
| F | Affidavit of Jess H. Dickinson |
| G | Affidavit of Kris Jones |
| H | Announcement Letters re Caseworker Raises |
| I | Supervisor Hiring Data 2017 |
| J | MDCPS/CSF *Focus on Strengthening Supervision as a Strategy for Staff Retention* |
| K | *Protection Connection* |
| L | 2017-2018 Separation Comparison |
| M | MDHS Email to CPS re moving second allotment (11/15/17) |
| N | Memo from T Cheeseman to K. Jones re HR and Budget (12/30/17) |
| O | J Dickinson's Letter to Legislature Appropriations Committee Chairs (2/6/18) |
| P | 2018 SB 2675 |
| Q | Tonya Rogillio resume **REDACTED** |
| R | Jaworski Davenport resume **REDACTED** |
| S | Lucreta Tribune resume **REDACTED** |