IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., by and through her next friend, James D. Johnson;
JAMISON J., by and through his next friend, Clara Lewis;
DESIREE, RENEE, TYSON, and MONIQUE P., by and through
their next friend, Sylvia Forster; JOHN A., by and through his next
friend, James D. Johnson; CODY B., by and through his next
friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W.,
by and through their next friend, Zelatra W.; AND SAM H., by and
through his next friend, Yvette Bullock; on their own behalf and
behalf of all others similarly situated,

          Plaintiffs.
                    CIVIL ACTION NO.
v.                     3:04-CV-251-TSL-FKB

PHIL BRYANT, as Governor of the State of Mississippi;
DONALD TAYLOR, as Executive Director of the Department of
Human Services; AND BILLY MANGOLD, as Director of the
Division of Family and Children's Services,

          Defendants.

---

**PLAINTIFFS' MOTION FOR SCHEDULING CONFERENCE AND FOR AMENDED CASE MANAGEMENT ORDER PERMITTING LIMITED DISCOVERY; AND RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED DISCOVERY[1]**

Defendants have moved, under Federal Rule of Civil Procedure 60(b), for relief from the Stipulated Third Remedial Order (the "STRO," Doc. 713) and the Second Modified Settlement Agreement and Reform Plan ("Second MSA, Doc. 712). Because the Rule 60(b) Motion (Doc. 756) is based on Defendants' alleged inability to meet their obligations under the STRO due to lack of funding, Plaintiffs propounded limited and narrowly-tailored discovery to Defendants.

---

[1] Plaintiffs request that the Court relieve them from the obligation to file a Memorandum Brief in support of this Motion, *see* Uniform Local R. 7; the Motion is brief and straightforward and includes citations to appropriate authorities. In the event that a brief is required, of course, Plaintiffs are prepared to file one.

1

That discovery seeks information about Defendants' efforts to secure funding, whether from the state legislature or elsewhere. Defendants have objected to the discovery, (the "Objection"), asserting that it is "not authorized by statute or the Federal Rules of Civil Procedure at this stage of this class action litigation," absent an order from the Court. (Objection at 1.) A copy of Plaintiffs' discovery is included with the Objection.

Plaintiffs therefore move the Court for a scheduling conference, pursuant to Fed. R. Civ. P. 16(b)(4), and for a revised case management order

(1) permitting the discovery set out in Exhibit A, together with the depositions of witnesses identified in that discovery,

(2) governing the timing of that discovery, and

(3) holding Defendants' Rule 60(b) Motion in abeyance until that discovery is completed.[2]

*See*, *e.g.*, *Holland v. Keesler Federal Credit Union*, 2017 WL 2231449, at *3 (S.D. Miss. May 22, 2017) (Rule 16(b) permits case management or scheduling order to be modified for good

---

[2] Plaintiffs make this motion out of an abundance of caution, in the event that the Court does not simply deny the Rule 60(b) Motion on its merits. While Plaintiffs will file a more complete response to the Rule 60(b) Motion, it is worth noting that the funding shortfall about which Defendants complain is not a new or unanticipated event warranting relief under Rule 60(b). Defendants *agreed* in the STRO to certain obligations as a step toward resolving Plaintiffs' constitutional claims. Defendants admit that they have not complied with the caseload limitations in the STRO. They are therefore presently, and indisputably, in contempt.

Indeed, Defendants have quantified the dollar amount of that contempt: it amounts to not less than $23 million, the sum Defendants represented to the state legislature would be required to "comply with [Defendants'] obligations in this litigation." (Doc. 757 at 3-4, Defendants' Memorandum Brief.) All that is left to do, therefore, is for the Court to order the Governor—a party to this action, and one of the parties who agreed to the STRO—to allocate the necessary funds, either through executive order, if that can be accomplished, or by legislative action—including, if necessary, via a specially-called session of the Mississippi legislature, which the Governor has the power to order. In the alternative, Plaintiffs have sought an order from the Court granting plaintiffs' motion for a receiver, with the full authority to

2

cause and with the court's consent); *Estate of Boles v. National Heritage Realty, Inc.*, 2010 WL 11492174, at *2 (N.D. Miss. June 18, 2010) (citing and quoting *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) and other cases; factors court should consider in deciding whether to amend scheduling order include explanation for why the amendment is necessary, importance of amendment, potential prejudice to opposing party, and availability of a continuance to cure any such prejudice); *Smith v. Hosemann*, 852 F. Supp. 2d 747, 762 (S.D. Miss. 2011) (court has jurisdictional and procedural authority under Rule 60(b)(5) to amend consent decree).

In the event that the Court entertains the Rule 60(b) Motion (*see supra* n.2), good cause exists for the Court to defer that ruling, and to enter a new scheduling order that will first permit the limited discovery that Plaintiffs seek. In light of the claims made in the Rule 60(b) Motion, Plaintiffs must be able to ascertain whether Defendants, in fact, have met their obligations under the STRO to request funds sufficient to effect the agreement—including their obligations to seek not only state but also federal funds, and including to "take necessary steps to maximize available federal funding opportunities." (Doc. 712, Second MSA at 1.) It is not sufficient for Defendants simply to make the blanket statement that they have been unable to obtain such funds.

Nor will Defendants be prejudiced by that limited discovery: it is their burden to show that they are entitled to relief from the terms of the consent decree, *e.g.*, *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992) (party seeking modification of consent decree under Rule 60 must "establish[] that a significant change in circumstances warrants revision of

---

operate the Mississippi child welfare system in full conformity with the provisions of the STRO and the 2nd Modified Settlement Agreement, .

the decree"). The discovery that Plaintiffs seek provides a means to demonstrate whether Defendants can establish the necessary facts to carry that burden. Importantly, the discovery also does not prejudice *Plaintiffs* or upset the status quo—once discovery is ordered, and while it is ongoing, Defendants of course remain subject to the STRO, and must find the resources sufficient to comply with its terms.

The Fifth Circuit has recognized that discovery is often warranted after a party moves for relief from or to terminate a consent decree. *E.g.*, *Guajardo v. Texas Dept. of Criminal Justice*, 363 F.3d 392, 394 (5th Cir. 2004) (discussing lengthy procedural history, including hearings on motion to terminate relief "after discovery and numerous evidentiary submissions"); *In Re Scott*, 163 F.3d 282. 284 (5th Cir. 1998) (noting that court "ordered the parties to engage in discovery before the court would schedule a hearing on" motion to vacate consent decree).

Defendants recognize that this logically follows from their Rule 60(b) Motion; they have objected to the discovery "in the absence of a court order or a court-approved scheduling order." (Objection at 1.) Plaintiffs therefore move the Court for a scheduling conference, and for a new case management order (1) permitting the discovery set out in Exhibit A, together with the depositions of witnesses identified in that discovery, (2) governing the timing of that discovery, and (3) holding the Rule 60(b) Motion in abeyance until that discovery is completed.

Plaintiffs also request such other relief as the Court may deem appropriate.

Dated: July 20, 2018

                                             */s/ Marcia Robinson Lowry*
                                             Marcia Robinson Lowry (*pro hac vice)*
                                             Sara Robinson-Glasser (*pro hac vice*)
                                             A Better Childhood, Inc.
                                             1095 Hardscrabble Road
                                             Chappaqua, NY  10514
                                             Telephone (646) 808-7344
                                             Facsimile: (914) 238-0365
                                             Email: mlowry@abetterchildhood.org
                                                                              srglasser@abetterchildhood.org

W. Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
      mbentley@bradley.com

Christian Carbone (*pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Email: ccarbone@loeb.com

*Plaintiffs' Counsel*

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

*/s/ Marcia Robinson Lowry*
Marcia Robinson Lowry (*pro hac vice*)