**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | | |
|---|---|---|
| OLIVIA Y., et al | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04cv251 TSL-FKB |
| | ) | |
| PHIL BRYANT, as Governor of the | ) | |
| State of Mississippi, *et al.,* | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FIRST AND SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS, PLAINTIFFS' FIRST SET OF
INTERROGATORIES, AND OTHER PROPOSED DEPOSITION DISCOVERY**

The Defendants object to the Plaintiffs' First Request for Production of Documents, Second Request for Production of Documents, First Set of Interrogatories, and Other Proposed Deposition Discovery as follows:

1.    The Plaintiffs have recently served on the Defendants an overly broad, unduly burdensome and, in several instances, legally objectionable First Request for Production of Documents, Second Request for Production of Documents, and First Set of Interrogatories. A copy of each of these discovery requests is attached collectively as Exhibit "A". Plaintiffs' counsel has also requested dates for depositions of unnamed deponents.

2. This discovery is not authorized by statute or the Federal Rules of Civil Procedure at this stage of this class action litigation.

The Defendants, therefore, object to responding to this discovery, or any additional discovery, in the absence of a court order or a court-approved scheduling order.

# EXHIBIT A

RESPECTFULLY SUBMITTED, this the 16th day of July 2018.

> PHIL BRYANT, as Governor of the State of
> Mississippi;  JESS H. DICKINSON, as Commissioner,
> Mississippi Department of Child Protection Services;
> and TRACY MALONE, as Deputy Commissioner of
> Child Welfare, Mississippi Department of Child
> Protection Services

> By: /s/  James L. Jones _____

OF COUNSEL:

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Kenya Key Rachal (MSB #99227)
James L. Jones (MSB #3214)
Jake Adams (MSB #101538)
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS  39211
Telephone:  (601) 351-2400
Facsimile:  (601) 351-2424

Harold Pizzetta, III
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
P. O. Box 220
Jackson, MS  39205

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed a Notice of Service for the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Marcia Robinson Lowry
Sara Robinson-Glasser
A BETTER CHILDHOOD
1095 Hardscrabble Road
Chappaqua, NY 10410

W. Wayne Drinkwater, Jr. (MSB #6193)
Michael J. Bentley (MSB #102631)
BRADLEY, ARANT, ROSE & WHITE, LLP
One Jackson Place
188 E. Capitol St, Ste 400
Jackson, MS 39201

Christian Carbone (pro hac vice)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154

SO CERTIFIED, this the 16th day of July 2018.

/s/ James L. Jones

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

OLIVIA Y., by and through her next friend, James D. Johnson;
JAMISON J., by and through his next friend, Clara Lewis;
DESIREE, RENEE, TYSON, and MONIQUE P., by and through
their next friend, Sylvia Forster; JOHN A., by and through his next
friend, James D. Johnson; CODY B., by and through his next
friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W.,
by and through their next friend, Zelatra W.; AND SAM H., by and
through his next friend, Yvette Bullock; on their own behalf and
behalf of all others similarly situated,

                                        Plaintiffs.

                                                    CIVIL ACTION NO.
v.                                                  3:04-CV-251-TSL-FKB

PHIL BRYANT, as Governor of the State of Mississippi;
DONALD TAYLOR, as Executive Director of the Department of
Human Services; AND BILLY MANGOLD, as Director of the
Division of Family and Children's Services,

                                        Defendants.

---

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs request that Defendants produce

the requested documents at the offices of Plaintiffs' counsel, Bradley Arant Boult Cummings,

LLP, 188 East Capital Street, Suite 400, Jackson, MS 39201 within 30 days of the time of service.

Plaintiffs reserve the right to serve additional or supplemental document requests. This

request is to be interpreted and answered in accordance with the Definitions and Instructions

below.



EXHIBIT
"A"

## Definitions

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.      The term "including" means including without limitation.

5.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ.P. 34(a)(l)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6.      The use of the singular form of any word includes the plural and vice versa.

7.      The terms "plaintiffs" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.      The "Department" means the Mississippi Department of Child Protective Services.

## Instructions

1.   The use of any definition for the purposes of this document request shall not be deemed to constitute an agreement or acknowledgment on the part of the Plaintiffs that such definition is accurate, meaningful or appropriate for any other purposes in this

litigation.

2.   These Requests call for the production of responsive documents in your possession, custody or control, including documents in the possession, custody or control of any of your respective employees, agents, attorneys or other persons acting or purporting to act on your behalf.

3.   Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4.   If a responsive document was once, but is no longer, in your possession, custody or control, state its date, author(s), recipient(s), subject matter, when the document was most recently in your possession, custody or control, and the person, organization, or entity presently in possession, custody or control of such document. If a responsive document has been destroyed, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed and the reason for its destruction.

5.   Each requested document shall be produced in its entirety.  If a document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

6.   If any portion of a document is responsive to any Request, the entire document shall be produced.

7.   Each responsive document shall be produced as it is kept in the usual course of business, including but not limited to, in its original file folder with all markings intact,

or organized and labeled to correspond to these Requests.

8.   Responsive documents are to be clearly designated so as to reflect their owner and/or custodian and the source and/or location from where they were produced.

9.   If you object to any Request, state with specificity the grounds for such objection and the Request or Requests to which each objection applies. Any request to which an objection is made shall be responded to insofar as it is deemed not objectionable.

10. If you believe that any Request, definition, or instruction is ambiguous in whole or in part you must nonetheless respond and (i) set forth the language deemed ambiguous, and (ii) describe the manner in which you construed the request in order to frame your response.

11. If there are no documents responsive to a Request, provide a written response so stating.

12. These Requests are continuing in nature. If, after producing any documents in response to these Requests, you obtain or become aware of additional responsive information, you should provide such information or documents by way of a supplemental production.

## Requests for Production of Documents

Document Request 1: Organization charts, group directories, or other documents sufficient to identify the Department's organizational structure, subdivisions and personnel, and their roles and responsibilities, including, but not limited to organizational charts, group directories and statements of roles and responsibilities.

Document Request 2: Any and all appropriations and/or funding requests submitted by the Department to the Mississippi legislature concerning the Department's current operating budget, including all supporting documentation and transcripts or minutes of budget hearings at which testimony was taken regarding the Department's budget in regard to child welfare and/or

4

foster care.

Document Request 3: Documents sufficient to identify the Department's current operating budget.

Dated: June 27, 2018

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (*pro hac vice*) Sara Robinson-Glasser (*pro hac vice*)
A Better Childhood, Inc.
1095 Hardscrabble Road
Chappaqua, NY 10514
Telephone (646) 808-7344
Facsimile: (914) 238-0365
Email: mlowry@abetterchildhood.org
        srglasser@abetterchildhood.org

W. Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
        mbentley@bradley.com

Christian Carbone (*pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Email: ccarbone@loeb.com

*Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing Plaintiffs' First Request for Production of Documents on:

Kenya Key Rachal
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC - Jackson
P. O. Box 14167
Jackson, MS  39236-4167
Email: krachal@bakerdonelson.com

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 27th day of June, 2018.

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (pro hac vice)

**Bradley**

Bradley Arant Boult Cummings LLP
One Jackson Place
188 East Capitol Street, Suite 400
Jackson, MS 39201-2100

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 39201 $ 000.47⁰
02 4W
0000349418 JUN. 27. 2018.

Rc'v'd
9/2/2018

Kenya Key Rachal
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
P. O. Box 14167
Jackson, MS 39236-4167

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

OLIVIA Y., by and through her next friend, James D. Johnson;
JAMISON J., by and through his next friend, Clara Lewis;
DESIREE, RENEE, TYSON, and MONIQUE P., by and through
their next friend, Sylvia Forster; JOHN A., by and through his next
friend, James D. Johnson; CODY B., by and through his next
friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W.,
by and through their next friend, Zelatra W.; AND SAM H., by and
through his next friend, Yvette Bullock; on their own behalf and
behalf of all others similarly situated,

                                          Plaintiffs.

                                                    CIVIL ACTION NO.
v.                                                  3:04-CV-251-TSL-FKB

PHIL BRYANT, as Governor of the State of Mississippi;
DONALD TAYLOR, as Executive Director of the Department of
Human Services; AND BILLY MANGOLD, as Director of the
Division of Family and Children's Services,

                                          Defendants.

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Plaintiffs serve the following

requests upon Defendants and request that responses be served upon Plaintiffs' counsel, Bradley

Arant Boult Cummings, LLP, 188 East Capital Street, Suite 400, Jackson, MS 39201, within 30

days of the time of service.  Plaintiffs reserve the right to serve additional or supplemental

document requests.

This request is to be interpreted and answered in accordance with the Definitions and

Instructions below.

1

## Definitions

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.      The term "including" means including without limitation.

5.      The use of the singular form of any word includes the plural and vice versa.

6.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(l)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7.      The term "identify," unless otherwise indicated by the context, means (1) in connection with a document, to furnish a brief description of the nature and content of the document, its title or identifying symbol, its date, and the name and address of the person(s) originating it, the name and address of the person(s), if any, to whom it was directed, the location of the document, and its present custodian; (2) in connection with things, to furnish a complete description of the thing, including its common designation, composition, physical and other distinguishing characteristics; (3) in connection with persons, to furnish the person's name and contact information, if known, of any natural person, living or dead; or the name and contact

information for any corporation, company, partnership, association, proprietorship, organization, governmental unit, group, or other entity.

8.    The term "person" means any natural person (living or dead), corporation, company, partnership, association, proprietorship, organization, governmental unit, group, or other entity.

9.    The term "communication" means any and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, emails, text messages, social media posts, letters, correspondence, notes or any other form of oral or written communication.

10.    The term "statement" means any document or oral communication that contains or reflects a report of facts, opinions, declarations, remarks, or a summary of any of those.

11.    The terms "plaintiffs" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

12.    The "Department" means the Mississippi Department of Child Protective Services, or for periods covered by these interrogatories and requests for production, its predecessor, the Mississippi Department of Human Services, as applicable.

13.    The term "Plaintiffs' Motion for Relief" means Plaintiffs' Motion for Relief Pursuant to Remedy Phase of Plaintiffs' Renewed Motion for Contempt, for an Evidentiary Hearing, and for the Appointment of a Receiver, and accompanying Memorandum of Law in support thereof [Dkt. Nos. 739 and 740].

14.    The term "Defendants' 60(b) Motion" means Defendant's Motion for Relief Under Section 11.2.A. of the 2nd Modified Settlement Agreement and Reform Plan and Rule

60(b) of the Federal Rules of Civil Procedure, and accompanying Memorandum of Law in support thereof [Dkt. Nos. 756 and 757].

## Instructions

1.    The use of any definition for the purposes of this document request shall not be deemed to constitute an agreement or acknowledgment on the part of the Plaintiffs that such definition is accurate, meaningful or appropriate for any other purposes in this litigation.

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories and requests for production are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information or determine that an answer you provided was false, incomplete, or misleading, Plaintiffs direct that you serve supplemental or amended answers as soon as reasonably possible after acquiring such additional knowledge or information.

3.    If you refuse to respond to any of these interrogatories or requests for production based on a claim that it is excluded from discovery or is privileged, pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a "Privilege Log" setting forth, with specificity, a statement of the basis for the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or electronically stored information (ESI) supporting the privileged information, including the dates, authors, recipients, title, and subject matter, and present location of any documents or ESI involved.  In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

4.    These Requests call for the production of responsive documents in your possession, custody or control, including documents in the possession, custody or control of any

of your respective employees, agents, attorneys or other persons acting or purporting to act on your behalf.

5.    If a responsive document was once, but is no longer, in your possession, custody or control, state its date, author(s), recipient(s), subject matter, when the document was most recently in your possession, custody or control, and the person, organization, or entity presently in possession, custody or control of such document. If a responsive document has been destroyed, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed and the reason for its destruction.

6.    Each requested document shall be produced in its entirety.  If a document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. If any portion of a document is responsive to any Request, the entire document shall be produced.

7.    Each responsive document shall be produced as it is kept in the usual course of business, including but not limited to, in its original file folder with all markings intact, or organized and labeled to correspond to these Requests. Responsive documents are to be clearly designated so as to reflect their owner and/or custodian and the source and/or location from where they were produced.

8.    If you object to any Request, state with specificity the grounds for such objection and the Request or Requests to which each objection applies. Any request to which an objection is made shall be responded to insofar as it is deemed not objectionable.

9.    If you believe that any Request, definition, or instruction is ambiguous in whole or in part you must nonetheless respond and (i) set forth the language deemed ambiguous, and (ii) describe the manner in which you construed the request in order to frame your response.

10.    If you respond to any Request based upon information and belief rather than upon your own knowledge, indicate that fact and specifically identify and describe the source(s) of

such information and belief. If you are unable to respond to any request in its entirety by either actual knowledge or information and belief, describe your efforts to obtain the knowledge necessary to respond.

11.    If there are no documents responsive to a Request, provide a written response so stating.

## INTERROGATORIES

Interrogatory No. 1:  Identify all persons who participated in gathering information or preparing the answers to these interrogatories, including: their full name, current residence, telephone number(s), current employer, and job title.

Interrogatory No. 2:    Identify each person whom you believe knows facts or possesses documents or other information that supports, rebuts, and/or concerns any of the issues raised by Plaintiffs' Motion for Relief or your defenses to that Motion, including whether you intend to call each such person as a witness at the hearing on Plaintiffs' Motion for Relief. For each person identified in response to this Interrogatory, please describe the knowledge that you believe he or she may have, and state how that knowledge is relevant to the issues presented by Plaintiffs' Motion for Relief and your defenses to that Motion.

Interrogatory No. 3:  Please identify each expert witness you have consulted or engaged to date relative to Plaintiffs' Motion for Relief, including his or her name, qualifications, the subject matter(s) on which he or she is expected to testify, the substance of the facts and opinions to which he or she is expected to testify, a summary of the grounds for each such opinion, and the conclusions and opinions of each such expert.

Interrogatory No. 4:    Please identify any statements made by you or any other person, or taken by you or your attorneys or anyone acting on your behalf, that concern, refer to, or have as any part of their subject matter any events relevant to Plaintiffs' Motion for Relief or your defenses to that Motion. As to each such statement, identify the person making it, the person

taking it, its contents, all persons in possession of it or a copy of it, all persons having knowledge of it, and the date on which it was made.

Interrogatory No. 5:    Identify each person whom you believe knows facts or possesses documents or other information that supports, rebuts, and/or concerns any of the issues raised by Defendants' 60(b) Motion, including whether you intend to call each such person as a witness at the hearing on that motion. For each person identified in response to this Interrogatory, please describe the knowledge that you believe he or she may have, and state how that knowledge is relevant to the issues presented by Defendants' 60(b) Motion.

Interrogatory No. 6:  Please identify each expert witness you have consulted or engaged to date relative to Defendants' 60(b) Motion, including his or her name, qualifications, the subject matter(s) on which he or she is expected to testify, the substance of the facts and opinions to which he or she is expected to testify, a summary of the grounds for each such opinion, and the conclusions and opinions of each such expert.

Interrogatory No. 7:    Please identify any statements made by you or any other person, or taken by you or your attorneys or anyone acting on your behalf, that concern, refer to, or have as any part of their subject matter any events relevant to Defendants' 60(b) Motion. As to each such statement, identify the person making it, the person taking it, its contents, all persons in possession of it or a copy of it, all persons having knowledge of it, and the date on which it was made.

Interrogatory No. 8:    For Fiscal Years 2016 through 2016, inclusive, please identify, separately for each Fiscal Year, all persons with knowledge of actual or potentially available funding for the Department (whether the source of that funding is the State of Mississippi, the

federal government, or any other source), including the amounts and sources of such funding and the uses to which such funding was or may be put.

Interrogatory No. 9:    To the extent that you claim a deficit in funding for the Department for any fiscal year, identify all persons with knowledge of the extent of that deficit and of all efforts made by the Department to secure additional funding from any source.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Document Request 1: Please produce a current curriculum vitae of any expert retained by you, any report offered in connection with Plaintiffs' Motion for Relief, and any materials used by the expert to render such report.

Document Request 2: Please produce a current curriculum vitae of any expert retained by you, any report offered in connection with Defendants' 60(b) Motion, and any materials used by the expert to render such report.

Document Request 3: Separately with respect to each expert witness, please produce any and all communications, data, and supporting documents for expert witnesses whom you have engaged or may engage to assist with your response to Plaintiffs' Motion for Relief, including, but not limited to, all documents and materials upon which each such expert relies or which he or she consulted in any manner in determining any facts and forming any opinions; and documents and materials upon which each such expert intends to rely in providing consultation or testimony at any trial or hearing related to the Motion.

Document Request 4: Separately with respect to each expert witness, please produce any and all communications, data, and supporting documents for expert witnesses whom you have engaged or may engage to assist with your response to Defendants' 60(b) Motion, including, but not limited to, all documents and materials upon which each such expert relies or which he or she consulted in any manner in determining any facts and forming any opinions; and documents

and materials upon which each such expert intends to rely in providing consultation or testimony at any trial or hearing related to the Motion.

Document Request 5: Please produce all documents that support your claim, in Defendants' 60(b) Motion, that the Mississippi Legislature underfunded the Department's FY 2019 budget request by $23 million (*see* Dkt No.757 at pg. 7 of 13), or otherwise underfunded the Department's budget in any fiscal year from 2016 to the present.

Document Request 6: For Fiscal Years 2016 through 2016, inclusive, please produce, separately for each Fiscal Year, documents that demonstrate or concern all actual or potentially available funding for the Department (whether the source of that funding is the State of Mississippi, the federal government, or any other source), including the amounts and sources of such funding and the uses to which such funding was or may be put.

Document Request 7: To the extent that you claim a deficit in funding for the Department in any fiscal year from 2016 to present, please produce all documents demonstrating or concerning the extent of that deficit, and all efforts made by the Department to secure additional funding from any source.

Document Request 8: Please produce all documents which you may introduce into evidence or on which you or any lay or expert witness testifying on your behalf may rely to support any claims or allegations concerning Defendants' 60(b) Motion, or to support any defenses to Plaintiffs' Motion for Relief.

Dated: July 11, 2018

*/s/ Marcia Robinson Lowry*
Marcia Robinson Lowry (*pro hac vice*)
Sara Robinson-Glasser (*pro hac vice*)
A Better Childhood, Inc.
1095 Hardscrabble Road
Chappaqua, NY 10514
Telephone (646) 808-7344
Facsimile: (914) 238-0365

Email: mlowry@abetterchildhood.org
       srglasser@abetterchildhood.org

W. Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
       mbentley@bradley.com

Christian Carbone (*pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Email: ccarbone@loeb.com

*Plaintiffs' Counsel*

CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing document via email on:

Kenya Key Rachal
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC - Jackson
P. O. Box 14167
Jackson, MS  39236-4167
Email: krachal@bakerdonelson.com

this 11th day of July, 2018.

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (*pro hac vice*)