# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

OLIVIA Y., by and through her next friend, James D. Johnson;
JAMISON J., by and through his next friend, Clara Lewis;
DESIREE, RENEE, TYSON, and MONIQUE P., by and through
their next friend, Sylvia Forster; JOHN A., by and through his next
friend, James D. Johnson; CODY B., by and through his next
friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W.,
by and through their next friend, Zelatra W.; AND SAM H., by and
through his next friend, Yvette Bullock; on their own behalf and
behalf of all others similarly situated,

            Plaintiffs.

v.                CIVIL ACTION NO.
                 3:04-CV-251-TSL-FKB

PHIL BRYANT, as Governor of the State of Mississippi;
DONALD TAYLOR, as Executive Director of the Department of
Human Services; AND BILLY MANGOLD, as Director of the
Division of Family and Children's Services,

            Defendants.

---

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR SCHEDULING CONFERENCE AND FOR AMENDED CASE MANAGEMENT ORDER PERMITTING LIMITED DISCOVERY; AND RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED DISCOVERY

   Plaintiffs have demonstrated substantial good cause for the Court to defer ruling on

Defendant's Federal Rule of Civil Procedure 60(b) motion ("Defendants' 60(b) Motion"), and to

enter a new scheduling order that will first permit the limited discovery that Plaintiffs seek.

Nearly the entirety of Defendants' Response to Plaintiffs' Motion for Scheduling Conference

and for Amended Case Management Order Permitting Limiting Discovery ("Defendants'

Response") [Dkt. No. 771] is a mere rehash of Defendants' arguments supporting its 60(b) Motion.

Defendants' opposition to producing discovery responsive to the requests of Plaintiffs hinges upon Defendants' blanket assertion that it lacked legislative funding to comply with a key provision of the operative settlement agreement, and that discovery is not necessary to rebut this assertion. In other words, Defendants request that Plaintiffs and this Court accept their version of the facts without question and without any proof whatsoever that Defendants actually requested adequate and timely funding to meet the caseload requirements of the Stipulated Third Remedial Order ("STRO") [Dkt. No. 713] at 5.d, or that the self-designated "fiscal crisis" described by Defendants, including the governor of Mississippi, is an unforeseen "mitigating circumstance" sufficient to justify failure to comply with Defendants' absolute obligations under the 2nd Modified Settlement Agreement and Reform Plan ("2nd MSA") [Dkt. No. 712].

## I.     Plaintiffs' Discovery Requests Are Sufficiently Particularized

Defendants' 60(b) Motion is anchored on the extraordinary premise that the Mississippi Department of Child Protection Services ("MDCPS") cannot achieve the 90% caseload metric unless and until it receives adequate funding from the Mississippi Legislature. Accordingly, Defendants seek to modify the operative settlement agreement, the 2nd MSA, based solely upon Defendants' blanket assertion that the Mississippi Legislature failed to provide the *requested* funding. As pointed out in Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for "Relief" Under the 2nd Modified Settlement Agreement and Reform Plan and Fed. R. Civ. P. 60(b) [Dkt. No. 772] at p. 13, Defendants have *never* adequately funded child welfare services or this court-ordered Settlement Agreement. Nevertheless, Defendants are obligated to

comply with its terms. As the 2nd MSA states, "Nothing in this paragraph in any way limits Defendants' obligations under this 2nd MSA."

In direct response to this position, and Defendants' resistance to Plaintiffs' request for further information through discovery, Plaintiffs seek only *limited* discovery from Defendants, as well as depositions of key individuals, which are necessary to evaluate the adequacy of Defendants' efforts to request and commit adequate funds towards implementation of the agreed-upon reform measures. However, even if Defendants had adequately requested funding and been denied that funding by the legislature, Defendants are still obligated to comply with the terms of the agreement they entered in 2008.

Moreover, Defendants' Response [Dkt. No. 771] at pg. 1, cites to the 2nd MSA which states that Defendants shall "*request* state funds and any federal/special fund authorization sufficient to effect the provisions and outcome measures set forth in this 2nd MSA." And yet, rather than acknowledge the sensibility of Plaintiffs' limited and narrowly-tailored request for information about Defendants' efforts to secure adequate funding, Defendants seek to put the proverbial cart before the horse, ostensibly requesting a ruling on Defendants' 60(b) Motion before expedited discovery can take place. That issue is important to resolve so the Court can be aware of the scope of Defendants' efforts, and the appropriate scope of the relief to be ordered. *See* Dkt. No. 712, 2nd MSA at 1.

## II. Plaintiffs' Discovery Is Not Overly Broad, Burdensome, or Irrelevant

Specifically, Defendants object to the requested discovery as being "overly broad, unduly burdensome, and seeks discovery of irrelevant facts and documents for a four year period beginning on July 1, 2015 (Fiscal Year 2016) and continuing to the present (Fiscal Year 2019)."

*See* Defendants' Response at 5 – 6.  Defendants further assert that this discovery period predates the 2nd MSA and the STRO by several years.  *See* Defendants' Response at 5 – 6.

First, Defendants *agreed to the caseload requirements in December 2016*.  As set forth in the 2nd MSA, Defendants agreed that by December 31, 2017, they would be in full compliance with the caseload target levels established by Public Catalyst.  Accordingly, Defendants' failure to comply with the 90% caseload requirement for calendar year *2017* could not have been caused by the Legislature's failure to provide sufficient funds for FY 2019, *i.e.,* July 1, 2018 to June 30, 2019.  It logically follows that evidence of Defendants' efforts, or lack thereof, to obtain appropriate funding *prior to* the 2018 to 2019 fiscal year is particularly relevant in assessing the validity of Defendants' claim that a lack of funding caused the instant controversy.  The requested discovery period appropriately covers the time period in which Defendants first agreed to the caseload requirements—commencing in Fiscal Year 2016 to the present day funding cuts.

Second, as compared to other measures set forth in the 2nd MSA, the caseload requirements are critical to the proper functioning of *all* aspects of Mississippi's child welfare system.  In Plaintiffs' 2018 Contempt Motion and Reply in support thereof, Plaintiffs provide examples of the ways in which Mississippi's high caseloads impact other pertinent reform efforts, including: caseworker retention, quality of care, the adequacy of medical care, and the maltreatment rate of children within the custody of MDCPS.  Defendants bear the burden of showing that they are entitled to relief from this *key* term of the consent decree. (See *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992) (party seeking modification of consent decree under Rule 60 must "establish[] that a significant change in circumstances warrants revision of the decree").  The limited discovery requests, and the evidence Plaintiffs expect it to yield, will aid the Court in evaluating Defendants' 60(b) Motion.

Plaintiffs therefore move the Court for a scheduling conference,[1] and for a new case management order at the Court's earliest convenience (1) permitting the discovery set out in Exhibit A, together with the depositions of witnesses identified in that discovery, (2) governing the timing of that discovery, and (3) holding the Rule 60(b) Motion in abeyance until that discovery is completed.

Dated: August 10, 2018

              */s/ Marcia Robinson Lowry*
              Marcia Robinson Lowry (*pro hac vice*)
              Sara Robinson-Glasser (*pro hac vice*)
              A Better Childhood, Inc.
              1095 Hardscrabble Road
              Chappaqua, NY  10514
              Telephone (646) 808-7344
              Facsimile: (914) 238-0365
              Email: mlowry@abetterchildhood.org
                 srglasser@abetterchildhood.org

              W. Wayne Drinkwater, Jr. (MBN 6193)
              Michael J. Bentley (MBN 102631)
              BRADLEY ARANT BOULT CUMMINGS LLP
              One Jackson Place, Suite 400
              Jackson, Mississippi 39201
              Telephone: (601) 948-8000
              Facsimile: (601) 948-3000
              Email: wdrinkwater@bradley.com
                 mbentley@bradley.com

              Christian Carbone (*pro hac vice*)
              LOEB & LOEB LLP
              345 Park Avenue
              New York, New York 10154
              Telephone: (212) 407-4000
              Email: ccarbone@loeb.com
               *Plaintiffs' Counsel*

---

[1] Defendants' Response concedes the necessity of a Scheduling Conference in arguing that a Scheduling Conference should be convened to establish an expedited hearing plan for the Rule 60(b) Motion, to determine the precise parameters of permitted written discovery and depositions, and in light of Plaintiffs' request for appointment of a receiver.  *See* Defendants' Response at 7.

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

                                         */s/ Marcia Robinson Lowry*
                                         Marcia Robinson Lowry (*pro hac vice*)