AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| OLIVIA Y., by and through her next friend, James D. Johnson et al <br> *Plaintiff* <br> v. <br> PHIL BRYANT, as Governor of the State of Mississippi, et al <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 3:04-CV-251-TSL-FKB <br> ) <br> ) <br> ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   CINDY GREER, 3198 Alford Road, Crystal Springs, MS, 39059-9580

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Bradley Arant Boult Cummings, LLP, 188 East Capitol Street, Suite 400, Jackson, Mississippi, 39201 | Date and Time: November 28, 2018 at 4:00 PM |
|---|---|

The deposition will be recorded by this method:  Court reporter duly authorized to administer oaths.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Documents within your possession, custody, or control concerning: 1. Budget requests submitted by Mississippi Department of Child Protection Services to the Mississippi Legislature for SFY 2019; 2) the SFY 2018 deficit; 3) the SFY 2019 deficit; or 4) Efforts to secure additional funding for SFY 2019.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/29/2018

CLERK OF COURT

OR

s/ Marcia Robinson Lowry

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

355 Lexington Avenue, Floor, New York, NY 10011, (646) 808-7344, mlowry@abetterchildhood.org

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

Name of Person or Entity Served __Cindy Greer__

Location of Service __3198 Alford Rd Crystal Springs, MS 39059__

I, the undersigned process server, served the summons / summons and complaint / writ of garnishment / subpoena duces tecum upon the person or entity named above in the manner set forth below (process server must check the proper space and provide all additional information that is requested and pertinent to the mode of service used):

(X) **PERSONAL SERVICE.** I personally delivered copies to __Cindy Greer__ on the __3rd__ day of __November__ 2018, where I found said person in __Copiah__ County of the State of Mississippi. (Agent of Process: _____)

( ) **RESIDENTIAL SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County of the State of Mississippi. I served the Summons and Complaint on the _____ day of _____ 2018, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint, and thereafter, on the _____ day of _____ 2018, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( ) I WAS UNABLE TO SERVE THE SUMMONS AND COMPLAINT.

**Signature of Person Receiving Process:** /s/ _Cindy Greer_
(Personal / Residence)

**Process Server Information:** At the time of service, I was at least 18 years of age and not a party to this action.

Name and Address: **Chad Callender (TCS Risk Management Group) P.O Box 601 Brandon, MS 39043**
Telephone: **(601) 919-7576**

STATE OF MISSISSIPPI
COUNTY OF <u>RANKIN</u>:

PERSONALL APPEARED BEFORE ME THE UNDERSIGNED AUTHORITY in and for the state and county aforesaid, the within named **Chad Callender** who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_____
Process Server (Signature)

SWORN TO AND SUBSCRIBED before me, this the __5th__ day of __November__, 2018.

_____
NOTARY PUBLIC

[Notary Seal: BRYNNE NICOLLE ARENDALE, NOTARY PUBLIC, ID No. 107155, Commission Expires Mar 11, 2022, STATE OF MISSISSIPPI, RANKIN COUNTY]

__3/11/22__
**MY COMMISION EXPIRES**

1032 - 11/3/18 - served + gave check to Ms Greer.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:04-CV-251-TSL-FKB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* __Cindy Greer__
on *(date)* __November 2nd, 2018__

☒ I served the subpoena by delivering a copy to the named individual as follows: __to Cindy Greer at her residence located at 3198 Alford Rd Crystal Springs, MS 39059 - served at 1032hrs__ on *(date)* __11/3/18__ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ __60.00__   for travel and $ __N/A__   for services, for a total of $ __60.00__ .

I declare under penalty of perjury that this information is true.

Date: __11/3/18__

_____
Server's signature

__Chad Callender__
Printed name and title

__924 Cato Rd Mendenhall, MS 39114__
Server's address

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).