IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., by and through her next friend, James D. Johnson; JAMISON J., by and through his next friend, Clara Lewis; DESIREE, RENEE, TYSON, and MONIQUE P., by and through their next friend, Sylvia Forster; JOHN A., by and through his next friend, James D. Johnson; CODY B., by and through his next friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W., by and through their next friend, Zelatra W.; AND SAM H., by and through his next friend, Yvette Bullock; on their own behalf and behalf of all others similarly situated,

Plaintiffs,

v.

PHIL BRYANT, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; AND BILLY MANGOLD, as Director of the Division of Family and Children's Services,

Defendants.

CIVIL ACTION NO.
3:04-cv-251-TSL-FKB

**PLAINTIFFS' RESPONSE TO DEFENDANTS' RESPONSE TO PLAINITFFS' MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs respond to Defendants' Response to Plaintiffs' Motion for Entry of Judgment as follows:[1]

1.  Defendants agreed to pay Plainitffs' attorneys fees and expenses of $123,810, as memorialized in Plaintiffs' Unopposed Motion for Attorneys Fees and Expenses (hereinafter "Unopposed Motion") and Ordered by the Court on October 1, 2018 (hereinafter "October Order"). (*See* Defs. Resp. ¶ 2.)

---

[1] Due to the nature of this pleading, Plaintiffs similarly request relief from the requirement of filing a memorandum brief in support of Plaintiffs' response.

2.  But, after nearly four months, Defendants have failed to pay Plaintiffs. Rather, Defendants contend the Mississippi Office of the Attorney General is seeking payment by requesting a deficit appropriation through the current legislative session, which opened in January 2019. (*See* Defs. Resp. ¶ 2.)

3.  Plaintiffs never agreed to payments being contingent on legislative appropriations, and, in fact, explicitly opposed such an arrangement. (*See* Plaintiffs' Aff. in Supp. ¶ 10.)

4.  Notably, neither the Unopposed Motion, which included language agreed to by Counsel for Defendants, nor the October Order include any mention of reliance upon a legislative appropriation. Defendants had the opportunity to review the Unopposed Motion as well as the October Order and made no objection to the language contained therein.

5.  Moreover, it is irrelevant that Defendants historically paid Plaintiffs' attorneys fees through deficit appropriations. (*See* Defs. Resp. ¶ 4.) Until November 30, 2017, Defendants paid Plaintiffs' attorneys fees and expenses annually. However, pursuant to the October Order, and as reflected in the Unopposed Motion, the schedule shifted to biannual payments. The source of the fees payment is not at issue here. Plaintiffs do not, and could not, seek the payment from a specific state revenue source, but there is nothing in case law or the previous practice bween the parties which allows Defendants to hold the fees payment hostage to a specific funding mechanism.

6.  Lastly, it is well established that in civil rights cases, such as the case at hand, federal law supersedes state law, thus trumping a state's anti-seizure provision. *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005) (recognizing "that in a civil rights action . . . there is a federal interest in the remedy sufficient to trump a state's anti-seizure provision"); *see also Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980) ("Congress has declared that states and their officials who violate federal civil rights laws must reimburse the successful plaintiff for costs incurred seeking redress. To strike down the order . . . because it conflcits with the laws of Mississippi would be no different than reversing a bare judgment for attorneys' fees. . . . Such a result would be contrary to the command of the Supremacy Clause of the United States Constitution."). As such, Defendants' argument that Mississippi law requires judgments and decrees against the state be paid by an appropriation fails. (*See* Defs. Resp. ¶ 5.)

7.     For the foregoing reasons, Plainitffs respectfully request the Court grant Plainitffs' Motion for Entry of Judgment.

Dated: January 24, 2019

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (pro hac vice)
Sara Robinson-Glasser (pro hac vice)
A Better Childhood, Inc.
1095 Hardscrabble Road
Chappaqua, NY 10514
Telephone (646) 808-7344
Facsimile: (914) 238-0365
Email: mlowry@abetterchildhood.org
           srglasser@abetterchildhood.org

Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
           mbentley@bradley.com

PLAINTIFFS' COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will deliver copies to all counsel of record

*s/ Marcia Robinson Lowry*
Marcia Robinson Lowry (*pro hac vice*)