**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

OLIVIA Y., by and through her next friend, James D. Johnson; JAMISON J., by and through his next friend, Clara Lewis; DESIREE, RENEE, TYSON, and MONIQUE P., by and through their next friend, Sylvia Forster; JOHN A., by and through his next friend, James D. Johnson; CODY B., by and through his next friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W., by and through their next friend, Zelatra W.; AND SAM H., by and through his next friend, Yvette Bullock; on their own behalf and behalf of all others similarly situated,

                Plaintiffs,

  v.

PHIL BRYANT, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; AND BILLY MANGOLD, as Director of the Division of Family and Children's Services,

                Defendants.

CIVIL ACTION NO.
3:04-CV-251-TSL-FKB

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

## I. INTRODUCTION

Counsel for Plaintiff children seek an order from this Court approving the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the amount of **$220,352.33** for the monitoring and enforcement of the Second Modified Mississippi Settlement Agreement and Reform Plan ("2ndMSA", Dkt. No. 712), from July 1, 2018, through and including December 31, 2018 and ordering Defendants to remit payment to Plaintiffs within thirty (30) days of entry of the requested order.

Following settlement negotiations, the parties have agreed upon the amount of fees and expenses to which Plaintiffs' are entitled. However, the parties cannot reach agreement regarding the timely payment of this amount and seek court intervention. Plaintiffs respectfully submit this Memorandum of Law in support of their motion for payment of attorneys' fees and expenses in a timely manner.

## II. FACTS

On February 1, 2019, Plaintiffs submitted an invoice to Defendants for attorneys' fees and expenses for monitoring and enforcement work performed by Plaintiffs' counsel during the period of July 1, 2018 through and including December 31, 2018.

Plaintiffs' position with regard to the timely payment of their attorneys' fees and expenses is laid out, in part, in their January 2019 Motion for Entry of Judgment [Dkt. No. 838], the Affidavit of Marcia Robinson Lowry in Support of Motion for Entry of Judgment [Dkt. No. 838-1] and subsequent Reply to Defendants' Response to Plaintiffs' Motion for Entry of Judgment [Dkt. No. 841]. The aforementioned documents are incorporated here as if fully set forth herein. Defendants' position is that they cannot pay these fees unless and until the legislature appropriates funds to do so. The legislature will not reconvene until January 7, 2020,

and may remain in session until late May 2020. (*See* Plaintiffs' Decl. in Support, ¶¶ 6-7, attached to Plaintiffs' Motion as **Exhibit 1**).

### A. The Parties Have Agreed Upon the Amount Due to Plaintiffs.

Following settlement negotiations, the parties reached an agreement as to the amount owed to Plaintiffs for attorneys' fees and expenses during the aforementioned period. Defendants will pay Plaintiffs **$220,352.33**.

### B. The Parties Have Failed to Reach an Agreement Regarding the Timely Payment of Plaintiffs' Attorneys' Fees and Expenses.

Despite reaching an agreement as to the amount, the parties are unable to agree upon a reasonable timeframe for payment of the agreed-upon amount. Plaintiffs request timely payment of the agreed-to attorneys' fees and expenses, within thirty (30) days of entry of the requested fee order.

## III. ARGUMENT

### A. Plaintiffs Explicitly Objected to Payments Being Contingent Upon Legislative Appropriation.

Plaintiffs have never agreed to the payment of attorneys' fees and expenses being contingent upon legislative appropriations. (*See* Dkt. No. 838-1, ¶10.) Plaintiffs have, in fact, continuously and explicitly opposed such an arrangement. (*Id*.) Further, the fact that Defendants may have historically paid Plaintiffs' attorneys' fees and expenses through appropriations is irrelevant. (*See* Dkt. No. 838-1, ¶ 4).

Defendants have previously paid Plaintiffs' attorneys' fees and expenses annually, but this billing schedule shifted to biannual payments over a year ago, as reflected in both Plaintiffs'

October 2018 Unopposed Motion for Attorneys' Fees and Expenses and the Order entered by the Court on October 1, 2018. (*See* Dkt. No. 838-1, ¶11).

Further, if Defendants are permitted to remit payment in accordance with Mississippi's legislative schedule, Plaintiffs will be forced to wait more than one year to receive payment for their monitoring and enforcement work. (*See* Ex. 1, ¶ 8).

### B. It Is Well Established That Federal Law Supersedes State Law in Civil Rights Cases.

Plaintiffs have requested timely payment of the attorneys' fees and expenses to which they are entitled pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. Defendants contend, however, that payment of Plaintiffs' attorneys' fees and expenses is contingent upon legislative appropriation. (*See* Dkt. No. 838-1, ¶ 5). This contention has no basis in the law.

In civil rights cases, such as the *Olivia Y.* case, it is well established that federal law supersedes state law, thus trumping a state's anti-seizure provision. *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005)(recognizing "that in a civil rights action … there is a federal interest in the remedy sufficient to trump a state's anti-seizure provision"); *see also Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980) ("Congress has declared that states and their officials who violate federal civil rights laws must reimburse the successful plaintiff for costs incurred seeking redress.").

Defendants' contention that they are prohibited, under Mississippi law, from paying any judgment against the state except through legislative appropriation, is plainly without merit. (*See* Dkt. No. 838-1, ¶ 5). If binding federal court orders were conditioned upon the whims of the Mississippi state legislature, the judgments would be rendered ultimately irrelevant. The Fifth

4

Circuit has explicitly rejected such an outcome. *See Gates*, 616 F.2d at 1272 ("To strike down the order … because it conflicts with the laws of Mississippi … would be allowing the state, by legislative action, to recloak itself with the Eleventh Amendment immunity which Congress has chosen to remove. Such a result would be contrary to the command of the Supremacy Clause of the United States Constitution.").

It is well established that Mississippi's anti-seizure provision, Section 11-45-5 of the Mississippi Code Annotated, is superseded by federal law, 42 U.S.C. § 1988. Therefore, this Court may order Defendants to remit payment in a timely manner, without regard for Mississippi's legislative schedule.

### IV.  CONCLUSION

Under the caselaw, it is clear that federal law supersedes state law in civil rights cases which are based on violations of constitutional rights, such as *Olivia Y*. As such, Defendants' argument that Mississippi law requires legislative appropriation to pay judgements against the state fails. There is nothing in caselaw, or historical practice between the parties, which allows Defendants to hold the fees payment hostage to a specific, infrequent and uncertain funding mechanism.

Accordingly, Plaintiffs respectfully request that the Court approve the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the agreed-upon amount of **$220,352.33** and order Defendants to remit payment within thirty (30) days of entry of the Fees Order.

RESPECTFULLY SUBMITTED, this 29 day of May 2019.

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (pro hac vice)
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, New York 10017
Telephone (646) 808-7344
Email: mlowry@abetterchildhood.org

Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
mbentley@bradley.com

CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

/s/ *Marcia Robinson Lowry*
Marcia Robinson Lowry (*pro hac vice*)