IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y, et al                                                               PLAINTIFFS

vs                                                                      CIVIL ACTION NO. 3:04cv251 TSL-FKB

PHIL BRYANT, as Governor of
the State of Mississippi, et al.                                         DEFENDANTS

---

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PAYMENT OF PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES

---

Defendants respond to Plaintiffs' *Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses* ("Plaintiffs' Motion"), as follows: [1]

1.    Through their motion [Dkt. No. 843], Plaintiffs have moved this Court for entry of an order approving the parties' agreement of $220,352.33 for payment of Plaintiffs' attorneys' fees and expenses that cover the time period July 1, 2018 through and including December 31, 2018. Although Plaintiffs' Motion does not request that this agreed amount be paid within 30 days, Plaintiffs' brief and Marcia Lowry's affidavit do.

2.    As noted in Plaintiffs' memorandum, Defendants have agreed to the amount of the fees but object to Plaintiffs' request for an order that Plaintiffs be paid within 30 days of an order for payment of attorneys' fees. As Plaintiffs are aware, over the entire history of the *Olivia Y* case, Plaintiffs' initial invoices submitted to Defendants have always been reviewed by the State

---

[1] Due to the nature of this pleading, Defendants request relief from the requirement of filing a memorandum brief in support of Defendants' response.

and negotiated with Plaintiffs. For each of those years, payment to Plaintiffs has been made through legislative deficit appropriations.

3. Plaintiffs' filings elude that submission of their invoice for attorneys' fees and expenses on February 1, 2019, was sufficient time for inclusion in the 2019 legislative session. This was not sufficient time to allow negotiations and inclusion in the session.

In hopes of including the payment in the deficit request for the 2019 legislative session, Defendants proactively requested that Plaintiffs submit their attorneys' fees and expenses for this bill during the month of December 2018. Plaintiffs' counsel responded that she would submit the bill at the beginning of January 2019. *See* December 12, 2018 and December 20, 2018 correspondence between K. Rachal and M. Lowry, attached as Exhibit "A". In keeping with deadlines, the Attorney General's Office submitted their original deficit request letter to the Legislative Appropriation Chairs on January 24, 2019. Plaintiffs did not send their invoice to Defendants until February 1, 2019 (*See* Declaration of Marcia Robinson Lowry, Exhibit 1 of Plaintiffs' Motion, Paragraph 3, [Dkt. No. 843-1]), making it too late for inclusion in the deficit request submission.

4. It is also important to note that the State could not have simply paid Plaintiffs' February 1, 2019 invoice as there were major billing issues in dispute between the parties. Plaintiffs billed the state for multiple attorneys who were not counsel of record in *Olivia Y*, billed attorneys at significantly higher rates, and there were other issues of concern such as duplicative charges and charges for travel from Mississippi to Oregon, another state Plaintiffs' counsel has sued.[2] The parties negotiated extensively from February through May 2019. Both parties made significant compromises and on May 16, 2019, they settled on the amount of $220,352.33. This

---

[2] Plaintiffs' counsel, A Better Childhood ("ABC"), is an entity located on Lexington Avenue in New York City and is plaintiffs' counsel in foster care litigation in at least 8 states.

2

settlement occurred more than a month after the 2019 Legislative session ended. *See* 2019 Legislative Calendar, attached as Exhibit "B".

5.   Plaintiffs are aware that Defendants will be seeking to pay Plaintiffs' counsel through appropriation in the next legislative session. Throughout the entire history of *Olivia Y* (over a decade of payments), Plaintiffs' attorneys' fees and expenses have been paid through deficit appropriations requested by the Attorney General's office, as exhibited by the legislation appropriating the funds over the course of *Olivia Y*. *See* Legislative Appropriation Bills 2008-2019, attached as Exhibit "C". The payment to opposing counsel in other similar cases, has likewise been paid through legislative deficit appropriations.

6.   The Defendants' position on paying Plaintiffs' attorney fees and expenses through legislative appropriation is in accordance with Mississippi law, which states that a "judgment or decree against the State shall not be satisfied except by an appropriation therefor by the legislature, and an execution shall not be issued against the State." *See* MISS. CODE ANN., Section 11-45-5.

7.   The cases cited by Plaintiffs reinforce that Plaintiffs' counsel in similar class action litigation is entitled to an award of attorneys' fees however the cases clearly do not support that counsel must be paid within 30 days. The disposition of the governmental entities in these cases is also in stark contrast to the State in the instant case. The Court in *Freeman Decorating*, stated that the court has "only found a sufficient federal interest in the remedy when the governmental entity's behavior indicates an obstinance in ever satisfying the judgment." *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, No. 352 Fed. Appx. 921, 925 (5th Cir. 2009). The second case cited by Plaintiffs involved Defendants who "made it abundantly clear that they intend to resist the judgment until the bitter end." See *Gates v. Collier*, 616 F.2d.

4846-1720-1817v1
2902819-000001 06/12/2019

1268, 1272 (5th Cir. 1980). In contrast, in the present case, the State has agreed to a settlement of attorneys' fees and expenses with Plaintiffs and is planning to seek payment through a legislative appropriation as required under Mississippi law.

8. Plaintiffs should be paid in accordance with state law and consistent with how they have been paid over the course of this litigation; through a legislative deficit appropriation. Defendants request the Court deny Plaintiffs' Motion as to their request for payment within 30 days.

RESPECTFULLY SUBMITTED, this the 12th day of June 2019.

> PHIL BRYANT, as Governor of the State of Mississippi; JESS H. DICKINSON, as Commissioner, Mississippi Department of Child Protection Services; and TRACY MALONE, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services
>
> By: *Kenya Key Rachal*

OF COUNSEL:

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Kenya Key Rachal (MSB #99227)
James L. Jones (MSB #3214)
One Eastover Center - 100 Vision Drive, Suite 400
Jackson, MS  39211
Telephone:  (601) 351-2400
Facsimile:   (601) 351-2424

Harold E. Pizzetta, III
Special Assistant Attorney General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
P. O. Box 220
Jackson, MS  39205

4846-1720-1817v1
2902819-000001 06/12/2019