# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

OLIVIA Y., et al.,

                        Plaintiffs,

    v.                                                CIVIL ACTION NO.
                                                        3:04-CV-251-TSL-FKB
PHIL BRYANT, as Governor of the
State of Mississippi, et al.,

                        Defendants.

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
## MOTION FOR ATTORNEYS' FEES AND EXPENSES

Plaintiffs reply to Defendants' Response and Objection to Plaintiffs' Motion for Attorneys' Fees and Expenses as follows:[1]

1. The Parties have agreed that Defendants shall pay Plaintiffs **$103,274.18** for monitoring and enforcement of the Second Modified Mississippi Settlement Agreement and Reform Plan from January 1, 2019 through June 30, 2019, as laid out in Plaintiffs' Motion for Payment of Attorneys' Fees and Expenses [Dkt. 870] and Defendants' Response and Objection to Plaintiffs' Motion for Attorneys' Fees and Expenses ("Defendants' Objection") [Dkt. 872].

2. The parties cannot reach agreement regarding the timely payment of this amount.

3. Plaintiffs have not agreed to the payment of attorneys' fees and expenses being contingent upon legislative appropriation. See Dkt. 838-1, ¶10. In fact, Plaintiffs have continuously and explicitly opposed such an arrangement in both the fee negotiations and in court documents. See Dkt. 838-1, ¶10; Dkt. 838 (January 2019 Motion for Entry of Judgment); Dkt. 843 (May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses).

4. As demonstrated above, Defendants were aware of Plaintiffs' belief that payment should be made timely, and not contingent upon legislative appropriation, when the parties agreed to the amount to be paid.

5. Defendants argue that because fees have historically been paid by legislative appropriation, that pattern must control. But the fact that Defendants may have historically paid Plaintiffs' attorneys' fees and expenses through appropriations is irrelevant.

6. Further, and as Defendants are well aware, the billing schedule shifted to biannual payments in 2018. See Dkt. 838-1, ¶11.

---

[1] Due to the nature of this pleading, Plaintiffs similarly request relief from the requirement of filing a memorandum brief in support of Plaintiffs' reply.

7. The court documents cited in Defendants' Objection to suggest that Plaintiffs and the Court have recognized the use of deficit appropriations for attorneys' fees are immaterial, as they all predate the shift to biannual billing. *See* Dkt. 872, ¶ 6.

8. Defendants have recognized the shift to biannual payments, not subject to legislative appropriation, in subsequent filings. *See* Dkt. 810 (Unopposed Motion for Payment of Plaintiffs' Attorneys Fees and Expenses, language agreed to by Defendants' counsel, which does not make payment contingent upon legislative appropriation); Dkt. 811 (Order for Payment of Plaintiffs' Attorneys Fees and Expenses, which does not make payment contingent upon legislative appropriation).

9. Plaintiffs are entitled attorneys' fees and expenses pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. There is nothing in caselaw that allows Defendants to hold the fees payment hostage to a specific, infrequent and uncertain funding mechanism.

10. The legislature will not reconvene until January 7, 2020 and may remain in session until late May 2020. *See* Dkt. 879-1, ¶¶ 7-8. If payment of attorneys' fees is contingent upon legislative appropriation, Plaintiffs may be forced to wait more than one year to receive payment for work performed between July 1, 2018 – December 31, 2018 [Dkt. 843-1, ¶ 8] and more than ten months for work performed between January 1, 2019 – June 30, 2019 [Dkt. 870-1, ¶ 9].

11. The Fifth Circuit has explicitly rejected such an outcome. Indeed, it is well established that Mississippi's anti-seizure provision is superseded by federal law. *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005) (recognizing "that in a civil rights action … there is a federal interest in the remedy sufficient to

trump a state's anti-seizure provision"); *Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980) ("To strike down the order … because it conflicts with the laws of Mississippi … would be allowing the state, by legislative action, to recloak itself with the Eleventh Amendment immunity which Congress has chosen to remove. Such a result would be contrary to the command of the Supremacy Clause of the United States Constitution.").

Plaintiffs therefore respectfully move the Court to approve the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the agreed-upon amount of **$103,274.18** and order Defendants to remit payment within thirty (30) days of entry of the Fees Order.

RESPECTFULLY SUBMITTED, this 19th day of November 2019.

/s/ Michael J. Bentley
Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
      mbentley@bradley.com

Marcia Robinson Lowry (pro hac vice)
Anastasia Benedetto (pro hac vice)
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, New York 10017
Telephone (646) 808-7344
Email: mlowry@abetterchildhood.org
      abenedetto@abetterchildhood.org

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 19th, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

/s/ *Michael J. Bentley*