IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., by and through her next friend, James D. Johnson; JAMISON J., by and through his next friend, Clara Lewis; DESIREE, RENEE, TYSON, and MONIQUE P., by and through their next friend, Sylvia Forster; JOHN A., by and through his next friend, James D. Johnson; CODY B., by and through his next friend, Sharon Scott; MARY, TOM, MATTHEW, and DANA W., by and through their next friend, Zelatra W.; AND SAM H., by and through his next friend, Yvette Bullock; on their own behalf and behalf of all others similarly situated,

                Plaintiffs,

v.

PHIL BRYANT, as Governor of the State of Mississippi; DONALD TAYLOR, as Executive Director of the Department of Human Services; AND BILLY MANGOLD, as Director of the Division of Family and Children's Services,

                Defendants.

CIVIL ACTION NO.
3:04-CV-251-TSL-FKB

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT PENDING AMENDED MOTION FOR RELIEF PURSUANT TO REMEDY PHASE OF PLAINTIFFS' RENEWED MOTION FOR CONTEMPT, FOR AN EVIDENTIARY HEARING, AND FOR THE APPOINTMENT OF A RECEIVER[1]**

Defendants object to Plaintiffs' Motion for Leave to Supplement Pending Amended Motion For Contempt, For An Evidentiary Hearing, And For The Appointment Of A Receiver ("Motion for Leave to Supplement") [Dkt. 876] primarily because it is based solely on data from the first half of 2019. Defendants argue that Plaintiffs' Proposed Supplemental Memorandum Of Law ("Proposed Supplemental Memo") [Dkt. 876-2] should not be considered by this Court at

---

[1] Plaintiffs request relief from the obligation to file a Memorandum Brief in support of this reply under Uniform Local R. 7.

1

all because it is not "current". *See* Defendants' Response and Objection to Plaintiffs' Motion For Leave To Supplement Pending Amended Motion For Relief Pursuant to Remedy Phase Of Plaintiffs' Amended Motion For Contempt, For An Evidentiary Hearing, And For The Appointment Of A Receiver at 2 ("Defendants' Response and Objection") [Dkt. 878].

Plaintiffs' Amended Motion for Relief Pursuant to Remedy Phase Of Plaintiffs' Renewed Motion For Contempt, For An Evidentiary Hearing, And For The Appointment Of A Receiver ("Amended Contempt Motion") [Dkt. 849] was filed in July 2019 and is currently pending before the Court. The Amended Contempt Motion presented the Court with validated data for 2018. The Monitor recently provided the Court with validated data for the first half of 2019. Nonetheless, Defendants insist that the Court should disregard the available 2019 data; leaving the Court to either decide this motion based solely on data from 2018 or wait another six months for the remaining 2019 data to be validated.[2] Defendants' argument is unconvincing. Plaintiffs' Proposed Supplemental Memo must be considered because it presents this Court with the most recent, validated data available.

Defendants employ a familiar tactic – claiming that the available, validated data is not the most "current" and fails to account for the present state of affairs. But, due to the pace of litigation and the time-consuming nature of data validation in this case, it is impossible to have validated data in real time. Under Defendants' definition of "current" this Court would never be permitted to consider data *at all* because more "current" data will always exist. In addition to being disingenuous in the context of litigation, such a result would be absurd. Moreover, Defendants' perpetual plea for more time has tangible, human repercussions.

---

[2] Due to the time-consuming nature of the data validation performed by the Monitor in this case, the 2018 Monitoring Report was not available until June of 2019 – almost six months later. Assuming a similar timeline, the Monitor will not have validated data for 2019 until June 2020, approximately six months from now.

2

Indeed, Defendants argue that the Proposed Supplemental Memo should not be considered because it excludes data from three reports—two of which are not yet available, and one that has not been validated by the Monitor.[3] But, Plaintiffs have already made clear that their Proposed Supplemental Memo covers only the first two quarters of 2019. *See* Proposed Supplemental Memo at 1, 2-3. Plaintiffs also clearly state that data from Defendants' Third Quarterly Report was excluded from their Proposed Supplemental Memo precisely because it has not yet been validated by the Monitor. *Id.* at n. 4. Given Defendants' longstanding—and admitted—data accuracy issues, providing the Court with data from the second half of 2019 before it is validated by the Monitor would be counterproductive. The Monitor was unable to validate data provided by Defendants for 32 commitments during the first half of 2019.[4] *See* Progress of the Mississippi Department of Child Protection Services: Interim Monitoring Report for *Olivia Y., et al. v. Bryant, et al.* ("Interim Report") [Dkt. 875]. There is no reason the Court should be precluded from reviewing new, validated, and directly relevant information – especially given that more "current" information is either unavailable or has not yet been validated, and particularly in light of Defendants' history of providing inaccurate data.

Glaringly absent from Defendants' Response and Objection is any claim that things have drastically improved in the past six months, except for their assertion that the population of children in foster care has declined.[5] *See* Defendants' Response and Objection at n. 3. This decline is not necessarily indicative of improved outcomes. It could, for example, be the result of MDCPS' unwillingness to admit children into the foster care system (*see e.g.* Plaintiffs' Motion

---

[3] Defendants' 2019 Fourth Quarterly Report and the Monitor's 2019 Annual Report are not available. Defendants' 2019 Third Quarterly Report has not been validated by the Monitor. *See* Defendants' Response and Objection at 2-3.
[4] For another 19 commitments, Defendants failed to provide the Monitor with any data at all. *See* Interim Report.
[5] The size of Mississippi's foster care population is not one of the outcomes measured by the 2nd MSA because it does not necessarily indicate improved outcomes – a decline in the population of children in care could be either good or bad. As such, whether the foster care population has declined is irrelevant to Defendants' non-compliance with the 2nd MSA and Plaintiffs' Amended Contempt Motion.

3

for Amended Case Management Order Permitting Limited Discovery [Dkt. 865]), or Defendants' failure to provide necessary visitation and monitoring once children are discharged from the system (*see e.g.* Plaintiffs' Proposed Supplemental Memorandum, at 12).

Additionally, Defendants confuse the updated facts Plaintiffs are presenting to the Court at this juncture with the evidence Plaintiffs would present to the Court at an evidentiary hearing. The updated facts in Plaintiffs' Proposed Supplemental Memo are presented in support of their motion for an evidentiary hearing and highlight the urgency and necessity of such a hearing to correct Defendants' widespread failure to comply with the 2nd MSA. They are not, as Defendants suggest, submitted in place of the evidence that would be presented at a hearing.

Finally, Defendants' characterization of Plaintiffs' Motion to Supplement and request for the appointment of a receiver as "myopic" is ludicrous, as this lawsuit is well into its 12th-year post-settlement agreement and Defendants remain far from compliance. Rather, Plaintiffs' request for a receiver is grounded in more than a decade of non-compliance, as well as the dearth of evidence to suggest that Defendants are remotely close to bringing Mississippi's child welfare system into compliance with either the 2nd MSA, or the mandates of the United States Constitution.

Plaintiffs therefore respectfully move the Court for the entry of an Order granting Plaintiffs leave to supplement their pending Amended Renewed Motion. Plaintiffs also request that this Court grant such other and further relief as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED, this the 14th day of January 2020.

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (pro hac vice)
Anastasia Benedetto (pro hac vice)

A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, New York 10017
Telephone (646) 808-7344
Email: mlowry@abetterchildhood.org
      abenedetto@abetterchildhood.org

Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
      mbentley@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 14th, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

*/s/ Marcia Robinson Lowry*