IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., et al.,

                            Plaintiffs,

    v.                                             CIVIL ACTION NO.
                                                      3:04-CV-251-DCB-FKB
TATE REEVES, as Governor of the
State of Mississippi, et al.,

                            Defendants.

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

---

**I.     INTRODUCTION**

Counsel for Plaintiff Children seek an order from this Court approving the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the amount of **$100,548.13** for the monitoring and enforcement of the Second Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA") [Dkt. 712], from July 1, 2019 through December 31, 2019 and ordering Defendants to remit payment to Plaintiffs within thirty (30) days of entry of the requested order.

Following settlement negotiations, the parties have agreed upon the amount of fees and expenses to which Plaintiffs are entitled.  However, the parties cannot reach agreement regarding the timely payment of this amount. Plaintiffs respectfully submit this Memorandum of Law in support of their motion for payment of attorneys' fees and expenses in a timely manner.

**II.     FACTS**

On January 7, 2020, Plaintiffs submitted an invoice to Defendants for attorneys' fees and expenses for monitoring and enforcement work performed by Plaintiffs' counsel during the period of July 1, 2019 through and including December 31, 2019.

Plaintiffs' position with regard to the timely payment of their attorneys' fees and expenses is laid out, in part, in previous submissions to this Court.[1] The aforementioned documents are incorporated here as if fully set forth herein.  Defendants' position is that they cannot pay these fees unless and until the legislature appropriates funds to do so.  The legislature reconvened on January 7, 2020 and may remain in session until May 2020.  *See* Plaintiffs' Decl.

---

[1] *See* Plaintiffs' January 2019 Motion for Entry of Judgment [Dkt. 838], the Affidavit of Marcia Robinson Lowry in Support of Motion for Entry of Judgment [Dkt. 838-1] and subsequent Response to Defendants' Response to Plaintiffs' Motion for Entry of Judgment [Dkt. 841] and in Plaintiffs' May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 843], October 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 870]  and subsequent Reply In Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 874].

in Support, ¶¶ 8-9, attached hereto as **Exhibit 1**. To date, the Court has not entered an order and Defendants have not remitted payment on Plaintiffs' May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 843] for the period of July 1, 2018 through December 31, 2018 or on Plaintiffs' October 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 870] for the period of January 1, 2019 through June 30, 2019.[2]

### A. The Parties Have Agreed Upon the Amount Due to Plaintiffs.

Following settlement negotiations, the parties reached an agreement as to the amount owed to Plaintiffs for attorneys' fees and expenses during the aforementioned period. Defendants will pay Plaintiffs **$100,548.13**.

### B. The Parties Have Failed to Reach an Agreement Regarding the Timely Payment of Plaintiffs' Attorneys' Fees and Expenses.

Despite reaching an agreement as to the amount, the parties are unable to agree upon a reasonable timeframe for payment of the agreed-upon amount. Plaintiffs request timely payment of the agreed-to attorneys' fees and expenses, within thirty (30) days of entry of the requested fee order.

## III. ARGUMENT

### A. Plaintiffs Explicitly Objected to Payments Being Contingent Upon Legislative Appropriation.

Plaintiffs have never agreed to the payment of attorneys' fees and expenses being contingent upon legislative appropriations. *See* Dkt. 838-1, ¶10. Plaintiffs have, in fact, continuously and explicitly opposed such an arrangement. *Id*. Further, the fact that Defendants

---

[2] If Defendants are permitted to remit payment in accordance with Mississippi's legislative schedule, Plaintiffs will be forced to wait approximately 15 months (February 2019 – May 2020) and 10 months (July 2019 – May 2020) respectively from the time invoices were submitted to receive payment.

3

may have historically paid Plaintiffs' attorneys' fees and expenses through appropriations is irrelevant.  *See* Dkt. 838-1, ¶ 4.

Defendants have previously paid Plaintiffs' attorneys' fees and expenses annually, but this billing schedule shifted to biannual payments over a year ago, as reflected in both Plaintiffs' October 2018 Unopposed Motion for Attorneys' Fees and Expenses and the Order entered by the Court on October 1, 2018.  *See* Dkt. 838-1, ¶11.

Further, if Defendants are permitted to remit payment in accordance with Mississippi's legislative schedule, Plaintiffs will be forced to wait four months to receive payment for their monitoring and enforcement work.  *See* Ex. 1, ¶ 10.

### B. It Is Well Established That Federal Law Supersedes State Law in Civil Rights Cases.

Plaintiffs have requested timely payment of the attorneys' fees and expenses to which they are entitled pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988.  Defendants contend, however, that payment of Plaintiffs' attorneys' fees and expenses is contingent upon legislative appropriation.  *See* Dkt. 838-1, ¶ 5.  This contention has no basis in the law.

It is well established that in civil rights cases, such as the *Olivia Y.* case, federal law supersedes state law, such as a state's anti-seizure provision.  *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005) (recognizing "that in a civil rights action … there is a federal interest in the remedy sufficient to trump a state's anti-seizure provision"); *see also Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980) ("Congress has declared that states and their officials who violate federal civil rights laws must reimburse the successful plaintiff for costs incurred seeking redress.").

4

Defendants' contention that they are prohibited, under Mississippi law, from paying any judgment against the state except through legislative appropriation is plainly without merit. *See* Dkt. 838-1, ¶ 5. Federal court orders are not conditioned upon the whims of the Mississippi state legislature. The Fifth Circuit has explicitly stated as much. *See Gates*, 616 F.2d at 1272 ("To strike down the order … because it conflicts with the laws of Mississippi … would be allowing the state, by legislative action, to recloak itself with the Eleventh Amendment immunity which Congress has chosen to remove. Such a result would be contrary to the command of the Supremacy Clause of the United States Constitution.").

It is well established that Mississippi's anti-seizure provision, Section 11-45-5 of the Mississippi Code Annotated, is superseded by federal law, 42 U.S.C. § 1988. Therefore, this Court may order Defendants to remit payment in a timely manner, regardless of Mississippi's legislative schedule.

## IV.     CONCLUSION

The Fifth Circuit has made clear that federal law supersedes state law in civil rights cases based on violations of constitutional rights, such as *Olivia Y*. As such, Defendants' argument that Mississippi law requires legislative appropriation to pay judgements against the state fails. There is nothing in caselaw, or historical practice between the parties, which allows Defendants to hold the fees payment hostage to a specific, infrequent and uncertain funding mechanism.

Accordingly, Plaintiffs respectfully request that the Court approve the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the agreed-upon amount of **$100,548.13** and order Defendants to remit payment within thirty (30) days of entry of the Fees Order.

RESPECTFULLY SUBMITTED, this 29th day of January 2020.

        /s/ Marcia Robinson Lowry
Marcia Robinson Lowry (pro hac vice)
Anastasia Benedetto (pro hac vice)
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, New York 10017
Telephone (646) 808-7344
Email: mlowry@abetterchildhood.org
abenedetto@abetterchildhood.org

Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
mbentley@bradley.com

CERTIFICATE OF SERVICE

I hereby certify that on January 29th, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

/s/ *Marcia Robinson Lowry*
Marcia Robinson Lowry (*pro hac vice*)