# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., et al ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:04-cv-251-DCB-FKB |
| ) | |
| TATE REEVES, as Governor of ) | |
| the State of Mississippi, et al. ) | |
| ) | |
| Defendants ) | |

## DEFENDANTS' RESPONSE AND OBJECTION TO
## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

Defendants respond and object to Plaintiffs' Motion for Attorneys' Fees and Expenses ("Plaintiffs' Motion") as follows:[1]

1. Plaintiffs' Motion was filed on January 29, 2020, along with their Memorandum of Law, seeking approval of the parties' agreement regarding Plaintiffs' attorneys' fees in the amount of $100,548.13.[2] Plaintiffs' Motion also implies the parties agreed that Defendants would remit payment within thirty (30) days from entry of an order. While Defendants have agreed to the amount of fees to be paid ($100,548.13), they never agreed that payment would be remitted within thirty (30) days from entry of an order. To the contrary, Defendants object to Plaintiffs' request for an order that the fees be paid within thirty (30) days.

2. Defendants have never shown an unwillingness or reluctance to pay the agreed upon amount of fees. Instead, throughout the entire history of this litigation, Defendants have

---

[1] Due to the nature of this pleading, Defendants request relief from the requirement of filing a memorandum brief in support of Defendants' response.

[2] Plaintiffs failed to seek leave to file their Motion despite being required to do so by Order dated January 17, 2019 [ECF No. 839] ("It is further ordered that in the meantime, the parties may file additional motions only with leave of court.").

acted in a cooperative fashion in the payment of the Plaintiffs' attorneys' fees – totaling nearly $7 million.[3]

3.      A request is being made for a deficit appropriation in the current legislative session in the amount of $424,174.64 – which not only covers the agreed upon amount which is the subject of Plaintiffs' Motion, but also the agreed upon amounts related to the two previously filed motions for attorneys' fees [ECF No. 843 and ECF No. 870].  Plaintiffs were aware that the Attorney General's Office would be seeking to pay Plaintiffs' counsel through a deficit appropriation when the parties agreed upon the amount of fees to be paid.

4.      Defendants' and the Attorney General's position on paying Plaintiffs' attorney fees through legislative appropriation is in accordance with Mississippi law, which states that a "judgment or decree against the State shall not be satisfied except by an appropriation therefor by the legislature, and an execution shall not be issued against the State."  *See* Miss. Code Ann. § 11-45-5.

5.      In fact, Plaintiffs have recognized numerous times in the past the use of the deficit appropriation mechanism for payment of Plaintiffs' attorneys' fees.   *See* ECF No. 633 (Plaintiffs' Unopposed Motion requesting approval of fees to "be paid upon appropriation by the Mississippi legislature . . . ."); ECF No. 596 (Plaintiffs' Unopposed Motion requesting payment "upon appropriation by the Mississippi legislature . . . ."); and ECF No. 581 (Plaintiffs' Unopposed Motion requesting payment "upon appropriation by the Mississippi legislature . . . ."). Likewise, the Court has recognized the use of the deficit appropriation mechanism for payment of Plaintiffs' attorneys' fees.  *See* ECF No. 635 (Order granting fees with payment

---

[3] As demonstrated in Defendants' Amended Response and Objection to Plaintiffs' Motion for Attorneys' Fee and Expenses filed on November 18, 2019 [ECF No. 873], Plaintiffs' attorneys' fees have consistently been paid through deficit appropriations requested by, and made available to, the Attorney General's office.  *See* Legislative Appropriation Bills 2008-2019, attached to ECF No. 873 collectively as Exhibit "A".

"upon appropriation by the Mississippi legislature"); ECF No. 598 (Order granting fees with payment "upon appropriation by the Mississippi legislature"); and ECF No. 583 (Order granting fees "upon appropriation by the Mississippi legislature").

WHEREFORE, Defendants request that the Court deny Plaintiffs' Motion insofar as it seeks payment of the agreed upon fees within thirty (30) days. Defendants further request the Court's order approving the agreed upon attorneys' fees direct that payment shall be made by Defendants to Plaintiffs' Counsel in the agreed-upon amount of $100,548.13, upon appropriation by the Mississippi legislature.

RESPECTFULLY SUBMITTED, this the 12th day of February, 2020.

> TATE REEVES, as Governor of the State of Mississippi, TAYLOR CHEESEMAN, as Acting Interim Commissioner, Mississippi Department of Child Protection Services, and TONYA ROGILLIO, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services
>
> By: /s/ Clint Pentecost

OF COUNSEL:

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
James L. Jones (MSB #3214)
William C. "Clint" Pentecost (MSB #99841)
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS  39211
Telephone:  (601) 351-2400
Facsimile:  (601) 351-2424

Harold E. Pizzetta, III
Assistant Attorney General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS  39205