IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., et al.                                                                                                PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:04-cv-251-DCB-FKB

TATE REEVES, as Governor of
The State of Mississippi, et al.                                                                      DEFENDANTS

## **ORDER**

This matter is before the Court on Plaintiffs' Motion for Amended Case Management Order Permitting Limited Discovery [865].  Defendants filed a response [867], [868] in opposition, to which Plaintiffs filed a rebuttal [869].  Having considered the submissions of the parties, the Court finds that Plaintiffs' motion [865] should be granted in part and denied in part.

This case pertains to the alleged failure of the State of Mississippi to maintain its foster care program consistent with constitutional standards.  Plaintiffs' motion seeks discovery related to the unfortunate death of a child, A.H., on June 5, 2019, which occurred after mistreatment of A.H. was reported to the Mississippi Department of Child Protection Services ("MDCPS") but without MDCPS having custody of A.H.  To obtain more information about A.H.'s death, Plaintiffs noticed depositions of the Governor of the State of Mississippi, two administrative officials with the Mississippi Department of Human Services ("MDHS"), and the former Executive Director of MDHS.  Plaintiffs included in the deposition notices requests for production of documents.  However, because discovery in this case is closed, Plaintiffs' unilateral deposition notices are null and void.  In the instant motion, Plaintiffs ask the Court to allow the depositions to proceed, or in the alternative, Plaintiffs indicate to the Court that in lieu of conducting depositions, they are agreeable to having all documents related to the A.H. incident produced to the Monitor for review. [865] at 6-7.

1

Defendants have objected [867], [868] to any document production, essentially arguing that the proposed discovery is untimely and lacks relevance to the case. The parties met with the undersigned regarding this discovery dispute and were instructed to consult with the Monitor to determine whether the A.H. investigations are relevant to the Monitor's duties. In pertinent part, the Monitor responded to the inquiry as follows: "…the AH investigations may be relevant or may not be. We cannot determine relevance unless we look into the matter."[1]

The Court finds that the A.H. investigation documents should be produced to the Monitor, so that the Monitor can make a determination of whether the documents are relevant to the Monitor's court-ordered duties. If the Monitor determines that the documents are relevant, then the documents are to be produced to Plaintiffs.

In sum, Plaintiffs' motion [865] is granted in part and denied in part as follows:

(1) On or before June 26, 2020, Defendants shall produce all documents related to the MDHS investigations of the death of A.H.;

(2) On or before July 10, 2020, the Monitor shall file a statement with the Court indicating whether the A.H. investigation documents are relevant to the Monitor's duties and if so, detailing the areas of relevance;

(3) If the Monitor determines that the documents are relevant, Defendants must produce the A.H. investigation documents to Plaintiffs on or before July 15, 2020.; and

(4) Plaintiffs' request to further re-open discovery to allow depositions is denied without prejudice.

SO ORDERED, this the 19th day of June, 2020.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Briefs filed by Plaintiffs and Defendants discuss the Monitor's position and include the same email. *See* [865-6], [867-3].