# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., *et al.* ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:04cv251-DCB-FKB |
| ) | |
| TATE REEVES, as Governor of the State ) | |
| of Mississippi, *et al.* ) | |
| ) | |
| Defendants ) | |

### DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND PENDING AMENDED MOTION FOR RELIEF PURSUANT TO REMEDY PHASE OF PLAINTIFFS' AMENDED MOTION FOR CONTEMPT, FOR AN EVIDENTIARY HEARING AND FOR THE APPOINTMENT OF A RECEIVER

Defendants respond and object to Plaintiffs' Motion for Leave to Amend Pending Amended Motion for Relief Pursuant to Remedy Phase of Plaintiffs' Amended Motion for Contempt, for an Evidentiary Hearing and for the Appointment of a Receiver [ECF No. 898] ("Motion for Leave to Amend").[1]

Defendants request that the Court deny Plaintiffs' Motion for Leave to Amend and proceed with the August 4 oral argument with its currently scheduled purpose. If, however, the Court grants Plaintiffs leave to again amend their Contempt/Receiver Motion, Defendants submit a decision on the need for an evidentiary hearing should not be decided at this time.[2] Instead, if Plaintiffs are granted leave to amend their Contempt/Receiver motion, Defendants request the

---

[1] Defendants request relief from the obligation to file a Memorandum Brief in support of this response. See Uniform Local Rule 7.

[2] In their Motion for Leave to Amend, Plaintiffs have now declared they no longer have need to present additional evidence to the Court and have withdrawn their request for an evidentiary hearing. While Plaintiffs have now chosen to limit the evidence they present to the Court on the separate issues of Contempt and any requested remedy, Defendants believe it is necessary for the Court to consider the need for an evidentiary hearing on these two separate issues after hearing from the parties at oral argument.

Court enter an appropriate and necessary Scheduling Order which (1) provides Defendants adequate time to provide opposing evidence and fully brief the newly filed amended motion and (2) provides a future date for oral argument to determine if an evidentiary hearing is necessary, replacing the August 4 oral argument.

## Introduction

In their Motion for Leave to Amend and the proposed amended pleadings, Plaintiffs continue to turn a blind eye and deaf ear to the improvements in services and outcomes made by the Mississippi Department of Child Protection Services ("MDCPS") since its inception as a state agency just over four years ago and its becoming a fully-operational agency just over two short years ago. Instead, Plaintiffs continue to boldly and irresponsibly proclaim that the Mississippi child welfare system is "dysfunctional" and "tens of thousands of the Mississippi's most vulnerable children have languished in Defendants' custody, helplessly waiting for Defendants to make good on their many promises to bring the child welfare system into compliance with the mandates of the United States Constitution." *See* Ex. 3, p. 7, attached to Plaintiffs' Motion for Leave to Amend. Plaintiffs then demand that Defendants should be held in contempt with the primary remedy being appointment of an unnamed receiver to take over all or certain significant operations of MDCPS. This demand continues to ignore and cast aside, as it has done for the past two years, the many improvements in services and outcomes MDCPS has achieved as well as its continued good faith efforts to comply with the over 130 best practices found in the 2nd Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA"). This demand also ignores the reality that a receivership has never been successfully implemented over a child welfare agency in this country and there is no evidence that this punitive relief will advance foster care in

Mississippi.³

## The Motion for Leave to Amend

Plaintiffs filed their Motion for Leave to Amend on July 2, 2020, and in the motion request that the Court grant two separate forms of relief: (1) permit the filing of an amended contempt/receivership motion and memorandum brief; and (2) change the purpose and substance of the oral argument scheduled by the Court for August 4, 2020. Defendants object to these new requests.

On March 3, 2020, the Court held a telephonic status conference with the parties during which the Court directed the parties to submit agreed upon dates for oral argument before the Court "**to determine if the Court will hold an Evidentiary Hearing on the Motions discussed**" during the March 3 status conference. (emphasis added). On May 20, 2020, the Court set oral argument for August 4, 2020, "**to determine if the Court will hold an Evidentiary Hearing.**" (emphasis added). The motions discussed during the March 3, 2020, status conference were: (1) Plaintiffs' Amended Motion for Relief Pursuant to Remedy Phase of Plaintiffs' Renewed Motion for Contempt, for an Evidentiary Hearing, and for the Appointment of a Receiver [ECF No. 849] ("Contempt/Receiver Motion"); and (2) Defendants' Motion for Relief Under Section 11.2.a. of the 2ⁿᵈ Modified Settlement Agreement and Reform Plan and Rule 60(b) of the Federal Rules of Civil Procedure [ECF No. 756] (collectively, the "Pending Motions"). The Court's order setting the August 4 oral argument did not provide for substantive oral argument and subsequent adjudication by the Court with regard to either of these motions.

## The 2019 Monitor's Report and August 4 Oral Argument

On June 26, 2020, Public Catalyst issued the Progress of the Mississippi Department of

---

³ Plaintiffs have never articulated in any manner how a Receiver would achieve compliance with the 2ⁿᵈ MSA.

3

Child Protection Services covering January to December 2019 [ECF No. 897] (the "Monitor's 2019 Report"). In their Motion for Leave to Amend, Plaintiffs contend the Monitor's 2019 Report "obviates the need for an evidentiary hearing on the issue of Defendants' noncompliance" with the 2nd MSA and request the Court to proceed on August 4 to hear substantive and determinative oral argument on the Pending Motions without the consideration of any other evidence. *See* Motion for Leave to Amend, ¶¶ 8, 10.

Defendants object to the request made by Plaintiffs to completely change the purpose and substance of the oral argument scheduled by the Court based on Plaintiffs' assertion that the Monitor's 2019 Report is all the evidence needed to adjudicate the Pending Motions. This is neither fair nor reasonable. The Monitor's 2019 Report is not the totality of the evidence which reflects MDCPS's current efforts related to the provisions of the 2nd MSA and its delivery of services to children in the *Olivia Y.* class. While the Monitor's 2019 Report is a six-month old snapshot of the second year of MDCPS as a fully operational child welfare agency, MDCPS is an ever-evolving agency marked by continual improvements and achievements. Not only does the Monitor's 2019 Report not reflect all of the accomplishment MDCPS has made since its inception as a stand-alone agency, but the Monitor's 2019 Report does not take into account the improvements MDCPS has made in data reporting during the first half of 2020 which have been recognized by the Monitor and reported to Plaintiffs, nor the improvements made with respect to provisions within the 2nd MSA since the beginning of 2020 – e.g., caseloads under §§ 1.3.a. and 1.3.b.; timeliness of MIC investigations under §§ 2.2. and 2.8.; or timely foster care reviews under § 6.4.a.[4]

---

[4] Significant, additional improvements and achievements are reviewed in Defendants' Statement of Material Facts submitted to the Court on April 13, 2020.

**The Motion for Leave to Amend and Needed Scheduling Order**

Plaintiffs' Motion for Leave to Amend also seeks leave of Court to allow a third amendment to their Contempt/Receiver Motion and an amended supporting memorandum brief. In their proposed amended pleadings, Plaintiffs take new positions related to the evidence before the Court and how that evidence alone should be determinative of the Court's ruling on their Contempt/Receiver Motion. As stated above, the 2019 Monitor's Report only addresses compliance with the 2nd MSA which is far less than what is required to be considered under the broader legal standard to be applied for the Plaintiffs' requested contempt determination and remedy.

Before determining if an evidentiary hearing on the Pending Motions is necessary, the Court should allow the Defendants to fully defend any allowed amendment to the Contempt/Receiver Motion and rebut the last resort demand for relief the Plaintiffs ask this Court to impose. The Court would then be fully advised of all the evidentiary and legal arguments associated with the Pending Motions, which would then allow the Court to adjudicate the need for an evidentiary hearing. In order to do so and allow the Defendants to fully defend this litigation, an appropriate Scheduling Order should be entered along with any leave granted to Plaintiffs to amend their Contempt/Receiver Motion.[5]

**Conclusion**

In summary, Plaintiffs' Motion for Leave to Amend is the latest misguided endeavor by Plaintiffs to ignore and look past the improvements and achievements MDCPS has made in providing foster care services to the children in the *Olivia Y.* class while attempting to impose a receivership over all or significant aspects of foster care in Mississippi. The oral argument as

---

[5] A proposed Scheduling Order will be forwarded to the Court separately pursuant to Section 5.B. of the Administrative Procedures for Electronic Filing for the Southern District of Mississippi.

currently contemplated by the Court is an important step in moving this case forward because it will provide the Court the opportunity to consider important legal arguments related to the Pending Motions which will directly impact the need for an evidentiary hearing or help shape the parameters of an evidentiary hearing if the Court deems it necessary.

For these reasons, Defendants request that the Court deny Plaintiffs' Motion for Leave to Amend and proceed with the August 4 oral argument with its currently scheduled purpose. If, however, the Court grants Plaintiffs leave to again amend their Contempt/Receiver Motion, Defendants submit a decision on the need for an evidentiary hearing is not in a position to be adjudicated at this time. Instead, if Plaintiffs are granted leave to amend their Contempt/Receiver motion, Defendants request the Court enter an appropriate and necessary Scheduling Order which (1) provides Defendants adequate time to provide opposing evidence and fully brief the newly filed amended motion and (2) provides a future date for oral argument to determine if an evidentiary hearing is necessary. Defendants also request any other appropriate equitable relief.

RESPECTFULLY SUBMITTED, this the 16th day of July, 2020.

TATE REEVES, as Governor of the State of Mississippi, TAYLOR CHEESEMAN, as Acting Interim Commissioner, Mississippi Department of Child Protection Services, and TONYA ROGILLIO, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services

By: /s/ James L. Jones

OF COUNSEL:

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
James L. Jones (MSB #3214)
William C. "Clint" Pentecost (MSB #99841)
One Eastover Center 100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424