IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVIA Y., et al.,

                Plaintiffs,

   v.

TATE REEVES, as Governor of the
State of Mississippi, et al.,

                Defendants.

CIVIL ACTION NO.
3:04-CV-251-DCB-FKB

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiffs reply to Defendants' Response and Objection to Plaintiffs' Motion for Attorneys' Fees and Expenses as follows:[1]

1.  The Parties have agreed that Defendants shall pay Plaintiffs **$88,819.84** for monitoring and enforcement of the Second Modified Mississippi Settlement Agreement and Reform Plan from January 1, 2020, through June 30, 2020, as laid out in Plaintiffs' Motion for Payment of Attorneys' Fees and Expenses [Dkt. 901] and Defendants' Response and Objection to Plaintiffs' Motion for Attorneys' Fees and Expenses ("Defendants' Objection") [Dkt. 903].

2.  The Parties cannot reach agreement regarding the timely payment of this amount.

3.  Plaintiffs have not agreed to the payment of attorneys' fees and expenses being contingent upon legislative appropriation. *See* Dkt. 838-1, ¶10. In fact, Plaintiffs have continuously and explicitly opposed such an arrangement in both the fee negotiations and in court documents. *See* Dkt. 838-1, ¶10; Dkt. 838 (January 2019 Motion for Entry of Judgment); Dkt. 843 (May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses); Dkt. 870 (October 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses), Dkt. 883 (January 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses).

4.  As demonstrated above, Defendants were aware of Plaintiffs' belief that payment should be made timely, and not contingent upon legislative appropriation, when the parties agreed to the amount to be paid.

5.  Defendants argue that because fees have historically been paid by legislative appropriation, that pattern must control. But the fact that Defendants may have historically paid Plaintiffs' attorneys' fees and expenses through appropriations is irrelevant.

---

[1] Due to the nature of this pleading, Plaintiffs request relief from the requirement of filing a memorandum brief in support of Plaintiffs' reply.

6. Further, and as Defendants are well aware, the billing schedule shifted to biannual payments in 2018. *See* Dkt. 838-1, ¶11.

7. The court documents cited in Defendants' Objection to suggest that Plaintiffs and the Court have recognized the use of deficit appropriations for attorneys' fees are immaterial, as they all predate the shift to biannual billing. *See* Dkt. 903, ¶ 5.

8. Indeed, Defendants have recognized the shift to biannual payments, *not subject to legislative appropriation,* in subsequent filings. *See* Dkt. 810 (Unopposed Motion for Payment of Plaintiffs' Attorneys Fees and Expenses, language agreed to by Defendants' counsel, which does not make payment contingent upon legislative appropriation); Dkt. 811 (Order for Payment of Plaintiffs' Attorneys Fees and Expenses, which does not make payment contingent upon legislative appropriation).

9. Plaintiffs are entitled to attorneys' fees and expenses pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. There is nothing in caselaw that allows Defendants to hold the fees payment hostage to a specific, infrequent and uncertain funding mechanism.

10. The 2021 legislative schedule has not yet been released, but typically concludes in May. *See* Dkt. 901-1, ¶ 6. If payment of attorneys' fees is contingent upon legislative appropriation, Plaintiffs will again be forced to wait a significant amount of time to receive payment, if at all.[2]

11. The Fifth Circuit has explicitly rejected such an outcome. Indeed, it is well established that Mississippi's anti-seizure provision is superseded by federal law. *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005)

---

[2] Plaintiffs were forced to wait approximately 17 months, 12 months, and 6 months respectively to receive payment for their last three invoices. [Dkt. 901-1, ¶¶ 7-8].

3

(recognizing "that in a civil rights action … there is a federal interest in the remedy sufficient to trump a state's anti-seizure provision"); *Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980) ("To strike down the order … because it conflicts with the laws of Mississippi … would be allowing the state, by legislative action, to recloak itself with the Eleventh Amendment immunity which Congress has chosen to remove. Such a result would be contrary to the command of the Supremacy Clause of the United States Constitution.").

12. Plaintiffs have attempted to obtain a ruling on this issue of timely payments, but the Court has yet to issue an order. *See* Plaintiffs' January 2019 Motion for Entry of Judgement [Dkt. 838], Plaintiffs' May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 843], Plaintiffs' October 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 870], and Plaintiffs' January 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 883].

Plaintiffs therefore respectfully move the Court to approve the Parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the agreed-upon amount of **$88,819.84** and order Defendants to remit payment within thirty (30) days of entry of the Fees Order.

RESPECTFULLY SUBMITTED, this 21st day of October 2020.

    /s/ Marcia Robinson Lowry
Marcia Robinson Lowry (pro hac vice)
Anastasia Benedetto (pro hac vice)
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, New York 10017
Telephone (646) 808-7344
Email: mlowry@abetterchildhood.org
    abenedetto@abetterchildhood.org

        Wayne Drinkwater, Jr. (MBN 6193)
        Michael J. Bentley (MBN 102631)
        BRADLEY ARANT BOULT CUMMINGS LLP
        One Jackson Place, Suite 1000
        188 East Capitol Street
        Jackson, Mississippi 39201
        Telephone: (601) 948-8000
        Facsimile: (601) 948-3000
        Email: wdrinkwater@bradley.com
              mbentley@bradley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21st, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

*/s/ Marcia Robinson Lowry*