**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

OLIVIA Y., et al.,

                Plaintiffs,

   v.                                               CIVIL ACTION NO.
                                                     3:04-CV-251-DCB-FKB

TATE REEVES, as Governor of the
State of Mississippi, et al.,

                Defendants.

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

I.  **INTRODUCTION**

Counsel for Plaintiff Children seek an order from this Court approving the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the amount of **$40,859.62** for the monitoring and enforcement of the Second Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA") [Dkt. 712], from July 1, 2020, through December 31, 2020 and ordering Defendants to remit payment to Plaintiffs within thirty (30) days from entry of the requested order.

Following settlement negotiations, the parties have agreed upon the amount of fees and expenses to which Plaintiffs are entitled. However, the parties cannot reach agreement regarding the timely payment of this amount. Plaintiffs respectfully submit this Memorandum of Law in support of their motion for payment of attorneys' fees and expenses in a timely manner.

II.  **FACTS**

On January 12, 2021, Plaintiffs submitted an invoice to Defendants for attorneys' fees and expenses for monitoring and enforcement work performed by Plaintiffs' counsel during the period of July 1, 2020, through December 31, 2020. *See* Plaintiffs' Decl. in Support, ¶3, attached hereto as **Exhibit 1**.

Plaintiffs' position with regard to the timely payment of their attorneys' fees and expenses is laid out, in part, in previous submissions to this Court.[1] The aforementioned documents are incorporated here as if fully set forth herein. Defendants' position is that they

---

[1] *See* Plaintiffs' January 2019 Motion for Entry of Judgment [Dkt. 838], the Affidavit of Marcia Robinson Lowry in Support of Motion for Entry of Judgment [Dkt. 838-1] and subsequent Reply to Defendants' Response to Plaintiffs' Motion for Entry of Judgment [Dkt. 841], Plaintiffs' May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 843], Plaintiffs' October 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 870] and subsequent Reply In Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 874], Plaintiffs' January 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 883] and subsequent Reply In Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 890], and Plaintiffs' October 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 901] and subsequent Reply In Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 904].

cannot pay these fees unless and until the legislature appropriates funds to do so. The 2021 legislative session convened on January 5, 20201 and is scheduled to conclude in April 2021. *See* Plaintiffs' Decl. in Support, ¶6. Defendants have not yet remitted payment for Plaintiffs' October 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 901] for the period of January 1, 2020 through June 30, 2020. *See* Plaintiffs' Decl. in Support, ¶7. If payment is remitted according to legislative appropriation, Plaintiffs will be forced to wait at least eight months from the time they submitted their invoice to receive payment. *Id*. Indeed, Defendants did not remit payment until July 2020 for Plaintiffs' May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 843] for the period of July 1, 2018 through December 31, 2018, Plaintiffs' October 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 870] for the period of January 1, 2019 through June 30, 2019, and Plaintiffs' January 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 883] for the period of July 1, 2019 through December 31, 2019. *See* Plaintiffs' Decl. in Support, ¶8. Accordingly, Plaintiffs were forced to wait approximately 17 months (February 2019 – July 2020), 12 months (July 2019 – July 2020), and 6 months (January 2020 – July 2020) respectively from the time invoices were submitted to receive payment. *See* Plaintiffs' Decl. in Support, ¶9.

### A. The Parties Have Agreed Upon the Amount Due to Plaintiffs.

Following settlement negotiations, the parties reached an agreement as to the amount owed to Plaintiffs for attorneys' fees and expenses during the aforementioned period. Defendants will pay Plaintiffs **$40,859.62**.

### B. The Parties Have Failed to Reach an Agreement Regarding the Timely Payment of Plaintiffs' Attorneys' Fees and Expenses.

Despite reaching an agreement as to the amount, the parties are unable to agree upon a reasonable timeframe for payment of the agreed-upon amount. Plaintiffs request timely payment of the agreed-to attorneys' fees and expenses, within thirty (30) days from entry of the requested fee order.

### III. ARGUMENT

#### A. Plaintiffs Explicitly Objected to Payments Being Contingent Upon Legislative Appropriation.

Plaintiffs have never agreed to the payment of attorneys' fees and expenses being contingent upon legislative appropriations. *See* Dkt. 838-1, ¶10. Plaintiffs have, in fact, continuously and explicitly opposed such an arrangement. *Id*. Further, the fact that Defendants may have historically paid Plaintiffs' attorneys' fees and expenses through appropriations is irrelevant. *See* Dkt. 838-1, ¶ 4.

Defendants have previously paid Plaintiffs' attorneys' fees and expenses annually, but this billing schedule shifted to biannual payments almost three years ago, as reflected in both Plaintiffs' October 2018 Unopposed Motion for Attorneys' Fees and Expenses and the Order entered by the Court on October 1, 2018. *See* Dkt. 838-1, ¶11.

Indeed, Defendants have recognized the shift to biannual payments, *not subject to legislative appropriation,* in subsequent filings. *See* Dkt. 810 (Unopposed Motion for Payment of Plaintiffs' Attorneys Fees and Expenses, language agreed to by Defendants' counsel, which does not make payment contingent upon legislative appropriation); Dkt. 811 (Order for Payment of Plaintiffs' Attorneys Fees and Expenses, which does not make payment contingent upon legislative appropriation).

Further, if Defendants are permitted to remit payment in accordance with Mississippi's legislative schedule, Plaintiffs will again be forced to wait a significant amount of time to receive payment for their monitoring and enforcement work, if at all. *See* Ex. 1, ¶ 7.

### B. It Is Well Established That Federal Law Supersedes State Law in Civil Rights Cases.

Plaintiffs have requested timely payment of the attorneys' fees and expenses to which they are entitled pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. Defendants contend, however, that payment of Plaintiffs' attorneys' fees and expenses is contingent upon legislative appropriation. *See* Dkt. 838-1, ¶ 5. This contention has no basis in the law.

It is well established that in civil rights cases, such as the *Olivia Y.* case, federal law supersedes state law, such as a state's anti-seizure provision. *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005) (recognizing "that in a civil rights action . . . there is a federal interest in the remedy sufficient to trump a state's anti-seizure provision"); *see also Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980) ("Congress has declared that states and their officials who violate federal civil rights laws must reimburse the successful plaintiff for costs incurred seeking redress.").

Defendants' contention that they are prohibited, under Mississippi law, from paying any judgment against the state except through legislative appropriation is plainly without merit. *See* Dkt. 838-1, ¶ 5. Federal court orders are not conditioned upon the whims of the Mississippi state legislature. The Fifth Circuit has explicitly stated as much. *See Gates*, 616 F.2d at 1272 ("To strike down the order … because it conflicts with the laws of Mississippi … would be allowing the state, by legislative action, to recloak itself with the Eleventh Amendment immunity which

Congress has chosen to remove. Such a result would be contrary to the command of the Supremacy Clause of the United States Constitution.").

It is well established that Mississippi's anti-seizure provision, Section 11-45-5 of the Mississippi Code Annotated, is superseded by federal law, 42 U.S.C. § 1988. Therefore, this Court may order Defendants to remit payment in a timely manner, regardless of Mississippi's legislative schedule.

### IV.    CONCLUSION

The Fifth Circuit has made clear that federal law supersedes state law in civil rights cases based on violations of constitutional rights, such as *Olivia Y*. As such, Defendants' argument that Mississippi law requires legislative appropriation to pay judgements against the state fails. There is nothing in caselaw, or historical practice between the parties, which allows Defendants to hold the fees payment hostage to a specific, infrequent and uncertain funding mechanism.

Accordingly, Plaintiffs respectfully request that the Court approve the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the agreed-upon amount of **$40,859.62** and order Defendants to remit payment within thirty (30) days from entry of the Fees Order.

RESPECTFULLY SUBMITTED, this 4th day of February 2021.

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (pro hac vice)
Anastasia Benedetto (pro hac vice)
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, New York 10017
Telephone (646) 808-7344
Email: mlowry@abetterchildhood.org
abenedetto@abetterchildhood.org

>Wayne Drinkwater, Jr. (MBN 6193)
>Michael J. Bentley (MBN 102631)
>BRADLEY ARANT BOULT CUMMINGS LLP
>One Jackson Place, Suite 1000
>188 East Capitol Street
>Jackson, Mississippi 39201
>Telephone: (601) 948-8000
>Facsimile: (601) 948-3000
>Email: wdrinkwater@bradley.com
>mbentley@bradley.com

CERTIFICATE OF SERVICE

I hereby certify that on February 4th, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

>/s/ *Marcia Robinson Lowry*
>Marcia Robinson Lowry (*pro hac vice*)