# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., et al | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:04-cv-251-HSO-FKB |
| | ) |
| TATE REEVES, as Governor of the State of Mississippi, et al. | ) |
| | ) |
| Defendants | ) |

## JOINT STIPULATED ORDER FOR 2ND MSA REBUILDING PERIOD

The Court has been advised that the parties have negotiated this Joint Stipulated Order for a Rebuilding Period ("Rebuilding Order") with input from the Court Monitor.

Whereas, the Court entered the 2nd Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA") [Dkt. No. 712] on December 19, 2016, and the 2nd MSA became effective on January 1, 2018; and

Whereas, the parties agreed to the appointment of Public Catalyst as the Monitor of Defendants' compliance with the 2nd MSA; and

Whereas, the parties stipulate that Defendants do not currently have the capacity to comply with the 2nd MSA; and

Whereas, it is the intent of the parties that the Mississippi Department of Child Protection Services ("MDCPS") engage in a period of rebuilding during which MDCPS will seek to attain benchmarks related to key metrics (the "Rebuilding Period")[1]. Defendants propose the following terms for the Rebuilding Period:

## 1. Areas of Improvement

The Rebuilding Period will be focused on improvements in the following areas of providing adequate care for children in custody, as more fully defined herein:

---

[1] The timeframes set forth in this Stipulation are based on the start date of October 1, 2021. – e.g., "by the end of one year" refers to one year from October 1, 2021.

    a. Family-Based Placements

    b. Child Safety and Maltreatment in Care

    c. Caseloads

    d. Child Well-Being

2. **Family-Based Placements**

   a. All foster homes and facilities with children placed who are in the custody of MDCPS shall be licensed subject to the licensure process approved by Public Catalyst. [§3.1]

   b. Nonrelative Foster Homes: At least 90% of all foster homes with children placed who are in the custody of MDCPS shall be timely licensed as provided in the approved licensure process.

       1. By the end of sixteen months, MDCPS shall recruit and license 486 additional foster homes. [§3.3]

   c. Defendants shall report to the Monitor on a monthly basis as to each subsection of this Section 2.

3. **Child Safety and Maltreatment in Care**

   a. By the end of fifteen months, the Monitor will complete an assessment of the quality of the statewide system for receiving and screening allegations of abuse and neglect of children, including case sampling, and provide the assessment to the parties.

   b. By the end of fifteen months, the Monitor will complete a review of a statistically significant sample of all maltreatment reports that are screened-out, and assess the appropriateness of the State's decision making.

   c. By the end of thirteen months, the Monitor will complete a root cause analysis, based on a 95% confidence level, of substantiated maltreatment in care cases for calendar years 2019 and 2020. Based on this analysis, MDCPS will develop a plan within four months of receipt of the Monitor's root cause analysis, in conjunction with the Monitor, to improve the rate of child abuse and neglect among children in foster care. The plan approved by the Monitor shall also include recommended benchmarks and timeframes for implementing the plan, subject to review and approval by the parties.

4. **Caseloads**

   a. During the Rebuilding Period, MDCPS shall continue measuring caseloads for its frontline caseworkers based on the weighted standards table set forth in § 1.3.a. of the 2nd MSA.

       1. By the end of the sixteenth month, 75% of MDCPS caseworkers will have caseloads which do not exceed the caseload standards set forth in § 1.3.a. of the 2nd MSA.

b. Defendants shall report to the Monitor and Plaintiffs on a monthly basis as to each subsection of this Section 4.

c. By the end of the Rebuilding Period, MDCPS will develop a plan to provide the Monitor with access to high quality caseload data on a daily basis.

5. **Child Well-Being**

   a. Beginning with the thirteenth month, 60% of children shall have an initial medical screening within 7 days of the child's entry into foster care.

   b. Beginning with the thirteenth month, 75% of children shall have an initial EPDST or other comprehensive medical examination within 30 days of the child's entry into foster care.

      1. If a child has received an EPSDT or other comprehensive medical exam within 7 days of entering foster care, it will count for both the screening and comprehensive medical examination.

   c. Beginning with the thirteenth month, 50% of children shall have a dental examination within 90 days of the child's entry into foster care as set forth in § 8.1.e. of the 2nd MSA.

   d. By the end of sixteen months, MDCPS will develop a process, validated by the Monitor, to track periodic and on-going medical examinations and follow-up treatment as set forth in §§ 8.1.c. and 8.1.d. of the 2nd MSA.

   e. Defendants shall report to the Monitor the performance data as to each subsection of this Section 5, except for §§ 5.d., by February 28, 2023.

6. **Reporting by Defendants**

   a. The Rebuilding Period commences on October 1, 2021 and will remain in effect until January 31, 2023.

   b. All reporting, monitoring, and enforcement under the 2nd MSA is stayed upon execution of this Agreement by the Parties and throughout the Rebuilding Period, except as otherwise provided herein.

   c. Unless otherwise provided herein or ordered by the Court, Defendants shall not be required to report to the Monitor, Plaintiffs or the Court as to any other provision of the 2nd MSA during the Rebuilding Period.

   d. Beginning in the thirteenth month, all reporting by Defendants to the Monitor will also be submitted to Plaintiffs, except as otherwise provided in this Stipulation.

7. **Monitoring**

   a. The Parties agree that Public Catalyst shall be the Monitor of Defendants' progress towards achievement of the goals set forth herein.

b. Public Catalyst shall provide technical assistance to Defendants as set forth herein or as otherwise agreed to by the parties.

c. In addition to the technical assistance set forth herein, the Monitor's duties shall include to independently verify data reports and statistics provided by Defendants during the Rebuilding Period. The Monitor may periodically conduct case record and qualitative reviews to monitor and evaluate the Defendants' performance and may review all plans and documents to be developed and produced by Defendants during the Rebuilding Period.

d. The Monitor shall prepare a written report related to its review of the reports and verification of data submitted by Defendants.

   1. The Monitor shall submit a report to the Court and parties for each of the following periods:

      a. Period 1 (first twelve months of Rebuilding Period)

      b. Period 2 (last four months of Rebuilding Period). The Monitor's report will be delivered to the Court and the parties in April 2023.

8. **Enforcement Mechanisms**

   a. After the submission of the Monitor's April 2023 Report, Plaintiffs may invoke the provisions of Section 11.2 of the 2nd MSA for any failure of Defendants to achieve the standards stated above. Upon receipt of the Monitor's Report, the parties will have thirty days to renew their pending motions and/or file new motions, the opposing party will have thirty days to respond, and the parties will jointly request an expedited hearing date.

   b. The Monitor shall convene the parties periodically during the Rebuilding Period including at least once within 30 days after delivery of the April 2023 Report.

   c. All reporting, monitoring, and enforcement under the 2nd MSA will resume on May 1, 2023.

SO ORDERED, this the 24th day of June, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

AGREED TO AND APPROVED FOR ENTRY BY:

| FOR THE PLAINTIFFS: | FOR THE DEFENDANTS: |
|---|---|
| /s/ Marcia Lowry | /s/ Clint Pentecost |
| Marcia Robinson Lowry (*pro hac vice*) | James L. Jones (MSB #3214) |
| Anastasia Benedetto *(pro hac vice)* | William Clinton Pentecost (MSB #99841) |
| A BETTER CHILDHOOD, INC. | BAKER DONELSON BEARMAN |
| 355 Lexington Avenue, Floor 16 | CALDWELL & BERKOWITZ, PC |
| New York, NY 10017 | One Eastover Center |
| Phone: 646.808.7344 | 100 Vision Drive, Suite 400 |
| mlowry@abetterchildhood.org | Jackson, MS  39211 |
| abenedetto@abetterchildhood.org | Telephone:  (601) 351-2400 |
|  | Facsimile:   (601) 351-2424 |
| Wayne Drinkwater (MSB #6193) | jjones@bakerdonelson.com |
| Michael J. Bentley (MSB #102631) | cpentecost@bakerdonelson.com |
| BRADLEY, ARRANT, BOULT & CUMMINGS, LLP |  |
|  | Douglas T. Miracle (MSB #9648) |
| One Jackson Place, Suite 400 | Assistant Attorney General |
| Jackson, MS 39201 | OFFICE OF THE MISSISSIPPI |
| Phone: 601.948.8000 | ATTORNEY GENERAL |
| wdrinkwater@bradley.com | P. O. Box 220 |
| mbentley@bradley.com | Jackson, MS  39205 |

5