IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., et al ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:04-cv-251-HSO-FKB |
| ) | |
| TATE REEVES, as Governor of ) | |
| the State of Mississippi, et al. ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR AWARD OF CLASS COUNSEL'S FEES AND EXPENSES**

Defendants file this Response in Opposition to Plaintiffs' Motion for Award of Class Counsels' Fees and Expenses:

1. Plaintiffs filed their Motion for Award of Class Counsels' Fees and Expenses ("Motion for Fees") [ECF No. 924] on December 1, 2021, seeking to recover $99,466.92 for attorneys' fees and expenses from the Defendants for the time period from January 1, 2021, through June 30, 2021.

2. By orders dated May 6, 2016, and July 21, 2017, the Court set the current hourly rates for this case. In their Motion for Fees, Plaintiffs are seeking an increase in hourly rates from the Court's previous Orders for all attorneys and paralegals:

| Timekeeper | Current Rate | Requested Rate |
|---|---|---|
| Marcia Lowry | $425.00 legal work | $475.00 legal work |
| Wayne Drinkwater | $400.00 legal work | $425.00 legal work |
| Michael Bentley | $217.50 legal work | $325.00 legal work |
| Anastasia Benedetto[1] | $200.00 legal work | $225.00 legal work |
| Jonathan Borle[2] | | $250.00 legal work |

---

[1] Ms. Benedetto began working on this matter in 2018, and Plaintiffs have billed her time at an hourly rate of $200 to which Defendants have not objected.

[2] Mr. Borle was added as attorney of record in 2021, and the time period which is the subject of the Motion for Fees is the first time Plaintiffs have billed time for Mr. Borle at an hourly rate of $250.

| Paralegals | $110.00 | $120.00 |

3.   The current hourly rates for work performed by Plaintiffs' counsel continue to be reasonable and customary hourly rates in the district and should not be increased.

4.   Plaintiffs' claim that Defendants should remit any payment of fees within thirty (30) days is not supported by either § 1988 or the 2nd MSA,[3] and the Court has never required payment of Plaintiffs' attorneys' fees within 30 days. The 2nd MSA, agreed to by Plaintiffs, contemplates that Defendants will request funds annually "consistent with existing state budgetary practices and legal requirements" to pay Plaintiffs' attorneys' fees under § 12.1 of the 2nd MSA.

5.   As contemplated by the 2nd MSA, the practice of paying Plaintiffs' attorneys' fees through appropriation by the Mississippi legislature is in accordance with existing state budgetary practices and legal requirements under Mississippi law, which states that a "judgment or decree against the State shall not be satisfied except by an appropriation therefor by the legislature, and an execution shall not be issued against the State." *See* Miss. Code Ann. § 11-45-5.

6.   Defendants have never shown an unwillingness or reluctance to pay the agreed upon amount of fees. Instead, throughout the entire history of this litigation, Defendants have acted in a cooperative fashion in the payment of the Plaintiffs' attorneys' fees. Plaintiffs' attorneys' fees have been consistently paid through deficit appropriations requested by, and made available to, the Attorney General's office. *See* Legislative Appropriation Bills 2008-2021, attached hereto collectively as Exhibit "A".

---

[3] The 2nd Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA") was approved by the Court on December 19, 2016 [ECF No. 712].

7. Plaintiffs' pending motions for attorneys' fees [ECF No. 843, ECF No. 870, ECF No. 883, ECF No. 901, and ECF No. 907] should all be deemed moot because those agreed upon attorneys' fees have been paid by Defendants and received by Plaintiffs.

WHEREFORE, the current hourly rates for work performed by Plaintiffs' counsel are reasonable and customary hourly rates in the district and, therefore, should not be increased. Further, Plaintiffs' attorneys' fees should be paid in accordance with state law and the agreed upon 2nd MSA and consistent with how they have been paid over the course of this litigation – through a legislative deficit appropriation. Based on the foregoing, Defendants request the Court deny Plaintiffs' Motion for Fees.

RESPECTFULLY SUBMITTED, this the 22nd day of December, 2021.

> TATE REEVES, as Governor of the State of Mississippi, ANDREA SANDERS, as Commissioner, Mississippi Department of Child Protection Services, and KIMBERLY WHEATON, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services
>
> By:  /s/ *Clint Pentecost*

OF COUNSEL:

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
William C. ("Clint") Pentecost (MSB #99841)
One Eastover Center - 100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424


Douglas T. Miracle (MSB #9648)
Assistant Attorney General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
P. O. Box 220
Jackson, MS 39205