IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., et al | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:04-cv-251-HSO-FKB |
| | ) |
| TATE REEVES, as Governor of | ) |
| the State of Mississippi, et al. | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR AWARD OF CLASS COUNSEL'S FEES AND EXPENSES**

Plaintiffs have submitted a Motion for Award of Class Counsels' Fees and Expenses ("Motion for Fees") [ECF No. 924][1] seeking to recover $99,466.92 for attorneys' fees and expenses from the Defendants.[2] Over the past three years, the parties have successfully negotiated and reached agreement on the amount of fees and expenses Plaintiffs' counsel are entitled to receive. However, the parties are currently at an impasse as to Plaintiffs' request for an increase in hourly rates and the timing for payment of Plaintiffs' fees and expenses.

In their Motion for Fees, Plaintiffs are seeking an increase in hourly rates from the Court's previous Orders for all attorneys and paralegals, ranging from a nine percent increase to a 49% increase. In addition, Plaintiffs are requesting the Court order Defendants to pay all fees and expenses within thirty (30) days. Defendants oppose Plaintiffs' Motion for Fees on the grounds that the current hourly billing rates are reasonable and within the relevant market and, further, that the historical timing of payments in this case is reasonable and should continue.

---

[1] Plaintiffs also filed their Memorandum in Support of Motion for Attorneys' Fees on December 1, 2021 [ECF No. 925] ("Plaintiffs' Memorandum").
[2] The attorneys' fees and expenses sought by Plaintiffs in their Motion for Fees are for the time period from January 1, 2021, through June 30, 2021.

**I. Reasonable Hourly Rates for Plaintiffs' Counsel**

The starting point in setting attorneys' fees is determining the lodestar figure. The lodestar figure is calculated by multiplying the number of hours an attorney reasonably spends on the case by a reasonable hourly rate, which is the market rate in the community for this work. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). This figure provides an objective basis upon which to make an initial assessment of the value of the lawyer's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. *Hensley,* 461 U.S. at 436.

The "reasonable hourly rate" for the lodestar calculation is calculated according to the prevailing market rates in the relevant community and must be in line with those prevailing in the community for similar services performed by attorneys with reasonably comparable skills, experience and reputation. *Idom v. Natchez-Adams School Dist.*, No. 5:14-CV-38, 2016 WL 320954, *3 (S.D. Miss. Jan. 25, 2016) (citing *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The Fifth Circuit has interpreted "prevailing in the community" to mean what it says it means and requires "courts to consider the customary fee for similar work in the community." *Idom*, 2016 WL 320954 at *3 (citing to *McClain*, 649 F.3d at 381). A court may consider hourly rates set in other cases to determine the prevailing market rate. *See e.g. Latioulais v. Griffith*, No. 09-0018, 2015 WL 4253976, at *4 (W.D. La. July 13, 2015) (court looked to other cases to gauge rate's reasonableness).

**A. Current Hourly Rates Set by Court**

By orders dated May 6, 2016, and July 21, 2017, the Court set the following hourly rates for this case:

| Timekeeper | Current Rate |
|---|---|
| Marcia Lowry | $425.00 legal work<br><br>$212.50 travel |
| Wayne Drinkwater | $400.00 legal work |
| Michael Bentley | $217.50 legal work |
| Paralegals | $110.00 |

Since 2017, Plaintiffs have added Anastasia Benedetto and Jonathan Borle as attorneys of record. Plaintiffs have billed Ms. Benedetto's time at an hourly rate of $200. Defendants have not objected to this hourly rate for Ms. Benedetto. Mr. Borle was just added as attorney of record in 2021, and the time period which is the subject of the Motion for Fees is the first time Plaintiffs have billed time for Mr. Borle at an hourly rate of $250. Mr. Borle's experience is similar to that of Ms. Benedetto. *See* Plaintiffs' Memorandum, p. 9.

The current hourly rates for Plaintiffs' attorneys are all within the prevailing market rate, with the possible exception of Michael Bentley, and should not be raised as requested by Plaintiffs.

**B. New Hourly Rates Requested by Plaintiffs**

In their Motion for Fees, Plaintiffs seek new hourly rate at an increase as depicted below:

| Timekeeper | Requested Rate[3] |
|---|---|
| Marcia Lowry | $475.00 / 12% increase |
| Wayne Drinkwater | $425.00 / 6% increase |

---

[3] Plaintiffs' Memorandum notes that travel for Ms. Lowry was most recently billed at the proposed rate of $237.50 (50% reduction from proposed rate of $475.00). Defendants maintain that all travel should be at a rate of 50% the regular hourly rate to be consistent with the Court's May 6, 2016, Order.

3

| Michael Bentley | $325.00 / 49% increase |
| --- | --- |
| Anastasia Benedetto[4] | $225.00 / 12% increase |
| Jonathan Borle | $250.00 |
| Paralegals | $120.00 / 9% increase |

Plaintiffs assert that the hourly rates sought "are well within the prevailing market rate in this district for attorneys with similar skill and experience." *See* Plaintiffs' Memorandum, p. 9. In support of this contention, Plaintiffs rely on the affidavit of Robert McDuff and four cases[5] in this district that discuss reasonable hourly rates – *see Jackson Women's Health Org. v. Currier*, No. 3:12-CV-436-DPJ-FKB, 2019 WL 418550 (S.D. Miss. Feb. 1, 2019); *Schaeffer v. Warren Cty., Mississippi*, No. 3:14-CV-945-DPJ-FKB, 2017 WL 5709640 (S.D. Miss. Nov. 27, 2017); *Perez v. Bruister*, No. 3:13CV1001-DPJ-FKB, 2015 WL 5712883 (S.D. Miss. Sept. 29, 2015), *aff'd*, 653 F. App'x 811 (5th Cir. 2016); *Express Oil Change, LLC v. Mississippi Bd. of Licensure for Pro. Engineers & Surveyors*, No. 3:16-CV-414-HTW-LRA, 2020 WL 7345661 (S.D. Miss. Dec. 14, 2020).

The most recent of the cases cited by Plaintiffs, *Express Oil Change*, included rates for attorneys from Bradley Arant, local counsel for Plaintiffs in this case. *Id.* at *5. In *Express Oil Change*, the court approved $375 as the rate for attorney Steve Wilson (29 years of experience at the time), $325 as the rate for attorney Michael Bentley, and $225 as the rate for attorney Simon Bailey (9 years of experience at the time). *Id.* While Plaintiffs cite the *Express Oil Change* opinion as support for increasing Mr. Bentley's rate to the same in this case, *Express Oil Change*

---

[4] While Plaintiffs' Memorandum proposes a new hourly rate of $225.00 for Ms. Benedetto, Plaintiffs most recent Invoice submitted to Defendants, which is the subject of their Motion for Fees, used an hourly rate of $250.00 for Ms. Benedetto.

[5] Defendants do not address *Schaeffer v. Warren Cty., Mississippi* because the Westlaw cite provided by Plaintiffs is not valid and a copy of the opinion was not provided by Plaintiffs.

4

also indicates that Plaintiffs' other increase requests are not justified. For example, Mr. Bailey's approved rate of $225 in *Express Oil Change* is less than that being requested in this case for associates with half the experience of Mr. Bailey. Also, the rates in *Express Oil Change* were not contested. *Id.*

The second case cited by Plaintiffs, *Perez v. Bruister*, also misses the mark. First and most importantly, the case involves hourly rates that were not disputed; therefore, the hourly rates awarded in that case are not persuasive. *Perez*, 2015 WL 5712883, at *6 ("To be clear, the rates were not disputed, and the Court finds that they should be paid."). Second, the *Perez* court used data from regional firms "with a presence in Mississippi" to calculate "the 'average' and 'high' partner rates." *Id.* Comparing those "average" and "highs" to the rates requested, the *Perez* court noted the former "suggest that premium has been sought" in this case." *Id.* For example, the $400 rate for Mr. Yezbak, an out-of-district attorney, was "an above-average rate when compared to these large regional firms." *Id.*

In *Currier*, the court approved $375 as a "reasonable, prevailing-market rate" for an attorney with nearly 28 years of experience and a sizeable practice. *Currier*, 2019 WL 418550, at *3. The approval in *Currier* of the rate of $550 for an out-of-state attorney is irrelevant to the present case. First, Plaintiffs' Memorandum only argues that the rates they request are "within the prevailing market rate in this district." *See* Plaintiffs' Memorandum, p. 9. Further, Plaintiffs specifically state they are "not seeking the out-of-district rates." *See* Plaintiffs' Memorandum, p. 11.

In sum, the hourly rates that were ordered by the Court in 2016 and 2017 continue to be reasonable and customary hourly rates in the district, and Plaintiffs' hourly rates should not be increased.

**II. Payment of Plaintiffs' Counsel Fees**

Plaintiffs request that the Court order Defendants to remit any payment of fees within thirty (30) days. However, Plaintiffs cite no authority for their position that payment should be made within that timeframe. In addition, neither § 1988 nor relevant case law nor the 2nd MSA require payment of Plaintiffs' attorneys' fees within 30 days.

First, Section 1988 does not address or define "timely payment". Section 1988 simply states "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee."

The 2nd MSA[6], however, provides some guidance related to the timing of the payment of attorneys' fees. The 2nd MSA states that "all claims for an award of attorneys' fees and litigation expenses for Plaintiffs . . . shall be separately asserted and determined according to a schedule to be fixed by the Court." *See* 2nd MSA, § 12.1. The Introduction to the 2nd MSA further provides that "at least annually after Court approval of this 2nd MSA, **and consistent with existing state budgetary practices and legal requirements**, Defendants shall request state funds and any federal/special fund authorization sufficient **to effect the provisions** and outcome measures set forth in this 2nd MSA." *See* 2nd MSA, Introduction (emphasis added). In other words, the plain language of the 2nd MSA, agreed to by Plaintiffs, contemplates that Defendants will request funds annually "consistent with existing state budgetary practices and legal requirements" to pay Plaintiffs' attorneys' fees under § 12.1 of the 2nd MSA.

As contemplated by the 2nd MSA, the practice of paying Plaintiffs' attorneys' fees through appropriation by the Mississippi legislature is in accordance with existing state budgetary practices and legal requirements under Mississippi law, which states that a "judgment

---

[6] The 2nd Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA") was approved by the Court on December 19, 2016 [ECF No. 712].

6

or decree against the State shall not be satisfied except by an appropriation therefor by the legislature, and an execution shall not be issued against the State." *See* Miss. Code Ann. § 11-45-5.

The Court has never required payment of Plaintiffs' attorneys' fees within 30 days. In fact, the only timeframe ever contemplated in an order from the Court was that payment would be made "upon appropriation by the Mississippi legislature." *See* ECF No. 635 (Order granting fees with payment "upon appropriation by the Mississippi legislature"); ECF No. 598 (Order granting fees with payment "upon appropriation by the Mississippi legislature"); and ECF No. 583 (Order granting fees "upon appropriation by the Mississippi legislature").

Plaintiffs cite to two cases to support their position that "federal law supersedes any state law" in the context of payment of their fees. *See* Plaintiffs' Memorandum, p. 15. However, neither of those cases support that counsel must be paid within a certain time period under § 1988.

The seminal case cited by Plaintiffs, and relied upon by other Fifth Circuit courts, is *Gates v. Collier*, 616 F.2d. 1268, 1272 (5th Cir. 1980). In *Gates*, the court stated that a fee award pursuant to § 1988 can be ordered to be "paid out of a state's treasury." *Id.* at 1271. The *Gates* court further found that "where a state expresses its unwillingness to comply with a valid judgment of a federal district court, the court **may** use any of the weapons generally at its disposal to ensure compliance." *Id*. (emphasis added). In other words, courts may order payment by a state defendant despite a state anti-seizure law, if necessary, because of a recalcitrant or obstinate state defendant. Such is not the case in the present case. Defendants have never shown an unwillingness or reluctance to pay the agreed upon amount of fees. Instead, throughout the entire history of this litigation, Defendants have acted in a cooperative fashion in the payment of the Plaintiffs' attorneys' fees. Plaintiffs' attorneys' fees have been

7

consistently paid through deficit appropriations requested by, and made available to, the Attorney General's office.[7] *See* Legislative Appropriation Bills 2008-2021, attached to Defendants' Motion collectively as Exhibit "A".

Plaintiffs' attorneys' fees should be paid in accordance with state law and the agreed upon 2nd MSA and consistent with how they have been paid over the course of this litigation – through a legislative deficit appropriation. Defendants request the Court deny Plaintiffs' Motion as to their request for payment within 30 days.

## III. CONCLUSION

Plaintiffs' request for an increase in hourly rates should be denied because the current hourly billing rates are reasonable and within the relevant market. Further, Plaintiffs' request for payment of fees within thirty (30) days should be denied because the 2nd MSA and relevant law supports the annual payment of attorneys' fees through a legislative deficit appropriation, a reasonable practice which has historically worked in this case and should continue.

RESPECTFULLY SUBMITTED, this the 22nd day of December, 2021.

> TATE REEVES, as Governor of the State of Mississippi, ANDREA SANDERS, as Commissioner, Mississippi Department of Child Protection Services, and KIMBERLY WHEATON, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services
>
> By: /s/ *Clint Pentecost*

---

[7] Plaintiffs' pending motions for attorneys' fees [ECF No. 843, ECF No. 870, ECF No. 883, ECF No. 901, and ECF No. 907] should all be deemed moot because those agreed upon attorneys' fees have been paid by Defendants and received by Plaintiffs.

OF COUNSEL:

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
William C. ("Clint") Pentecost (MSB #99841)
One Eastover Center - 100 Vision Drive, Suite 400
Jackson, MS  39211
Telephone:  (601) 351-2400
Facsimile:   (601) 351-2424


Douglas T. Miracle (MSB #9648)
Assistant Attorney General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
P. O. Box 220
Jackson, MS  39205