**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

OLIVIA Y., et al.,

                    Plaintiffs,

   v.

TATE REEVES, as Governor of the
State of Mississippi, et al.,

                    Defendants.

CIVIL ACTION NO.
3:04-CV-251-HSO-FKB

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

---

I.  **INTRODUCTION**

Counsel for Plaintiff Children seek an order from this Court approving the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the amount of **$29,500.68** for the monitoring and enforcement of the Second Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA") [Dkt. 712], from July 1, 2021, through December 31, 2021, and requiring Defendants to pay Plaintiffs within thirty (30) days from entry of its Order.

Following settlement negotiations, the parties have agreed on the amount of fees and expenses to which Plaintiffs are entitled. However, the parties disagree about when payment is due. Plaintiffs submit this Memorandum of Law in support of their Motion for Payment of Attorneys' Fees and Expenses.

II. **FACTS**

On February 9, 2022, Plaintiffs sent an invoice to Defendants for monitoring and enforcement work performed by Plaintiffs' counsel during the period of July 1, 2021, through December 31, 2021. *See* M. Lowry Decl., ¶ 3, attached hereto as Exhibit 1.

Plaintiffs' position on the timely payment of their attorneys' fees and expenses is laid out in previous submissions to this Court, but has never been explicitly addressed.[1] Plaintiffs fully

---

[1] *See* Plaintiffs' January 2019 Motion for Attorney Fees and Expenses [Dkt. 924], the Declaration of Marcia Robinson Lowry in Support of Motion for Attorney Fees and Expenses [Dkt. 924-1] and Reply in Support of Motion for Attorneys' Fees Judgment [Dkt. 931]; Plaintiffs' January 2019 Motion for Entry of Judgment [Dkt. 838], the Affidavit of Marcia Robinson Lowry in Support of Motion for Entry of Judgment [Dkt. 838-1], and Reply to Defendants' Response to Plaintiffs' Motion for Entry of Judgment [Dkt. 841]; Plaintiffs' May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 843]; Plaintiffs' October 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 870] and Reply in Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 874]; Plaintiffs' January 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 883] and Reply in Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 890]; Plaintiffs' October 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 901] and Reply in Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 904]; and Motion for Attorneys' Fees and Expenses [Dkt. 907], Declaration of Marcia Robinson Lowry in Support of Motion for Attorneys' Fees and Expenses [Dkt. 907-1], and Reply to Defendants' Response to Plaintiffs' Motion for Attorneys' Fees and Expenses [Dkt. 910].

reincorporate those documents here.  Defendants' position is that they cannot pay these fees unless and until the legislature appropriates funds to do so.

The 2022 legislative session convened on January 4, 2022, and concluded on April 5, 2022.  *See* M. Lowry Decl., ¶ 6.  If payment is remitted according to legislative appropriation, Plaintiffs will have to wait a total of 11 to 14 months from the time they submitted their invoice to receive payment.  *Id*. at ¶ 7.  In the past, Defendants have forced Plaintiffs to wait even longer.  *Id*. at ¶ 8.  In July 2020, for example, Defendants paid for three separate invoices all at once: (1) July 1, 2018, through December 31, 2018 [*see* Dkt. 843], (2) January 1, 2019, through June 30, 2019 [*see* Dkt. 870], and (3) July 1, 2019, through December 31, 2019 [*see* Dkt. 883].  *Id*.  In total, Plaintiffs waited about (1) 17 months, (2) 12 months, and (3) 6 months to receive payment for each of those respective invoices.  *Id*. at ¶ 9.

### III.     ARGUMENT

#### A. Plaintiffs Explicitly Objected to Payments Being Contingent on Legislative Appropriation.

Plaintiffs have never agreed to the payment of attorneys' fees and expenses being contingent on legislative appropriations.  *Id*. at ¶ 5.

Defendants previously paid Plaintiffs' attorneys' fees and expenses annually but shifted to biannual payments almost four years ago.  This is reflected in both Plaintiffs' October 2018 Unopposed Motion for Attorneys' Fees and Expenses and the Order entered by the Court on October 1, 2018.  *See* Dkt. 838-1, ¶11.

In fact, Defendants have recognized the shift to biannual payments, *not subject to legislative appropriation,* in later filings.  *See* Dkt. 810 (Unopposed Motion for Payment of Plaintiffs' Attorneys Fees and Expenses, language agreed to by Defendants' counsel, which does

3

not make payment contingent upon legislative appropriation); Dkt. 811 (Order for Payment of Plaintiffs' Attorneys Fees and Expenses, which does not make payment contingent upon legislative appropriation).

If the Court allows Defendants to remit payment in accordance with Mississippi's legislative schedule, Plaintiffs will again be forced to wait a significant amount of time to receive payment for their monitoring and enforcement work.  M. Lowry Decl., ¶ 7.

### B. It Is Well Established That Federal Law Supersedes State Law in Civil Rights Cases.

Plaintiffs have requested timely payment of the attorneys' fees and expenses to which they are entitled under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. Defendants contend, however, that payment of Plaintiffs' attorneys' fees and expenses is contingent on legislative appropriation. *Id*. at ¶ 5.  This contention has no basis in law.

It is well established that in civil rights cases, such as the *Olivia Y.* case, federal law supersedes state law, such as a state's anti-seizure provision. *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005) (recognizing "that in a civil rights action . . . there is a federal interest in the remedy sufficient to trump a state's anti-seizure provision"); *see also Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980) ("Congress has declared that states and their officials who violate federal civil rights laws must reimburse the successful plaintiff for costs incurred seeking redress.").

The Fifth Circuit has made clear that defendants who violate federal civil rights laws must pay successful plaintiffs and may not hide behind apparently conflicting state laws. *See Gates*, 616 F.2d at 1272 ("To strike down the order … because it conflicts with the laws of Mississippi … would be allowing the state, by legislative action, to recloak itself with the

Eleventh Amendment immunity which Congress has chosen to remove.  Such a result would be contrary to the command of the Supremacy Clause of the United States Constitution.").

Because federal law supersedes Mississippi's anti-seizure provision (Section 11-45-5 of the Mississippi Code Annotated), this Court may order Defendants to remit payment in a timely manner, regardless of Mississippi's legislative schedule.

### IV.   CONCLUSION

The Fifth Circuit has made clear that federal law supersedes state law in civil rights cases such as *Olivia Y.* that are based on violations of constitutional rights.  Mississippi's anti-seizure provision, therefore, does not apply here.  Defendants have no basis to withhold payment.

Accordingly, Plaintiffs respectfully request that the Court approve the parties' agreement regarding Plaintiffs' attorneys' fees and expenses in the agreed amount of $**29,500.68** and order Defendants to remit payment within thirty (30) days from entry of the Order.

RESPECTFULLY SUBMITTED, this 27th day of July 2022.

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (*pro hac vice*)
Anastasia Benedetto (*pro hac vice*)
Jonathan Borle (*pro hac vice*)
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, New York 10017
Telephone (646) 808-7344
Email: mlowry@abetterchildhood.org
abenedetto@abetterchildhood.org
jborle@abetterchildhood.org

Wayne Drinkwater, Jr. (MBN 6193)
Michael J. Bentley (MBN 102631)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 1000
188 East Capitol Street
Jackson, Mississippi 39201

Telephone: (601) 948-8000
Facsimile: (601) 948-3000
Email: wdrinkwater@bradley.com
mbentley@bradley.com

CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will deliver copies to all counsel of record.

/s/ Marcia Robinson Lowry
Marcia Robinson Lowry (*pro hac vice*)