IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., et al | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:04-cv-251-HSO-FKB |
| | ) |
| TATE REEVES, as Governor of | ) |
| the State of Mississippi, et al. | ) |
| | ) |
| Defendants | ) |

### DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFFS' MOTION FOR PAYMENT OF PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES

Defendants respond and object to Plaintiffs' Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses ("Plaintiffs' Motion") as follows:[1]

1. Plaintiffs' Motion was filed on July 27, 2022, along with their Memorandum of Law, seeking approval of the parties' agreement regarding Plaintiffs' attorneys' fees in the amount of $29,500.68 for the period of July 1, 2021, through December 31, 2021. Plaintiffs' Motion further requests payment within thirty days of a Court order.

2. Plaintiffs' request that the Court order payment of the agreed upon attorneys' fees within thirty days is unnecessary because Plaintiffs have already received payment of the agreed upon amount. *See* Declaration of Clint Pentecost, attached as Exhibit A. In fact, Plaintiffs received confirmation that payment of the agreed upon fees had been sent prior to the filing of Plaintiffs' Motion. *See* Pentecost Declaration.

---

[1] Due to the nature of this pleading, Defendants request relief from the requirement of filing a memorandum brief in support of Defendants' response.

3. Throughout the long history of this case, Defendants have objected to Plaintiffs' requests that payment of Plaintiffs' attorneys' fees should always be remitted within thirty (30) days from entry of an order. However, Defendants have never shown an unwillingness or reluctance to pay the agreed upon amount of fees. Instead, throughout the entire history of this litigation, Defendants have acted in a cooperative fashion in the payment of the Plaintiffs' attorneys' fees.[2]

4. Defendants' and the Attorney General's position on paying Plaintiffs' attorney fees through legislative appropriation is in accordance with Mississippi law, which states that a "judgment or decree against the State shall not be satisfied except by an appropriation therefor by the legislature, and an execution shall not be issued against the State." *See* Miss. Code Ann. § 11-45-5. Defendants briefed this issue most recently in their Memorandum filed as ECF No. 929 and incorporate that same argument here.

WHEREFORE, Defendants request that the Court deny Plaintiffs' Motion insofar as it seeks payment of the agreed upon fees within thirty (30) days and seeks payment outside of the legislative appropriation process.

RESPECTFULLY SUBMITTED, this the 10th day of August, 2022.

> TATE REEVES, as Governor of the State of Mississippi, ANDREA SANDERS, as Commissioner, Mississippi Department of Child Protection Services, and KIMBERLY WHEATON, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services
>
> By: /s/ Clint Pentecost

---

[2] As demonstrated in previously filed documents (e.g., ECF Nos. 873 and 909), Plaintiffs' attorneys' fees have consistently been paid through deficit appropriations requested by, and made available to, the Attorney General's office.

OF COUNSEL:

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
William C. "Clint" Pentecost (MSB #99841)
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS  39211
Telephone:  (601) 351-2400
Facsimile:   (601) 351-2424