## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | | |
|---|---|---|
| OLIVIA Y., et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **3:04-CV-251-HSO-FKB** |
| | ) | |
| TATE REEVES, as Governor of the | ) | |
| State of Mississippi, et al, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

Counsel for Plaintiff children seek an order[1] from this Court under 42 U.S.C. § 1988 awarding them reasonable attorneys' fees and expenses in the total amount of $17,383.92 for the monitoring and enforcement of the Second Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA," Dkt. No. 712) from January 1, 2022, through June 30, 2022, and ordering Defendants to remit payment to Plaintiffs within thirty (30) days from entry of the requested order.

As a threshold matter, Defendants do not contest Plaintiffs' entitlement to fees. Moreover, Defendants do not object to any individual billing entry. M. Lowry Decl., ¶ 10. The main issue the parties dispute is the hourly rate to which Plaintiffs are

---

[1] Plaintiffs are not required to provide notice to class members concerning this fee application. On February 25, 2014, the Court, in its Order granting Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses, (Dkt. No. 598) stated that "[b]ecause the notice received by Plaintiff Class pursuant to Rule 23(h) as to Plaintiffs' first Unopposed Motion for Approval of Settlement Regarding Plaintiffs' Attorney's Fees "included notification that Plaintiffs' Counsel might periodically be submitting fee application for monitoring and enforcement work performed on behalf of the Plaintiff Class and that no additional notification would be made of such applications, and because additional notice would impose undue cost and burden, notice pursuant to Rule 23(h) of this and any subsequent fee applications for post-judgment monitoring and enforcement work is unnecessary.'" Order on Unopposed Motion for Plaintiffs' Attorney's Fees and Expenses. (*Id.*).

entitled. *Id.* Simply put, Defendants refuse to grant Plaintiffs a modest hourly raise from a rate which this court set <u>almost seven years ago</u>. In addition, the parties disagree about when these fees become due for payment. *Id.* Plaintiffs respectfully submit this Memorandum of Law in support of their motion for attorneys' fees and litigation expenses.

## BACKGROUND

Plaintiff Children filed this action in 2004 seeking injunctive relief to remedy the terrible deficiencies in Mississippi's child welfare system. After extensive and hard-fought litigation, the case settled in January 2008. (Mississippi Settlement agreement and Reform Plan, ("Settlement Agreement"), Dkt. No. 459, filed January 4, 2008)). In October 2010, faced with Defendants' continuing non-compliance with the terms of the Settlement Agreement, Plaintiffs filed their Motion for Contempt and for the Appointment of a Receiver. Dkt. No. 511. The Court denied Plaintiffs' motion but found that Defendants had "failed to comply with most of the requirements established by the . . . court-approved Settlement Agreement." Dkt. No. 557. The Court instructed the parties to re-negotiate the Settlement Agreement's targets and implementation time frames and, in July 2012, the Court entered the Modified Mississippi Settlement Agreement and Reform Plan. Dkt. No. 571. In December 2016, the Court entered the Second Modified Mississippi Settlement Agreement and Reform Plan, ("2nd MSA"), (Dkt. No. 712), and Stipulated Third Remedial Order, ("STRO"), (Dkt. No. 713). The 2nd MSA is currently the operative settlement agreement in this case.

2

### A. The Parties Disagree About Hourly Rate Amounts

On May 6, 2016, this Court ordered Defendants to pay Plaintiffs, in part, according to the following hourly rates:

| Attorney | Hourly Rate |
|---|---|
| Marcia Lowry | $425.00 legal work<br>$212.50 travel |
| Sara Glasser (Ms. Lowry's associate) | $350.00 legal work<br>$175.00 travel |
| Michael Bentley | $217.50 legal work |
| Paralegals | $110 |

*See* Dkt. No. 691 at 11. For the past six years, Defendants have paid Plaintiffs according to that rate. In December 2021, in a Motion for Attorney Fees and Expenses, Plaintiffs formally requested that this Court increase their fee rates for the time period from January 1, 2021 through June 30, 2021. Dkt. Nos. 924-925; M. Lowry Decl., ¶ 7. In that Motion—which this Court has still not decided—Plaintiffs specifically request the following rate structure, which is well within community rates. Dkt. No. 925, pg. 3.

| Attorney | Hourly Rate |
|---|---|
| Marcia Lowry | $475.00 legal work<br>$237.50 travel |

| Anastasia Benedetto (Ms. Lowry's associate) | $225.00 |
|---|---|
| Jonathan Borle (Ms. Lowry's associate) | $250.00 |
| Wayne Drinkwater | $450.00 |
| Michael Bentley | $325.00 |
| Paralegals | $120 |

More recently, for monitoring work performed from July 1, 2021, through December 31, 2021, Plaintiffs and Defendants agreed to a settled amount, without requiring any motion practice. M. Lowry Decl., ¶ 8.

For the most recent period—January 1, 2022, through December 31, 2022—the Parties have been unable to resolve the billing rate issue. *Id.* at ¶ 10. Plaintiffs now ask this Court to raise—for the first time in almost 7 years—its hourly fees.

**B. The Parties Disagree on the Timing of Payment.**

The parties are also unable to agree on a reasonable timeframe for payment of these fees. *Id.* Plaintiffs request timely payment of attorneys' fees and expenses, within thirty (30) days from entry of the requested fee order.

Plaintiffs' position regarding the timely payment of their attorneys' fees and expenses is laid out in previous submissions to this Court but has never been explicitly addressed. [2] Plaintiffs reincorporate the arguments in those filings.

---

[2] *See* Plaintiffs' January 2019 Motion for Attorney Fees and Expenses [Dkt. 924], the Declaration of Marcia Robinson Lowry in Support of Motion for Attorney Fees and Expenses [Dkt. 924-1] and Reply in Support of Motion for Attorneys' Fees [Dkt. 931]; Plaintiffs' January 2019 Motion for Entry

Plaintiffs fully reincorporate those documents here.  Defendants' position is that they cannot pay these fees unless and until the legislature appropriates the funds to do so. *See id*.

The 2023 legislative session convened this month and is not scheduled to adjourn until April 2, 2023.  *Id*. at ¶ 18, Att. E.  If payment is remitted according to legislative appropriation, Plaintiffs will have to wait more than six months from the time they submitted their invoice to receive payments.  *Id*.  In the past, Defendants have forced Plaintiffs to wait even longer.  *Id*.  In July 2020, for example, Defendants paid for three separate invoices all at once: (1) July 1, 2018, through December 31, 2018 [*see* Dkt. 843], (2) January 1, 2019, through June 30, 2019 [see Dkt. 870], and (3) July 1, 2019, through December 31, 2019 [see Dkt. 883].  *Id*.  In total, Plaintiffs waited about (1) 17 months, (2) 12 months, and (3) 6 months to receive payment for each of those respective invoices.  *Id*.

## ARGUMENT

Plaintiffs are entitled to an award of reasonable attorneys' fees under 42 U.S.C. § 1988, which provides that in federal civil rights litigation, the prevailing party may

---

of Judgment [Dkt. 838], the Affidavit of Marcia Robinson Lowry in Support of Motion for Entry of Judgment [Dkt. 838-1]  and Reply to Defendants' Response to Plaintiffs' Motion for Entry of Judgment [Dkt. 841]; Plaintiffs' May 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 843]; Plaintiffs' October 2019 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 870] and Reply in Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 874]; Plaintiffs' January 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 883] and Reply in Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 890]; Plaintiffs' October 2020 Motion for Payment of Plaintiffs' Attorneys' Fees and Expenses [Dkt. 901] and Reply in Further Support of Motion for Attorneys' Fees and Expenses [Dkt. 904]; and Motion for Attorneys' Fees and Expenses [Dkt. 907], Declaration of Marcia Robinson Lowry in Support of Motion for Attorneys' Fees and Expenses [Dkt. 907-1], and Reply to Defendants' Response to Plaintiffs' Motion for Attorneys' Fees and Expenses [Dkt. 910].

be entitled to "a reasonable attorney's fee as part of the costs." The purpose of Section 1988 "is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, p. 1 (1976)); *see also Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 543 (5th Cir. 1980) ("Congress enacted this statute in 1976 to encourage private attorneys general to enforce fundamental constitutional rights under section 1983."). Attorney's fees should be denied under Section 1988 only when there is "an extremely strong showing of special circumstances." *Sanchez v. City of Austin*, 774 F.3d 873, 880 (5th Cir. 2014)). They should be awarded to prevailing Plaintiffs in Section 1983 actions "as a matter of course." *Riley v. City of Jackson*, Miss., 2 F. Supp. 2d 864, 871 (S.D. Miss. 1997) (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983)).

**A.      Plaintiffs are Entitled to Reasonable Fees for Their Post-Judgment Monitoring and Enforcement Work**

Plaintiffs' entitlement to fees for the monitoring and enforcement work done during this period, under 42 U.S.C. § 1988, is not in dispute. Plaintiffs prevailed in the underlying proceedings in this litigation, and as such, are entitled to reasonable fees for post-judgment monitoring and enforcement work to ensure that they obtain the relief which the Court has awarded. *See, e.g.*, *Pennsylvania v. Delaware Valley Citizens Council For Clean Air*, 478 U.S. 546, 559 (1986), r'vd on other grounds, 483 U.S. 711 (1987) ("in the context of . . . 42 U.S.C. § 1988, post-judgment monitoring of a consent decree is a compensable activity for which counsel is entitled to a reasonable fee); *Walker v. U.S. Dept. of Housing Urban Development*, 99 F.3d 761, 767 (5th Cir. 1996) (monitoring a consent judgment previously entered entitles a plaintiff to

attorneys' fees); *Miller v. Carson*, 628 F.2d 346, 349 (5th Cir. 1980) (granting attorney's fees for the filing of a contempt motion that was "related to the enforcement of [an] injunction" although the court did not make a finding of contempt). Indeed, this Court has confirmed Plaintiffs are entitled to fees for continuing enforcement work. *See* Dkt. No. 691 (order awarding fees for enforcement work).

A reasonable fee is one that is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A.*, 130 S.Ct. 1662 (2010) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Federal Rule of Civil Procedure 23(h), as amended, provides that in a certified class action, the Court is responsible for determining a reasonable fee and "must ensure that the amount and mode of payment of attorney fees are fair and proper." *See* Fed. R. Civ. P. 23(h) advisory committee's note (2003 Amendments). *See also In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) ("In a class action settlement, the district court has an independent duty under Federal Rule of Civil Procedure 23 to the class and the public to ensure that attorneys' fees are reasonable and divided up fairly among Plaintiffs' counsel.").

### 1. Plaintiffs Request Reasonable Fees and Expenses

In this application, Plaintiffs seek fees at rates well within the prevailing rates for attorneys with comparable experience and lower than the rates that Plaintiffs' attorneys otherwise receive. "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the

litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *accord League of United Latin Am. Citizens #4552 (LULAC) v. Roscoe Indep. School Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The resulting product, known as the lodestar, is used for calculating attorney's fees under §1988. *See In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008).

To determine a reasonable hourly rate, the Court must consider the attorneys' customary billing rates as well as prevailing market rates. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) ("When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed."). Rates should generally be consistent with those in the relevant community for lawyers of "reasonably comparable skill, experience and reputation." *Blum* at 896 n. 11 (1984). *See also Black v. Settlepou P.C.*, 732 F.3d 492 (5th Cir., 2013) ("an appropriate hourly rate is the market rate in the community for this work."). The hourly rates Plaintiffs seek are well within local community rates. Dkt. No. 924, Ex. 5 ¶¶ 3-7.

### a. The Lodestar is Reasonable

Plaintiffs billed a total of 59.45 hours (including travel) during this billing period. M. Lowry Decl., ¶ 11. These hours include Plaintiffs' counsel's ongoing monitoring of non-compliance and efforts to seek remedies to ensure the protection of the Plaintiff class, including two conferences, which both occurred in New York.

Moreover, Plaintiffs' counsel also continued to work with the Monitor, reviewing current data and discussing findings and additional data needs with the Monitor. *Id.*

### b. The Fees Sought are Within the Prevailing Market Rate

The hourly rates that Plaintiffs' attorneys seek are well within the prevailing market rate in this district for attorneys with similar skill and experience. Dkt. No. 924, Ex. 5, ¶¶ 3-7. Plaintiffs' attorneys seek hourly rates of $475 for Ms. Lowry; $450 for Wayne Drinkwater; $325 for Michael Bentley; $225 for Anastasia Benedetto; $250 for Jonathan Borle; and $120 for ABC and Bradley Arant paralegals. Ms. Lowry has been a practicing attorney for over 50 years and has already brought more than 20 class action lawsuits on behalf of foster children. *See* M. Lowry Decl., ¶¶ 2-3. Mr. Bentley is a partner at Bradley Arant with over 14 years of litigation experience. *See* M. Bentley Decl., ¶ 2, Att. A. Ms. Benedetto is a senior staff attorney at ABC and has more than five years of litigation experience, including three years in the child welfare realm. A. Benedetto Decl., ¶ 2. Mr. Borle is a staff attorney at ABC with more than six years of litigation experience, including one year as a law clerk to United States District Judge Thomas L. Parker, in Memphis, Tennessee. J. Borle Decl., ¶ 2.

The rates charged by all the attorneys in this case are within ranges approved by this Court in recent cases involving constitutional rights. *See, e.g.*, *Jackson Women's Health Org. v. Currier*, No. 3:12-CV-436-DPJ-FKB, 2019 WL 418550 (S.D. Miss. Feb. 1, 2019) ($550/hour for out-of-state counsel, $375/hour for local counsel);

*Schaeffer v. Warren Cty., Mississippi*, No. 3:14-CV-945-DPJ-FKB, 2017 WL 5709640 (S.D. Miss. Nov. 27, 2017) ($325/hour).

In *Perez v. Bruister*, this court noted that the average hourly rate for partners at firms with a presence in Mississippi was $392, that the highest rate was $540, and approved an hourly rate of $700/hour ("well above the high average for these regional firms") for one attorney. *Perez v. Bruister*, 3:13CV1001-DPJ-FKB, 2015 LEXIS 131285 (S.D. Miss. Sept. 29, 2015).

Notably, the Perez court explicitly considered the hourly rates of Defendants' firm, Baker, Donelson, Bearman, Caldwell & Berkowitz in forming its calculation. *Id*. at n.5. Furthermore, this court recently awarded Mr. Bentley fees at the rate of $325 in another matter. *See Express Oil Change, LLC et al v. Mississippi Board of Licensure for Professional Engineers & Surveyors*, 3:16-cv-00414-HTW-LRA, Dkt. No. 68. With respect to Ms. Lowry, this Court "has become familiar with Ms. Lowry and her skill and expertise in the specific area of child welfare reform." *See* Dkt. No. 691 at Page 9 of 11.

### c. Out of Area Counsel is Entitled to Seek Rates Based on Counsel's Home Area or National Rates

The law allows a uniquely qualified out-of-area counsel, such as Ms. Lowry, to seek rates based on counsel's home area, or based on national rates. *See McClain v. Lufkin Indus. Inc.*, 649 F.3d 374, 382 (5th Cir. 2011) ("counsel may be entitled to the rates they charge in their home districts under certain limited circumstances"); *see also Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995) (citing *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768-69 (7th Cir. 1982)). There is "abundant and uncontradicted

evidence" that out-of-district counsel was necessary to prosecute this case. *McClain* at 382. In *McClain*, the Fifth Circuit clarified that when out-of-district counsel "are proven to be necessary to secure adequate representation for a civil rights plaintiff, the rates charged by that firm [$650/hour] are "the starting point for the lodestar calculation." *Id.* at 383. Likewise, the Sixth Circuit affirmed the award of 1988 attorneys' fees at out-of-state rates in a statewide child welfare class action case substantially like the case at bar, where the Plaintiffs presented affidavits from local attorneys stating that there was no local counsel with "the resources, expertise, or willingness" to bring the suit. *Brian A. v. Hattaway*, 83 Fed. App. 692, 695 (6th Cir. 2003). Ms. Lowry, however, is not seeking the out-of-district rates to which she would be entitled. M. Lowry Decl., ¶ 15.

**2. The Relevant Johnson Factors Support the Reasonableness of the Proposed Attorneys' Fees Award.**

After calculating the lodestar amount, the court must scrutinize a fee award under the *Johnson* factors. *In re High Sulfur Content*, 517 F.3d at 228. In essence, under *Johnson*, the court looks at a variety of factors pertaining to the level of difficulty of the case and the skill of the attorneys. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). This Court's Johnson analysis "'need not be meticulously detailed'" nor "'excruciatingly explicit,'" lest "'decisions of fee awards consume more paper than did the cases from which they arose.'" *In re High Sulfur Content*, 517 F.3d at 228-29 (quoting *La. Power & Light Co.*, 50 F.3d at 331). Moreover, "[e]ven though the *Johnson* factors must be addressed to ensure that the

resulting fee is reasonable, not every factor need be necessarily considered." *Batchelder v. Kerr-McGee Corp.*, 246 F. Supp. 2d 525, 531-32 (N.D. Miss. 2003) (citing *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993)).

Each relevant *Johnson* factor regarding the level of difficulty of the case supports this fee award. This case involves the health, safety, and well-being of tens of thousands of children, and is undeniably time and labor intensive. This case presents challenging legal questions, including the scope of appropriate injunctive relief and the appropriate remedies for Defendants' violations of court orders. Addressing these issues has demanded enormous time and commitment by Plaintiffs' attorneys. In this billing period, as discussed previously, Plaintiffs' attorneys have done extensive work to protect Plaintiffs' rights. All this work, and the hours expended, have been necessitated by Defendants' ongoing failure to fulfill their legal obligations to Plaintiff class members.

The factors concerning the level of skill of the attorneys likewise support this fee award. As previously discussed, Plaintiffs' attorneys have extensive experience in both civil litigation and in child welfare litigation specifically, and the fees sought are comparable to rates that Plaintiffs' counsel have previously been awarded in analogous matters, and well below what Plaintiffs would be entitled if they were seeking national rates. Finally, all travel time was billed at 50% of counsel's usual hourly rate. *See Table 1, supra*.

**B.      There Were no Expenses During this Period**

In this application, Plaintiffs' counsel do not seek reimbursement of any expenses, given that both conferences occurred at Plaintiff's counsel, ABC's office in New York City.  M. Lowry Decl., ¶ 15.

**C.      Plaintiffs are Entitled to Timely Payment**

Plaintiffs have never agreed to the payment of attorneys' fees and expenses being contingent on legislative appropriation.  *Id*. at ¶ 10.

Defendants previously paid Plaintiffs' attorneys' fees and expenses annually but shifted to biannual payments more than four years ago.  This is reflected in both Plaintiffs' October 2018 Unopposed Motion for Attorneys' Fees and Expenses and the Order entered by the Court on October 1, 2018.  *See* Dkt. 838-1, ¶ 11.

In fact, Defendants have recognized the shift to biannual payments, not subject to legislative appropriation, in later filings.  *See* Dkt. 810 (Unopposed Motion for Payment of Plaintiffs' Attorneys Fees and Expenses, language agreed to by Defendants' counsel, which does not make payment contingent upon legislative appropriation); Dkt. 811 (Order for Payment of Plaintiffs' Attorneys Fees and Expenses, which does not make payment contingent upon legislative appropriation).

If the Court allows Defendants to remit payment in accordance with Mississippi's legislative schedule, Plaintiffs will again be forced to wait a significant amount of time to receive payment for their monitoring and enforcement work.

Moreover, it is well established that in civil rights cases, such as *Olivia Y*., federal law supersedes any state law, such as a state's anti-seizure provision.  *See*

*Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005) (recognizing "that in a civil rights action . . . there is a federal interest in the remedy sufficient to trump a state's anti-seizure provision"); *see also Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980) ("Congress has declared that states and their officials who violate federal civil rights laws must reimburse the successful plaintiff for costs incurred seeking redress.").

The Fifth Circuit has made clear that defendants who violate federal civil rights laws must pay successful plaintiffs and may not hide behind apparently conflicting state laws. *See Gates*, 616 F.2d at 1272 ("To strike down the order . . . because it conflicts with the laws of Mississippi . . . would be allowing the state, by legislative action, to recloak itself with the Eleventh Amendment immunity which Congress has chosen to remove. Such a result would be contrary to the command of the Supremacy Clause of the United States Constitution.").

Because federal law supersedes Mississippi's anti-seizure provision (Section 11-45-5 of the Mississippi Code Annotated), this Court may order Defendants to remit payment in a timely manner, regardless of Mississippi's legislative schedule.

Accordingly, Plaintiffs respectfully request that this Court order Defendants to remit timely payment within thirty (30) days from entry of its Order.

## CONCLUSION

Plaintiffs have presented a reasonable lodestar calculation that the *Johnson* factors support. And Defendants have no basis to withhold payment for an extended and/or uncertain duration of time. The Court should, therefore, award Plaintiffs fees

of $17,383.92 for 56.45 total hours of attorney work (including travel) and 3 total hours of paralegal work, and direct Defendants to remit payment within thirty (30) days from entry of its Order.

Respectfully submitted: February 3, 2023.

/s/ Marcia Robinson Lowry

Marcia Robinson Lowry (*pro hac vice*)
Anastasia Benedetto (*pro hac vice*)
Jonathan Borle (*pro hac vice*)
A Better Childhood, Inc.
355 Lexington Ave Floor 16
New York, NY 10017
Telephone: (646) 795-4456
Email: mlowry@abetterchildhood.org
abenedetto@abetterchildhood.org
jborle@abetterchildhood.org

Michael J. Bentley (MSB 102631)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS  39201
Phone: 601.948.8000
Fax: 601.592.1457
Email: mbentley@bradley.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Marcia Robinson Lowry, an attorney for *Plaintiffs Olivia Y. et al.*, certify that on February 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Marcia Robinson Lowry*
*Attorney for Plaintiffs Olivia Y. et al.*
