**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | | |
|---|---|---|
| **OLIVIA Y., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **3:04-CV-251-HSO-FKB** |
| | ) | |
| **TATE REEVES, as Governor of the** | ) | |
| **State of Mississippi, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND EXPENSES**

On February 3, 2023, Plaintiffs filed a motion seeking attorneys' fees in the amount of $17,382.92 for the monitoring and enforcement of the Second Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA," Dkt. No. 712), from January 1, 2022, through June 30, 2022 ("Motion"). *See* Dkt. Nos. 941-942. In that Motion, Plaintiffs also requested that the Court rule on another unresolved fee motion that Plaintiffs had filed on December 1, 2021. (Dkt. No. 924). Dkt. 941 at pg. 1. In both motions, Plaintiffs request that the Court increase their counsels' fee rates (which the Court last set in 2017) and order Defendants to remit payment within thirty days from entry of an order. *See* Dkt. No. 942; *see also* Dkt. No. 925.

Defendants opposed the Motion. Dkt. No. 943. Plaintiffs, therefore, file this Reply in support of their Motion for Attorneys' Fees and Expenses.

I.      DISCUSSION

A.      **Plaintiffs seek rates that are reasonable**

Defendants argue the 2016 fee rates "continue to be reasonable and customary hourly rates in the district and should not be increased." Dkt. No. 943 at pg. 2. But Defendants continue to lack authority for that assertion, providing neither a sworn declaration from a local practitioner nor a case law citation to support their claim. Dkt. No. 943 at pg. 2; *see also* Dkt. No. 929 at pg. 5.

To determine proper fee rates, courts must rely on facts supported by the existing record—not one party's blank statements. *Lighthouse Rescue v. City of Hattiesburg, Miss.*, No. 2:12 CV-184 at \*5 (S.D. Miss. April 23, 2014) (citing *McClain v. Lufkin Industries*, 649 F.3d 374, 383 (5th Cir. 2011) ("the 'hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate.'"); *Idom v. Natchez-Adams School District*, No. 5:14-CV-38 at \*3 (S.D. Miss. Jan. 25, 2016) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("'Generally, the reasonable hourly rate for a particular community is established though affidavits of other attorneys practicing there.'")).

Robert McDuff's Declaration, which Plaintiffs referenced and reincorporated in their Motion, is the only sworn statement in the record regarding customary hourly rates in present-day Mississippi. *See* Dkt. 924-5. In that declaration, McDuff opined that Plaintiffs' requested hourly rates are all reasonable. *Id.* Specifically, McDuff indicated that $475 per hour for Marcia Lowry, $325 for

Michael Bentley, $250 for Jonathan Borle, and $225 for Anastasia Benedetto are all reasonable rates for attorneys of similar experience in the Southern District of Mississippi.[1]  *Id.*  It has been more than one year since McDuff opined on this issue and Plaintiffs' attorneys have continued to gain experience while inflation has kept running its course, making these requested rates even more reasonable.

Plaintiffs' requested fee rates were reasonable for the state of Mississippi in 2021, and remain so today, in 2023.  Defendants could not then, and cannot now, provide any contrary evidence.

**B.    Plaintiffs deserve timely payment**

This Court has sole authority to determine the time of payment.  In civil rights cases, federal law supersedes a state's anti-seizure provision.  *See Freeman Decorating Co. v. Encuentro Las Ams. Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2005); *see also Gates v. Collier*, 616 F.2d 1268, 1272 (5th Cir. 1980).  Allowing Defendants to determine the time of payment "because it [otherwise] conflicts with the laws of Mississippi . . . would be allowing the state, by legislative action, to recloak itself with the Eleventh Amendment immunity which Congress has chosen to remove." *Gates*, 616 F.2d at 1272.

The 2nd MSA's Introduction requires Defendants to request state funds—at least annually, in a manner "consistent with existing state budgetary practices and legal requirements"—to comply with "the provisions and outcome measures set forth" in the agreement.  2nd MSA, Introduction.  In other words, Defendants must

---

[1] McDuff did not opine on the proper rate for a paralegal.  Plaintiffs seek a modest $10 per hour increase, to $110.

proactively seek out legislative appropriation to adequately fund the 2nd MSA's

affirmative requirements (such as hiring caseworkers, adding mental health

services, and so forth).  Attorneys' fees, which are neither "provisions" nor "outcome

measures" for purposes of the 2nd MSA, are simply in a different category.  In fact,

the 2nd MSA specifically provides that attorneys' fees will be paid "according to a

schedule to be fixed by the Court."  2nd MSA §12.1.

Defendants also argue they should pay fees "consistent with how they have

been paid over the course of this litigation—through a legislative deficit

appropriation."  *See* Dkt. No. 929, pg. 8.  That purported prior practice is irrelevant

because plaintiffs have frequently opposed the practice, and the court has never

ruled on it.  *See e.g.*, Dkt. No. 838-1, ¶ 4.

Indeed, Defendants' practice of conditioning payment on legislative

appropriation has caused Plaintiffs' counsel to suffer unreasonable delay.  For

example, Plaintiffs have had to wait up to 17 months to receive fees that they

initially sought through delivering invoices in February[2].  Dkt. No. 901-1 ¶¶ 7-8.

For these reasons, Plaintiffs request this Court order prompt payment of

attorneys' fees to avoid prejudicing Plaintiffs with such delays in the future.

## II.    CONCLUSION

Plaintiffs have presented a reasonable lodestar calculation that the *Johnson*

factors support.  And Defendants have no basis to withhold payment for an extended

---

[2] Plaintiffs submitted an invoice to Defendants on February 1, 2019, for enforcement work from July 1, 2018, through December 31, 2018.  ECF No. 843-1 ¶3.  Plaintiffs received payment on July 16, 2020.  Dkt. No. 901-1 ¶¶ 8.

and/or uncertain duration of time.  The Court should, therefore, award Plaintiffs fees

of $17,383.92 for 56.45 total hours of attorney work (including travel) and 3 total

hours of paralegal work.  Plaintiffs also request that the Court rule on Plaintiffs' prior

fee motion (*see* Dkt. No. 924) and award Plaintiffs $99,466.92 for attorney work and

expenses documented in those papers.  Plaintiffs finally request that this Court direct

Defendants to remit all payment within thirty (30) days from entry of its Order.

     Respectfully submitted, February 23, 2023.


         */s/Marcia Robinson Lowry*
         Marcia Robinson Lowry (*pro hac vice*)
         Anastasia Benedetto (*pro hac vice*)
         Jonathan Borle (*pro hac vice*)
         A Better Childhood, Inc.
         355 Lexington Ave Floor 16
         New York, NY 10017
         Telephone: (646) 795-4456
         Email: mlowry@abetterchildhood.org
         abenedetto@abetterchildhood.org
         jborle@abetterchildhood.org

         Michael J. Bentley (MSB 102631)
         BRADLEY ARANT BOULT CUMMINGS, LLP
         One Jackson Place
         188 E. Capitol Street, Suite 1000
         Jackson, MS  39201
         Phone: 601.948.8000
         Fax: 601.592.1457
         mbentley@bradley.com

         *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Marcia Robinson Lowry, an attorney for *Plaintiffs Olivia Y. et al.*, certify that

on February 24, 2023, I electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system, which will send notification of such filing to all counsel of

record.

*/s/Marcia Robinson Lowry*
*Attorney for Plaintiffs Olivia Y. et al.*
