

CLERK, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

US DISTRICT COURT
501 E COURT ST
JACKSON MS 39201

Return to
sender

$2.22 0
US POSTAGE
FIRST-CLASS
062S00C144328
3950
890173.149

Elizabeth Shanks Frizsell
5846 Clubview Dr.
Jackson, MS 39211

NIXIE        326   EE 1        7204/22/23
        RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
        UNABLE TO FORWARD
BC: 39200              2247N112041-01105

RECEIVED
MAY - 1 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

## Orders on Motions

3:04-cv-00251-HSO-FKB
Johnson, et al v. Barbour, et al
**CASE CLOSED on 01/04/2008**

CLOSED,FKB

### U.S. District Court

### Southern District of Mississippi

## Notice of Electronic Filing

The following transaction was entered on 3/20/2023 at 2:35 PM CDT and filed on 3/20/2023
**Case Name:**     Johnson, et al v. Barbour, et al
**Case Number:**     3:04-cv-00251-HSO-FKB
**Filer:**
**WARNING: CASE CLOSED on 01/04/2008**
**Document Number:** 945

**Docket Text:**
**ORDER granting in part and denying in part Plaintiffs' Motions [924], [941] for Award of Class Counsel's Fees and Expenses. Signed by District Judge Halil S. Ozerden on March 20, 2023. (ENW)**

**3:04-cv-00251-HSO-FKB Notice has been electronically mailed to:**

Anastasia Benedetto - PHV     abenedetto@abetterchildhood.org

C. Randy Cotton     rcotton@baptistchildrensvillage.com

Christian D. Carbone - PHV     ccarbone@loeb.com, nydocket@loeb.com

Dawn J. Post - PHV     dpost@abetterchildhood.org

Douglas T. Miracle-State Gov     doug.miracle@ago.ms.gov, fonda.hellen@ago.ms.gov

Eileen Crummy     ecrummy@public-catalyst.com

Grace M. Lopes - PHV     gracemlopes@gmail.com

Harold Edward Pizzetta , III     hpizzetta@umc.edu, fhell@ago.state.ms.us

John A. Piskora - PHV     jpiskora@loeb.com

Jonathan G. Borle - PHV     jborle@abetterchildhood.org

Kevin Ryan     kevinmichaelryan1967@gmail.com

Lisa Taylor    ltaylor@public-catalyst.com

Marcia Robinson Lowry - PHV    mlowry@abetterchildhood.org, 7595318420@filings.docketbird.com, 8580637420@filings.docketbird.com, abc@ecf.courtdrive.com, jmacdonald@abetterchildhood.org, srglasser@abetterchildhood.org

Melody McAnally    melody.mcanally@butlersnow.com, ecf.notices@butlersnow.com, pamela.atkins@butlersnow.com

Michael J. Bentley    mbentley@bradley.com, jaltobelli@bradley.com, michael-bentley-3817@ecf.pacerpro.com, mtbrown@bradley.com, sruhl@bradley.com

Paul Mathis    paulmathis@bellsouth.net

Reuben V. Anderson    reuben.anderson@phelps.com

Sara Robinson-Glasser - PHV    srglasser@abetterchildhood.org, dfriedman@loeb.com, srglasserlaw@gmail.com

Sheila A. Bedi    sheila.a.bedi@gmail.com

Stephen A. Dixon - PHV    sdixonchildadvocate@hotmail.com

Stephen H. Leech , Jr    stephenhleech@aol.com

William C. Pentecost    cpentecost@bakerdonelson.com, clintpentecost@yahoo.com, glong@bakerdonelson.com, ltraxler@bakerdonelson.com

**3:04-cv-00251-HSO-FKB Notice has been delivered by other means to:**

Catholic Diocese of Jackson
237 Amite Street
P. O. Box 2248
Jackson, MS 39225-2248

Coalition for Children's Welfare
Address Unknown

Delta State University
Department of Social Work
Box 3172
Cleveland, MS 38733

Mississippi Children's Home Services
c/o John M. Damon
1900 N. West Street
P. O. Box 1078
Jackson, MS 39215

National Association of Social Workers

P. O. Box 5599
Pearl, MS 39288-5599

Professionals Advocating for Children Together
PACT
P. O. Box 1446
Gulfport, MS 39502

Elizabeth Shanks Frizsell
5846 Clubview Dr.
Jackson, MS 39211

Erica A. Reed - PHV
A BETTER CHILDHOOD, INC. - Chappaqua
1095 Hardscrabble Road
Chappaqua, NY 10514

George Whitten, Jr
Attorney at Law
310 High Street
Greenwood, MS 38930-3652

Jean Smith
332 Niemeyer Lane
Lumberton, MS 39455

Jerelyn Jones
912 Eastview Street
Jackson, MS 39203

Richard Ferguson
P.O. Box 1767
Phildelphia, MS 39350

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1081288797 [Date=3/20/2023] [FileNumber=6469612-0
] [252c3959d3e066947153bf13bd81e3e9bbdf562050896a44f19c913f0256203f9d7
9eeb17309acf04c56598f5acd07c5514d839b3b2093c822fbf94b756e08ab]]

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | | |
|---|---|---|
| **OLIVIA Y., et al.** | § | **PLAINTIFFS** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 3:04cv251-HSO-FKB** |
| | § | |
| | § | |
| **TATE REEVES, as Governor of the** | § | |
| **State of Mississippi, et al.** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS [924], [941] FOR AWARD OF CLASS COUNSEL'S FEES AND EXPENSES

BEFORE THE COURT are Plaintiffs' two Motions [924], [941] for Award of Class Counsel's Fees and Expenses pursuant to 42 U.S.C. § 1988 for the following time periods: (1) January 1, 2021, through June 30, 2021; and (2) January 1, 2022, through June 30, 2022.   After due consideration of the record and relevant legal authority, the Court finds that both Motions [924], [941] should be granted in part and denied in part.  The Court will grant Plaintiffs' request for attorneys' fees, but it finds reductions in the hourly rates for attorney Anastasia Benedetto in the first period and for paralegals in both periods are appropriate.  The Court will grant Plaintiffs' request for expenses but will deny their request to set a specific deadline by which their fees and expenses must be paid.  Plaintiffs will be awarded a total of $113,677.70.

## I.  BACKGROUND

Plaintiffs seek an award of their class counsel's attorney fees and expenses pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54 for two separate periods of time—from January 1, 2021, through June 30, 2021 (the "2021 Period"), and from January 1, 2022, through June 30, 2022 (the "2022 Period"). *See* Mot. [924], [941].  Plaintiffs also ask the Court to order the "timely payment of the agreed-to attorneys' fees and expenses, within thirty (30) days from entry of the requested fee order."  Mem. [925] at 4.

Plaintiffs have received previous payments of fees and expenses for work performed in this case.  The Court last approved adjusted reasonable hourly rates in an Order [691] entered on May 6, 2016, more than five years prior to the two periods of time at issue here.  *See* Order [691].  At that time, the Court determined that reasonable rates were as follows:

| Attorney | Reasonable Hourly Rates as of May 6, 2016 |
| --- | --- |
| Marcia Lowry | $425.00 (legal work) $212.50 (travel) |
| Sara Glasser | $350.00 (legal work) $175.00 (travel) |
| Stephen Dixon | $300.00 (legal work) $150.00 (travel) |
| Wayne Drinkwater | $400 (legal work) |
| Michael Bentley | $217.50 (legal work) |
| Paralegals | $110.00 |

*See id.* at 11.

Plaintiffs' recent Motions [924], [941] request an increase in their reasonable hourly rates as follows:

2

| Attorney | Proposed New Rates |
|---|---|
| Marcia Lowry | $475.00 (legal work) |
| | $237.50 (travel) |
| Anastasia Benedetto | $250.00 (legal work) or |
| | $225.00 (legal work)[1] |
| Jonathan Borle | $250.00 (legal work) |
| | $125.00 (travel) |
| Wayne Drinkwater | $450.00 (legal work) |
| Michael Bentley | $325.00 (legal work) |
| Paralegals | $120.00 |

*See* Lowry Decl. [924-1] at 7; Lowry Decl. [941-1] at 7.  Lowry, Benedetto, and Borle

are employed in New York, New York, at A Better Childhood ("ABC"), "which brings

class action lawsuits to reform dysfunctional child welfare systems."  Benedetto

Decl. [924-2] at 1.  Drinkwater and Bentley are attorneys in the Jackson,

Mississippi, office of the law firm Bradley Arant Boult Cummings, LLP ("Bradley

Arant").  *See* Bentley Decl. [924-4] at 1; Ex. [924-4] at 6, 16.

For the 2021 Period, Plaintiffs seek reimbursement for 345.5 hours expended

on this litigation, specifically 343.4 hours by their attorneys (including travel) and

2.1 by their paralegals, as well as $4,719.57 in expenses, for a total of $99,466.92 in

fees and expenses.  *See* Mem. [925] at 1, 8; Lowry Decl. [924-1] at 5.  For the 2022

Period, Plaintiffs seek a total award of fees[2] of $17,383.92, which includes 56.45

---

[1] It is unclear at what rate Plaintiffs seek to bill Benedetto's work for the 2021 Period.
Plaintiffs' Memorandum [925] lists Benedetto's proposed rate at $225.00, but some of the
supporting evidence, including Lowry's Declaration and the invoices attached for the 2021
Period, suggest that Plaintiffs seek a $250.00 rate for Benedetto.  *Compare* Mem. [925] at 3,
*with* Lowry Decl. [924-1] at 7; *but see* McDuff Decl. [924-5] at 2 (referencing a rate of "$225
per hour for Ms. Benedetto").  For the 2022 Period, a $225.00 rate was clearly used for
Benedetto's work.  *See* Lowry Decl. [941-1] at 7; Ex. [941-1] at 20 (ABC invoice); Mem. [942]
at 4.

[2] For the 2022 Period, "Plaintiffs' counsel do not seek reimbursement of any expenses."
Lowry Decl. [941-1] at 7.

total hours of attorney work (including travel) and 3 total hours of paralegal work. *See* Mot. [940]; Mem. [942] at 15; Lowry Decl. [941-1] at 6. Each Motion [924], [941] is supported by Declarations of counsel and other supporting exhibits. *See* Mot. [924], [941].

Defendants do not contest Plaintiffs' entitlement to fees, nor do they take issue with any individual billing entries for the two periods or the total number of hours billed, but they oppose Plaintiffs' request to increase the hourly rates. *See* Lowry Decl. [924-1] at 5; Lowry Decl. [941-1] at 5; Mem. [942] at 1-2. Defendants argue that the rates approved in 2016 continue to be reasonable and customary hourly rates in this District. *See* Mem. [929] at 1-5. The parties also disagree about when the fees and expenses become due for payment once the Court approves them. *See* Mem. [925] at 2, 15; Mem. [929] at 6-8; Mem. [942] at 2, 13-15; Resp. [943] at 2-3.

## II. <u>DISCUSSION</u>

A.    <u>Plaintiffs' requests for attorneys' fees</u>

1.    <u>Relevant legal authority</u>

In civil rights cases, 42 U.S.C. § 1988 permits a court to award a prevailing party her reasonable attorney's fee. *See* 42 U.S.C. § 1988(b). Federal Rule of Civil Procedure 23 also permits a court to award reasonable attorneys' fees in a certified class action. *See* Fed. R. Civ. P. 23(h). "A 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016).

4

A court employs a two-step process to determine a party's reasonable attorneys' fees. *See Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022). It first calculates the lodestar, which is "the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (quotation omitted). Once the lodestar is determined, it is presumed to be reasonable, but the court may then enhance or decrease it after considering the twelve factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See id.*

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19. The Supreme Court has noted, however, that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

Plaintiffs bear the burden of proving that their counsel's requested hourly rates are reasonable. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). In determining the lodestar, "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indust., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The relevant community is typically the community in which the district court sits and is established through affidavits of other attorneys in that community. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant community here is the Northern Division of the Southern District of Mississippi. *See Jackson Women's Health Org. v. Currier*, No. 3:12-CV-436-DPJ-FKB, 2019 WL 418550, at *2 (S.D. Miss. Feb. 1, 2019).[3]

According to the Fifth Circuit,

[w]hen an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable. When the requested rate of compensation exceeds the attorney's usual charge but remains within the customary range in the community, the district court should consider whether the requested rate is reasonable.

*La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (quotation

---

[3] In order to fulfill the purpose of Section 1988 fee awards, the Fifth Circuit has held that where "abundant and uncontradicted evidence proved the necessity of [a plaintiff] turning to out-of-district counsel, the co-counsel's 'home' rates should be considered as a starting point for calculating the lodestar amount." *McClain*, 649 F.3d at 382. Although Plaintiffs seek in-District rates for their counsel, they point out that their out-of-area counsel like Lowry would ordinarily be entitled to their higher home area hourly rate because of the "difficulty bringing suit against the state of Mississippi." Mem. [925] at 11 (citing McDuff Decl. at ¶ 7; McClain, 649 F.3d at 382).

omitted); *see also Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) ("[I]f the
attorney's normal billing rate is within the range of market rates for attorneys with
similar skill and experience, and the trial court chooses a different rate, the court
must articulate its reasons for doing so." (quotation omitted)).

2.    Calculation of the lodestar

The crux of the parties' dispute in this case is calculation of the lodestar, and
more specifically what constitutes "the prevailing hourly rate in the community for
similar work." *Fessler*, 23 F.4th at 415.[4]  Defendants do not contest "the number of
hours reasonably expended" for the time periods at issue, *id.*; *see* Resp. [928]; Mem.
[929]; Resp. [943], but they argue that the rates approved by the Court in 2016
continue to be reasonable and customary hourly rates in this District, *see* Mem.
[929] at 1-5.

To support of the Motion [924] for fees for the 2021 Period, Plaintiffs have
presented several of their attorneys' Declarations.  *See* Lowry Decl. [924-1];
Benedetto Decl. [924-2]; Borle Decl. [924-3]; Bentley Decl. [924-4]; McDuff Decl.
[924-5].  Bentley represents that he is "generally familiar with fee requests and fee
awards made in other Rule 23 cases in this judicial district," and that Plaintiffs' fee
requests are "fair and reasonable for the legal services performed by lawyers in
Mississippi in matters of equivalent significance requiring similar skill and
judgment."  Bentley Decl. [924-4] at 4; *see* Bentley Decl. [941-4] at 3 (same).

---

[4] Given the relatively close temporal proximity of the two periods of time, and the fact that
the evidence supporting the rates is the substantially the same, the Court will consider the
requested hourly rates for the 2021 and 2022 Periods simultaneously.

Bentley opines that

> [g]iven the risks apparent at the outset of this case, the costs required
> to prosecute these claims, and the period of time required to litigate this
> matter, it is my opinion that counsel with the experience and
> qualifications needed to perform the work and to make the investment
> required in this case would have found this endeavor unattractive from
> a cost and risk perspective, considering the out-of-pocket expenses
> advanced by Plaintiffs and the fact that class counsel's compensation
> was entirely contingent upon prevailing in this action.

Bentley Decl. [924-4] at 4; *see* Bentley Decl. [941-4] at 3-4 (same).

Plaintiffs also rely upon the Declaration of Robert McDuff, who has practiced

law in the State of Mississippi since 1984. *See* McDuff Decl. [924-5] at 1. Relying

upon his knowledge and understanding of the market in the Southern District of

Mississippi, McDuff represents that

> [t]his class action litigation would be difficult for many firms and
> attorneys to sustain, as the attorneys are not paid on an ongoing basis
> as work is performed, are required to advance case expenses with no
> ongoing reimbursement, and are paid for their time and expenses only
> if they prevail in the case.

*See id.* at 2.

In response, Defendants offer no evidence to dispute these attorneys'

representations concerning the reasonableness of Plaintiffs' counsel's requested

rates. *See* Resp. [928]; Mem. [929]; Mem. [943]. However, Defendants do attempt

to distinguish the cases that Plaintiffs cite from this District. *See* Mem. [929] at 4-

6.

a.   <u>Lowry's reasonable hourly rate</u>

Plaintiff requests an hourly rate of $475.00 for Lowry's legal work and half

that rate, or $237.50, for travel. *See* Lowry Decl. [924-1] at 7; Lowry Decl. [941-1] at

7.  Lowry has been "an attorney litigating child welfare cases since 1970," Lowry Decl. [924-1] at 1, and she has been "counsel in more than 20 class action lawsuits representing hundreds of thousands of children against systems that have failed to provide lawful child welfare services," *id.* at 2; *see* Lowry Decl. [941-1] at 1-2 (same). Lowry has also "written and spoken extensively on child welfare reform and child welfare litigation" and "presented testimony before both houses of Congress on child welfare and foster care issues." Lowry Decl. [924-1] at 4; *see* Lowry Decl. [941-1] at 4 (same).

With respect to Lowry, McDuff states that he "believe[s] that a rate of $475 per hour does not exceed the market range of rates charged to fee-paying clients by lawyers of reasonably comparable skill, reputation, and experience." McDuff Decl. [924-5] at 1. Bentley also represents that, as to all attorneys, he is "generally familiar with fee requests and fee awards made in other Rule 23 cases in this judicial district," and that Plaintiffs' fee requests are "fair and reasonable for the legal services performed by lawyers in Mississippi in matters of equivalent significance requiring similar skill and judgment." Bentley Decl. [924-4] at 4; *see* Bentley Decl. [941-4] at 3 (same). Bentley also avers that the lowest established hourly rate in 2021 for Drinkwater, who has fewer years of legal experience than Lowry, was $665.00. *See id.* at 3-4.

When taken as a whole, the evidence supports Plaintiffs' request as to Lowry's rate. *See id.;* McDuff Decl. [924-5] at 1. Plaintiffs have met their burden of demonstrating reasonableness, *see Riley*, 99 F.3d at 760, and the Court finds that

the requested hourly rate of $475.00 for Lowry is reasonable in this particular case given its complexity and the length of time this case has been pending. Further, given Lowry's vast amount of legal experience and her particular expertise with class actions and in litigating child welfare cases such as the present one, along with the dearth of persuasive authority from this Division concerning fees awarded to any similarly situated attorney which the Court could compare to Lowry's request in order to place a precise value on her services, *see* Lowry Decl. [924-1] at 1, the record supports a finding that $475.00 is a reasonable hourly rate for Lowry in this community for the 2021 and 2022 Periods.

b.    Benedetto's reasonable hourly rate

For Benedetto, Plaintiffs seek a rate of $250.00 per hour[5] for the 2021 Period, and $225.00 per hour for the 2022 Period. *See* Lowry Decl. [924-1] at 7; Lowry Decl. [941-1] at 7. Benedetto graduated from law school in 2017 and worked approximately one year as a litigation associate concentrating in civil litigation and complex commercial disputes prior to joining ABC. *See* Benedetto Decl. [924-2] at 1; Benedetto Decl. [941-2] at 1. She has worked as a staff attorney at ABC since 2018 and has worked on the present case since November 2018. *See* Benedetto Decl. [924-2] at 1; Benedetto Decl. [941-2] at 1.

McDuff opines that based upon her litigation experience, "a rate of . . . $225 per hour for Ms. Benedetto does not exceed the rates charged to fee-paying clients for lawyers based in the Southern District of Mississippi of reasonably comparable

---

[5] *See supra* note 1.

10

skill, reputation, and experience."  McDuff Decl. [924-5] at 1.  Based upon the

record, particularly McDuff's Declaration, the Court finds that Plaintiff has shown

that a $225.00 rate for Benedetto, and not $250.00, is a reasonable hourly rate for

both periods for a case of this type in this Division for attorneys of her experience.

*See* McDuff Decl. [924-5] at 2; *see also, e.g., Thomas v. Reeves*, No. 3:18-CV-441-

CWR-FKB, 2021 WL 517038, at *7 (S.D. Miss. Feb. 11, 2021) (setting the rate for an

attorney who had been admitted to a state bar for approximately four years at

$225.00 for legal work in a voting rights case).

c.     Borle's reasonable hourly rate

Borle graduated from law school in 2016; he seeks an hourly rate of $250.00.

*See* Lowry Decl. [924-1] at 7; Lowry Decl. [941-1] at 7.  Borle worked as a litigation

associate concentrating in civil litigation and commercial disputes from 2016 to

2018 and from 2019 through 2021, and he served as a judicial law clerk for a United

States district judge between those stints.  *See* Borle Decl. [924-3] at 1-2; Borle Decl.

[941-3] at 1-2.  In 2021, Borle became a staff attorney at ABC, and he has worked on

this case since April 2021.  *See* Borle Decl. [924-3] at 2; Borle Decl. [941-3] at 2.

Based upon Borle's litigation experience, McDuff is of the "opinion that a rate

of $250 per hour for Mr. Borle . . . does not exceed the rates charged to fee-paying

clients for lawyers based in the Southern District of Mississippi of reasonably

comparable skill, reputation, and experience."  McDuff Decl. [924-5] at 1.

Supporting this opinion is Bentley's Declaration that Plaintiffs' fee requests are

"fair and reasonable for the legal services performed by lawyers in Mississippi in

matters of equivalent significance requiring similar skill and judgment." Bentley Decl. [924-4] at 4; *see* Bentley Decl. [941-4] at 3 (same). Based upon the record, the Court finds that Plaintiffs have satisfied their burden of showing that an hourly rate of $250.00 per hour for Borle's legal work is reasonable in this community based upon his experience and the complexity of this particular case.

d.   Drinkwater's reasonable hourly rate

Plaintiffs ask the Court to award fees for Drinkwater's legal work at an hourly rate of $450. *See* Lowry Decl. [924-1] at 7; Lowry Decl. [941-1] at 7. Drinkwater clerked for the United States Supreme Court and has been practicing law for over 43 years. *See* Bentley Decl. [924-4] at 3. His "lowest established hourly rate for legal services performed in 2021 was $665.00." *Id.* at 3-4.

McDuff agrees that Drinkwater's proposed $450.00 rate "does not exceed the range of market rates charged to fee-paying clients by lawyers based in the Southern District of Mississippi of reasonably comparable skill, reputation, and experience." McDuff Decl. [924-5] at 3. Mr. Bentley's Declaration concerning the reasonableness of Plaintiffs' fee requests also supports this finding. *See* Bentley Decl. [924-4] at 4; Bentley Decl. [941-4] at 3. Based upon the evidence and the record as a whole, as well as the complexity of the case, the Court concludes that Drinkwater's reasonable hourly rate for legal work is $450.00. This rate is below Drinkwater's customary billing rate and falls within the range of prevailing market rates. *See* Bentley Decl. [924-4] at 3-4.

12

Drinkwater's proposed rate is also consistent with ones the Court has awarded to similarly situated attorneys seeking fees. For example, in a Voting Rights Act case, an attorney practicing in the Northern Division of this District who had "four decades of experience in complex litigation in voting rights" was accorded an hourly rate of $450.00. *See Thomas v. Reeves*, No. 3:18-CV-441-CWR-FKB, 2021 WL 517038, at *5 (S.D. Miss. Feb. 11, 2021). The attorney in *Thomas* had been practicing law for approximately same length of time as Drinkwater. *See id.*; Bentley Decl. [924-4] at 3. The rate for another attorney in that case, who had over two decades of experience litigating vote dilution cases, was also approved at $450.00. *See Thomas*, 2021 WL 517038, at *5-*6. Although a different type of case, the awards in *Thomas* lend further support to a $450.00 hourly rate for an attorney of Drinkwater's skill and experience. *See id.*; *see also Sturkin v. Patrick*, No. 3:16-CV-434-CWR-FKB, 2019 WL 2078790, at *2 (S.D. Miss. May 10, 2019) ("Several federal judges in Mississippi have awarded $400 an hour and beyond for experienced attorneys handling complex litigation.")

e.    Bentley's reasonable hourly rate

Plaintiffs seek an award of fees for Bentley's work at a rate of $325.00 per hour. *See* Lowry Decl. [924-1] at 7; Lowry Decl. [941-1] at 7. Bentley graduated from law school in 2007, and after clerking for one year with a judge on the Fifth Circuit Court of Appeals, he began practicing at Bradley Arant, with a focus on appellate litigation. *See id.* at 1.

In support of the first Motion [924], Bentley avers that his "lowest

13

established hourly rate for work performed in 2021 was $425.00," Bentley Decl.
[924-4] at 3, and in support of the second Motion [924], he states that his "lowest
established hourly rate for work performed in 2021 [sic] was $445.00," Bentley Decl.
[941-4] at 3.   McDuff opines that Bentley's proposed rate "does not exceed the
range of market rates charged to fee-paying clients by lawyers based in the
Southern District of Mississippi of reasonably comparable skill, reputation, and
experience." McDuff Decl. [924-5] at 3.  Based upon the evidence in the record,
Plaintiffs have shown that a $325.00 hourly rate for Bentley's legal work is
reasonable for a case of this type.   *See id.*; Bentley Decl. [924-4] at 3; Bentley Decl.
[941-4] at 3.  This decision is also consistent with the Court's determination of
Bentley's fee in a separate case.  *See Express Oil Change, LLC v. Miss. Bd. of
Licensure for Pro. Eng'rs & Surveyors*, No. 3:16-CV-414-HTW-LRA, 2020 WL
7345661, at *5 (S.D. Miss. Dec. 14, 2020) (awarding attorneys' fees based upon a
$325.00 rate for Bentley's legal work in a Section 1983 case).

f.    Paralegals' reasonable hourly rates

        Certain paralegal work can be recovered as attorney's fees.  *See Vela v. City
of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).   In this case, Plaintiffs seek fees
based upon an hourly rate of $120.00, an increase from the prior rate of $110.00 per
hour.  *See* Lowry Decl. [924-1] at 7; Bentley Decl. [924-4] at 3; Lowry Decl. [941-1]
at 7.  However, no specific information concerning the reasonableness of this rate
has been supplied by Plaintiffs.  Plaintiffs have not presented any evidence of the
paralegals' experience or otherwise supplied information to support an hourly rate

14

increase from the $110.00 rate approved in 2016 to the $120.00 rate now sought. *See Riley*, 99 F.3d at 760 (placing the burden of showing the reasonableness of hourly rates upon Plaintiffs). In the absence of any evidence supporting an increase, the Court finds that the previous $110.00 rate used in this case should be applied for the 2021 and 2022 Periods. *See id.*; *see also, e.g., Affordable Care, LLC v. JNM Off. Prop., LLC*, No. 1:19CV827-HSO-RPM, 2022 WL 3271092, at *9 (S.D. Miss. Aug. 10, 2022) (finding hourly paralegal rates of $170.00 at one firm and $110.00 at another to be reasonable).

In sum, having reviewed this evidence submitted by Plaintiffs and having considered Defendants' arguments opposing Plaintiffs' Motions, *see* Mem. [922]; Resp. [943], the Court concludes that Plaintiffs have carried their burden of proving that some, but not all, of the requested hourly rates are reasonable and should be allowed. *See Riley*, 99 F.3d at 760. The Court agrees that Lowry's reasonable hourly rate for legal work for the 2021 and 2022 Periods is $475.00, that Borle's is $250.00, that Drinkwater's is $425.00, and that Bentley's is $325.00. *See id.*; *McClain*, 649 F.3d at 381. Plaintiffs' requested fee recovery for the 2021 Period, which used the $250.00 rate for Benedetto, should be reduced due to the Court's determination that a $225.00 rate is reasonable. The fee totals for the 2021 and 2022 Periods must also be reduced based upon the reduction in the paralegal billing rate from the billed $120.00 rate to the $110.00. The Court also finds reasonable Plaintiffs' request to bill their attorneys' travel time at half the reasonable hourly rate for legal work. *See In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008)

(considering fee award in bankruptcy case, collecting cases from around the country in various practice areas concerning how to award fees for travel time, and noting that some courts have billed travel time at half the hourly rate while others have awarded the full hourly rate). With these reductions, the Court is able to calculate the lodestar, which is presumed reasonable. *See Fessler*, 23 F.4th at 415.

In summary, the rates that the Court finds reasonable for Plaintiffs' counsel for the 2021 and 2022 Periods are as follows:

| Attorney | Reasonable Rates for 2021 and 2022 Periods |
|---|---|
| Marcia Lowry | $475.00 (legal work) $237.50 (travel) |
| Anastasia Benedetto | $225.00 (legal work) |
| Jonathan Borle | $250.00 (legal work) $125.00 (travel) |
| Wayne Drinkwater | $450 (legal work) |
| Michael Bentley | $325 (legal work) |
| Paralegals | $110.00 |

Relying upon the invoices supplied by Plaintiffs, *see* Ex. [924-1] at 34-52, and multiplying the reasonable rates by the hours worked for each period, the Court is able to calculate the lodestar for the 2021 Period as follows:

| Attorney | Rates | 2021 Hours Billed | Total Fees |
|---|---|---|---|
| Marcia Lowry | $475.00 (legal work) $237.50 (travel) | 68.0 36.75 | $32,300.00 $8,728.13 |
| Anastasia Benedetto | $225.00 (legal work) | 125.7 | $28,282.50 |
| Jonathan Borle | $250.00 (legal work) $125.00 (travel) | 74.15 21.5 | $18,537.50 $2,687.50 |
| Wayne Drinkwater | $450 (legal work) | 1.0 | $450.00 |
| Michael Bentley | $325 (legal work) | 1.2 | $390.00 |
| Paralegals | $110.00 | 2.1 | $231.00 |
| 2021 PERIOD LODESTAR | | | $91,606.63 |

16

Considering counsel's invoices and the reasonably hourly rates, *see* Ex. [941-1] at 20-26, the lodestar for the 2022 Period is as follows:

| Attorney | Rates | 2022 Hours Billed | Total Fees |
|---|---|---|---|
| Marcia Lowry | $475.00 (legal work) | 16.02 | $7,609.50 |
| Anastasia Benedetto | $225.00 (legal work) | 25.58 | $5,755.50 |
| Jonathan Borle | $250.00 (legal work) | 14.45 | $3,612.50 |
| Wayne Drinkwater | $450 (legal work) | 0 | 0 |
| Michael Bentley | $325 (legal work) | 0 | 0 |
| Paralegals | $110.00 | 3.4 | $374.00 |
| **2022 PERIOD LODESTAR** | | | **$17,351.50** |

3.    Application of the *Johnson* factors

The Court must next consider whether to enhance or decrease the lodestar by considering the *Johnson* factors. *See Johnson*, 488 F.2d at 717-19. The factors the Court finds relevant here include the level of difficulty of the issues in this case, its extremely time- and labor-intensive nature, and the skill requisite to perform the legal services at issue. *See id.* Based upon the record, specifically the invoices, the attorneys' Declarations, the Court's knowledge of the case, and the twelve *Johnson* factors, the Court finds that no adjustment of the lodestar is necessary. *See id.* Other than the alterations to Benedetto's and the paralegals' hourly rates, Plaintiffs' request for attorneys' fees is well taken and should be granted as presented.

B.    Plaintiffs' request for expenses

Plaintiffs seek reimbursement of $4,719.57 of related expenses for the 2021 Period only. *See* Lowry Decl. [924-1] at 5. Defendants have not contested this request, *see* Mem. [929], and the Court finds that it is well taken. The Court will

award Plaintiffs $4,719.57 in expenses incurred during the 2021 Period. *See* Lowry Decl. [924-1] at 5. Plaintiffs do not seek expenses for the 2022 Period. *See* Lowry Decl. [941-1] at 7.

C.    <u>Plaintiffs' request regarding deadline for payment</u>

"The Parties' practice until now has been for Plaintiffs to send an invoice twice a year, and for Defendants to remit payment once a year, after its Legislature has appropriated necessary funds." Lowry Decl. [924-1] at 8. Plaintiffs complain that they "have never agreed to the payment of attorneys' fees and expenses being contingent on legislative appropriations." Mem. [925] at 15. Because "federal law supersedes any state law," Plaintiffs ask the Court to "order Defendants to remit payment in a timely manner, regardless of Mississippi's legislative schedule." *Id.* Plaintiffs specifically seek payment within 30 days from entry of this Order. *See id.*

Defendants respond that neither 42 U.S.C. § 1988 nor the 2nd Modified Mississippi Settlement Agreement and Reform Plan [712] (the "2nd MSA") entered into between the parties requires payment of Plaintiffs' attorneys' fees within 30 days. *See* Mem. [929] at 6. Defendants point out that the 2nd MSA provides that "[a]ll parties reserve all claims and defenses with respect to all claims for an award of attorneys' fees and litigation expenses for Plaintiffs which claims shall be separately asserted and determined according to a schedule to be fixed by the Court." 2nd MSA [712] at 32.

While the 2nd MSA sets forth no specific provision concerning payment of fees and expenses, its Introduction states that

> at least annually after Court approval of this 2nd MSA, and consistent with existing state budgetary practices and legal requirements, Defendants shall request state funds and any federal/special fund authorization sufficient to effect the provisions and outcome measures set forth in this 2nd MSA.

*Id.*  Mississippi law provides that "[a] judgment or decree against the state shall not be satisfied except by an appropriation therefor by the legislature, and an execution shall not be issued against the state."  Miss. Code Ann. § 11-45-5.

The Court is sympathetic to Plaintiffs' concerns regarding any inordinate delay in payment, but there is no indication that either the 2nd MSA or 42 U.S.C. § 1988 requires payment of their fees and expenses within the 30-day timeframe they request.  Nor have Plaintiffs cited any controlling legal authority that would mandate such a deadline.   Moreover, there is no indication in the record that Defendants have ever failed to pay a fee award, just that the payment has been delayed beyond the time by which Plaintiffs desire that it be paid.   In short, Plaintiffs have not shown that they are entitled to prevail on this request.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motions [924], [941] for Award of Class Counsel's Fees and Expenses pursuant to 42 U.S.C. § 1988 for the time periods (1) January 1, 2021, through June 30, 2021; and (2) January 1, 2022, through June 30, 2022, are **GRANTED IN PART and**

**DENIED IN PART**.   To the extent Plaintiffs seek a $250.00 rate for attorney Anastasia Benedetto for the first period, and a $120.00 rate for paralegals for both periods, and to the extent they ask the Court to impose a 30-day deadline for payment, the Motion is **DENIED IN PART**, and Plaintiffs are instead entitled to hourly rates of $225.00 for Anastasia Benedetto and $110.00 for paralegals, respectively.  Plaintiffs' Motions [924], [941] are otherwise **GRANTED**, and Plaintiff shall recover a total of $96,326.20 for fees and expenses for the 2021 Period and a total of $17,351.50 in fees for the 2021 Period, for a total award of $113,677.70 in fees and expenses.

  **SO ORDERED AND ADJUDGED**, this the 20th day of March, 2023.

       *s/ Halil Suleyman Ozerden*
       HALIL SULEYMAN OZERDEN
       UNITED STATES DISTRICT JUDGE