IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., et al | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 3:04-cv-251-HSO-ASH |
| | ) |
| TATE REEVES, as Governor of the State of Mississippi, et al. | ) |
| | ) |
| Defendants | ) |

**JOINT STIPULATED ORDER CONTINUING SUSPENSION OF
THE SECOND MODIFIED MISSISSIPPI SETTLEMENT AGREEMENT**

The Court has been advised that the parties have negotiated this Joint Stipulated Order Continuing the Suspension of the 2nd Modified Mississippi Settlement Agreement ("Continued Suspension Order") with input from the Court Monitor.

Whereas, the Court entered the 2nd Modified Mississippi Settlement Agreement and Reform Plan ("2nd MSA") [Dkt. No. 712] on December 19, 2016, and the 2nd MSA became effective on January 1, 2018; and

Whereas, the parties agreed to the appointment of Public Catalyst as the Monitor of Defendants' compliance with the 2nd MSA; and

Whereas, the parties agreed to a Rebuilding Period, and the Court entered a Rebuilding Order on June 24, 2021 [Dkt. No. 917] which suspended the 2nd MSA through April 30, 2023; and

Whereas, the parties agreed to modify the Rebuilding Order, and the Court entered a Joint Stipulated Order to Modify the Rebuilding Order on April 25, 2023 [Dkt. No. 946] which suspended the 2nd MSA through June 30, 2023; and

Whereas, the parties agreed to modify the Rebuilding Order, and the Court entered a Joint Stipulated Order to Suspend the 2nd MSA on July 17, 2023 [Dkt. No. 953] which suspended the 2nd MSA through November 30, 2023; and

Whereas, the parties agreed to modify the Rebuilding Order, and the Court entered a Joint Stipulated Order to Suspend the 2nd MSA on December 12, 2023 [Dkt. 955] which suspended the 2nd MSA through September 1, 2024; and

Whereas, the Court is advised that the parties have agreed to a continued suspension of the reporting, monitoring, and enforcement under the 2nd MSA until April 15, 2025. The Court is further advised that the parties will meet during the continued suspension period to engage in good faith negotiations related to revisions to the 2nd MSA.

Whereas, having reviewed the matter and the agreement of the parties as evidenced by their signatures below, the Court finds that the agreement of the parties is well-taken and this Order should be entered.

Now, therefore, it is Ordered that:

I. **Reporting**

   a. MDCPS will produce raw data to the Monitor and the Plaintiffs as set forth in Exhibit "A" to this Order as follows:

      i. By October 4, 2024, MDCPS will produce data for the periods of January 1, 2024 through March 31, 2024, and April 1, 2024 through June 30, 2024.

    ii. By November 15, 2024, MDCPS will produce data for the period of July 1, 2024 through September 30, 2024.

    iii. By February 14, 2025, MDCPS will produce data for the period of October 1, 2024 through December 31, 2024.

    iv. By May 15, 2025, MDCPS will produce data for the period of January 1, 2025 through March 31, 2025.

    v. By August 15, 2025, MDCPS will produce data for the period of April 1, 2025 through June 30, 2025.

    vi. By November 14, 2025, MDCPS will produce data for the period of July 1, 2025 through September 30, 2025.

    vii. By February 16, 2026, MDCPS will produce data for the period of October 1, 2025 through December 31, 2025.

b. MDCPS will continue to report to the Monitor and Plaintiffs, on a monthly basis during the Continued Suspension Order period, caseload data for its frontline caseworkers based on the weighted standards table set forth in § 1.3.a. of the 2nd MSA and any adjustments made to the weighted standards for adoption workers.

c. The Monitor will validate the accuracy of the data being reported under subsections a. and b. above and, when appropriate, to assess the quality of MDCPS' performance related to those items set forth in Exhibit A and caseloads.

d. The Monitor will undertake record reviews of a statistically significant random sample of cases to validate the accuracy of the data being reported and to assess the quality of MDCPS's performance as related to those items set forth in Exhibit "B" to this Order for the period of January 2024 through December 2024.

    e. All reporting, monitoring, and enforcement under the 2nd MSA is stayed, except as otherwise provided herein.

    f. Unless otherwise provided herein or ordered by the Court, Defendants shall not be required to report to the Monitor, Plaintiffs or the Court as to any other provision of the 2nd MSA.

II. **Monitoring**

    a. The Monitor shall prepare a written report related to its review of the data set forth in Exhibit "A" and its record reviews as set forth in Exhibit "B" of this Order for the period of January 1, 2024 through June 30, 2024 (the "2024 Interim Report"). The 2024 Interim Report shall be submitted to the parties by March 31, 2025.

    b. The Monitor shall prepare a written report related to its review of the data set forth in Exhibit "A" and its record reviews as set forth in Exhibit "B" of this Order for the period of January 1, 2024 through December 31, 2024 (the "2024 Continued Suspension Period Report"). The 2024 Continued Suspension Period Report shall be submitted to the parties by August 15, 2025.

III. **Enforcement**

    a. Plaintiffs shall not invoke the provisions of Section 11.2 of the 2nd MSA for any failure of Defendants to comply with any provision stated above before April 15, 2025.

    b. Upon receipt of the Monitor's 2024 Continued Suspension Period Report, Plaintiffs may seek limited document and deposition discovery relating to the provisions identified in Exhibits "A" and "B" of this Order.

    c. The Monitor shall convene the parties periodically during the Suspension Period.

d. All reporting, monitoring, and enforcement under the 2nd MSA will resume on April 15, 2025.

SO ORDERED, this the 18th day of October, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

AGREED TO AND APPROVED FOR ENTRY BY:

FOR THE PLAINTIFFS:

/s/ Marcia Lowry
Marcia Robinson Lowry (*pro hac vice*)
Anastasia Benedetto *(pro hac vice)*
A BETTER CHILDHOOD, INC.
355 Lexington Avenue, Floor 16
New York, NY 10017
Phone: 646.808.7344
mlowry@abetterchildhood.org
abenedetto@abetterchildhood.org

Michael J. Bentley (MSB #102631)
BRADLEY, ARRANT, BOULT & CUMMINGS, LLP
One Jackson Place, Suite 400
Jackson, MS 39201
Phone: 601.948.8000
mbentley@bradley.com

FOR THE DEFENDANTS:

/s/ Clint Pentecost
William Clinton Pentecost (MSB #99841)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS  39211
Telephone:  (601) 351-2400
Facsimile:   (601) 351-2424
cpentecost@bakerdonelson.com

Douglas T. Miracle (MSB #9648)
Assistant Attorney General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
P. O. Box 220
Jackson, MS  39205
doug.miracle@ago.ms.gov

## **EXHIBIT A**

During the suspension period, MDCPS will produce data to the Monitor and the Plaintiffs related to the following provisions from the 2nd MSA as noted below in accordance with ¶¶ I.a-b of this Order.

| **Provision** |
|---|
| 1.3.a. |
| 1.3.b. |
| 2.8.a. |
| 2.8.b. |
| 2.9. |
| 3.1 |
| 3.2.a. |
| 4.1.a.-c. |
| 4.6. |
| 4.9 |
| 4.11 |
| 5.1.a. |
| 5.1.b. |
| 5.1.c. |
| 5.1.d. |
| 6.1.d. |
| 6.3.a.2. |
| 6.3.b.3. |
| 6.4.a. |
| 7.1 |
| 7.2 |
| 7.4 |
| 7.5 |
| 8.1.a. |
| 8.1.b. |
| 8.1.e. |

# **EXHIBIT B**

During the continued suspension period, the Monitor will undertake record reviews of a statistically significant random sample of cases related to the following provisions from the 2nd MSA.

| Provision |
|:---:|
| 2.4 |
| 2.5 |
| 2.7.a.-d. |
| 3.2.b. |
| 3.2.c. |
| 4.8 |
| 4.12 |
| 6.3.a.4. |
| 6.3.a.5. |
| 6.3.a.6. |
| 6.3.b.2. |
| 6.4.b. |
| 6.4.c. |
| 6.5.a.1.-3. |
| 8.1.c. |
| 8.1.d. |
| 8.1.f. |
| 8.1.g. |
| 8.2.c. |