IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., et al. ) | |
| ) | |
| Plaintiffs ) | CIVIL ACTION NO.: 3:04-cv-251-HSO-ASH |
| ) | |
| v. ) | |
| ) | |
| TATE REEVES, as Governor of ) | |
| the State of Mississippi, et al. ) | |
| ) | |
| Defendants ) | |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 17 2025
ARTHUR JOHNSTON
BY_____ DEPUTY

### MOTION FOR APPOINTMENT AS GUARDIAN *AD LITEM* FOR THE IN-CUSTODY CLASS IN THEIR BEST INTERESTS

COMES NOW, Chad Shook, a certified Guardian *ad litem* in the State of Mississippi and a member in good standing of the Mississippi Bar and the Bar of this Court, and on behalf of every child in the custody of the Mississippi Department of Child Protection Services (MDCPS), respectfully moves this Honorable Court for an Order of Appointment on behalf of this Court to serve as Guardian *ad litem* for the In-Custody Class in this litigation, and in support of the same demonstrates as follows:

### PROCEDURAL HISTORY

This matter was initially filed by Plaintiffs on March 30, 2004. [Dkt. No. 1]. On March 31, 2004, Plaintiffs filed their Motion for Class Certification along with their Memorandum in Support of Motion for Class Certification. [Dkt. Nos. 2 and 3]. This Court granted class certification to the In-Custody Class on March 11, 2005. [Dkt. No. 84]. On March 22, 2005, this Court appointed Class Counsel to represent the legal interests of the In-Custody Class [Dkt. No. 86]. After a period of motion practice and discovery activities, Defendants unsuccessfully sought Summary Judgment [Dkt. No. 280; Dkt. No. 350]. After additional and

1

substantial discovery and motion practice, the parties have negotiated the following interim resolutions, amended interim resolutions, and interim suspensions of agreements:

- Stipulated Settlement Agreement [Dkt. 415] on June 15, 2007; and, Mississippi Settlement Agreement and Reform Plan Settlement Agreement [Dkt. No. 459] on January 4, 2008; and,

- Modified Mississippi Settlement Agreement and Reform Plan Settlement Agreement [Dkt. No. 571] on July 6, 2012; and,

- 2nd Modified Mississippi Settlement Agreement and Reform Plan Settlement Agreement [Dkt. No. 712] on December 19, 2016; and,

- Joint Stipulated Order for 2nd MSA Rebuilding Period [Dkt. No. 917] on June 24, 2021; and,

- Joint Stipulated Order to Modify Rebuilding Order [Dkt. No. 946] on April 25, 2023; and,

- Joint Stipulated Order Suspending the Second Modified Mississippi Settlement [Dkt. No. 953] on July 17, 2023; and,

- Joint Stipulated Order Continuing Suspension of the Second Modified Mississippi Settlement Agreement [Dkt. No. 955] on December 12, 2023; and,

- Joint Stipulated Order Continuing Suspension of the Second Modified Mississippi Settlement Agreement [Dkt. No. 964] on October 18, 2024.

Per the terms of the Joint Stipulated Order Continuing Suspension of the Second Modified Mississippi Settlement Agreement [Dkt. No. 964], reporting, monitoring, and enforcement of 2nd Modified Mississippi Settlement Agreement and Reform Plan [Dkt. No. 712] will resume on April 15, 2025. Further, the Joint Stipulated Order Continuing Suspension of the Second Modified Mississippi Settlement Agreement [Dkt. No. 964] provides a data reporting schedule for Defendant MDCPS to provide data to the Plaintiffs through February 16, 2026 which would include data related to the In-Custody Class and evolving reforms through December 31, 2025. Moreover, the Monitor is required to submit a report on 2024 data by August 15, 2025 after which a limited discovery period is provided.

## INTRODUCTION

This litigation has evolved into a complete restructuring of the foster care system in Mississippi. The In-Custody Class includes children who were in custody at the time of filing as well as those who remain in custody including the 4,117 children in custody as of April 7, 2025 [See MDCPS Child Custody Maps at https://gis.mdcps.ms.gov/programs/foster-care/child-custody-maps/]. While each of these class members are represented by Class Counsel, there is no provision for assessing and reporting to the Court the impact that the evolving reforms have on the current Class Members from a micro perspective – in effect a best interests counsel - for the In-Custody Class.

The undersigned seeks appointment by the Court as the Guardian *ad litem* for the In-Custody Class to ensure that the children's best interests are appropriately addressed and not inadvertently disregarded in maintaining adherence to the 2nd Modified Settlement Agreement and Reform Plan. In working toward a final resolution of this 21-year-old case, it is imperative that the best interests of each member of the In-Custody Class are considered prior to entry of a final disposition that will impact foster care in Mississippi for decades.

This litigation involves crucial decisions affecting the welfare and future of children in foster care in Mississippi. The 2nd Modified Settlement Agreement and Reform Plan has provided a framework for the handling of foster care cases and improving foster care services from a macro perspective. However, Plaintiffs are specifically prohibited from seeking relief on behalf of a single child (Dkt. No. 712, Para. 11.1.c, p. 28). This provision suggests that Plaintiffs are pursuing the substantive due process improvements for the In-Custody Class as a whole and not from an assessment of the impact the improvements – potentially adverse in nature - may have on individual members of the In-Custody Class.

While any potential negative impacts to individual class members may or may not require modification or amendment to the 2nd Modified Settlement Agreement and Reform

3

Plan, it seems extremely important to the integrity of such a lengthy, litigious, and expensive process as this case that the Court at least has some pertinent information to consider as to the micro-level impact of the reforms that have been put into place and that continue to impact the In-Custody Class members individually.

### MISSISSIPPI STATUTORY LAW REQUIRES THE APPOINTMENT OF A GUARDIAN AD LITEM FOR CHILDREN IN FOSTER CARE IN STATE PROCEEDINGS

Under Mississippi law governing child welfare, the Guardian *ad litem* is entrusted with advocating for the best interests of children – not merely representing the legal interests of children as counsel. State law requires the appointment of a Guardian *ad litem* as a best interests advocate for abused and neglected children. [*Miss. Code Ann.* §43-21-121(1)(e) (as amended)]. Moreover, different from the role of Class Counsel here protecting legal interests, the Guardian *ad litem*:

> . . .shall investigate, make recommendations to the court or enter reports as necessary to hold paramount the child's best interest. The guardian ad litem is not an adversary party and the court shall ensure that guardians ad litem perform their duties properly and in the best interest of their wards. The guardian ad litem shall be a competent person who has no adverse interest to the minor. [*Id.* at (3)].

While this matter is not a proceeding in state court, the Guardian *ad litem's* role, if permitted by this Court, would mirror the role of a Guardian *ad litem* in state child welfare proceedings to include representing the needs of each member of the In-Custody Class and not a mere focus on the In-Custody Class as a whole.

### FED. R. CIV. P. 17(C)(2) AUTHORIZES THE APPOINTMENT OF A GUARDIAN AD LITEM IN THIS MATTER

Class counsel represents the legal interests of the named Class Members and the In-Custody Class against the Defendants in an adversarial role which does not neatly translate to a best interests advocacy role proposed here. Fed. R. Civ. P. 17(c)(2) permits the

appointment of a Guardian *ad litem* in situations where a minor is not represented. Here, the In-Custody Class is without a best interests counsel. In this context, an assessment of and advocacy for the In-Custody Class' best interests is warranted and vital given the nature and goals of this litigation.

A Guardian *ad litem* would provide the Court with a micro perspective of the application of the macro reforms that are being instituted. The appointment of a Guardian *ad litem* for the In-Custody Class at this juncture is opportune since monitoring will continue through at least February 2026 pursuant to the Joint Stipulated Order Continuing Suspension of the Second Modified Mississippi Settlement Agreement [Dkt. No. 964].

### PROPOSED STRUCTURE AND OPERATION OF THE GUARDIAN AD LITEM'S WORK

The Guardian *ad litem*, if permitted by this Court in the best interests of the In-Custody Class, proposes submitting quarterly reports to the Court on the last day of the months of March, June, September, and December beginning June 30, 2025. This would ensure recognition and consideration of the In-Custody Class' individual welfare in any final resolution of this litigation as well as provide information for Plaintiffs and Defendants that may prove helpful in fashioning improvements to the 2nd Second Modified Mississippi Settlement Agreement and Reform Plan [Dkt. No. 964].

The proposed In-Custody Class for these purposes will be those children in the custody of the MDCPS as ordered by a Mississippi youth court on the last day of the month preceding the month in which this Court enters its Order of Appointment. The undersigned would serve as the Guardian *ad litem* for the In-Custody Class and would conduct his investigative work in the best interests of the In-Custody Class in each of the seven (7) operational service areas of MDCPS in effect at the time of appointment. Each quarterly report would contain important information on how the systemic changes are impacting approximately 800-1000 individual, In-Custody Class members. The Guardian *ad litem's*

work can be broadened or narrowed in any way that the Court deems helpful to the Court in receiving a micro-level view of the impact of the systemic reforms in progress to the Mississippi child welfare system on the individual In-Custody Class members.

Given the nature of the undersigned's work in this space during the course of this litigation, any conflicts of interest, of which few are anticipated, that are discovered by the undersigned would be resolved by seeking assistance from other certified Guardian(s) *ad litem* to provide the best interests assessments on those members of the In-Custody Class. The undersigned will coordinate all administrative aspects of this appointment in order to provide the Court with a single point of contact for providing these important best interests assessments for the In-Custody Class. Compensation for the Guardian *ad litem* would be in the Court's discretion based on submissions for payment made with each of the proposed quarterly reports.

In further support of this Motion, the appointment of a Guardian *ad litem* permits the Court to have:

- *Prioritized the Best Interests of the In-Custody Class*: The primary concern in foster care cases is the best interests and well-being of the children. Though undoubtedly a concern of the Plaintiffs, without a best interests advocate for the In-Custody Class, the current adversarial process does not allow for prioritization of the best interests of the In-Custody Class as evidenced by the prohibition against Plaintiffs pursuing relief for any single child (Dkt. No. 712, Para. 11.1.c, p. 28). The appointment of a Guardian *ad litem* would prioritize the best interests of the In-Custody Class; and,
- *Identified Potential Pitfalls from the In-Custody Class Members' Perspective*: There is an urgent need to address the potential pitfalls and inattention to the children's individual interests in the name of adherence to adversarial negotiations that

resulted in the 2nd Modified Settlement Agreement and Reform Plan; a Guardian *ad litem* for the In-Custody Class would address these pitfalls; and,

- *Robust Individual Advocacy for the Best Interests of Class Members*: There exists a great need to provide robust individual advocacy for the best interests of the In-Custody Class. This is to ensure their best interests are met and their voices heard in the instant litigation. Further, the information that the Guardian *ad litem* would provide the Court on the manner and methods of implementation of the 2nd Modified Settlement Agreement and Reform Plan could identify potential adjustments to the Reform Plan that prioritize the children's best interests where there may exist cases where one or more In-Custody Class Members' best interests are not being served by the well-intentioned agreements brought about by adversarial negotiations between the parties; and,

- *Oversight*: In much the same way as the Monitor is providing oversight on the Defendant MDCPS' compliance with the 2nd Modified Settlement Agreement and Reform Plan, the Guardian *ad litem* would monitor the ongoing impact of the 2nd Modified Settlement Agreement and Reform Plan on the In-Custody Class Members' best interests on a micro basis.

## **CONCLUSION**

By granting the undersigned's Motion, the Court not only will have the benefit of the Monitor's reporting on the systemic changes to the Mississippi child welfare system as a whole but also will receive micro-level information of the impact of the systemic changes on the In-Custody Class. This information will permit the Court to ensure that an individual child's welfare is considered in the process of adhering to and implementing the 2nd

7

Amended Settlement Agreement and Reform Plan that was negotiated in an adversarial posture and any other similarly negotiated agreements in the future.

RESPECTFULLY SUBMITTED this the 15th day of April, 2025.

_____
CHAD SHOOK (MBN: 99677)
602 Adeline Street, Suite B-2
Hattiesburg, Mississippi 39401
Telephone: 601.596.7693
E-mail: pinebeltlawyer@outlook.com

## CERTIFICATE OF SERVICE

I, Chad Shook, certify that I have caused electronic service on the following individuals who executed Document 964 in this cause as well as others designated for Notice in this proceeding via the PACER system after conventional filing:

Marcia Robinson Lowry - PHV
Anastasia Benedetto - PHV
A BETTER CHILDHOOD, INC. - New York
355 Lexington Ave., 16th Floor
New York, NY 10017
646.795.4456
212.692.0415 (fax)
mlowry@abetterchildhood.org
abenedetto@abetterchildhood.org

Michael J. Bentley (MBN: 102631)
BRADLEY ARANT BOULT CUMMINGS, LLP
P.O. Box 1789
188 E. Capitol Street, Suite 1000 (39201)
Jackson, MS 39215-1789
601.592.9935
601.948.3000 (fax)
mbentley@bradley.com

8

Douglas T. Miracle (MBN: 9648)
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
550 High Street, Suite 1200
P. O. Box 220 (39205)
Jackson, MS 39201
601.359.5654
601.359.2003 (fax)
doug.miracle@ago.ms.gov

William C. Pentecost (MBN: 99841)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
P. O. Box 14167 (39236-4167)
Jackson, MS 39211
601.351.2400
601.351.2424 (fax)
cpentecost@bakerdonelson.com

THIS the 15th day of April, 2025.

_____
CHAD SHOOK