Via electronic mail

Honorable Sul Ozerden
United States District Court
2012 15th Street, Suite 814
Gulfport, Mississippi 39501

May 16, 2025

Re: *Olivia Y., et al. v. Tate Reeves, as Governor of the State of Mississippi, et al.*
In the United States District Court for the Southern District of Mississippi, Jackson Division
Civil Action 3:04-cv-251

Dear Chief Judge Ozerden,

Plaintiffs join Defendants in their Opposition to the Motion for Appointment of Guardian Ad Litem for the In-Custody Class in Their Best Interests (ECF No. 968) ("Opposition to Motion to Appoint"). In light of Movant's Rebuttal (ECF No. 970) which incorrectly assumes that Plaintiffs do not object to his appointment, Plaintiffs write to correct the record. Seventeen years after this Court approved and entered the Mississippi Settlement Agreement and Reform Plan (the "Settlement Agreement"), an attorney unknown to the Parties[1] and with no connection to this lawsuit now asks to be appointed "…in effect a best interests counsel () for the In-Custody Class." ECF No. 967 at 3.

As Defendants explain, appointment of a Guardian Ad Litem ("GAL") is not applicable under Rule 17(c) at this juncture. ECF No. 969 at 3-4. Rule 17 is a pre-judgment vehicle intended to ensure that real parties in interest have the capacity to sue or

---

[1] Movant has notably failed to explain to this Court what experience, if any, he has that would qualify him to serve Mississippi's foster children or provide this Court with insights that the court-appointed monitors do not already provide.



355 Lexington Avenue New York, NY 10017, Floor 16
(646) 795-4456 | abetterchildhood.org



be sued, and where they do not, it ensures they are properly represented. Rule 17(c)(2) allows a minor without a representative to sue by a next friend *or* by a guardian ad litem. Here, Named Plaintiffs sued through next friends, who the court found adequate to represent their interests. *See* ECF No. 84, at 10. In certifying the class and appointing class counsel, the Court also found under Rule 23 that class counsel was capable of fairly and adequately representing the interests of the class. ECF Nos. 84; 86. Finally, after conducting two fairness hearings, in May 2007 and January 2008, and upon due consideration, this Court approved and entered the Settlement Agreement on January 4, 2008. ECF No. 459. Throughout the life of the Settlement Agreement, the federal court has maintained jurisdiction and oversight over this case. The representation of minor class members has been considered by the Court at numerous times throughout this pendency of the litigation and settlement process and has never been deemed insufficient. That remains the case today.

The Motion to Appoint argues that appointment of a GAL in this case is necessary because "Plaintiffs are specifically prohibited from seeking relief on behalf of a single child." ECF No. 967 at 3. This argument misunderstands the purpose of class action litigation and mischaracterizes this case. Contrary to Movant's argument, "potential negative impacts to individual class members" neither warrants, nor allows, modification of the court-approved settlement agreement on behalf of the entire class. As the Motion to Appoint notes, Mississippi Code § 43-21-121 requires that youth courts in Mississippi appoint a guardian ad litem for each child in an abuse or neglect proceeding. *See* Miss. Code Ann. § 43-21-121(1)(e). The individual interests of the children in the class are already represented.

Therefore, Plaintiffs join Defendants in respectfully requesting that this Court



355 Lexington Avenue New York, NY 10017,
Floor 16
(646) 795-4456 | abetterchildhood.org



deny the Motion to Appoint.

Sincerely,
/s/ Marcia Robinson Lowry
Executive Director
A Better Childhood, Inc.

CC:    Magistrate Judge Harris

Clint Pentecost
*Counsel for Defendants*

Michael Bentley
*Counsel for Plaintiffs*

Chad Shook
*Movant*



355 Lexington Avenue New York, NY 10017,
Floor 16
(646) 795-4456 | abetterchildhood.org