IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OLIVIA Y., et al. ) | |
| ) | |
| Plaintiffs ) | CIVIL ACTION NO.: 3:04-cv-251-HSO-ASH |
| ) | |
| v. ) | |
| ) | |
| TATE REEVES, as Governor of ) | |
| the State of Mississippi, et al. ) | |
| ) | |
| Defendants ) | |

**REBUTTAL TO PLAINTIFFS' LETTER JOINDER TO DEFENDANTS'
OBJECTION TO APPOINTMENT OF A GUARDIAN *AD LITEM* FOR THE
IN-CUSTODY CLASS IN THEIR BEST INTERESTS**

COMES NOW Movant, Chad Shook, in response to the Letter Joinder of Plaintiffs (Dkt. No. 972) to Defendants' Opposition to Appointment of a Guardian *Ad Litem* (Dkt. No. 968), and demonstrates as follows, to-wit:

1) Movant incorporates by reference his previously filed Rebuttal to Objection (Dkt. No. 970) and Memorandum in Support of Rebuttal to Objection (Dkt. No. 971) as part of his response to the Letter Jonder (Dkt. No. 972) of Plaintiffs; and,

2) Plaintiffs filed their Letter Jonder (Dkt. No. 972) on May 16, 2025, twenty-nine days after Movant filed his Motion for Appointment of Guardian *Ad Litem* (Dkt. No. 967), fifteen days after Defendants filed their Opposition to Appointment of a Guardian *Ad Litem* (Dkt. No. 968), and ten days after Movant filed his Rebuttal to Defendants' Objection (Dkt. No. 970)[1]; and,

---

[1] Movant respectfully submits that the Plaintiffs' Letter Joinder (Dkt. No. 972) is untimely and not in a proper form for a joinder and most appropriately should be stricken and held for naught. Additionally, the Letter Joinder only specifically joins in Dkt. No. 968 and not Dkt. No 969 – the Defendants' Memorandum in Support of its Opposition. However, the Court may choose to consider the Plaintiffs' Letter Joinder in its discretion and this rebuttal is submitted in the event the Court does consider the Plaintiffs' Letter Joinder.

1

3)      Plaintiffs say that Movant assumed it did not object to the Motion to Appoint Guardian *Ad Litem* (Dkt. No. 967) (See Dkt. No. 972, p. 1). When Plaintiffs did not timely file an objection to Dkt. No. 967, as did the Defendants, their silence fairly indicated no objection or at least a calculated indifference to the Movant's Motion; and,

4)      Plaintiffs maintain that the Court has considered the representation of the In-Custody Class "numerous" times throughout history of this litigation. (Dkt. No. 972, p. 2). However, this is factually incorrect. While the Court has considered the In-Custody Class' *legal representation* and made provision for the Class in that regard, Movant finds <u>not a single</u> effort by the parties, and thus no *specific* consideration by the Court, focused on the *best interests* the In-Custody Class, at the behest of the parties. As Greek philosopher Heraclitus observed, those ". . .who wish to know more about the world must learn about it in its particular details." The *best interests* of the In-Custody Class lie in the "particular details" of how the systemic changes to Mississippi's child welfare system implemented over the last twenty-one years impact individual children – not by broad, wholesale changes that may have meaningful outcomes to the system but not necessarily to individual children for whom the system exists. The only way to comprehensively evaluate the individual impact of the systemic changes on the In-Custody Class is to have eyes on the *individual* cases of children affected. Thus, a guardian *ad litem* for the In-Custody Class is necessary; and,

5)      The author of the Plaintiffs' Letter Joinder says that "Movant has notably failed to explain to this Court what experience, if any, he has that would qualify him to serve Mississippi's foster children or provide this Court with insights that the court-appointed monitors do not already provide." (Dkt. No. 972, FN 1, p. 1). First, unlike the Plaintiffs, the Movant confidently filed his Motion (Dkt. No. 967) with a keenly focused eye on the *best interests* of the In-Custody Class – something that may not necessarily be the focus of the

Plaintiffs. Movant, too, is confident that if this Court is concerned about his qualifications to serve in this capacity, this Honorable Court will make inquiry to Movant. Moreover, it is noteworthy that the Defendants did not raise a similar concern about Movant's qualifications because, unlike the author of the Letter Joinder, Defendants' counsel are Mississippi attorneys who are well familiar with the Movant's qualifications and experience in the child welfare space. Rather than timely responding to the Motion in question, the Letter Joinder was casually filed after Movant submitted his rebuttal to the only objection to his serving as guardian *ad litem* for the in-Custody Class. Plaintiffs' assertion that the Letter Joinder was deemed necessary only after Movant's Rebuttal was filed is incredulous. Movant's Motion (Dkt. No. 967) plainly placed the parties on notice of the Movant's requested relief and only Defendants filed an objection; and,

6) Contrary to the assertion of the Letter Joinder (Dkt. No. 972 at p. 1), F. R. Civ. P. 17(c)(2) is not exclusively a pre-judgment vehicle that the Court may use to ensure that a party's best interests are protected. In its discretion, this Court can appoint a guardian *ad litem* to ensure that the *best interests* of the minor class members are protected. Plaintiffs incorrectly rely on the fact that each member of the In-Custody Class has a guardian *ad litem* in each child's state youth court case as evidence that the In-Custody Class' best interests are protected. The state court guardians *ad litem* are not parties to this litigation and have never been, and the Plaintiffs clearly know this; and,

7) Plaintiffs' Letter Joinder asserts that the Movant's Motion "misunderstands the purpose of class action litigation and mischaracterizes this case" and that Movant's stated concern that the absence of a best interests counsel for the In-Custody Class could subject In-Custody Class members to "'potential negative impacts' neither warrants, nor allows, modification of the court-approved settlement agreement on behalf of the entire class." (Dkt. No. 972 at p.2). Movant understands the Plaintiffs' statement cited above demonstrates,

3

without a doubt, a disinterest in individual class members' best interests. Class actions are *not* created equally, and this Court can certainly make necessary modifications to for the best interests of the In-Custody Class. The Plaintiffs' negotiation of a provision that prohibits Plaintiffs' Class Counsel from raising issues on behalf of an individual class member unambiguously demonstrates that there is no real concern by the Plaintiffs for the best interests of the individual class members. Class counsel was designated to protect the In-Custody Class' legal interests. The lack of concern for the best interests of the In-Custody Class, among others, is the exact reason Mississippi found itself with an exceptionally dysfunctional child welfare system at the commencement of this litigation in 2004. And Plaintiffs' Letter Joinder seems to be okay with that fact by focusing <u>only</u> on systemic changes. Seemingly without a care in the world that the In-Custody Class has both a legal advocate – the role performed by Class Counsel herein – and a best interests advocate, the role Movant seeks - Plaintiffs' Letter Joinder defending the indefensible -the lack of a guardian *ad litem* for the In-Custody Class - proves the late Justice Antonin Scalia's observation that "[w]ords have meaning and their meaning doesn't change." Plaintiffs' words in the Letter Joinder plainly show an indifference toward a fair consideration of the *best interests* of the in-Custody Class. For the reforms that are being implemented through this litigation to have a lasting impact and result in a workable child welfare system for Mississippi into the foreseeable future after this litigation is concluded, a consideration – even one of short duration in the Court's discretion- of the impacts of these reforms on individual members of the Class is imperative to provide the Court with measurable data from the cases of individual Class members in addition to information regarding the Defendants' compliance with the terms of Dkt. No. 712 and the subsequent party-negotiated revisions to that document; and,

8) The Plaintiffs' Letter Joinder, aside from, with no demonstratable basis, questioning the Movant's qualifications to serve as the In-Custody Class' best interests advocate, echoes the Defendants' arguments in opposition to the appointment of a guardian *ad litem* for the In-Custody Class. For the same reasons provided in response and rebuttal (Dkt. Nos. 970 and 971) to the Defendants' Opposition (Dkt. No. 968) in addition to those stated herein, Movant respectfully asks the Court to overrule the Plaintiffs' Letter Joinder.

RESPECTFULLY SUBMITTED this the 21st day of May, 2025.

/s/ Chad Shook
CHAD SHOOK (MBN: 99677)
602 Adeline Street, B-2
Hattiesburg, Mississippi 39401
Telephone: 601.596.7693
E-mail: pinebeltlawyer@outlook.com

## **CERTIFICATE OF SERVICE**

      I, Chad Shook, certify that I have caused electronic service on the following individuals who executed Document 964 in this cause as well as others designated for Notice in this proceeding via the PACER system:

Marcia Robinson Lowry - PHV
Anastasia Benedetto - PHV
A BETTER CHILDHOOD, INC. - New York
355 Lexington Ave., 16th Floor
New York, NY 10017
646.795.4456
212.692.0415 (fax)
mlowry@abetterchildhood.org
abenedetto@abetterchildhood.org

Michael J. Bentley (MBN: 102631)
BRADLEY ARANT BOULT CUMMINGS, LLP
P.O. Box 1789
188 E. Capitol Street, Suite 1000 (39201)
Jackson, MS 39215-1789
601.592.9935
601.948.3000 (fax)
mbentley@bradley.com

Douglas T. Miracle (MBN: 9648)
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
550 High Street, Suite 1200
P. O. Box 220 (39205)
Jackson, MS 39201
601.359.5654
601.359.2003 (fax)
doug.miracle@ago.ms.gov

William C. Pentecost (MBN: 99841)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
P. O. Box 14167 (39236-4167)
Jackson, MS 39211
601.351.2400
601.351.2424 (fax)
cpentecost@bakerdonelson.com

      THIS the 21st day of May, 2025.

                                                    /s/ Chad Shook
                                                    CHAD SHOOK