IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| OLIVIA Y., et al. | § § § | PLAINTIFFS |
| v. | § § § § | Civil No. 3:04cv251-HSO-ASH |
| TATE REEVES, as Governor of the State of Mississippi, et al. | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING CHAD SHOOK'S MOTION [967] FOR APPOINTMENT AS GUARDIAN AD LITEM FOR THE IN-CUSTODY CLASS IN THEIR BEST INTERESTS**

BEFORE THE COURT is the Motion [967] for Appointment as Guardian ad litem for the In-Custody Class in Their Best Interests filed by Chad Shook. After due consideration of the record and relevant legal authority, the Court finds that the Motion [967] should be denied.

I. BACKGROUND

Plaintiffs filed the original Complaint [1] in this case over 21 years ago. *See* Am. Compl. [25]; Compl. [1] (both conventionally filed). On April 3, 2007, the Court granted the parties' Joint Motion [401] for Preliminary Approval of Stipulated Settlement Agreement. *See* Order [402]. A month later, it appointed a mediator in order to facilitate the development of a remedial plan as required by Section 4.D of the Settlement Agreement. *See* Order [408].

The Court granted a second Joint Motion [438] for Preliminary Approval of Settlement on November 8, 2007. *See* Order [439]. It held a fairness hearing on the

proposed settlement on January 4, 2008, *see* Min. Entry, Jan. 4, 2008, following which it entered the Mississippi Settlement Agreement ("MSA") and Reform Plan [459], which closed this case, *see* Doc. [459]. The Court next entered a Consent Order [480] on August 7, 2008, awarding Plaintiffs attorneys' fees and expenses through the January 4, 2008, fairness hearing. *See* Order [480]. Over the ensuing five years, a number of other Orders and reports from the Court-appointed monitor were filed in this case. *See, e.g.,* Orders [483], [486], [492], [496], [501], [507], [508], [557], [563]; Reports [481], [488], [502], [503], [528], [570].

On July 6, 2012, the Court entered a Modified MSA and Reform Plan [571]. This was followed over the years by more Orders and monitor's reports, and on December 19, 2016, by the Second Modified MSA and Reform Plan [712] ("2nd MSA"). Eventually, new monitors were appointed. *See* Order [744]. Over four years later, the Court entered a Joint Stipulated Order [917] for 2nd MSA Rebuilding Period, *see* Order [917], followed by a Joint Stipulated Order [946] to Modify Rebuilding Order [917] on April 25, 2023, *see* Order [946], a Joint Stipulated Order [953] on July 17, 2023, suspending the 2nd MSA [712], *see* Order [953], and two Joint Stipulated Orders [955], [964] on December 12, 2023, and October 18, 2024, continuing the suspension, *see* Order [955]; Order [964]. In short, the proceedings in this case have been extended and ongoing for many years, and the case has been closed since January 4, 2008.

Attorney Chad Shook ("Mr. Shook") filed the present Motion [967] on April 17, 2025. *See* Mot. [967]. Mr. Shook says that he is a certified guardian ad litem in

the State of Mississippi and member in good standing with the Mississippi Bar and this Court, and he asks to be appointed as guardian ad litem for the "In-Custody Class" in this litigation. *Id.* According to Mr. Shook, "[t]his litigation has evolved into a complete restructuring of the foster care system in Mississippi," and while each of the In-Custody Class members "are represented by Class Counsel, there is no provision for assessing and reporting to the Court the impact that the evolving reforms have had on the current Class Members from a micro perspective – in effect a best interests counsel – for the In-Custody Class." *Id.* at 3.

Mr. Shook argues that Mississippi law mandates such appointments in state proceedings for children who are in foster care, *id.* at 4 (citing Miss. Code Ann. § 43-21-121(1)(e)), and that Federal Rule of Civil Procedure 17(c)(2) authorizes the appointment of a guardian ad litem, *see id.* at 4-5 (citing Fed. R. Civ. P. 17(c)(2)). He further contends that his appointment would permit the Court to prioritize the best interests of the In-Custody Class, identify potential pitfalls and inattention to the children's individual interests, permit robust individual advocacy for the best interests of the Class, provide oversight to ensure compliance with the 2nd MSA, and monitor the ongoing impact of the 2nd MSA on the In-Custody Class members' best interests. *See id.* at 6-7.

Defendants oppose Mr. Shook's Motion [967], stating that it "was improperly filed, is untimely, and seeks to protect interests already protected in a more meaningful way." Mem. [969] at 1. Defendants take the position that the case's current posture "obviates the need for appointment of a guardian ad litem," and

3

they point out that an appointment under Rule 17 must occur prior to judgment, *id.* at 2, an event which occurred in this case more than 17 years ago, *id.* at 4. And "this Court has also previously held that the named class representatives were adequately represented through next friends and that the class members' interests were adequately protected throughout the settlement process." *Id.* at 6. Once the parties settled, the Court "was tasked with scrutinizing the fairness, adequacy, and reasonableness of the settlement," *id.*, and it conducted two fairness hearings, ultimately approving the settlement, *id.* at 7. Finally, Defendants note that the Court has a view into the impact of the 2nd MSA through the work of the Court-appointed monitor, and that each child in custody already has his or her own guardian ad litem appointed by the State's youth courts to protect their best interests, and they see the "micro-level" impacts of the 2nd MSA and are "in position to protect the individual interests of the child." *Id.* at 8. Defendants argue that, since the appointment of a guardian ad litem at this point would not change the results, the Court should deny Mr. Shook's request. *See id.* 8-9.

Plaintiffs join Defendants in opposing the Motion [967]. *See* Pls.' Letter [972] at 1. They acknowledge that Mississippi Code § 43-21-121 requires that youth courts in Mississippi appoint a guardian ad litem for each child in an abuse or neglect proceeding, but they insist that the individual interests of the children in this case are already represented. *Id.* at 2 (citing Miss. Code Ann. § 43-21-121(1)(e)).

## II. DISCUSSION

A. <u>Relevant Legal Authority</u>

Mr. Shook relies upon Mississippi Code § 43-21-121(1)(e), which provides that a Mississippi youth court appoint a guardian ad litem for a child "[i]n every case involving an abused or neglected child which results in a judicial proceeding." Miss. Code Ann. § 43-21-121(1)(e). "The guardian ad litem shall be appointed by the court when custody is ordered or at the first judicial hearing regarding the case, whichever occurs first." Miss. Code Ann. § 43-21-121(2). "The court, including a county court serving as a youth court, may appoint either a suitable attorney or a suitable layman as guardian ad litem." Miss. Code Ann. § 43-21-121(4).

In federal court, the appointment of a guardian ad litem to act on behalf of a minor is a procedural question governed by Federal Rule of Civil Procedure 17(c). *Rice ex rel. CIR v. Cornerstone Hosp. of W. Monroe, L.L.C.*, 589 F. App'x 688, 691 (5th Cir. 2014). Under Rule 17(c),

> [t]he following representatives may sue or defend on behalf of a minor or an incompetent person:
> (A) a general guardian;
> (B) a committee;
> (C) a conservator; or
> (D) a like fiduciary.

Fed. R. Civ. P. 17(c)(1).

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).

The Fifth Circuit has held that "Rule 17(c) does not make the appointment of a guardian ad litem mandatory," and if a court feels that a minor's interests are otherwise adequately represented and protected, it need not appoint a guardian ad litem. *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984) (quotation omitted). The Fifth Circuit

> spell[s] out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor . . . in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant . . . is protected without a guardian.

*Id.* (quotation omitted). But appointment of a guardian ad litem under Rule 17(c) must occur "before any kind of judgment—default, on the merits, summary or other—is entered, [and] any such appointment is discretionary with the Court." *United States v. 42.5 Acres, More or Less, of Land & Pers. Prop., Located in First Prop. Jud. Dist. of Harrison Cnty., Miss.*, 834 F. Supp. 912, 916 (S.D. Miss. 1992).

B.   Analysis

Mr. Shook has cited no controlling authority that Mississippi Code § 43-21-121(1)(e), or any other state statute, requires this Court to appoint a guardian ad litem for the In-Custody Class. To the extent any of the In-Custody Class members may be subject to separate litigation in youth court and may require appointment of a guardian ad litem under Section 43-21-121, that is not an appointment required by this Court in this case. *See* Miss. Code Ann. § 43-21-121. Instead, as Defendants point out, the statute demonstrates that "each member of the In-Custody Class

6

already has an appointed guardian ad litem who sees the 'micro-level' impacts of the 2nd MSA on a regular basis and is in position to protect the individual interests of the child," obviating the need for an additional guardian ad litem appointed by this Court.  Mem. [969] at 8.

Nor is appointment of a guardian ad litem necessary or warranted under the particular circumstances in this case.  *See* Fed. R. Civ. P. 17(c); *Adelman*, 747 F.2d at 989.  This case was brought by minors' next friends, all of whom are represented by counsel, so the minors have been and are represented by counsel.  In addition, this case has been closed for over 17 years, and any request for appointment of a guardian ad litem under Rule 17(c) should have been made long ago, before the settlement was approved and the case closed.  *See 42.5 Acres, More or Less, of Land & Pers. Prop., Located in First Prop. Jud. Dist. of Harrison Cnty., Miss.*, 834 F. Supp. at 916.

Even if this request were somehow deemed procedurally proper and timely, Mr. Shook's request is otherwise not well taken.  During the pendency of this case, as well as in approving and monitoring the settlement, the Court and Plaintiffs' counsel have gone to great lengths to ensure that affected minors are protected.  This has included conducting fairness hearings and reviewing monitor's reports.  And there is no indication that those representing the minors in this case have conflicting interests or that they are not adequately representing or protecting any minor's interests.  *See Adelman*, 747 F.2d at 989.  Based upon the record, the Court finds that appointment of a guardian ad litem is not necessary or warranted.  Mr.

Shook's Motion [967] is not well taken and should be denied. *See 42.5 Acres, More or Less, of Land & Pers. Prop., Located in First Prop. Jud. Dist. of Harrison Cnty., Miss.*, 834 F. Supp. at 916.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Chad Shook's Motion [967] for Appointment as Guardian ad litem for the In-Custody Class in Their Best Interests is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 3rd day of June, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE