**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| OLIVIA Y., et al | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04-cv-251-HSO-ASH |
| | ) | |
| TATE REEVES, as Governor of the | ) | |
| State of Mississippi, et al. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS' MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**
**OR, IN THE ALTERNATIVE, TO VACATE THE 2ND MSA**

Defendants, by and through counsel, file this Motion to Dismiss for Lack of Subject Matter

Jurisdiction or, in the alternative, to Vacate the 2nd MSA ("Motion to Dismiss/Vacate"), showing

the Court as follows:

1.      This action was filed in 2004 as an institutional reform case seeking prospective

relief concerning Mississippi's child welfare system and the care of children who are or will be in

the legal and/or physical custody of the Mississippi Department of Child Protection Services

("MDCPS").[1] The Court ultimately certified an in-custody class based on allegations regarding

the services provided to children in MDCPS custody.

2.      The parties resolved the litigation through settlement and entry of a series of

consent decrees, culminating in the 2nd Modified Settlement Agreement and Reform Plan ("2nd

MSA"), taking effect on January 1, 2018, and establishing 100 plus best practice process metrics,

---

[1] The Division of Family and Children's Services, a former division of the Mississippi Department of
Human Services, was the originally named Defendant and predecessor to MDCPS responsible for caring
for abused and neglected children in the state's custody.

reporting, and monitoring provisions requiring significant time and resources from Defendants.

3.    By agreement of the parties and orders of the Court, reporting, monitoring, and enforcement activities under the 2nd MSA were suspended beginning in June 2021 and continuing through April 2025.

4.    The flexibility given to Defendants during the suspension of the 2nd MSA, provided an opportunity to focus on and implement comprehensive reforms intended to strengthen the capacity to improve safety, stability, and services for children in MDCPS custody, including:

a.    Legislative advancements: Mississippi enacted and implemented changes affecting child welfare operations, including reforms directed to permanency planning, placement standards, service delivery, and resource allocation. Alongside the legislative advancements, MDCPS adopted organizational changes designed to improve accountability, supervision, and decision-making for child welfare functions, including leadership, regional management, and program oversight.

b.    Staffing improvements: MDCPS increased staffing in key roles, implemented recruitment and retention measures, enhanced training, and adopted workload/caseload management practices to strengthen frontline practice and supervision.

c.    Programmatic/practice enhancements: MDCPS implemented changes to casework practice, safety assessment, service planning, visitation, and permanency processes, along with quality assurance efforts aimed at improving outcomes for children and families.

d.    Technology upgrades: MDCPS upgraded information systems and data practices to improve case documentation, management reporting, and internal monitoring of safety and permanency measures.

e.    Placement array developments: MDCPS expanded placement options for children

in custody, including foster home recruitment and licensing efforts, kinship placement support, and additional placement resources for children with higher needs.

5.      The purposeful actions taken by Defendants during the suspension of the 2nd MSA have resulted in systemic changes that ensure Plaintiffs' rights to personal security and reasonably safe living conditions are adequately protected now and in the future. Thus, the conditions that formed the basis of Plaintiffs' claims have been remedied.

6.      Because the relevant constitutional deficiencies have been addressed, the Court now lacks jurisdiction and judicial oversight of Mississippi's child welfare system is no longer warranted.  Therefore, the Court should dismiss the action for lack of subject matter jurisdiction.

7.      Alternatively, even if the Court has jurisdiction, Defendants seek relief from the continued prospective operation of the 2nd MSA based on substantial factual and legal changes as well as new policy insights since the 2nd MSA's entry and, especially, since the 2021 suspension.

8.      The suspension of monitoring and enforcement for an extended period materially altered the manner in which the 2nd MSA operated and required MDCPS to implement and sustain reforms through internal governance rather than through decree-driven oversight mechanisms.

9.      State law, appropriations, program structures, and operational practices affecting MDCPS have changed since entry of the 2nd MSA, including reforms directed to staffing, placements, service delivery, and data systems.

10.     Defendants maintain that continued enforcement of the 2nd MSA's prospective requirements is no longer aligned with current conditions and would impose decree-based obligations that are unnecessary in light of the reforms now implemented and operating.

11.     Defendants further maintain that vacating and terminating prospective operation of the 2nd MSA would return primary responsibility for management of Mississippi's child welfare

system to the State and allow MDCPS to continue improvements through existing statutory, administrative, and budgeting processes.

12.     In addition to their Memorandum in Support of the Motion to Dismiss/Vacate, Defendants rely on the following exhibit:  Exhibit A – Affidavit of Andrea A. Sanders.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court (a) dismiss this action for lack of subject matter jurisdiction; or, in the alternative, (b) enter an order vacating the 2nd MSA and terminating ongoing Court oversight under that decree; and (c) grant such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 11th day of May, 2026.

> TATE REEVES, as Governor of the State of Mississippi, ANDREA SANDERS, as Commissioner, Mississippi Department of Child Protection Services, and KIMBERLY WHEATON, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services
>
>
> By: /s/ *Clint Pentecost*
> CLINT PENTECOST

OF COUNSEL:
William C. (Clint) Pentecost (MSB #99841)
Jennifer E. Salvo (MSB #101208)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone: (601) 351-2400
cpentecost@bakerdonelson.com
jsalvo@bakerdonelson.com

Douglas T. Miracle (MSB #9648)
Deputy Attorney General
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
550 High Street
Jackson, MS 39201
Telephone: (601) 359-5654
doug.miracle@ago.ms.gov
***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing *Response* with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

This 11th day of May, 2026.


/s/ Clint Pentecost
CLINT PENTECOST

5