IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| OLIVIA Y., *et al.* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04-cv-251-HSO-ASH |
| | ) | |
| TATE REEVES, as Governor of the | ) | |
| State of Mississippi, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

---

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION OR, IN THE ALTERNATIVE, TO VACATE THE 2nd MSA, OR, IN
THE ALTERNATIVE, FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**

---

### I.    INTRODUCTION

Plaintiffs Olivia Y., *et al.*, by and through their undersigned counsel, respectfully move

this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 7(b)(4)[1] for an

extension of time to respond to Defendants' Motion to Dismiss for Lack of Subject Matter

Jurisdiction or, in the Alternative, to Vacate the 2nd Modified Settlement Agreement and Reform

Plan (the "Motion to Dismiss") (ECF No. 976). Plaintiffs respectfully move to extend their time

to respond until after the Court-appointed Monitor, Public Catalyst, issues its forthcoming

monitoring report. In the alternative, Plaintiffs request leave to file supplemental briefing after the

report is issued. This extension of time sought is made in good faith and not requested for purposes

of undue delay. Defendants do not consent to this extension of time.

---

[1] Due to the straightforward nature of this motion, Plaintiffs respectfully request that they be
relieved of the requirement to submit a supporting memorandum pursuant to Local Rule 7(b)(4).

## II.   FACTS

On May 11, 2026, Defendants filed their Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction and that the 2nd Modified Settlement Agreement and Remedial Plan (the "2nd MSA") should be vacated pursuant to Federal Rule of Civil Procedure 60(b)(5). *See generally*, ECF No. 978; Lowry Decl.[2] ¶ 2. A central premise of Defendants' Motion to Dismiss is that Mississippi's child welfare system has been sufficiently reformed such that continued judicial oversight is no longer warranted. *Id*. ¶ 18.

Pursuant to the 2nd MSA, Public Catalyst was appointed as the neutral Monitor to evaluate Defendants' performance under the terms of that agreement. *Id*. ¶ 5. In June 2021, the parties agreed to temporarily suspend certain reporting, monitoring, and enforcement provisions of the 2nd MSA. *Id*. ¶ 6. The suspension of the 2nd MSA continued through April 15, 2025. *Id*. ¶ 11. However, during the period of suspension, Defendants were required to provide certain data and information on Mississippi's child welfare system and Public Catalyst continued to issue interim reports that evaluated Defendants' performance against specific provisions of the 2nd MSA.[3] *Id*. ¶ 7.

The most recent of such interim reports, issued on August 15, 2025, is attached as Exhibit 1 ("August 2025 Report") to the Lowry Declaration. The August 2025 Report covers the period of January 1, 2024 to December 31, 2024, and reports on a subset of 2nd MSA provisions set out

---

[2] Citations to "Lowry Decl." refer to the March 18, 2026 Declaration of Marcia Lowry in Support of Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Vacate the 2nd MSA, or, in the Alternative, for Leave to File Supplemental Briefing. Citations to Exhibits refer to Exhibits 1-4 attached to the Lowry Declaration.

[3] The specific provisions of the 2nd MSA evaluated by Public Catalyst can be found at pages 5-9 of Exhibit 1 to the Lowry Declaration.

in the Continued Suspension Order (ECF No. 964). Lowry Decl. ¶¶ 7-8; Ex. 1 at 5-9. The August 2025 Report shows that Defendants were not meeting the requirements established by the 2nd MSA in numerous critical areas, demonstrating that Mississippi's foster care system is placing the state's most vulnerable children at unconstitutional risk of harm. Lowry Decl. ¶ 9; Ex. 1. By way of example, the Report notes that "challenges persist . . . several critical to child safety," including:

> Maltreatment in Care: "The data indicate that 89 children (1.37 percent) in MDCPS' custody were victims of abuse or neglect by their foster parent or a residential facility staff member. This is more than four times the agreed-upon rate of maltreatment and MDCPS would need to protect at least 68 more children from abuse or neglect by their caregiver to have met the agreed-upon safety standard." Ex. 1 at 2.

> Relative Background Checks: "The monitoring team identified lapses in completing the initial background checks for all adult household members prior to the start of a child's placement. The monitoring team found that a substantial number of background checks for the primary applicant, including MACWIS and child abuse registry checks, were completed after a child was already placed in the home." Id.

> Unlicensed Placements: "A recurring issue noted by the monitoring team was that at least 181 children and youth were placed in hotels or motels during the period, which are unlicensed, non-residential facilities, with the children often supervised by contracted sitters. More than one-third of these children experienced multiple placements in hotels in 2024, with an average length of stay of 45 days." Id.

In fact, upon receipt of the August 2025 Report, Plaintiffs sent a notice of noncompliance to Defendants noting their substantial noncompliance in the areas of sibling group separation, congregate care placements, investigations of maltreatment, case planning, caseworker visitation, permanency planning, and the provision of medical and dental care, among others. *See* Lowry Decl. ¶ 10; Ex. 2 (September 17, 2025 Notice of Noncompliance).

The full reporting, monitoring, and enforcement provisions of the 2nd MSA resumed on April 15, 2025. Lowry Decl. ¶ 11. Public Catalyst is in the process of preparing a monitoring report evaluating Defendants' 2025 data and performance (the forthcoming "2026 Monitoring Report"), which is expected to be issued on July 31, 2026 and will cover the period of January 1, 2025 to

December 31, 2025. *Id*. ¶¶ 12-13. The 2026 Monitoring Report will reflect the most current, independently verified assessment of Defendants' performance available, and crucially, will report upon the entirety of the 2nd MSA provisions for the first time since the suspension of the 2nd MSA in 2021. *Id*. ¶¶ 13, 19. This evidence is material to core elements of Defendants' motion—including whether the constitutional violation has been cured and whether the purported improvements are sufficiently durable to warrant vacatur. *Id*. ¶¶ 4, 18-20. Indeed, it is impossible to adequately assess the merits of Defendants' motion without the forthcoming Monitor's report because deliberate indifference must be "determined in light of the [officials'] current attitudes and conduct.'" *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994).

The forthcoming 2026 Monitoring Report was delayed due to Defendants' failure to provide complete and timely information to the Monitor, as required under the 2nd MSA. Lowry Decl. ¶ 14. Specifically, the Monitor identified approximately 39 outstanding items from the 2025 2nd MSA Quarter 2 and Quarter 3 monitoring cycle that had not been received from Defendants as of March 26, 2026. *See Id*. ¶ 15; Ex. 3 at 2 (March 26, 2026 email from Lisa Taylor); Ex. 4 (Attachment to March 26, 2026 email). These items, which were due by October 15 and November 14, 2025, included submissions that Defendants had not provided, that were incomplete, and/or submissions that required clarification from Defendants. *Id*. On March 20, 2026, the Monitor granted Defendants an extension until April 15, 2026, to submit any outstanding 2025 data and information for inclusion in the 2026 Monitoring Report. Lowry Decl. ¶ 16; Ex. 3 at 2. No further delay in producing the Report is expected. Lowry Decl. ¶ 17.

As with all prior reports provided by Public Catalyst, the 2026 Monitoring Report will provide the Court and the parties with the Monitor's independent, expert assessment of Defendants' current compliance under the 2nd MSA regarding the state of Mississippi's child

4

welfare system, including verification or repudiation of the factual claims advanced in Defendants' Motion to Dismiss. *Id*. ¶ 19. The Report will be essential to ensuring that the Court has a complete and accurate factual record before ruling on Defendants' Motion to Dismiss. *Id*. ¶¶ 19-20.

### III.    ARGUMENT

#### A. THE COURT SHOULD EXTEND PLAINTIFFS' TIME TO RESPOND UNTIL FORTY-FIVE (45) DAYS AFTER THE 2026 PUBLIC CATALYST MONITORING REPORT IS FILED WITH THE COURT.

Federal Rule of Civil Procedure 6(b)(1)(A) provides that a court may, for good cause, extend a deadline before it expires. Good cause exists here as Defendants' Motion to Dismiss raises contested factual allegations regarding the current state of Mississippi's child welfare system, the same issues which the forthcoming 2026 Monitoring Report will thoroughly address. Defendants, in refusing to consent to this extension of time, seek to force Plaintiffs to oppose the sweeping, factual allegations put forth in the 34-page affidavit of Andrea Sanders (ECF No. 976-1) without the benefit of the Monitor's current and verified findings, and instead have the Court decide the Motion based solely upon the information that Defendants have chosen to provide. This tactic should not be condoned.

Moreover, the 2026 Monitoring Report has been delayed due to Defendants failure to timely produce approximately 39 required submissions to the Monitor, some of which were only just produced and had been outstanding for six months. *See* Lowry Decl. ¶¶ 14-16; Ex. 3 at 2. Defendants should not be allowed to benefit from an asymmetric record due to their own non-compliance with the terms of the 2nd MSA, and Plaintiffs should be given the opportunity to respond to Defendants' Motion to Dismiss with the full benefit of the Monitor's forthcoming findings. As such, Plaintiffs respectfully request an extension of time to respond to Defendants' Motion to Dismiss until forty-five (45) days after the 2026 Monitoring Report is filed with the Court, which is expected to be completed on July 31, 2026. Such an extension will cause no

prejudice to Defendants and will ensure that the Court is provided with the most complete and current factual record available.

**B. IN THE ALTERNATIVE, THE COURT SHOULD PERMIT SUPPLEMENTAL BRIEFING AFTER THE 2026 PUBLIC CATALYST MONITORING REPORT IS FILED WITH THE COURT.**

Should the Court decline to extend the deadline to respond to Defendants' Motion to Dismiss, Plaintiffs respectfully request leave to file supplemental briefing within forth-five (45) days of the filing of the 2026 Monitoring Report. The Court has broad inherent authority to manage its docket and to permit supplemental submissions where, as here, newly available evidence is directly relevant to a pending dispositive motion. *See Dietz v. Bouldin*, 579 U.S. 40, 45–47 (2016).

The 2026 Monitoring Report will constitute newly available, independently verified evidence directly bearing on facts that Defendants' Motion to Dismiss calls into question. Lowry Decl. ¶¶ 19-20. Permitting supplemental briefing will ensure that the Court has the most current and accurate picture of the state of Mississippi's child welfare system when ruling on Defendants' Motion to Dismiss.

**C. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order: (1) extending the deadline for Plaintiffs to respond to Defendants' Motion to Dismiss until forty-five (45) days after the forthcoming 2026 Public Catalyst Monitoring Report is filed with the Court, or, in the alternative, (2) granting Plaintiffs leave to file supplemental briefing concerning the 2026 Monitoring Report within forty-five (45) days of the filing of the Report.

Case 3:04-cv-00251-HSO-ASH    Document 979    Filed 05/18/26    Page 7 of 8

Dated: May 18, 2026         *Respectfully submitted*,

By   */s/ Marcia Robinson Lowry*
Marcia Robinson Lowry

A BETTER CHILDHOOD
Marcia Robinson Lowry (*admitted pro hac vice*)
mlowry@abetterchildhood.org
Anastasia Benedetto (*admitted pro hac vice*)
abenedetto@abetterchildhood.org
420 Lexington Avenue, Room 2035
New York, NY 10170
Telephone: (646) 795-4456
Facsimile:  (212) 692-0415

**Attorneys for Plaintiffs**

7

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Dated: May 18, 2026

By   */s/ Marcia Robinson Lowry*
    Marcia Robinson Lowry