**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| OLIVIA Y., et al | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04-cv-251-HSO-ASH |
| | ) | |
| TATE REEVES, as Governor of the | ) | |
| State of Mississippi, et al. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

On May 11, 2026, Defendants filed a Motion to Dismiss for Lack of Subject Matter

Jurisdiction or, in the alternative, to Vacate the 2nd MSA [ECF No. 976] and a Memorandum in

support [ECF No. 978] (collectively, "Motion to Dismiss/Vacate").[1] Plaintiffs' response to the

Motion to Dismiss/Vacate is currently due on May 26, 2026.

Plaintiffs filed a Motion for Extension of Time to Respond [ECF No. 979] ("Motion for

Time"), seeking an extension of 45 days after the Monitor issues their 2026 Report, expected on

July 31, 2026—requesting a new response deadline of around September 14, 2026. *See* Motion for

Time at 5-6.

To be clear, Defendants were willing to give Plaintiffs a reasonable agreed extension. On

May 15, 2026, Plaintiffs' counsel asked if Defendants would agree to the 111-day extension[2] that

---

[1] Defendants' Motion to Dismiss/Vacate seeks dismissal of this action or, in the alternative, vacatur of the current consent decree, the 2nd Modified Settlement Agreement and Reform Plan ("2nd MSA"), which went into effect on January 1, 2018.

[2] There are 111 days between the current response deadline of May 26, 2026 and the requested extended deadline of September 14, 2026.

Plaintiffs now request in their Motion for Time. *See* Declaration of Clint Pentecost, ¶ 2, attached as Exhibit A to Defendants' Response to the Motion for Time. In response, Defendants proposed a shorter, but still substantial, extension, through June 15, 2026 (a 21-day extension), with Defendants' Rebuttal due June 30, 2026. *Id.* at ¶ 3. Defendants opposed any timeframe greater than this proposal. *Id*. Plaintiffs rejected it and filed their Motion for Time.

Plaintiffs' Motion for Time violates multiple Local Rules and, more importantly, fails to establish requisite good cause. The Defendants' Motion to Dismiss/Vacate is properly centered on the Defendants' successful meeting of constitutional standards, not on whether Defendants have met the more than 140 "best practices" performance metrics imposed by the 2nd MSA and evaluated in the Monitor's Report. Plaintiffs do not need the Monitor's Report to respond to the Defendants' Motion to Dismiss/Vacate.

Plaintiffs' request for a four-month extension should be denied. The Court should either apply the default briefing deadlines set forth in the Local Rules or, alternatively, provide a 21-day extension for Plaintiffs to file their response to Defendants' Motion to Dismiss/Vacate.

<u>**LEGAL ARGUMENT**</u>

Plaintiffs' Motion for Time should be denied because it fails to comply with Local Rules, and more importantly, because Plaintiffs cannot show good cause for this inordinate extension.

**A.    PLAINTIFFS FAILED TO COMPLY WITH THE COURT'S LOCAL UNIFORM CIVIL RULES.**

The Court's Local Rules prescribe specific requirements for the filing of any motion. *See* L.U. Civ. R. 7(b). "[A] motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority." L.U. Civ. R. 7(b)(2)(B). In addition, "[a]t the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent

matters, counsel for movant must file a memorandum brief in support of the motion." L.U. Civ. R. 7(b)(4).

Plaintiffs' Motion for Time is six pages long and contains legal argument, including citations to case law and federal rules. Plaintiffs also failed to file a contemporaneous memorandum brief in support of the Motion. While Plaintiffs requested that they be relieved of the memorandum requirement "due to the straightforward nature of this motion" (Motion for Time, fn. 1), as shown further herein, Plaintiffs' lengthy extension request is not straightforward. Plaintiffs' Motion for Time should be stricken for failure to comply with the Local Rules.

**B.    PLAINTIFFS FAILED TO SHOW GOOD CAUSE FOR A FOUR-MONTH EXTENSION TO RESPOND TO DEFENDANTS' MOTION TO DISMISS/VACATE.**

Even had Plaintiffs complied with the Local Rules, the requested extension of time should be denied because Plaintiffs failed to show the required good cause. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). The "good cause standard **requires** the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Reese v. Royal Audio/Video Supply Co.*, 2025 WL 2644742, at *1 (E.D. La. Sept. 15, 2025) (citing *S & W Enter., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)) (emphasis added).

Here, Plaintiffs cite the Monitor's anticipated report as the purported good cause for the requested four-month extension. Plaintiffs say the Monitor's report is "essential" for Plaintiffs to respond to the Motion to Dismiss/Vacate because the report will be an "independently verified assessment of Defendants' performance," "will report upon the entirety of the 2nd MSA," "will provide . . . expert assessment of Defendants' current compliance under the 2nd MSA," and will enable Plaintiffs to "oppose the sweeping factual allegations put forth in the 34-page affidavit of

Andrea Sanders." Motion for Time, pp. 4-5.

But the Monitor's evaluation of Defendants' performance of the 2nd MSA has no bearing on the arguments raised in Defendants' Motion to Dismiss/Vacate. The Monitor's report will evaluate data produced by Defendants for calendar year 2025 and will include the Monitor's review of case files to determine if MDCPS has met the more than 140 "best practices" performance metrics imposed by the 2nd MSA. But the Defendants' Motion to Dismiss/Vacate, and the vast majority of the Sanders Affidavit, discusses actions taken by MDCPS *during the suspension of the 2nd MSA* that led to significant systemic improvements over the past four years. The very thrust of Defendants' Motion to Dismiss/Vacate, and the Sanders Affidavit, is that the onerous 2nd MSA never produced systemic change—but, during suspension of the 2nd MSA, Defendants have made tremendous strides so that the agency now operates in a way that provides constitutionally-sound care for children in MDCPS custody.

Moreover, only two of the factual areas tied to constitutional requirements discussed in Ms. Sanders' Affidavit, specifically caseloads and licensure of foster homes, relate to any provision of the 2nd MSA which will be addressed in the Monitor's anticipated report.[3] With respect to these two areas, the Affidavit contains *more current* data than the data that will be considered by the Monitor in their anticipated report evaluating data from calendar year 2025. Further, Plaintiffs already are in possession of all data provided to the Monitor, as both the Monitor and Plaintiffs receive the same data sets simultaneously. Thus, the Monitor's anticipated report is a red herring and does not provide good cause for this inordinate extension.

Plaintiffs' Motion for Time actually reinforces the very point made in Defendants' Motion

---

[3] In the Affidavit of Andrea Sanders, paragraphs 57 – 60 set forth data related to recent caseloads of MDCPS workers, and paragraph 90.e. sets forth data related to licensure of foster homes.

to Dismiss/Vacate. Plaintiffs remain hyper-focused on "compliance" with the 2nd MSA's "best practices" metrics. But the law requires that Defendants competently administer a child welfare system that provides constitutional care to children in the state's physical and legal custody, not that they meet over 140 "best practices" metrics. Defendants have met their constitutional duty, thanks to hard work carried out during the *suspension* of the 2nd MSA. This is why the 2nd MSA should be vacated.

In short, Defendants' Motion to Dismiss/Vacate is not about compliance with the 2nd MSA; it's about whether Defendants are meeting their constitutional obligations. Plaintiffs do not need the Monitor's forthcoming report to analyze constitutional standards as they are already in possession of all relevant data. Plaintiffs' good faith argument is misplaced. A four-month extension, requested simply to wait on the Monitor's report, is unnecessary and excessive.[4]

### CONCLUSION

Defendants establish in the Motion to Dismiss/Vacate that they have implemented durable structural reforms within Mississippi's child welfare system that protect Plaintiffs' substantive due process rights and establish a lack of deliberate indifference—thus there is no longer subject matter jurisdiction in this case. Plaintiffs do not need the Monitor's anticipated report to respond to that.

Defendants also establish in the Motion to Dismiss/Vacate that prospective enforcement of

---

[4] Plaintiffs also claim the Monitor's anticipated report "was delayed due to Defendants' failure to provide complete and timely information to the Monitor." Motion for Time, p. 4. This mischaracterizes the production history. The most recent Suspension Order [ECF No. 964] set a production schedule through Q4 2025. *See* Pentecost Declaration, ¶ 4. The Monitor later confirmed by email that the parties included Q3 and Q4 production dates in the CSP "to ensure the plaintiffs continue to receive key data [as the parties] negotiat[ed] a new agreement or interim order." *Id.* at ¶ 5. Those negotiations were ongoing through mid-February 2026. *Id.* at ¶¶ 6-7. In late March 2026, the Monitor identified certain provisions of the 2nd MSA for which they requested productions for Q2 and Q3 2025. *Id.* at ¶ 8. Of those, only one was included in the prior Suspension Order production schedule (ECF No. 964, Ex A). *Id.* Thus, despite Plaintiffs' assertion, the Monitor's anticipated report is not delayed due to any "failure" by Defendants to timely produce. To the contrary, Defendants have worked closely with the Monitor to comply with their expectations for 2025 productions.

the 2nd MSA is no longer equitable under the third prong of Rule 60(b)(5) because Defendants are now in compliance with federal law.[5] Plaintiffs do not need the Monitor's anticipated report to respond to that.

Plaintiffs have failed to establish good cause for such an inordinately long extension. The Motion for Time should be denied, and the Court should either apply the default briefing deadlines set forth in the Local Rules or alternatively, provide a 21-day extension for Plaintiffs to file their response to Defendants' Motion to Dismiss/Vacate.

RESPECTFULLY SUBMITTED, this the 22nd day of May, 2026.

> TATE REEVES, as Governor of the State of Mississippi, ANDREA SANDERS, as Commissioner, Mississippi Department of Child Protection Services, and KIMBERLY WHEATON, as Deputy Commissioner of Child Welfare, Mississippi Department of Child Protection Services

> By: /s/ *Clint Pentecost*
>   CLINT PENTECOST

OF COUNSEL:
William C. (Clint) Pentecost (MSB #99841)
Jennifer E. Salvo (MSB #101208)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone: (601) 351-2400
cpentecost@bakerdonelson.com
jsalvo@bakerdonelson.com

---

[5] While "it is appropriate for a court to focus on whether the movant has satisfied each obligation set forth in the consent decree" under the first prong, the Court must consider under the third prong "whether the party obligated by the decree is **at that time** in compliance with federal law." *Jackson v. Los Lunas Cmty. Program,* 880 F.3d 1176, 1201-02 (10th Cir. 2018) (emphasis added).

Douglas T. Miracle (MSB #9648)
Deputy Attorney General
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
550 High Street
Jackson, MS 39201
Telephone: (601) 359-5654
doug.miracle@ago.ms.gov

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *Response* with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

This 22nd day of May, 2026.

/s/ Clint Pentecost
CLINT PENTECOST